# Exhibit "A"

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

COMPLEX BUSINESS DIVISION

CASE NO. **0905930 1**

STUART A. ROSENFELDT, individually,
and ROTHSTEIN ROSENFELDT ADLER, P.A.,
a Florida Professional Service Corporation,

**07**

Plaintiffs,

v.

SCOTT W. ROTHSTEIN, individually,

Defendant.

_____/

A TRUE COPY

NOV 02 2009

HOWARD S. FORMAN
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FL

## COMPLAINT FOR DISSOLUTION
## AND FOR EMERGENCY APPOINTMENT OF A RECEIVER

Plaintiffs, Stuart A. Rosenfeldt, individually, and Rothstein Rosenfeldt Adler, P.A.
(sometimes referred to as the "firm"), files this action against Scott W. Rothstein, and alleges as
follows:

### PRELIMINARY STATEMENT

It is with surprise and sorrow that the attorneys of Rothstein Rosenfeldt Adler, P.A. have
learned that Scott W. Rothstein, the managing partner and CEO of the firm, has, according to
assertions of certain investors, allegedly orchestrated a substantial misappropriation of funds
from investor trust accounts that made use of the law firm's name. The investment business
created and operated by Rothstein centered around the sale of interests in structured settlements.
Immediate judicial action is being sought to facilitate the investigation and accounting of
investor funds and to address the ongoing affairs of the firm in an appropriate manner.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
Email: info@coffeyburlington.com  www.coffeyburlington.com

Meanwhile, there is no necessity for the receiver to assume any control of the firm's law practice because the dedicated attorneys and staff are continuing to assure that the interests of the firm's clients will remain paramount and will be fully protected.

Stuart Rosenfeldt and the firm have filed this action to minimize any further damage caused by Mr. Rothstein, to emphasize that the innocent attorneys and staff of the firm are not implicated in this controversy, and, most importantly, to protect the best interests of their clients.

## NATURE OF ACTION

1.    This is an action for judicial dissolution of the firm, an accounting, and appointment of a receiver pursuant to Florida Statutes Sections 607.1430(3), 607.1431 and 607.1432.

2.    Plaintiff Rosenfeldt is the firm's president. He has the inherent authority to initiate this emergency litigation.

3.    Defendant Rothstein is the firm's managing partner and CEO. Rothstein, a charismatic and talented lawyer, has controlled firm management, especially financial matters, and has not extended access to core financial matters and records to any other attorney at the firm.

4.    Plaintiff Rosenfeldt and Defendant Rothstein are the sole owners of the equity in the firm.

5.    The firm's principal office is located at 401 East Las Olas Blvd, Suite 1650, Fort Lauderdale, FL 33301.

6.    Venue properly lies with this Court because the firm's principal office is in Broward County.

2
COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

## BACKGROUND AND GROUNDS FOR DISSOLUTION

### The Firm

7.      The firm was founded by Plaintiff Rosenfeldt and Defendant Rothstein in 2002.

8.      The firm's practice was originally focused on labor and employment law, but the firm grew rapidly and its practice areas expanded to include intellectual property, corporate law, mergers and acquisitions, real estate, criminal defense, class actions, mass torts and personal injury claims, among others.

9.      The firm currently has seven offices, with locations in Florida, New York, and Venezuela, and employs over 70 lawyers.

10.     The firm has an outstanding group of attorneys, staff members, including distinguished former judges, many of whom have statewide, even national reputations, for professional excellence.

### The Settlement Funding Scheme

11.     Firm lawyers learned in the past few days about irregularities surrounding a settlement funding business operated by Rothstein.  The settlement funding business involved the purchase of structured legal settlements and the sale of these settlements to investors. Various investors have informed the firm that they believe that substantial funds are not properly accounted for and are missing. A review of the firm's records undertaken over this past weekend indicates that various funds unrelated to the direct practice of law cannot be accounted for, circumstances suggesting that investor money may have been misused by Rothstein who controlled all such accounts. Some investors allege that Defendant Rothstein may have been fabricating non-existent structured legal settlements for sale to investors.



3
COFFEY BURLINGTON

12.     Defendant Rothstein's allegedly improper activities were done without any
knowledge of the other attorneys at the firm, and, in fact, Rothstein actively endeavored to hide
the existence of the scheme. It was not until several days ago that Plaintiff Rosenfeldt or any of
the other lawyers at the firm discovered some of the circumstances concerning Defendant
Rothstein's actions and the alleged improprieties.

13.     The firm's attorneys still have extremely limited knowledge concerning the
allegations, and yet, recognize the importance of proceeding expeditiously to undercover the
truth. Thus, the emergency appointment of a receiver is critical to undertake at least a
preliminary inquiry concerning Defendant Rothstein's conduct, and to make appropriate
recommendations to the Court concerning any further investigation.

### Misuse of the Investor Trust Accounts

14.     With respect to the settlement funding scenario, Plaintiffs only recently
discovered troubling information concerning Defendant Rothstein's investor trust accounts and
details surrounding the transactions are still emerging. However, it appears that Defendant
Rothstein may have transferred substantial sums out of the investor trust accounts, and that the
emergency appointment of a receiver is necessary to account for and, if appropriate, consider
taking action to recover the missing investor trust account funds.

### CONCLUSION

15.     Defendant Rothstein's conduct in connection with the settlement funding and the
investor trust accounts appears at this point to be extensive. Under Florida Statute, a circuit court
may dissolve a corporation having 35 or fewer shareholders if a sufficient showing is made with
respect to improper or irregular conduct that materially injures the corporation. Moreover, based
on Rothstein's own statements, there is a deadlock with respect to material aspects of the firm's

4
COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

management. Among other disagreements, he has declined to resign despite the asserted and substantial irregularities because he purports to hold a 50% share of the law firm. Florida Statutes provide for the appointment of a receiver in the context of these circumstances. Dissolution and appointment of a receiver are critical to uncover the full extent of Defendant Rothstein's activities, to consider any appropriate action to recover missing proceeds, and to preserve, protect and review the firm's accounts and financial records.[1]

WHEREFORE, Plaintiffs demand judgment of dissolution and the appointment of a receiver to effect the dissolution, perform an accounting of the firm's assets and liabilities, undertake all actions necessary to uncover the extent of Defendant Rothstein's activities and to undertake all such other actions as may be necessary and appropriate under law.

Dated this 2nd day of November, 2009.

Respectfully submitted,

COFFEY BURLINGTON
Counsel for Plaintiffs
2699 South Bayshore Drive, Penthouse
Miami, Florida 33133
(305) 858-2900

By: _____
For: KENDALL COFFEY
Florida Bar No. 259861
kcoffey@coffeyburlington.com

---

[1]    Annexed hereto as Exhibit A is an affidavit from Plaintiff Rosenfeldt attesting to the truthfulness of the allegations contained herein.

5
COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

CASE NO.

STUART A. ROSENFELDT, individually, and
ROTHSTEIN ROSENFELDT ADLER, P.A.,
a Florida Professional Service Corporation,

      Plaintiffs,

v.

SCOTT W. ROTHSTEIN, individually,

      Defendant.

_____/

## **AFFIDAVIT OF PLAINTIFF STUART A. ROSENFELDT**

STATE OF FLORIDA      )
                       ) SS:
COUNTY OF BROWARD   )

      BEFORE ME, the undersigned authority, personally appeared STUART A. ROSENFELDT, ESQUIRE, who, being first duly sworn, deposes and says as follows:

      1.     I am the President of Plaintiff Rothstein Rosenfeldt Adler, P.A.

      2.     This Affidavit is based on personal knowledge.

      3.     I have reviewed the allegations of the Complaint to which this Affidavit is annexed, and I state under penalty of perjury that the allegations contained therein are true to the best of my knowledge, information, and belief.

FURTHER AFFIANT SAYETH NAUGHT.

_____
STUART A. ROSENFELDT

Sworn and subscribed to before me this 2nd day of November, 2009, by STUART A ROSENFELDT, personally known to me.

_____
(print name)

My Commission Expires:

# Exhibit "B"

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

COMPLEX BUSINESS DIVISION

CASE NO. 09-059301

STUART A. ROSENFELDT, individually,
and ROTHSTEIN ROSENFELDT ADLER, P.A.,
a Florida Professional Service Corporation,

     Plaintiffs,

v.

SCOTT W. ROTHSTEIN, individually,

     Defendant.
_____/

### ORDER APPOINTING RECEIVER

    **THIS CAUSE** having come before the Court on Plaintiff's Amended Complaint for Dissolution and for Emergency Transfer of Corporate Powers to Stuart A. Rosenfeldt, or, in the Alternative, Appointment of a Custodian or Receiver, and the Court being duly informed in the premises, IT IS ORDERED AND ADJUDGED that:

    1.    Herbert Stettin is hereby appointed Receiver of Rothstein Rosenfeldt Adler, P.A. (the "firm") for all purposes outlined in this Order in accordance with the applicable Florida Statutes and Rule 1.620 of the Florida Rules of Civil Procedure.

    2.    Mr. Stettin (hereinafter referred to as the "Receiver") shall promptly file his Oath of Receiver with the Court in the form attached hereto, whereupon he shall undertake fully and faithfully to perform his duties as Receiver herein.

ORDER APPOINTING RECEIVER - CASE NO. 09-059301

**The Receiver's Authority**

3.     The Receiver is hereby authorized to take all necessary steps to secure the firm's physical premises, to restrict any individual's access to the firm's offices in his sole discretion, to set up appropriate document preservation protocols, and to preserve evidence. Provided, however, that no action undertaken by the Receiver shall restrict attorneys of the firm handling ongoing legal matters for clients of the firm, regardless of whether they continue their association with the firm going forward, from accessing the files of the firm for the purpose of continuing to perform legal services for these clients.

4.     The Receiver is further authorized to make the day-to-day financial decisions on behalf of the firm, including, but not limited to, the decision as to whether or not to disburse funds from firm accounts.

5.     The Receiver is hereby granted access to all of the firm's accounts and financial records, and shall have the authority to take appropriate action to investigate the status of any and all funds held in trust by the firm. Pursuant to this investigation, the Receiver shall the authority to appoint an accounting firm or other support staff to assist in his review of the firm's accounts and financial records.

6.     The Receiver shall, as soon as feasible, prepare and file with the Court as provided for by Rule 1.620 of the Fla.R.Civ.P. a complete inventory, under oath, of all of the assets, documents, and evidence, of which he takes custody and control under this Order.

7.     As provided below, this Order does not grant the Receiver, his staff, or his delegates the authority to manage any of the firm's operations or ongoing client engagements, except to the extent that such management is necessary to determine the status of any of the funds held by the firm in trust or is otherwise consistent with the authority granted to the Receiver herein.

2

ORDER APPOINTING RECEIVER - CASE NO. 09-059301

8.      Additionally, any disclosures of any client-related matters to the Receiver, his staff, or his delegates, shall not be deemed a waiver of any privilege, including, but not limited to, the attorney-client privilege and the attorney work product privilege.

### Plaintiff Stuart A. Rosenfeldt's Authority

9.      Plaintiff Stuart A. Rosenfeldt is hereby designated the firm's CEO. Pursuant to this designation, all authority to manage the firm's operations and its ongoing client engagements is vested in Plaintiff Rosenfeldt. Additionally, Plaintiff Rosenfeldt has full authority to take any legal action he deems to be in the best interests of the firm and its clients. The Court finds that, because Defendant Rothstein has failed to appear at either of the hearings in this matter after having received notice, he has relinquished any authority with respect to any aspect of the firm's management.

### Further Proceedings

10.     On November 6, 2009, at 3 o'clock in the afternoon, the Court shall hold a status hearing on this matter with the Receiver[1], the Plaintiffs, and their counsel. At such time, the Receiver shall advise the Court concerning his preliminary findings and make such recommendations as may be appropriate.

11.     The Receiver, Plaintiff Rosenfeldt, or any of the parties hereto shall have the ability to come before this Court to seek clarification of any issue of authority or other matter arising herein relating to the operation of the firm or the performance of his duties hereunder, including expanding the Receiver's authority where appropriate.

---

[1]  Because of a prior commitment, the Receiver may appear at the hearing by telephone.

3

ORDER APPOINTING RECEIVER - CASE NO. 09-059301

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, on this _____ day of November, 2009.

JEFFREY E. STREITFELD    NOV 0 4 2009
TRUE COPY
_____
CIRCUIT JUDGE

4

**OATH OF RECEIVER**

STATE OF FLORIDA      )
                      )SS:
COUNTY OF DADE        )

BEFORE ME the undersigned authority personally appeared the Honorable Herbert Stettin who was sworn and says that he has been appointed Receiver in this action for the law firm that is the subject of the action pending before this Court and that he will faithfully perform his duties as Receiver.

_____
Herbert Stettin

SWORN TO AND SUBSCRIBED before me this ___ day of November, 2009.

_____
NOTARY PUBLIC State of Florida

My Commission Expires:

# Exhibit "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## CASE NO. **09-CV-61780-Zloch-Rosenbaum**

UNITED STATES OF AMERICA,

      **Plaintiff,**

v.

VARIOUS REAL PROPERTIES PURCHASED BY
OR WITH OR ON BEHALF OF SCOTT W. ROTHSTEIN,
SPECIFICALLY:

(1) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 2307 CASTILLA ISLE, FORT
LAUDERDALE, FLORIDA;

(2) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 2308 CASTILLA ISLE, FORT
LAUDERDALE, FLORIDA;

(3) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 2316 CASTILLA ISLE,
FORT LAUDERDALE, FLORIDA;

(4) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 30 ISLA BAHIA DRIVE,
FORT LAUDERDALE, FLORIDA;

(5) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 29 ISLA BAHIA DRIVE,
FORT LAUDERDALE, FLORIDA;

(6) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 350 SE 2nd STREET, UNIT 2840,
FORT LAUDERDALE, FLORIDA;

(7) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 380 CARRINGTON DRIVE,
WESTON, FLORIDA;

(8) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 2133 IMPERIAL POINT DRIVE,
FORT LAUDERDALE, FLORIDA;

      **Defendants.**

_____/

FILED by _____ **VT** _____ D.C.
ELECTRONIC

**Nov. 9, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, hereby files this verified civil complaint for forfeiture *in rem* and states as follows:

### GENERAL ALLEGATIONS

1.      This is a civil action for forfeiture *in rem* for eight real properties, situated in Broward County in the Southern District of Florida, and appurtenances thereon, located at (1) 2307 Castilla Isle, Fort Lauderdale, Florida; (2) 2308 Castilla Isle, Fort Lauderdale, Florida; (3) 2316 Castilla Isle, Fort Lauderdale, Florida; (4) 30 Isla Bahia Drive, Fort Lauderdale, Florida; (5) 29 Isla Bahia Drive, Fort Lauderdale; (6) 350 SE 2nd Street, Unit 2840, Fort Lauderdale, Florida; (7) 380 Carrington Drive, Weston, Florida; and (8) 2133 Imperial Point Drive, Fort Lauderdale, Florida, hereinafter collectively known as "the defendants" or "the defendant properties," for violation of 18 U.S.C. §1343, and/or 18 U.S.C. §1957, thereby subjecting the defendant properties to forfeiture  pursuant to 18 U.S.C. § 981(a)(1)(C) and pursuant to 18 U.S.C. §981(a)(1)(A).

2.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345 and 1355.

3.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1355 (b)(1), 1355 (b)(2) and 1395 because the defendant properties are located in the Southern District of Florida.

4.      The defendant real properties will not be seized, but will be posted with a summons/notice of the complaint in accordance with 18 U.S.C. §985(c)(1) and (3).

5.      The defendant real property located at 2307 Castilla Isle, Fort Lauderdale, Florida, hereafter also referred to as "Defendant 1," includes all buildings, improvements, fixtures,

-2-

attachments and easements found therein or thereon, and is more particularly described as:

Lauderdale Shores Reamen Plat 15-31 B Lot 2 Blk 5

6.      The defendant real property located at 2308 Castilla Isle, Fort Lauderdale, Florida, hereafter also referred to as "Defendant 2," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Lauderdale Shores Reamen Plat 15-31 B Lot 2 Blk 4

7.      The defendant real property located at 2316 Castilla Isle, Fort Lauderdale, Florida, hereafter also referred to as "Defendant 3," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Lauderdale Shores Reamen Plat 15-31 B Lot 3 & Lot 4 W ½ Blk 4

8.      The defendant real property located at 30 Isla Bahia Drive, Fort Lauderdale, Florida, hereafter also referred to as "Defendant 4," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Isla Bahia 47-27 B Lot 63

9.      The defendant real property located at 29 Isla Bahia Drive, Fort Lauderdale, hereafter also referred to as "Defendant 5," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Isla Bahia 47-27 B Lot 35

10.     The defendant real property located at 350 SE 2nd Street, Unit 2840, Fort Lauderdale, Florida, hereafter also referred to as "Defendant 6," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

350 Las Olas Place Condo Unit 2840

-3-

11.    The defendant real property located at 380 Carrington Drive, Weston, Florida, hereafter also referred to as "Defendant 7," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Sector 4 North 153-46 B Lot 24 Blk A

12.    The defendant real property located at 2133 Imperial Point Drive, Fort Lauderdale, hereafter also referred to as "Defendant 8," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Imperial Point 1 Sec 53-44 B Lot 11 Blk 22

**FACTUAL ALLEGATIONS**

13.    Based upon the following information, there is probable cause to believe that the above-described defendant properties were acquired in connection with a "Ponzi" scheme, conducted by attorney Scott Rothstein, hereinafter "ROTHSTEIN," and others.  ROTHSTEIN has been operating the "Ponzi" scheme since approximately 2005.

14.    According to witness complaints, clients were solicited by, or on behalf of, ROTHSTEIN to invest in pools of structured settlements in which putative plaintiffs in civil cases had entered into confidential settlement agreements with putative defendants based upon the forbearance of civil claims in sexual harassment and other labor-related cases.  The potential investors were told that these settlements, which existed in blocks ranging from hundreds of thousands to millions of dollars, could be purchased at a discount and repaid to the investors at face value over time.  Clients who agreed to invest were directed by ROTHSTEIN or others to wire transfer funds to the trust account of Rothstein, Rosenfeld and Adler, PA, hereinafter "RRA," a law firm located in Fort Lauderdale, Florida.  For example, in September 2009, one potential investor

-4-

was told that he could purchase a settlement valued at $450,000.00 for $375,000.00 which would be repaid in increments of $150,000.00 per month for the following three months. This would amount to a yield of 20 percent over three months, or an annual percentage yield in excess of 80 percent. The investor was further told that the funds were held in the RRA trust account. The investor was shown a purported wire transfer receipt as evidence that the funds were held in the trust account of RRA. ROTHSTEIN is the first named partner of RRA.

15.    The criminal investigation has disclosed that the investments purportedly underlying the above-described investment scheme never existed. The investigation has established that no such settlement agreements had ever existed and the entire investment scheme was a fraud. These transactions constituted a "Ponzi" scheme in which new investor money was utilized to pay previous investors in furtherance of the scheme. The investigation has disclosed that these types of fraudulent investments had been offered by Rothstein to a variety of persons and entities throughout the United States for at least four years, and the scheme involved hundreds of millions of dollars. Multiple bank accounts were utilized at financial institutions into which investors' money was sent by wire transfer across state lines. Further, as a fraudulent inducement to investors, ROTHSTEIN and co-conspirators falsified documents which were presented to investors as proof that certain sums of money were contained in these bank accounts when, in fact, the bank accounts did not contain these funds.

16.    The investigation has established that portions of the criminally derived proceeds were used to pay past investors thereby promoting the scheme. The investigation has established that portions of the criminally derived proceeds were used to acquire millions of dollars worth of assets including the defendant real properties set forth above. The investigation has further established that

many of the properties have been transferred to the following nominee corporations controlled by

Rothstein, as set forth below, as a wealth preservation mechanism: "C1 07 LLC," "C1 08 LLC," "C1

16 LLC," "29 Bahia LLC," "MLC 350 LLC,""350 LOP #2840 LLC," "JB Boca M Holdings LLC."

17.    The investigation has established that Rothstein's financial ability to acquire such

properties did not exist prior to the execution of the Ponzi scheme.

18.    Rothstein used proceeds obtained from the Ponzi scheme to acquire the defendant real

properties.

19.    Rothstein acquired Defendant 1 on or about September 21, 2007 for a sales price of

$1,750,000.

20.    Defendant 1 was transferred, via Quit Claim Deed, to "C1 07 LLC" on or about

August 10, 2009.

21.    Rothstein acquired Defendant 2 on or about March 3, 2005 for a sales price of

$2,730,000.

22.    Defendant 2 was transferred, via Quit Claim Deed, to "C1 08 LLC" on or about July

22, 2009.

23.    Rothstein acquired Defendant 3 on or about March 14, 2007 for a sales price of

$1,925,000.

24.    Defendant 3 was transferred, via Quit Claim Deed, to "C1 16 LLC" on or about

August 10, 2009.

25.    Rothstein and his wife Kimberly Rothstein acquired Defendant 4 on or about March

14, 2008 for a sales price of $6,450,000.

26.    Defendant 5, a vacant lot, was transferred to "29 Bahia LLC" on or about January 7,

-6-

2009, for a sales price of $4,000,000.

27.     Defendant 6 was acquired by "MLC350 LLC" on or about May 31, 2005.

28.     Defendant 6 was transferred, via Warranty Deed, to "350 LOP #2840 LLC" on or about May 20, 2009.

29.     Rothstein acquired Defendant 7 on or about April 8, 2008 for a sales price of $475,000.

30.     Defendant 7 was transferred to Debra E. Villegas on or about July 27, 2009 for $100.

31.     Rothstein acquired Defendant 8 on or about November 5, 2008 for a sales price of $505,000.

32.     Defendant 8 was transferred to 2133 IP LLC on or about August 10, 2009 via quit claim deed for $100.

## FIRST CLAIM FOR FORFEITURE
### 18 U.S.C. §§ 981(a)(1)(C) and 1343

33.     Plaintiff realleges paragraphs 5 through 32, above as if fully set forth herein.

34.     Title 18, United States Code, Section 981(a)(1)(C) subjects to forfeiture: "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to ... any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title, or a conspiracy to commit such offense."

35.     "Specified unlawful activity" is defined in 18 U.S.C. §1956(c)(7), and the term includes any offense under 18 U.S.C. §1961(1).  Section 1961(1) lists 18 U.S.C. 1343 (wire fraud) as an offense.

36.     Title 18, United States Code, Section 1343 provides that:

-7-

> Whoever, having devised or intending to devise any scheme or
> artifice to defraud, or for obtaining money or property by means of
> false or fraudulent pretenses, representations, or promises, transmits,
> or causes to be transmitted by means of wire, radio or television
> communication in interstate or foreign commerce, any writings, signs,
> signals, pictures or sounds for the purpose of executing such scheme
> or artifice, shall be fined...

37.    Ponzi scheme investors utilized interstate wires to transfer their funds to Rothstein

and or RRA.

38.    The millions of dollars generated by the Ponzi scheme constitute proceeds of wire

fraud.

39.    Rothstein used the proceeds of wire fraud to acquire the defendant properties.

40.    Based on the foregoing, the defendant properties constitute or were derived from

proceeds traceable to the specified unlawful activity of wire fraud, in violation of Title 18, United

States Code, Section 1343, and are thereby forfeit to the United States pursuant to Title 18, United

States Code, Section 981(a)(1)( c).

<div align="center">

**SECOND CLAIM FOR FORFEITURE**
**18 U.S.C. §§ 981(a)(1)(A) and 1957**

</div>

41.    Plaintiff realleges paragraphs 5 through 32 above as if fully set forth herein.

42.    Title 18, United States Code, Section 981(a)(1)(A) subjects to forfeiture "[a]ny

property, real or personal, involved in a transaction or attempted transaction in violation of ... section

1957...of this title, or any property traceable to such property."

43.    Title 18, United States Code, Section 1957 provides in pertinent part:

> (a) Whoever, in any of the circumstances set forth in subsection (d), knowingly
> engages or attempts to engage in a monetary transaction in criminally derived
> property of a value greater than $10,000 and is derived from specified unlawful
> activity, shall be punished as provided in subsection (b).

<div align="center">-8-</div>

\*\*\*

(d) The circumstances referred to in subsection (a) are –
(1) that the offense under this section takes place in the United States or in the special maritime and territorial jurisdiction of the United States...

44.    "Monetary transaction" is defined in 18 U.S.C. §1957(f)(1) as the:

deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument ... by, through, or to a financial institution (as defined in section 1956 of this title), including any transaction that would be a financial transaction under section 1956(c)(4)(B) of this title...

45.    "Financial transaction" is defined in 18 U.S.C. §1956(c)(4) as:

(A) a transaction which in any way or degree affects interstate or foreign commerce (i ) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments, or (iii) involving the transfer of title to any real property, vehicle, vessel or aircraft, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

46.    "Criminally derived property" is defined in 18 U.S.C. §1957(f)(2) as "any property constituting, or derived from, proceeds obtained from a criminal offense."

47.    "Specified unlawful activity" is defined in 18 U.S.C. §1956(c)(7), and the term includes any offense under 18 U.S.C. §1961(1). Section 1961(1) lists 18 U.S.C. 1343 (wire fraud) as an offense.

48.    Because the funds used to acquire the defendant properties, constitute criminally derived property from wire fraud, exceed $10,000 and were involved in a monetary transaction, the defendants are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) as they represent properties involved in a transaction or attempted transaction in violation of 18 U.S.C. §1957, and properties traceable to such property.

-9-

-10-

## CONCLUSION

**WHEREFORE**, Plaintiff, United States of America requests, that any and all persons having

any claim to the defendant properties be directed to file and serve their verified claims and answers

as required by Rule G(5), of the Supplemental Rules for Admiralty and Maritime Claims and Asset

Forfeiture Actions, or suffer default thereof, and further requests that the Court declare the defendant

properties condemned and forfeited to the United States of America, and that Plaintiff have such

other and further relief as may be just and proper together with the costs and disbursements of this

action.

Respectfully submitted,

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

By: _____

ALISON W. LEHR
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 444537
99 N.E. 4th Street- 7th Floor
Miami, Florida 33132
Telephone: (305)961-9176
Fax: (305)536-7599
Alison.Lehr@usdoj.gov

-11-

## VERIFICATION

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury,

that I have read the foregoing Complaint for Forfeiture In Rem and state that the facts alleged therein

are true and correct to the best of my knowledge and belief.

Executed this _____ day of November, 2009.

<div style="margin-left:50%">

_____
TARYN GUARIGLIA, Special Agent
INTERNAL REVENUE SERVICE

</div>

-12-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

UNITED STATES OF AMERICA,

        Plaintiff,

v.

VARIOUS REAL PROPERTIES PURCHASED BY
OR WITH OR ON BEHALF OF SCOTT W. ROTHSTEIN,
SPECIFICALLY:

(1) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 2307 CASTILLA ISLE, FORT
LAUDERDALE, FLORIDA;

(2) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 2308 CASTILLA ISLE, FORT
LAUDERDALE, FLORIDA;

(3) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 2316 CASTILLA ISLE,
FORT LAUDERDALE, FLORIDA;

(4) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 30 ISLA BAHIA DRIVE,
FORT LAUDERDALE, FLORIDA;

(5) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 29 ISLA BAHIA DRIVE,
FORT LAUDERDALE, FLORIDA;

(6) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 350 SE 2nd STREET, UNIT 2840,
FORT LAUDERDALE, FLORIDA;

(7) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 380 CARRINGTON DRIVE,
WESTON, FLORIDA;

(8) REAL PROPERTY AND APPURTENANCES,
LOCATED AT 2133 IMPERIAL POINT DRIVE,
FORT LAUDERDALE, FLORIDA;

        Defendants.
_____/

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, hereby files this verified civil complaint for forfeiture *in rem* and states as follows:

### GENERAL ALLEGATIONS

1.      This is a civil action for forfeiture *in rem* for eight real properties, situated in Broward County in the Southern District of Florida, and appurtenances thereon, located at (1) 2307 Castilla Isle, Fort Lauderdale, Florida; (2) 2308 Castilla Isle, Fort Lauderdale, Florida; (3) 2316 Castilla Isle, Fort Lauderdale, Florida; (4) 30 Isla Bahia Drive, Fort Lauderdale, Florida; (5) 29 Isla Bahia Drive, Fort Lauderdale; (6) 350 SE 2nd Street, Unit 2840, Fort Lauderdale, Florida; (7) 380 Carrington Drive, Weston, Florida; and (8) 2133 Imperial Point Drive, Fort Lauderdale, Florida, hereinafter collectively known as "the defendants" or "the defendant properties," for violation of 18 U.S.C. §1343, and/or 18 U.S.C. §1957, thereby subjecting the defendant properties to forfeiture  pursuant to 18 U.S.C. § 981(a)(1)(C) and pursuant to 18 U.S.C. §981(a)(1)(A).

2.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345 and 1355.

3.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1355 (b)(1), 1355 (b)(2) and 1395 because the defendant properties are located in the Southern District of Florida.

4.      The defendant real properties will not be seized, but will be posted with a summons/notice of the complaint in accordance with 18 U.S.C. §985(c)(1) and (3).

5.      The defendant real property located at 2307 Castilla Isle, Fort Lauderdale, Florida, hereafter also referred to as "Defendant 1," includes all buildings, improvements, fixtures,

-2-

attachments and easements found therein or thereon, and is more particularly described as:

Lauderdale Shores Reamen Plat 15-31 B Lot 2 Blk 5

6.       The defendant real property located at 2308 Castilla Isle, Fort Lauderdale, Florida, hereafter also referred to as "Defendant 2," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Lauderdale Shores Reamen Plat 15-31 B Lot 2 Blk 4

7.       The defendant real property located at 2316 Castilla Isle, Fort Lauderdale, Florida, hereafter also referred to as "Defendant 3," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Lauderdale Shores Reamen Plat 15-31 B Lot 3 & Lot 4 W ½ Blk 4

8.       The defendant real property located at 30 Isla Bahia Drive, Fort Lauderdale, Florida, hereafter also referred to as "Defendant 4," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Isla Bahia 47-27 B Lot 63

9.       The defendant real property located at 29 Isla Bahia Drive, Fort Lauderdale, hereafter also referred to as "Defendant 5," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Isla Bahia 47-27 B Lot 35

10.      The defendant real property located at 350 SE 2nd Street, Unit 2840, Fort Lauderdale, Florida, hereafter also referred to as "Defendant 6," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

350 Las Olas Place Condo Unit 2840

-3-

11.     The defendant real property located at 380 Carrington Drive, Weston, Florida, hereafter also referred to as "Defendant 7," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Sector 4 North 153-46 B Lot 24 Blk A

12.     The defendant real property located at 2133 Imperial Point Drive, Fort Lauderdale, hereafter also referred to as "Defendant 8," includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

Imperial Point 1 Sec 53-44 B Lot 11 Blk 22

### FACTUAL ALLEGATIONS

13.     Based upon the following information, there is probable cause to believe that the above-described defendant properties were acquired in connection with a "Ponzi" scheme, conducted by attorney Scott Rothstein, hereinafter "ROTHSTEIN," and others. ROTHSTEIN has been operating the "Ponzi" scheme since approximately 2005.

14.     According to witness complaints, clients were solicited by, or on behalf of, ROTHSTEIN to invest in pools of structured settlements in which putative plaintiffs in civil cases had entered into confidential settlement agreements with putative defendants based upon the forbearance of civil claims in sexual harassment and other labor-related cases. The potential investors were told that these settlements, which existed in blocks ranging from hundreds of thousands to millions of dollars, could be purchased at a discount and repaid to the investors at face value over time. Clients who agreed to invest were directed by ROTHSTEIN or others to wire transfer funds to the trust account of Rothstein, Rosenfeld and Adler, PA, hereinafter "RRA," a law firm located in Fort Lauderdale, Florida. For example, in September 2009, one potential investor

-4-

was told that he could purchase a settlement valued at $450,000.00 for $375,000.00 which would be repaid in increments of $150,000.00 per month for the following three months. This would amount to a yield of 20 percent over three months, or an annual percentage yield in excess of 80 percent. The investor was further told that the funds were held in the RRA trust account. The investor was shown a purported wire transfer receipt as evidence that the funds were held in the trust account of RRA. ROTHSTEIN is the first named partner of RRA.

15.    The criminal investigation has disclosed that the investments purportedly underlying the above-described investment scheme never existed. The investigation has established that no such settlement agreements had ever existed and the entire investment scheme was a fraud. These transactions constituted a "Ponzi" scheme in which new investor money was utilized to pay previous investors in furtherance of the scheme. The investigation has disclosed that these types of fraudulent investments had been offered by Rothstein to a variety of persons and entities throughout the United States for at least four years, and the scheme involved hundreds of millions of dollars. Multiple bank accounts were utilized at financial institutions into which investors' money was sent by wire transfer across state lines. Further, as a fraudulent inducement to investors, ROTHSTEIN and co-conspirators falsified documents which were presented to investors as proof that certain sums of money were contained in these bank accounts when, in fact, the bank accounts did not contain these funds.

16.    The investigation has established that portions of the criminally derived proceeds were used to pay past investors thereby promoting the scheme. The investigation has established that portions of the criminally derived proceeds were used to acquire millions of dollars worth of assets including the defendant real properties set forth above. The investigation has further established that

-5-

many of the properties have been transferred to the following nominee corporations controlled by Rothstein, as set forth below, as a wealth preservation mechanism: "C1 07 LLC," "C1 08 LLC," "C1 16 LLC," "29 Bahia LLC," "MLC 350 LLC,""350 LOP #2840 LLC," "JB Boca M Holdings LLC."

17.     The investigation has established that Rothstein's financial ability to acquire such properties did not exist prior to the execution of the "Ponzi" scheme.

18.     ROTHSTEIN used proceeds obtained from the "Ponzi" scheme to acquire the defendant real properties.

19.     ROTHSTEIN acquired Defendant 1 on or about September 21, 2007 for a sales price of $1,750,000.

20.     Defendant 1 was transferred, via Quit Claim Deed, to "C1 07 LLC" on or about August 10, 2009.

21.     ROTHSTEIN acquired Defendant 2 on or about March 3, 2005 for a sales price of $2,730,000.

22.     Defendant 2 was transferred, via Quit Claim Deed, to "C1 08 LLC" on or about July 22, 2009.

23.     ROTHSTEIN acquired Defendant 3 on or about March 14, 2007 for a sales price of $1,925,000.

24.     Defendant 3 was transferred, via Quit Claim Deed, to "C1 16 LLC" on or about August 10, 2009.

25.     ROTHSTEIN and his wife Kimberly ROTHSTEIN acquired Defendant 4 on or about March 14, 2008 for a sales price of $6,450,000.

26.     Defendant 5, a vacant lot, was transferred to "29 Bahia LLC" on or about January 7,

-6-

2009, for a sales price of $4,000,000.

27.     Defendant 6 was acquired by "MLC350 LLC" on or about May 31, 2005.

28.     Defendant 6 was transferred, via Warranty Deed, to "350 LOP #2840 LLC" on or about May 20, 2009.

29.     ROTHSTEIN acquired Defendant 7 on or about April 8, 2008 for a sales price of $475,000.

30.     Defendant 7 was transferred to Debra E. Villegas on or about July 27, 2009 for $100.

31.     ROTHSTEIN acquired Defendant 8 on or about November 5, 2008 for a sales price of $505,000.

32.     Defendant 8 was transferred to "2133 IP LLC" on or about August 10, 2009 via quit claim deed for $100.

## FIRST CLAIM FOR FORFEITURE
### 18 U.S.C. §§ 981(a)(1)(C) and 1343

33.     Plaintiff realleges paragraphs 5 through 32, above as if fully set forth herein.

34.     Title 18, United States Code, Section 981(a)(1)(C) subjects to forfeiture: "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to ... any offense constituting 'specified unlawful activity' (as defined in Section 1956(c)(7) of this title, or a conspiracy to commit such offense."

35.     "Specified unlawful activity" is defined in 18 U.S.C. §1956(c)(7), and the term includes any offense under 18 U.S.C. §1961(1). Section 1961(1) lists 18 U.S.C. 1343 (wire fraud) as an offense.

36.     Title 18, United States Code, Section 1343 provides that:

-7-

> Whoever, having devised or intending to devise any scheme or
> artifice to defraud, or for obtaining money or property by means of
> false or fraudulent pretenses, representations, or promises, transmits,
> or causes to be transmitted by means of wire, radio or television
> communication in interstate or foreign commerce, any writings, signs,
> signals, pictures or sounds for the purpose of executing such scheme
> or artifice, shall be fined...

37.    "Ponzi" scheme investors utilized interstate wires to transfer their funds to

ROTHSTEIN and or RRA.

38.    The millions of dollars generated by the "Ponzi" scheme constitute proceeds of wire

fraud.

39.    ROTHSTEIN used the proceeds of wire fraud to acquire the defendant properties.

40.    Based on the foregoing, the defendant properties constitute or were derived from

proceeds traceable to the specified unlawful activity of wire fraud, in violation of Title 18, United

States Code, Section 1343, and are thereby forfeit to the United States pursuant to Title 18, United

States Code, Section 981(a)(1)( C).

<div align="center">

**SECOND CLAIM FOR FORFEITURE**
**18 U.S.C. §§ 981(a)(1)(A) and 1957**

</div>

41.    Plaintiff realleges paragraphs 5 through 32 above as if fully set forth herein.

42.    Title 18, United States Code, Section 981(a)(1)(A) subjects to forfeiture "[a]ny

property, real or personal, involved in a transaction or attempted transaction in violation of ... section

1957...of this title, or any property traceable to such property."

43.    Title 18, United States Code, Section 1957 provides in pertinent part:

> (a) Whoever, in any of the circumstances set forth in subsection (d), knowingly
> engages or attempts to engage in a monetary transaction in criminally derived
> property of a value greater than $10,000 and is derived from specified unlawful
> activity, shall be punished as provided in subsection (b).

<div align="center">-8-</div>

***

(d) The circumstances referred to in subsection (a) are –

(1) that the offense under this section takes place in the United States or in the special maritime and territorial jurisdiction of the United States...

44.    "Monetary transaction" is defined in 18 U.S.C. §1957(f)(1) as the:

deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument ... by, through, or to a financial institution (as defined in section 1956 of this title), including any transaction that would be a financial transaction under section 1956(c)(4)(B) of this title...

45.    "Financial transaction" is defined in 18 U.S.C. §1956(c)(4) as:

(A) a transaction which in any way or degree affects interstate or foreign commerce (i ) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments, or (iii) involving the transfer of title to any real property, vehicle, vessel or aircraft, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

46.    "Criminally derived property" is defined in 18 U.S.C. §1957(f)(2) as "any property constituting, or derived from, proceeds obtained from a criminal offense."

47.    "Specified unlawful activity" is defined in 18 U.S.C. §1956(c)(7), and the term includes any offense under 18 U.S.C. §1961(1). Section 1961(1) lists 18 U.S.C. 1343 (wire fraud) as an offense.

48.    Because the funds  used to acquire the defendant properties, constitute criminally derived property from wire fraud,  exceed $10,000 and were involved in a monetary transaction, the defendants are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) as they represent properties involved in a transaction or attempted transaction in violation of 18 U.S.C. §1957, and properties traceable to such property.

-9-

## CONCLUSION

**WHEREFORE**, Plaintiff, United States of America requests, that any and all persons having

any claim to the defendant properties be directed to file and serve their verified claims and answers

as required by Rule G(5), of the Supplemental Rules for Admiralty and Maritime Claims and Asset

Forfeiture Actions, or suffer default thereof, and further requests that the Court declare the defendant

properties condemned and forfeited to the United States of America, and that Plaintiff have such

other and further relief as may be just and proper together with the costs and disbursements of this

action.

Respectfully submitted,

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

By: _____

ALISON W. LEHR
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 444537
99 N.E. 4th Street- 7th Floor
Miami, Florida 33132
Telephone: (305)961-9176
Fax: (305)536-7599
Alison.Lehr@usdoj.gov

-10-

## VERIFICATION

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury,

that I have read the foregoing Complaint for Forfeiture In Rem and state that the facts alleged therein

are true and correct to the best of my knowledge and belief.

Executed this ___9___ day of November, 2009.

TARYN GUARIGLIA, Special Agent
INTERNAL REVENUE SERVICE

-11-

Case 0:09-cv-61780-WJZ    Document 1    Entered on FLSD Docket 11/09/2009    Page 24 of 24

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Various Real Properties Purchased By ...Scott W. Rothstein, etc. |

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Alison W. Lehr, Assistant United States Attorney
99 NE 4th Street, 7th Floor
Miami, Florida 33132

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☑ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

0:09CV 61780 - 21och-RSR

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☑ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities | ☐ 540 Mandamus & Other | ☐ 462 Naturalization | | Under Equal Access to Justice |
| | Employment | | Application | | |
| | ☐ 446 Amer. w/Disabilities | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien | | |
| | Other | | Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of State |
| | | | Actions | | Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO          b) Related Cases ☐ YES ☑ NO

JUDGE _____          DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Forfeiture pursuant to 18 USC 981(a)(1)(A)and (C); violations 18 USC 1343/1957

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
Alison W. Lehr

DATE 11/9/09

FOR OFFICE USE ONLY
AMOUNT WAIVED    RECEIPT # _____    IPP _____

# Exhibit "D"

AO 93 (Rev. 01/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 09 - 6431 - RSR
)
Office of Rothstein, Rosenfeldt & Adler, PA )
401 East Las Olas Boulevard, 15th, 16th, 22nd Floors )
Fort Lauderdale, FL 33301 )

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the _____ Southern _____ District of _____ Florida _____
*(identify the person or describe the property to be searched and give its location)*:
Office of Rothstein, Rosenfeldt & Adler, PA, 401 East Las Olas Boulevard, 15th, 16th and 22nd Floors, Fort
Lauderdael, FL 33301, as more fully described in Attachment A, attached hereto and made a part hereof.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the
property to be seized)*:
Those items set forth in Attachment B, attached hereto and made a part hereof.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or
property.

**YOU ARE COMMANDED** to execute this warrant on or before     *11- 14 - 09*
                                                                                    *(not to exceed 10 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.     ~~☐ at any time in the day or night as I find reasonable cause has been established.~~

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property
taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the
place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an
inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
on duty at the time of the return _____ .
                    *(name)*

~~☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay
of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be
searched or seized *(check the appropriate box)* ☐for _____ days *(not to exceed 30)*~~

~~☐until, the facts justifying, the later specific date of _____~~

Date and time issued:     *11 - 4 - 09  4:46 p. m.*
                                                                        *Judge's signature*

City and state:     Fort Lauderdale, FL                     Magistrate Judge Robin S. Rosenbaum
                                                                        *Printed name and title*

AO 93 (Rev. 01/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A
Physical Description of Target Location

Office of Rothstein, Rosenfeldt & Adler, PA
401 East Las Olas Boulevard, 15th, 16th and 22nd Floors
Fort Lauderdale, FL 33301

Rothstein, Rosenfeldt & Adler, PA is located in the Las Olas City Centre on East Las Olas Boulevard between SE 3rd Avenue and Federal Highway. The building is described as a white sky-scraper. Two signs in front of the building state "Bank of America Plaza at Las Olas" and "RRA Rothstein Rosenfeldt Adler." The law offices of Rothstein, Rosenfeldt & Adler are located on the 15th, 16th and 22nd Floors of the building. *See* photograph attached as ATTACHMENT A1 and made a part hereof.



**ATTACHMENT A1**

Attachment B

The items to be seized include the following: documents, books, ledgers, records, files, computer software, including disks, magnetic tapes, programs, and computer printouts and other documents, relating to or reflecting wire fraud and the laundering of investor proceeds and payments, income and expenses, in connection with the offer of investments into settlement agreements through ROTHSTEIN, ROSENFELDT & ADLER, P.A.

These items include:

☐ Deal Folders, which include two files for each investor transaction: a manila folder containing redacted structured settlement agreements and correspondences and a red folder containing unredacted structured settlement agreements and correspondences.

☐ ALL INVESTOR BOOKKEEPING RECORDS and other financial records including, but not limited to, settlement agreements, deal lists, investor payout lists, trust accounting records, investor trust accounts, books, records, ledgers, journals, receipts, invoices, billing statements, and other papers, records, correspondences or documents that may, in any way, be related to transactions involving client investments into settlement agreements through ROTHSTEIN, ROSENFELDT & ADLER.

☐ Investor correspondence, detailed records of meetings, handwritten or computerized, or other records reflecting conversations or transactions with and/or concerning investors and potential investors.

☐ SAVINGS, CHECKING AND TRUST ACCOUNT RECORDS, including monthly bank statements, records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, wire transfers, records reflecting the identity of checks deposited, withdrawal slips, and records disclosing the disposition of withdrawals, Forms 1099, debit and credit memos, and records of any certificates of deposit.

☐ Any and all other records, documents and/or evidence constituting the fruits and instrumentalities of potential violations of Title 18, United States Code, Section 1956 (a)(1)(A)(i); Title 18, United States Code, Section 1957, and Title 18, United States Code, Section 1343, *as described in the affidavit for search warrant submitted in support of this warrant.*

☐ Any and all information, still or moving pictures, film and/or data obtained from surveillance video cameras and stored and/or maintained on the premises.

The above and foregoing includes any and all of the above-described information that may be stored on computer storage media. This includes information stored on computer hard drives, diskettes, tapes, CD-ROM, or any other media capable of storing information in a form readable by a computer. This also includes all copies of the information described above that may be maintained as archive or backup copies.

1

The agents searching for such information are authorized to search any desktop, other "personal computer" or PC located on the premises to be searched and to copy all above-described information stored on such computer.

The Computer Investigative Specialist, when searching for evidence authorized under the warrant, will take reasonable steps to avoid searching for and viewing documents which are not authorized under the warrant. These steps include the identification of non-pertinent directories and files. The Computer Investigative Specialist will not disclose the content of any file not covered under the warrant to the investigators.

In the event that the agents cannot, for technical reasons, obtain access to any subject computer or cannot search for or copy information contained on that computer, the agents are then authorized to seize such computer and remove it to a laboratory setting for a sufficient period of time to obtain access to, search for, and recover the files and financial records described above. In addition, if the files and records described above cannot be read and understood without the software of programs that created those files or records, the agents are authorized to seize such software and any documentation and manuals that describe the software and give instruction on its installation and use.

Additionally, to insure the accuracy and completeness of computer data and to prevent loss of data, either from accidental or programmed destruction, a qualified IRS-CI or FBI Special Agent/Computer Investigative Specialist (CIS) will be utilized. To effect such accuracy and completeness requires the seizure of all computerized records, computer equipment and peripherals, the software to operate them and related instruction manuals. Computerized records include, but are not limited to, the following:

Any and all information and/or data stored in the form of magnetic or electronic coding on computer related equipment. This media includes, but is not limited to, floppy disks, fixed hard disks, removable hard disk cartridges, tapes, laser disks, videocassettes, and any other media that is capable of storing magnetic coding. Any and all electronic devices which are capable of analyzing, creating, displaying, converting or transmitting electronic or magnetic computer components, computer peripherals, word processing equipment, modems, monitors, printers, plotters, encryption circuit boards, optical scanners, external hard drives and other computer related electronic devices. Any and all instructions or programs stored in the form of electronic or magnetic media that are capable of being interpreted by a computer or related components. The items to be seized include, but are not limited to, operating systems, application software, utility programs, compilers, interpreters and any other programs or software used to communicate with computer hardware or peripherals either directly or indirectly via telephone lines, radio or other means of transmission. Any and all written or printed material which provides instructions or examples concerning the operation of computer system, computer software and/or related device.

2

# Inventory Listing of All Items Seized at Search Warrant Site

| Site Name: | Investigation Number: | Report Date: |
|---|---|---|
| 401 E Las Olas Blvd, Ft Lauderdale, FL | 1000229866 | Thursday, November 05, 2009 |
| Rothstein, Rosenfeldt, Adler Law Firm | Starting Date and Time: 11/04/2009 07:45 PM | |
| | Ending Date and Time: 11/05/2009 03:15 AM | |

| Control #: | 1 | Evidence Box: | 1 |
|---|---|---|---|
| Location: | Cubicle | Locator Code: | 15-42 |
| Found: | 15th Floor - Cubicle | | |
| Description: | Seized Per Warrant | One manila folder containing settlement statements labeled "Original Settlement Statements" | |

| Control #: | 2 | Evidence Box: | 1 |
|---|---|---|---|
| Location: | Cubicle | Locator Code: | 15-28A |
| Found: | 15th Floor | | |
| Description: | Seized Per Warrant | Documents titled Settlement Statement | |

| Control #: | 3 | Evidence Box: | 1 |
|---|---|---|---|
| Location: | Office | Locator Code: | 15-14A Desktop |
| Found: | 15th Floor | | |
| Description: | Seized Per Warrant | Certificates of Verification w/respect to cases RRA-5161, RRA-5160, RRA-5162 and a letter to Scott Rothstein re: RRA-401 | |

| Control #: | 4 | Evidence Box: | 1 |
|---|---|---|---|
| Location: | Office | Locator Code: | 15-38 |
| Found: | Right side of desk | | |
| Description: | Seized Per Warrant | Commerce Operating List, Email from Rothstein re: wires, Gibraltar statements & wires, folder with payments to Morse, Banyon Folder | |

| Control #: | 5 | Evidence Box: | 1 |
|---|---|---|---|
| Location: | Office | Locator Code: | 15-38A |
| Found: | Irene Stay's Office | | |
| Description: | Seized Per Warrant | Banyon Investment deposit logs, emails from Rothstein to Irene to move money, deposit slips | |

| Control #: | 6 | Evidence Box: | 1 |
|---|---|---|---|
| Location: | Office | Locator Code: | 15-38 |
| Found: | Irene Stay's Office | | |
| Description: | Seized Per Warrant | Trust Account bank statements, commerce bank operating account, trust account reconciliations | |

| | | | |
|---|---|---|---|
| **Control #:** | 7 | **Evidence Box:** | 2 |
| **Location:** | Office | **Locator Code:** | 16-16 |
| **Found:** | Room 16 | | |
| **Description:** | Seized Per Warrant | Gibraltar Private Bank & Trust Receipt, dated 10/19/09 | |

| | | | |
|---|---|---|---|
| **Control #:** | 8 | **Evidence Box:** | 2 |
| **Location:** | Office | **Locator Code:** | 15-39A |
| **Found:** | Desk | | |
| **Description:** | Seized Per Warrant | Bank Stamps | |

| | | | |
|---|---|---|---|
| **Control #:** | 9 | **Evidence Box:** | 3 |
| **Location:** | Office | **Locator Code:** | 15-39 |
| **Found:** | Office | | |
| **Description:** | Seized Per Warrant | Box containing miscellanous bank records | |

| | | | |
|---|---|---|---|
| **Control #:** | 10 | **Evidence Box:** | 4 |
| **Location:** | Office | **Locator Code:** | 15-39 |
| **Found:** | Office | | |
| **Description:** | Seized Per Warrant | Box labeled 2005 bank statements, payroll docs | |

| | | | |
|---|---|---|---|
| **Control #:** | 11 | **Evidence Box:** | 5 |
| **Location:** | Office | **Locator Code:** | 15-39 |
| **Found:** | Office | | |
| **Description:** | Seized Per Warrant | Box containing RRA - Operating Gibraltar documents | |

| | | | |
|---|---|---|---|
| **Control #:** | 12 | **Evidence Box:** | 6 |
| **Location:** | Office | **Locator Code:** | 15-39 |
| **Found:** | Office | | |
| **Description:** | Seized Per Warrant | Box containing RRA Operating Gibraltar documents | |

| | | | |
|---|---|---|---|
| **Control #:** | 13 | **Evidence Box:** | 7 |
| **Location:** | Office | **Locator Code:** | 15-33 |
| **Found:** | Office | | |
| **Description:** | Seized Per Warrant | Files re: deal folders | |

| | | | |
|---|---|---|---|
| **Control #:** | 14 | **Evidence Box:** | 8 |
| **Location:** | Cubicle | **Locator Code:** | 15-33 |
| **Found:** | Cubicle | | |
| **Description:** | Seized Per Warrant | Deal folders | |

| | | | |
|---|---|---|---|
| **Control #:** | 15 | **Evidence Box:** | 9 |
| **Location:** | Cubicle | **Locator Code:** | 15-33 |
| **Found:** | Office | | |
| **Description:** | Seized Per Warrant | Deal Folders | |

| Control #: | 16 | | Evidence Box: | 10 |
|---|---|---|---|---|
| Location: | Cubicle | | Locator Code: | 15-33 |
| Found: | Cubicle | | | |
| Description: | Seized Per Warrant | Deal Folders | | |

| Control #: | 17 | | Evidence Box: | 11 |
|---|---|---|---|---|
| Location: | Cubicle | | Locator Code: | 15-33 |
| Found: | Cubicle | | | |
| Description: | Seized Per Warrant | Deal Folders | | |

| Control #: | 18 | | Evidence Box: | 12 |
|---|---|---|---|---|
| Location: | Cubicle | | Locator Code: | 15-33 |
| Found: | Cubicle | | | |
| Description: | Seized Per Warrant | Deal Folders | | |

| Control #: | 19 | | Evidence Box: | 13 |
|---|---|---|---|---|
| Location: | Cubicle | | Locator Code: | 15-33 |
| Found: | Cubicle | | | |
| Description: | Seized Per Warrant | Deal Folders | | |

| Control #: | 20 | | Evidence Box: | 14 |
|---|---|---|---|---|
| Location: | Cubicle | | Locator Code: | 15-33 |
| Found: | Cubicle | | | |
| Description: | Seized Per Warrant | Deal Folders | | |

| Control #: | 21 | | Evidence Box: | 15 |
|---|---|---|---|---|
| Location: | Cubicle | | Locator Code: | 15-33 |
| Found: | Cubicle | | | |
| Description: | Seized Per Warrant | Deal Folders | | |

| Control #: | 22 | | Evidence Box: | 16 |
|---|---|---|---|---|
| Location: | Cubicle | | Locator Code: | 15-33 |
| Found: | Cubicle | | | |
| Description: | Seized Per Warrant | Deal Folders | | |

| Control #: | 23 | | Evidence Box: | 17 |
|---|---|---|---|---|
| Location: | Cubicle | | Locator Code: | 15-33 |
| Found: | Cubicle | | | |
| Description: | Seized Per Warrant | Deal folders | | |

| Control #: | 24 | | Evidence Box: | 18 |
|---|---|---|---|---|
| Location: | Cubicle | | Locator Code: | 15-33 |
| Found: | Cubicle | | | |
| Description: | Seized Per Warrant | Deal folders | | |

| Control #: | 25 | | Evidence Box: | 19 |
|---|---|---|---|---|
| Location: | Cubicle | | Locator Code: | 15-33 |
| Found: | Cubicle | | | |
| Description: | Seized Per Warrant | Deal folders | | |

| Control #: | 26 | | Evidence Box: | 20 |
|---|---|---|---|---|
| Location: | Cubicle | | Locator Code: | 15-33 |
| Found: | Cubicle | | | |
| Description: | Seized Per Warrant | Deal folders | | |

| Control #: | 27 | | Evidence Box: | 21 |
|---|---|---|---|---|
| Location: | Cubicle | | Locator Code: | 15-33 |
| Found: | Cubicle | | | |
| Description: | Seized Per Warrant | Deal folders | | |

| Control #: | 28 | | Evidence Box: | 22 |
|---|---|---|---|---|
| Location: | Cubicle | | Locator Code: | 15-33 |
| Found: | Cubicle | | | |
| Description: | Seized Per Warrant | Deal folders | | |

| Control #: | 29 | | Evidence Box: | 23 |
|---|---|---|---|---|
| Location: | Cubicle | | Locator Code: | 15-33 |
| Found: | Cubicle | | | |
| Description: | Seized Per Warrant | Deal folders | | |

| Control #: | 30 | | Evidence Box: | 24 |
|---|---|---|---|---|
| Location: | Cubicle | | Locator Code: | 15-33 |
| Found: | Cubicle | | | |
| Description: | Seized Per Warrant | Deal folders | | |

| Control #: | 31 | | Evidence Box: | 25 |
|---|---|---|---|---|
| Location: | Cubicle | | Locator Code: | 15-33 |
| Found: | Cubicle | | | |
| Description: | Seized Per Warrant | Deal folders | | |

| Control #: | 32 | | Evidence Box: | 26 |
|---|---|---|---|---|
| Location: | Cubicle | | Locator Code: | 15-33 |
| Found: | Cubicle | | | |
| Description: | Seized Per Warrant | Deal folders | | |

| Control #: | 33 | | Evidence Box: | 27 |
|---|---|---|---|---|
| Location: | Cubicle | | Locator Code: | 15-33 |
| Found: | Cubicle | | | |
| Description: | Seized Per Warrant | Deal folders | | |

| Control #: | 34 | Evidence Box: | 28 |
|---|---|---|---|
| Location: | Cubicle | Locator Code: | 22-17 |
| Found: | Open Office Area | | |
| Description: | Seized Per Warrant | File folder containing operational records, cancelled checks, etc | |

| Control #: | 35 | Evidence Box: | 28 |
|---|---|---|---|
| Location: | Cubicle | Locator Code: | 15-33 |
| Found: | Cubicle | | |
| Description: | Seized Per Warrant | Jewelry certificates and miscellaneous folder labeled Mary Beth File | |

| Control #: | 36 | Evidence Box: | 29 |
|---|---|---|---|
| Location: | Cubicle | Locator Code: | 15-33 |
| Found: | Cubicle | | |
| Description: | Seized Per Warrant | Vehicle purchase documents | |

| Control #: | 37 | Evidence Box: | 30 |
|---|---|---|---|
| Location: | Office | Locator Code: | 16-9 |
| Found: | Office | | |
| Description: | Seized Per Warrant | One white envelope containing significant fund transfers from RRA; Various folders consisting of redacted structured settlement agreements and correspondence | |

| Control #: | 38 | Evidence Box: | 31 |
|---|---|---|---|
| Location: | Office | Locator Code: | 16-01 |
| Found: | Right side of Desk | | |
| Description: | Seized Per Warrant | Rothstein AMEX Statements, Bank of America Online Statements 6835 - 2006, Intracoastal Assets Brochure, Quickbooks & Excel Reports & SWR Entities, stock certificates & Q-Task to AAMM Holdings, Letter RE: Edify LLC Separation, Investor Promissory Note - Brauser | |

| Control #: | 39 | Evidence Box: | 31 |
|---|---|---|---|
| Location: | Office | Locator Code: | 16-01 |
| Found: | Right side of desk on the floor | | |
| Description: | Seized Per Warrant | Investment records, Gibraltar bank folder, AMEX Statements, TD Bank record, Limo Records for Jake, Sea Club Resort Financial Statements | |

| Control #: | 40 | Evidence Box: | 31 |
|---|---|---|---|
| Location: | Office | Locator Code: | 16-02 |
| Found: | Office of Debra Villegas | | |
| Description: | Seized Per Warrant | Blue Star Itinerary from Blue Star Jets, dated October 26, 2009 for flight from Ft Lauderdale Executive Airport to Casablanca, Morocco Depature 10/27/09 8pm Return 11/08/09 12:00 pm | |

| Control #: | 41 | | Evidence Box: | 31 |
|---|---|---|---|---|
| Location: | Office | | Locator Code: | 16-02 |
| Found: | Office of Debra Villegas | | | |
| Description: | Seized Per Warrant | Gibraltar bank documents, deposit slips for Gibraltar Bank, bank account numbers on sticky for Rachel, SWR, Kim; Manila Folder marked "Shred" containing Gibraltar bank documents & Miscellaneous Trust Information. | | |

| Control #: | 42 | | Evidence Box: | 32 |
|---|---|---|---|---|
| Location: | Office | | Locator Code: | 16-09 |
| Found: | Office | | | |
| Description: | Seized Per Warrant | Bank of America LOC, MIP Finance, emails, Rothstein Fund, CCLLC Mortgage with telephone records with notes and complainants, red folder with flow charts and emails, presentation RRA fund LLC, Merrill Lynch Structured | | |

| Control #: | 43 | | Evidence Box: | 31 |
|---|---|---|---|---|
| Location: | Office | | Locator Code: | 16-02 |
| Found: | Cabinet | | | |
| Description: | Seized Per Warrant | Vehicle Payment booklets | | |

| Control #: | 44 | | Evidence Box: | 33 |
|---|---|---|---|---|
| Location: | Office | | Locator Code: | 16-02 |
| Found: | Office of Debra Villegas | | | |
| Description: | Seized Per Warrant | Binders and corporate records | | |

| Control #: | 45 | | Evidence Box: | 34 |
|---|---|---|---|---|
| Location: | Office | | Locator Code: | 16-02 |
| Found: | Office of Debra Villegas | | | |
| Description: | Seized Per Warrant | Three binders of SWR Personnel & Auto Insurance Policies, files related to vehicle purchases. | | |

| Control #: | 46 | | Evidence Box: | 35 |
|---|---|---|---|---|
| Location: | Office | | Locator Code: | 16-02 |
| Found: | Office of Debra Villegas | | | |
| Description: | Seized Per Warrant | Binders of Corporate Documents | | |

| Control #: | 47 | | Evidence Box: | 36 |
|---|---|---|---|---|
| Location: | Office | | Locator Code: | 16-02 |
| Found: | Office of Debra Villegas | | | |
| Description: | Seized Per Warrant | Personal Financial Documents, Property Documents, Bank Records | | |

| Control #: | 48 | Evidence Box: | 37 |
|---|---|---|---|
| Location: | Office | Locator Code: | 16-02 |
| Found: | Office of Debra Villegas | | |
| Description: | Seized Per Warrant   Financial Documents, client complaints, bar complaints, jewelry appraisals | | |

| Control #: | 49 | Evidence Box: | 38 |
|---|---|---|---|
| Location: | Office | Locator Code: | 16-02 |
| Found: | Office of Debra Villegas | | |
| Description: | Seized Per Warrant   Binders and corporate documents, financial documents, property documents, and bank records | | |

| Control #: | 50 | Evidence Box: | 39 |
|---|---|---|---|
| Location: | Office | Locator Code: | 16-02 |
| Found: | Cabinet | | |
| Description: | Seized Per Warrant   Personal Financial Documents, Jewelry Files, Bank Records | | |

| Control #: | 51 | Evidence Box: | 40 |
|---|---|---|---|
| Location: | Office | Locator Code: | 16-02 |
| Found: | Office of Debra Villegas | | |
| Description: | Seized Per Warrant   Binders and corporate documents | | |

| Control #: | 52 | Evidence Box: | 41 |
|---|---|---|---|
| Location: | Office | Locator Code: | 16-09 |
| Found: | On the desk | | |
| Description: | Seized Per Warrant   One potential "taint" letter | | |

| Control #: | 53 | Evidence Box: | 42 |
|---|---|---|---|
| Location: | Office | Locator Code: | 16-01 |
| Found: | Credenza behind the desk | | |
| Description: | Seized Per Warrant   Unknown amount of currency | | |

| Control #: | 54 | Evidence Box: | |
|---|---|---|---|
| Location: | Office | Locator Code: | 22-13 |
| Found: | On the floor, left side of room | | |
| Description: | Seized Per Warrant   Dell GX280 OptiPlex Tag #CMQPR71 | | |

| Control #: | 55 | Evidence Box: | |
|---|---|---|---|
| Location: | Office | Locator Code: | 22-13 |
| Found: | On floor left side of room | | |
| Description: | Seized Per Warrant   GX280 Optiplex Tag #4PQPR71 | | |

| Control #: | 56 | Evidence Box: | |
|---|---|---|---|
| Location: | Office | Locator Code: | 22-13 |
| Found: | First rack | | |
| Description: | Seized Per Warrant   Video Raid 1 top DELL MD 1000 | | |

| | | | |
|---|---|---|---|
| **Control #:** | 57 | **Evidence Box:** | |
| **Location:** | Office | **Locator Code:** | 22-13 |
| **Found:** | Office | | |
| **Description:** | Seized Per Warrant | Scanner Doc Raid, Dell MD 3000 | |

| | | | |
|---|---|---|---|
| **Control #:** | 58 | **Evidence Box:** | |
| **Location:** | Office | **Locator Code:** | 22-13 |
| **Found:** | Bottom Shelf | | |
| **Description:** | Seized Per Warrant | Video Raid 2 Bottom, Dell MD 1000 | |

| | | | |
|---|---|---|---|
| **Control #:** | 59 | **Evidence Box:** | 43 |
| **Location:** | Office | **Locator Code:** | 22-12 |
| **Found:** | On top of the desk | | |
| **Description:** | Seized Per Warrant | Scan Disk Cruzer 4 g micro thumbdrive SDCZ64098RB | |

| | | | |
|---|---|---|---|
| **Control #:** | 60 | **Evidence Box:** | |
| **Location:** | Office | **Locator Code:** | 22-13 |
| **Found:** | Rack 1 | | |
| **Description:** | Seized Per Warrant | Dell 2930 Server Exchange #JKZ1ZH1 | |

| | | | |
|---|---|---|---|
| **Control #:** | 61 | **Evidence Box:** | |
| **Location:** | Office | **Locator Code:** | 22-13 |
| **Found:** | Rack 1 | | |
| **Description:** | Seized Per Warrant | Dell 2930 FTLSECVID Server TAG 7F16XH1 | |

| | | | |
|---|---|---|---|
| **Control #:** | 62 | **Evidence Box:** | 43 |
| **Location:** | Office | **Locator Code:** | 22-02 |
| **Found:** | Office | | |
| **Description:** | Seized Per Warrant | Image of 160gig hard drive from Dell Optiplex 755 (S/N: HVNOKFI) | |

| | | | |
|---|---|---|---|
| **Control #:** | 63 | **Evidence Box:** | 43 |
| **Location:** | Office | **Locator Code:** | 16-01 |
| **Found:** | Desk - right drawer | | |
| **Description:** | Seized Per Warrant | Four (4) thumb drives with labels | |

| | | | |
|---|---|---|---|
| **Control #:** | 64 | **Evidence Box:** | 43 |
| **Location:** | Office | **Locator Code:** | 22-01 |
| **Found:** | 22-01 and 22-12 | | |
| **Description:** | Seized Per Warrant | Two separate images: (1) 80 gig hdd Dell Optiplex (s/n: 75BYQH1) and (2) 160 gig hdd from Dell Optiplex GX620 (s/n: GYNHCB1) | |

| | | | |
|---|---|---|---|
| **Control #:** | 65 | **Evidence Box:** | 43 |
| **Location:** | Office | **Locator Code:** | 22-12 |
| **Found:** | Office | | |
| **Description:** | Seized Per Warrant | 2 boxed sets of WebCCTV Network Video Recorder CD's found in shelf above the desk on far right floor | |

| | | | |
|---|---|---|---|
| **Control #:** | 66 | **Evidence Box:** | 43 |
| **Location:** | Office | **Locator Code:** | 12-12 |
| **Found:** | 16-09, 22-12 | | |
| **Description:** | Seized Per Warrant | Image of 160 gig WD h/d from Dell Optiplex 755 desktop located next to the desk, area 16-9 (16th Floor, Room 9) Dell s/n (4J1688F1) 1000229866-1-16-9-1-0; Image of 20 gig Hitachi h/d Fujitsu lifebook laptop found on top of table, near wall opposite desk 1000229866-1-22-12-5-1 | |

| | | | |
|---|---|---|---|
| **Control #:** | 67 | **Evidence Box:** | 43 |
| **Location:** | Office | **Locator Code:** | 16-02 |
| **Found:** | 16-02 and 15-38 | | |
| **Description:** | Seized Per Warrant | Image of 160 gig h/d from Dell Optiplex 755 desktop (6J1068F1) located under the desk in area 16-02 - 1000229866-1-16-2-1-0; Image of 160 gig Seagate h/d from Dell Optiplex 755 desktop located under desk - 1000229866-1-15-38-1-0 | |

| | | | |
|---|---|---|---|
| **Control #:** | 68 | **Evidence Box:** | 43 |
| **Location:** | Office | **Locator Code:** | 22-12 |
| **Found:** | On table near desk | | |
| **Description:** | Seized Per Warrant | Seagate free agent desk external hard drive (s/n: 2GEBG60L) | |

| | | | |
|---|---|---|---|
| **Control #:** | 69 | **Evidence Box:** | 43 |
| **Location:** | Office | **Locator Code:** | 16-01 |
| **Found:** | Trash Can | | |
| **Description:** | Seized Per Warrant | Miscellaneous documents found in the trash can | |

| | | | |
|---|---|---|---|
| **Control #:** | 70 | **Evidence Box:** | 43 |
| **Location:** | Office | **Locator Code:** | 22-12 |
| **Found:** | Laptop Image | | |
| **Description:** | Seized Per Warrant | Image of 320 gig hard drive from Dell Laptop Serial Number 7VCRJ1; WDL-WD3200BEVT-7; WD-WXD0A59D8961 | |

| | | | |
|---|---|---|---|
| **Control #:** | 71 | **Evidence Box:** | 44 |
| **Location:** | Office | **Locator Code:** | 15-72 |
| **Found:** | Server Room | | |
| **Description:** | Seized Per Warrant | Multiple hard drives and images as shown on attached property receipt | |

| **Control #:** | 72 | **Evidence Box:** | 44 |
|---|---|---|---|
| **Location:** | Office | **Locator Code:** | 16-01 |
| **Found:** | Right hand desk drawer | | |
| **Description:** | Seized Per Warrant   First Union Bank Safe Deposit Box #48 | | |

| **Control #:** | 73 | **Evidence Box:** | 44 |
|---|---|---|---|
| **Location:** | Office | **Locator Code:** | 16-01 |
| **Found:** | Desk right hand drawer | | |
| **Description:** | Seized Per Warrant   Ferrari Key | | |