UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                          Chapter 11

ROTHSTEIN ROSENFELDT ADLER, P.A.,               Case No:  09-34791-BKC-RBR

                                                                Involuntary Chapter 11 Proceeding

     Alleged Debtor.
_____/
TODD D. SNYDER,                                            Adv. Pro. No.

       Plaintiff,

v.

SCOTT W. ROTHSTEIN, ROTHSTEIN
ROSENFELDT & ADLER, P.A., and
TD BANK, N.A.,

       Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF, IMPOSITION OF EQUITABLE LIEN AND/OR CONSTRUCTIVE TRUST, AND PERMANENT INJUNCTION

     Plaintiff, Todd D. Snyder ("Snyder"), sues Defendants, Scott W. Rothstein ("Rothstein"), Rothstein, Rosenfeldt & Adler, P.A. ("RRA"), and TD Bank, N.A. ("TD Bank") (Rothstein, RRA and TD Bank shall collectively be referred to as the "Defendants"), and alleges as follows:

### Parties Jurisdiction and Venue

     1.     Snyder is an individual and a resident of Miami-Dade County, Florida, and is otherwise, *sui juris*.

     2.     RRA is a Florida Corporation and law firm authorized to conduct and is conducting business in Broward County, Florida.

     3.     Rothstein is an individual and a resident of Broward County, Florida, and is

otherwise, *sui juris*.

4.      TD Bank is a national banking institution authorized to conduct and is conducting business in Broward County, Florida.

5.      This is an action for declaratory relief within the subject matter jurisdiction of this Court.

6.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference of the United States District Court for the Southern District of Florida.  S.D.Fla. L.R. 87.2.

7.      This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A).

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1409.

## General Allegations Supporting Relief Requested

9.      Snyder was solicited by RRA, and individuals associated with RRA, to invest Two Million One Hundred Sixty Thousand and 00/100 Dollars ($2,160,000.00) in a future, and yet to be finalized, transaction.

10.      On or about October 23, 2009, Snyder, at the direction of RRA, wire transferred $2,160,000.00  to RRA's trust account at TD Bank Account No. 6860420923 ("Trust Account") in two (2) separate installments of $1,410,000.00 and $750,000.00 (collectively the "Snyder Trust Funds").  Copies of the documents evidencing the wire transfers are attached hereto as Composite Exhibit A.  The first installment of $1,410,000 was effectuated by Snyder's company, Tech-Optics, Inc., on Snyder's behalf and at his direction.

11.      As evidenced by a confirming letter from RRA, a copy of which is attached hereto as Exhibit B, the Snyder Trust Funds were intended by Snyder to be kept separate from RRA's property, Rothstein's property, and the property of other clients or third-parties.  As

further indicated in the letter the Snyder Trust Funds were to be used "for a transaction involving Mr. Snyder."

12.    No agreement between Snyder and RRA was ever reached with regard to the specific purpose to which the Snyder Trust Funds were to be applied.

13.    On November 2, 2009, prior to the commencement of this bankruptcy case, Stuart A. Rosenfeldt ("Rosenfeldt"), on behalf of himself and RRA, filed a lawsuit in Broward County Circuit Court (the "Receivership Action") against Rothstein alleging multiple wrongful acts by Rothstein, RRA's former Chief Executive Officer.

14.    On November 4, 2009, the state court presiding over the Receivership Action entered an order (a) removing Rothstein as Chief Executive Officer, and (b) appointing Herbert Stettin ("Stettin") as the Receiver for RRA (the "Receiver Order").  The Receiver Order gave Stettin the sole authority to manage the law firm's financial affairs and found that Rothstein relinquished any authority with respect to the law firm's management.

15.    Thereafter, on November 10, 2009, four petitioning creditors commenced this case by filing an involuntary chapter 11 petition against RRA under 11 U.S.C. § 303.

16.    Upon information and belief, the Snyder Trust Funds have not been transferred from the Trust Account to any other account, person or entity, and the Snyder Trust Funds remain in the Trust Account.

17.    The Snyder Trust Funds were and continue to be held in trust as separate and distinct funds within the Trust Account.

18.    As a result of an alleged fraudulent investment or Ponzi scheme allegedly orchestrated by Rothstein and/or RRA, it appears that other funds may have been transferred into or out of the Trust Account prior to Snyder's transfer of the Snyder Trust Funds into the Trust

Account.

19.     Snyder has made written demand for return of the Snyder Trust Funds from Rothstein, RRA, Stettin, and TD Bank, but, as of the date of the filing of this Complaint, the Snyder Trust Funds have not been returned.

20.     Rule 5-1.1(a)(1), Rules Regulating The Florida Bar, governs trust accounts and provides, in pertinent part:

> ***Trust Account Required; Commingling Prohibited***. A lawyer shall hold in trust, separate from the lawyer's own property, funds and property of clients or third persons that are in a lawyer's possession in connection with a representation. All funds, including advances for fees, costs, and expenses, shall be kept in a separate bank or savings and loan association account maintained in the state where the lawyer's office is situated or elsewhere with the consent of the client or third person and clearly labeled and designated as a trust account. . .

21.     Rule 5-1.1(b), Rules Regulating The Florida Bar, governs trust accounts and provides, in pertinent part:

> **b) Application of Trust Funds or Property to Specific Purpose.** Money or other property entrusted to an attorney for a specific purpose, including advances for fees, costs, and expenses, is held in trust and must be applied only to that purpose.

22.     Rule 5-1.1(j), Rules Regulating The Florida Bar, governs trust accounts and provides, in pertinent part:

> **(j) Disbursement Against Uncollected Funds**. A lawyer generally may not use, endanger, or encumber money held in trust for a client for purposes of carrying out the business of another client without the permission of the owner given after full disclosure of the circumstances...
>
> *         *         *
>
>  ...a lawyer may not disburse funds held for a client or on behalf of that client unless the funds held for that client are collected funds. For purposes of this provision, "collected funds" means funds

4

deposited, **finally settled**, and credited to the lawyer's trust
account . . . (emphasis added).

23.     The Snyder Trust Funds are separate and distinct funds held in an attorney trust

account, and therefore, are subject to the above-cited portions of the Rules Regulating the Florida

Bar.

24.     No other party has made a conflicting demand with regard to the Snyder Trust

Funds.

25.     All conditions precedent have been performed, waived or otherwise satisfied with

regard to Snyder's ability to maintain this cause of action.

**COUNT I**
**DECLARATORY RELIEF**
**(Ownership and Return of The Snyder Trust Funds)**

26.     Snyder incorporates and realleges paragraphs 1 through 25 as though fully set

forth herein.

27.     Pursuant to 28 U.S.C. § 2201(a), Snyder seeks a declaration from this Court

determining that Snyder is the owner and is entitled to the immediate return of the Snyder Trust

Funds.

28.     Upon information and belief, Rothstein, RRA and/or TD Bank are unsure of

whether Snyder is entitled to the immediate return of the Snyder Trust Funds.

29.     There is a bona fide, actual, present, and practical need for a judicial declaration

of whether Snyder is entitled to an immediate return of the Snyder Trust Funds.

30.     The Court's declaration as to whether Snyder is entitled to a return of the Snyder

Trust Funds deals with a present, ascertained, or ascertainable state of facts or present

controversy as to a state of facts.

31.     The determination of whether Snyder is entitled to a return of the Snyder Trust

5

Funds impacts an immunity, power and privilege of Snyder, which is dependent on the above-described and incorporated background facts, Florida rules, and Florida law, and the application of the rules and law to the background facts.

32.    All parties named are interested, integral and necessary parties to a determination of which document(s) govern.  All parties with an interest in the outcome of this controversy are named herein.

33.    The determination of whether Snyder is entitled to a return of the Snyder Trust Funds is not sought merely for the purpose of: i) obtaining legal advice from the Court, or ii) answering questions propounded from curiosity.

WHEREFORE, Plaintiff, Todd D. Snyder, demands the following declaratory relief:

a.    The Court's entry of an Order or Judgment enjoining Defendants from disbursing any of the Snyder Trust Funds at issue during the pendency of this action;

b.    A Final Declaratory Judgment determining that Snyder is the owner of and entitled to an immediate return of the Snyder Trust Funds;

c.    A Final Declaratory Judgment determining that the Snyder Trust Funds are not property of the RRA bankruptcy estate;

d.    The relief sought is requested on an expedited basis; and

e.    All other and further relief that this Court deems necessary, just and proper.

## COUNT II
## ACTION TO IMPOSE EQUITABLE LIEN AND/OR CONSTRUCTIVE TRUST

34.    Snyder incorporates and realleges paragraphs 1 through 25 of this Complaint as fully set forth herein.

35.    In the alternative and/or in conjunction with the relief requested above, this is an action to establish and impose an equitable lien and/or a constructive trust.  Snyder has no

6

adequate remedy at law.

36.     The Snyder Trust Account Funds, and all property or things of value traceable to or derived from such property in equity and good conscience, belong to Snyder.

37.     An equitable lien and/or constructive trust should be imposed on the Trust Account and other related property in favor of and for the benefit of Snyder.

38.     In equity and good conscience the foregoing property is Snyder's property.

WHEREFORE, Snyder demands the entry of an order and/or judgment against the Defendants as follows: (i) imposing a constructive trust and/or equitable lien on the Trust Account, as well as all property or other things of value derived from or traceable to such property, for the benefit of Snyder; and (ii) for such other and further relief as the Court deems just and proper.

**COUNT III**
**INJUNCTION UNDER BANKRUPTCY RULE 7065**

39.     Snyder incorporates and realleges paragraphs 1 through 25 of this Complaint as fully set forth herein.

40.     This is an action for injunctive relief pursuant to Federal Rule of Bankruptcy Procedure 7065.  Snyder has no adequate remedy at law.

41.     Allegations have surfaced that, to the extent not already done, RRA intends to commingle funds held in the Trust Account with other RRA accounts to make such funds available for operations of the firm or to fund the bankruptcy case.

42.     Given that the Snyder Trust Funds are believed to be in the Trust Account, it is imperative that the Court order that the Defendants be preliminarily and permanently enjoined and restrained by this Court from further transferring, dissipating, encumbering, liening or disposing of the Snyder Trust Funds or any interest therein.

43. The requested injunctive relief is a necessary incident to and in furtherance of equitable relief being sought against such property herein, including without limitation, the request to impose a constructive trust and impress an equitable lien as to such property.

44. Granting the injunctive relief requested herein is necessary to avoid irreparable harm to Snyder. Further transfer, dissipation or encumbrance of such property could deprive Snyder from receiving the Snyder Trust Funds.

45. The public interest favors granting the injunctive relief sought herein since this is a public bankruptcy proceeding and the interests of the creditors of the RRA's bankruptcy estate, including Snyder, to recoup all or some portion of their losses pursuant to the applicable provisions of the Bankruptcy Code are paramount. Ensuring that the creditors of the RRA's bankruptcy estate, including Snyder, receive the distributions to which they are entitled under law helps serve the public interest.

46. Conversely, not granting injunctive relief would enable the Defendants to frustrate the proper workings of the Bankruptcy Code and deny creditors, including Snyder, that to which they are entitled under law. Such a result would run counter to the public interest in the fair and equitable administration of the bankruptcy laws.

47. In addition, the requested injunctive relief is a necessary incident to and in furtherance of the requests herein regarding the ownership of the Snyder Trust Funds.

48. Preliminary and permanent injunctive relief, as requested herein, is also necessary in order to preserve the *status quo* pending a full and final determination of this litigation.

49. As alleged herein above, there is a substantial likelihood that Snyder will prevail on the merits.

50. In addition, as to the Snyder Trust Funds in the Trust Account, there is a certainty

that Snyder will prevail on the merits in terms of RRA and others being precluded from transferring, encumbering or dissipating such property during the pendency of this litigation.

WHEREFORE, Snyder demands the entry of an order and/or judgment preliminarily and permanently enjoining and restraining the Defendants, and their respective agents, servants, employees and attorneys, and all those in active concert or participation with them who receive notice hereof, from selling, liening, encumbering, pledging, hypothecating, mortgaging, secreting, removing, alienating, gifting, dissipating, disposing of, and/or transferring, whether directly or indirectly, the Snyder Trust Funds, and requests such other and further relief as the Court deems just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: November 19, 2009.

Respectfully submitted,

Cary A. Lubetsky, Esquire
Florida Bar No.: 961360
Krinzman, Huss & Lubetsky, LLP
800 Brickell Ave, Suite 1501
Miami, Florida 33131
Tel: 305.854.9700
Fax: 305.854.0508
E-mail: cal@khllaw.com

and

BAST AMRON LLP
SunTrust International Center
One Southeast Third Avenue
Suite 1440
Miami, FL 33131
Telephone:  305.379.7904
Facsimile:   305.379.7905
Email: jbast@bastamron.com
         bamron@bastamron.com


By: /s/ Brett M. Amron
        Brett M. Amron, Esq.
        Florida Bar No. 148342
        Jeffrey P. Bast, Esq.
        Florida Bar No. 996343

*Counsel for Plaintiff Todd D. Snyder*

# EXHIBIT A



## TECH-OPTICS

BANK WIRE AUTHORIZATION

DATE: 10/23/09

ATTN:    WIRE DEPARTMENT
        1ST NATIONAL BANK OF HOMESTEAD
        FAX NO: 305-248-1090

PLEASE MAKE THE FOLLOWING WIRE TRANSFER:

FROM:        TECH-OPTICS, INC.
            1ST NATIONAL BANK OF HOMESTEAD
            PERRINE, FL 33157

ACCOUNT:    6051 369 2

AMOUNT:     $1,410,000.00

TO:         TD Bank
            6000 Atrium Way
            Mount Laurel, NJ 08054

For Credit to:  Rothstein Rosenfeldt Adler FBO Todd Snyder
                401 E Las Olas Blvd
                Ft. Lauderdale, FL

Account No.:    6860420923

Routing No:     067014822

THANK YOU,

TODD SNYDER

Tech-Optics • 2829 Bird Avenue, PMB 112 • Coconut Grove, Florida 33133 • (305) 256-3302 • Fax (305) 256-9901

10/23/2009 FRI 11:17  FAX                                                    @003/003

## Letter of Authorization

**Frequency**                                    Account Number 1582·6444
☑ One Time
☐ Permanent Record for All Disbursements

**Transfers:**
Please transfer the following assets into account number _____

**Cash:** $ _____

**Securities**
        Quantity                    Description                    Cusip

                                                    OCT 2 0 2009
        _____    _____    Reviewed By David Stone    _____

        _____    _____    _____

        _____    _____    _____

**Domestic Wires:** $ 750,000.00

**Client Bank Acct Registration:** Rothstein, Rosenfeldt Adler FBO Todd Snyder

**Client Bank Account Number:** 6060420923

**Bank Name:** TD Bank        **Bank ABA/Routing Number:** 067014822

**Bank Address:** 6000 Atrium Way  Bank City, State, Country: Mount Laurel, NJ 08054

**Intermediary Bank Acct Registration:** * _____

**Intermediary Bank Acct Number:** * _____

**Foreign Wires:** $ _____

**Client Bank Acct Registration:** _____

**Client Bank Account Number:** _____

**Foreign Bank Name:** _____    Swift Code: _____

**Bank Address:** _____    Bank City, State, Country: _____

**US Intermediary Bank Name:** ** _____

**US Intermediary Bank ABA/Routing Number:** ** _____

**Signatures:** Registered owner(s) of account must sign below

_____        10/23/09
                                Date

_____        _____
                                Date

_____        _____
                                Date

_____        _____
                                Date

*If necessary
**Required

Cleared Through LEGENT CLEARING • 9300 Underwood Avenue, Suite 400 • Omaha, NE 68114 • 402-384-6101
www.legentclearing.com • Member FINRA & SIPC                    LC32 – 10/06

PAGE 02/04          JESUP & LAMONT          9544688478          06:03  11/02/2009

# EXHIBIT B



Rothstein Rosenfeldt Adler
A t t o r n e y s   a t   L a w

October 23, 2009


Re: Todd Snyder


This is to confirm that Todd Snyder is a client of the firm and that the funds are being used for a transaction involving Mr. Snyder.


Very truly yours,

Andrew Barnett.
FOR THE FIRM

RSA:

Reply To: Las Olas City Centre • 401 East Las Olas Boulevard • Suite 1650 • Fort Lauderdale, Florida 33301 Telephone: (954) 522-3456 • Fax: (954)527-8663
BOCA RATON • FORT LAUDERDALE • MIAMI • NEW YORK CITY • TALLAHASSEE • WASHINGTON D.C. • WEST PALM BEACH

www.rra-law.com