UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                          CASE NO.: 09-34791-BKC-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,[1]           INVOLUNTARY CHAPTER 11

    Alleged Debtor.

_____/

### CHAPTER 11 TRUSTEE'S APPLICATION FOR IMMEDIATE ENTRY OF AN INTERIM ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PAUL STEVEN SINGERMAN AND THE LAW FIRM OF BERGER SINGERMAN, P.A. AS ATTORNEYS FOR THE CHAPTER 11 TRUSTEE *NUNC PRO TUNC* TO NOVEMBER 10, 2009 AND A FINAL ORDER ON OR AFTER DECEMBER 1, 2009

Pursuant to 11 U.S.C. §327 and Federal Rule of Bankruptcy Procedure 2014, Herbert Stettin ("Trustee" or "Stettin"), submits this application (the "Application") for immediate entry of an interim order and a final order on or after December 1, 2009, substantially in the form attached as **Exhibits A and B**, respectively, authorizing the Trustee to employ and retain Paul Steven Singerman ("Singerman") and the law firm of Berger Singerman, P.A. ("Berger Singerman") *nunc pro tunc* to November 10, 2009. In support of this Application, the Trustee submits the Declaration of Paul Steven Singerman, a shareholder of Berger Singerman (the "Singerman Declaration"), which is attached as **Exhibit C**. In further support of this application, the Trustee respectfully states as follows:

#### Jurisdiction and Venue

1.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The address and last four digits of the taxpayer identification number of the Alleged Debtor, Rothstein Rosenfeldt Adler, P.A., is Las Olas City Centre, 401 E. Las Olas Blvd, Suite 1650, Fort Lauderdale, Florida 33301 (TIN 7961).

2439760-4

## Background

2.      On November 10, 2009, (the "Petition Date"), four petitioning creditors filed an involuntary chapter 11 petition against Rothstein Rosenfeldt Adler P.A. ("RRA" or "Alleged Debtor"). No Order for Relief has been entered.

3.      The Trustee, who was also the previous state court receiver and Chief Restructuring Officer of the Alleged Debtor, is operating the business and managing the affairs of the Alleged Debtor.

## Relief Requested and Support Therefor

4.      By this Application, the Trustee seeks the immediate entry an interim order and a final order on or after December 1, 2009 authorizing the Alleged Debtor to employ and retain Singerman and Berger Singerman as its counsel in accordance with the terms and conditions set forth herein.

5.      Section 327(a) of the Bankruptcy Code provides that a Trustee, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

6.      Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

7.    Pursuant to the revised Bankruptcy Rule 6003, the court may grant relief regarding an application pursuant to Bankruptcy Rule 2014 to retain a professional within 20 days after the filing of the petition to the extent the relief is necessary to avoid immediate and irreparable harm.  Bankruptcy Rule 6003, however, does not forbid courts from entering interim orders approving professional retentions during the first 20 days of a chapter 11 cases. *See, e.g.,* *In re First NLC Fin. Servs, LLC*, 382 B.R. 547 (Bankr. S.D. Fla. 2008)(approving interim retentions of financial advisor and legal counsel on interim basis on the same terms as set forth in the proposed order annexed hereto as Exhibit A within first 20 days of chapter 11 case); *In re TOUSA, LLC, et al.*, Case No. 08-10928-BKC-JKO (Bankr. S.D. Fla. January 31 2008)(adopting the reasoning and conclusions of law contained in the order entered in *First NLC, supra.*).

8.    First, according to the Advisory Committee note to Bankruptcy Rule 6003, the standard employed in Bankruptcy Rule 6003 is taken from Bankruptcy Rule 4001(b)(2) and (c)(2), and decisions under those provisions should provide guidance for the application of Bankruptcy Rule 6003.  Bankruptcy Rules 4001(b)(2) and (c)(2) are well understood and are the model for numerous first-day motions, such as obtaining credit and seeking use of cash collateral.  That process is well established: if the court is so disposed, the partial relief is granted for the interim before the final hearing can be conducted.  Later, after further opportunity for other parties in interest to consider the application and to object, the court, if so disposed will grant the balance of the relief requested.

9.    *Second*, Bankruptcy Rule 6003 is entitled "Interim and Final Relief Immediately Following the Commencement of the Case...." Thus, the very title of the Bankruptcy Rule contemplates that relief may be granted on an interim basis.

10.    Interim relief is clearly justified and appropriate in the context of this application. It is well recognized in this district and others that a corporation must be represented by counsel to appear in court because it is merely an artificial entity that can only act through its agents and thus may not appear *pro se*. *See, e.g.*, *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally . . . they must be represented by licensed counsel."); *see also In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981) ("The law is clear that a corporation as a fictional legal person can only be represented by licensed counsel."); *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir. 1983) ("[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*.")

11.    Without counsel, the Alleged Debtor is technically unable to proceed with this case. Berger Singerman, as the Trustee's counsel, will play an integral role in the first 20 days of this chapter 11 case. Among other things, the Alleged Debtor and its other professionals will require assistance in (i) stabilizing operations, (ii) maintaining and marshaling the Alleged Debtor's estate, (iii) facilitating communications with current and former employees, a significant number of creditors, and various governmental and law enforcement authorities, and (iv) addressing issues related to the "first day" hearing and related orders.

12.    The Trustee anticipates that Berger Singerman will provide a range of legal services throughout this chapter 11 case. Berger Singerman will, among other things:

(a)    Give advice to the Trustee with respect to the continued management of the Alleged Debtor's limited business operations;

(b)    Advise the Trustee with respect to its responsibilities in complying with the United States Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

(c)    Prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of this case;

(d)    Protect the interests of the Trustee and the Estate in all matters pending before the Court and before other Courts; and

(e)    Advise the Trustee regarding the orderly administration of the Alleged Debtor's estate to, among other things, maximize distributions to creditors.

13.    The Trustee believes that the attorneys of Berger Singerman are qualified to practice in this Court and are qualified to advise the Trustee on its relation with, and responsibilities to, creditors and other interested parties.

### Berger Singerman's Disinterestedness

14.    To the best of the Alleged Debtor's knowledge, except as disclosed in the Singerman Declaration, neither Singerman nor Berger Singerman has any connection with the creditors or other parties in interest or their respective attorneys. Furthermore, except as set forth in the Singerman Declaration, to the best of the Alleged Debtor's knowledge, neither Singerman nor Berger Singerman represent any interests adverse to the Alleged Debtor. Thus, the Alleged Debtor believes that Singerman and Berger Singerman are disinterested as required by section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

15.    Moreover, to the extent that Berger Singerman is owed any fees for services rendered prior to the commencement of this involuntary case, it has agreed to waive those fees.

## Professional Compensation

16.    Berger Singerman will apply for compensation for services rendered and reimbursement of costs incurred on behalf of the Alleged Debtor pursuant to sections 330 and 331 of the Bankruptcy Code, and as may be adjusted from time to time in accord with the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee for the Southern District of Florida (the "U.S. Trustee") and other applicable procedures and orders of the Court.

17.    Berger Singerman's professionals will provide services on an hourly basis, at rates comparable to those Berger Singerman uses for comparable matters.  Currently, the rates for Berger Singerman attorneys range from $235.00 to $535.00 per hour, and the rates for non-attorneys range from $135.00 to 185.00 per hour.  Berger Singerman's hourly rates are adjusted annually on January 1.

18.    Berger Singerman has received a $50,000 retainer.  On November, 16, 2009, prior to the appointment of the Trustee, the Alleged Debtor, through Stettin, filed the Motion [D.E. 10] seeking authority to pay Berger Singerman $83,567.70 in fees and expenses incurred by Berger Singerman in connection with its representation of Stettin and the Alleged Debtor from November 10, 2009 through November 16, 2009.  At a hearing before the Court on November 24, 2009, Singerman, on behalf of Berger Singerman, advised the Court that Berger Singerman was withdrawing its request for payment and instead would apply for such fees and costs after the entry of the order for relief in the ordinary course of the Alleged Debtor's chapter 11 case.

## Conclusion

19.    The Trustee submits that it has satisfied the requirements of Bankruptcy Rule 6003 to support immediate entry of an interim order, substantially in the form attached as

**Exhibit A**, authorizing the Alleged Debtor to retain and employ Berger Singerman on an interim basis and to compensate Berger Singerman for any services rendered during that interim period in accordance with the Bankruptcy Code and the interim compensation procedures that may be established in this case.    This interim form of relief ensures the availability of Berger Singerman's full resources to the Trustee during a critical period in this case, while preserving the ability of all parties in interest, including the U.S. Trustee, to object to this application on a final basis.    The form of the attached proposed order granting this application clearly and unequivocally preserves any objections of all creditors and parties in interest to the final hearing on this application and, therefore, no party is prejudiced by the limited relief sought by this application.

WHEREFORE, for the foregoing reasons, Stettin respectfully requests immediate entry of an interim order and a final order on or after December 1, 2009, substantially in the forms attached as Exhibits A and B, respectively, (i) approving the Trustee's employment of Berger Singerman, PA. as counsel to the Trustee *nunc pro tunc* to November 10, 2009, and (ii) granting any other relief as this Court deems appropriate.

DATED: November 24, 2009

Respectfully submitted,

Herbert Stettin,

By: _____

Herbert Stettin
Chapter 11 Trustee

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via Regular U.S. Mail, postage prepaid, fax, email and/or overnight delivery upon all parties on the attached Service List this 24th day of November, 2009.

BERGER SINGERMAN, P.A.
Proposed Attorneys for Chapter 11 Trustee
200 S. Biscayne Blvd., Ste..1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:  /s/  Jordi Guso
      Paul Steven Singerman
      singerman@bergersingerman.com
      Florida Bar No. 378860
      Jordi Guso
      jguso@bergersingerman.com
      Florida Bar No. 0863580
      Isaac Marcushamer
      imarcushamer@bergersingerman.com
      Florida Bar No. 0060373

## SERVICE LIST
## CASE NO.: 09-34791-BKC-RBR

Marianella Morales, Esquire
Authorized Agent For Joining Creditors
Avenida Francisco de Miranda
Torre Provincial "A"
Piso 8
Caracas, Venezuela
**(VIA FEDEX)**

John H. Genovese, Esq. **(VIA CM/ECF)**
Robert F. Elgidely, Esq.
Theresa M.B. Van Vliet, Esq.
Genovese Joblove & Battista, PA
Bank Of America Tower at International Place
100 S.E. 2nd Street
Suite 4400
Miami, Florida 33131
Phone: (305) 349-2300
Fax (305) 349-2310

Kendall Coffey, Esq.
Coffey Burlington,
Office in the Grove
Penthouse
2699 South Bayshore Drive
Miami, Florida 33133
kcoffey@coffeyburlington.com

The Honorable Herbert M. Stettin
One Biscayne Tower
Suite 3700
Two South Biscayne Boulevard
Miami, Florida 33131

John G. Bianco, Esq. **(VIA CM/ECF)**
John M. Mulli, Esquire
Tripp Scott
110 Southeast Sixth Street
Fifteenth Floor
Fort Lauderdale, Fl. 33301
jgb@trippscott.com

Alison W. Leht
Assistant United States Attorney
99 N.E. 4th Street
7th Floor
Miami, Florida 33132
Phone: (305) 961-9176
Fax: (305) 536-7599
Alison.Lehr@usdoj.gov

Stuart A. Rosenfeldt, Esq.
Rothstein Rosenfeldt Adler, PA
401 East Las Olas Boulevard
Suite 1650
Fort Lauderdale, Florida 33301
srosenfeldt@rra-law.com

Jeffrey R. Sonn, Esq.
Sonn & Erez, PLC
Broward Financial Center
500 E. Broward Boulevard
Suite 1600
Fort Lauderdale, Florida 33394
Phone: (954) 763-4700
Fax (954) 763-1866
jsonn@sonnerez.com

Office of the US Trustee **(VIA CM/ECF)**
51 Southwest First Avenue
Suite 1204
Miami, Florida 33130

Thomas Tew, Esquire
Tew-Cardenas, LLP
Four Seasons Tower
15th Floor
1441 Brickell Avenue
Miami, Florida 33131-3407
tt@tewlaw.com

2441794-1

Conrad & Scherer, LLP
633 South Federal Highway
Fort Lauderdale, FL 33301
Tel: 954-462-5500
bs@conradscherer.com

Michael D. Seese, Esq.
Hinshaw & Culbertson, LLP
1 E Broward Blvd Ste 1010
Ft Lauderdale, Florida 33301
Tel: 954.4677900
Fax: 954.4671024
mseese@hinshawlaw.com

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114
**(Via U.S. Mail)**

Internal Revenue Service
Special Procedures - Insolvency
7850 SW 6th Court
Plantation, FL 33324
Tel.: (954) 423-7300
Fax.: (305) 982-5406
**(Via Fedex)**

Special Asst. U.S. Attorney
P.O. Box 9, Stop 8000
51 SW 1st Avenue, #1114
Miami, Fl 33130
Fax: (305) 530-7139
**(Via Fedex)**

Grant J. Smith, Esq.
Rothstein Rosenfeldt Adler, P.A.
401 East Las Olas Blvd
Suite 1650
Fort Lauderdale, FL 33301
gsmith@rra-law.com

United Healthcare
Dept. CH 10151
Palatine, IL 60055
**(Via US Mail)**

Special Asst. U.S. Attorney
IRS District Counsel
1000 S. Pine Island Rd., Ste 340
Plantation, FL 33324-3906
**(Via Fedex)**

The Honorable Eric H. Holder, Jr.
Attorney General of the U.S.
950 Pennsylvania Avenue, NW Room 4400
Washington, DC 20530-0001
**(Via Fedex)**

Honorable Jeffrey H. Sloman,
Acting U.S. Attorney
99 NE 4th Street
Miami, Fl 33132
**(Via Fedex)**

Daniel Mink
Ovadia Levy
c/o Renato Watches, Inc
14051 NW 14th Street
Sunrise, Florida 33323
**(Via Fedex)**

William George Salim, Jr. **(VIA CM/ECF)**
Moskowitz Mandell & Salim
800 Corporate Dr Ste 510
Fort Lauderdale, Florida 33334
wsalim@mmsslaw.com
Tel: 954.491-2000
Fax: 954.4912051

USI
Attn: Anthony Gruppo
200 West Cypress Creek Road
Suite 500
Fort Lauderdale, FL 33309
Tel: 954-607-4000
Anthony.gruppo@usi.biz

Marc Nurik, Esq.
Rothstein Rosenfeldt Adler, P.A.
401 East Las Olas Blvd
Suite 1650
Fort Lauderdale, FL 33301
mnurik@rra-law.com

BAST AMRON LLP **(VIA CM/ECF)**
SunTrust International Center
One Southeast Third Avenue
Suite 1440
Miami, Florida 33131
Telephone: (305) 379-7904
Facsimile: (305) 379-7905
bamron@bastamron.com
jbast@bastamron.com

Mark Bloom, Esq.
Greenberg Traurig, LLP
1221 Brickell Avenue
Miami, FL 33131
T 305.579.0500
F 305.579.0717
bloomm@gtlaw.com

Robert D. Critton, Esq.
Burman, Critton, Luttier & Coleman
303 Banyan Blvd., Suite 400
West Palm Beach, FL 33401
rcrit@bclclaw.com

Roth & Scholl
Attn: Jeffrey C. Roth, Esq.
Attorneys For Creditor Blue
Capital Us East Coast Properties, L.P.
866 South Dixie Highway
Coral Gables, Fl 33146
Telephone: (305) 662-4141
jeff@rothandscholl.com

## EXHIBIT A

**Proposed Interim Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                          CASE NO.:  09-34791-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,               CHAPTER 11 PROCEEDING

    Alleged Debtor.
_____/

**INTERIM ORDER AUTHORIZING THE  EMPLOYMENT AND
RETENTION OF PAUL STEVEN SINGERMAN AND THE LAW FIRM
OF BERGER SINGERMAN, P.A. AS ATTORNEYS FOR THE CHATPER 11
TRUSTEE *NUNC PRO TUNC* TO NOVEMBER 10, 2009**

Upon the application (the "Application") of Herbert Stettin as Trustee for the above-captioned alleged debtor (the "Alleged Debtor") for the entry of an interim order authorizing the Trustee to employ and retain Paul Steven Singerman ("Singerman") and Berger Singerman, P.A. ("Berger Singerman") as its counsel *nunc pro tunc* to November 10, 2009 (the "Petition Date"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a), 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the

2439760-4                              A-1

Southern District of Florida (the "Local Rules"); and it appearing that the relief requested by the Application is necessary to avoid immediate and irreparable harm to the Alleged Debtor's estate; and good, adequate and sufficient cause has been shown to justify the immediate entry of this order; and it appearing that the relief requested is in the best interests of the Alleged Debtor's estate, its creditors and other parties in interest; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Application and the Declaration of Singerman, a shareholder of Berger Singerman (the "Singerman Declaration"); and the Court being satisfied based on the representations made in the Application and the Singerman Declaration that (a) Singerman and Berger Singerman do not hold or represent an interest adverse to the Alleged Debtor's estate, and (b) Berger Singerman is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and Local Rule 2014-1; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED** that:

1.      The Application is granted on an interim basis, *nunc pro tunc* to November 10, 2009.

2.      None of the representations or engagements set out in the Singerman Declaration constitutes a conflict of interest or impairs the disinterestedness of Berger Singerman or otherwise precludes the Trustee's retention of Singerman and Berger Singerman in this case.

3.     The Trustee is authorized to employ and retain Singerman and Berger Singerman as its counsel in accordance with the terms and conditions set forth in this Application.

4.     Berger Singerman is authorized to render professional services to the Trustee as described in the Application.   Berger Singerman will, among other things:

     (a)     Advise to the Trustee with respect to the continued management of the Alleged Debtor's limited business operations;

     (b)     Advise the Trustee with respect to its responsibilities in complying with the United States Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

     (c)     Prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of this case;

     (d)     Protect the interests of the Alleged Debtor's estate in all matters pending before the Court; and

     (e)     Advise the Trustee regarding the orderly administration of the Alleged Debtor's estate to, among other things, maximize distributions to creditors.

5.     Berger Singerman shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Alleged Debtor's chapter 11 case in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any other applicable procedures and orders of the Court.

6.     A final hearing on the Application is scheduled for December ___, 2009 at __:__ a.m./p.m., prevailing Eastern Time, before this Court (the "Final Application Hearing").

7.      In the event the Application is not granted on a final basis, Berger Singerman shall be authorized to submit a fee application with this Court for compensation for services rendered in the period between the Petition Date and the Final Application Hearing.

8.      The requirements for emergency motions set forth in Local Rule 9075-1 are satisfied by the contents of the Application or otherwise deemed waived.

9.      The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application. The Court finds that the entry of *nunc pro tunc* relief is warranted under the unique and extraordinary circumstances of this case.

10.     Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a de novo standard at the Final Application Hearing.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

# # #

Submitted by:

**BERGER SINGERMAN, P.A.**
Paul Steven Singerman (Florida Bar No. 378860)
200 South Biscayne Boulevard, Suite 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

*Proposed Counsel to the Trustee*

Copies to:
Paul Steven Singerman
*(Attorney Singerman shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service.)*

2439760-4                                    A-4

## EXHIBIT B

**Proposed Final Order**

2439760-4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                              CASE NO.: 09-09-34791-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,                   CHAPTER 11 PROCEEDING

     Alleged Debtor.
_____/

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
### OF PAUL STEVEN SINGERMAN AND THE LAW FIRM OF
### BERGER SINGERMAN, P.A. AS ATTORNEYS FOR THE TRUSTEE
### *NUNC PRO TUNC* TO NOVEMBER 10, 2009

Upon the application (the "Application") of Herbert Stettin as Trustee for the above-captioned alleged debtor (the "Alleged Debtor") for the entry of a final order authorizing the Trustee to employ and retain Paul Steven Singerman ("Singerman") and the law firm of Berger Singerman, P.A. ("Berger Singerman") as counsel *nunc pro tunc* to November 10, 2009 (the "Petition Date"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules for the United States

Bankruptcy Court for the Southern District of Florida (the "Local Rules"); and it appearing that the relief requested is in the best interests of the Alleged Debtor's estate, its creditors and other parties in interest; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Application and the Declaration of Singerman, a shareholder of Berger Singerman (the "Singerman Declaration"); and the Court being satisfied that (a) Singerman and Berger Singerman do not hold or represent an interest adverse to the Alleged Debtor's estate and (b) Berger Singerman is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and Local Rule 2014-1; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED** that:

1.      The Application is granted, *nunc pro tunc* to November 10, 2009.

2.      None of the representations or engagements set out in the Singerman Declaration constitutes a conflict of interest or impairs the disinterestedness of Singerman and Berger Singerman or otherwise precludes the Trustee's retention of Singerman and Berger Singerman in this case.

3.      The Trustee is authorized to employ and retain Singerman and Berger Singerman as its counsel in accordance with the terms and conditions set forth in the Application.

4.      Singerman and Berger Singerman are authorized to render professional services to the Trustee as described in the Application.  Berger Singerman will, among other things:

    (a)     Advise to the Trustee with respect to the continued management of the Alleged Debtor's limited business operations;

    (b)     Advise the Trustee with respect to its responsibilities in complying with the United States Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

    (c)     Prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of this case;

    (d)     Protect the interests of the Alleged Debtor's estate in all matters pending before the Court; and

    (e)     Advise the Trustee regarding the orderly administration of the Alleged Debtor's estate to, among other things, maximize distributions to creditors.

5.     Berger Singerman shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Alleged Debtor's chapter 11 case in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any other applicable procedures and orders of the Court.

6.     The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

7.     The Court finds that the entry of *nunc pro tunc* relief is warranted under the unique and extraordinary circumstances of this case.

2439760-4

B-3

8.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.


#   #   #

Submitted by:

**BERGER SINGERMAN, P.A.**
Paul Steven Singerman (Florida Bar No. 378860)
200 South Biscayne Boulevard, Suite 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

*Counsel to the Trustee*

Copies to:
Paul Steven Singerman
*(Attorney Singerman shall upon receipt serve a copy of this Order upon all interested parties
and file a certificate of service.)*


2439760-4                                   B-4

**EXHIBIT "C"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                              CASE NO.: 09-34791-BKC-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,[1]      INVOLUNTARY CHAPTER 11

      Alleged Debtor.

_____/

### DECLARATION OF PAUL STEVEN SINGERMAN, ON BEHALF OF BERGER SINGERMAN, P.A., AS PROPOSED COUNSEL TO TRUSTEE *NUNC PRO TUNC* TO NOVEMBER 10, 2009

1.     I am Paul Steven Singerman. I am an attorney and shareholder of the law firm of Berger Singerman, P.A. ("Berger Singerman"). Our firm maintains offices for the practice of law at 200 South Biscayne Boulevard, Suite 1000, Miami, Florida 33131; 350 E. Las Olas Boulevard, Suite 1000, Fort Lauderdale, Florida 33301; 2650 North Military Trail, Suite 240, Boca Raton, FL 33431-7291; and 125 South Gadsden Street, Suite 300, Tallahassee, Florida 32301. I am familiar with the matters set forth herein and make this declaration (the "Declaration") in support of the *Application for Immediate Entry of an Interim Order Authorizing the Employment and Retention of Paul Steven Singerman and the law firm of Berger Singerman, P.A. as Attorneys for the Trustee Nunc Pro Tunc to November 10, 2009 and a Final Order on or after December 1, 2009* (the "Application").

2.     In support of the Application, I disclose the following:

     a.     Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

---

[1] The address and last four digits of the taxpayer identification number of the Alleged Debtor, Rothstein Rosenfeldt Adler, P.A., is Las Olas City Centre, 401 E. Las Olas Blvd, Suite 1650, Fort Lauderdale, Florida 33301 (TIN 7961).

2442441-2

b.      In preparing this Declaration, I reviewed the list of all of the currently identifiable creditors of the Alleged Debtor.[2] I compared that information with the information contained in our law firm's client and adverse party conflict check index system.  The facts stated in this Declaration as to the relationship between other lawyers in our law firm and the Alleged Debtor, the Alleged Debtor's creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code are based on the results of my review of Berger Singerman's conflict check index system.  Specifically, I have (i) caused to be conducted a computer search of Berger Singerman's records in respect of all of the names referred to in the first sentence of this paragraph 2(b), and (ii) disseminated a written request for information to all of Berger Singerman attorneys regarding connections to the Alleged Debtor and the creditors of the Alleged Debtor.  Based upon that search, Berger Singerman does not represent any entity in a matter which would constitute a conflict of interest or impair the disinterestedness of Berger Singerman.  Because Berger Singerman (formerly Berger Davis & Singerman, P.A., previously Berger & Davis, P.A. and previously Berger, Shapiro & Davis, PA.) has been in existence since 1985 and does not maintain computerized records of all cases during those years, it is impossible to state with certainty whether the firm has ever represented any existing creditor of the Alleged Debtor.

---

[2] As of this date of this Declaration, Berger Singerman, along with representatives of Rothstein Rosenfeldt Adler, P.A. ("RRA") and RRA's forensic accountants, have attempted to identify all persons and entities that may be creditors of the Alleged Debtor.  In connection with its conflict search, Berger Singerman has already searched the names of approximately 5,000 parties that are creditors of or transacted business with the Alleged Debtor.  However, due to the condition of RRA's records and the paucity of financial and administrative support at RRA, the number of parties involved and the complexity of the relationships between such parties and RRA, RRA has not yet been able to compile an exhaustive list of all persons and entities that may be creditors of the Alleged Debtor from which our firm can conduct a comprehensive conflict search.  As set forth in the application to employ our firm as counsel to the Trustee, when we have the data necessary to conduct a comprehensive conflict inquiry, we will do so and then make any additional disclosures that are necessary or appropriate.

3.      Berger Singerman's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business of the firm and it is the regular practice of the firm to make and maintain these records.  The conflict check system reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information.  I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

4.      A search of Berger Singerman's conflicts check system revealed the following matters, none of which impairs my or Berger Singerman's disinterestedness or constitutes any conflict of interest:

(a)      Berger Singerman represented three parties (the "Lender Parties") that lent money to Banyan Funding, LLC, Banyan Investments, LLC, and Banyan Resources, LLC (collectively, the "Banyan Entities").  We understand that the Banyan Entities transacted business with RRA and, therefore, may have claims against RRA.  Each of the Lender Parties have executed written waivers of any conflict of interest potentially occasioned by Berger Singerman's representation of the Alleged Debtor.  Further in the event and to the extent that the Trustee is involved in litigation with the Banyan Entities or the Lender Parties, the Alleged Debtor's bankruptcy estate will utilize conflict counsel in regard to such litigation, and our firm will not be involved in any such litigation.

(b)     Berger Singerman represents Daniel Stermer in his capacity as Receiver for Hess Kennedy, Case No.: CACE 08-007686(08), and related entities[3] (collectively, the "Hess Kennedy Entities") in affiliated proceedings. We are advised that the Hess Kennedy Entities (or certain of them) were former clients of the Alleged Debtor and may have claims against the Alleged Debtor. Mr. Stermer has executed a written waiver of any conflict of interest potentially occasioned by Berger Singerman's representation of the Trustee. Further, in the event, and to the extent that the Trustee is involved in litigation with the receivership estates of the Hess Kennedy Entities, the Alleged Debtor's bankruptcy estate will utilize conflict counsel in regard to such litigation, and our firm will not be involved in any such litigation.

(c)     Charles Lichtman, a shareholder of Berger Singerman, represents Gary Farmer, a former Rothstein Rosenfeldt Adler attorney, as a defendant in the case entitled *Mark Glassman v. Michael S. Freedland, et al.,* Case No. 09-016978 (14), currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. This case was instituted against Mr. Farmer and his former firm by a former partner of Mr. Farmer's at that firm, and is wholly unrelated to Rothstein Rosenfeldt Adler, P.A. Berger Singerman does not consider the foregoing connection or relationship to constitute a conflict in this case or to impair its disinterestedness;

(d)     *Philip Von Kahle* is listed as a creditor of the Alleged Debtor. Berger Singerman represents Excalibur Electronics, Inc. and The Golden Pig, Inc., Assignors in Assignment for the Benefit of Creditors cases pending in the Eleventh Judicial Circuit Court in

---

[3] The related entities are: Laura Hess & Associates, P.A., Hess Kennedy Chartered LLC, The Consumer Law Center, LLC, Hess Kennedy Company Chartered, Consumer Recovery Team, Hess Kennedy Holdings Ltd., Legal Debt Center, Hess Kennedy Company, Laura Hess, Inc., Hess Kennedy, Legal Debt Center, LLC, Hess Kennedy Florida, Hess Kennedy Chartered, LLC, Hess Kennedy Payment, Hess Kennedy Trust Company, The Consumer Law Center, LC, Hess Kennedy Florida, Hess Kennedy Trust Account, Global Payment Processing, LLC, and Campos Chartered Law Firm.

and for Miami-Dade County, Florida and in the Seventeenth Judicial Circuit Court in and for Broward County, Florida. Mr. Von Kahle is the Assignee in these Assignment for the Benefit of Creditor cases. In addition, Berger Singerman has represented Mr. Von Kahle in his capacity as Assignee in various Assignment for the Benefit of Creditor cases.

(e)     Berger Singerman and certain of its employees have banking relationships with *Gibraltar Private Bank* ("Gibraltar"). Three Berger Singerman employees, including the undersigned, own small equity interests in Gibraltar, and Berger Singerman represents Gibraltar in certain matters entirely unrelated to the Alleged Debtor. To the extent the Trustee or the estate have claims against Gibraltar, these claims will be pursued by conflict counsel to the Alleged Debtor.

(f)     *General Electric Capital Corp. ("GECC")* is listed as a creditor of the Alleged Debtor. BSPA has represented a number of clients who are adverse to *GECC* or its affiliates (collectively, *"GE"*), in that they have incurred a debt to *GE* in matters wholly unrelated to this bankruptcy case. In addition, BSPA represented *GE* in various litigation matters that are wholly unrelated to this bankruptcy case. BSPA presently has no active representations of *GE*.

(g)     *Florida Power & Light ("FPL")* is listed as a creditor of the Alleged Debtor. Berger Singerman represents and has represented *FPL* in various litigation matters that are wholly unrelated to the instant bankruptcy case. In addition, Berger Singerman has represented a number of clients who are adverse to *FPL,* in that they have incurred a debt to *FPL* in matters wholly unrelated to the instant bankruptcy case;

(h)     *North Broward Hospital District* is listed as a creditor of the Alleged Debtor.   Berger Singerman represents *North Broward Hospital District* in a matter wholly unrelated to the instant bankruptcy case;

(i)     *Great American Smoked Fish Company* is listed as a creditor of the Alleged Debtor.   Berger Singerman represented *Great American Smoked Fish Company* in a matter wholly unrelated to the instant bankruptcy case;

(j)     Berger Singerman is regularly involved in a number of transactions and litigation in respect of which the counter-parties are represented by *Rothstein Rosenfeldt Adler, P.A.* in matters wholly unrelated to the instant bankruptcy case.[4]   Berger Singerman does not consider the foregoing connections or relationships to constitute a conflict in these cases or to impair its disinterestedness;

(k)     In October of 2005, Bucky Fox, a shareholder of Berger Singerman, had a pre-retention consultation of approximately 1 hour with Mr. Rothstein of *Rothstein Rosenfeldt Adler, P.A.* in connection with the preparation of organizational documents for the law firm. Berger Singerman was never retained or paid in this matter.

(l)     There are numerous creditors of the Alleged Debtor which have been creditors of, or adverse to, other entities represented by Berger Singerman in cases and matters wholly unrelated to these instant bankruptcy cases. These creditors include: *AFLAC, All Sunny Hotels, Inc., AT&T Mobility, Attorney's Title Insurance fund of Florida, Inc., Alta Star Software, Avaya, Carolina Casualty, Car 54 Courier Service, Inc., Certified HR Services Company, CIT*

---

[4] Upon information and belief, Rothstein Rosenfeldt Adler, P.A., represented numerous clients in a wide array of matters.   Disclosure of a comprehensive list of the firm's clients may constitute an unauthorized disclosure of protected and/or privileged information, and may constitute of waiver of such any privilege.   Such disclosure and/or waiver could in many circumstances create a real and material harm to the affected clients.   In order to protect these client's confidences and/or privileges, we are not providing a comprehensive list of the firm's client herein.   Upon request or direction by the Court, and subject to appropriate protection of the attorney client privilege and the confidential nature of such representations, we will provide such information to the Court for *in camera* review or otherwise proceed in such a manner as the Court may direct.

*Technology Financial Services, Inc., Daily Business Review, DBPR, De Lage Landen Financial Services, Department of Homeland Security, Esquire Deposition Services, Inc., Executive 2000 Courier Systems, Florida Power & Light, FPL, Holland & Knight LLP, Hunton & Williams LLP, IKON Office Solutions, Image Source, Infocopy Systems, Inc., Iron Mountain, Lexis Nexis, Mediation, Inc., Mitel Leasing, Inc., Milner Business Products, Inc., Monarch Lakes Construction, Monarch Trophy & Awards, Orlando Sentinel, Ouellette & Mauldin, Paetec, Paetec Communications, Palm Beach Copy Service, Inc., Pitney Bowes Credit Corporation, Premium Assignment, Ricoh Corp., Ricoh Business Solutions, Rock Legal Services & Investigations, Inc., Signature Grand, South Florida Business Journal, Stearns Weaver Miller Weissler, Sunshine State Reporting, SunTrust Bank, Terminix Processing Center, Telefonica USA, Inc., United Reporting, Inc., United Community Management, U.S. Legal Support, Inc., United Healthcare, Veritext Florida Reporting Co., Wachovia Bank, Wells Fargo Bank, and Xerox Corporation*;

(m)    Berger Singerman represents or has represented individuals by the names of *Robert Adler, Gary Barber, Michael Berstein, Leon Cohen, Gary Farmer, Leah Kaplan, Jerome Kern, Susan Miller, Glenn Miller, Edgar Otto, Jorge Perez, Juan Rodriguez, and David Ross* in matters wholly unrelated to the instant bankruptcy case. These individuals are listed as creditors of the Alleged Debtor. It is impossible for our firm to confirm with certainty that these individuals associated with this representation are the same individuals listed as creditors of the Alleged Debtor;

(n)    Individuals by the names of *Subash Chauhan, Scott Berger, Patricia Carter, Lori Cohen, Mike Douglas, Armando Gonzalez, Kenneth Green, Amy V. Howard, Carole Langer, Thomas C. Larsen, Sidney Levy, Sandra Levy, Craig Lichtbau, Maria Garcia, and C.*

*Patrick Roberts* are listed as creditors of the Alleged Debtor (the "Individuals"). Berger Singerman has represented third parties in wholly unrelated matters whose interests may have been adverse to one or more of the Individuals. It is impossible for our firm to confirm with certainty that the individuals associated with the third party representations, are the same Individuals listed as creditors of the Alleged Debtor;

(o)    Berger Singerman represents privately held as well as public companies in out of court and restructuring matters (the "Non-Debtors Clients"). Several creditors of the Alleged Debtor may be creditors of one or more of our firm's Non-Debtors Clients. Berger Singerman's representation of the Non-Debtors Clients does not impair Berger Singerman's disinterestedness or its ability to represent the Trustee in this case;

(p)    One or more Berger Singerman attorneys serve on the boards of, or are otherwise involved with charitable or not-for-profit organizations that have received donations or contributions from *Rothstein Rosenfeldt Adler, P.A.* Berger Singerman does not consider the foregoing connections or relationships to constitute a conflict in these cases or to impair its disinterestedness;

(q)    Several Berger Singerman attorneys are friends of *Rothstein Rosenfeldt Adler, P.A.* attorneys. Also, several Berger Singerman attorneys are former partners of *Rothstein Rosenfeldt Adler, P.A.* attorneys. Berger Singerman does not consider the foregoing connections or relationships to constitute a conflict in this case or to impair its disinterestedness;

(r)    A non-lawyer employee of Berger Singerman was previously married to, and is now divorced from, Scott Rothstein's sister, and another Berger Singerman non-lawyer employee is or was dating or involved in a personal relationship with a *Rothstein Rosenfeldt*

*Adler, P.A.* attorney. Berger Singerman does not consider the foregoing relationship to constitute a conflict in this case or to impair its disinterestedness;

(s)    Herbert Stettin, the Trustee, has conducted mediations and presided over judicial proceedings (as a trial judge or as a discovery special master) in a number of matters in which our firm has been involved over the years. In addition, several of our lawyers consider Mr. Stettin to be friend;

(t)    I understand that the Trustee will retain the Genovese, Joblove & Battista, P.A. law firm ("GJB") as its conflicts counsel and as special litigation counsel. Several lawyers at our firm are friends of several lawyers at GJB. In addition, our firm is  regularly (and currently) involved in cases in which the clients of our firm and the GJB firm are adverse. Finally, our firm is currently involved in matters in which the interests of our clients and the interests of the clients of GJB are aligned; and

(u)    Several lawyers at our firm are friends of several professionals of the Berkowitz Dick Pollack & Brandt Certified Public Accountants and Consultants, LLP firm ("BPDB"). I understand that the Trustee will retain the BDPB firm as his accountants and financial advisors. In addition, our firm is regularly (and currently) involved in cases in which the clients of our firm and the BDPB firm are adverse. Finally, our firm is currently involved in matters in which the interests of our clients and the interests of the clients of the BDPB firm are aligned.

5.    Berger Singerman submits that none of the foregoing representations or connections constitutes any conflict of interest or in any way impairs its disinterestedness in this case.

2442441-2

9

6.      Other than as set forth in this Declaration, Berger Singerman neither holds nor represents any interest adverse to the Alleged Debtor and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

7.      Neither I nor Berger Singerman has or will represent any other entity in connection with this case, and neither I nor Berger Singerman will accept any fee from any other party or parties in this case, except the Alleged Debtor's estate, unless otherwise authorized by the Court.

8.      On November 9, 2009, the Alleged Debtor retained Berger Singerman to act as its counsel in connection with restructuring matters. Since that date, Berger Singerman has provided prepetition services to the Alleged Debtor. Any fees incurred prior to November 10, 2009 ("Petition Date") are hereby waived upon final approval of the Application.

9.      To date, Berger Singerman has not received a $50,000 retainer from the Alleged Debtor for its services in this Chapter 11 case.

10.     In addition, Berger Singerman has withdrawn its application for the immediate payment of any fees and costs incurred prior to the entry of the order for relief in this case. All fees incurred by Berger Singerman since the Petition Date will be paid only after application therefor and compliance with the procedures established by the Bankruptcy Code and the applicable orders of this Court.

11.     The professional fees and costs incurred by Berger Singerman in the course of its representation of the Trustee in this case shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331 and F.R.B.P. 2014 and 2016.

12.     The current hourly rates for the attorneys at Berger Singerman range from $235.00 to $535.00. The current hourly rates of Paul Steven Singerman and Jordi Guso, the

2442441-2                                      10

shareholders who will be principally responsible for Berger Singerman's representation of the Trustee in this case, are $535 and $500, respectively. The current hourly rates for the attorneys who will work on these cases range from $235 to $535. The current hourly rates for the legal assistants and paralegals at Berger Singerman range from $135.00 to $185.00. Berger Singerman typically adjusts its hourly rates annually on January 1st.

13.     There is no agreement of any nature, other than the shareholder agreement of Berger Singerman, as to the sharing of any compensation to be paid to the firm. No promises have been received by Berger Singerman nor any member, or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

14.     No Berger Singerman attorney holds a direct or indirect equity interest in the Alleged Debtor, including stock or stock warrants, or has a right to acquire such an interest.

15.     No Berger Singerman attorney is or has served as an officer, director or employee of the Alleged Debtor within two years before the Petition Date.

16.     Berger Singerman is not a pre-petition creditor of the Alleged Debtor. Moreover, to the extent that Berger Singerman may be owed any pre-petition fees from the Alleged Debtor, those fees are hereby irrevocably waived upon the entry of a final order on the Application.

17.     No Berger Singerman attorney is in control of the Alleged Debtor or is a relative of a general partner, director, officer or person in control of the Alleged Debtor.

18.     No Berger Singerman attorney is a general or limited partner of a partnership in which the Alleged Debtor is also a general or limited partner.

19.    No Berger Singerman attorney is or has served as an officer, director or employee of a financial advisor that has been engaged by the Alleged Debtor in connection with the offer, sale or issuance of a security of the Alleged Debtor, within two years before the Petition Date.

20.    No Berger Singerman attorney has represented a financial advisor of the alleged Debtor in connection with the offer, sale or issuance of a security of the Alleged Debtor within three years before the filing of the petition.

21.    No Berger Singerman attorney has any other interest, direct or indirect, that may be affected by the proposed representation.

22.    Except as forth herein, no Berger Singerman attorney has had or presently has any material connection with the captioned Alleged Debtor, the Alleged Debtor's creditors, any other party in interest or their respective attorneys and accountants, the United States trustee, or any person employed in the Office of the United States trustee, on any matters in which the firm is to be engaged, except that I, Berger Singerman, and its attorneys (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Alleged Debtor's creditors in matters unrelated to this case.

23.    This concludes my Declaration.

<u>28 U.S.C § 1746 Declaration</u>

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 24, 2009.

PAUL STEVEN SINGERMAN