UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

IN RE:                                                    Case No. 09-34791-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,                         Chapter 11 Proceeding

    Alleged Debtor.
_____/

### EMERGENCY APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF JOHN H. GENOVESE AND THE LAW FIRM OF GENOVESE, JOBLOVE & BATTISTA, P.A. AS SPECIAL LITIGATION AND CONFLICTS COUNSEL TO CHAPTER 11 TRUSTEE AND REQUEST FOR INTERIM RELIEF

Now comes Herbert Stettin, the duly appointed and acting chapter 11 trustee (the "Trustee"), for the bankruptcy estate of Rothstein Rosenfeldt Adler, P.A. (hereinafter the "Debtor") and submits his Application seeking an order, pursuant to Sections 327(e) and 330 of Title 11 of the United States Code (hereinafter the "Bankruptcy Code") and Rules 2014 and 6003 of the Federal Rules of Bankruptcy Procedure, authorizing the employment and retention of John H. Genovese, Esq. and the Law Firm of Genovese, Joblove & Battista, P.A. (collectively, "GJB") as special litigation and conflicts counsel to the Trustee *nunc pro tunc* to November 10, 2009, and request for interim relief (hereinafter the "Application"). In support thereof, the Trustee respectfully represents as follows:

### Jurisdiction and Venue

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings is proper in this Judicial District pursuant to 28 U.S.C. § 1408. Sections 327 and 330 of the Bankruptcy Code and Fed. R. Bankr. P. 2014 and 6003 are the statutory predicates for the relief sought by this Application.

## Background

2. On November 10, 2009, Roger Wittenberns, Bonnie Barnett, Aran Development, Inc. and Universal Legal (collectively, the "Petitioning Creditors") filed an involuntary petition against the Debtor for relief under Chapter 11 of Title 11 of the United States Code (hereinafter the "Bankruptcy Code").

3. Upon motion of the Office of the United States Trustee, on November 20, 2009, Herbert Stettin was appointed as the chapter 11 trustee for the Debtor by the Office of the United States Trustee.

4. The Trustee intends to consent to the entry of an Order for Relief against the Debtor upon the entry of interim orders granting the applications to employ general and special litigation and conflicts counsel.

5. After reviewing the facts and legal issues in this case, the Trustee concluded that the assistance of special litigation and conflicts counsel is necessary to enable him to discharge his statutory duties and powers under Chapter 11 of the Bankruptcy Code. Specifically, the Trustee anticipates that significant and numerous litigation claims and causes of action exist in favor of the Debtor's bankruptcy estate.

6. As a result, pursuant to, *inter alia*, Section 327(e) of the Bankruptcy Code, the Trustee seeks this Court's approval of the retention of GJB as special litigation and conflicts counsel to the Trustee, effective *nunc pro tunc* to November 10, 2009, the date on which the services of GJB commenced.

## Relief Requested

7. The Trustee seeks to employ GJB, which maintains offices for the practice of law in Miami, Florida and in Fort Lauderdale, Florida, as his special litigation and conflicts counsel in this Chapter 11 case.

{01137050;1}

8. The Trustee has selected GJB because the partners, counsel and associates of GJB have considerable expertise in the fields of complex commercial bankruptcy proceedings, bankruptcy litigation, professional malpractice litigation, avoidance litigation, white collar criminal matters, insolvency, reorganizations, liquidations and debtors' and creditors' rights. Accordingly, the Trustee believes that GJB is well-qualified to represent him in this case.

9. Mr. Genovese will be primarily responsible for GJB's representation of the Trustee in this matter and will utilize the assistance of other attorneys at his firm as the circumstances of the representation may require.

10. The Trustee believes that GJB is qualified to represent him as special litigation and conflicts counsel in this Chapter 11 case in a most cost-effective, efficient and timely manner. Subject to the control and further order of this Court, the professional services that GJB will render to the Trustee shall include, but shall not be limited to, the following:

   a. to assist, advise and represent the Trustee in the investigation, formulation, filing, prosecution, negotiation and/or settlement of litigation claims and causes of action available to the Trustee and the bankruptcy estate, including, without limitation, avoidance actions under sections 542 through 550 of the Bankruptcy Code which the Trustee requests that GJB handle;

   b. to advise and assist the Trustee in the performance of his duties under the Bankruptcy Code, including to investigate the acts, conduct, assets, liabilities and financial condition of the pre-petition Debtor and to locate and repatriate assets of the estate;

   c. to attend meetings and negotiate with representatives of the former principals and management of the Debtor, creditors and other parties-in-interest and advise and consult on the conduct of the case to the extent requested by the Trustee;

   d. to assist, advise and represent the Trustee in any other matter as directed by the Trustee and its proposed general counsel, Berger Singerman, P.A., including but not limited to, those instances where the Trustee requires conflicts counsel to handle a specific matter or matters on behalf of the Trustee; and

{O1137050;1}

e.  appear before this Court, the District Court, any appellate courts, and the U.S. Trustee, and protect the interests of the Debtor and the estate before such courts and the U.S. Trustee.

11. GJB intends to work closely with the Trustee and any other professionals the Trustee may retain in this case, including Berger Singerman, P.A. as proposed general counsel to the Debtor, to ensure that there is no unnecessary duplication of services performed on behalf of the Trustee.

12. GJB has indicated a willingness to act on behalf of the Trustee and to render the necessary professional services as special litigation and conflicts counsel for the Trustee.

13. Subject to this Court's approval and further order of this Court,[1] GJB will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates for services of this type and nature, and for this type of matter, in effect on the date such services are rendered, and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith, as set forth more fully in the annexed Affidavit of John H. Genovese (the "Genovese Affidavit") attached hereto as Exhibit A.

14. GJB has agreed to be compensated in accordance with the provisions set forth in Section 330 of the Bankruptcy Code and will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of this Court. Compensation will be payable to GJB subject to order of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses incurred by GJB. The Trustee has agreed to

---

[1] The Debtor and GJB reserve the right to modify the fee arrangement under which GJB might represent the Debtor in the pursuit of certain litigation claims and causes of action, including on contingency fee arrangements under section 328 of the Bankruptcy Code, provided however, that the Debtor shall first seek approval of any such arrangement by the filing of an applicable motion with the Court.

{O1137050;1}

pay a $50,000.00 retainer to GJB. Upon receipt of such retainer, GJB will file a supplemental disclosure with the Court.

15. To the best of the Trustee's knowledge, except as otherwise disclosed in the Genovese Affidavit and in this Application, GJB and its respective attorneys have no connections with the Debtor, the Petitioning Creditors, other creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

16. To the best of the Trustee's knowledge, except as otherwise disclosed in the Genovese Affidavit and this Application (i) GJB and its attorneys are "disinterested persons" as that phrase is defined in Section 101(14) of the Bankruptcy Code, and (ii) GJB neither represents nor holds an interest adverse to the interest of the estate with respect to any matter on which GJB is to be employed.

17. The Trustee believes that the retention of GJB is in the best interests of the estate and its creditors.

18. No prior application has been made for the relief requested herein to this or any other Court. .

### Request for Interim Relief

19. Section 327(a) of the Bankruptcy Code provides that a trustee, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

{01137050;1}

20. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

21. Pursuant to the recently revised Bankruptcy Rule 6003, the court may grant relief regarding an application pursuant to Bankruptcy Rule 2014 to retain a professional within 20 days after the filing of the petition to the extent the relief is necessary to avoid immediate and irreparable harm. Bankruptcy Rule 6003, however, does not expressly forbid courts from entering interim orders approving professional retentions during the first 20 days of a chapter 11 cases. See, e.g., First NLC Fin. Servs, LLC, No. 08-10632 (Bankr. S.D. Fla. Jan. 28, 2008); In re TOUSA, Inc., et al., No. 08-10928-BKC-JKO (Bankr. S.D. Fla. Jan. 31, 2008) (approving interim retentions of financial advisor and legal counsel on interim basis on the same terms as set forth in the proposed order annexed hereto as Exhibit A within first 20 days of chapter 11 case).

22. First, according to the Advisory Committee note to Bankruptcy Rule 6003, the standard employed in Bankruptcy Rule 6003 is taken from Bankruptcy Rule 4001(b)(2) and (c)(2), and decisions under those provisions should provide guidance for the application of Bankruptcy Rule 6003. Bankruptcy Rules 4001(b)(2) and (c)(2) are well understood and are the model for numerous first-day motions, such as obtaining credit and seeking use of cash collateral. That process is well established: if the court is so disposed, the partial relief is granted for the interim before the final hearing can be conducted. Later, after further opportunity for

{01137050;1}

other parties in interest to consider the application and to object, the court, if so disposed will grant the balance of the relief requested.

23.     Second, Bankruptcy Rule 6003 is entitled "Interim and Final Relief Immediately Following the Commencement of the Case...." Thus, the very title of the Bankruptcy Rule contemplates that relief may be granted on an interim basis.

24.     Interim relief is clearly justified and appropriate in the context of this Application, including because the Debtor believes that the immediate commencement and pursuit of litigation to recover transfers or for other related relief is critical to preserving and capturing value for the bankruptcy estate.

25.     Accordingly, the Trustee submits that he has satisfied the requirements of Bankruptcy Rule 6003 to support immediate entry of an interim order authorizing him to retain and employ GJB on an interim basis and to compensate GJB for any services rendered during that interim period in accordance with the Bankruptcy Code and the interim compensation procedures that may be established in this case. This interim form of relief ensures the availability of GJB's full resources to the Trustee during a critical period in this case, while preserving the ability of all parties in interest, including the U.S. Trustee, to object to this application on a final basis. Accordingly, no party is prejudiced by the limited relief sought by this Application and the objective of the drafters of Rule 6003 is not frustrated.

## Conclusion

WHEREFORE, the Trustee respectfully requests that this Court (i) approve the retention of GJB as special litigation and conflicts counsel to the Trustee under the terms set forth herein

effective *nunc pro tunc* to November 10, 2009 on an interim basis, and (ii) grant such other and further relief as the Court deems appropriate.

Dated: November 24, 2009

By: _____
Name: Herbert Stettin
Title: Trustee for the Debtor

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of November, 2009, I caused the foregoing Application to be served electronically or by United States Mail, postage prepaid, on those parties listed on the mailing matrix, and all parties who have filed notices of appearance in this case, as listed on the attached Service List.

_____
HERBERT STETTIN
TRUSTEE FOR THE DEBTOR

{01137050;1}

## SERVICE LIST
## CASE NO.: 09-34791-BKC-RBR

Marianella Morales, Esquire
Authorized Agent For Joining Creditors
Avenida Francisco de Miranda
Torre Provincial "A"
Piso 8
Caracas, Venezuela
**(VIA FEDEX)**

John H. Genovese, Esq. **(VIA CM/ECF)**
Robert F. Elgidely, Esq.
Theresa M.B. Van Vliet, Esq.
Genovese Joblove & Battista, PA
Bank Of America Tower at International Place
100 S.E. 2nd Street
Suite 4400
Miami, Florida 33131
Phone: (305) 349-2300
Fax (305) 349-2310

Kendall Coffey, Esq.
Coffey Burlington,
Office in the Grove
Penthouse
2699 South Bayshore Drive
Miami, Florida 33133
kcoffey@coffeyburlington.com

The Honorable Herbert M. Stettin
One Biscayne Tower
Suite 3700
Two South Biscayne Boulevard
Miami, Florida 33131

John G. Bianco, Esq. **(VIA CM/ECF)**
John M. Mulli, Esquire
Tripp Scott
110 Southeast Sixth Street
Fifteenth Floor
Fort Lauderdale, Fl. 33301
jgb@trippscott.com

Alison W. Leht
Assistant United States Attorney
99 N.E. 4th Street
7th Floor
Miami, Florida 33132
Phone: (305) 961-9176
Fax: (305) 536-7599
Alison.Lehr@usdoj.gov

Stuart A. Rosenfeldt, Esq.
Rothstein Rosenfeldt Adler, PA
401 East Las Olas Boulevard
Suite 1650
Fort Lauderdale, Florida 33301
srosenfeldt@rra-law.com

Jeffrey R. Sonn, Esq.
Sonn & Erez, PLC
Broward Financial Center
500 E. Broward Boulevard
Suite 1600
Fort Lauderdale, Florida 33394
Phone: (954) 763-4700
Fax (954) 763-1866
jsonn@sonnerez.com

Office of the US Trustee **(VIA CM/ECF)**
51 Southwest First Avenue
Suite 1204
Miami, Florida 33130

Thomas Tew, Esquire
Tew-Cardenas, LLP
Four Seasons Tower
15th Floor
1441 Brickell Avenue
Miami, Florida 33131-3407
tt@tewlaw.com

2441794-1

Conrad & Scherer, LLP
633 South Federal Highway
Fort Lauderdale, FL 33301
Tel: 954-462-5500
bs@conradscherer.com

Michael D. Seese, Esq.
Hinshaw & Culbertson, LLP
1 E Broward Blvd Ste 1010
Ft Lauderdale, Florida 33301
Tel: 954.4677900
Fax: 954.4671024
mseese@hinshawlaw.com

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114
**(Via U.S. Mail)**

Internal Revenue Service
Special Procedures - Insolvency
7850 SW 6th Court
Plantation, FL 33324
Tel.: (954) 423-7300
Fax.: (305) 982-5406
**(Via Fedex)**

Special Asst. U.S. Attorney
P.O. Box 9, Stop 8000
51 SW 1st Avenue, #1114
Miami, Fl 33130
Fax: (305) 530-7139
**(Via Fedex)**

Grant J. Smith, Esq.
Rothstein Rosenfeldt Adler, P.A.
401 East Las Olas Blvd
Suite 1650
Fort Lauderdale, FL 33301
gsmith@rra-law.com

United Healthcare
Dept. CH 10151
Palatine, IL 60055
**(Via US Mail)**

Special Asst. U.S. Attorney
IRS District Counsel
1000 S. Pine Island Rd., Ste 340
Plantation, FL 33324-3906
**(Via Fedex)**

The Honorable Eric H. Holder, Jr.
Attorney General of the U.S.
950 Pennsylvania Avenue, NW Room 4400
Washington, DC 20530-0001
**(Via Fedex)**

Honorable Jeffrey H. Sloman,
Acting U.S. Attorney
99 NE 4th Street
Miami, Fl 33132
**(Via Fedex)**

Daniel Mink
Ovadia Levy
c/o Renato Watches, Inc
14051 NW 14th Street
Sunrise, Florida 33323
**(Via Fedex)**

William George Salim, Jr. **(VIA CM/ECF)**
Moskowitz Mandell & Salim
800 Corporate Dr Ste 510
Fort Lauderdale, Florida 33334
wsalim@mmsslaw.com
Tel: 954.491-2000
Fax: 954.4912051

USI
Attn: Anthony Gruppo
200 West Cypress Creek Road
Suite 500
Fort Lauderdale, FL 33309
Tel: 954-607-4000
Anthony.gruppo@usi.biz

Marc Nurik, Esq.
Rothstein Rosenfeldt Adler, P.A.
401 East Las Olas Blvd
Suite 1650
Fort Lauderdale, FL 33301
mnurik@rra-law.com

BAST AMRON LLP **(VIA CM/ECF)**
SunTrust International Center
One Southeast Third Avenue
Suite 1440
Miami, Florida 33131
Telephone: (305) 379-7904
Facsimile: (305) 379-7905
bamron@bastamron.com
jbast@bastamron.com

Mark Bloom, Esq.
Greenberg Traurig, LLP
1221 Brickell Avenue
Miami, FL 33131
T 305.579.0500
F 305.579.0717
bloomm@gtlaw.com

Robert D. Critton, Esq.
Burman, Critton, Luttier & Coleman
303 Banyan Blvd., Suite 400
West Palm Beach, FL 33401
rcrit@bclclaw.com

Roth & Scholl
Attn: Jeffrey C. Roth, Esq.
Attorneys For Creditor Blue
Capital Us East Coast Properties, L.P.
866 South Dixie Highway
Coral Gables, Fl 33146
Telephone: (305) 662-4141
jeff@rothandscholl.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

IN RE:                                                      Case No. 09-34791-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,                           Chapter 11 Proceeding

    Debtor.
_____/

## AFFIDAVIT OF JOHN H. GENOVESE, ON BEHALF OF GENOVESE JOBLOVE & BATTISTA, P.A., AS SPECIAL LITIGATION AND CONFLICTS COUNSEL TO CHAPTER 11 TRUSTEE

STATE OF FLORIDA            )
                            ) ss:
COUNTY OF MIAMI-DADE        )

I, John H. Genovese, being duly sworn, deposes and says:

1. I am an attorney and shareholder of the law firm of Genovese Joblove & Battista, P.A. (AGJB@). GJB maintains offices for the practice of law at Bank of America Tower, 100 Southeast Second Street, Suite 4400, Miami, Florida 33131 and National City Center, 200 East Broward Boulevard, Suite 1110, Fort Lauderdale, Florida 33301. I am familiar with the matters set forth herein and make this Affidavit in support of the Debtor's Application for Employment of John H. Genovese and Genovese Joblove & Battista as Special Litigation and Conflicts Counsel To The Chapter 11 Trustee for the Debtor, Rothstein Rosenfeldt Adler, P.A., (the "Application").

2. In support of the Application, I disclose the following:

    a. Unless otherwise stated, this Affidavit is based upon facts of which I have personal knowledge.

    b. In preparing this Affidavit, I have reviewed the list of all creditors and equity security holders of the Debtor provided to us by the Trustee. GJB maintains a computerized

conflicts check system. GJB has compared the information obtained thereby with the information contained in its client and adverse party conflict check system. The facts stated in this Affidavit as to the relationship between GJB and the Debtor, the Debtor's creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code, are based on the results of my review of GJB=s conflict check system. Based upon such search, GJB does not represent any entity in any matter involving or adverse to the Debtor or which would constitute a conflict of interest or impair the disinterestedness of GJB in respect of the matters upon which the Debtor proposes to engage GJB to represent the Debtor herein.

3. GJB's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business by GJB, and it is the regular practice of GJB to make and maintain these records. The system reflects entries that are noted at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I am one of the persons who is responsible for the supervision of the department of GJB which keeps this system up-to-date, and I regularly use and rely upon the information contained in the system in the performance of my duties with GJB and in my practice of law.

4. GJB neither holds nor represents any interest adverse to the Debtor and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code in respect of the matters upon which the Trustee proposes to retain GJB.

5. Neither I nor GJB has or will represent any other entity in connection with these cases, and neither I nor GJB will accept any fee from any other party or parties in these cases, except the Debtor, unless otherwise authorized by the Court.

6.  The Trustee has agreed to pay to GJB a retainer in the amount of $50,000.00 (the "Retainer"), which will be deposited into the trust account of GJB pending further order of the Court on the award of any fees and expenses to GJB. GJB will also file a supplemental disclosure upon receipt of the Retainer.

7.  The professional fees and costs to be incurred by GJB in the course of its representation of the Trustee in this case shall be subject in all respects to the application and notice requirement of 11 U.S.C. ' ' 330 and 331 and Fed. R. Bank. P. 2014 and 2016.

8.  The hourly rates for the attorneys at GJB range from $195 to $540 per hour. The hourly rates of John H. Genovese, Paul J. Battista, David C. Cimo, Theresa Van Vliet and Robert Elgidely, the attorneys who will be principally working on these cases, are $540, $525, $475, $500 and $350, respectively. The hourly rates for the legal assistants at GJB range from $75 to $160. GJB reserves the right to increase its hourly rates in accordance with its normal and customary business practices.

9.  There is no agreement of any nature as to the sharing of any compensation to be paid to GJB, except between the attorneys of GJB. No promises have been received by GJB, nor any member or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

10. No attorney at GJB holds a direct or indirect equity interest in the Debtor, including stock or stock warrants, or has a right to acquire such an interest.

11. No attorney at GJB is or has served as an officer, director or employee of the Debtor within two years before the Petition Date.

12. No attorney at GJB is in control of the Debtor or is a relative of a director, officer or person in control of the Debtor.

13. No attorney at GJB is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

14. No attorney at GJB is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor, within two years before the Petition Date.

15. No attorney at GJB has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor within three years before the Petition Date.

16. No attorney at GJB has any other interest, direct or indirect, that may be affected by the proposed representation.

17. Except as set forth herein, no attorney at GJB has had or presently has any connection with the above-captioned Debtor or the estate on any matters in which GJB is to be engaged, except as set forth below.

18. Prior to the Petition Date, GJB represented certain creditors of the Debtor who, with the assistance of GJB, prepared and filed an involuntary bankruptcy petition against the Debtor and also sought the emergency appointment of a Trustee. Such creditors are Roger Wittenberns, Bonnie Barnett, Aran Development, Inc. and Universal Legal. GJB also represented creditors Ricardo Martinez, Camilo Manrique, Pharon Development Assets, Inc., Blue Oaks Limited in connection with their joinder in the involuntary petition. GJB will cease the representation of such creditors upon its employment as special and conflicts counsel to the Trustee pursuant to the Application.

19. In addition, GJB presently represents a plaintiff in a lawsuit before the Honorable Herbert Stettin in a case styled Henry and Nilda Torres v. Empire Seafood Holding Corp. and Performance Food Group Company, Miami-Dade County Circuit Court Case Number 03-26448 CA 10. Judge Stettin recently completed a lengthy bench trial in such matter and has taken the mater under advisement. No decision has been issued as of the filing of the Application. Judge Stettin is the Debtor's Chief Restructuring Officer.

20. Marc Nurik, who was employed by the Debtor prior to the Petition Date and is presently criminal counsel to Scott W. Rothstein, is a former law partner with GJB. Mr. Nurik ceased his employment with GJB on October 5, 2007.

21. GJB and its attorneys: (i) may have appeared in the past and may appear in the future in other cases in which one or more of the creditors or parties in interest in this case may be involved; and (ii) may represent or may have represented certain of the Debtor's creditors in matters unrelated to this case.

FURTHER AFFIANT SAYETH NOT.

Dated: November 24, 2009.

/s/ John H. Genovese
JOHN H. GENOVESE, ESQ.