ORDERED in the Southern District of Florida on ___11/25/09___



Raymond B. Ray, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                  CASE NO.: 09-34791-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.          CHAPTER 11 PROCEEDING

    Debtor.
_____/

### INTERIM ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF JOHN H. GENOVESE AND THE LAW FIRM OF GENOVESE, JOBLOVE & BATTISTA, P.A., AS SPECIAL LITIGATION AND CONFLICTS COUNSEL FOR THE CHATPER 11 TRUSTEE *NUNC PRO TUNC* TO NOVEMBER 10, 2009

This matter came before the Court on Wednesday, November 25, 2009 at 9:30 a.m. upon the emergency application (the "Application") of Herbert Stettin, as chapter 11 trustee (the "Trustee") for the above-captioned debtor (the "Debtor"), for the entry of an interim order authorizing the Trustee to employ and retain John H. Genovese ("Genovese") and Genovese, Joblove & Battista, P.A. ("GJB") as his special litigation and conflicts counsel *nunc pro tunc* to November 10, 2009 (the "Petition Date"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a), 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules for the United States

Bankruptcy Court for the Southern District of Florida (the "Local Rules"); and it appearing that the relief requested by the Application is necessary to avoid immediate and irreparable harm to the Debtor's bankruptcy estate; and good, adequate and sufficient cause has been shown to justify the immediate entry of this order; and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties in interest; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Application and the Affidavit of Genovese, a shareholder of GJB attached to the Application (the "Genovese Affidavit"); and the Court being satisfied based on the representations made in the Application and the Genovese Affidavit that (a) Genovese and GJB do not hold or represent an interest adverse to the Debtor's estate, including in respect of the matters upon which they are to be employed, and (b) GJB is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(e) of the Bankruptcy Code and Local Rule 2014-1, including in respect of the matters upon which they are to be employed; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED** that:

1.    The Application is granted on an interim basis, *nunc pro tunc* to November 10, 2009.

2.    None of the disclosures or representations set out in the Genovese

Affidavit constitutes a conflict of interest or impairs the disinterestedness of GJB or otherwise precludes the Trustee's retention of Genovese and GJB in this case.

3.      The Trustee is authorized to employ and retain Genovese and GJB as his special litigation and conflicts counsel in accordance with the terms and conditions set forth in this Application.

4.      GJB is authorized to render professional services to the Trustee as described in the Application.

5.      GJB shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any other applicable procedures and orders of the Court.

6.      A final hearing on the Application is scheduled for December _21_, 2009 at _10_:_00_ a.m./p.m., prevailing Eastern Time, before this Court (the "Final Application Hearing").

7.      In the event the Application is not granted on a final basis, GJB shall be authorized to submit a fee application with this Court for compensation for services rendered in the period between the Petition Date and the Final Application Hearing.

8.      The requirements for emergency motions set forth in Local Rule 9075-1 are satisfied by the contents of the Motion or otherwise deemed waived.

9.      The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application. The Court finds

that the entry of *Nunc Pro Tunc* relief is warranted under the unique and extraordinary circumstances of this case.

10.    Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a de novo standard at the Final Application Hearing.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

# # #

Submitted by:

**GENOVESE JOBLOVE & BATTISTA, P.A.**
John H. Genovese, Esq.
100 S.E. Second Street, 44thFloor
Miami, FL 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

*Proposed Special Litigation and Conflicts Counsel to the Trustee*

Copies to:
John H. Genovese, Esq.
*(Attorney Genovese shall upon receipt serve a copy of this Order upon all interested parties*
*and file a certificate of service.)*