ORDERED in the Southern District of Florida on __12/25/09__



_____
Raymond B. Ray, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                          CASE NO.: 09-34791-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.[1],          CHAPTER 11 PROCEEDING

    Alleged Debtor.
_____/

### INTERIM ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PAUL STEVEN SINGERMAN AND THE LAW FIRM OF BERGER SINGERMAN, P.A. AS ATTORNEYS FOR THE CHATPER 11 TRUSTEE *NUNC PRO TUNC* TO NOVEMBER 10, 2009

Upon the application (the "Application") of Herbert Stettin as Trustee for the above-captioned alleged debtor (the "Alleged Debtor") for the entry of an interim order authorizing the Trustee to employ and retain Paul Steven Singerman ("Singerman") and Berger Singerman, P.A. ("Berger Singerman") as its counsel *nunc pro tunc* to November 10, 2009 (the "Petition Date"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a), 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

---

[1] The address and last four digits of the taxpayer identification number of the Alleged Debtor, Rothstein Rosenfeldt Adler, P.A., is Las Olas City Centre, 401 E. Las Olas Blvd, Suite 1650, Fort Lauderdale, Florida 33301 (TIN 7961).

2459686-1

and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"); and it appearing that the relief requested by the Application is necessary to avoid immediate and irreparable harm to the Alleged Debtor's estate; and good, adequate and sufficient cause has been shown to justify the immediate entry of this order; and it appearing that the relief requested is in the best interests of the Alleged Debtor's estate, its creditors and other parties in interest; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Application and the Declaration of Singerman, a shareholder of Berger Singerman (the "Singerman Declaration"); and the Court being satisfied based on the representations made in the Application and the Singerman Declaration that (a) Singerman and Berger Singerman do not hold or represent an interest adverse to the Alleged Debtor's estate, and (b) Berger Singerman is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and Local Rule 2014-1; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED** that:

    1.    The Application is granted on an interim basis, *nunc pro tunc* to November 10, 2009.

    2.    None of the representations or engagements set out in the Singerman Declaration constitutes a conflict of interest or impairs the disinterestedness of Berger Singerman or otherwise precludes the Trustee's retention of Singerman and Berger Singerman in this case.

3. The Trustee is authorized to employ and retain Singerman and Berger Singerman as its counsel in accordance with the terms and conditions set forth in this Application.

4. Berger Singerman is authorized to render professional services to the Trustee as described in the Application. Berger Singerman will, among other things:

    (a) Advise to the Trustee with respect to the continued management of the Alleged Debtor's limited business operations;

    (b) Advise the Trustee with respect to its responsibilities in complying with the United States Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

    (c) Prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of this case;

    (d) Protect the interests of the Alleged Debtor's estate in all matters pending before the Court; and

    (e) Advise the Trustee regarding the orderly administration of the Alleged Debtor's estate to, among other things, maximize distributions to creditors.

5. Berger Singerman shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Alleged Debtor's chapter 11 case in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any other applicable procedures and orders of the Court.

6. A final hearing on the Application is scheduled for December 21, 2009 at 10:00 AM a.m./p.m., prevailing Eastern Time, before this Court (the "Final Application Hearing").

2459686-1

7. In the event the Application is not granted on a final basis, Berger Singerman shall be authorized to submit a fee application with this Court for compensation for services rendered in the period between the Petition Date and the Final Application Hearing.

8. The requirements for emergency motions set forth in Local Rule 9075-1 are satisfied by the contents of the Application or otherwise deemed waived.

9. The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application. The Court finds that the entry of *nunc pro tunc* relief is warranted under the unique and extraordinary circumstances of this case.

10. Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a de novo standard at the Final Application Hearing. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

# # #

Submitted by:

**BERGER SINGERMAN, P.A.**
Paul Steven Singerman (Florida Bar No. 378860)
200 South Biscayne Boulevard, Suite 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

*Proposed Counsel to the Trustee*

Copies to:
Paul Steven Singerman
*(Attorney Singerman shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service.)*

2459686-1