

ORDERED in the Southern District of Florida on November 25, 2009.

Raymond B. Ray, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | CASE NO.: 09-34791-RBR |
| ROTHSTEIN ROSENFELDT ADLER, P.A.[1] | CHAPTER 11 PROCEEDING |
| Alleged Debtor. _____/ | |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF RICHARD A. POLLACK AND THE ACCOUNTING FIRM OF BERKOWITZ DICK POLLACK & BRANT AS ACCOUNTANTS AND FINANCIAL ADVISORS TO THE TRUSTEE *NUNC PRO TUNC* TO NOVEMBER 10, 2009**

Upon the application (the "Application") of Herbert Stettin as Trustee ("Trustee") for the above-captioned debtor and debtor-in- possession (the "Debtor") for the entry of an order authorizing the Trustee to employ and retain Richard A. Pollack ("Pollack") and the Accounting Firm of Berkowitz Dick Pollack & Brant ("BDPB") as accountants and financial advisors to the Trustee, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] The address and last four digits of the taxpayer identification number of the Alleged Debtor, Rothstein Rosenfeldt Adler, P.A., is Las Olas City Centre, 401 E. Las Olas Blvd, Suite 1650, Fort Lauderdale, Florida 33301 (TIN 7961).

2458951-1

Rules") and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"); and it appearing that the relief requested is in the best interests of the Alleged Debtor's estate, its creditors and other parties in interest; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Application and the Declaration of Pollack (the "Pollack Declaration"); and the Court being satisfied that (a) Pollack and BDPB do not hold or represent an interest adverse to the Alleged Debtor's estate and (b) BDPB is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and Local Rule 2014-1; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore, it is **ORDERED** that:

1. The Application is **GRANTED** *nunc pro tunc* to November 10, 2009.

2. None of the representations or engagements set out in the Pollack Declaration constitutes a conflict of interest or impairs the disinterestedness of BDPB or otherwise precludes the Trustee's retention of Pollack and BDPB in this case.

3. The Trustee is authorized to employ and retain Berkowitz Dick Pollack & Brant as accountants and financial advisors in accordance with the terms and conditions set forth in the Application.

4. BDPB is authorized to render professional services to the Trustee as described in the Application.  BDPB will provide forensic consulting services including, among other things:

2458951-1

    a.  Investigatory accounting services;

    b.  Reconstruction of accounting records;

    c.  Assistance with the accounting aspects of potential legal actions; and

    d.  Tax considerations

  5.  BDPB shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any other applicable procedures and orders of the Court.

  6.  The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

  7.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

Submitted by:

**BERGER SINGERMAN, P.A.**
Paul Steven Singerman (Florida Bar No. 378860)
200 South Biscayne Boulevard, Suite 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
*Proposed Counsel to the Trustee*

Copies to:
Paul Steven Singerman
*(Attorney Singerman shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service.)*

2458951-1