**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| In re: | ) | Involuntary Chapter 11 Proceeding |
| | ) | |
| ROTHSTEIN ROSENFELDT ADLER, P.A., | ) | Case No.: 09-34791-RBR |
| | ) | |
| Alleged Debtor. | ) | |
| _____ | ) | |
| | ) | |
| TD BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. |
| | ) | |
| v. | ) | |
| | ) | |
| HERBERT STETTIN, as Chapter 11 Trustee for the ESTATE OF ROTHSTEIN ROSENFELDT ADLER, P.A.; SCOTT W. ROTHSTEIN, an individual; KIMBERLY ANN ROTHSTEIN, an individual; UNITED STATES OF AMERICA; RUBIN VINE and SHARON VINE, individuals; TODD D. SNYDER, an individual; LMB FUNDING GROUP, a New Jersey corporation; DJB FINANCIAL HOLDINGS, LLC, a Florida Limited Liability Corporation; RRA GOAL LINE MANAGEMENT, LLC, a Florida Limited Liability Corporation; RRA SPORTS AND ENTERTAINMENT, LLC, a Florida Limited Liability Corporation; PRCH, LLC, a Delaware Limited Liability Corporation; THE BOVA GROUP, LLC a Florida Limited Liability Corporation; and JOHN DOE and JANE DOE, the names being fictitious, the real names being unknown, but the parties intended to be persons or entities who may claim an interest, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

Plaintiff, TD Bank, N.A. ("TD Bank"), by and through its undersigned counsel, hereby sues Defendants HERBERT STETTIN, as Chapter 11 Trustee for the ESTATE OF ROTHSTEIN ROSENFELDT ADLER, P.A.; SCOTT W. ROTHSTEIN ("Rothstein"); KIMBERLY ANN ROTHSTEIN ("K. Rothstein"); UNITED STATES OF AMERICA (the "United States Government"); RUBIN VINE and SHARON VINE (the "Vines"); TODD D. SNYDER ("Snyder"); LMB FUNDING GROUP ("LMB"); DJB FINANCIAL HOLDING, LLC ("DJB"); RRA GOAL LINE MANAGEMENT, LLC ("Goal Line"); RRA SPORTS AND ENTERTAINMENT, LLC, ("RRA Sports"); PRCH, LLC ("PRCH"); THE BOVA GROUP, LLC ("Bova"); ("VZ Operating") and JOHN DOE and JANE DOE, the names being fictitious, the real names being unknown, but the parties intended to be persons or entities who may claim an interest, and alleges as follows:

## NATURE OF ACTION

1.      This is an adversary proceeding commenced pursuant to Federal Rule of Bankruptcy Procedure 7001(7) and (9), seeking relief in the nature of interpleader pursuant to Federal Rule of Bankruptcy Procedure 7022 and Federal Rule of Civil Procedure 22.  TD Bank seeks to interplead funds (the "Funds") held in a series of operating and trust accounts maintained in the name of Rothstein Rosenfeldt Adler, P.A. (the "Debtor" or "RRA"), as well as other bank accounts in the names of other persons and entities believed to be affiliates or insiders of the Debtor, as defined in 11 U.S.C. §§101(2) and (31) (collectively, the "Accounts"), so that this Court may declare and determine the rights and interests of the Defendants in and to the Funds and award appropriate relief among the Defendants.  TD Bank has no interest in, or claim, to such Funds, but has an interest in the expeditious and efficient resolution of potential

conflicting claims to the Funds in a single forum, which will avoid unnecessary duplication of effort and the possibility of inconsistent judgments.

**PARTIES, JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331 and 1334, as this is a civil proceeding arising under the Bankruptcy Code, or is an action arising in or related to the Chapter 11 case of RRA.  Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

3.      TD Bank is a National Banking Association authorized to do business in the state of Florida, and maintains a network of retail banking stores that includes stores within this District.

4.      Defendant Herbert Stettin is the duly qualified and appointed Chapter 11 Trustee for the estate of RRA, and accordingly has the capacity to sue and be sued on behalf of the estate pursuant to Federal Rule of Bankruptcy Procedure 6009.

5.      Defendant Rothstein is an individual who resides within this District in Broward County, Florida.  Rothstein was RRA's managing partner and Chief Executive Officer.

6.      Defendant K. Rothstein is an individual who resides within this District in Broward County, Florida.  K. Rothstein is married to Rothstein.

7.      As more fully described below, the United States Government has caused to be issued to TD Bank two (2) Warrants To Seize Personal Property Subject to Civil Forfeiture in Case Nos. 09-6465-SNOW and 09-6468-SNOW, both pending in the United States District Court for the Southern District of Florida.  The Warrants seek seizure of accounts at TD Bank maintained by the Debtor.

8.      Defendants Rubin Vine and Sharon Vine are individuals, who, upon information and belief, reside within this District in Broward County, Florida.

9.    Defendant Todd D. Snyder is an individual, who, upon information and belief, resides within this District in Miami-Dade County, Florida.

10.    Defendant LMB, upon information and belief, is a New Jersey corporation, maintaining a principal place of business in Bergen County, New Jersey.

11.    Defendant DJB, upon information and belief, is a  Florida limited liability corporation, maintaining a principal place of business in Tallahassee, Florida.

12.    Defendant Goal Line, upon information and belief, is a Florida limited liability corporation, maintaining a principal place of business in Tallahassee, Florida.

13.    Defendant RRA Sports, upon information and belief, is a Florida limited liability corporation, maintaining a principal place of business in Tallahassee, Florida.

14.    Defendant PRCH, upon information and belief, is a Delaware limited liability corporation, maintaining a principal place of business in Broward County, Florida.

15.    Defendant BOVA, upon information and belief, is a Florida limited liability corporation, maintaining a principal place of business in Tallahassee, Florida.

16.    John Doe and Jane Doe, the names being fictitious, the real names being unknown, but the parties intended to be joined are persons who may claim an interest in the Funds that are the subject of this Complaint.

## COUNT I

17.    TD Bank repeats and re-alleges paragraphs 1 through 16 as if restated more fully herein.

18.    On November 2, 2009, RRA and Stuart A. Rosenfeldt, RRA's founding partner and President, filed a lawsuit against Scott W. Rothstein, RRA's Chief Executive Officer, in the Seventeenth Judicial Circuit In And For Broward County, Florida, in the Complex Business Division, Case No. 09-059301 (21) (the "Dissolution Action").

19.     On November 3, 2009, the Hon. Herbert Stettin ("Judge Stettin" or "Chapter 11 Trustee") was appointed RRA's Receiver, responsible for approving RRA's day-to-day financial decisions, by the court in the Dissolution Action.

20.     Following the commencement of the underlying involuntary Chapter 11 case in this Court, the United States Trustee appointed Judge Stettin as Chapter 11 Trustee for the Estate of RRA on November 20, 2009.  A true and correct copy of the Appointment of Chapter 11 Trustee and Setting of Bond (D.E. 35) is attached hereto as **Exhibit "1"**.

21.     Pursuant to Sections 541(a) and 362(a)(3) of the Bankruptcy Code, 11 U.S.C. §§ 541(a), 362(a)(3), respectively, the commencement of the underlying involuntary Chapter 11 case created an estate comprised of all property of the Debtor and operated as a stay against, *inter alia*, any act to obtain possession of or exercise control over such property.  The Accounts which are the subject of this adversary proceeding include both operating and trust accounts maintained in the name of the Debtor and other persons and entities known or believed to be affiliated with it, including Defendants Rothstein and K. Rothstein.  Defendants and other third parties have asserted and may continue to assert conflicting claims and interests in and to these various Accounts, as more fully described below.

22.     On November 11, 2009 at 4:35 p.m., Southern District of Florida Magistrate Judge Lurana D. Snow issued a Warrant To Seize Personal Property Subject To Civil Forfeiture; *In The Matter Of The Seizure Of Funds Held In Accounts At TD Bank, N.A. In The Name Of Rothstein, Rosenfeldt & Adler, P.A.;* Case No. 09-6465-SNOW.  The Warrant directed federal officers to seize "All Funds Held In The Accounts Described In Attachment A To This Warrant Which Are Maintained At TD Bank. N.A., A National Banking Association In The Name Rothstein Rosenfeldt And Adler, PA."  (the "November 11, 2009 Seizure Warrant").  A true and correct copy of the November 11, 2009 Seizure Warrant is attached hereto as **Exhibit "2"**.

23.     The November 11, 2009 Seizure Warrant seeks seizure of twenty (20) accounts held by TD Bank in the name of RRA, including without limitation Account Nos. 6860420923 and 6860755369.  A list of the twenty (20) accounts is attached hereto as Attachment A to Exhibit "2".

24.     On November 12, 2009 at 4:35 p.m., Magistrate Judge Lurana D. Snow issued a second Warrant to Seize Personal Property Subject to Civil Forfeiture; *In The Matter Of The Seizure Of Funds Held In Accounts At TD Bank, N.A. In The Name Of Rothstein, Rosenfeldt & Adler, P.A.;* Case No. 09-6468-SNOW to seize "Funds Held In Accounts Maintained At TD Bank. N.A., A National Banking Association, In The Names Of Scott W. Rothstein And/Or Rothstein, Rosenfeldt & Adler, P.A., And/Or Over Which Scott W. Rothstein Has Signature Authority As More Fully Described In Attachment A To This Warrant."  (the "November 12, 2009 Seizure Warrant").  A true and correct copy of the November 12, 2009 Seizure Warrant is attached hereto as **Exhibit "3"**.

25.     The November 12, 2009 Seizure Warrant directs the seizure of seventeen (17) accounts held by TD Bank and in the name of: (a) RRA; (b) entities believed to be related to RRA; (c) entities believed to be related to Rothstein; (d) Rothstein and K. Rothstein, jointly; or (e) Rothstein, individually.   A list of the seventeen (17) accounts is attached hereto as Attachment A to Exhibit "3".

26.     Upon receipt of the Seizure Warrants, and in an effort to comply with those warrants TD Bank delivered a series of checks to its undersigned counsel.

27.     Upon information and belief, the Chapter 11 Trustee has taken, or may take the position through counsel, that TD Bank's compliance with the Seizure Warrants would violate the automatic stay imposed upon the commencement of the underlying involuntary Chapter 11 case pursuant to 11 U.S.C. § 362(a).

Case No. 09-34791-RBR

28.     The Seizure Warrants required that the Funds be turned over to the United States Government no later than Monday, November 23, 2009.  By letter dated November 20, 2009, the United States Government has since advised that while it disputes the position that compliance with the Seizure Warrants would violate the automatic stay, it is not seeking compliance with the Seizure Warrants with respect to any of the Accounts.  A true and correct copy of the United States Government's November 20, 2009 letter is attached hereto as **Exhibit "4"**.

29.     On November 13, 2009, the Vines filed an action against TD Bank in the Seventeenth Judicial Circuit In And For Broward County, Florida, Case No. 09-061792 (03) (the "Vines' Litigation"), asserting five (5) causes of action, all of which center specifically around RRA Account No. 6860420923 -- one (1) of the accounts subject to the November 11, 2009 Seizure Warrant.  The Vines demand, *inter alia*, TD Bank return $1,080,000.00 they allege they wired into RRA Account No. 6860420923.  A true and correct copy of the Vines' Complaint is attached hereto as **Exhibit "5"**.

30.     On November 1 and 18, 2009, LMB made written demand to TD Bank for the release of monies held in RRA Account No. 6860755369 -- one (1) of the accounts subject to the November 11, 2009 Seizure Warrant.  True and correct copies of LMB's demand letters are attached hereto as **Exhibit "6"**.

31.     On November 9, 2009, Snyder made written demand to TD Bank for the return of $2,160,000.00 purportedly wired to RRA Account No. 6860420923 -- one (1) of the accounts subject to the November 11, 2009 Seizure Warrant and the same account the Vines claim an interest in.  A true and correct copy of Snyder's demand letter is attached hereto as **Exhibit "7"**.

32.     On November 19, 2009, Snyder commenced an adversary proceeding in this Court by filing a Complaint for Declaratory Relief, Imposition of Equitable Lien and/or Constructive Trust, and Permanent Injunction in this action (Adversary No. 09-02371-RBR-A)

(the "Snyder Adversary") against TD Bank and other defendants, asserting three (3) causes of action, all of which center specifically around RRA Account No. 6860420923. A true and correct copy of the Snyder Adversary is attached hereto as **Exhibit "8"**.

33.     The Defendants have asserted competing claims to the Funds and TD Bank foresees that prospective adverse claims to the Funds will continue to be asserted by additional parties, irrespective of whether such claims may be enjoined by operation of Section 362(a)(3) of the Bankruptcy Code, 11 U.S.C. § 362(a)(3).

34.     TD Bank also seeks to interplead the funds in Account No. 4246051629, which account is held by TD Bank in the name of RRA. Defendants and others may claim some right and/or interest in the funds held in this account.

35.     TD Bank asserts no claim to the Funds. TD Bank seeks merely to comply with its legal obligations with respect to the disposition of those Funds and avoid extended involvement in any dispute between and among the Defendants and others who may assert an interest in and to such Funds.

36.     TD Bank is ready, willing and able to deposit the Funds with the Court or with any person designated by the Court. On the basis of the Vines Litigation, the Snyder Adversary, the various demand letters and other similar demands likely to be received pending a final determination of the rights and interests of the various Defendants and other parties to be named, TD Bank is in doubt as to whether the Funds are property of the RRA Estate or to whom they should be paid.

37.     Apart from this interpleader action, TD Bank has no means to protect itself against exposure to multiple, competing claims to the Funds from the Defendants and other prospective claimants.

**WHEREFORE**, Plaintiff, TD Bank, N.A. respectfully requests entry of an Order: (1) authorizing TD Bank to deposit the Funds into the Court registry; (2) requiring Defendants interplead concerning their respective claims in and to the Funds; (3) releasing TD Bank from any and all further liability to Defendants in regard to the Funds; (4) restraining Defendants from commencing any action in any court against TD Bank on account of the Funds or TD Bank's failure to deliver such Funds to them; (5) declaring and determining the rights of the Defendants in and to the Funds; and (6) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
*Attorneys for TD Bank, National Association*
1221 Brickell Avenue
Miami, Florida 33131
Telephone:  (305) 579-0500
Facsimile:  (305) 579-0717


____/s/ Mark D. Bloom_____
Mark D. Bloom, Esq.
Florida Bar No. 303836
bloomm@gtlaw.com
John B. Hutton, Esq.
Florida Bar No. 902160
huttonj@gtlaw.com

And

Glenn Goldstein, Esq.
Florida Bar No. 435260
goldsteing@gtlaw.com
Jon L. Swergold, Esq.
Florida Bar No. 108510
swergoldj@gtlaw.com
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, FL 33301
Telephone:  (954) 765-0500
Facsimile:  (954) 765-1477

*FTL107,508,127v7 102164.014000*