IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: 09061792

RUBIN VINE and SHARON VINE,

Plaintiffs,

v.

TD BANK, NATIONAL ASSOCIATION, and FRANK SPINOSA

Defendants.
_____/



## COMPLAINT

COME NOW, the Plaintiffs, **RUBIN VINE** and **SHARON VINE**, by and through the undersigned counsel and hereby sue Defendants, **TD BANK, NATIONAL ASSOCIATION**, and **FRANK SPINOSA**, and allege as follows:

### JURISDICTION AND IDENTIFICATION OF THE PARTIES

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00).

2. At all times material hereto, the Plaintiffs, RUBIN VINE and SHARON VINE, are legally married and were and are residents of Broward County, Florida.

3. At all times material hereto, Defendant, TD BANK, NATIONAL ASSOCIATION, (hereinafter referred to as "TD BANK") was and is a financial institution licensed and authorized to do business in the State of Florida, and in fact, was operating a financial institution located at 1215 Southeast 17th Street Fort Lauderdale, Florida, 33316.


EXHIBIT 5

4. At all times material hereto, Defendant, FRANK SPINOSA, was and is a resident of the State of Florida and was the Regional Vice President of Defendant, TD BANK.

5. At all times material hereto, Defendant, TD BANK, employed Defendant, FRANK SPINOSA, and at the time of the incidents described herein, said Defendant was acting within the course and scope of his employment with Defendant, TD BANK.

6. At all times material hereto, all of the predicate acts and/or omissions constituting a basis for relief requested herein occurred in Broward County, Florida.

7. At all times material hereto, the Plaintiff, RUBIN VINE, is eighty-three (83) years of age and is entitled to have the trial of this matter advanced on the Court's docket pursuant to FLA. STAT. § 415.1115.

## GENERAL ALLEGATIONS

8. On or about October 28, 2009, the Plaintiffs, RUBIN VINE and SHARON VINE, electronically wired One Million and Eighty Thousand Dollars ($1,080,000.00) (hereinafter referred to as "the Funds") into a Rothstein Rosenfeldt Adler, P.A. Trust Account (#6860420923) (hereinafter referred to as "the Account") held at Defendant, TD BANK.

9. At all times material hereto, the specific purpose of the wire transfer was in contemplation of an investment regarding the purchase of a structured settlement fund.

10. At all times material hereto, the Plaintiffs, RUBIN VINE and SHARON VINE, never received nor executed any documents to consummate the investment.

2

11. At all times material hereto, the Plaintiffs, RUBIN VINE and SHARON VINE, never entered into an agreement or contract with any of the named Defendants.

12. At all times material hereto, the investment to purchase a settlement never took place.

13. At all times material hereto, the Account was accessed and all other funds were withdrawn **prior** to the Plaintiffs transferring their Funds into the Account on October 28, 2009.

14. At all times material hereto, the Funds are currently still in the Account.

15. At all times material hereto, the Plaintiffs, RUBIN VINE and SHARON VINE, have no further intention of participating in the investment.

16. At all times material hereto, the Plaintiffs, RUBIN VINE and SHARON VINE, have formally requested and demanded the return of the Funds from Defendant, TD BANK, since the specific purpose of the Funds was never fulfilled.

17. At all times material hereto, Defendant, TD BANK, has refused to return the Funds to the Plaintiffs, RUBIN VINE and SHARON VINE.

## COUNT I

### INJUNCTION AGAINST TD BANK

Plaintiffs reallege and reaver Paragraphs 1 through 17 as if fully set forth herein, and would further state:

18. At all times material hereto, Defendant, TD BANK, has deprived and continues to deprive the Plaintiffs, RUBIN VINE and SHARON VINE, the Funds which the Plaintiffs own and have immediate right to posses.

3

19. At all time material hereto, the Funds are still in the Account with Defendant, TD BANK.

20. At all times material hereto, the Account is the Rothstein Rosenfeldt Adler, P.A., Trust Account.

21. Pursuant to the Rules Regulating the Florida Bar, funds contained in trust accounts are not to be commingled with the law firm's operating accounts; and money entrusted to an attorney for a specific purpose through the trust account, are to be used only for that specific purpose.

22. Upon information and belief, an involuntary bankruptcy hearing was held regarding the law firm of Rothstein Rosenfeldt Adler, P.A.

23. At all times material hereto, the Plaintiffs, RUBIN VINE and SHARON VINE, have no plain, speedy or adequate remedy at law, whereby they can be vindicated in their right to repossess the Funds if the involuntary bankruptcy is approved and the trust accounts associated with the firm are frozen or if the Plaintiffs' Funds are commingled with the firm's operating expenses.

24. At all times material hereto, the Plaintiffs, RUBIN VINE and SHARON VINE, will be irreparably harmed if the Funds in the Account are frozen and/or commingled with the firm's operating expenses.

WHEREFORE, the Plaintiffs, RUBIN VINE and SHARON VINE, respectfully request an injunction prohibiting Defendant, **TD BANK**, from inappropriately freezing the firm's trust accounts and/or commingling the Plaintiffs' Funds with the firm's operating expenses.

4

## COUNT II

## REPLEVIN AGAINST TD BANK

Plaintiffs reallege and reaver Paragraphs 1 through 17 as if fully set forth herein, and would further state:

25. This is a statutory cause of action for replevin brought pursuant to FLA. STAT. § 78.055.

26. This is an action to recover monetary personal property located in Broward County at 1215 Southeast 17th Street, Fort Lauderdale, Florida, 33316.

27. The amount of the monetary personal property is One Million and Eighty Thousand Dollars ($1,080,000.00).

28. The Plaintiffs, RUBIN VINE and SHARON VINE, are entitled to the immediate return and possession of said monetary personal property due to the fact that the specific purpose for which the monetary personal property was wired into the Account was never fulfilled pursuant to FLA. BAR R. 5-1.1(b).

29. Defendant, TD BANK, came into possession of the monetary personal property following the wire transfer that took place on October 28, 2009.

30. Defendant, TD BANK, has possession and wrongfully detains the monetary personal property from the Plaintiffs.

31. The reason for said detention is, upon information and belief, the ongoing investigation into the actions of the law firm which held the Account.

32. The monetary personal property has not been taken for any tax, assessment or fine pursuant to law.

33. The monetary personal property has not been taken under an execution or attachment against the Plaintiffs' property.

WHEREFORE, the Plaintiffs, RUBIN VINE and SHARON VINE, respectfully request an Order directing the Clerk of this Court to issue a Pre-Judgment Writ of Replevin, in accordance with Florida Statutes § 78.01, *et. seq.*, in favor of the Plaintiffs for the monetary personal property and the Plaintiffs further demand a judgment for possession of said monetary personal property.

### COUNT III

### CONVERSION AGAINST TD BANK

Plaintiffs reallege and reaver Paragraphs 1 through 17 as if fully set forth herein, and would further state:

34. At all times material hereto, the Plaintiffs, RUBIN VINE and SHARON VINE, have demanded the return of the Funds held in the Account at Defendant, TD BANK.

35. At all times material hereto, Defendant, TD BANK, has wrongfully exercised dominion and control over the property of the Plaintiffs, RUBIN VINE and SHARON VINE, by refusing to return the Funds that rightfully belong to them after request and demands have been made for the same.

36. At all times material hereto, Defendant, TD BANK, lacks the authority to refuse the return of the property that rightfully belongs to the Plaintiffs, RUBIN VINE and SHARON VINE.

37. At all times material hereto, the unauthorized actions of Defendant, TD BANK, in refusing to return the Funds to the Plaintiffs, despite requests and demands, demonstrates the requisite intent to deprive them of their monetary personal property

permanently or for an indefinite period of time.

WHEREFORE, the Plaintiffs, RUBIN VINE and SHARON VINE, demand judgment for damages against Defendant, **TD BANK**, together with costs and for such other and further relief as the Court deems just and proper.

## COUNT IV

## NEGLIGENCE OF FRANK SPINOSA

Plaintiffs reallege and reaver Paragraphs 1 through 17 as if fully set forth herein, and would further state:

38. At all times material hereto, Defendant, FRANK SPINOSA, had a duty owed to the Plaintiffs, RUBIN VINE and SHARON VINE, to ensure that the Plaintiffs' Funds was secured and accessible to only the Plaintiffs upon reasonable demand.

39. Defendant, FRANK SPINOSA, was careless, negligent and breached the aforementioned duty as follows:

   A. Failing to exercise ordinary diligence to prevent the unauthorized access to the Plaintiffs' Funds; and/or

   B. Failing to allow the Plaintiffs access to their Funds upon reasonable demand; and/or

   C. Failing to prevent the unauthorized commingling of funds held in the Rothstein Rosenfeldt Adler, P.A. Trust Account; and/or

   D. Failing to prevent the unauthorized distribution of the Plaintiffs' Funds to any entity other than the Plaintiffs.

40. As a direct, proximate and foreseeable result of the negligence of Defendant, FRANK SPINOSA, the Plaintiffs, RUBIN VINE and SHARON VINE, have been

7

irreparably injured due to the mishandling and/or loss of their Funds.

WHEREFORE, the Plaintiffs, RUBIN VINE and SHARON VINE, demand judgment for damages against Defendant, **FRANK SPINOSA**, together with costs and for such other and further relief as the Court deems just and proper.

### COUNT V

### NEGLIGENCE OF TD BANK

Plaintiffs reallege and reaver Paragraphs 1 through 17 as if fully set forth herein, and would further state:

41. At all times material hereto, Defendant, TD BANK, had a duty owed to the Plaintiffs, RUBIN VINE and SHARON VINE, to ensure that the Plaintiffs' Funds was secured and accessible to only the Plaintiffs upon reasonable demand.

42. Defendant, TD BANK, was careless, negligent and breached the aforementioned duty as follows:

    A. Failing to exercise ordinary diligence to prevent the unauthorized access to the Plaintiffs' Funds; and/or

    B. Failing to ensure that the Plaintiffs would have access to their Funds upon reasonable demand; and/or

    C. Failing to prevent the unauthorized commingling of funds held in the Rothstein Rosenfeldt Adler, P.A. Trust Account; and/or

    D. Failing to prevent the unauthorized distribution of the Plaintiffs' Funds to any entity other than the Plaintiffs.

43.    As a direct, proximate and foreseeable result of the negligence of Defendant, TD BANK, the Plaintiffs, RUBIN VINE and SHARON VINE, have been irreparably injured due to the mishandling and/or loss of their Funds.

WHEREFORE, the Plaintiffs, RUBIN VINE and SHARON VINE, demand judgment for damages against Defendant, TD BANK, together with costs and for such other and further relief as the Court deems just and proper.

DATED this 13th day of November, 2009.

KRUPNICK, CAMPBELL, MALONE,
BUSER, SLAMA, HANCOCK,
LIBERMAN & McKEE, P.A.
Attorneys for **Plaintiffs**
700 Southeast Third Avenue
Courthouse Law Plaza, Suite 100
Fort Lauderdale, Florida 33316
(954) 763-8181

BY: _____
SCOTT S. LIBERMAN, ESQUIRE
Florida Bar Number: 850780

492132

----- Original Message -----
From: Irene Stay
To: David J. Boden
Sent: Wed Oct 28 17:31:02 2009
Subject: FW: [Cust Inc Wire Advice - eMail] Message ID:091028112155F100 Advice Code:INCSADEM

To:   ROTHSTEIN ROSENFELDT ADLER PA

This email serves as notification of the following Incoming Wire Transfer credited to account number **********0923 on 2009-10-28. If you have any questions, please contact your nearest TD Bank Branch or call 1-800-YES-2000.

~ ~ ~ ~ ~ ~ ~ ~   Incoming Wire Transfer Information   ~ ~ ~ ~ ~ ~ ~ ~

Amount:           $1,080,000.00
Beneficiary:      ROTHESTEIN ROSENFELDT ADLER
Account Number:   **********0923
Address:

Sender:
Bank Name:        CITIBANK N.A.
ABA Number:       021000089
Reference Number: S069301101D301
Originator Bank:  CITIGROUP GLOBAL MARKETS INC.
Address:          388 GREENWICH STREET

By Order Of:   R WILLIAM VINE ANDSHARON VINE JTWRO
Address:       S2200 S OCEAN LANEAPT 2610FT LAUDER DALE FL 33316-3833

Receiver Bank Name:   TD BANK NA
ABA Number:           067014822
FRB Incoming Confirmation Number: 20091028C1B76E1C00202410281121FT01
Reference for Beneficiary:
Originator to Beneficiary:
Bank to Bank Information: {6400}REF: R W VINE   SHARON VINE"
Miscellaneous Information:
~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~   END Incoming Wire Transfer Information   ~ ~ ~ ~

THANK YOU FOR CHOOSING TD Bank.