LAW OFFICES OF

# CAROLE R. BERNSTEIN

41 MAPLE AVENUE, NORTH
WESTPORT, CONNECTICUT 06880

CAROLE R. BERNSTEIN*

*NEW YORK AND CONNECTICUT
^ NEW YORK, CONNECTICUT AND NEW JERSEY

TELEPHONE (203) 255-8698
FACSIMILE (203) 259-4735

REDDING, CT OFFICE

LEWIS S. GOLDBERG^
OF COUNSEL

56 DAYTON ROAD
REDDING, CT 06896
TELEPHONE (203) 938-2105
FACSIMILE (203) 938-2106

November 1, 2009

<u>Via Facsimile 954-233-2044 and Electronic Mail Frank.Spinosa@ycsbank.com</u>
Mr. Frank Spinosa
TD Bank
Regional Vice-President
5900 North Andrews Avenue, 2d Floor
Fort Lauderdale, Florida  33309

    Re:  LMB Funding/Rothstein, Roesenfeldt Adler, P.A.
          TD Bank Account No. 6860755369
          **RRA G-418 and RRA G-408**

Dear Mr. Spinosa:

    We are counsel to LMB Funding Group ("LMB").

    Please accept this letter as LMB's demand that you release to it the following monies being held by you in the referenced bank account exclusively for the beneficiary of LMB

        RRA G-408:  $380,000.00 due  10/26/09
        RRA G-418:  $296,000 due  10/24/09

    It is our understanding that pursuant to Paragraph 13 of the attached Acknowledgement of Assignment/Purchase of Settlement Proceeds Agreements, Messrs. Rosenfeldt and Rothstein are unable and/or have failed to perform their duties under Paragraph 13 and thus, the proceeds of this account must be released to LMB.

    Kindly arrange to forward such monies to the following:

        TD Bank
        111 Chestnut Ridge Road
        Montvale, New Jersey  07645


EXHIBIT 6

Mr. Frank Spinosa
November 1, 2009
Page Two

      Account: LMB Funding Group
              160 Summit Avenue
              Montvale, New Jersey 07645

              Acct# 3453870298
              ABA# 021200957.

Please feel free to call me if you have any questions.

                                            Very truly yours,

                                            Carole R. Bernstein

cc: LMB Funding Group

## ACKNOWLEDGEMENT OF ASSIGNMENT/PURCHASE OF SETTLEMENT PROCEEDS

The undersigned, Rothstein Rosenfeldt Adler, P.A., a law firm whose main office is in Fort Lauderdale in the State of Florida, by its authorized signature hereon, hereby acknowledges and agrees to and for the benefit of LMB Funding Group, a company organized under the laws of the State of New Jersey, having offices located at 160 Summit Avenue, Montvale, NJ 07645 (the "Transferee"), as follows:

1. We are attorney of record for the plaintiff (the "Plaintiff") in the matter assigned our internal confidential case number: **RRA-G418.**

2. As attorney of record, we are aware that the case referenced above has been settled in full, inclusive of all attorneys' fees and costs.

3. As attorney of record, we have reviewed all of the settlement documents pertaining to this matter and we have, in fact, counseled Plaintiff regarding same and have made revisions to same on Plaintiff's behalf.

4. As attorney of record, we have discussed the settlement of this matter with Plaintiff and have answered all of Plaintiff's questions to Plaintiff's full and complete satisfaction.

5. Plaintiff has advised us, in our capacity as Plaintiff's attorney, that he or she desires to settle this matter consistent with the terms set forth in the settlement documents relevant to this case.

6. As attorney of record, we have been advised by Plaintiff that Plaintiff desires to assign and sell the proceeds from the case to the Transferee, which is paying Plaintiff good and valuable consideration for same. I have further been advised that this assignment and sale is intended to be kept wholly confidential by us and that Plaintiff has agreed to keep the terms of and fact of this assignment and sale completely and wholly confidential, unless ordered otherwise by a court of competent jurisdiction.

7. We hereby confirm to and for the benefit of Transferee (a) that the Plaintiff is the "Transferor" identified in that certain Sale and Transfer Agreement, the form of which is annexed hereto as Exhibit "A" (the "Plaintiff's Assignment"), and (b) that we have discussed such terms and conditions at length with Plaintiff who has clearly and unequivocally advised us that he or she wishes to enter into the assignment and sale and believes that same is in his or her best interests.

8. We hereby confirm that upon receipt by us from the Transferee of that certain Sale and Transfer Agreement (Transferee), the form of which is annexed hereto as Exhibit "B" (the "Transferee's Agreement"), and upon receipt by us into our Attorney Florida Bar Trust (or similar) Account Number 6860755369 at Commerce Bank, Fort Lauderdale, Florida of the

amount of $980,000.00 (the "Plaintiff's Wire"), we shall disburse the Plaintiff's Wire to the Plaintiff

9. As attorney of record, we hereby acknowledge that we have no entitlement to any of the proceeds from such sale and assignment and we acknowledge and aver that all of our attorneys' fees and costs arising from our representation of Plaintiff in the referenced case and in connection with the assignment and sale herein referenced have been paid in full or that satisfactory arrangements have been made for payment of same.

10. As attorney of record, we hereby acknowledge that we have no entitlement to any of the proceeds being sold or assigned to Transferee.

11. As attorney of record, we hereby acknowledge and agree to execute any documents necessary, now and/or in the future, to assist in facilitating such sale and purchase.

12. As attorney of record, we hereby agree that we shall make no challenge to such assignment and sale at any time, now or in the future.

13. As the attorney of record and trustee of the account No. 6860755369 at Commerce Bank, Fort Lauderdale, Florida, in which account the proceeds of the settlement of Confidential Case No.: RRA-G418 are held, we hereby acknowledge that those proceeds will be held exclusively for the beneficiary of the Transferee and the Transferee's Assignee (as defined in the Transferee's Agreement), unless directed otherwise by the Transferee, the Transferee's Assignee, or a court of competent jurisdiction. Further, as attorney of record, we acknowledge and agree that we are bound to insure the timely distribution of the proceeds of this account to the Transferee or the Transferee's Assignee, as applicable, in accordance with the agreement mandating and dictating such distribution and in accordance with the Plaintiff's Assignment. By means of this acknowledgment, in the event of the death or incapacitation of both Scott W. Rothstein and Stuart Rosenfeldt, we hereby direct Commerce Bank to release the proceeds of account No.: 6860755369 only to Transferee or Transferee's Assignee, or their lawful assigns, as well as all trust account documentation pertaining to such account, unless ordered to do otherwise by a court of competent jurisdiction.

14. As attorney of record, we hereby acknowledge that we are holding the original Settlement Agreement (the proceeds of which have been assigned by Plaintiff to Transferee) and the Plaintiff's Assignment, in trust for the benefit of Transferee and Transferee's Assignee, and that we will deliver the original Settlement Agreement and Plaintiff's Assignment promptly to Transferee (should any scheduled release of proceeds of the Settlement Agreement not be released for any and all reasons) or to Transferee's Assignee (if, following instructions from Transferee's Assignee to do so following a default by Transferee under its agreement with Transferee's Assignee, any scheduled release of proceeds of the Settlement Agreement not be released for any and all reasons), upon order of a court of competent jurisdiction. We agree to promptly and expeditiously prepare and execute whatever documents are necessary should application to such court be necessary.

-2-

15. As attorney of record, we hereby acknowledge that we have identified the source of the proceeds being held in Commerce Bank Account No.: 6860755369 in accordance with and in compliance with the Bank Secrecy Act as amended by the Patriot Act and will maintain such documents should they be required at any time in the future.

16. As attorney of record, we agree that should there be a question as to the source of the proceeds being held in said account we will make such identification available to any court of competent jurisdiction and/or to any authorized regulatory agency upon receipt of a lawful order requiring same.

17. As attorney of record, we acknowledge that this transaction and its associated documentation represents a *bona fide* settlement transaction between unrelated parties and that the documentation is genuine and has been duly executed by the parties. Furthermore, we acknowledge that all documents with the reference RRA-G418 are a requisite part of said transaction and will be held in strict confidence by us as Attorney of Record. Further, as attorney of record, we agree that should there be a default in payment to Transferee of the proceeds of such settlement, that all such documents shall be produced to Transferee (or Transferee's Assignee) to assist them in protecting their interests upon order of a court of competent jurisdiction.

18. As attorney of record, I have the power to bind the law firm of RRA and I and RRA agree to indemnify, defend and hold Transferee, Transferee's Assignee, and their affiliates, and their respective directors, officers, employees, shareholders, partners and agents (collectively, the "Indemnified Parties") harmless from and against any and all claims, liability, losses, costs and expenses (including attorneys fees and costs) incurred by any Indemnified Party in connection with any breach by the Attorney of Record and/or RRA Law Firm of the above acknowledgment including all of its representations and warranties, unless same is caused by an intentional act of the applicable Indemnified Party.

19. RRA acknowledges that Transferee's rights under the Plaintiff's Assignment have been collaterally assigned (any party to whom such of Transferee's rights are so collaterally assigned is herein referred to as "Transferee's Assignee"). RRA agrees that, upon receipt by RRA of documentation from Transferee's Assignee purporting to evidence such collateral assignment, and upon notice from Transferee's Assignee that a material default has occurred in any contractual or other obligation owing from Transferee to Transferee's Assignee, and upon receipt by RRA of irrevocable instruction from Transferee's Assignee to pay all Settlement Proceeds, as and when the same are due and owing to Transferor purchase to the Settlement Agreement, to Transferee's Assignee, then from and after receipt of such instruction RRA shall pay all Settlement Proceeds, as and when the same are due and owing to Transferor purchase to the Settlement Agreement, to Transferee's Assignee. Transferee, by its countersignature hereon, hereby irrevocably consents and agrees to all of the foregoing provisions and hereby warrants and represents to and for the benefit of RRA that, as a condition to any collateral assignment by Transferee to Transferee's Assignee of Transferee's rights under the Plaintiff's Assignment, Transferee's Assignee has agreed to be bound by each and every confidentiality provision of the

-3-

Settlement Agreement and of Plaintiff's Assignment, unless otherwise compelled by a court of competent jurisdiction.

20. As attorney of record, we hereby confirm that the transaction evidenced by the Plaintiff's Assignment and the Transferee's Agreement, and the assignment and sale of the proceeds from the case from Plaintiff to Transferee, do not require court approval pursuant to Section 626.99296, Florida Statutes.

FOR THE LAW FIRM:

ROTHSTEIN ROSENFELDT ADLER, P.A.

_____
Scott W. Rothstein
CEO

THE PROVISIONS OF PARAGRAPH 19 OF THE FOREGOING ARE HEREBY ACKNOWLEDGED AND AGREED TO IN ALL RESPECTS:

LMB FUNDING GROUP, as "TRANSFEREE"

_____
Name: LAURENCE KING
Title: MANAGING DIRECTOR/MEMBER

-4-

NEWYORK01 1275826v4 042211-000004

## ACKNOWLEDGEMENT OF ASSIGNMENT/PURCHASE OF SETTLEMENT PROCEEDS

The undersigned, Rothstein Rosenfeldt Adler, P.A., a law firm whose main office is in Fort Lauderdale in the State of Florida, by its authorized signature hereon, hereby acknowledges and agrees to and for the benefit of LMB Funding Group, a company organized under the laws of the State of New Jersey, having offices located at 160 Summit Avenue, Montvale, NJ 07645 (the "Transferee"), as follows:

1.  We are attorney of record for the plaintiff (the "Plaintiff") in the matter assigned our internal confidential case number: RRA-G408.

2.  As attorney of record, we are aware that the case referenced above has been settled in full, inclusive of all attorneys' fees and costs.

3.  As attorney of record, we have reviewed all of the settlement documents pertaining to this matter and we have, in fact, counseled Plaintiff regarding same and have made revisions to same on Plaintiff's behalf.

4.  As attorney of record, we have discussed the settlement of this matter with Plaintiff and have answered all of Plaintiff's questions to Plaintiff's full and complete satisfaction.

5.  Plaintiff has advised us, in our capacity as Plaintiff's attorney, that he or she desires to settle this matter consistent with the terms set forth in the settlement documents relevant to this case.

6.  As attorney of record, we have been advised by Plaintiff that Plaintiff desires to assign and sell the proceeds from the case to the Transferee, which is paying Plaintiff good and valuable consideration for same. I have further been advised that this assignment and sale is intended to be kept wholly confidential by us and that Plaintiff has agreed to keep the terms of and fact of this assignment and sale completely and wholly confidential, unless ordered otherwise by a court of competent jurisdiction.

7.  We hereby confirm to and for the benefit of Transferee (a) that the Plaintiff is the "Transferor" identified in that certain Sale and Transfer Agreement, the form of which is annexed hereto as Exhibit "A" (the "Plaintiff's Assignment"), and (b) that we have discussed such terms and conditions at length with Plaintiff who has clearly and unequivocally advised us that he or she wishes to enter into the assignment and sale and believes that same is in his or her best interests.

8.  We hereby confirm that upon receipt by us from the Transferee of that certain Sale and Transfer Agreement (Transferee), the form of which is annexed hereto as Exhibit "B" (the "Transferee's Agreement"), and upon receipt by us into our Attorney Florida Bar Trust (or similar) Account Number 6860755369 at Commerce Bank, Fort Lauderdale, Florida of the

NEWYORK01 1275826v4 042211-000004

amount of $1,300,000.00 (the "Plaintiff's Wire"), we shall disburse the Plaintiff's Wire to the Plaintiff

9. As attorney of record, we hereby acknowledge that we have no entitlement to any of the proceeds from such sale and assignment and we acknowledge and aver that all of our attorneys' fees and costs arising from our representation of Plaintiff in the referenced case and in connection with the assignment and sale herein referenced have been paid in full or that satisfactory arrangements have been made for payment of same.

10. As attorney of record, we hereby acknowledge that we have no entitlement to any of the proceeds being sold or assigned to Transferee.

11. As attorney of record, we hereby acknowledge and agree to execute any documents necessary, now and/or in the future, to assist in facilitating such sale and purchase.

12. As attorney of record, we hereby agree that we shall make no challenge to such assignment and sale at any time, now or in the future.

13. As the attorney of record and trustee of the account No. 6860755369 at Commerce Bank, Fort Lauderdale, Florida, in which account the proceeds of the settlement of Confidential Case No.: RRA-G408 are held, we hereby acknowledge that those proceeds will be held exclusively for the beneficiary of the Transferee and the Transferee's Assignee (as defined in the Transferee's Agreement), unless directed otherwise by the Transferee, the Transferee's Assignee, or a court of competent jurisdiction. Further, as attorney of record, we acknowledge and agree that we are bound to insure the timely distribution of the proceeds of this account to the Transferee or the Transferee's Assignee, as applicable, in accordance with the agreement mandating and dictating such distribution and in accordance with the Plaintiff's Assignment. By means of this acknowledgment, in the event of the death or incapacitation of both Scott W. Rothstein and Stuart Rosenfeldt, we hereby direct Commerce Bank to release the proceeds of account No.: 6860755369 only to Transferee or Transferee's Assignee, or their lawful assigns, as well as all trust account documentation pertaining to such account, unless ordered to do otherwise by a court of competent jurisdiction.

14. As attorney of record, we hereby acknowledge that we are holding the original Settlement Agreement (the proceeds of which have been assigned by Plaintiff to Transferee) and the Plaintiff's Assignment, in trust for the benefit of Transferee and Transferee's Assignee, and that we will deliver the original Settlement Agreement and Plaintiff's Assignment promptly to Transferee (should any scheduled release of proceeds of the Settlement Agreement not be released for any and all reasons) or to Transferee's Assignee (if, following instructions from Transferee's Assignee to do so following a default by Transferee under its agreement with Transferee's Assignee, any scheduled release of proceeds of the Settlement Agreement not be released for any and all reasons), upon order of a court of competent jurisdiction. We agree to promptly and expeditiously prepare and execute whatever documents are necessary should application to such court be necessary.

-2-

15. As attorney of record, we hereby acknowledge that we have identified the source of the proceeds being held in Commerce Bank Account No.: 6860755369 in accordance with and in compliance with the Bank Secrecy Act as amended by the Patriot Act and will maintain such documents should they be required at any time in the future.

16. As attorney of record, we agree that should there be a question as to the source of the proceeds being held in said account we will make such identification available to any court of competent jurisdiction and/or to any authorized regulatory agency upon receipt of a lawful order requiring same.

17. As attorney of record, we acknowledge that this transaction and its associated documentation represents a *bona fide* settlement transaction between unrelated parties and that the documentation is genuine and has been duly executed by the parties. Furthermore, we acknowledge that all documents with the reference RRA-G408 are a requisite part of said transaction and will be held in strict confidence by us as Attorney of Record. Further, as attorney of record, we agree that should there be a default in payment to Transferee of the proceeds of such settlement, that all such documents shall be produced to Transferee (or Transferee's Assignee) to assist them in protecting their interests upon order of a court of competent jurisdiction.

18. As attorney of record, I have the power to bind the law firm of RRA and I and RRA agree to indemnify, defend and hold Transferee, Transferee's Assignee, and their affiliates, and their respective directors, officers, employees, shareholders, partners and agents (collectively, the "Indemnified Parties") harmless from and against any and all claims, liability, losses, costs and expenses (including attorneys fees and costs) incurred by any Indemnified Party in connection with any breach by the Attorney of Record and/or RRA Law Firm of the above acknowledgment including all of its representations and warranties, unless same is caused by an intentional act of the applicable Indemnified Party.

19. RRA acknowledges that Transferee's rights under the Plaintiff's Assignment have been collaterally assigned (any party to whom such of Transferee's rights are so collaterally assigned is herein referred to as "Transferee's Assignee"). RRA agrees that, upon receipt by RRA of documentation from Transferee's Assignee purporting to evidence such collateral assignment, and upon notice from Transferee's Assignee that a material default has occurred in any contractual or other obligation owing from Transferee to Transferee's Assignee, and upon receipt by RRA of irrevocable instruction from Transferee's Assignee to pay all Settlement Proceeds, as and when the same are due and owing to Transferor purchase to the Settlement Agreement, to Transferee's Assignee, then from and after receipt of such instruction RRA shall pay all Settlement Proceeds, as and when the same are due and owing to Transferor purchase to the Settlement Agreement, to Transferee's Assignee. Transferee, by its countersignature hereon, hereby irrevocably consents and agrees to all of the foregoing provisions and hereby warrants and represents to and for the benefit of RRA that, as a condition to any collateral assignment by Transferee to Transferee's Assignee of Transferee's rights under the Plaintiff's Assignment, Transferee's Assignee has agreed to be bound by each and every confidentiality provision of the

-3-

Settlement Agreement and of Plaintiff's Assignment, unless otherwise compelled by a court of competent jurisdiction.

20. As attorney of record, we hereby confirm that the transaction evidenced by the Plaintiff's Assignment and the Transferee's Agreement, and the assignment and sale of the proceeds from the case from Plaintiff to Transferee, do not require court approval pursuant to Section 626.99296, Florida Statutes.

FOR THE LAW FIRM:

ROTHSTEIN ROSENFELDT ADLER, P.A.

*[signature]*

Scott W. Rothstein
CEO

THE PROVISIONS OF PARAGRAPH 19 OF THE FOREGOING ARE HEREBY ACKNOWLEDGED AND AGREED TO IN ALL RESPECTS:

LMB FUNDING GROUP, as "TRANSFEREE"

*[signature]*

Name: LAURENCE KING
Title: MANAGING DIRECTOR/MEMBER

-4-

NEWYORK01 1275826v4 042211-000004

# LMB FUNDING GROUP
### 160 Summit Avenue
### Montvale, New Jersey, 07645

November 18, 2009

<u>Via Facsimile 954-233-2044 and Electronic Mail Frank.Spinosa@yesbank.com</u>

Mr. Frank Spinosa
TD Bank
Regional Vice-President
5900 North Andrews Avenue, 2d Floor
Fort Lauderdale, Florida 33309

      Re: LMB Funding/Rothstein, Rosenfeldt Adler, P.A.
           TD Bank Account No. 6860755369
           **<u>RRA G-419; G-420</u>**

Dear Mr. Spinosa:

    Please accept this letter as LMB's demand that you release to it the following monies being held by you in the referenced bank account exclusively for the beneficiary of LMB

    **RRA G-419: $350,000.00 due 11/18/09**
    **RRA G-420: $300,000.00 due 11/18/09**

    It is our understanding that pursuant to Paragraph 13 of the attached Acknowledgement of Assignment/Purchase of Settlement Proceeds Agreements, Messrs. Rosenfeldt and Rothstein are unable and/or have failed to perform their duties under Paragraph 13 and thus, the proceeds of this account must be released to LMB.

    Kindly arrange to forward such monies to the following:

        TD Bank
        111 Chestnut Ridge Road
        Montvale, New Jersey 07645

Mr. Spinosa
November 18, 2009
Page Two

    Account: LMB Funding Group
              160 Summit Avenue
              Montvale, New Jersey 07645

              Acct# 3453870298
              ABA# 021200957

Please feel free to call me if you have any questions.

                              Very truly yours,

                              LMB FUNDING GROUP, LLC

                              Laurence King, Manager

cc: Carole R. Bernstein, Esq.
    Robert Wayne Pearce, Esq.

## ACKNOWLEDGEMENT OF ASSIGNMENT/PURCHASE OF SETTLEMENT PROCEEDS

The undersigned, Rothstein Rosenfeldt Adler, P.A., a law firm whose main office is in Fort Lauderdale in the State of Florida, by its authorized signature hereon, hereby acknowledges and agrees to and for the benefit of LMB Funding Group, a company organized under the laws of the State of New Jersey, having offices located at 160 Summit Avenue, Montvale, NJ 07645 (the "Transferee"), as follows:

1.  We are attorney of record for the plaintiff (the "Plaintiff") in the matter assigned our internal confidential case number: RRA-G419.

2.  As attorney of record, we are aware that the case referenced above has been settled in full, inclusive of all attorneys' fees and costs.

3.  As attorney of record, we have reviewed all of the settlement documents pertaining to this matter and we have, in fact, counseled Plaintiff regarding same and have made revisions to same on Plaintiff's behalf.

4.  As attorney of record, we have discussed the settlement of this matter with Plaintiff and have answered all of Plaintiff's questions to Plaintiff's full and complete satisfaction.

5.  Plaintiff has advised us, in our capacity as Plaintiff's attorney, that he or she desires to settle this matter consistent with the terms set forth in the settlement documents relevant to this case.

6.  As attorney of record, we have been advised by Plaintiff that Plaintiff desires to assign and sell the proceeds from the case to the Transferee, which is paying Plaintiff good and valuable consideration for same. I have further been advised that this assignment and sale is intended to be kept wholly confidential by us and that Plaintiff has agreed to keep the terms of and fact of this assignment and sale completely and wholly confidential, unless ordered otherwise by a court of competent jurisdiction.

7.  We hereby confirm to and for the benefit of Transferee (a) that the Plaintiff is the "Transferor" identified in that certain Sale and Transfer Agreement, the form of which is annexed hereto as Exhibit "A" (the "Plaintiff's Assignment"), and (b) that we have discussed such terms and conditions at length with Plaintiff who has clearly and unequivocally advised us that he or she wishes to enter into the assignment and sale and believes that same is in his or her best interests.

8.  We hereby confirm that upon receipt by us from the Transferee of that certain Sale and Transfer Agreement (Transferee), the form of which is annexed hereto as Exhibit "B" (the "Transferee's Agreement"), and upon receipt by us into our Attorney Florida Bar Trust (or similar) Account Number 6860755369 at Commerce Bank, Fort Lauderdale, Florida of the

NEWYORK01 1275826v4 042211-000004

amount of $800,000.00 (the "Plaintiff's Wire"), we shall disburse the Plaintiff's Wire to the Plaintiff

9. As attorney of record, we hereby acknowledge that we have no entitlement to any of the proceeds from such sale and assignment and we acknowledge and aver that all of our attorneys' fees and costs arising from our representation of Plaintiff in the referenced case and in connection with the assignment and sale herein referenced have been paid in full or that satisfactory arrangements have been made for payment of same.

10. As attorney of record, we hereby acknowledge that we have no entitlement to any of the proceeds being sold or assigned to Transferee.

11. As attorney of record, we hereby acknowledge and agree to execute any documents necessary, now and/or in the future, to assist in facilitating such sale and purchase.

12. As attorney of record, we hereby agree that we shall make no challenge to such assignment and sale at any time, now or in the future.

13. As the attorney of record and trustee of the account No. 6860755369 at Commerce Bank, Fort Lauderdale, Florida, in which account the proceeds of the settlement of Confidential Case No.: RRA-G419 are held, we hereby acknowledge that those proceeds will be held exclusively for the beneficiary of the Transferee and the Transferee's Assignee (as defined in the Transferee's Agreement), unless directed otherwise by the Transferee, the Transferee's Assignee, or a court of competent jurisdiction. Further, as attorney of record, we acknowledge and agree that we are bound to insure the timely distribution of the proceeds of this account to the Transferee or the Transferee's Assignee, as applicable, in accordance with the agreement mandating and dictating such distribution and in accordance with the Plaintiff's Assignment. By means of this acknowledgment, in the event of the death or incapacitation of both Scott W. Rothstein and Stuart Rosenfeldt, we hereby direct Commerce Bank to release the proceeds of account No.: 6860755369 only to Transferee or Transferee's Assignee, or their lawful assigns, as well as all trust account documentation pertaining to such account, unless ordered to do otherwise by a court of competent jurisdiction.

14. As attorney of record, we hereby acknowledge that we are holding the original Settlement Agreement (the proceeds of which have been assigned by Plaintiff to Transferee) and the Plaintiff's Assignment, in trust for the benefit of Transferee and Transferee's Assignee, and that we will deliver the original Settlement Agreement and Plaintiff's Assignment promptly to Transferee (should any scheduled release of proceeds of the Settlement Agreement not be released for any and all reasons) or to Transferee's Assignee (if, following instructions from Transferee's Assignee to do so following a default by Transferee under its agreement with Transferee's Assignee, any scheduled release of proceeds of the Settlement Agreement not be released for any and all reasons), upon order of a court of competent jurisdiction. We agree to promptly and expeditiously prepare and execute whatever documents are necessary should application to such court be necessary.

-2-

15. As attorney of record, we hereby acknowledge that we have identified the source of the proceeds being held in Commerce Bank Account No.: 6860755369 in accordance with and in compliance with the Bank Secrecy Act as amended by the Patriot Act and will maintain such documents should they be required at any time in the future.

16. As attorney of record, we agree that should there be a question as to the source of the proceeds being held in said account we will make such identification available to any court of competent jurisdiction and/or to any authorized regulatory agency upon receipt of a lawful order requiring same.

17. As attorney of record, we acknowledge that this transaction and its associated documentation represents a *bona fide* settlement transaction between unrelated parties and that the documentation is genuine and has been duly executed by the parties. Furthermore, we acknowledge that all documents with the reference RRA-G419 are a requisite part of said transaction and will be held in strict confidence by us as Attorney of Record. Further, as attorney of record, we agree that should there be a default in payment to Transferee of the proceeds of such settlement, that all such documents shall be produced to Transferee (or Transferee's Assignee) to assist them in protecting their interests upon order of a court of competent jurisdiction.

18. As attorney of record, I have the power to bind the law firm of RRA and I and RRA agree to indemnify, defend and hold Transferee, Transferee's Assignee, and their affiliates, and their respective directors, officers, employees, shareholders, partners and agents (collectively, the "Indemnified Parties") harmless from and against any and all claims, liability, losses, costs and expenses (including attorneys fees and costs) incurred by any Indemnified Party in connection with any breach by the Attorney of Record and/or RRA Law Firm of the above acknowledgment including all of its representations and warranties, unless same is caused by an intentional act of the applicable Indemnified Party.

19. RRA acknowledges that Transferee's rights under the Plaintiff's Assignment have been collaterally assigned (any party to whom such of Transferee's rights are so collaterally assigned is herein referred to as "Transferee's Assignee"). RRA agrees that, upon receipt by RRA of documentation from Transferee's Assignee purporting to evidence such collateral assignment, and upon notice from Transferee's Assignee that a material default has occurred in any contractual or other obligation owing from Transferee to Transferee's Assignee, and upon receipt by RRA of irrevocable instruction from Transferee's Assignee to pay all Settlement Proceeds, as and when the same are due and owing to Transferor purchase to the Settlement Agreement, to Transferee's Assignee, then from and after receipt of such instruction RRA shall pay all Settlement Proceeds, as and when the same are due and owing to Transferor purchase to the Settlement Agreement, to Transferee's Assignee. Transferee, by its countersignature hereon, hereby irrevocably consents and agrees to all of the foregoing provisions and hereby warrants and represents to and for the benefit of RRA that, as a condition to any collateral assignment by Transferee to Transferee's Assignee of Transferee's rights under the Plaintiff's Assignment, Transferee's Assignee has agreed to be bound by each and every confidentiality provision of the

-3-

Settlement Agreement and of Plaintiff's Assignment, unless otherwise compelled by a court of competent jurisdiction.

20. As attorney of record, we hereby confirm that the transaction evidenced by the Plaintiff's Assignment and the Transferee's Agreement, and the assignment and sale of the proceeds from the case from Plaintiff to Transferee, do not require court approval pursuant to Section 626.99296, Florida Statutes.

FOR THE LAW FIRM:

ROTHSTEIN ROSENFELDT ADLER, P.A.

_____
Scott W. Rothstein
CEO

THE PROVISIONS OF PARAGRAPH 19 OF THE FOREGOING ARE HEREBY ACKNOWLEDGED AND AGREED TO IN ALL RESPECTS:

LMB FUNDING GROUP, as "TRANSFEREE"

_____
Name: LAURENCE KING
Title: MANAGING MEMBER

-4-

## ACKNOWLEDGEMENT OF ASSIGNMENT/PURCHASE OF SETTLEMENT PROCEEDS

The undersigned, Rothstein Rosenfeldt Adler, P.A., a law firm whose main office is in Fort Lauderdale in the State of Florida, by its authorized signature hereon, hereby acknowledges and agrees to and for the benefit of LMB Funding Group, a company organized under the laws of the State of New Jersey, having offices located at 160 Summit Avenue, Montvale, NJ 07645 (the "Transferee"), as follows:

1. We are attorney of record for the plaintiff (the "Plaintiff") in the matter assigned our internal confidential case number: **RRA-G420.**

2. As attorney of record, we are aware that the case referenced above has been settled in full, inclusive of all attorneys' fees and costs.

3. As attorney of record, we have reviewed all of the settlement documents pertaining to this matter and we have, in fact, counseled Plaintiff regarding same and have made revisions to same on Plaintiff's behalf.

4. As attorney of record, we have discussed the settlement of this matter with Plaintiff and have answered all of Plaintiff's questions to Plaintiff's full and complete satisfaction.

5. Plaintiff has advised us, in our capacity as Plaintiff's attorney, that he or she desires to settle this matter consistent with the terms set forth in the settlement documents relevant to this case.

6. As attorney of record, we have been advised by Plaintiff that Plaintiff desires to assign and sell the proceeds from the case to the Transferee, which is paying Plaintiff good and valuable consideration for same. I have further been advised that this assignment and sale is intended to be kept wholly confidential by us and that Plaintiff has agreed to keep the terms of and fact of this assignment and sale completely and wholly confidential, unless ordered otherwise by a court of competent jurisdiction.

7. We hereby confirm to and for the benefit of Transferee (a) that the Plaintiff is the "Transferor" identified in that certain Sale and Transfer Agreement, the form of which is annexed hereto as Exhibit "A" (the "Plaintiff's Assignment"), and (b) that we have discussed such terms and conditions at length with Plaintiff who has clearly and unequivocally advised us that he or she wishes to enter into the assignment and sale and believes that same is in his or her best interests.

8. We hereby confirm that upon receipt by us from the Transferee of that certain Sale and Transfer Agreement (Transferee), the form of which is annexed hereto as Exhibit "B" (the "Transferee's Agreement"), and upon receipt by us into our Attorney Florida Bar Trust (or similar) Account Number 6860755369 at Commerce Bank, Fort Lauderdale, Florida of the

NEWYORK01 1275826v4 042211-000004

amount of $600,000.00 (the "Plaintiff's Wire"), we shall disburse the Plaintiff's Wire to the Plaintiff

9. As attorney of record, we hereby acknowledge that we have no entitlement to any of the proceeds from such sale and assignment and we acknowledge and aver that all of our attorneys' fees and costs arising from our representation of Plaintiff in the referenced case and in connection with the assignment and sale herein referenced have been paid in full or that satisfactory arrangements have been made for payment of same.

10. As attorney of record, we hereby acknowledge that we have no entitlement to any of the proceeds being sold or assigned to Transferee.

11. As attorney of record, we hereby acknowledge and agree to execute any documents necessary, now and/or in the future, to assist in facilitating such sale and purchase.

12. As attorney of record, we hereby agree that we shall make no challenge to such assignment and sale at any time, now or in the future.

13. As the attorney of record and trustee of the account No. 6860755369 at Commerce Bank, Fort Lauderdale, Florida, in which account the proceeds of the settlement of Confidential Case No.: RRA-G420 are held, we hereby acknowledge that those proceeds will be held exclusively for the beneficiary of the Transferee and the Transferee's Assignee (as defined in the Transferee's Agreement), unless directed otherwise by the Transferee, the Transferee's Assignee, or a court of competent jurisdiction. Further, as attorney of record, we acknowledge and agree that we are bound to insure the timely distribution of the proceeds of this account to the Transferee or the Transferee's Assignee, as applicable, in accordance with the agreement mandating and dictating such distribution and in accordance with the Plaintiff's Assignment. By means of this acknowledgment, in the event of the death or incapacitation of both Scott W. Rothstein and Stuart Rosenfeldt, we hereby direct Commerce Bank to release the proceeds of account No.: 6860755369 only to Transferee or Transferee's Assignee, or their lawful assigns, as well as all trust account documentation pertaining to such account, unless ordered to do otherwise by a court of competent jurisdiction.

14. As attorney of record, we hereby acknowledge that we are holding the original Settlement Agreement (the proceeds of which have been assigned by Plaintiff to Transferee) and the Plaintiff's Assignment, in trust for the benefit of Transferee and Transferee's Assignee, and that we will deliver the original Settlement Agreement and Plaintiff's Assignment promptly to Transferee (should any scheduled release of proceeds of the Settlement Agreement not be released for any and all reasons) or to Transferee's Assignee (if, following instructions from Transferee's Assignee to do so following a default by Transferee under its agreement with Transferee's Assignee, any scheduled release of proceeds of the Settlement Agreement not be released for any and all reasons), upon order of a court of competent jurisdiction. We agree to promptly and expeditiously prepare and execute whatever documents are necessary should application to such court be necessary.

-2-

15. As attorney of record, we hereby acknowledge that we have identified the source of the proceeds being held in Commerce Bank Account No.: 6860755369 in accordance with and in compliance with the Bank Secrecy Act as amended by the Patriot Act and will maintain such documents should they be required at any time in the future.

16. As attorney of record, we agree that should there be a question as to the source of the proceeds being held in said account we will make such identification available to any court of competent jurisdiction and/or to any authorized regulatory agency upon receipt of a lawful order requiring same.

17. As attorney of record, we acknowledge that this transaction and its associated documentation represents a *bona fide* settlement transaction between unrelated parties and that the documentation is genuine and has been duly executed by the parties. Furthermore, we acknowledge that all documents with the reference RRA-G420 are a requisite part of said transaction and will be held in strict confidence by us as Attorney of Record. Further, as attorney of record, we agree that should there be a default in payment to Transferee of the proceeds of such settlement, that all such documents shall be produced to Transferee (or Transferee's Assignee) to assist them in protecting their interests upon order of a court of competent jurisdiction.

18. As attorney of record, I have the power to bind the law firm of RRA and I and RRA agree to indemnify, defend and hold Transferee, Transferee's Assignee, and their affiliates, and their respective directors, officers, employees, shareholders, partners and agents (collectively, the "Indemnified Parties") harmless from and against any and all claims, liability, losses, costs and expenses (including attorneys fees and costs) incurred by any Indemnified Party in connection with any breach by the Attorney of Record and/or RRA Law Firm of the above acknowledgment including all of its representations and warranties, unless same is caused by an intentional act of the applicable Indemnified Party.

19. RRA acknowledges that Transferee's rights under the Plaintiff's Assignment have been collaterally assigned (any party to whom such of Transferee's rights are so collaterally assigned is herein referred to as "Transferee's Assignee"). RRA agrees that, upon receipt by RRA of documentation from Transferee's Assignee purporting to evidence such collateral assignment, and upon notice from Transferee's Assignee that a material default has occurred in any contractual or other obligation owing from Transferee to Transferee's Assignee, and upon receipt by RRA of irrevocable instruction from Transferee's Assignee to pay all Settlement Proceeds, as and when the same are due and owing to Transferor purchase to the Settlement Agreement, to Transferee's Assignee, then from and after receipt of such instruction RRA shall pay all Settlement Proceeds, as and when the same are due and owing to Transferor purchase to the Settlement Agreement, to Transferee's Assignee. Transferee, by its countersignature hereon, hereby irrevocably consents and agrees to all of the foregoing provisions and hereby warrants and represents to and for the benefit of RRA that, as a condition to any collateral assignment by Transferee to Transferee's Assignee of Transferee's rights under the Plaintiff's Assignment, Transferee's Assignee has agreed to be bound by each and every confidentiality provision of the

-3-

Settlement Agreement and of Plaintiff's Assignment, unless otherwise compelled by a court of competent jurisdiction.

20. As attorney of record, we hereby confirm that the transaction evidenced by the Plaintiff's Assignment and the Transferee's Agreement, and the assignment and sale of the proceeds from the case from Plaintiff to Transferee, do not require court approval pursuant to Section 626.99296, Florida Statutes.

FOR THE LAW FIRM:

ROTHSTEIN ROSENFELDT ADLER, P.A.

_____
Scott W. Rothstein
CEO

THE PROVISIONS OF PARAGRAPH 19 OF THE FOREGOING ARE HEREBY ACKNOWLEDGED AND AGREED TO IN ALL RESPECTS:

LMB FUNDING GROUP, as "TRANSFEREE"

_____
Name: LAURENCE KING
Title: MANAGING MEMBER

-4-