UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)

In re                                                    CASE NO. 09-34791-BKC-RBR
                                                         CHAPTER 11

ROTHSTEIN ROSENFELDT ADLER, P.A.,

        Debtor.

_____/

HERBERT STETTIN, not individually but as                 ADV. NO.
Chapter 11 Trustee of the estate of the Debtor,
Rothstein Rosenfeldt Adler, P.A.,

        Plaintiff,

v.

SCOTT WALTER ROTHSTEIN; 29 BAHIA, LLC;
235 GC, LLC; 350 LOP # 2840, LLC; 353BR, LLC;
708 SPANGLER, LLC; 1012 BROWARD, LLC;
1198 DIXIE, LLC; 1299 FEDERAL, LLC; 2133 IP,
LLC; 10630 # 110, LLC; 15158, LLC; AAMG, LLC;
AAMG1, LLC; AAMM HOLDINGS, LLC; ABT
INVESTMENTS, LLC; ADVANCED SOLUTIONS,
LLC; BAHIA PROPERTY MANAGEMENT, LLC;
BOAT ANAGEMENT, LLC; BOSM HOLDINGS,
LLC; BOVA PRIME, LLC; BOVA RESTAURANT
GROUP, LLC; THE BOVA GROUP, LLC; BOVA
SMOKE, LLC; BOVCU, LLC; BOVRI, LLC; CI 07,
LLC; CI 08, LLC; CI 16, LLC; CI 27, LLC; CSU,
LLC; D & D MANAGEMENT & INVESTMENT,
LLC; D & S MANAGEMENT AND INVESTMENT,
LLC; DJB FINANCIAL HOLDINGS, LLC;
DYMMU, LLC; FIFTH COURT FINANCIAL, LLC;
FULL CIRCLE FT. LAUDERDALE, LLC; GHW1,
LLC; IDNLGEAH, LLC; ILK3, LLC; IS
MANAGEMENT, LLC; JUDAH, LLC; NF
SERVICING, LLC; NRI 11, LLC; NRI 15, LLC; NS
HOLDINGS, LLC; BFHI, LLC; PK ADVENTURES,
LLC; PK'S WILD RIDE, LTD; ROTHSTEIN
FAMILY FOUNDATION, INC.; RRA
CONSULTING, INC.; RRA GOAL LINE
MANAGEMENT, LLC; RRA SPORTS &
ENTERTAINMENT, LLC; RSA 11TH ST, LLC; RW

COLLECTIONS, LLC; S&KEA, LLC; SCORH,
LLC; TIPP, LLC;  VGS, LLC; THE WALTER
FAMILY, LLC; WALTER INDUSTRIES, LLC;
WPBRS, LLC; REN GROUP, LLC; CCCN, LLC;
TB22N, LLC; TLBN, LLC; UG, LLC; SPAC
INVESTMENTS, LLC; GBPT, LLC; RET GROUP,
LLC; REP GROUP, LLC; REC GROUP, LLC; REV
GROUP, LLC; VGSI, LLC; QT, LLC; WAWW,
LLC; WAWW 2, LLC; WAWW 3, LLC; WAWW 4,
LLC; WAWW 5, LLC; WAWW 6, LLC;
WAWW 7, LLC; WAWW 8, LLC; WAWW 9, LLC;
WAWW 10, LLC; WAWW 11, LLC; WAWW 12,
LLC; WAWW 13, LLC; WAWW 14, LLC; WAWW
15, LLC; WAWW 16, LLC; WAWW 17, LLC;
WAWW 18, LLC; WAWW 19, LLC; WAWW 20,
LLC; WAWW 21, LLC; WAWW 22, LLC; MRISC,
LLC; RES GROUP, LLC; JJ FINANCE
HOLDINGS, LLC; MLC 350, LLC; and JB BOCA
M HOLDINGS, LLC,

      Defendants.

_____/

## VERIFIED COMPLAINT FOR DAMAGES AND OTHER RELIEF

HERBERT STETTIN (the "Trustee" or "Stettin"), not individually but as Chapter 11

Trustee of the estate of the Debtor, ROTHSTEIN ROSENFELDT ADLER P.A. (the "Debtor" or

"RRA"), files this Verified Complaint for Damages and Other Relief against the Defendants,

SCOTT WALTER ROTHSTEIN ("Rothstein"), 29 BAHIA, LLC; 235 GC, LLC; 350 LOP #

2840, LLC; 353BR, LLC; 708 SPANGLER, LLC; 1012 BROWARD, LLC; 1198 DIXIE, LLC;

1299 FEDERAL, LLC; 2133 IP, LLC; 10630 # 110, LLC; 15158, LLC; AAMG, LLC; AAMG1,

LLC; AAMM HOLDINGS, LLC; ABT INVESTMENTS, LLC; ADVANCED SOLUTIONS,

LLC; BAHIA PROPERTY MANAGEMENT, LLC; BOAT MANAGEMENT, LLC; BOSM

HOLDINGS, LLC; BOVA PRIME, LLC; BOVA RESTAURANT GROUP, LLC; THE BOVA

GROUP, LLC; BOVA SMOKE, LLC; BOVCU, LLC; BOVRI, LLC; CI 07, LLC; CI 08, LLC;

CI 16, LLC; CI 27, LLC; CSU, LLC; D & D MANAGEMENT & INVESTMENT, LLC; D & S

MANAGEMENT AND INVESTMENT, LLC; DJB FINANCIAL HOLDINGS, LLC; DYMMU, LLC; FIFTH COURT FINANCIAL, LLC; FULL CIRCLE FT. LAUDERDALE, LLC; GHW1, LLC; IDNLGEAH, LLC; ILK3, LLC; IS MANAGEMENT, LLC; JUDAH, LLC; NF SERVICING, LLC; NRI 11, LLC; NRI 15, LLC; NS HOLDINGS, LLC; BFHI, LLC; PK ADVENTURES, LLC; PK'S WILD RIDE, LTD; ROTHSTEIN FAMILY FOUNDATION, INC.; RRA CONSULTING, INC.; RRA GOAL LINE MANAGEMENT, LLC; RRA SPORTS & ENTERTAINMENT, LLC; RSA 11TH ST, LLC; RW COLLECTIONS, LLC; S&KEA, LLC; SCORH, LLC; TIPP, LLC;  VGS, LLC; THE WALTER FAMILY, LLC; WALTER INDUSTRIES, LLC; WPBRS, LLC; REN GROUP, LLC; CCCN, LLC; TB22N, LLC; TLBN, LLC; UG, LLC; SPAC INVESTMENTS, LLC; GBPT, LLC; RET GROUP, LLC; REP GROUP, LLC; REC GROUP, LLC; REV GROUP, LLC; VGSI, LLC; QT, LLC; WAWW, LLC; WAWW 2, LLC;  WAWW 3, LLC; WAWW 4, LLC; WAWW 5, LLC; WAWW 6, LLC; WAWW 7, LLC; WAWW 8, LLC; WAWW 9, LLC; WAWW 10, LLC; WAWW 11, LLC; WAWW 12, LLC; WAWW 13, LLC; WAWW 14, LLC; WAWW 15, LLC; WAWW 16, LLC; WAWW 17, LLC; WAWW 18, LLC; WAWW 19, LLC; WAWW 20, LLC; WAWW 21, LLC; WAWW 22, LLC; MRISC, LLC; RES GROUP, LLC; JJ FINANCE HOLDINGS, LLC; MLC 350, LLC; and JB BOCA M HOLDINGS, LLC (collectively, the "Rothstein Entities"), and alleges:

### The Parties, Jurisdiction & Venue

1.    RRA was a law firm that was incorporated in the State of Florida on February 7, 2002. RRA maintained a principal office at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida, with satellite offices in Miami, Boca Raton, West Palm Beach and New York City.

2.      Rothstein is an individual who resides in Broward County, Florida.

3.      Until he was permanently disbarred by Order of the Florida Supreme Court dated November 25, 2009, Rothstein had been a member of the Florida Bar since 1988 and, prior to November 2, 2009, was RRA's Chief Executive Officer and fifty percent shareholder.

4.      The Rothstein Entities are limited liability companies, limited partnerships, and/or corporations organized and existing under the laws of the States of Florida, Delaware and New York and/or other domestic or foreign jurisdictions. The Rothstein Entities were not separate and distinct legal entities from RRA because their existence was directly attributable to, and entirely dependent upon, the operations of RRA. At all times material hereto, the Rothstein Entities, among other things, conducted business from RRA's offices, were funded with monies provided by RRA, and utilized RRA's personnel and office equipment to conduct business.

5.      At all times material hereto, Rothstein caused RRA to transfer funds to, between and/or among RRA, Rothstein and the Rothstein Entities, while RRA, through Rothstein, continued to exercise dominion and control of and over such funds, which were thereafter used to acquire real and personal property of substantial value for Rothstein and the Rothstein Entities. The precise nature, extent and whereabouts of all of the assets of Rothstein and the Rothstein Entities are not yet fully known, except that certain valuable assets of Rothstein and the Rothstein Entities were seized by the U.S. government during November, 2009.

6.      On November 2, 2009, Stettin was appointed as RRA's Receiver. On November 11, 2009, Stettin was appointed as RRA's Chief Restructuring Officer, and thereafter by Order dated November 20, 2009, was appointed Chapter 11 Trustee of RRA.

7.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a), 1334(b), 2201 and 2202.

8. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (E), (H) and (O), and the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Factual Allegations Common to All Counts**

10. On November 10, 2009 (the "Petition Date"), a group of petitioning creditors filed an involuntary petition for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") against RRA in the wake of allegations, which have proven to be true, that Rothstein had perpetrated a massive Ponzi scheme.

11. The involuntary petition was filed after RRA learned that Rothstein utilized RRA's business to fraudulently secure investments in fictitious structured settlements and that Rothstein funneled those investments funds through accounts labeled as "trust accounts" titled in the name of RRA, as well as RRA's other financial institution accounts, to Rothstein personally and to the Rothstein Entities.

12. Rothstein represented to prospective investors that certain clients of RRA had claims which were settled and that the defendants were obligated to pay settlement proceeds to RRA for the benefit of the clients over an extended period of time.

13. Rothstein further represented that certain clients of RRA were willing to assign their interests in the periodic payments in exchange for an immediate discounted lump sum payment.

14. As part of his scheme, Rothstein offered prospective investors the opportunity to pay discounted lump sum payments to RRA for the purported benefit of its clients in exchange for assignments by the clients of their interest in the full periodic payments.

15.    To accomplish this scheme, Rothstein provided prospective investors with a copy of a redacted contingency fee agreement between RRA and its client, a copy of a redacted settlement agreement between RRA's client and the purported defendant, a sale and transfer agreement, an acknowledgement of assignment/purchase of settlement proceeds agreement, a guaranty executed by Rothstein both personally and on behalf of RRA, a defense agreement, a copy of a redacted wire transfer confirmation purporting to evidence the payment of the settlement proceeds into RRA's trust account, and correspondence detailing the transaction on RRA's letterhead.

16.    Rothstein falsified the existence of the client, falsified the existence of the settlement, falsified the existence of the settlement proceeds, falsified the documents, and misappropriated the investor funds to himself and to the Rothstein Entities.

17.    As part of his scheme, Rothstein utilized his position as an attorney and as an owner and officer of RRA, his relationship with existing clients of RRA and RRA's financial institution accounts in order to effectuate the fraudulent sale of fictitious structured settlements.

18.    In sum, Rothstein utilized the RRA law firm to perpetrate a fraudulent scheme by engaging in the sale of non-existent structured settlements.

19.    Rothstein used the staff and premises of the RRA law firm as his command center for his fraudulent scheme to benefit himself and the Rothstein Entities.

20.    Indeed, while the scheme was ongoing, RRA rapidly grew from a 7 attorney in 2002. to 70 attorneys and 80 support staff in 2009.  Prior to 2005, Rothstein was a virtual unknown in legal, political, and charitable circles.  Subsequent to 2005, Rothstein and RRA gained the reputation of being a premier law firm with significant political and charitable connections.  Rothstein's Ponzi scheme provided the monies necessary for RRA's operations and

growth.   Moreover, substantially all funds flowed to and through RRA's bank accounts to Rothstein and the Rothstein Entities.

21.    Upon information and belief, Rothstein bilked investors out of more than five hundred million dollars.  A recently published article quoted an F.B.I. source as saying the actual figure could be as high as $1 Billion.

22.    RRA filed a Complaint against Rothstein in Broward County Circuit Court on November 2, 2009, and Stettin was appointed as RRA's Receiver on November 4, 2009.

23.    The Order Appointing Receiver found that Rothstein had relinquished his authority with respect to the firm's management by virtue of, *inter alia,* his failure to appear at the duly noticed hearings.

24.    On or about November 4, 2009, federal authorities executed a search warrant and seized various records from RRA's offices.

25.    On November 9, 2009, the United States filed a Verified Complaint for Forfeiture *In Rem* against eight real properties purchased by, with, or on behalf of Rothstein or through the Rothstein Entities (the "Forfeiture Complaint"), followed by an Amended Verified Complaint for Forfeiture *In Rem* filed on November 23, 2009, against various other real properties, vehicles, and vessels, tangibles, bank accounts, business interests, and contributions (the "Amended Forfeiture Complaint").

26.    On or about November 9, 2009, federal authorities seized other assets, including motor vehicles, yachts, watches, jewelry and other personal property titled in the name of Rothstein and the Rothstein Entities.

27.    The Amended Forfeiture Complaint alleges that:

7

(a)     Rothstein operated a Ponzi scheme since approximately 2005 and acquired the subject properties in connection with such Ponzi scheme;

(b)     investor monies generated through the Ponzi scheme were deposited into RRA's trust account;

(c)     these types of fraudulent investments had been offered by Rothstein to a variety of persons and entities throughout the United States for at least four years in a scheme involving hundreds of millions of dollars; and

(d)     Rothstein purchased many properties in the names of nominee corporations including "C1 07 LLC," "C1 08 LLC," "C1 16 LLC," "29 Bahia LLC," "MLC 350 LLC," "350 LOP # 2840 LLC," and "JB Boca M Holdings LLC," each of which are named Defendants in this action.

28.     At all times material hereto, Rothstein formed, operated or otherwise treated RRA and the Rothstein Entities as his alter egos and as his mere instrumentality in committing the fraud described hereinabove.

29.     For all purposes, Rothstein, the Rothstein Entities, and RRA were single economic entities and RRA and the Rothstein Entities simply functioned as a façade for Rothstein as their dominant shareholder.

30.     By notice filed November 25, 2009, RRA, by and through the Trustee, consented to the entry of an Order for Relief under Chapter 11 of the Bankruptcy Code. As such, the Trustee is the duly authorized fiduciary on behalf of the Debtor.

31.     All conditions precedent to the filing of this action have been performed, have occurred, have been waived or have otherwise been excused.

8

<u>COUNT I</u>
<u>ACTION SEEKING TO SUBSTANTIVELY CONSOLIDATE NON-DEBTOR</u>
<u>ROTHSTEIN AND THE NON-DEBTOR ROTHSTEIN ENTITIES</u>
<u>WITH AND INTO THE BANKRUPTCY ESTATE OF THE DEBTOR</u>

The Trustee sues Rothstein and the Rothstein Entities and alleges:

32.     The Trustee re-alleges paragraphs 1 through 31 above.

33.     This is an action to substantively consolidate non-debtor Rothstein and the non-debtor Rothstein Entities, along with their respective assets and liabilities, with and into the Debtor's bankruptcy estate pursuant to Section 105 of the Bankruptcy Code.

34.     At all times material hereto, Rothstein formed, operated and/or otherwise treated RRA and the Rothstein Entities as his alter egos, such that substantive consolidation of the assets and liabilities of Rothstein and the Rothstein Entities with and into the Debtor's bankruptcy estate is necessary and appropriate.

35.     In addition to the foregoing, and to the extent necessary or appropriate, substantive consolidation is also necessary and appropriate for other reasons which include, but are not necessarily limited to, the following:

> (a)     Rothstein and the Debtor were both engaged in the same line of business-to wit, the practice of law, which included the offering of certain purported investment vehicles, all of which were part of the ongoing Ponzi scheme;
>
> (b)     Rothstein, the Rothstein Entities, and the Debtor conducted business from the same business location at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301-4252;
>
> (c)     Rothstein, the Rothstein Entities, and the Debtor operated as a single economic unit commingling assets and business functions;

9

(d)    The business affairs of Rothstein, the Rothstein Entities, and the Debtor are inextricably intertwined and entangled;

(e)    Untangling the financial and business affairs of Rothstein, the Rothstein Entities, and the Debtor would be extremely costly, if not impossible to do;

(f)    The separate financial affairs of Rothstein, the Rothstein Entities, and the Debtor were disregarded so significantly pre-petition such that their creditors relied on the breakdown of entity borders and treated them as a single legal entity;

(g)    The Rothstein Entities and the Debtor functioned as a façade for Rothstein who acted as the dominant shareholder in all business activities;

(h)    The Rothstein Entities and the Debtor were not adequately capitalized for their legitimate business operations; the Rothstein Entities and the Debtor were not solvent during their business operations; Rothstein did not function properly as a shareholder, officer, and director of the Rothstein Entities and the Debtor; and Rothstein and the Rothstein Entities siphoned off the Debtor's corporate funds for his personal use;

(i)    The Rothstein Entities were each formed and operated by Rothstein for improper purposes, including to operate a massive Ponzi scheme and to otherwise hinder, delay or defraud creditors of the Debtor;

(j)    To the extent applicable, creditors dealt with Rothstein, the Rothstein Entities, and the Debtor as a single economic unit;

(k)    To the extent applicable, creditors did not rely on the separate identity of Rothstein, the Rothstein Entities, and the Debtor in extending credit; and

(l)    The benefits of consolidation will far outweigh any harm from consolidation; and

(m)    Separating the assets and liabilities of Rothstein, the Rothstein Entities, and the Debtor would be prohibitively expensive and detrimental to all creditors.

36.    Based upon the foregoing, substantive consolidation of non-debtor Rothstein and the non-debtor Rothstein Entities, along with their respective assets and liabilities, with and into the bankruptcy estate of the Debtor, is necessary and appropriate.

WHEREFORE, the Trustee demands the entry of judgment against Rothstein and the Rothstein Entities substantively consolidating each, along with their respective assets and liabilities, with and into the bankruptcy estate of the Debtor, that such substantive consolidation be without prejudice to protect and preserve the right of the Debtor, Rothstein and the Rothstein entities to commence and prosecute separate claims under Chapter 5 of the Bankruptcy Code and avoidance claims under applicable state law, and for such other relief the Court may deem appropriate.

**COUNT II**
**ACTION TO IMPOSE ALTER EGO**
**LIABILITY AND PIERCE CORPORATE VEIL**

The Trustee sues Rothstein and the Rothstein Entities and alleges:

37.    The Trustee re-alleges paragraphs 1 through 31 above.

38.    This is an action to impose alter ego liability upon Rothstein and the Rothstein Entities for the debts and liabilities of the Debtor, and to pierce the corporate veil of the Rothstein Entities for the benefit of the Debtor

39.    Rothstein operated and otherwise treated the Debtor and the Rothstein Entities as his alter egos and/or as his mere instrumentalities in committing the fraud described hereinabove.

40.    For all purposes, Rothstein, the Rothstein Entities, and the Debtor were single economic entities and the Debtor and the Rothstein Entities functioned as a façade for Rothstein as their dominant shareholder.

41.    Among the factors, which existed at all times material hereto, supporting alter ego liability: (i) the Debtor and Rothstein were both engaged in the same line of business; that is, the practice of law; (ii) the Debtor, Rothstein, and the Rothstein Entities conducted business from the same business location using the business premises and staff of the Debtor; (iii) the Debtor and the Rothstein Entities were not adequately capitalized to conduct legitimate business operations; (iv) the Debtor and the Rothstein Entities were insolvent or otherwise not paying their debts as they became due; (v) the Rothstein Entities failed to observe proper corporate formalities; and (vi) Rothstein caused RRA and the Rothstein Entities to comingle funds used in and for their operations, and caused substantial funds to be transferred from RRA to himself and the Rothstein Entities for little or no consideration.

WHEREFORE, the Trustee demands the entry of judgment against Rothstein and the Rothstein Entities: (i) piercing the corporate veil of the Rothstein Entities; (ii) determining that Rothstein and the Rothstein Entities are alter egos of one another; (iii) determining that Rothstein and the Rothstein Entities are alter egos of the Debtor; (iv) determining that Rothstein and Rothstein Entities are liable for all of the debts and liabilities of the Debtor; (v) determining that

all assets titled in the name of Rothstein and the Rothstein Entities are property of the Debtor's bankruptcy estate and are subject to the jurisdiction of this Court; and (vi) for such other relief the Court may deem appropriate.

**COUNT III**
**ACTION SEEKING ENTRY OF TEMPORARY**
**AND PERMANENT INJUNCTION**

The Trustee sues Rothstein and the Rothstein Entities and alleges:

42.    The Trustee re-alleges paragraphs 1 through 41 above.

43.    This is an action requesting the entry of a preliminary and permanent injunction against Rothstein and the Rothstein Entities as alter egos of the Debtor pursuant to Rule 65 of the Federal Rules of Civil Procedure, as incorporated into Rule 7065 of the Federal Rules of Bankruptcy Procedure.

44.    Rothstein funneled investment funds through the Debtor's "trust," operating and other financial institution accounts to Rothstein and the Rothstein Entities for his own use.

45.    Rothstein utilized funds misappropriated from the Debtor to acquire real and personal property of significant value for the benefit of Rothstein and the Rothstein Entities. The precise nature, extent and whereabouts of all of the assets of Rothstein and the Rothstein Entities is not yet fully known.

46.    Rothstein, who had been arrested but had not yet been indicted as of the date of the filing of this action, still maintains the ability to exercise dominion and control over at least some of his personal assets as well as the assets of the Rothstein Entities (but not the assets of the Debtor) including, but not limited to, the ability to transfer or withdraw balances in financial institution accounts to himself, his affiliates, and third parties.

47.    If Rothstein and the Rothstein Entities are permitted to continue to exercise dominion and control over personal assets and the assets of the Rothstein Entities, there is a significant likelihood that such assets will be transferred, concealed, dissipated, and/or destroyed to the detriment of the Debtor's creditors.

48.    The Debtor, its estate and its creditors would suffer irreparable harm if the personal assets of Rothstein and the assets of the Rothstein Entities were transferred, concealed, dissipated, and/or destroyed.

49.    The Trustee has a clear legal right to an order enjoining Rothstein and the Rothstein Entities from transferring, concealing, dissipating, and/or destroying the assets of Rothstein and the Rothstein Entities.

50.    Maintaining the *status quo* is therefore necessary and protective of the interests of all parties.

51.    The Trustee lacks an adequate remedy at law.

52.    The public interest would be served by an Order enjoining Rothstein and the Rothstein Entities from transferring, concealing, dissipating, and/or destroying the assets of Rothstein and the Rothstein Entities.

WHEREFORE, the Trustee demands the entry of appropriate orders and a final judgment against Rothstein and the Rothstein Entities: (i) imposing a preliminary and a permanent injunction against Rothstein, the Rothstein Entities, and Rothstein Entities' members, managers, partners, joint venturers, officers, directors, agents, attorneys, employees, shareholders, and affiliates, past or present, and all others in custody, possession or control of funds, documents, or other property of the Debtor, Rothstein, and the Rothstein Entities and the proceeds or products thereof (the "Enjoined Parties"), from, among other things, (a) taking any action, directly or

14

indirectly, to transfer, conceal, dissipate, destroy, encumber, hypothecate, abandon or otherwise dispose of any and all income, revenue, funds, contracts, licenses, contract rights, real property, tangible and intangible personal property and any other legal or equitable asset or property right (the "Assets") of, or received, directly or indirectly, from the Debtor, Rothstein, and/or the Rothstein Entities without the written consent of the Trustee; (b) restraining and enjoining the Enjoined Parties from authorizing, causing, effectuating or acquiescing in such acts which might have the effect of impairing the value of the assets of the Debtor, Rothstein, and/or the Rothstein Entities; (c) transferring or withdrawing balances on deposit in financial institution accounts of the Debtor, Rothstein, the Rothstein Entities, and/or any of their affiliates; and (d) enjoining any and all actions seeking a receivership or commencing an involuntary bankruptcy proceeding against Rothstein and the Rothstein Entities; and (ii) for such other relief the Court may deem appropriate.

**COUNT IV**
**ACTION SEEKING TURNOVER OF PROPERTY TO THE**
**BANKRUPTCY ESTATE AND FOR AN ACCOUNTING**

The Trustee sues Rothstein and the Rothstein Entities and alleges:

53.      The Trustee re-alleges paragraphs 1 through 31 above.

54.      To the extent the Court grants the relief demanded in Counts I and/or II above, this action seeks the turnover of property of the Debtor's bankruptcy estate pursuant to Section 542 of the Bankruptcy Code, as well as an accounting in connection therewith.

55.      At all times material hereto, Rothstein caused RRA to transfer funds to, between and/or among RRA, Rothstein and the Rothstein Entities, while RRA, through Rothstein, continued to exercise dominion and control of and over such funds, which were thereafter used to acquire real and personal property of substantial value for Rothstein and the Rothstein Entities.

The precise nature, extent and whereabouts of all of the assets of Rothstein and the Rothstein Entities are not yet fully known, except that certain valuable assets of Rothstein and the Rothstein Entities were seized by the U.S. government during November, 2009.

56.     All of the property held by Rothstein and the Rothstein Entities was acquired with funds misappropriated from the Debtor and hence constitutes property of the Debtor's bankruptcy estate pursuant to Section 541 of the Bankruptcy Code.

57.     The Trustee is entitled to the immediate turnover of all such property and to an accounting in regard to such property.

WHEREFORE, the Trustee demands the entry of judgment against Rothstein and the Rothstein Entities: (i) ordering them to turn over to the Trustee all funds, property, assets and other things of value acquired with funds misappropriated from the Debtor; (ii) ordering Rothstein and the Rothstein Entities to account to the Trustee regarding the status, use and current location of such funds, property and assets; and (iii) for such other relief the Court may deem appropriate.

**COUNT V**
**ACTION TO AVOID AND RECOVER FRAUDULENT**
**TRANSFERS PURSUANT TO 11 U.S.C. §§ 544 AND**
**548 AND CHAPTER 726 OF THE FLORIDA STATUTES**

The Trustee sues Rothstein and the Rothstein Entities and alleges:

58.     The Trustee re-alleges paragraphs 1 through 31 above.

59.     This is an action to avoid and recover fraudulent transfers from RRA to Rothstein and the Rothstein Entities (collectively, the "Transfers").

60.     Pursuant to 11 U.S.C. § 548 and/or 11 U.S.C. § 544 and Chapter 726 of the Florida Statutes, a Chapter 11 trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within 2 years

(under Section 548 of the Bankruptcy Code) and 4 years (under Chapter 726 of the Florida Statutes) before the date of the filing of the petition, if the debtor voluntarily or involuntarily – (A) made such transfer or incurred such obligation with the actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; or (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

61.     Pursuant to 11 U.S.C. § 550, in a fraudulent transfer action commenced under Sections 544 and 548 of the Bankruptcy Code and Chapter 726 of the Florida Statutes, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from – (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.

62.     The Transfers constitute transfers of an interest in property of the Debtor to Rothstein and the Rothstein Entities within two years (under Section 548) and four years (under Chapter 726) prior to the Petition Date.

63.     The Debtor did not receive reasonably equivalent value for the Transfers because it: (i) was insolvent at the time of the Transfers or became insolvent as a result thereof; or (ii) was engaged or was about to engage in a business or transaction for which the remaining assets of the

Debtor were unreasonably small in relation to the business or transaction; or (iii) intended to incur, or believed or reasonably should have believed, that it would incur debts beyond its ability to pay as they came due.

64.     In addition, the Transfers were made with actual intent to hinder, delay or defraud creditors of the Debtor, and such Transfers were not received in good faith by Rothstein and the Rothstein Entities.  Among other badges of fraud, at or near the time of the Transfers, the Debtor: (i) was insolvent; (ii) was not paying its debts as they became due; (iii) did not receive reasonably equivalent value for the Transfers; (iv) made the Transfers to Rothstein, the Rothstein Entities and entities owned or controlled by Rothstein who are "insiders" under the Bankruptcy Code;

65.     As a result of these improper acts, the Trustee can avoid the Transfers pursuant to Sections 544 and 548 of the Bankruptcy Code and Chapter 726 of the Florida Statues, and recover the value thereof for the benefit of the estate pursuant to Section 550 of the Bankruptcy Code.

WHEREFORE, the Trustee demands the entry of judgment against Rothstein and the Rothstein Entities: (i) avoiding the Transfers in amounts to be determined by the Court; (ii) awarding to the Trustee the amount or value of the Transfers, plus pre-judgment interest and costs; (iii) disallowing any claim that Rothstein and the Rothstein Entities may have against the Debtor until such time the Transfers are re-paid to the Trustee pursuant to 11 U.S.C. § 502(d); and (iv) awarding such other relief the Court may deem appropriate.

## COUNT VI
## ACTION FOR CONVERSION AGAINST
## ROTHSTEIN AND THE ROTHSTEIN ENTITIES

The Trustee sues Rothstein and the Rothstein Entities and alleges:

66.     The Trustee re-alleges paragraphs 1 through 31 above.

67.    The Debtor had a possessory right and interest to the funds in its financial institution accounts superior to that of Rothstein and the Rothstein Entities.

68.    Rothstein and the Rothstein Entities converted funds in the Debtor's financial institution accounts in the form of withdrawals, wire transfers, payments, and other transfers.

69.    The Debtor and its creditors were deprived of the use of the funds converted by Rothstein and the Rothstein Entities.

70.    As a direct and proximate result of this conduct, the Debtor and its creditors have not had the use of the funds converted by Rothstein and the Rothstein Entities.

71.    By reason of the above, the Debtor is entitled to an award of compensatory damages, in an amount to be determined at trial.

72.    The conscious, willful, wanton, and malicious conduct of Rothstein and the Rothstein Entities entitles the Debtor to an award of punitive damages, in an amount to be determined at trial.

WHEREFORE, the Trustee demands the entry of judgment against Rothstein and the Rothstein Entities for compensatory damages, special damages, consequential damages and punitive damages, along with an award if pre-judgment interest and costs, and for such other relief the Court may deem appropriate.

### COUNT VII
### ACTION FOR UNJUST ENRICHMENT AGAINST
### ROTHSTEIN AND THE ROTHSTEIN ENTITIES

The Trustee sues Rothstein and the Rothstein Entities and alleges:

73.    The Trustee re-alleges paragraphs 1 through 31 above.

74.     The Debtor conferred a benefit upon Rothstein and the Rothstein Entities when the Debtor transferred its funds and property to Rothstein and the Rothstein Entities without receiving any value in exchange therefor.

75.     Rothstein and the Rothstein Entities accepted and retained the funds and property transferred by the Debtor and received additional transfers, interest, profits, and other enhancements as a result of these transfers.

76.     Equity and good conscience require full restitution by Rothstein and the Rothstein Entities of the Debtor's funds and property as well as any additional appreciation, interest, profits, and other enhancements resulting therefrom.

77.     The acceptance and retention of the Debtor's funds and property as well as any additional appreciation, interest, profits, and other enhancements resulting therefrom has unjustly enriched Rothstein and the Rothstein Entities to the detriment of the Debtor and the Debtor's creditors.

78.     The Debtor lacks an adequate remedy at law.

WHEREFORE, the Trustee demands the entry of judgment against Rothstein and the Rothstein Entities in an amount equal to the value of the property Rothstein improperly and illegally caused the Debtor to transfer to himself and the Rothstein Entities, along with an award of pre-judgment interest and costs, and for such other relief the Court may deem appropriate.

**COUNT VIII**
**ACTION FOR AN ACCOUNTING AGAINST**
**ROTHSTEIN AND THE ROTHSTEIN ENTITIES**

The Trustee sues Rothstein and the Rothstein Entities and alleges:

79.     The Trustee re-alleges paragraphs 1 through 31 above.

80.     As set forth above, the Debtor's funds and property have been wrongfully diverted as a result of fraudulent conveyances, breaches of fiduciary duties, conversions, and other wrongdoing of Rothstein and the Rothstein Entities for Rothstein's individual interests and enrichment.

81.     To quantify the amount of funds and property converted by Rothstein and the Rothstein Entities from the Debtor, it will be necessary for Rothstein and the Rothstein Entities to obtain an accounting of such transfers of funds and property received from the Debtor as well as any additional appreciation, interest, profits, and other enhancements resulting therefrom. Complete information regarding the amount of such transfers converted by Rothstein and the Rothstein Entities for their own benefit is within their possession, custody, and control.

82.     These issues involve complicated and extensive accounts and the remedy at law would not be as full, adequate and expeditious as it is in equity.

83.     The Debtor lacks an adequate remedy at law.

WHEREFORE, the Trustee demands the entry of judgment against Rothstein and the Rothstein Entities requiring Rothstein and the Rothstein Entities to provide an accounting of all funds and property received from the Debtor, directly or indirectly, and for such other relief the Court may deem appropriate.

### COUNT IX
### ACTION FOR BREACH OF FIDUCIARY
### DUTY AGAINST ROTHSTEIN

The Trustee sues Rothstein and alleges:

84.     The Trustee re-alleges paragraphs 1 through 31 above.

85.     At all times material hereto, Rothstein owed a fiduciary duty to the Debtor and a relationship of trust existed between them.

86.    The Debtor had the right to trust that Rothstein, as a licensed member of the Florida Bar, its Chief Executive Officer and fifty percent shareholder, would not use the Debtor's name, assets, relationships with clients and financial institutions to convert funds of the Debtor, or to otherwise engage in any illegal or improper activities.

87.    Rothstein breached his fiduciary duty to the Debtor by, among other things, using the Debtor's name, assets, relationships with clients and financial institutions to convert funds of the Debtor, and to otherwise engage in illegal and improper activities.

88.    The breaches of fiduciary duty by Rothstein were the proximate cause of the damages suffered by the Debtor including, but not limited to, compensatory damages, special damages, consequential damages and punitive damages.

WHEREFORE, the Trustee demands the entry of judgment against Rothstein for compensatory damages, special damages, consequential damages and punitive damages, along with an award of pre-judgment interest and costs and for such other relief the Court may deem appropriate.

## RESERVATION OF RIGHTS

89.    The Trustee reserves his right to amend this Complaint upon completion of his investigation and discovery in order to assert any additional claims for relief against the Defendants as may be warranted under the circumstances and as allowed by law.

Dated this 1st day of December, 2009.

WE HEREBY CERTIFY that we are admitted to the Bar of the U.S. District Court for the Southern District of Florida and that we are in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

GENOVESE JOBLOVE & BATTISTA, P.A.
Special Counsel to the Trustee
Bank of America Tower at International Place
100 S.E. 2ⁿᵈ Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Telecopier: (305) 349-2310

By:  /s/ David C. Cimo
     David C. Cimo, Esq.
     Florida Bar No. 775400
     John H. Genovese, Esq.
     Florida Bar No. 280852
     Paul J. Battista, Esq.
     Florida Bar. No. 884162
     Theresa Van Vliet, Esq.
     Florida Bar No. 374040
     Robert F. Elgidely, Esq.
     Florida Bar No. 111856

## VERIFICATION

BEFORE ME, the undersigned authority, personally appeared Herbert Stettin, not individually, but in his capacity as Chapter 11 Trustee of the Debtor, Rothstein Rosenfeldt Adler, P.A., and upon being duly sworn, states that based upon the investigation conducted by himself and his retained professionals, he is familiar with the matters referred to in the foregoing Verified Complaint, that he has reviewed the same, and that the factual statements contained therein are true, accurate and correct, except for legal conclusions and for those matters that are stated to be upon information and belief, which he believes to be true.

Herbert Stettin

STATE OF FLORIDA           )
                           )ss.
COUNTY OF MIAMI-DADE       )

The foregoing pleading was acknowledged before me this 1st day of December, 2009, by HERBERT STETTIN, not individually but in his capacity as Chapter 11 Trustee of the Debtor, Rothstein Rosenfeldt Adler, P.A., who is personally known to me (or who has produced _____ _____ as identification) and who did take an oath.

(SEAL)

Notary Public, State of Florida



KAREN HOTALING
MY COMMISSION # DD 579676
EXPIRES: October 20, 2010
Bonded Thru Notary Public Underwriters

24