UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                    CASE NO.:  09-34791-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,        CHAPTER 11

    Debtor.
_____/

## NOTICE OF TAKING RULE 2004 EXAMINATION WITH DUCES TECUM

    The Trustee, Herbert Stettin, by and through the undersigned attorney, will examine the Corporate Representative of Levinsons' Jewelers under oath on **December 21, 2009, beginning at 9:30 a.m., at the offices of Berger Singerman, 350 E. Las Olas Blvd. Suite 1000, Fort Lauderdale, FL 33301**.  The examination may continue from day to day until completed.  If the examinee receives this notice less than 14 days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time.

    The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, and will be taken before an officer authorized to record the testimony.  The scope of the examination shall be as described in Bankruptcy Rule 2004.  Pursuant to Local Rule 2004-1 no order shall be necessary.  [If the examination is of a witness other than the debtor, the Local Form "Subpoena for Rule 2004 Examination is included with this notice.]

    **The Examinee is requested to bring to the examination all of the documents described on the attached Exhibit "A" and also subject to the Definitions and Instructions provided below.**

I. **DEFINITIONS AND INSTRUCTIONS**:

The following definitions shall apply to this Request:

    A.    "You" means the Examinee whose deposition is being taken in accordance with this notice.

    B.    "RRA" means the law firm of Rothstein Rosenfeldt & Adler, P.A.

    C.    "RRA Entity" means any of Scott Walter Rothstein; 29 Bahia, LLC; 235 GC, LLC; 350 LOP #2840; 353BR, LLC; 708 Spangler, LLC; 1012 Broward, LLC; 1198 Dixie, LLC; 1299 Federal, LLC; 2133 IP, LLC, 10630 # 110, LLC; 15158, LLC; AAMG, LLC; AAMG1, LLC; AAMM Holdings, LLC; ABT Investments, LLC; Advanced Solutions, LLC; Bahia Property Management, LLC; Boat Anagement, LLC; BOSM HOLDINGS, LLC; Bova Prime, LLC; Bova Restaurant Group, LLC; The Bova Group, LLC; Bova Smoke, LLC; BOVCU, LLC; BOVRI, LLC; CI 07, LLC; CI 08, LLC; CI 16, LLC; CI 27, LLC; CSU, LLC; D & D Management & Investment, LLC; D & S Management and Investment, LLC; DJB Financial Holdings, LLC; DYMMU, LLC; Fifth Court Financial, LLC; Full Circle Ft. Lauderdale, LLC; GHW1, LLC; IDNLGEAH, LLC; IS Management, LLC; Judah, LLC; NF Servicing, LLC; NRI 11, LLC; NRI 15, LLC; NS Holdings, LLC; BFHI, LLC; PK Adventures, LLC; PK'S Wild Ride, Ltd.; Rothstein Family Foundation, Inc.; RRA Consulting, Inc.; RRA Goal Line Management, LLC; RRA Sports & Entertainment, LLC; RSA 11th St, LLC; RW Collections, LLC; S&KEA, LLC; SCORH, LLC; VGS, LLC; The Walter Family, LLC; Walter Industries, LLC; WPBRS, LLC; Ren Group, LLC; CCCN, LLC; TB22N, LLC; TLBN, LLC; UG, LLC; SPAC Investments, LLC; GBPT, LLC; RET Group, LLC; REP Group, LLC; REC Group, LLC; REV Group, LLC; VGSI, LLC; QT, LLC; WAWW, LLC; WAWW 2, LLC; WAWW 3, LLC;

WAWW 4, LLC; WAWW 5, LLC; WAWW 6, LLC; WAWW 7, LLC; WAWW 8, LLC; WAWW 9, LLC; WAWW 10, LLC; WAWW 11, LLC; WAWW 12, LLC; WAWW 13, LLC; WAWW 14, LLC; WAWW 15, LLC; WAWW 16, LLC; WAWW 17, LLC; WAWW 18, LLC; WAWW 19, LLC; WAWW 20, LLC; WAWW 21, LLC; WAWW 22, LLC; MRISC, LLC; RES Group, LLC; JJ Finance Holdings, LLC; MLC 350, LLC; and JB Boca M Holdings, LLC and includes any and all agents, employees, servants, officers, directors, attorneys and any other person or entity acting or purporting to act on his behalf.

D.      "Person" as used herein means any natural person or any entity, including without limitation any individual, firm, corporation, company, joint venture, trust, tenancy, association, partnership, business, agency, department, bureau, board, commission, or any other form of public, private or legal entity.  Any reference herein to any public or private company, partnership, association, or other entity include such entity's subsidiaries and affiliates, as well as the present and former directors, officers, employees, attorneys, agents and anyone acting on behalf of, at the direction of, or under the control of the entity, its subsidiaries or its affiliates.

E.      "Documents" shall mean the original or copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copied or produced in any other manner whatsoever.  Without limiting the generality of the foregoing, "documents" shall include correspondence, letters, telegrams, telexes, mailgrams, memoranda, including inter-office and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, including meetings, invoices, reports,

receipts and statements of account, ledgers, notes or notations, notes or memorandum attached to or to be read with any document, booklets, books, drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained. Copies of documents, which are not identical duplications of the originals or which contain additions to or deletions from the originals or copies of the originals if the originals are not available, shall be considered to be separate documents.

  F. "Documents" shall also include all electronic data storage documents including but not limited to e-mails and any related attachments, electronic files or other data compilations which relate to the categories of documents as requested below. Your search for these electronically stored documents shall include all of your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, proprietary software and inactive or unused computer disc storage areas.

  G. "Communications" shall mean any oral or written statement, dialogue, colloquy, discussion or conversation and, also, means any transfer of thoughts or ideas between persons by means of documents and includes an transfer of data from one location to another by electronical or similar means.

  H. "Related to" shall mean, directly or indirectly, refer to, reflect, mention, describe, pertain to, arise out of or in connection with or in any way legally, logically, or factually be connected with the matter discussed.

  I. As used herein, the conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions,

and shall <u>not</u> be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any Request.

  J. Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall <u>not</u> be interpreted so as to exclude any information or documents otherwise within the scope of the Request.

  K. Unless otherwise specified herein, the time frame for each Request is from and including January 1, 2006 to the present.

  L. If you content that you are entitled to withhold any responsive document(s) on the basis of privilege or other grounds, for each and every such document specify:

(i) The type or nature of the document;

(ii) The general subject matter of the document;

(iii) The date of the document;

(iv) The author, addressee, and any other recipient(s) of the document; and

(v) The basis on which you content you are entitled to withhold the document.

  M. If you assert that any document called for by this request is protected against disclosure as the attorney's work product doctrine or by the attorney-client privilege, you shall provide the following information with respect to such document:

a. the name and capacity of the person or persons who prepared the documents;

b. the name and capacity of all addresses or recipients of the original or copies thereof;

c. the date, if any, borne by the document;

d. a brief description of its subject matter and physical size;

e. the source of the factual information from which such document was prepared; and

f.   the nature of the privilege claimed.

N.   You must produce all documents within your case, custody or control that are responsive to any of these Requests. A document is deemed within your care, custody or control if you have the right or ability to secure the document or a copy thereof from any other person having physical possession thereof.

O.   If you at any time had possession, custody or control of a document called for under this request and if such document has been lost, destroyed, purged, or is not presently in your possession, custody or control, you shall describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

P.   All documents produced pursuant hereto are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

Q.   When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the examinee, the debtor, the attorney for the debtor and the trustee this 8th day of December, 2009, (i) by electronic mail through the Court's CM/ECF system to those parties who are registered users; and (ii) via first class, U.S. Mail.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

        BERGER SINGERMAN
        Counsel to Trustee, Herbert Stettin
        350 E. Las Olas Boulevard
        Suite 1000
        Fort Lauderdale, FL 33301
        Tel.  (954) 525-9900
        Direct Line (954) 712 5138
        Fax   (954) 523-2872

By: */s/ Paul Steven Singerman*
        Paul Steven Singerman
        Florida Bar No.  378860
        singerman@bergersingerman.com
        Charles H. Lichtman
        Florida Bar No. 501050
        clichtman@bergersingerman.com

AND

GENOVESE, JOBLOVE & BATTISTA, P.A.
Special Litigation Counsel to Trustee,
        Herbert Stettin
David Cimo, Esq.
Florida Bar No. 775400
Direct Line (305) 372- 2439
100 S.E. 2nd Street
Suite 4400
Miami, FL 33131
Tel.  (305) 349-2300
Fax   (305) 349-2310
DCimo@gjb-law.com

**EXHIBIT A**

1. All invoices and all other related documents reflecting jewelry purchased by (i) Scott Rothstein, (ii) Rothstein, Rosenfeldt & Adler, (iii) Kim Rothstein, (iv) any RRA Entity. For purposes of this category, we seek documents that identify the name of the purchaser, a detailed description of the item purchased, the amount paid for the item and the method of payment which includes copies of checks or credit card slips.

2. All general ledger account entries that list debits and credits for jewelry purchased by any of the foregoing persons or entities listed above.

3. All agreements of any nature between Levinsons and any of the foregoing persons or entities listed above.

4. All e-mails, written memorandum or correspondence exchanged between Levinsons and any of the foregoing persons or entities listed above.

5. All titles to boats owned by Levinsons, Mark or Robin Levinson, or a business entity owned by them directly or indirectly.

6. All checks payable by Levinsons, Mark or Robin Levinson or any business entity owned by them directly or indirectly, paid to (i) Scott Rothstein, (ii) Rothstein, Rosenfeldt & Adler or (iii) any RRA Entity.

2479965-1