UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

ROTHSTEIN ROSENFELDT ADLER, P.A.,[1]

Debtor.

CASE NO.: 09-34791-BKC-RBR

Chapter 11 Case

_____/

**TRUSTEE'S NOTICE OF FILING MOTION TO MODIFY PROTECTIVE ORDER
[D.E. 13] AND AUTHORIZE THE UNITED STATES MARSHALS SERVICE TO
TURNOVER 8 BANK ACCOUNTS FILED IN THE
UNITED STATES DISTRICT COURT, CRIMINAL DIVISION**

Herbert Stettin ("Stettin" or "Trustee") the Chapter 11 Trustee of Rothstein Rosenfeldt

Adler, P.A. ("RRA" or "Debtor"), by and through undersigned counsel, hereby give notice of

filing of the attached *Chapter 11 Bankruptcy Trustee's Motion to Modify Protective Order*

*[D.E. 13] And To Authorize the United States Marshals Service to Turnover 8 RRA Bank*

*Accounts* [D.E. 17], in the United States District Court, Criminal Division in Case No. 09-

60331-CR-COHN.

Respectfully submitted this 15th day of December, 2009.

BERGER SINGERMAN, P.A.
Attorneys for the Trustee
200 S. Biscayne Blvd., Ste. 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:   /s/ *Isaac M. Marcushamer*
Paul Steven Singerman
Florida Bar No. 378860
Singerman@bergersingerman.com
Isaac M. Marcushamer
Florida Bar No. 0060373
imarcushamer@bergersingerman.com

---

[1] The address and last four digits of the taxpayer identification number of the Debtor, Rothstein Rosenfeldt Adler,
P.A., is Las Olas City Centre, 401 E. Las Olas Blvd, Suite 1650, Fort Lauderdale, Florida 33301 (TIN 7961).

2501525-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

UNITED STATES OF AMERICA

v.                                            Case No. 09-60331-CR-COHN

SCOTT W. ROTHSTEIN

_____/

## CHAPTER 11 BANKRUPTCY TRUSTEE'S MOTION TO MODIFY PROTECTIVE ORDER [D.E.13] AND TO AUTHORIZE THE UNITED STATES MARSHALS SERVICE TO TURNOVER 8 RRA BANK ACCOUNTS.

Herbert Stettin ("Stettin" or "Trustee"), the Chapter 11 Trustee of Rothstein Rosenfeldt Alder, P.A. ("RRA" or "Debtor"), hereby moves for entry of an order *modifying this Court's Protective Order [D.E.13[1]] and authorizing the United States Marshals Service to turnover 8 RRA bank accounts* (the "Motion"). In support of this motion, the Trustee respectfully states as follows:

### BACKGROUND

1.      On November 10, 2009, four petitioning creditors commenced an involuntary chapter 11 case against RRA in the United States Bankruptcy Court in and for the Southern District of Florida (Case No. 09-34791-BKC-RBR; the "Bankruptcy Case"). [Bankruptcy Case D.E 1]. The Bankruptcy Case was assigned to the Honorable Judge Raymond B. Ray.

2.      Judge Ray entered an Order for Relief in the Bankruptcy Case on November 30, 2009 [Bankruptcy Case D.E. 66].

---

[1] All "D.E." references are to 09-cr-60331, unless otherwise noted.

3.     Prior to the commencement of the Bankruptcy Case, Stuart A. Rosenfeldt ("Rosenfeldt"), on behalf of himself and RRA, filed a lawsuit against Scott W. Rothstein ("Rothstein") alleging multiple wrongful acts by Rothstein, RRA's former Chief Executive Officer and seeking the appointment of a receiver for RRA (the "Receivership Action"). *Exhibit A* attached hereto.

4.     On November 4, 2009 the State Court presiding over the Receivership Action (a) removed Rothstein as the Chief Executive Officer, and (b) appointed Stettin as the Receiver for RRA. *Exhibit B* attached hereto.

5.     On November 20, 2009 Judge Ray entered an order directing the appointment of a trustee [Bankruptcy Case D.E. 30]. On November 20, 2009, the United States Trustee's office selected Stettin as the Trustee in the Bankruptcy Case. [Bankruptcy Case D.E. 35].   On, November 25, 2009, Stettin's appointment as Trustee was ratified by Judge Ray. [Bankruptcy Case D.E.55].

6.     On December 1, 2009, the defendant in this case, Rothstein, was charged by way of Information with several violations of federal law, including RICO conspiracy, money laundering conspiracy, and wire and mail fraud.

7.     On November 9, 2009 the United States also commenced civil forfeiture proceedings against various Rothstein and RRA assets, this case (09-cv-61780-WJZ) ("Civil Forfeiture Case") is currently pending before Judge Zloch. On November 23, 2009, and again on November 29, 2009, the United States filed Amended Complaints in the Civil Forfeiture Case [Civil Forfeiture Case D.E. 14 and 19]. On November 16, 2009, Rothstein consented to the forfeiture of several assets, the signed Stipulation and Settlement agreement was filed in the Civil Forfeiture case on December 3, 2009 [Civil Forfeiture Case D.E. 20].

8.     On December 1, 2009 Stettin, filed an adversary proceeding, Case No. 09-02478-BKC-RBR-A (the "Sub Con Adversary") before Judge Ray, seeking, among other things, to substantively consolidate Rothstein and the other named defendants with and into the Debtor. [Sub Con Adversary D.E.1]. The Trustee also filed an emergency Motion for a Preliminary Injunction ("Injunction Motion") [Sub Con Adversary D.E.2]. Judge Ray held a hearing on the Injunction Motion on December 3, 2009. Prior to entry of an order in respect of the Injunction Motion by Judge Ray, the United States filed its Motion for Protective Order [D.E. 12] before this Court. On December 7, 2009 this Court entered its Protective Order. [D.E.13] (the "Protective Order").

9.     This Court's Protective Order states that "This Protective Order shall remain in full force and effect until further order of this Court." Protective Order at paragraph H.

10.     The United States noted in its Motion for Protective Order [D.E.12] that it had been in contact with Stettin about the role the Trustee should play in the disposition of assets of RRA and Rothstein. Stettin confirms that he has been in contact with representatives of the United States regarding the role that Stettin, as the Bankruptcy Court appointed fiduciary, could play in the disposition of assets and recovery for investor and non-investor victims (collectively the "Victims") of Rothstein's fraud. Stettin and his advisors intend to continue to work cooperatively and collaboratively with the United States in order to advance their joint overriding goal of maximizing distributions to Victims of Rothstein's fraud.[2]

---

[2] There are many examples of collaborative efforts between district courts and bankruptcy courts in ponzi scheme and fraud cases, including: (i) *In re Financial Federated Title & Trust Inc.*,99-26616-BKC-RBR (Bankr. S.D. Fla. 1999)(J.Ray); *United States v. Brandau et al*, 99-8125-Cr- Hurley (S.D. Fla. 1999)(J. Hurley) (Chapter 11 Bankruptcy Trustee also appointed Criminal Restitution Receiver by district court); (ii) *In re DrierLLP*, 08-15051-SMB (Bankr. S.D.N.Y. 2008); *United States v. Dreier*, 09-cr-085- JSR (S.D.N.Y. 2008)(*sua sponte* order scheduling joint status conference with all judges involved to resolve outstanding bankruptcy and forfeiture issues); and (iii) *United States v. Frykholm*, 362 F.3d 413 (7th Cir. 2004)(noting, in a ponzi scheme case, that the bankruptcy code is a superior way to marshal assets and distribute them to creditors than the forfeiture statute).

11.     As the Bankruptcy Court appointed fiduciary for RRA, Stettin has been receiving inquiries from various parties who had money in RRA denominated "trust accounts". For example, there is one individual who has contacted the Trustee seeking the funds from the closing on the sale of his home. These funds were supposed to have been held in trust and were in fact transferred into one of the accounts that is currently the subject of this Court's Protective Order. However, the current status of those funds is now in question because of possible commingling of funds in the account. The Trustee, as part of his statutorily imposed duties, is required to undertake an accounting of the so called trust accounts in order to determine if there are any parties whose monies are still being held in trust and subject to Court approval seek to distribute these funds in accordance with applicable law.

12.     The Trustee must also address the various claims that have been made by the former employees and trade creditors of RRA. These people expected to be paid out of the operating income of RRA. The operating accounts of RRA appear to have been indiscriminately used by Rothstein in furtherance of his allegedly illicit activities and also to pay the legitimate operating expenses of RRA. The Trustee requires access to these operating accounts in order to continue and finish his forensic reconciliation and eventually make distributions to the parties entitled to payment under applicable law.

## RELIEF REQUESTED

13.     By this Motion, Stettin respectfully requests that this Court modify its Protective Order and authorize the United States Marshals Service to turn over the following bank accounts, as identified on Exhibit A to the Protective Order (the "Bank Accounts"):

a. BA2- Gibraltar Bank[3] account 50010085, in the approximate amount of $484,900.68

b. BA3- Gibraltar Bank account 50010093, in the approximate amount of $53,448.51

c. BA4- Gibraltar Bank account 50010053, in the approximate amount of $71,793.06

d. BA5- Gibraltar Bank account 50010014, in the approximate amount of $995,521.42

e. BA9- Toronto Dominion Bank, N.A., account 6860291266 in the name of Rothstein Rosenfeldt Adler P.A. which, on or about November 11, 2009 contained the approximate amount of $54,021.27

f. BA10- Toronto Dominion Bank, N.A., account 6861011556 in the name of Rothstein Rosenfeldt Adler P.A. which, on or about November 11, 2009 contained the approximate amount of $10,085.00

g. BA11- Toronto Dominion Bank, N.A., account 6860420923 in the name of Rothstein Rosenfeldt Adler P.A., Attorney Trust account 3, which, on or about November 11, 2009 contained the approximate amount of $720,892.08

h. BA15- Toronto Dominion Bank, N.A., account 6861077714 in the name of Rothstein Rosenfeldt Adler P.A. which, on or about November 11, 2009 contained the approximate amount of $20,080.00

14.     The Government has corresponded with Stettin in respect of certain accounts held by T.D. Bank N.A. In its correspondence the United States has indicated that

---

[3] BA2, BA3, BA4, BA5, were closed as of November 10, 2009, and all funds were confirmed transferred on November 11, 2009 to Trustee controlled accounts located at Bank Atlantic.

notwithstanding the its position that seizure of the accounts held by T.D. Bank N.A. does not violate the automatic stay, the United States is not seeking turn over and compliance by T.D. Bank N.A. but has not released its interests in such bank accounts at this time. *See Exhibit C* attached hereto.

15.     All of the Bank Accounts listed are titled in the name of RRA, the Debtor in the Bankruptcy Case. Pursuant to the Bankruptcy Code, "the commencement of a case under section 301, 302 or 303 of [the Bankruptcy Code] creates an estate." 11 U.S.C. §541(a). With some specifically listed exceptions in 11 U.S.C. §541, the estate consists of all "legal or equitable interests of the debtor in property as of the commencement of the case." All of the above listed accounts were property of the Debtor estate upon the filing of the Bankruptcy Case. The Trustee has a fiduciary duty to the bankruptcy estate of RRA and its creditors, including victims of Rothstein's fraud, to administer, monetize and distribute property of the RRA bankruptcy estate. In addition to the foregoing general—but important—duties of the bankruptcy Trustee, former clients of RRA have inquired of the Trustee and some are making demand upon him for the return of funds allegedly remitted to one or more accounts of RRA denominated "trust accounts."[4] The Trustee wishes to execute his fiduciary duties in respect of the Bank Accounts and cannot do so in light of the terms of the Protective Order.

16.     The United States Supreme Court, long ago, noted that "is the purpose of the Bankrupt Act to convert the assets of the bankrupt into cash for distribution among creditors..." *Williams v. United States Fidelity & Guaranty Co.*, 236 U.S. 549, 554 (1915); *accord In re Atlanta International Raceway, Inc.*, 513 F.2d 546, 550 (5th Cir.1975). Judge Ray has

---

[4] For example, in late October 2009, parties from Venezuela deposited almost $1.4 million into RRA accounts that are listed herein and are now seeking to recover their money. Based on current information these funds were comingled with other funds. Extensive forensic analysis is required to recreate an accounting of the transactions that occurred in and among the RRA accounts.

previously noted that the bankruptcy process has "specialized capabilities of orderly liquidation" and that "bankruptcy is highly specialized field designed to convert non-liquid assets into cash and then distribute the cash in a proscribed manner." *In re 101 Monument Road*, 07-20345-BKC-RBR, Order Denying Motion to Dismiss [D.E.93] (Bankr. S.D. Fla. January 29, 2008).

17. Mr. Stettin believes that a cooperative and collaborative relationship with the United States can and should be forged and does not intend for this Motion and the relief sought herein to inhibit the development of such a relationship and the advancement of the joint goal of the Trustee and the United States to maximize and expedite distributions to all Victims of Rothstein's fraud.

WHEREFORE, Herbert Stettin the Chapter 11 Trustee of Rothstein Rosenfeldt Adler P.A., respectfully requests that this Court enter an order: (i) modifying its Protective Order [D.E.13]; (ii) authorizing the United States Marshals Service to turnover the property listed above in paragraph 10; and (iii) granting any other relief that is deemed just and appropriate.

Dated: December 15, 2009          Respectfully Submitted,

BERGER SINGERMAN, P.A.
*Counsel for Chapter 11 Trustee*
200 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340


By:   /s/ Paul Steven Singerman
Paul Steven Singerman
singerman@bergersingerman.com
Florida Bar No. 378860
Isaac Marcushamer
imarcushamer@bergersingerman.com
Florida Bar No. 0060373

2498421-3

## SERVICE LIST FOR CRIMINAL CASE
## CASE NO.: 09-60331-CR-COHN

Marianella Morales, Esquire
Authorized Agent For Joining Creditors
Avenida Francisco de Miranda
Torre Provincial "A"
Piso 8
Caracas, Venezuela
**(VIA FEDEX)**

John H. Genovese, Esq. **(VIA CM/ECF)**
Robert F. Elgidely, Esq.
Theresa M.B. Van Vliet, Esq.
Genovese Joblove & Battista, PA
Bank Of America Tower at International Place
100 S.E. 2nd Street
Suite 4400
Miami, Florida 33131
Phone: (305) 349-2300
Fax (305) 349-2310

Kendall Coffey, Esq. **(VIA EMAIL)**
Coffey Burlington,
Office in the Grove
Penthouse
2699 South Bayshore Drive
Miami, Florida 33133
kcoffey@coffeyburlington.com

The Honorable Herbert M. Stettin
One Biscayne Tower
Suite 3700
Two South Biscayne Boulevard
Miami, Florida 33131

John G. Bianco, Esq. **(VIA CM/ECF)**
John M. Mulli, Esquire
Tripp Scott
110 Southeast Sixth Street
Fifteenth Floor
Fort Lauderdale, Fl. 33301
jgb@trippscott.com

Alison W. LehtR **(VIA CM/ECF, EMAIL
AND CERTIFIED MAIL)**
Assistant United States Attorney
99 N.E. 4th Street
7th Floor
Miami, Florida 33132
Phone: (305) 961-9176
Fax: (305) 536-7599
Alison.Lehr@usdoj.gov

Stuart A. Rosenfeldt, Esq. **(VIA EMAIL)**
Rothstein Rosenfeldt Adler, PA
401 East Las Olas Boulevard
Suite 1650
Fort Lauderdale, Florida 33301
srosenfeldt@rra-law.com

Jeffrey R. Sonn, Esq. **(VIA EMAIL)**
Sonn & Erez, PLC
Broward Financial Center
500 E. Broward Boulevard
Suite 1600
Fort Lauderdale, Florida 33394
Phone: (954) 763-4700
Fax (954) 763-1866
jsonn@sonnerez.com

Office of the US Trustee **(EMAIL AND FEDEX)**
51 Southwest First Avenue
Suite 1204
Miami, Florida 33130

Thomas Tew, Esq. **(VIA EMAIL)**
Lynn Maynard Gollin, Esq.
Tew-Cardenas, LLP
Four Seasons Tower
15th Floor
1441 Brickell Avenue
Miami, Florida 33131-3407
tt@tewlaw.com
lmg@tewlaw.com

Conrad & Scherer, LLP **(VIA EMAIL)**
633 South Federal Highway
Fort Lauderdale, FL 33301
Tel: 954-462-5500
bs@conradscherer.com
JSilver@conradscherer.com

Michael D. Seese, Esq. **(VIA EMAIL)**
Hinshaw & Culbertson, LLP
1 E Broward Blvd Ste 1010
Ft Lauderdale, Florida 33301
Tel: 954.4677900
Fax: 954.4671024
mseese@hinshawlaw.com

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114
**(Via U.S. Mail)**

Internal Revenue Service
Special Procedures - Insolvency
7850 SW 6th Court
Plantation, FL  33324
Tel.: (954) 423-7300
Fax.: (305) 982-5406
**(Via Fedex)**

Special Asst. U.S. Attorney
P.O. Box 9, Stop 8000
51 SW 1st Avenue, #1114
Miami, Fl  33130
Fax: (305) 530-7139
**(Via Fedex)**

Grant J. Smith, Esq. **(VIA EMAIL)**
Rothstein Rosenfeldt Adler, P.A.
401 East Las Olas Blvd
Suite 1650
Fort Lauderdale, FL 33301
gsmith@rra-law.com

United Healthcare
Dept. CH 10151
Palatine, IL 60055
**(Via US Mail)**

Special Asst. U.S. Attorney
IRS District Counsel
1000 S. Pine Island Rd., Ste 340
Plantation, FL 33324-3906
**(Via Fedex)**

The Honorable Eric H. Holder, Jr.
Attorney General of the U.S.
950 Pennsylvania Avenue, NW Room 4400
Washington, DC  20530-0001
**(Via Certified Mail and Fedex)**

Honorable Jeffrey H. Sloman,
Acting U.S. Attorney
99 NE 4th Street
Miami, Fl  33132
**(Via Certified Mail and Fedex)**

Daniel Mink
Ovadia Levy
c/o Renato Watches, Inc
14051 NW 14th Street
Sunrise, Florida 33323
**(Via Fedex)**

William George Salim, Jr. **(VIA CM/ECF)**
Moskowitz Mandell & Salim
800 Corporate Dr Ste 510
Fort Lauderdale, Florida 33334
wsalim@mmsslaw.com
Tel: 954.491-2000
Fax:  954.4912051

USI **(VIA EMAIL)**
Attn: Anthony Gruppo
200 West Cypress Creek Road
Suite 500
Fort Lauderdale, FL 33309
Tel: 954-607-4000
Anthony.gruppo@usi.biz

Marc Nurik, Esq. **(VIA EMAIL AND FEDEX)**
Rothstein Rosenfeldt Adler, P.A.
401 East Las Olas Blvd
Suite 1650
Fort Lauderdale, FL 33301
mnurik@rra-law.com

2

BAST AMRON LLP **(VIA CM/ECF)**
SunTrust International Center
One Southeast Third Avenue
Suite 1440
Miami, Florida 33131
Telephone: (305) 379-7904
Facsimile: (305) 379-7905
bamron@bastamron.com
jbast@bastamron.com

Mark Bloom, Esq. **(VIA EMAIL)**
Greenberg Traurig, LLP
1221 Brickell Avenue
Miami, FL 33131
T 305.579.0500
F 305.579.0717
bloomm@gtlaw.com

Robert D. Critton, Esq. **(VIA EMAIL)**
Burman, Critton, Luttier & Coleman
303 Banyan Blvd., Suite 400
West Palm Beach, FL 33401
rcrit@bclclaw.com

Roth & Scholl **(VIA EMAIL)**
Attn: Jeffrey C. Roth, Esq.
Attorneys For Creditor Blue
Capital Us East Coast Properties, L.P.
866 South Dixie Highway
Coral Gables, Fl 33146
Telephone: (305) 662-4141
jeff@rothandscholl.com

Rogers, Morris & Ziegler, LLP **(VIA EMAIL)**
1401 East Broward Blvd
Suite 300
Fort Lauderdale, FL 33301
Tel: (954) 462-1431
Fax: (954) 763-2692
mfbooth@rmzlaw.com

Arthur C. Neiwirth, Esq. **(VIA CM/ECF)**
One E. Broward Blvd., Suite 1400
Ft. Lauderdale, FL 33301
Tel: (954) 523-7008
Fax: (954) 523-7009
aneiwirth@qpwblaw.com

The Florida Bar **(VIA EMAIL)**
Adria E. Quintela, Esq.
Alan Anthony Pascal, Esq.
Lake Shore Plaza II
1300 Concord Terrace, Suite 130
Sunrise, FL 33323
aquintel@flabar.org
apascal@flabar.org

Micheal w. Moskowitz, Esq. **(VIA E-MAIL)**
800 Corporate Drive, Suite 500
Ft. Lauderdale, FL 33234
mmoskowitz@mmsslaw.com

Francis L. Carter, Esq. **(VIA E-MAIL)**
Katz Barron Squitero Faust
2699 S. Bayshore Drive, 7th Floor
Miami, Florida 33133
Tel: 305-856-2444
Fax: 305-285-9227
flc@katzbarron.com

Bradley S. Shraiberg, Esq. **(VIA EMAIL)**
2385 NW Executive Drive
Suite 300
Boca Raton, Florida 33431
Tel: 561-443-0800
Fax: 561-998-0047
bshraiberg@sfl-pa.com

3

Henry S. Wulf, Esq. **(VIA EMAIL)**
CARLTON FIELDS, P.A.
525 Okeechobee Blvd., Suite 1200
West Palm Beach, Florida 33401
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
E-Mail: hwulf@carltonfields.com

EMESS Capital, LLC **(VIA EMAIL)**
c/o Bruce A. Katzen, Esq.
201 S. Biscayne Blvd., 17th Floor
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428
E-Mail: bkatzen@klugerkaplan.com

Ira Sochet, Trustee **(VIA EMAIL)**
Revocable Intervivos Trust of Ira Sochet
c/o Phil Hudson, Esq.
200 South Biscayne Blvd, Suite 3600
Miami, Florida 33130
Telephone: (305) 374-3330
Facsimile: (305) 374-4744
E-Mail: pmhudson@arnstein.com

Coquina Investments **(VIA EMAIL)**
c/o Patricia A. Redmond, Esq.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3553
Facsimile: (305) 789-3395
E-Mail: predmond@stearnsweaver.com

Michael I. Goldberg, Esq. **(VIA EMAIL)**
Las Olas Centre - Suite 1600
350 East Las Olas Blvd
Fort Lauderdale, FL 33301
Telephone: (305) 463-2700
Facsimile: (305) 463-2224
E-Mail: Michael.goldberg@akerman.com

Jeffrey Kaplan (**Via Certified Mail and Fedex**)
United States Attorney's Office
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, FL 33301-3002
Telephone: (954) 356-7255 Ext. 3515
Facsimile: (954) 356-7336
E-mail: Jeffrey.kaplan@usdoj.gov

Lawrence D. LaVecchio (**Via Certified Mail and Fedex**)
United States Attorney's Office
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, FL 33301-3002
Telephone: (954) 356-7255
Facsimile: (954) 356-7336
E-mail: Lawrence.lavecchio@usdoj.gov

Paul Schwartz (**Via Certified Mail and Fedex**)
United States Attorney's Office
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, FL 33301-3002
Telephone: (954) 356-7255
Facsimile: (954) 356-7336
E-mail: Paul.schwartz@usdoj.gov

Grisel Alonso (**Via Certified Mail and Fedex**)
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132
Telephone: (305) 961-9176
Facsimile: (305) 536-7599
E-mail: Grisel.alonso@usdoj.gov

2501184-1

**EXHIBIT "A"**

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

COMPLEX BUSINESS DIVISION

CASE NO. ___0 9 0 5 9 3 0 1

STUART A. ROSENFELDT, individually,
and ROTHSTEIN ROSENFELDT ADLER, P.A.,
a Florida Professional Service Corporation,

    Plaintiffs,

**07**

v.

SCOTT W. ROTHSTEIN, individually,

    Defendant.



A TRUE COPY

NOV 02 2009

CLERK OF CIRCUIT COURT
BROWARD COUNTY, FL

_____/

### COMPLAINT FOR DISSOLUTION
### AND FOR EMERGENCY APPOINTMENT OF A RECEIVER

Plaintiffs, Stuart A. Rosenfeldt, individually, and Rothstein Rosenfeldt Adler, P.A.
(sometimes referred to as the "firm"), files this action against Scott W. Rothstein, and alleges as
follows:

### PRELIMINARY STATEMENT

It is with surprise and sorrow that the attorneys of Rothstein Rosenfeldt Adler, P.A. have
learned that Scott W. Rothstein, the managing partner and CEO of the firm, has, according to
assertions of certain investors, allegedly orchestrated a substantial misappropriation of funds
from investor trust accounts that made use of the law firm's name. The investment business
created and operated by Rothstein centered around the sale of interests in structured settlements.
Immediate judicial action is being sought to facilitate the investigation and accounting of
investor funds and to address the ongoing affairs of the firm in an appropriate manner.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

Meanwhile, there is no necessity for the receiver to assume any control of the firm's law practice because the dedicated attorneys and staff are continuing to assure that the interests of the firm's clients will remain paramount and will be fully protected.

Stuart Rosenfeldt and the firm have filed this action to minimize any further damage caused by Mr. Rothstein, to emphasize that the innocent attorneys and staff of the firm are not implicated in this controversy, and, most importantly, to protect the best interests of their clients.

## NATURE OF ACTION

1.      This is an action for judicial dissolution of the firm, an accounting, and appointment of a receiver pursuant to Florida Statutes Sections 607.1430(3), 607.1431 and 607.1432.

2.      Plaintiff Rosenfeldt is the firm's president. He has the inherent authority to initiate this emergency litigation.

3.      Defendant Rothstein is the firm's managing partner and CEO. Rothstein, a charismatic and talented lawyer, has controlled firm management, especially financial matters, and has not extended access to core financial matters and records to any other attorney at the firm.

4.      Plaintiff Rosenfeldt and Defendant Rothstein are the sole owners of the equity in the firm.

5.      The firm's principal office is located at 401 East Las Olas Blvd, Suite 1650, Fort Lauderdale, FL 33301.

6.      Venue properly lies with this Court because the firm's principal office is in Broward County.

2

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

## BACKGROUND AND GROUNDS FOR DISSOLUTION

### The Firm

7.     The firm was founded by Plaintiff Rosenfeldt and Defendant Rothstein in 2002.

8.     The firm's practice was originally focused on labor and employment law, but the firm grew rapidly and its practice areas expanded to include intellectual property, corporate law, mergers and acquisitions, real estate, criminal defense, class actions, mass torts and personal injury claims, among others.

9.     The firm currently has seven offices, with locations in Florida, New York, and Venezuela, and employs over 70 lawyers.

10.    The firm has an outstanding group of attorneys, staff members, including distinguished former judges, many of whom have statewide, even national reputations, for professional excellence.

### The Settlement Funding Scheme

11.    Firm lawyers learned in the past few days about irregularities surrounding a settlement funding business operated by Rothstein. The settlement funding business involved the purchase of structured legal settlements and the sale of these settlements to investors. Various investors have informed the firm that they believe that substantial funds are not properly accounted for and are missing. A review of the firm's records undertaken over this past weekend indicates that various funds unrelated to the direct practice of law cannot be accounted for, circumstances suggesting that investor money may have been misused by Rothstein who controlled all such accounts. Some investors allege that Defendant Rothstein may have been fabricating non-existent structured legal settlements for sale to investors.

3
COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

12.    Defendant Rothstein's allegedly improper activities were done without any knowledge of the other attorneys at the firm, and, in fact, Rothstein actively endeavored to hide the existence of the scheme. It was not until several days ago that Plaintiff Rosenfeldt or any of the other lawyers at the firm discovered some of the circumstances concerning Defendant Rothstein's actions and the alleged improprieties.

13.    The firm's attorneys still have extremely limited knowledge concerning the allegations, and yet, recognize the importance of proceeding expeditiously to undercover the truth. Thus, the emergency appointment of a receiver is critical to undertake at least a preliminary inquiry concerning Defendant Rothstein's conduct, and to make appropriate recommendations to the Court concerning any further investigation.

### Misuse of the Investor Trust Accounts

14.    With respect to the settlement funding scenario, Plaintiffs only recently discovered troubling information concerning Defendant Rothstein's investor trust accounts and details surrounding the transactions are still emerging. However, it appears that Defendant Rothstein may have transferred substantial sums out of the investor trust accounts, and that the emergency appointment of a receiver is necessary to account for and, if appropriate, consider taking action to recover the missing investor trust account funds.

### CONCLUSION

15.    Defendant Rothstein's conduct in connection with the settlement funding and the investor trust accounts appears at this point to be extensive. Under Florida Statute, a circuit court may dissolve a corporation having 35 or fewer shareholders if a sufficient showing is made with respect to improper or irregular conduct that materially injures the corporation. Moreover, based on Rothstein's own statements, there is a deadlock with respect to material aspects of the firm's

4

Coffey Burlington

Office In The Grove, Penthouse    2699 South Bayshore Drive    Miami, Florida 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com         www.coffeyburlington.com

management. Among other disagreements, he has declined to resign despite the asserted and

substantial irregularities because he purports to hold a 50% share of the law firm. Florida

Statutes provide for the appointment of a receiver in the context of these circumstances.

Dissolution and appointment of a receiver are critical to uncover the full extent of Defendant

Rothstein's activities, to consider any appropriate action to recover missing proceeds, and to

preserve, protect and review the firm's accounts and financial records.[1]

WHEREFORE, Plaintiffs demand judgment of dissolution and the appointment of a

receiver to effect the dissolution, perform an accounting of the firm's assets and liabilities,

undertake all actions necessary to uncover the extent of Defendant Rothstein's activities and to

undertake all such other actions as may be necessary and appropriate under law.

Dated this 2nd day of November, 2009.

Respectfully submitted,

COFFEY BURLINGTON
Counsel for Plaintiffs
2699 South Bayshore Drive, Penthouse
Miami, Florida 33133
(305) 858-2900

By: _____
    For KENDALL COFFEY
    Florida Bar No. 259861
    kcoffey@coffeyburlington.com

---

[1]    Annexed hereto as Exhibit A is an affidavit from Plaintiff Rosenfeldt attesting to the truthfulness
of the allegations contained herein.

5

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

CASE NO.

STUART A. ROSENFELDT, individually, and
ROTHSTEIN ROSENFELDT ADLER, P.A.,
a Florida Professional Service Corporation,

     Plaintiffs,

v.

SCOTT W. ROTHSTEIN, individually,

     Defendant.

_____/

### AFFIDAVIT OF PLAINTIFF STUART A. ROSENFELDT

STATE OF FLORIDA     )
                    ) SS:
COUNTY OF BROWARD   )

    BEFORE ME, the undersigned authority, personally appeared STUART A. ROSENFELDT, ESQUIRE, who, being first duly sworn, deposes and says as follows:

    1.    I am the President of Plaintiff Rothstein Rosenfeldt Adler, P.A.

    2.    This Affidavit is based on personal knowledge.

    3.    I have reviewed the allegations of the Complaint to which this Affidavit is annexed, and I state under penalty of perjury that the allegations contained therein are true to the best of my knowledge, information, and belief.

## CIVIL COVER SHEET (COMPLEX LITIGATION UNIT)

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075.

---

### I.    CASE STYLE

In the Circuit Court of the 17th Judicial
Circuit in and for Broward County, Florida,
Stuart A. Rosenfeldt & Individually,

Rothstein Rosenfeldt Adler, P.A,
a FL
Plaintiff(s),         Professional
Service Corp.

vs.

Scott W. Rothstein,
Defendant(s).

**09059301**

**07**

Case # _____

Judge _____

A TRUE COPY

NOV 02 2009

HOWARD C. FORMAN
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FL

---

### II.    TYPE OF CASE

**Domestic Relations**
___Simplified dissolution
___Dissolution
___Support IV-D

___Support Non IV-D
___URESA ~ IV-D
___URESA ~ Non IV-D
___Domestic Violence

___Other Domestic Relations

**Torts**
___Prof. Malpractice
___Products Liability
___Auto Negligence

___Other Negligence

___Contracts
___Condominium
___Real Property/
Mortgage Fclsre.
___Eminent Domain
_X_Other

---

X. This case is appropriate for assignment to the Complex Litigation Unit.

Please see attached Business Commercial Addendum if filing a commercial case.

Page 1 of 4

Definition of Complex Litigation. A "complex case" is a case involving a complex legal and case management issues requiring extensive judicial management to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel.

In deciding whether an action is a complex case, the court must consider whether the action (excluding domestic relations cases) is likely to involve:

(a) Numerous pre-trial motions raising difficult or novel legal issues or legal issues that are inextricably intertwined that will be time consuming to resolve;

(b) Management of a large number of separately represented parties;

(c) Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court;

(d) Management of a large number of witnesses or a substantial amount of documentary evidence (including electronically stored information);

(e) Substantial time required to complete the trial;

(f) Management at trial of a large number of expert witnesses, attorneys or exhibits;

(g) Substantial post-judgment judicial supervision; and

(h) Any other factors identified by the court or a party.

III. Is Jury Trial Demanded in Complaint?
____Yes  ✗ No

Date: 10/2/09

Signature of Attorney or Party
Initiating Action
Firm Coffey Burlington
Address 2699 South Bayshore Drive
City, State Zip Miami, Fla. 33133

## CIVIL COVER SHEET BUSINESS-COMMERCIAL ADDENDUM
### (PARTY OR ATTORNEY FILING ACTION MUST SELECT WHICH APPLIES)

Cases Subject to Complex Litigation Unit. All jury, non-jury, injunction and class action case shall be assigned to the Complex Litigation Unit if they are among the following types of actions.

THE PARTY OR ATTORNEY FILING ACTION MUST CIRCLE AT LEAST ONE OF THE PARAGRAPHS NUMBERS BELOW:

    A.    Any of the following where the amount in controversy is in excess of $150,000:

    1.    Claims arising from U.C.C. related transactions, if complex;
    2.    Claims arising from the purchase and sales of business or the assets of a business including contract disputes, commercial landlord-tenant claims and business torts;
    3. .    Claims involving the sale of goods of services by or to business enterprises, if complex;
    4.    Claims involving non-consumer bank or brokerage accounts, including loan, deposit, cash management, and investment accounts;
    5.    Claims arising from the purchase, sale, lease of real or personal property or related security interest, if complex;
    6.    Claims related to construction litigation (non-personal injury) and surety bonds;
    7.    Franchise/franchisor relationships and liabilities;
    8.    Malpractice claims of non-medical professionals in connection with rendering services to a business enterprise;
    9.    Insurance coverage disputes, bad faith suits, and third party indemnity actions against insurers arising under policies issued to businesses, such as those claims arising under a commercial general liability policy or commercial property policy; and
    10.    Other complex disputes of a commercial nature (including fraudulent transactions), excluding those listed in Section 3 of Administrative Order Number 2008-1-Civ. Cases eligible under this category will normally have four or more parties, multiple claims and defenses, third party, cross or counterclaims, complex factual or legal issues, or other unusual features warranting assignment to the Complex Litigation Unit.

B.      Any of the following where the amount in controversy is in excess of $100,000.00:

      1.)      Actions relating to the internal affairs or governance, dissolution or liquidation rights or obligations between or among owners (shareholders, partners, members), or liability or indemnity of managers (officers, directors, managers, trustees, or members or partners functioning as managers) of corporations, partnerships, limited partnerships, limited liability companies or partnerships, professional associations, business trusts, joint ventures or other business enterprises;

      2.      Actions relating to trade secrets and non-compete agreements;

      3.      Intellectual property claims;

      4.      Actions relating to securities or relating to or arising under the securities laws or antitrust statutes;

      5.      Shareholder derivative suits and class actions involving claims that are subject to the Commercial Litigation Unit, pursuant to Administrative Order Number 2008-1-Civ.;

      6.      Actions relating to corporate trust affairs or directors and officer liability.

NOTE: A copy of the Civil Cover Sheet and this Addendum must be served with the Complaint.  See Administrative Order Number 2008-1-Civ for further Complex Litigation Unit procedures.

# EXHIBIT "B"

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

COMPLEX BUSINESS DIVISION

CASE NO. 09-059301

STUART A. ROSENFELDT, individually,
and ROTHSTEIN ROSENFELDT ADLER, P.A.,
a Florida Professional Service Corporation,

     Plaintiffs,

v.

SCOTT W. ROTHSTEIN, individually,

     Defendant.

_____/

## ORDER APPOINTING RECEIVER

· **THIS CAUSE** having come before the Court on Plaintiff's Amended Complaint for Dissolution and for Emergency Transfer of Corporate Powers to Stuart A. Rosenfeldt, or, in the Alternative, Appointment of a Custodian or Receiver, and the Court being duly informed in the premises, IT IS ORDERED AND ADJUDGED that:

1.    Herbert Stettin is hereby appointed Receiver of Rothstein Rosenfedlt Adler, P.A. (the "firm") for all purposes outlined in this Order in accordance with the applicable Florida Statutes and Rule 1.620 of the Florida Rules of Civil Procedure.

2.    Mr. Stettin (hereinafter referred to as the "Receiver") shall promptly file his Oath of Receiver with the Court in the form attached hereto, whereupon he shall undertake fully and faithfully to perform his duties as Receiver herein.

ORDER APPOINTING RECEIVER - CASE NO. 09-059301

### The Receiver's Authority

3.     The Receiver is hereby authorized to take all necessary steps to secure the firm's physical premises, to restrict any individual's access to the firm's offices in his sole discretion, to set up appropriate document preservation protocols, and to preserve evidence.  Provided, however, that no action undertaken by the Receiver shall restrict attorneys of the firm handling ongoing legal matters for clients of the firm, regardless of whether they continue their association with the firm going forward, from accessing the files of the firm for the purpose of continuing to perform legal services for these clients.

4.     The Receiver is further authorized to make the day-to-day financial decisions on behalf of the firm, including, but not limited to, the decision as to whether or not to disburse funds from firm accounts.

5.     The Receiver is hereby granted access to all of the firm's accounts and financial records, and shall have the authority to take appropriate action to investigate the status of any and all funds held in trust by the firm.  Pursuant to this investigation, the Receiver shall the authority to appoint an accounting firm or other support staff to assist in his review of the firm's accounts and financial records.

6.     The Receiver shall, as soon as feasible, prepare and file with the Court as provided for by Rule 1.620 of the Fla.R.Civ.P. a complete inventory, under oath, of all of the assets, documents, and evidence, of which he takes custody and control under this Order.

7.     As provided below, this Order does not grant the Receiver, his staff, or his delegates the authority to manage any of the firm's operations or ongoing client engagements, except to the extent that such management is necessary to determine the status of any of the funds held by the firm in trust or is otherwise consistent with the authority granted to the Receiver herein.

2

. ORDER APPOINTING RECEIVER - CASE NO. 09-059301

8.     Additionally, any disclosures of any client-related matters to the Receiver, his staff, or his delegates, shall not be deemed a waiver of any privilege, including, but not limited to, the attorney-client privilege and the attorney work product privilege.

### Plaintiff Stuart A. Rosenfeldt's Authority

9.     Plaintiff Stuart A. Rosenfeldt is hereby designated the firm's CEO. Pursuant to this designation, all authority to manage the firm's operations and its ongoing client engagements is vested in Plaintiff Rosenfeldt. Additionally, Plaintiff Rosenfeldt has full authority to take any legal action he deems to be in the best interests of the firm and its clients. The Court finds that, because Defendant Rothstein has failed to appear at either of the hearings in this matter after having received notice, he has relinquished any authority with respect to any aspect of the firm's management.

### Further Proceedings

10.     On November 6, 2009, at 3 o'clock in the afternoon, the Court shall hold a status hearing on this matter with the Receiver[1], the Plaintiffs, and their counsel. At such time, the Receiver shall advise the Court concerning his preliminary findings and make such recommendations as may be appropriate.

11.     The Receiver, Plaintiff Rosenfeldt, or any of the parties hereto shall have the ability to come before this Court to seek clarification of any issue of authority or other matter arising herein relating to the operation of the firm or the performance of his duties hereunder, including expanding the Receiver's authority where appropriate.

---

[1]   Because of a prior commitment, the Receiver may appear at the hearing by telephone.

3

ORDER APPOINTING RECEIVER - CASE NO. 09-059301

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, on this ____

day of November, 2009.

JEFFREY E. STREITFELD   NOV 0 4 2009
       TRUE COPY

CIRCUIT JUDGE

4

## OATH OF RECEIVER

STATE OF FLORIDA        )
                        )SS:
COUNTY OF DADE          )

      BEFORE ME the undersigned authority personally appeared the Honorable Herbert Stettin who was sworn and says that he has been appointed Receiver in this action for the law firm that is the subject of the action pending before this Court and that he will faithfully perform his duties as Receiver.

_____
Herbert Stettin

      SWORN TO AND SUBSCRIBED before me this ___ day of November, 2009.

_____
NOTARY PUBLIC State of Florida

My Commission Expires:

# EXHIBIT "C"



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

*99 N.E. 4 Street*
*Miami, FL 33132*
*(305) 961-9000*

November 20, 2009

<u>VIA ELECTRONIC MAIL</u>

Jon L. Swergold, Esq.
Greenberg Traurig, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
swergoldj@gtlaw.com

<u>VIA ELECTRONIC MAIL</u>

Steven D. Schneiderman, Esq.
Office of the United States Trustee
51 SW 1st Avenue, Suite 1204
Miami, Florida 33130
Steven.d.schneiderman@usdoj.gov

<u>VIA ELECTRONIC MAIL</u>

Theresa M.B. Van Vliet, Esq.
Genovese Joblove and Batista, P.A.
200 East Broward Boulevard, Suite 1110
Fort Lauderdale, Florida FL 33301
vanvliet@gib-law.com

<u>VIA ELECTRONIC MAIL</u>

Jordi Guso, Esq.
Charles H. Lichtman, Esq.
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
Jguso@bergersingerman.com

Dear Attorneys Swergold, Schneiderman, Van Vliet and Guso:

By letter dated November 18, 2009, Greenberg Traurig, on behalf of TD Bank, N.A., sent a letter regarding the seizure warrants issued on November 11 and 12, 2009 with respect to certain accounts at TD Bank, N.A. [Warrant 09-6465-SNOW and Warrant 09-6468-SNOW]. In that letter, Greenberg Traurig advised of its intention to file an interpleader action as an adversary proceeding in the Bankruptcy Case [09-34791-RBR] on Monday, November 23, 2009 should it not receive direction with respect to Warrant 09-6465-SNOW and Warrant 09-6468-SNOW.

Please be advised that: (1) although TD Bank, N.A., has at all times stood ready to comply with the duly executed warrants; and (2) although the United States disputes the position that compliance with the warrants by TD Bank, N.A. would violate the automatic stay; due to certain considerations, the United States is NOT seeking compliance by TD Bank, N.A. with either Warrant 09-6465-SNOW or Warrant 09-6468-SNOW with respect to any of the accounts named in the warrants. The United States will advise Judge Snow of same.

Even though the United States is not pursuing these accounts through the indicated warrants, the United States, by this "release," does not waive any future rights or interest it may have, under any statute, with respect to the indicated accounts.

Please feel free to contact the undersigned attorney at (305) 961-9176, for assistance with, or further discussion about, this matter.

Sincerely yours,

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

*Alison D. Lehr*

By:    ALISON W. LEHR
       Assistant United States Attorney

cc:    Mark Schnapp, Esq.
       schnappm@gtlaw.com

       Glenn E. Goldstein, Esq.
       Goldsteing@gtlaw.com