UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                  CASE NO.: 09-34791-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,[1]     CHAPTER 11

     Debtor.
_____/

### EMERGENCY MOTION FOR ORDER AUTHORIZING
### SALE OF SPORTING AND EVENT TICKETS AND APPROVING
### THE USE OF A TICKET BROKER

#### Basis of Request for Emergency Relief

> The Trustee requests that the Court consider this matter on an emergency basis inasmuch as the value of these assets is zero past certain rapidly approaching dates[2]. As such the speedy monetization of these assets is in the best interests of the estate. The procedures described herein will permit the Trustee to monetize its assets without incurring additional expenses associated with a traditional auction.

Herbert Stettin ("Stettin" or "Trustee"), the chapter 11 trustee of Rothstein Rosenfeldt Alder, P.A. ("RRA" or "Debtor"), by and through undersigned counsel, pursuant to 11 U.S.C. §§ 363(b), FRBP 2002 and 9006, and Local Rule 9075-1 moves the Court for the entry of an order: (1) authorizing the sale of property of the estate out of the ordinary course of business and (2) authorizing the Trustee to use an outside ticket broker. In support of the Motion, the Trustee states as follows:

---

[1] The address and last four digits of the taxpayer identification number of the Debtor, Rothstein Rosenfeldt Adler, P.A., is Las Olas City Centre, 401 E. Las Olas Blvd, Suite 2770, Fort Lauderdale, Florida 33301 (TIN 7961).

[2] The Super Bowl is less than 20 days away and there are other events, as shown on Exhibit "A", that occur within the next few days.

2556597-1

## Background

1.  This case was commenced as an involuntary chapter 11 proceeding on November 10, 2009, by four petitioning creditors [D.E. 1].

2.  The Court entered an Order for Relief on November 30, 2009 [D.E. 66].

3.  On November 20, 2009 this Court entered an order directing the appointment of a trustee [D.E. 30]. On November 20, 2009, the United States Trustee's office selected Stettin as the Trustee in this case. [D.E. 35]. On, November 25, 2009, Stettin's appointment as Trustee was ratified by this Court. [D.E.55].

4.  The Debtor owns various sporting and event tickets or the rights to procure such tickets as shown on Exhibit A, including Super Bowl and Pro Bowl tickets (collectively the "Tickets")[3]. The Tickets are only valuable up until the day of the event or game, after that date they are worthless. The market value of many of the tickets is less than their face value. With a few certain exceptions all of the Tickets were paid in full prior to the filing of the Bankruptcy. The exceptions are the Super Bowl and Pro Bowl tickets, which are the most valuable of all of the Tickets, that have to be purchased and then resold. The Trustee has already made arrangements to purchase these highly valuable tickets.

5.  The Trustee proposes to sell the Tickets primarily through the use of a ticket broker, First Choice Tickets Tours and Travel Inc. and its principal Nathaniel Clay (collectively, the "Broker"). The Broker has extensive experience in selling various tickets in the local markets for the last 50 years. The Broker uses several platforms to market and sell the Tickets, including every major ticket selling site in the country and directly to the public and other brokers. The fee

---

[3] A small number of Tickets were sold prior to the filing of this Motion in order to preserve value for the estate. These sales include: 4 tickets to the Andrea Bochelli Concert, 14 Tickets to the Orange Bowl and 2 Panther game tickets. The estate received $400.00 for the Andrea Bochelli tickets, approximately $1,400.00 for the Orange Bowl tickets and $60.00 for the Panther tickets.

2556597-1 2

paid to the Broker is 20% of the net sale price received by the Broker per ticket. The agreement with Broker is attached hereto as **Exhibit B**.

6. To the best of the Trustee's knowledge there are no liens on any of the Tickets.

## Legal Analysis

### A. Authority to Sell the Tickets

7. Section 363(b)(1) authorizes a Trustee to "use, sell, or lease, other than in the ordinary course of business, property of the estate" after notice and a hearing. 11 U. S. C. §§ 363(b)(1). The standard applicable to a motion under section 363(b)(1) of the Bankruptcy Code is whether the proposed sale serves a sound business purpose. *In re BDK Health Mgmt., Inc.*, Nos. 98-00609-6B1, 98-00610-6B1, 98-00612-6B1, 98-00613-6B1, 98- 00614-6B1, 1998 WL 34188241, at *5 (Bankr. M.D. Fla. Nov. 16, 1998). Courts have held that this standard is satisfied when: (a) the sale is supported by the sound business judgment of the debtor's management; (b) interested parties are provided with adequate and reasonable notice of the sale; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith. See *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169 (D. Del. 1991); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335-36 (D. Del. 1987).

8. The Trustee expects that the sale of the Tickets will result in the highest possible recovery for estate. A sale of the Tickets is in the best interests of all stakeholders.

9. The Alternative to a sale of the Tickets in the proposed manner is to allow the Tickets to expire, which would result in a zero recovery for the estate. Accordingly, the Trustee in the exercise of his sound business judgment, submits that a sale of the Tickets is warranted.

10. To the best of the Trustee's knowledge there are no liens or other encumbrances on the Tickets.

**B.     The Use of a Ticket Broker**

11.     The use of the internet or other means to sell professional sporting event tickets of bankrupt entities and individuals has been approved by other Courts. In *In re Gorodess*, 2001 Bankr. LEXIS 1686 (Bankr. D. Col. 2001), the bankruptcy court approved the use of an "internet auction or other means" to sell tickets to the Colorado Avalanche professional hockey team. *Gorodess*, 2001 Bankr. LEXIS 1686 at *19. The use of the Ticket Broker[4] by the Trustee is warranted in this case because it is the most expeditious manner to sell the Tickets. Moreover, there are no administrative costs that come out of the pocket from the Estate; all costs of advertising and selling the Tickets are borne by the Broker in return for the 20% commission. According to the Trustee's business judgment this is the best manner to monetize the Tickets.

12.     The Ticket Broker utilizes an intricate and extensive network of contacts and websites to market the Tickets as expansively as possible. However, any party may make an offer to purchase the Tickets directly from the Broker by calling 954-463-4456.

**C.     Sufficiency of Notice**

13.     Federal Rule of Bankruptcy Procedure 6004(a) provides that notice of a proposed sale of property, other than in the ordinary course of business, shall be given to all known creditors and parties in interest. Fed. R. Bankr. P. 2002(a)(2), (c); *see also In re Performance Materials, Inc.*, 309 B.R. 819, 823 (Bankr. M.D. Fla. 2004). Rule 2002 further provides that not less than 20 days' notice by mail shall be given of a proposed sale of property other than in the ordinary course of business unless the Court, for cause shown, shortens the time or directs another method of giving notice.

---

[4] The Ticket Broker is not a professional person within the meaning of 11 U.S.C. §327(a) as that term has been interpreted by the Courts in this District. *See In re ITG Vegas, Inc.*, 2007 Bankr. LEXIS 1371 (Bankr. S.D. Fla. 2007)(J. Hyman)(finding that a lobbyist did not qualify as a professional person under 11 U.S.C. §327(a)).

2556597-1                                   4

14. The Trustee submits that the requirements of Fed. R. Bankr. P. 2002 be waived with respect to the sale of the Tickets. The Trustee has tickets to several different events that are scheduled to occur throughout the next six months and at least some of the Tickets are for events which are scheduled within the next twenty days. If the Trustee had to give notice for each individual sale any benefit from the sale would be entirely consumed in the cost of giving notice.

15. The Trustee will post information regarding the Tickets and the Ticket Broker contact information on the website that is being created and maintained by Trustee Services Inc. ("TSI").

16. The Trustee also requests that this Court find that the service of this Motion on the parties listed on the attached service list is sufficient and that cause exists, as described above, to exempt the Trustee from the requirement pursuant to the Order Granting Chapter 11 Trustee's Motion To: (A) Approve the Form and Manner of Limited Notice and (B) the Form and Manner of Notice of Commencement [D.E. 206] ("Notice Order") that all creditors in this case receive notice of the Motion. As stated above, giving notice to over 5,000 parties would cause the estate to expend more resources than the sale of Tickets may generate.

17. The Trustee requests that the Court find that the publication of the Ticket Broker's contact information on the website and the limited notice of this Motion constitutes good and sufficient notice to creditors and parties in interest, and that no further notice relating to the relief requested herein is required.

**WHEREFORE** the Trustee respectfully requests that the Court consider this matter on an emergency basis, that the Court authorize a sale of the sporting and event tickets, approve the use of the Ticket Broker on the terms described herein, approve the form and manner of notice, and grant any other relief that the Court deems just and proper.

Dated: January 19, 2010.

Respectfully submitted,

BERGER SINGERMAN, P.A.
Attorneys for Chapter 11 Trustee
200 S. Biscayne Blvd., Ste. 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: */s/ Isaac Marcushamer*
    Paul Steven Singerman
    singerman@bergersingerman.com
    Florida Bar No. 378860
    Jordi Guso
    Florida Bar No. 0863580
    Isaac Marcushamer
    imarcushamer@bergersingerman.com
    Florida Bar No. 0060373

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served electronically via the Court's CM/ECF system, via electronic notice/service to those parties registered, and via U.S. Mail upon all parties on the attached Service List on January 19, 2010.

*/s/ Isaac Marcushamer*
Isaac Marcushamer

# SERVICE LIST
## CASE NO.: 09-34791-BKC-RBR

Marianella Morales, Esquire
Authorized Agent For Joining Creditors
Avenida Francisco de Miranda
Torre Provincial "A"
Piso 8
Caracas, Venezuela
**(VIA EMAIL)**

John H. Genovese, Esq. **(VIA CM/ECF)**
Robert F. Elgidely, Esq.
Theresa M.B. Van Vliet, Esq.
Genovese Joblove & Battista, PA
Bank Of America Tower at International Place
100 S.E. 2nd Street
Suite 4400
Miami, Florida 33131
Phone: (305) 349-2300
Fax (305) 349-2310

Kendall Coffey, Esq. **(VIA EMAIL)**
Coffey Burlington,
Office in the Grove
Penthouse
2699 South Bayshore Drive
Miami, Florida 33133
kcoffey@coffeyburlington.com

The Honorable Herbert M. Stettin
One Biscayne Tower
Suite 3700
Two South Biscayne Boulevard
Miami, Florida 33131

John G. Bianco, Esq. **(VIA CM/ECF)**
John M. Mulli, Esquire
Tripp Scott
110 Southeast Sixth Street
Fifteenth Floor
Fort Lauderdale, Fl. 33301
jgb@trippscott.com

Alison W. Lehr **(VIA EMAIL)**
Assistant United States Attorney
99 N.E. 4th Street
7th Floor
Miami, Florida 33132
Phone: (305) 961-9176
Fax: (305) 536-7599
Alison.Lehr@usdoj.gov

Stuart A. Rosenfeldt, Esq. **(VIA EMAIL)**
Rothstein Rosenfeldt Adler, PA
401 East Las Olas Boulevard
Suite 1650
Fort Lauderdale, Florida 33301
srosenfeldt@rra-law.com

Jeffrey R. Sonn, Esq. **(VIA EMAIL)**
Sonn & Erez, PLC
Broward Financial Center
500 E. Broward Boulevard
Suite 1600
Fort Lauderdale, Florida 33394
Phone: (954) 763-4700
Fax (954) 763-1866
jsonn@sonnerez.com

Office of the US Trustee **(VIA CM/ECF)**
51 Southwest First Avenue
Suite 1204
Miami, Florida 33130

Thomas Tew, Esq. **(VIA EMAIL)**
Lynn Maynard Gollin, Esq.
Tew-Cardenas, LLP
Four Seasons Tower
15th Floor
1441 Brickell Avenue
Miami, Florida 33131-3407
tt@tewlaw.com
lmg@tewlaw.com

2441794-1

Conrad & Scherer, LLP **(VIA EMAIL)**
633 South Federal Highway
Fort Lauderdale, FL 33301
Tel: 954-462-5500
bs@conradscherer.com
JSilver@conradscherer.com

Michael D. Seese, Esq. **(VIA EMAIL)**
Hinshaw & Culbertson, LLP
1 E Broward Blvd Ste 1010
Ft Lauderdale, Florida 33301
Tel: 954.4677900
Fax: 954.4671024
mseese@hinshawlaw.com

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114
**(Via U.S. Mail)**

Internal Revenue Service
Special Procedures - Insolvency
7850 SW 6th Court
Plantation, FL 33324
Tel.: (954) 423-7300
Fax.: (305) 982-5406
**(Via U.S. Mail)**

Special Asst. U.S. Attorney
P.O. Box 9, Stop 8000
51 SW 1st Avenue, #1114
Miami, Fl 33130
Fax: (305) 530-7139
**(Via U.S. Mail)**

Grant J. Smith, Esq. **(VIA EMAIL)**
Rothstein Rosenfeldt Adler, P.A.
401 East Las Olas Blvd
Suite 1650
Fort Lauderdale, FL 33301
gsmith@rra-law.com

United Healthcare
Dept. CH 10151
Palatine, IL 60055
**(Via US Mail)**

Special Asst. U.S. Attorney
IRS District Counsel
1000 S. Pine Island Rd., Ste 340
Plantation, FL 33324-3906
**(Via U.S. Mail)**

The Honorable Eric H. Holder, Jr.
Attorney General of the U.S.
950 Pennsylvania Avenue, NW Room 4400
Washington, DC 20530-0001
**(Via U.S. Mail)**

Honorable Jeffrey H. Sloman,
Acting U.S. Attorney
99 NE 4th Street
Miami, Fl 33132
**(Via U.S. Mail)**

Daniel Mink
Ovadia Levy
c/o Renato Watches, Inc
14051 NW 14th Street
Sunrise, Florida 33323
**((Via U.S. Mail)**

William George Salim, Jr. **(VIA CM/ECF)**
Moskowitz Mandell & Salim
800 Corporate Dr Ste 510
Fort Lauderdale, Florida 33334
wsalim@mmsslaw.com
Tel: 954.491-2000
Fax: 954.4912051

USI **(VIA EMAIL)**
Attn: Anthony Gruppo
200 West Cypress Creek Road
Suite 500
Fort Lauderdale, FL 33309
Tel: 954-607-4000
Anthony.gruppo@usi.biz

Marc Nurik, Esq. **(VIA EMAIL)**
1 East Broward Blvd
Suite 700
Fort Lauderdale, FL 33301
marc@nuriklaw.com

2441794-1                                                      2

BAST AMRON LLP **(VIA CM/ECF)**
SunTrust International Center
One Southeast Third Avenue
Suite 1440
Miami, Florida 33131
Telephone: (305) 379-7904
Facsimile: (305) 379-7905
bamron@bastamron.com
jbast@bastamron.com

Mark Bloom, Esq. **(VIA EMAIL)**
Greenberg Traurig, LLP
1221 Brickell Avenue
Miami, FL 33131
T 305.579.0500
F 305.579.0717
bloomm@gtlaw.com

Robert D. Critton, Esq. **(VIA EMAIL)**
Burman, Critton, Luttier & Coleman
303 Banyan Blvd., Suite 400
West Palm Beach, FL 33401
rcrit@bclclaw.com

Roth & Scholl **(VIA EMAIL)**
Attn: Jeffrey C. Roth, Esq.
Attorneys For Creditor Blue
Capital Us East Coast Properties, L.P.
866 South Dixie Highway
Coral Gables, Fl 33146
Telephone: (305) 662-4141
jeff@rothandscholl.com

Rogers, Morris & Ziegler, LLP **(VIA EMAIL)**
1401 East Broward Blvd
Suite 300
Fort Lauderdale, FL 33301
Tel: (954) 462-1431
Fax: (954) 763-2692
mfbooth@rmzlaw.com

Arthur C. Neiwirth, Esq. **(VIA CM/ECF)**
One E. Broward Blvd., Suite 1400
Ft. Lauderdale, FL 33301
Tel: (954) 523-7008
Fax: (954) 523-7009
aneiwirth@qpwblaw.com

The Florida Bar **(VIA EMAIL)**
Adria E. Quintela, Esq.
Alan Anthony Pascal, Esq.
Lake Shore Plaza II
1300 Concord Terrace, Suite 130
Sunrise, FL 33323
aquintel@flabar.org
apascal@flabar.org

Micheal w. Moskowitz, Esq. **(VIA E-MAIL)**
800 Corporate Drive, Suite 500
Ft. Lauderdale, FL 33234
mmoskowitz@mmsslaw.com

Francis L. Carter, Esq. **(VIA E-MAIL)**
Katz Barron Squitero Faust
2699 S. Bayshore Drive, 7th Floor
Miami, Florida 33133
Tel: 305-856-2444
Fax: 305-285-9227
flc@katzbarron.com

Bradley S. Shraiberg, Esq. **(VIA EMAIL)**
2385 NW Executive Drive
Suite 300
Boca Raton, Florida 33431
Tel: 561-443-0800
Fax: 561-998-0047
bshraiberg@sfl-pa.com

Henry S. Wulf, Esq. **(VIA EMAIL)**
CARLTON FIELDS, P.A.
525 Okeechobee Blvd., Suite 1200
West Palm Beach, Florida 33401
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
E-Mail: hwulf@carltonfields.com

EMESS Capital, LLC **(VIA EMAIL)**
c/o Bruce A. Katzen, Esq.
201 S. Biscayne Blvd., 17th Floor
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428
E-Mail: bkatzen@klugerkaplan.com

Ira Sochet, Trustee **(VIA EMAIL)**
Revocable Intervivos Trust of Ira Sochet
c/o Phil Hudson, Esq.
200 South Biscayne Blvd, Suite 3600
Miami, Florida 33130
Telephone: (305) 374-3330
Facsimile: (305) 374-4744
E-Mail: pmhudson@arnstein.com

Coquina Investments **(VIA EMAIL)**
c/o Patricia A. Redmond, Esq.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3553
Facsimile: (305) 789-3395
E-Mail: predmond@stearnsweaver.com

Michael I. Goldberg, Esq. **(VIA EMAIL)**
Las Olas Centre - Suite 1600
350 East Las Olas Blvd
Fort Lauderdale, FL 33301
Telephone: (305) 463-2700
Facsimile: (305) 463-2224
E-Mail: Michael.goldberg@akerman.com

LMB Funding Group **(VIA EMAIL)**
c/o Robert C. Furr, Esq.
2255 Glades Road, Suite 337W
Boca Raton, Florida 33431
Telephone: (561) 395-0500

Facsimile: (561) 338-7532
E-Mail: rfurr@furrcohen.com

Lawrence A. Gordich, Esq. **(VIA EMAIL)**
Melissa Alagna, Esq.
701 Brickell Ave
Suite 1900
Miami, Florida 33131
Telephone: (305) 789-2700
Facsimile: (305) 789-2727
Email: Lawrence.gordich@ruden.com
Email: Melissa.alagna@ruden.com

Broward County **(VIA EMAIL)**
Attn: Hollie N. Hawn, Esq.
Government Center
115 South Andrews Avenue
Fort Lauderdale, FL 33301
Telephone: (954) 357-7600
Facsimile: (954) 357-7641
E-Mail: hhawn@broward.org

Steven J. Solomon, Esq. **(VIA EMAIL)**
Gray Robinson, P.A.
1221 Brickell Ave, Suite 1600
Miami, Florida 33131
E-Mail – steven.solomon@gray-robinson.com

Peter F. Valori, Esq. **(VIA EMAIL)**
DAMIAN & VALORI LLP
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965
E-mail: pvalori@dvllp.com

Canon Financial Services, Inc.
158 Gaither Drive, #200
Mount Laurel, NJ 08054
**(Via US Mail)**

2441794-1

CIT Technology Financing Services I, LLC
10201 Centurion Parkway North
Jacksonville, FL 32256
**(Via US Mail)**

Gibraltar Private Bank & Trust Company
220 Alhambra Circle, Suite 500
Coral Gables, FL 33134
**(Via US Mail)**

Inter-Tel Leasing, Inc.
1140 West Loop North
Houston, TX 77055
**(Via US Mail)**

Florida Department of Revenue
501 S. Calhoun Street
Room 201
Carlton Building
Tallahassee, FL 32399
**(Via US Mail)**

Leon County Tax Collector
315 S. Calhoun Street
Suite 210
Tallahassee, FL 32301
**(Via US Mail)**

Miami-Dade County Tax Collectors
140 West Flagler Street, 14th Floor
Miami, FL 33130
**(Via US Mail)**

Palm Beach County Tax Collector
P.O. Box 3715
West Palm Beach, FL 33402-3715
**(Via US Mail)**

# EXHIBIT A

## Florida Panthers Tickets
### ADT Club Level Includes Unlimited Dinner and Drinks

### NHL

| Date | Game | Seats Available | Cost | Total Value |
|---|---|---|---|---|
| Wednesday, November 25, 2009 | NY Rangers | 4 + Parking | $ 150.00 | $ 600.00 |
| Friday, November 27, 2009 | Toronto Maple Leafs | 4 + Parking | $ 150.00 | $ 600.00 |
| Wednesday, December 02, 2009 | Colorado Avalanche | 4 + Parking | $ 150.00 | $ 600.00 |
| Saturday, December 05, 2009 | Atlanta Thrashers | 4 + Parking | $ 150.00 | $ 600.00 |
| Monday, December 07, 2009 | Edmonton Oilers | 4 + Parking | $ 150.00 | $ 600.00 |
| Wednesday, December 16, 2009 | Atlanta Thrashers | 4 + Parking | $ 150.00 | $ 600.00 |
| Friday, December 18, 2009 | Carolina Hurricanes | 4 + Parking | $ 150.00 | $ 600.00 |
| Sunday, December 27, 2009 | Boston Bruins | 4 + Parking | $ 150.00 | $ 600.00 |
| Thursday, December 31, 2009 | Montreal Canadiens | 4 + Parking | $ 150.00 | $ 600.00 |
| Sunday, January 03, 2010 | Pittsburgh Penguins | 4 + Parking | $ 150.00 | $ 600.00 |
| Wednesday, January 13, 2010 | Washington Capitals | 4 + Parking | $ 150.00 | $ 600.00 |
| Saturday, January 16, 2010 | Tampa Bay Lightning | 4 + Parking | $ 150.00 | $ 600.00 |
| Monday, January 18, 2010 | Atlanta Thrashers | 4 + Parking | $ 150.00 | $ 600.00 |
| Saturday, January 23, 2010 | Toronto Maple Leafs | 4 + Parking | $ 150.00 | $ 600.00 |
| Tuesday, January 26, 2010 | Montreal Canadiens | 4 + Parking | $ 150.00 | $ 600.00 |
| Saturday, January 31, 2009 | NY Islanders | 4 + Parking | $ 150.00 | $ 600.00 |
| Monday, February 01, 2010 | Anaheim Ducks | 4 + Parking | $ 150.00 | $ 600.00 |
| Friday, February 05, 2010 | Calgary Flames | 4 + Parking | $ 150.00 | $ 600.00 |
| Thursday, February 11, 2010 | Vancouver Canucks | 4 + Parking | $ 150.00 | $ 600.00 |
| Saturday, February 13, 2010 | Boston Bruins | 4 + Parking | $ 150.00 | $ 600.00 |
| Wednesday, March 03, 2010 | Philadelphia Flyers | 4 + Parking | $ 150.00 | $ 600.00 |
| Saturday, March 06, 2010 | Carolina Hurricanes | 4 + Parking | $ 150.00 | $ 600.00 |
| Tuesday, March 16, 2010 | Washington Capitals | 4 + Parking | $ 150.00 | $ 600.00 |
| Thursday, March 18, 2010 | Phoenix Coyotes | 4 + Parking | $ 150.00 | $ 600.00 |
| Saturday, March 20, 2010 | Buffalo Sabres | 4 + Parking | $ 150.00 | $ 600.00 |
| Sunday, March 21, 2010 | Tampa Bay Lightning | 4 + Parking | $ 150.00 | $ 600.00 |
| Monday, March 29, 2010 | Nashville Predators | 4 + Parking | $ 150.00 | $ 600.00 |
| Saturday, April 03, 2010 | NY Rangers | 4 + Parking | $ 150.00 | $ 600.00 |
| Tuesday, April 06, 2010 | Ottawa Senators | 4 + Parking | $ 150.00 | $ 600.00 |
| Thursday, April 08, 2010 | NJ Devils | 4 + Parking | $ 150.00 | $ 600.00 |
| Sunday, April 11, 2010 | Tampa Bay Lightning | 4 + Parking | $ 150.00 | $ 600.00 |
| | | | Total Face Value | $ 18,600.00 |

## Show Tickets

| Date | Show | Tix Available | Face Value each | Total Value |
|---|---|---|---|---|
| Saturday, November 28, 2009 | Andrea Bocelli | 4 | $ 200.00 | $ 800.00 |
| Friday, December 04, 2009 | Trans-Siberian Orch | 4 | $ 100.00 | $ 400.00 |
| Saturday, December 12, 2009 | Y-100 Jingle Bell | 4 | $ 150.00 | $ 600.00 |
| Saturday, December 19, 2009 | Basketball Clasic | 4 | $ 125.00 | $ 500.00 |
| Tuesday, December 29, 2009 | Rockettes | 4 | $ 125.00 | $ 500.00 |
| Wednesday, December 30, 2009 | Rockettes | 4 | $ 125.00 | $ 500.00 |
| Saturday, January 09, 2010 | Lippizzaner Stallions - 2pm | 4 | $ 100.00 | $ 400.00 |
| Saturday, January 09, 2010 | Lippizzaner Stallions - 7pm | 4 | $ 100.00 | $ 400.00 |
| Friday, January 22, 2010 | Lingerie Football | 4 | $ 100.00 | $ 400.00 |
| Saturday, January 30, 2010 | Rockstar MMA | 4 | $ 125.00 | $ 500.00 |
| Saturday, February 13, 2010 | The 39 Steps | 4 | $ 49.50 | $ 198.00 |
| Tuesday, February 16, 2010 | The 39 Steps | 2 | $ 45.00 | $ 90.00 |
| Tuesday, March 16, 2010 | In The Heights | 2 | $ 63.00 | $ 126.00 |
| Saturday, March 20, 2010 | In The Heights | 4 | $ 67.00 | $ 268.00 |
| Tuesday, April 06, 2010 | The Color Purple | 2 | $ 63.00 | $ 126.00 |
| Saturday, April 10, 2010 | The Color Purple | 4 | $ 67.00 | $ 268.00 |
| Saturday, June 12, 2010 | Mary Poppins | 4 | $ 75.00 | $ 300.00 |
| Tuesday, June 15, 2010 | Mary Poppins | 2 | $ 66.00 | $ 132.00 |
| | | | Total Face Value | $ 6,508.00 |

Dolphins Tickets
Suite 314B
NFL Catering is an Extra Expense

| Date | Game | Seats Available | Cost | Total Value |
|---|---|---|---|---|
| Sunday, December 06, 2009 | Patriots | 14 in Suite 314B | $ 1,000.00 | $ 14,000.00 |
| | | 4 - Valet | | |
| | | 6 - Suite Access (tix needed) | | |
| | | 6 - 400 Level | $ 39.00 | $ 234.00 |
| | | 6 - Sideline Club Passes | $ 200.00 | $ 1,200.00 |
| | | | | |
| Sunday, December 27, 2009 | Houston Texans | 14 in Suite 314B | $ 1,000.00 | $ 14,000.00 |
| | | 4 - Valet | | |
| | | 6 - Suite Access (tix needed) | | |
| | | 6 - 400 Level | $ 39.00 | $ 234.00 |
| | | 6 - Sideline Club Passes | $ 200.00 | $ 1,200.00 |
| | | | | |
| Sunday, January 03, 2010 | Pittsburgh Steelers | 14 in Suite 314B | $ 1,000.00 | $ 14,000.00 |
| | | 4 - Valet | | |
| | | 6 - Suite Access (tix needed) | | |
| | | 6 - 400 Level | $ 39.00 | $ 234.00 |
| | | 6 - Sideline Club Passes | $ 200.00 | $ 1,200.00 |
| | | | | |
| Tuesday, January 05, 2010 | Orange Bowl | 14 in Suite 314B | $ 250.00 | $ 3,500.00 |
| | Iowa & Georgia | 4 - Valet | | |
| | | | | |
| Sunday, January 31, 2010 | Pro Bowl | 14 in Suite 314B | $ 180.00 | $ 2,500.00 |
| | | 4 - Valet | | |
| | | | | |
| Super Bowl | | | | |

# **EXHIBIT B**

## TICKET BROKER AGREEMENT

**THIS TICKET BROKER AGREEMENT** (this "Agreement") is made effective as of November 20, 2009, by and among, **First Choice Tickets Tours & Travel Inc.** ("First Choice"), and its President, **Nathanial Clay** ("Clay"), each having their address at 708 Southeast 17th Street Causeway, Fort Lauderdale, FL 33316 (Clay and First Choice, jointly and severally, are referred to collectively as the "Broker"), and **Herbert Stettin, the Chapter 11 Trustee for Rothstein Rosenfeldt Adler, PA**, having an address of 401 East Las Olas Boulevard, Suite 2270, Fort Lauderdale, FL 33301, ("Trustee").

### W I T N E S S E T H:

WHEREAS, Trustee has possession to certain sporting and other tickets as is listed on Exhibit A attached hereto (collectively referred to hereinafter as the "Tickets", and each individually referred to as a "Ticket"); and

WHEREAS, Trustee desires to have Broker market and resell all of the Tickets in accordance with the provisions of this Agreement, and otherwise in accordance with the retail resale ticket industry; and

WHEREAS, Broker, desirous of reselling the Tickets on behalf of Trustee in the foregoing manner, represents and warrants to Trustee that Broker has extensive experience in marketing and reselling, to the public and other brokers, all types of retail event tickets (including for identical events which match the same type and kind as the events to which the Tickets apply). Broker has resold such retail tickets in the south Florida area for approximately 50 years.

WHEREAS, Broker will use several platforms or mediums to market and resell the Tickets, including but not limited to, the internet site StubHub.com, and every other major ticket reselling site(s) in the U.S.

NOW THEREFORE, for and in consideration of the premises and of the mutual covenants and agreements herein contained, Trustee and Broker hereby agree as follows:

1. Engagement. Subject to the covenants and conditions of this Agreement, Trustee hereby engages Broker as an independent contractor of Trustee to market and negotiate, for resale to the public and other brokers, the Tickets, during the Term (as defined below). Upon the resale of each Ticket and receipt by Broker of the Net Sales Price (as defined below), Broker shall remit to Trustee for its retention and use a monetary amount equal to 80% of the Net Sales Price.

2. Term and Termination. This Agreement shall be for a term commencing on November 20, 2009, and terminating at midnight (EST) on December 31, 2010 (the "Term"); provided, however, that (i) this Agreement shall automatically terminate without requirement of notice or signature by either party sooner upon and in the event that all of the Tickets are resold pursuant to this Agreement, and the applicable proceeds are paid over to Trustee as is provided in Section 1 above, and/or (ii) either Trustee or Broker may terminate this Agreement, with or

1

without cause, by written notice to the other party, which shall be deemed effective upon reciept. Upon any termination of this Agreement, the parties shall be released of all obligations hereunder (including that Broker shall not be entitled to receive any further compensation), except that Broker shall first (a) cease from marketing and/or reselling any Tickets which remain unsold, (b) return to Trustee, within 24 hours, all such unsold Tickets, and (c) remit all payments to Trustee which are due and owing from the previous resale of a Ticket(s).

3. <u>Duties of Broker</u>. Broker shall use Broker's best efforts to obtain, on behalf of Trustee, the highest sales price possible in connection with reselling each of the Tickets during the Term, which such price must be first approved in each instance by Trustee or its designee. The decision to accept any resales price or transaction shall be within the sole authority of Trustee or its designee.

4. <u>Compensation for Sale – 20%</u>. If during the Term, Broker markets and resells any Ticket, Broker shall be entitled to 20% of the Net Sales Price for such Ticket, and Trustee shall be entitled to receive 80% of the Net Sales Price (it being agreed that Broker shall remit to Trustee such amount as is provided in Section 1). The term "Net Sales Price" shall mean and refer to the gross resales price achieved in the resale of each Ticket to the public or other broker, less all reasonable and lawful taxes, fees, or charges imposed by (i) any and all applicable governmental authorities, and/or (ii) the platforms or mediums employed (i.e., Stubhub.com) in connection with the resale.

5. <u>No Assignment</u>. Broker may not assign its rights or obligations hereunder without the prior written consent of Trustee, which Trustee may withhold in Trustee's sole discretion.

6. <u>Representations by Broker</u>. Broker represents and warrants that Broker is fully qualified and licensed, to the extent required by law, to perform all obligations assumed by Broker hereunder in the state of Florida. Broker agrees to comply with all such laws now or hereafter in effect.

7. <u>Validity; Entire Agreement; Choice of Law; Attorney's Fees; Recitals and Exhibits; Court Approval</u>. If any term or provision of this Agreement or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of this Agreement, or the application of such term or provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement shall be valid and be enforced to the fullest extent permitted by law. This Agreement contains the entire agreement between the parties hereto with respect to the matter hereof and supersedes all prior agreements and understandings, whether written or oral, and all contemporaneous oral agreements and understandings relating to the subject matter hereof. No agreement hereafter made shall be effective to change, modify or discharge this Agreement, in whole or in part, unless such agreement is in writing and signed by the party against whom enforcement of the change, modification or discharge is sought. This Agreement shall be construed under, governed by and enforced in accordance with the laws of the State of Florida and venue for any legal or equitable actions regarding this Agreement shall lie in <u>Broward</u> County. Notwithstanding any other provision contained herein to the contrary, in the event it becomes necessary for either party

hereto to file a suit to enforce this Agreement or any provisions contained herein, the party prevailing in such action shall be entitled to recover, in addition to all other remedies or damages, reasonable attorneys' fees and costs incurred in connection therewith. All exhibits and recitals contained in this Agreement form a part of this Agreement, and are incorporated herein by this reference. Notwithstanding anything herein to the contrary, the parties agree that the provisions, enforceability and effect of this Agreement shall be subject to the approval of the Southern District of Florida United States Bankruptcy Court.

EXECUTED on this the date first hereinabove written, in multiple copies each shall constitute an original but together shall constitute but one instrument.

TRUSTEE:

By: _____
Name: Herbert Stettin, Chapter 11 Trustee of Rothstein, Rosenfeldt Adler, PA

BROKER:

First Choice Tickets, Tours & Travel Inc.

By: _____
Name: _____
Title: _____


_____
Nathanial Clay, individually

3

2557615-1
1/14/10 9:09 AM

modification or discharge is sought. This Agreement shall be construed under, governed by and enforced in accordance with the laws of the State of Florida and venue for any legal or equitable actions regarding this Agreement shall lie in Broward County. Notwithstanding any other provision contained herein to the contrary, in the event it becomes necessary for either party hereto to file a suit to enforce this Agreement or any provisions contained herein, the party prevailing in such action shall be entitled to recover, in addition to all other remedies or damages, reasonable attorneys' fees and costs incurred in connection therewith. All exhibits and recitals contained in this Agreement form a part of this Agreement, and are incorporated herein by this reference. Notwithstanding anything herein to the contrary, the parties agree that the provisions, enforceability and effect of this Agreement shall be subject to the approval of the Southern District of Florida United States Bankruptcy Court.

EXECUTED on this the date first hereinabove written, in multiple copies each shall constitute an original but together shall constitute but one instrument.

TRUSTEE:

By:_____
Name: Herbert Stettin, Chapter 11 Trustee of Rothstein, Rosenfeldt Adler, PA

BROKER:

First Choice Tickets, Tours & Travel Inc.

By: _/s/ Nathaniel Clay_
Name: NATHANIEL CLAY
Title: President

_/s/ Nathaniel Clay_
Nathaniel Clay, individually

3

2557615-1
1/14/10 9:09 AM