UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

IN RE:

ROTHSTEIN, ROSENFELDT ADLER, P.A.,

Debtor.

_____/

Case No.: 09-34791-BKC-RBR

Chapter 11

### EMERGENCY MOTION TO PROHIBIT
### SALE OF CERTAIN PERSONAL ASSETS AT AUCTION

*(EMERGENCY HEARING REQUESTED FOR JANUARY 22, 2010)*

SCOTT W. ROTHSTEIN ("SWR"), by and through undersigned counsel, files this *Emergency Motion to Prohibit Sale of Certain Assets at Auction*, and in support thereof, states as follows:

### BRIEF STATEMENT OF RELIEF REQUESTED

1. SWR respectfully requests that the Court prohibit the sale of certain personal assets at the auction purportedly scheduled for January 23, 2010. The assets consist of certain photographs and religious items which do not comprise property of the estate within the meaning of section 541(a) of the Bankruptcy Code.[1]

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a) and (b), 1334 and the United States District Court's general order of reference. Venue is appropriate in this District pursuant to 28 U.S.C. § 1409.

3. The statutory predicates in support of the relief requested are 11 U.S.C. §§ 105, 363 and 541.

---

[1] 11 U.S.C. §§ 101 *et seq.*

Case No.: 09-34791-BKC-RBR

## BACKGROUND

4. On December 17, 2009, the Trustee filed his *Ex-Parte Application (i) To Employ Fisher Auction Co., Inc. as Auctioneers for the Debtor, (ii) To Employ AMC Liquidators to Facilitate Moving and Storage, and (iii) For Authorization to Pay AMC Liquidators* (the "Auctioneer Motion") (D.E. # 126). The Auctioneer Motion was granted by order of the Court dated December 22, 2009 (D.E. # 151).

5. Apparently, an auction of the Debtor's assets is presently scheduled for January 23, 2010 (the "Sale"). It is unknown whether a separate motion for authority to sell the assets was filed pursuant to 11 U.S.C. § 363, as a review of the docket in this case does not reveal any such request.

6. Regardless of the foregoing, criminal counsel for SWR has been in contact with counsel for the Trustee in an effort to obtain an agreement to exclude SWR's personal assets from the Sale. While the parties have exchanged communications on the subject, the parties have not been able to fully resolve the issue.

7. In support of SWR's efforts, counsel for SWR has provided a list of assets which SWR believes comprise his personal assets. Upon information and belief, counsel for the Trustee requires evidence in support of the fact that the assets comprise personal assets of SWR. Counsel for SWR has advised that proof may not exist or be readily available since many of the items were gifts from third parties or photographs.

8. In an effort to facilitate SWR's request, SWR is now only requesting that any photograph including his wife, Kimberly, be excluded from the Sale, in addition to those items which the Trustee has already agreed to exclude (collectively, the "Excluded Items"). There is

no way of providing a receipt or other evidence of title in support of photographs including SWR and/or his wife.

### **RELIEF REQUESTED**

9. SWR respectfully requests that the Court exclude the Excluded Items from the Sale or any sale of assets of the Debtor.

10. Section 363 of the Bankruptcy Code provides that the Court may authorize the sale of assets of property of the estate outside the ordinary course of business. *See* 11 U.S.C. § 363(b)(1). Ordinarily, the Court does not have jurisdiction to authorize the sale of assets which do not comprise property of the estate within the meaning of 11 U.S.C. § 541(a).

11. SWR submits that the Excluded Items do not comprise property of the estate within the meaning of 11 U.S.C. § 541(a). The Excluded Items, for the most part, consist of photographs of SWR and/or his wife. Such items likely were not acquired with property of the estate and, therefore, represent the personal assets of SWR.

12. Consequently, the Excluded Items should be excluded from the Sale and turned over to SWR or his representatives.

**WHEREFORE,** SWR respectfully requests that the Court grant this Motion and enter an order excluding the Excluded Items from the Sale or any sale of the Debtor's assets and directing that the Excluded Items be turned over to SWR's representatives, as well as granting any other and further relief that the Court may deem just and proper.

Case No.: 09-34791-BKC-RBR

## CERTIFICATE OF EXIGENT CIRCUMSTANCES

**I HEREBY CERTIFY** that an emergency hearing is requested in an effort to exclude certain assets from the Sale currently scheduled for January 23, 2010.

s/ Michael D. Seese (FBN 997323)
HINSHAW & CULBERTSON LLP
One East Broward Boulevard
Suite 1010
Ft. Lauderdale, FL 33301
Telephone: 954-467-7900
Facsimile: 954-467-1024

4

18437844v1 838180 2866