UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

ROTHSTEIN ROSENFELDT ADLER P.A.    Case No. 09-34791-BKC-RBR
                                    Chapter 11
    Debtor.
_____/

HERBERT STETTIN, Chapter 11 Trustee,
                                    Adv. Pro. No. _____-BKC-RBR-A
    Plaintiff,
v.

KIMBERLY A. ROTHSTEIN,

    Defendant.
_____/

### COMPLAINT AGAINST KIMBERLY A. ROTHSTEIN TO AVOID AND RECOVER FRAUDULENT TRANSFERS OF PROPERTY [1]

Plaintiff, Herbert Stettin, the duly appointed and acting Chapter 11 Trustee ("Trustee" or "Plaintiff") for the estate of Rothstein Rosenfeldt Adler P.A., hereby sues the Defendant, Kimberly A. Rothstein ("Mrs. Rothstein"), pursuant to 11 U.S.C. §§ 544, 548 and 550, and Rule 7001 of the Federal Rules of Bankruptcy Procedure, to avoid and recover fraudulent transfers and for other claims, and in support thereof, states:

### JURISDICTION AND VENUE

1.    This adversary proceeding is brought by the Trustee to avoid and recover fraudulent transfers pursuant to 11 U.S.C. §§ 544, 548, 550 and *Fla. Stat.* §§ 726.105 and 726.106.

---

[1] The address and last four digits of the taxpayer identification number of the debtor is 401 E. Las Olas Blvd. Suite 2270, Fort Lauderdale, FL 33301 (TIN 7961). Plaintiff reserves the right to bring additional claims against Mrs. Rothstein and nothing contained herein shall be deemed a waiver of any rights or causes of action that the Trustee or the estate may have against Mrs. Rothstein.

2.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

3.     This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(A) and (H).

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## PARTIES AND PROCEDURAL BACKGROUND

5.     On November 10, 2009, an Involuntary Petition for Relief was filed against Rothstein Rosenfeldt Adler P.A, the debtor in the above-captioned case (the "Debtor" or "RRA") (DE#1). On November 25, 2009, a consent to the Involuntary Petition for Relief was filed by RRA (DE# 57). On November 30, 2009, this Court entered an Order for Relief on the filing of a Petition for Involuntary Bankruptcy (DE# 66).

6.     On November 20, 2009, the United States Trustee's Office filed a Notice Appointing Plaintiff Stettin as Trustee of RRA (DE #35). On November 25, 2009, this Court entered an order ratifying the appointment of Plaintiff Stettin as Trustee (DE #55.)

7.     Defendant Mrs. Rothstein (f/k/a Kimberly Wendell) is an individual residing in Broward County, Florida, and is the wife of Scott W. Rothstein ("Rothstein"). Mrs. Rothstein received the transfers set forth herein from RRA within four years of the filing of the Petition Date.

8.     RRA is a Florida professional services corporation, formed on February 7, 2002 by Rothstein and Stuart Rosenfeldt. Although the firm's practice was originally focused on labor and employment law, it expanded to other areas of law, including intellectual property, corporate law, mergers and acquisitions, real estate, criminal defense, class actions, mass torts and personal injury claims. At its height, RRA employed over 70 lawyers, with total staff of over 150 people on payroll, maintaining offices in Florida, New York and Venezuela.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

9. Prior to November 2, 2009, Rothstein was the Chief Executive Officer, managing partner and a 50% shareholder of RRA. Rosenfeldt was the President and also a 50% shareholder of RRA.

10. On November 2, 2009, Rosenfeldt initiated a lawsuit in Broward County Circuit Court (Case No. 09-059301)("Receivership Action") on behalf of RRA and himself, for judicial dissolution of the firm, an accounting, and appointment of a receiver, pursuant to Florida Statutes §§ 607.1430(3), 607.1431 and 607.1432.

11. In the Receivership Action complaint ("Rosenfeldt Complaint"), Rosenfeldt and RRA alleged that Rothstein had engaged in multiple wrongful acts. The Rosenfeldt Complaint pleads that Rothstein orchestrated a substantial misappropriation of funds from investor trust accounts that made use of RRA's name. The Rosenfeldt Complaint also alleges that the investment business created and operated by Rothstein centered around the fraudulent sale of interests in structured settlements and that "various funds unrelated to the practice of law cannot be accounted for."

12. As to these alleged structured settlements, Rothstein falsified the existence of the (i) client, (ii) settlement, (iii) settlement proceeds, (iv) documents, and misappropriated the investor funds to himself and to a series of business ventures which are the alter ego of RRA, now referred to by the Trustee as the RRA Entities.

13. As part of his Ponzi Scheme to defraud investors, Rothstein utilized the RRA offices, RRA lawyers and staff, and his position as an attorney and as an owner and officer of RRA, in addition to his relationship with existing clients of RRA and RRA's financial institution accounts, in order to effectuate the fraudulent sale of fictitious structured settlements.

14. Indeed, while the scheme was ongoing, RRA rapidly grew from a 7 attorney law firm in 2002 to 70 attorneys and 80 support staff in 2009. Prior to 2005, Rothstein was a virtual unknown in legal, political, and charitable circles. Subsequent to 2005, Rothstein and RRA gained the reputation of being a highly visible law firm making direct and indirect significant political and charitable contributions to both gain influence and give the appearance of a successful law firm.

15. Through the use and means of RRA, The United States of America ("USA") estimated that Rothstein bilked investors out between $1.2 billion and $1.6 billion.

16. Further, the Federal Bureau of Investigation and other federal agencies have been investigating Rothstein and others in connection with the Ponzi scheme. On November 9, 2009, the USA filed a Verified Complaint for Forfeiture *In Rem* against several real properties that appear to be connected to Rothstein. *United States v. Various Real Properties Purchased by or With Or On Behalf of Scott W. Rothstein*, 09-cv-61780-WJZ.

17. The Forfeiture Complaint pled that the "criminal investigation has disclosed that the investments purportedly underlying the... investment scheme never existed. The investigation has established that no such settlement agreements ever existed and the entire investment scheme was a fraud." Subsequently, an Amended Forfeiture Complaint was filed by the USA and Rothstein has pled guilty to numerous of the Ponzi Scheme crimes charged against him.

### ALLEGATIONS SPECIFIC TO MRS. ROTHSTEIN

18. From 2006 through 2009, Mrs. Rothstein received benefits or payments from RRA in various forms, which the Trustee now seeks to recover.

19. The first set of payments the Trustee seeks to recover are payments made on RRA's American Express account by Rothstein and Mrs. Rothstein for purely personal expenses for which she improperly was benefitted. For a number of years prior and subsequent to her January 26, 2008 marriage to Rothstein, Mrs. Rothstein had unfettered personal use of the RRA American Express card. During the years 2006 through 2009, Mrs. Rothstein charged $880,609.77 on the RRA American Express card for purely personal expenses including, but not limited to: jewelry, clothing, shoes, handbags, leather goods, plastic surgery treatments, eyewear, electronics, local hotel room and spa charges, household furnishings, home gym equipment, vacations and personal travel, athletic club charges, groceries, charitable contributions, personal meals, general household and other items ("Personal Expense Payments"). Additional sums were charged to this RRA American Express account for the benefit of Mrs. Rothstein by Rothstein, and the Trustee is still ascertaining the cumulative amount of these additional improper Personal Expense Payments. It is believed this additional sum is well into the millions of dollars, just on jewelry purchases alone, and not counting personal consumer goods. RRA received no or less than reasonably equivalent value in exchange for all of these Personal Expense Payments.

20. The second set of payments the Trustee seeks to recover includes reimbursements for political contributions made by Mrs. Rothstein. In two clearly documented transactions, Mrs. Rothstein made a political contribution from her personal account, and then very shortly afterwards, received a wire transfer from an RRA account payable to her, to cover the contribution. For example, on November 8, 2007, Mrs. Rothstein made a political contribution of $28,500 to the National Republican Senatorial Committee, and on November 13, 2007, a $30,000 wire transfer from an RRA operating account was credited to Mrs.

Rothstein's personal account. Similarly, on May 29, 2008, Mrs. Rothstein wrote a check for $70,000 to the John McCain presidential campaign and on May 30, 2008, a $74,223.99 wire transfer was sent from an RRA trust account to Mrs. Rothstein's personal account. These two political contribution reimbursements totaled $104,223.99. The payments by RRA to Mrs. Rothstein for political contributions provided no benefit to RRA and thus, RRA received no or less than a reasonably equivalent value in exchange for these payments.

21. Mrs. Rothstein also made about $86,000 in additional political contributions not specifically identified above. Based upon admissions Mrs. Rothstein made in her Rule 2004 exam, she was reimbursed for all of these political contributions, however, Trustee has not yet traced repayment of these sums from RRA to Mrs. Rothstein. Thus, Trustee is informed and believes Mrs. Rothstein was reimbursed directly or indirectly by RRA for approximately $86,000 in political contributions, and Trustee reserves the right to seek repayment of these sums as well, predicated upon the legal causes of action stated below.

22. The third set of payments the Trustee seeks to recover includes payments made by RRA to Mrs. Rothstein, some of which were classified in RRA's financial records as "professional fees or fee/cost income," even though Mrs. Rothstein provided essentially no meaningful services to RRA. These payments were reflected by numerous checks written by RRA to Mrs. Rothstein over a 4 year period from the RRA payroll or operating accounts. During 2006, Mrs. Rothstein received $78,198.71 in "professional fees or fee/cost income," and she also received $75,000 on February 20, 2009. These payments provided no benefit to RRA and thus, RRA received no or less than reasonably equivalent value in exchange for these payments.

6

23. The Personal Expense Payments in the aggregate amount of $880,609.77; the Political Reimbursements in the aggregate amount of $104,223.99; and the "professional fees or fee/cost income" payments in the aggregate amount of $153,198.71 total $1,138,032 and are collectively referred to below as the "Transfers." Trustee reserves the right to seek additional sums as as Transfers for either Personal Expense Payments or political contributions, as pled above.

## COUNT I – FRAUDULENT TRANSFERS
## PURSUANT TO SECTION 548(a)(1)(A) OF THE BANKRUPTCY CODE

24. The allegations set forth in paragraphs 1 through 23 are realleged as if fully restated herein.

25. The Transfers were made to Mrs. Rothstein within four years of the Petition Date. Those Transfers that were made between November 30, 2007 and November 30, 2009 (the "Two Year Transfers") were made by RRA within two years prior to the date that the Involuntary Petition was filed on November 10, 2009.

26. The Two Year Transfers were made by RRA to Mrs. Rothstein with the actual intent to hinder, delay or defraud an entity to which RRA was or became, on or after the date such transfers were made, indebted.

**WHEREFORE**, Plaintiff respectfully requests the Court to enter a Judgment:

a. Declaring the Two Year Transfers to have been fraudulent transfers pursuant to § 548(a)(1)(A) of the Bankruptcy Code.

b. Avoiding the Two Year Transfers made to Mrs. Rothstein as fraudulent transfers in violation of § 548(a)(1)(A) of the Bankruptcy Code; and

c. Granting such other and further relief as may be just and proper.

## COUNT II – FRAUDULENT TRANSFERS
## PURSUANT TO SECTION 548(a)(1)(B) OF THE BANKRUPTCY CODE

27. The allegations set forth in paragraphs 1 through 23 are realleged as if fully restated herein.

28. The Two Year Transfers were made by RRA within two years prior to the Petition Date.

29. RRA received no or less than reasonably equivalent value in exchange for the Two Year Transfers, and

    a. RRA was insolvent on the dates that the transfers were made or was rendered insolvent because of those transfers;

    b. RRA was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with RRA was an unreasonably small capital; or

    c. RRA intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

**WHEREFORE**, Plaintiff respectfully requests that the Court to enter a Judgment:

    a. Declaring the above referenced payments to Mrs. Rothstein to have been fraudulent transfers pursuant to § 548(a)(1)(B) of the Bankruptcy Code;

    b. Avoiding the Two Year Transfers made to Mrs. Rothstein as fraudulent transfers in violation of § 548(a)(1)(B) of the Bankruptcy Code; and

    c. Granting such other and further relief as may be just and proper.

### COUNT III – AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND SECTION 726.105(1)(a) OF THE FLORIDA STATUTES

30. The allegations set forth in paragraphs 1 through 23 are realleged as if fully restated herein.

31. Within the four year period preceding the Petition Date, RRA made the Transfers to Mrs. Rothstein.

32. The Transfers were made by RRA with the actual intent to hinder, delay or defraud creditors of RRA.

33. The Transfers may be avoided under 11 U.S.C. §544 and *Fla. Stat.* §726.105(1)(a).

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a Judgment:

  a. Declaring the above referenced payments to Mrs. Rothstein to have been fraudulent transfers pursuant to *Fla. Stat.* § 726.105(1)(a);

  b. Avoiding the Transfers made to Mrs. Rothstein as fraudulent transfers in violation of *Fla. Stat.* § 726.105(1)(a); and

  c. Granting such other and further relief as may be just and proper.

### COUNT IV – AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND SECTION 726.105(1)(b) OF THE FLORIDA STATUTES

34. The allegations set forth in paragraphs 1 through 23 are realleged as if fully restated herein.

35. RRA made the Transfers to Mrs. Rothstein, within the four year period preceding the Petition Date.

36. RRA made the Transfers without receiving reasonably equivalent value in exchange for the Transfers, and

   a. RRA was engaged or was about to engage in a business or a transaction for which the remaining assets of RRA were unreasonably small in relation to its business or transaction; or

   b. RRA intended to incur, or believed it would incur, debts that would be beyond RRA's ability to pay as they became due.

37. The Transfers may be avoided under 11 U.S.C. §544 and *Fla. Stat.* §726.105(1)(b).

**WHEREFORE**, Plaintiff respectfully requests the Court to enter a Judgment:

   a. Declaring the above referenced payments to Mrs. Rothstein to have been fraudulent transfers pursuant to *Fla. Stat.* § 726.105(1)(b);

   b. Avoiding the Transfers made to Mrs. Rothstein as fraudulent transfers in violation of *Fla. Stat.* § 726.105(1)(b); and

   c. Granting such other and further relief as may be just and proper.

### COUNT V – AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND SECTION 726.106(1) OF THE FLORIDA STATUTES

38. The allegations set forth in paragraphs 1 through 23 are realleged as if fully restated herein.

39. RRA made the Transfers to Mrs. Rothstein within four year period preceding the Petition Date.

40. RRA made the Transfers without receiving reasonably equivalent value in exchange for the Transfers.

41. RRA was insolvent at that times of the Transfers or became insolvent as a result of thereof, and a creditor(s) existed at the time of each of the Transfers.

42. The Transfers may be avoided under 11 U.S.C. § 544 and *Fla. Stat.* §726.106(1).

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a Judgment:

    a. Declaring the above referenced payments to Mrs. Rothstein to have been fraudulent transfers pursuant to *Fla. Stat.* § 726.106(1);

    b. Avoiding the Transfers made to Mrs. Rothstein as fraudulent transfers in violation of *Fla. Stat.* § 726.106(1); and

    c. Granting such other and further relief as may be just and proper.

### COUNT VI – RECOVERY OF PROPERTY PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

43. The allegations set forth in paragraphs 1 through 23 are realleged as if fully restated herein.

44. The transfers referenced above are avoidable by Plaintiff pursuant to pursuant to 11 U.S.C. §§ 544 and 548 and as a result, such payments are recoverable by Plaintiff pursuant to 11 U.S.C. § 550.

45. Mrs. Rothstein was the initial transferee of the above referenced payments and/or the entity for whose benefit such transfers were made.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter a Judgment:

    a. Declaring Mrs. Rothstein to be the initial transferee and/or the entity for whose benefit the above referenced payments were made;

    b. Directing Mrs. Rothstein to turnover the above referenced fraudulent payments, plus interest at the applicable federal statutory rate, and reasonable attorneys' fees and expenses to the extent permissible by applicable law to Plaintiff; and

c.  Granting such other and further relief as may be just and proper.

## COUNT VII – FOR CONSTRUCTIVE TRUST

46. The allegations set forth in paragraphs 1 through 23 are realleged as if fully restated herein.

47. The Plaintiff as Trustee of RRA is the legal title holder to all property of RRA.

48. The Transfers were effected by Mrs. Rothstein fraudulently or alternatively, retained by her under circumstances such that it would be inequitable for her to retain the Transfers.

49. As the beneficiary of the Transfers, Mrs. Rothstein knew or should have known that the Transfers were improper.

50. Mrs. Rothstein has been unjustly enriched to the detriment of the Plaintiff, and as a result, a constructive trust should be established against the Transfers and upon the proceeds of the Transfers.

**WHEREFORE**, Plaintiff prays for entry of a judgment in his favor and against Defendant Mrs. Kimberly A. Rothstein for imposition of a constructive trust to be established against the Transfers and all proceeds of the Transfers, for damages and all such other relief as this court deems just and appropriate.

## COUNT VIII – FOR EQUITABLE LIEN

51. The allegations set forth in paragraphs 1 through 23 are realleged as if fully restated herein.

52. The Plaintiff as Trustee of RRA is the legal title holder to all property of RRA.

53. The Transfers were effected by Mrs. Rothstein fraudulently or alternatively, retained by her under circumstances such that it would be inequitable for her to retain the Transfers.

54. As the beneficiary of the Personal Expense Payment Transfers, Mrs. Rothstein knew or should have known that the Personal Expense Payment Transfers were improper.

55. Mrs. Rothstein has been unjustly enriched to the detriment of the Plaintiff, and as a result, an equitable lien should be established against all personalty acquired by Mrs. Rothstein directly and indirectly traceable to the Personal Expense Payment Transfers and all proceeds of the Transfers.

**WHEREFORE**, Plaintiff prays for entry of a judgment in his favor and against Defendant Mrs. Kimberly A. Rothstein for imposition of an equitable lien to be established against all personalty directly and indirectly traceable from the Personal Expense Payments, the Transfers and all proceeds of the Transfers, for damages and all such other relief as this court deems just and appropriate.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this Court set forth in Local Rule 2090-1(a).

**DATED** this 10th day of March, 2010.

<div style="margin-left: 3em;">

BERGER SINGERMAN, P.A.
Attorneys for the Trustee, Herbert Stettin
350 East Las Olas Blvd.
Suite 1000
Fort Lauderdale, Florida 33301
Direct Telephone: (954) 712-5138
Main Line: (954) 525-9900
Facsimile: (954) 523-2872

By: /s/ *Paul Steven Singerman*
Paul Steven Singerman, Esq.
Fla. Bar No. 378860
singerman@bergersingerman.com
Charles H. Lichtman, Esq.
Fla. Bar No. 501050
clichtman@bergersingerman.com
Stefanie C. Moon, Esq.
Fla. Bar No. 0074195
smoon@bergersingerman.com

</div>

2667587-2