UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                                    CASE NO.:  09-34791-BKC-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,[1]            CHAPTER 11

    Debtor.
_____/

NOTICE OF FILING OF CHAPTER 11 TRUSTEE'S REPLY [D.E. 97]
BEFORE THE DISTRICT COURT IN CASE *UNITED STATES OF AMERICA V.
SCOTT W. ROTHSTEIN*; CASE NO. 0:09-cr-60331-JIC

    Herbert Stettin ("Stettin" or "Trustee"), the Chapter 11 Trustee of Rothstein Rosenfeldt Alder, P.A. ("RRA" or "Debtor"), by undersigned counsel, file *Chapter 11 Bankruptcy Trustee's Reply to Government's Response to Bankruptcy Trustee's Motion to Refer Third Party Claims to Bankruptcy Court [D.E. 94]* before the District Court in case *United States Of America v. Scott W. Rothstein*; Case No. 0:09-cr-60331-JIC.

---

[1] The address and last four digits of the taxpayer identification number of the Debtor, Rothstein Rosenfeldt Adler, P.A., is Las Olas City Centre, 401 E. Las Olas Blvd., Suite 2270, Fort Lauderdale, Florida 33301 (TIN 7961).

2686182-1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that true and correct copy of the following document was served electronically to CM/ECF subscribers and via U.S. First Class Mail, postage prepaid on the attached Master Service List on this 12th day of March, 2010.

Respectfully Submitted,

BERGER SINGERMAN, P.A.
*Counsel for Chapter 11 Trustee*
200 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340


By:   */s/ Paul Steven Singerman*
        Paul Steven Singerman
        singerman@bergersingerman.com
        Florida Bar No. 378860
        Sharon Kegerreis
        skegerreis@bergersingerman.com
        Florida Bar No. 852732
        Isaac Marcushamer
        imarcushamer@bergersingerman.com
        Florida Bar No. 0060373

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No. 09-60331-CR-COHN

SCOTT W. ROTHSTEIN
_____/

**CHAPTER 11 TRUSTEE'S REPLY TO GOVERNMENT'S RESPONSE TO BANKRUPTCY TRUSTEE'S MOTION TO REFER THIRD PARTY CLAIMS TO BANKRUPTCY COURT [D.E. 94]**

Herbert Stettin ("Stettin" or "Trustee"), the Chapter 11 Trustee of Rothstein Rosenfeldt Adler P.A. ("Debtor" or "RRA"), respectfully replies to the government's response [D.E. 94] (the "Response") in opposition to the Trustee's Motion to Refer All Third Party Claims to United States Bankruptcy Court [D.E. 88] (the "Motion").

The government erroneously states that this Court lacks jurisdiction to refer third party claims in an ancillary forfeiture proceeding to the bankruptcy court for resolution. Contrary to the government's assertion, an ancillary forfeiture proceeding is not a criminal proceeding, nor is it part of the sentencing process. Instead, it has the status of a separate civil case designed to protect the property interests of third party claimants who have ownership interests in the assets subject to forfeiture. Because the ancillary forfeiture proceeding is a civil case "related to" the bankruptcy case, the district court has jurisdiction under 28 U.S.C. §157 to refer the ancillary proceedings to the bankruptcy court. The bankruptcy court is best suited as a forum for third parties to litigate competing claims to specific assets.

2675320-8

A. **The Government Misinterprets the Jurisdictional Grant and Powers of This Court**

On January 4, 2010, the Court entered its Order Denying Without Prejudice Chapter 11 Trustee's Motion to Modify Protective Order And to Authorize Turnover of Eight Accounts [D.E. 25]. In its Order, the Court "recognize[d] [that] the Bankruptcy Code provides an excellent mechanism for marshaling assets and distributing them to creditors. Therefore, the Court will consider entering an order of reference to the Bankruptcy Court as to third party claims at the appropriate time." [D.E. 25 at 5]. Now is the appropriate time, particularly because the government has demonstrated its unwillingness to commence ancillary forfeiture proceedings before this Court. Should this Court wish to refer third party claims to the bankruptcy court, it has ample authority to do so.

The government misunderstands and misinterprets both the nature of ancillary forfeiture proceedings and the jurisdictional statutes that govern the bankruptcy courts. Ancillary forfeiture proceedings are **not** "indisputably criminal" as the government incorrectly asserts in its Response. [D.E. 94 at 2]. Federal Rule Of Criminal Procedure 32.2(c)(4) makes clear that the ancillary hearing is not a part of a criminal sentencing. In *United States v. Pease,* the Eleventh Circuit stated clearly that "an ancillary proceeding [is] a civil case." See *Pease,* 331 F.3d 809, 816 (11th Cir. 2003); *see also United States v. Gilbert*, 244 F.3d 888, 907 (11th Cir. 2001)(concluding "that a third-party petition filed under section 1963(l) is civil in nature even though it is ancillary to a criminal forfeiture trial"); *United States v. Douglas*, 55 F.3d 584, 585 (11th Cir. 1995)(holding that a 21 U.S.C.§853(n) proceeding is a civil action within the meaning of the Equal Access to Justice Act and awarding attorneys' fees against the United States); *United States v. Nolasco*, 2009 U.S. App. LEXIS 26368 at *8 (3d Cir. Dec. 4, 2009)(holding that because a Section 853(n) proceeding is "separate and distinct from the prosecution itself, Section

853(n) ancillary proceedings are 'civil' proceedings for the purposes of [the Civil Asset Forfeiture Reform Act]"). Most recently, the Eleventh Circuit reiterated that "[w]hile a proceeding ancillary to a criminal forfeiture prosecution -- in which innocent third parties seek adjudication of the validity of their interests in the property -- is a civil action, the criminal forfeiture of a defendant's interest in property is a mandatory element of the sentencing package." *United States v. Pease*, 137 Fed. App. 220, 224 (11th Cir. 2005). Accordingly, third party ancillary proceedings are "civil proceedings," which this Court may lawfully refer to the bankruptcy court.[1]

This Court has authority under 28 U.S.C. §157 (c)(1) to refer any civil proceeding to the bankruptcy court "that is otherwise related to a case under title 11." The government mistakenly assumes that jurisdiction over ancillary proceedings is conferred on the district court pursuant to 18 U.S.C. §3231 conveying jurisdiction over "all offenses against the United States" and that such criminal jurisdiction cannot be delegated. But because the ancillary proceedings are civil in nature, the district court retains the power to refer them to the bankruptcy court under its "related to" jurisdiction. Pursuant to 28 U.S.C. §157, this Court has the statutory authority to refer civil proceedings that are not core bankruptcy proceedings, but that may otherwise have an effect on the bankruptcy estate, to the bankruptcy court on a report and recommendation basis. Title 28 U.S.C. Section 157(c)(1) provides:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district

---

[1] The government cites *Libretti v. United States*, 516 U.S. 29 (1995) for the proposition that "forfeiture is part of the sentencing phase of a criminal case." The Trustee does not dispute that forfeiture *of the defendant's interest* in assets involved in a criminal offense is part of the sentencing process. But the adjudication of the rights of third parties to the seized assets in ancillary forfeiture proceedings occurs in a separate civil proceeding that is **not** part of the sentencing. *See* Fed. R. Crim. P. 32.2 (c) (4).

2675320-8                                    3

court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

The ancillary forfeiture proceedings required to determine third party claims in this case plainly constitute a non-core proceeding that would be "related to" a case under title 11.[2] Moreover, this Court's local rule 87.2 makes clear that the reference of matters to the bankruptcy court is based solely on 28 U.S.C. §157.[3] Here, every element of §157 is met, giving this Court ample statutory authority to enter an order of reference to the bankruptcy court as to third party claims.

### B. The Trustee's Motion is not barred by 18 U.S.C. §1963(k) and 21 U.S.C. §853(k)

The government continues to assert that the Trustee may not be heard in this action because a preliminary order of forfeiture has yet to be entered. The government ignores the fact that the sole reason that ancillary forfeiture proceedings have not already begun is because the government has refused to present the Court with a preliminary order of forfeiture. But for the government's deliberate delay in following the statutory procedures outlined in Fed. R. Crim. P. 32.2, third parties, including the Trustee, would have already have had the opportunity to file

---

[2] According to the Eleventh Circuit a dispute is "related to" a case under title 11 when its result could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property, if it could affect the administration of the bankruptcy estate. The key word in the [analysis] is 'conceivable,' which makes the jurisdictional grant extremely broad." *Winchester Global Trust Co. v. Entrust NPL, Corp. (In re Ryan)*, 276 Fed. Appx. 963, 966 (11th Cir. 2008)(internal citations and quotations omitted).

[3] The Trustee has found only one case involving an effort to refer civil forfeiture proceedings to a bankruptcy court: *See United States v. One Parcel of Real Property known as Star Route Box 1328*, 137 B.R. 802 (D. Or. 1992). In that case, the district court judge recognized that the forfeiture case would constitute a "related case" under 28 U.S.C. § 157(a) but ultimately decided not to refer the case.

claims to the seized assets. As a direct consequence of the government's failure to act, third parties have been denied and continue to be denied their due process right to a hearing in which to assert their legal interests in the seized property.

The purpose of the bar on intervention found at 21 U.S.C. §853(k) is to prevent third parties from interfering with the ongoing trial or appeal of a criminal case. Thus, until the criminal proceedings are concluded through a jury verdict or a plea of guilty, a party claiming an interest in property subject to forfeiture may not "(1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section or (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section." Once the criminal proceedings are over, however, the Rules of Criminal Procedure specifically contemplate that third parties will be afforded a full and fair opportunity to file their claims and to litigate their interests in properties that were named in the indictment.

Here, the government has abdicated its responsibility to initiate the ancillary forfeiture proceedings. Notwithstanding the guilty plea of Scott Rothstein on January 27, 2010 [D.E. 69], the government has failed to provide the Court with a list of assets that it contends are subject to forfeiture together with the factual nexus necessary for the Court to enter a preliminary order of forfeiture. Nor has it provided the Court with any explanation for its contention that "a preliminary order of forfeiture is not practicable at this time." [D.E. 94 at 8]. Although the government vaguely asserts that it is "carefully considering established law, as well as recent and pending developments regarding third party rights in the Eleventh Circuit," it has failed to take any steps to protect third party rights. [DE 94 at 9]. The government's only justification for not

2675320-8                                    5

moving forward with ancillary forfeiture proceedings appears to be its disagreement with existing Eleventh Circuit law holding that a third party may file a claim in a criminal forfeiture based upon a legal interest derived from a constructive trust. *See United States v. Shefton*, 548 F.3d 1360 (11th Cir. 2008). Despite this Court's direct inquiry of the government from the bench at the proceedings before the Court on January 27, 2010 and this Court's subsequent Order to Show Cause [D.E. 81], the government has refused to state whether it intends to proceed with the criminal forfeiture process at all. Instead, it has adopted a strategy of deliberate delay to avoid the application of existing Eleventh Circuit law in the ancillary proceedings.

The Trustee has not attempted to intervene in any trial or appeal. As Scott Rothstein has pled guilty and waived his right to appeal, there will be no trial or appeal. Unlike the case of *In re Global Vending*, repeatedly cited by the government, in which the trustee filed a turnover complaint in the bankruptcy court, the Trustee here has not commenced a separate civil action. Indeed, in *Global Vending*, the bankruptcy court dismissed the trustee's action precisely because it concluded that such claims could later be brought "within the confines of a ancillary proceeding." *See In re Global Vending*, 2005 WL 2451763 (Bankr. S.D. Fla. 2005). Because the government has specifically declined to go forward with the ancillary proceedings in this case, the Trustee and all other third parties have no other forum in which to litigate claims that they may have a superior interest to that of criminal defendant in the seized property. Under these circumstances, the Trustee has the right to appear before this Court in order to insure that third party claims can be adjudicated promptly in accordance with the guarantees of due process. *See United States v. Kaley*, 579 F. 3d 1246 (11th Cir. 2009)(finding that notwithstanding the language of §853(k), the constitutional guarantee of due process may require post-seizure hearing in some circumstances where there has been a deprivation of property).

Time is of the essence: the seized assets are depreciating and the numerous and possibly lucrative complex business interests are being left unattended. For this reason, the Trustee requests at a minimum that the Court require the government to file a preliminary order of forfeiture promptly so that the Trustee may have an opportunity to assert a claim and to litigate his interests in the seized assets. The Trustee has further provided the Court with a mechanism through which third party claims can be adjudicated equitably, efficiently and effectively in the bankruptcy court. Nothing in the language of Section 853(k) prohibits this Court from giving due consideration to the relief requested in the Trustee's Motion.

C.  **The Trustee Acts for the Benefit of All Creditors Including Victims**

The government misperceives the role of the Trustee. Mr. Stettin is a fiduciary seeking to recover for the benefit of all victims of Mr. Rothstein. Every dollar recovered in RRA bankruptcy is distributed according to statutory direction with ample court oversight and due process protections. Stettin is not, as the government asserts, using "the current state of Eleventh Circuit constructive trust law" to "usurp all the RRA accounts and any assets that can be traced to those accounts." Rather, Stettin is focused on maximizing the value of the RRA estate so that the creditors of RRA, including investor creditors, can share in the largest possible recovery. In order to execute his fiduciary duties, Stettin must first be able to assert his claim to the seized assets based upon his position that such assets were unlawfully purchased with funds diverted from RRA's accounts. Only by first establishing a legitimate interest in the seized assets – that is, that the assets should properly be considered to be property of the Estate -- can the Trustee then seek bankruptcy court approval for an equitable distribution of those assets.

The government also misunderstands the reasons why the Trustee has cited to the recent cases of *Drier*, *Madoff,* and *Brandau (Fin Fed)*. In all of these cases, the district court recognized that the bankruptcy courts can serve a useful and important role in assisting the

2675320-8                                          7

district court with a complex criminal forfeiture proceeding. In *Madoff,* notwithstanding the fact that the civil forfeiture and bankruptcy proceedings went forward on separate tracks, the district court specifically recognized the benefits of proceeding to unwind a Ponzi scheme through the bankruptcy system under the auspices of a bankruptcy judge. The *Madoff* court cited with approval the comments of Judge Easterbrook in *Frykholm* in which the Court admonished the government for failing to harness the specialized resources of the bankruptcy system in connection with a criminal forfeiture case. *United States v. Frykholm*, 362 F.3d 413, 417 (7th Cir. 2004). In light of its avoidance powers, Judge Easterbrook observed that the bankruptcy system provides a more comprehensive vehicle for collecting and distributing assets and for protecting investor victims. To date, the government has yet to explain why Judge Easterbrook's position in *Frykholm* is inapplicable or unpersuasive.

In *Brandau (Fin Fed)*, the district court recognized the advantages of harmonious cooperation between the government and a bankruptcy trustee. There, the trustee was appointed as a receiver to distribute seized assets with the consent of the government. By analogy, the district court also has the resources of the bankruptcy court available to it to assist it with the complex third party claims process in this case. In *Drier*, the district court recognized the difficulties that arise when the same assets become subject to competing claims under the criminal and bankruptcy systems. [D.E. 88 at 2, fn. 3]. As in *Drier*, the inherent tensions that exist here are best addressed through coordination and cooperation.

Here, the government has refused to initiate ancillary forfeiture proceedings after having seized millions of dollars of depreciating assets and complex business interests. Despite the Trustee's best efforts, the government has declined to engage in any substantive discussion of the terms upon which the Trustee can facilitate the government's stated interest of maximizing the

value of the assets subject to forfeiture for distribution. Accordingly, the Trustee respectfully requests that this Court enter an Order of Referral of all third party claims to bankruptcy court pursuant to the authority of 28 U.S.C. §157.

WHEREFORE, Herbert Stettin the Chapter 11 Trustee of RRA, respectfully requests that this Court grant the relief requested in the Trustee's Motion [D.E. 88].

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this March 12, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List attached to the original hereof, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully Submitted,
BERGER SINGERMAN, P.A.
*Counsel for Chapter 11 Trustee*
200 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: /s/ Paul Steven Singerman
    Paul Steven Singerman
    singerman@bergersingerman.com
    Florida Bar No. 378860
    Sharon Kegerreis
    skegerreis@bergersingerman.com
    Florida Bar No. 852732
    Isaac Marcushamer
    imarcushamer@bergersingerman.com
    Florida Bar No. 0060373

## SERVICE LIST

Marc S. Nurik
Law Offices of Marc S Nurik
1 E Broward Boulevard, Suite 700
Fort Lauderdale, FL 33301
954-745-5849
Fax: 954-745-3556
Email: marc@nuriklaw.com

Alison Whitney Lehr
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9176
Fax: 536-7599
Email: Alison.Lehr@usdoj.gov

Evelyn Baltodano-Sheehan
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9125
Email: evelyn.sheehan@usdoj.gov

Lawrence D. LaVecchio
United States Attorney's Office
500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33394
954-356-7255
Fax: 954-356-7230
Email: lawrence.lavecchio@usdoj.gov

Paul Schwartz
United States Attorney's Office
500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33301-3002
954-356-7255
Fax: 356-7230
Email: paul.schwartz@usdoj.gov

Jeffrey Kaplan
United States Attorney's Office
500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33301-3002
954-356-7255X3515
Fax: 356-7336
Email: jeffrey.kaplan@usdoj.gov

2675320-8

10

# MASTER SERVICE LIST
## CASE NO.: 09-34791-BKC-RBR

Marianella Morales, Esquire
Authorized Agent For Joining Creditors
Avenida Francisco de Miranda
Torre Provincial "A"
Piso 8
Caracas, Venezuela
**(VIA EMAIL)**

John H. Genovese, Esq. **(VIA CM/ECF)**
Robert F. Elgidely, Esq.
Theresa M.B. Van Vliet, Esq.
Genovese Joblove & Battista, PA
Bank Of America Tower at International Place
100 S.E. 2nd Street
Suite 4400
Miami, Florida 33131
Phone: (305) 349-2300
Fax (305) 349-2310

Kendall Coffey, Esq. **(VIA EMAIL)**
Coffey Burlington,
Office in the Grove
Penthouse
2699 South Bayshore Drive
Miami, Florida 33133
kcoffey@coffeyburlington.com

The Honorable Herbert M. Stettin
One Biscayne Tower
Suite 3700
Two South Biscayne Boulevard
Miami, Florida 33131

John G. Bianco, Esq. **(VIA CM/ECF)**
John M. Mulli, Esquire
Tripp Scott
110 Southeast Sixth Street
Fifteenth Floor
Fort Lauderdale, Fl. 33301
jgb@trippscott.com

Alison W. Lehr **(VIA EMAIL)**
Assistant United States Attorney
99 N.E. 4th Street
7th Floor
Miami, Florida 33132
Phone: (305) 961-9176
Fax: (305) 536-7599
Alison.Lehr@usdoj.gov

Jeffrey R. Sonn, Esq. **(VIA EMAIL)**
Sonn & Erez, PLC
Broward Financial Center
500 E. Broward Boulevard
Suite 1600
Fort Lauderdale, Florida 33394
Phone: (954) 763-4700
Fax (954) 763-1866
jsonn@sonnerez.com

Office of the US Trustee **(VIA CM/ECF)**
51 Southwest First Avenue
Suite 1204
Miami, Florida 33130

Thomas Tew, Esq. **(VIA EMAIL)**
Lynn Maynard Gollin, Esq.
Tew-Cardenas, LLP
Four Seasons Tower
15th Floor
1441 Brickell Avenue
Miami, Florida 33131-3407
tt@tewlaw.com
lmg@tewlaw.com

2441794-1

Conrad & Scherer, LLP **(VIA EMAIL)**
633 South Federal Highway
Fort Lauderdale, FL 33301
Tel: 954-462-5500
bs@conradscherer.com
JSilver@conradscherer.com

Michael D. Seese, Esq. **(VIA EMAIL)**
Hinshaw & Culbertson, LLP
1 E Broward Blvd Ste 1010
Ft Lauderdale, Florida 33301
Tel: 954.4677900
Fax: 954.4671024
mseese@hinshawlaw.com

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114
**(Via U.S. Mail)**

Internal Revenue Service
Special Procedures - Insolvency
7850 SW 6th Court
Plantation, FL  33324
Tel.: (954) 423-7300
Fax.: (305) 982-5406
**(Via U.S. Mail)**

Special Asst. U.S. Attorney
P.O. Box 9, Stop 8000
51 SW 1st Avenue, #1114
Miami, Fl  33130
Fax: (305) 530-7139
**(Via U.S. Mail**)

Grant J. Smith, Esq. **(VIA EMAIL)**
Rothstein Rosenfeldt Adler, P.A.
401 East Las Olas Blvd
Suite 1650
Fort Lauderdale, FL 33301
gsmith@rra-law.com

United Healthcare
Dept. CH 10151
Palatine, IL 60055
**(Via US Mail)**

Special Asst. U.S. Attorney
IRS District Counsel
1000 S. Pine Island Rd., Ste 340
Plantation, FL 33324-3906
**(Via U.S. Mail)**

The Honorable Eric H. Holder, Jr.
Attorney General of the U.S.
950 Pennsylvania Avenue, NW Room 4400
Washington, DC  20530-0001
**(Via U.S. Mail)**

Honorable Jeffrey H. Sloman,
Acting U.S. Attorney
99 NE 4th Street
Miami, Fl  33132
**(Via U.S. Mail)**

Daniel Mink
Ovadia Levy
c/o Renato Watches, Inc
14051 NW 14th Street
Sunrise, Florida 33323
**(Via U.S. Mail)**

William George Salim, Jr. **(VIA CM/ECF)**
Moskowitz Mandell & Salim
800 Corporate Dr Ste 510
Fort Lauderdale, Florida 33334
wsalim@mmsslaw.com
Tel: 954.491-2000
Fax: 954.4912051

USI **(VIA EMAIL)**
Attn: Anthony Gruppo
200 West Cypress Creek Road
Suite 500
Fort Lauderdale, FL 33309
Tel: 954-607-4000
Anthony.gruppo@usi.biz

Marc Nurik, Esq. **(VIA EMAIL)**
1 East Broward Blvd
Suite 700
Fort Lauderdale, FL 33301
marc@nuriklaw.com

BAST AMRON LLP **(VIA CM/ECF)**
SunTrust International Center
One Southeast Third Avenue
Suite 1440
Miami, Florida 33131
Telephone: (305) 379-7904
Facsimile: (305) 379-7905
bamron@bastamron.com
jbast@bastamron.com

Mark Bloom, Esq. **(VIA EMAIL)**
Greenberg Traurig, LLP
1221 Brickell Avenue
Miami, FL 33131
T 305.579.0500
F 305.579.0717
bloomm@gtlaw.com

Robert D. Critton, Esq.  **(VIA EMAIL)**
Burman, Critton, Luttier & Coleman
303 Banyan Blvd., Suite 400
West Palm Beach, FL 33401
rcrit@bclclaw.com

Roth & Scholl **(VIA EMAIL)**
Attn: Jeffrey C. Roth, Esq.
Attorneys For Creditor Blue
Capital Us East Coast Properties, L.P.
866 South Dixie Highway
Coral Gables, Fl 33146
Telephone: (305) 662-4141
jeff@rothandscholl.com

Rogers, Morris & Ziegler, LLP **(VIA EMAIL)**
1401 East Broward Blvd
Suite 300
Fort Lauderdale, FL 33301
Tel: (954) 462-1431
Fax: (954) 763-2692
mfbooth@rmzlaw.com

Arthur C. Neiwirth, Esq. **(VIA CM/ECF)**
One E. Broward Blvd., Suite 1400
Ft. Lauderdale, FL 33301
Tel: (954) 523-7008
Fax: (954) 523-7009
aneiwirth@qpwblaw.com

The Florida Bar **(VIA EMAIL)**
Adria E. Quintela, Esq.
Alan Anthony Pascal, Esq.
Lake Shore Plaza II
1300 Concord Terrace, Suite 130
Sunrise, FL 33323
aquintel@flabar.org
apascal@flabar.org

Micheal w. Moskowitz, Esq. **(VIA E-MAIL)**
800 Corporate Drive, Suite 500
Ft. Lauderdale, FL 33234
mmoskowitz@mmsslaw.com

Francis L. Carter, Esq. **(VIA E-MAIL)**
Katz Barron Squitero Faust
2699 S. Bayshore Drive, 7th Floor
Miami, Florida 33133
Tel: 305-856-2444
Fax: 305-285-9227
flc@katzbarron.com

Bradley S. Shraiberg, Esq. (**VIA EMAIL**)
2385 NW Executive Drive
Suite 300
Boca Raton, Florida 33431
Tel: 561-443-0800
Fax: 561-998-0047
bshraiberg@sfl-pa.com

2441794-1                              3

Henry S. Wulf, Esq. **(VIA EMAIL)**
CARLTON FIELDS, P.A.
525 Okeechobee Blvd., Suite 1200
West Palm Beach, Florida 33401
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
E-Mail: hwulf@carltonfields.com

EMESS Capital, LLC  **(VIA EMAIL)**
c/o Bruce A. Katzen, Esq.
201 S. Biscayne Blvd., 17th Floor
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428
E-Mail: bkatzen@klugerkaplan.com

Ira Sochet, Trustee  **(VIA EMAIL)**
Revocable Intervivos Trust of Ira Sochet
c/o Phil Hudson, Esq.
200 South Biscayne Blvd, Suite 3600
Miami, Florida 33130
Telephone: (305) 374-3330
Facsimile: (305) 374-4744
E-Mail: pmhudson@arnstein.com

Coquina Investments  **(VIA EMAIL)**
c/o Patricia A. Redmond, Esq.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3553
Facsimile: (305) 789-3395
E-Mail: predmond@stearnsweaver.com

Michael I. Goldberg, Esq.  **(VIA EMAIL)**
Las Olas Centre -  Suite 1600
350 East Las Olas Blvd
Fort Lauderdale, FL 33301
Telephone: (305) 463-2700
Facsimile: (305) 463-2224
E-Mail: Michael.goldberg@akerman.com

LMB Funding Group  **(VIA EMAIL)**
c/o Robert C. Furr, Esq.
2255 Glades Road, Suite 337W
Boca Raton, Florida 33431
Telephone: (561) 395-0500

Facsimile: (561) 338-7532
E-Mail: rfurr@furrcohen.com

Lawrence A. Gordich, Esq. **(VIA EMAIL)**
Melissa Alagna, Esq.
701 Brickell Ave
Suite 1900
Miami, Florida 33131
Telephone: (305) 789-2700
Facsimile: (305) 789-2727
Email: Lawrence.gordich@ruden.com
Email: Melissa.alagna@ruden.com

Broward County **(VIA EMAIL)**
Attn: Hollie N. Hawn, Esq.
Government Center
115 South Andrews Avenue
Fort Lauderdale, FL 33301
Telephone: (954) 357-7600
Facsimile: (954) 357-7641
E-Mail: hhawn@broward.org

Steven J. Solomon, Esq. **(VIA EMAIL)**
Gray Robinson, P.A.
1221 Brickell Ave, Suite 1600
Miami, Florida 33131
E-Mail – steven.solomon@gray-robinson.com

Peter F. Valori, Esq. **(VIA EMAIL)**
DAMIAN & VALORI LLP
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965
E-mail: pvalori@dvllp.com

Canon Financial Services, Inc.
158 Gaither Drive, #200
Mount Laurel, NJ 08054
**(Via US Mail)**

2441794-1

CIT Technology Financing Services I, LLC
10201 Centurion Parkway North
Jacksonville, FL 32256
**(Via US Mail)**

Gibraltar Private Bank & Trust Company
220 Alhambra Circle, Suite 500
Coral Gables, FL 33134
**(Via US Mail)**

Inter-Tel Leasing, Inc.
1140 West Loop North
Houston, TX 77055
**(Via US Mail)**

Florida Department of Revenue
501 S. Calhoun Street
Room 201
Carlton Building
Tallahassee, FL 32399
**(Via US Mail)**

Leon County Tax Collector
315 S. Calhoun Street
Suite 210
Tallahassee, FL 32301
**(Via US Mail)**

Miami-Dade County Tax Collectors
140 West Flagler Street, 14th Floor
Miami, FL 33130
**(Via US Mail)**

Palm Beach County Tax Collector
P.O. Box 3715
West Palm Beach, FL 33402-3715
**(Via US Mail)**

THE LAW OFFICES OF
GEOFFREY D. ITTLEMAN, P.A.
440 North Andrews Avenue

Fort Lauderdale, Florida 33301
Tel: (954)462-8340
Fax: (954) 462-8342
**(Via US Mail)**

Carpenter & Berger, PL
6400 N. Andrew Ave, suite 370
Fort Lauderdale, FL 33309
**(Via US Mail)**

Frank F. McGinn, Esq. (**VIA EMAIL**)
Bartlett Hackett Feinberg, P.C.
155 Federal Street, 9th Floor
Boston, MA 02110
ffm@bostonbusinesslaw.com

Darol H. M. Carr, Esq. (**VIA EMAIL**)
99 Nesbit Street
Punta Gorda, FL 33950
dcarr@farr.com

2441794-1                                5