ORDERED in the Southern District of Florida on 03/17/10



Raymond B. Ray, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                              CASE NO.: 09-34791-BKC-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,    CHAPTER 11

    Debtor.
_____/

### ORDER GRANTING IN PART THE MOTION FOR PROTECTIVE ORDER TO EXCLUDE PRODUCTION OF PRIVILEGED DOCUMENTS AND TESTIMONY FROM QTASK

THIS MATTER came before the Court on the 23rd day of February 2010 at 9:30 a.m., in Fort Lauderdale, Florida, on the Motion by Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L. ("Movant") for Protective Order To Exclude Production of Privileged Documents and Testimony from Qtask, Inc., (the "Motion for Protective Order") [D.E. #355].

Qtask, Inc., ("Qtask") a third party to this action, was served with the Subpoena for Rule 2004 Examination *Duces Tecum* ("Subpoena") and Notice of Taking Rule 2004 Examination

2540274-3

with *Duces Tecum* ("Notice") on December 9, 2009. The Subpoena and the Notice called for the production of documents or objects on December 21, 2009, and for Qtask to give sworn testimony on December 22, 2009. The Trustee filed the Motion by Trustee Stettin to Compel Qtask Inc's Compliance with 2004 Notice of Deposition (the "Motion to Compel") [D.E. #302] on February 9, 2010.

The Court Noticed the Motion to Compel for Hearing [D.E. #318] on February 23, 2010 at 9:30a.m. Movant filed its Motion for Protective Order on February 17, 2010, seeking protection for a limited subset of data relating to its clients' case files which are stored in certain projects on the Qtask system. Movant appeared at the February 23, 2010 hearing, and at the Court's March 10, 2010 hearing to argue its Motion for Protective Order. The Court, having reviewed the Motion for Protective Order, and having heard argument of the Trustee and of the Movant, and otherwise being fully advised in the premises does hereby **ORDER:**

1. The Motion for Protective Order is **GRANTED in part**.

2. The Motion for Protective Order seeks protection over client files and data held within certain Qtask Projects used by Movant's attorneys. Specifically, Movant's client data found on the Qtask system can be separated into two types- data for Movant's personal injury and class action cases ("Type 1"), and data for Movant's qui tam cases ("Type 2").

3. Movant seeks an Order to prevent the (a) violation of its attorney-client privilege and attorney work-product privilege, and (b) to protect the confidential information regarding its Type 2 file data held on the Qtask system.

4. The Trustee has no interest in reviewing the substance of any client files held on Qtask, and has no intention to invade any privilege or violate any confidentiality owed by any

2

former RRA attorney, including Movant, to its clients. However, the Trustee is obligated to conduct an investigation of the bankruptcy estate's activities.

5. The Trustee stands in the shoes of RRA, and thus holds the privilege of the firm for all actions of the firm. The Trustee's investigation of the Qtask Projects and the data contained therein does not imperil any attorney-client privilege or work-product doctrine privilege for Qtask projects holding actual client-case information for both Type 1 and Type 2 cases. The Trustee's access to Qtask Projects and data created or used by Movant shall not be deemed a waiver of any attorney-client privilege or work-product doctrine protection owed by Movant to any client whose case-related information is held on the Qtask system.

6. The Movant shall designate, by the service of a list to the Trustee ("Project List"), only, all Qtask Projects that the Movant claims contains Type 1 and Type 2 case data within two (2) days of the entry of this Order. The Project List shall identify to the Trustee the Qtask Projects holding any of Movant's client data and shall classify the Projects as containing Type 1 or Type 2 case data.

7. The Trustee shall keep the Project List confidential, and shall limit disclosure of the contents of the Project List to the Trustee and no more than three (3) attorneys representing the Trustee ("Type 2 Team").

8. The Trustee shall conduct his investigation of Movant's Qtask Projects containing Type 1 case data by undertaking an inventory-type analysis of those Projects. The Inventory-Type analysis shall include a review of the names of files held in the Projects, the names of discussion threads, tasks, wikis and calendar entries for those Type 1 Projects. The scope of the Trustee's inventory-type investigation shall be limited to verifying that all information held

3

within the Qtask project appear to be documents and things and discussions that would be typical and appropriate for a client file.

9. If, during the investigation of Movant's Qtask Projects containing Type 1 case data, the Trustee detects any aberrations or otherwise observes that a Qtask Project contains any information which is not typical or appropriate for a client file, the Trustee shall investigate that file/data entry in the Project. This investigation by the Trustee shall not be deemed a breach of any privilege owed by the Movant to its clients to the extent the investigation reveals only client case related information.

10. Movant has informed the Court of its intention to file appropriate motions with courts presiding over the qui tam actions whose information is held on the Qtask system, seeking the entry of orders permitting the disclosure of documents, ESI, and testimony requested by Trustee Stettin as part of his 2004 examination of Qtask, Inc.

11. The Court shall continue this hearing for sixty (60) days from the date of entry of this order on the Motion as it applies to Qtask Projects containing Type 2 case data. The Trustee shall not undertake any review of Qtask Projects containing Type 2 case data designated as relating to active qui tam cases until a further Order of this Court is entered permitting this review.

12. By complying with this Order, Movant and their clients shall be deemed to have maintained any seal or confidentiality associated with any and all qui tam matters referenced in Qtask. Further, by compliance with this Order, Movant and their clients will not be deemed to have waived any claim of privilege.

4

2540274-3

13. The Trustee shall restrict the scope of any deposition of Qtask to exclude inquiry regarding the Type 1 and Type 2 client data held in any of the Qtask Projects disclosed by Movant to the Trustee. However, nothing herein shall restrict or preclude the Trustee from investigating the disposition of assets of the bankruptcy estate, including through the deposition of Qtask or any other party, and nothing herein shall restrict or preclude the Trustee from conducting his investigation to the extent the Trustee's investigation detailed above reveals that any designated Qtask Project contains documents and things and discussions that would not be typical and appropriate for a client file.

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

### # # #

Submitted by:
Paul Steven Singerman, Esq.
Charles H. Lichtman, Esq.
BERGER SINGERMAN, P.A.,
200 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
singerman@bergersingerman.com
clichtman@bergersingerman.com

Copy furnished to:
Paul Steven Singerman, Esq.
*(Attorney Singerman is directed to serve this Order to all parties of interest and to file a Certificate of Service.)*

2633121-4

2540274-3