UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                                    CASE NO.:  09-34791-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,        CHAPTER 11

    Debtor.
_____/

**NOTICE OF FILING EXHIBIT "A" TO THE NOTICE OF TAKING RULE 2004 EXAMINATION *DUCES TECUM* OF THE CORPORATE REPRESENTATIVE OF CENTURION STRUCTURED GROWTH, LLC [D.E. #472]**

The Trustee, Herbert Stettin, by and through the undersigned attorney hereby files the attached **Exhibit "A"** to the Notice of Taking Rule 2004 Examination *Duces Tecum* of the Corporate Representative of Centurion Structured Growth, LLC [D.E. #472].

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the examinee, the debtor, the attorney for the debtor and the trustee this 24th day of March, 2010, (i) by electronic mail through the Court's CM/ECF system to those parties who are registered users; and (ii) via first class, U.S. Mail.

                                   **I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

                                   GENOVESE JOBLOVE & BATTISTA, P.A.
                                   Special Counsel for the Chapter 11 Trustee
                                   100 S.E. Second Street, Suite 4400
                                   Miami, Florida 7131
                                   Tel.: (305) 349-2300
                                   Fax: (305) 349-2310
                                   Email: dcimo@gjb-law.com

                                   By:    /s/ David C. Cimo
                                          David C. Cimo, Esq.
                                          Fla. Bar. No. 775400

# SERVICE LIST
## CASE NO.: 09-34791-BKC-RBR

Marianella Morales, Esquire
Authorized Agent For Joining Creditors
Avenida Francisco de Miranda
Torre Provincial "A"
Piso 8
Caracas, Venezuela
**(VIA EMAIL)**

John H. Genovese, Esq. **(VIA CM/ECF)**
Robert F. Elgidely, Esq.
Theresa M.B. Van Vliet, Esq.
Genovese Joblove & Battista, PA
Bank Of America Tower at International Place
100 S.E. 2nd Street
Suite 4400
Miami, Florida 33131
Phone: (305) 349-2300
Fax (305) 349-2310

Kendall Coffey, Esq. **(VIA EMAIL)**
Coffey Burlington,
Office in the Grove
Penthouse
2699 South Bayshore Drive
Miami, Florida 33133
kcoffey@coffeyburlington.com

The Honorable Herbert M. Stettin
One Biscayne Tower
Suite 3700
Two South Biscayne Boulevard
Miami, Florida 33131

John G. Bianco, Esq. **(VIA CM/ECF)**
John M. Mulli, Esquire
Tripp Scott
110 Southeast Sixth Street
Fifteenth Floor
Fort Lauderdale, Fl.  33301
jgb@trippscott.com

Alison W. Lehr **(VIA EMAIL)**
Assistant United States Attorney
99 N.E. 4th Street
7th Floor
Miami, Florida 33132
Phone: (305) 961-9176
Fax: (305) 536-7599
Alison.Lehr@usdoj.gov

Stuart A. Rosenfeldt, Esq. **(VIA EMAIL)**
Rothstein Rosenfeldt Adler, PA
401 East Las Olas Boulevard
Suite 1650
Fort Lauderdale, Florida 33301
srosenfeldt@rra-law.com

Jeffrey R. Sonn, Esq. **(VIA EMAIL)**
Sonn & Erez, PLC
Broward Financial Center
500 E. Broward Boulevard
Suite 1600
Fort Lauderdale, Florida  33394
Phone: (954) 763-4700
Fax (954) 763-1866
jsonn@sonnerez.com

Office of the US Trustee **(VIA CM/ECF)**
51 Southwest First Avenue
Suite 1204
Miami, Florida  33130

Thomas Tew, Esq. **(VIA EMAIL)**
Lynn Maynard Gollin, Esq.
Tew-Cardenas, LLP
Four Seasons Tower
15th Floor
1441 Brickell Avenue
Miami, Florida 33131-3407
tt@tewlaw.com
lmg@tewlaw.com

Conrad & Scherer, LLP **(VIA EMAIL)**
633 South Federal Highway
Fort Lauderdale, FL 33301
Tel: 954-462-5500
bs@conradscherer.com
JSilver@conradscherer.com

Michael D. Seese, Esq. **(VIA EMAIL)**
Hinshaw & Culbertson, LLP
1 E Broward Blvd Ste 1010
Ft Lauderdale, Florida 33301
Tel: 954.4677900
Fax: 954.4671024
mseese@hinshawlaw.com

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114
**(Via U.S. Mail)**

Internal Revenue Service
Special Procedures - Insolvency
7850 SW 6th Court
Plantation, FL  33324
Tel.: (954) 423-7300
Fax.: (305) 982-5406
**(Via U.S. Mail)**

Special Asst. U.S. Attorney
P.O. Box 9, Stop 8000
51 SW 1st Avenue, #1114
Miami, Fl  33130
Fax: (305) 530-7139
**(Via U.S. Mail**)

Grant J. Smith, Esq. **(VIA EMAIL)**
Rothstein Rosenfeldt Adler, P.A.
401 East Las Olas Blvd
Suite 1650
Fort Lauderdale, FL 33301
gsmith@rra-law.com

United Healthcare
Dept. CH 10151
Palatine, IL 60055
**(Via US Mail)**

Special Asst. U.S. Attorney
IRS District Counsel
1000 S. Pine Island Rd., Ste 340
Plantation, FL 33324-3906
**(Via U.S. Mail)**

The Honorable Eric H. Holder, Jr.
Attorney General of the U.S.
950 Pennsylvania Avenue, NW Room 4400
Washington, DC  20530-0001
**(Via U.S. Mail)**

Honorable Jeffrey H. Sloman,
Acting U.S. Attorney
99 NE 4th Street
Miami, Fl  33132
**(Via U.S. Mail)**

Daniel Mink
Ovadia Levy
c/o Renato Watches, Inc
14051 NW 14th Street
Sunrise, Florida 33323
**((Via U.S. Mail)**

William George Salim, Jr. **(VIA CM/ECF)**
Moskowitz Mandell & Salim
800 Corporate Dr Ste 510
Fort Lauderdale, Florida 33334
wsalim@mmsslaw.com
Tel: 954.491-2000
Fax:  954.4912051

USI **(VIA EMAIL)**
Attn: Anthony Gruppo
200 West Cypress Creek Road
Suite 500
Fort Lauderdale, FL 33309
Tel: 954-607-4000
Anthony.gruppo@usi.biz

Marc Nurik, Esq. **(VIA EMAIL**)
1 East Broward Blvd
Suite 700
Fort Lauderdale, FL 33301
marc@nuriklaw.com

3

BAST AMRON LLP **(VIA CM/ECF)**
SunTrust International Center
One Southeast Third Avenue
Suite 1440
Miami, Florida 33131
Telephone: (305) 379-7904
Facsimile: (305) 379-7905
bamron@bastamron.com
jbast@bastamron.com

Mark Bloom, Esq. **(VIA EMAIL)**
Greenberg Traurig, LLP
1221 Brickell Avenue
Miami, FL 33131
T 305.579.0500
F 305.579.0717
bloomm@gtlaw.com

Robert D. Critton, Esq. **(VIA EMAIL)**
Burman, Critton, Luttier & Coleman
303 Banyan Blvd., Suite 400
West Palm Beach, FL 33401
rcrit@bclclaw.com

Roth & Scholl **(VIA EMAIL)**
Attn: Jeffrey C. Roth, Esq.
Attorneys For Creditor Blue
Capital Us East Coast Properties, L.P.
866 South Dixie Highway
Coral Gables, Fl 33146
Telephone: (305) 662-4141
jeff@rothandscholl.com

Rogers, Morris & Ziegler, LLP **(VIA EMAIL)**
1401 East Broward Blvd
Suite 300
Fort Lauderdale, FL 33301
Tel: (954) 462-1431
Fax: (954) 763-2692
mfbooth@rmzlaw.com

Arthur C. Neiwirth, Esq. **(VIA CM/ECF)**
One E. Broward Blvd., Suite 1400
Ft. Lauderdale, FL 33301
Tel: (954) 523-7008
Fax: (954) 523-7009
aneiwirth@qpwblaw.com

The Florida Bar **(VIA EMAIL)**
Adria E. Quintela, Esq.
Alan Anthony Pascal, Esq.
Lake Shore Plaza II
1300 Concord Terrace, Suite 130
Sunrise, FL 33323
aquintel@flabar.org
apascal@flabar.org

Michael w. Moskowitz, Esq. **(VIA E-MAIL)**
800 Corporate Drive, Suite 500
Ft. Lauderdale, FL 33234
mmoskowitz@mmsslaw.com

Francis L. Carter, Esq. **(VIA E-MAIL)**
Katz Barron Squitero Faust
2699 S. Bayshore Drive, 7th Floor
Miami, Florida 33133
Tel: 305-856-2444
Fax: 305-285-9227
flc@katzbarron.com

Bradley S. Shraiberg, Esq. (**VIA EMAIL)**
2385 NW Executive Drive
Suite 300
Boca Raton, Florida 33431
Tel: 561-443-0800
Fax: 561-998-0047
bshraiberg@sfl-pa.com

Henry S. Wulf, Esq. **(VIA EMAIL)**
CARLTON FIELDS, P.A.
525 Okeechobee Blvd., Suite 1200
West Palm Beach, Florida 33401
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
E-Mail: hwulf@carltonfields.com

EMESS Capital, LLC  **(VIA EMAIL)**
c/o Bruce A. Katzen, Esq.
201 S. Biscayne Blvd., 17th Floor
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428
E-Mail: bkatzen@klugerkaplan.com

Ira Sochet, Trustee **(VIA EMAIL)**
Revocable Intervivos Trust of Ira Sochet
c/o Phil Hudson, Esq.
200 South Biscayne Blvd, Suite 3600
Miami, Florida 33130
Telephone: (305) 374-3330
Facsimile: (305) 374-4744
E-Mail: pmhudson@arnstein.com

Coquina Investments  **(VIA EMAIL)**
c/o Patricia A. Redmond, Esq.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3553
Facsimile: (305) 789-3395
E-Mail: predmond@stearnsweaver.com

Michael I. Goldberg, Esq.  **(VIA EMAIL)**
Las Olas Centre - Suite 1600
350 East Las Olas Blvd
Fort Lauderdale, FL 33301
Telephone: (305) 463-2700
Facsimile: (305) 463-2224
E-Mail: Michael.goldberg@akerman.com

LMB Funding Group  **(VIA EMAIL)**
c/o Robert C. Furr, Esq.
2255 Glades Road, Suite 337W
Boca Raton, Florida 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532
E-Mail: rfurr@furrcohen.com

Lawrence A. Gordich, Esq. (**VIA EMAIL)**
Melissa Alagna, Esq.
701 Brickell Ave
Suite 1900
Miami, Florida 33131
Telephone: (305) 789-2700
Facsimile: (305) 789-2727
Email: Lawrence.gordich@ruden.com
Email: Melissa.alagna@ruden.com

Broward County (**VIA EMAIL)**
Attn: Hollie N. Hawn, Esq.
Government Center
115 South Andrews Avenue
Fort Lauderdale, FL 33301
Telephone: (954) 357-7600
Facsimile: (954) 357-7641
E-Mail: hhawn@broward.org

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

In re:

ROTHSTEIN ROSENFELDT ADLER, P.A.,

    Debtor.
_____/

CASE NO. 09-34791-BKC-RBR
Chapter 11 Proceeding
(United States Bankruptcy Court, Southern District of Florida, Fort Lauderdale Division, Chapter 11)

SUBPOENA FOR RULE 2004
EXAMINATION DUCES TECUM

To:   Rule 7030(b)(6) Corporate Representative of **CENTURION STRUCTURED GROWTH, LLC** with the most knowledge of the Debtor's business and financial affairs and of the documents requested in the attached Exhibit "A."
Chuna Vogel, Registered Agent
1811 Silverside Road
Wilmington, DE 19810

152 West 57th Street, 54th Floor
New York, NY 10019

[ ] YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[ X ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| ESQUIRE SOLUTIONS<br>One Penn Plaza, Suite 4715<br>New York, NY 10119 | **April 22, 2010 at 10:30 a.m.** |

[ X ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**SEE ATTACHED EXHIBIT "A"**

| PLACE | DATE AND TIME |
|---|---|
| ESQUIRE SOLUTIONS[1]<br>One Penn Plaza, Suite 4715<br>New York, NY 10119 | **April 7, 2010 at 5:00 p.m.** |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified

---

[1] Please contact undersigned counsel to arrange for the production of documents at a date, time and location that is mutually agreeable to all parties.

| | |
|---|---|
| below. | |
| PREMISES | DATE AND TIME |
| | |

Any organization not a party to this proceeding that is subpoenaed for the taking of a disposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| | |
|---|---|
| ISSUING OFFICER SIGNATURE *[signature]* FBN 60074 | TITLE<br>Attorneys for the Chapter 11 Trustee, Herbert Stettin |
| ISSUING OFFICER'S NAME (PRINT)<br>David C. Cimo, Esq. | PHONE<br>305-349-2300 |
| ADDRESS<br>Genovese Joblove & Battista, P.A.<br>Bank of America Tower<br>100 S.E. Second Street, 44th Floor<br>Miami, Florida 33131 | DATE<br>March 23, 2010 |

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal. Rules of Civil Procedure, Subdivisions (c) (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises - or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Case 09-34791-RBR    Doc 475    Filed 03/24/10    Page 9 of 18

## INSTRUCTION AND DEFINITIONS
### (FUNDS)

### I. Instructions

Subject to the Definitions set forth in Part II below, the following instructions shall apply to this Request of Production:

A. This document request is continuing in nature. When new knowledge or information comes to your attention, you shall supplement the information supplied in the answers to the document request forthwith.

B. For each and every Request herein, you shall produce documents in your possession, custody, or control which shall include, but not be limited to, documents, objects or articles described that are in your possession or for which you have the right to secure the original or a copy from another person (as defined below). The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof. If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

C. If at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, any such documents shall be identified as completely as possible by providing the following information:
   1. The name(s) of the author(s) of the document;
   2. The name(s) of the person(s) to whom the documents or copies were sent;
   3. The date of the document;
   4. The date on which the document was received by each addressee, copyee, or its recipients;
   5. A complete description of the nature and subject matter of the document;
   6. The date on which the document was lost, discarded, or destroyed; and
   7. The manner in which the document was lost, discarded, or destroyed.

D. With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact

pending a ruling by the Court on the claimed privilege. In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

    1.    The name(s) of the sender(s) or the document;

    2.    The name(s) of the author(s) of the document;

    3.    The name(s) of the person(s) to whom the document or copies were sent;

    4.    The job title of every person named in subparagraphs 1, 2 and 3 above;

    5.    The date of the document;

    6.    The date on which the document was received by each addressee, copyee, or its recipient;

    7.    A brief description of the nature and subject matter of the document; and

    8.    The statute, rule, or decision which is claimed to give rise to the privilege.

E.    If, after exercising due diligence to secure or produce the document(s) requested, you cannot secure responsive documents, you must identify which Request(s) for which you do not have a responsive document, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), and providing the identity of the person (as defined below) who has possession, custody, or control of the requested document(s).

F.    All words, names, and terms in this request for production shall have their plain and ordinary meanings unless specifically defined in Part II herein.

G.    Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H.    The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

I.    "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

J.    "Any" and "all" shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

K.    The use of the singular form of any word includes the plural and vice versa.

## II. Definitions

Unless otherwise specified, and subject to the Instructions set forth in Part I above, the below words and terms shall have the following meaning when used in this Request of Production:

A. "You", "your", and "yourself" shall collectively mean the recipient of this request and each and any of their respective affiliates, subsidiaries, joint-venture partners, partners, sister companies and parent companies, whether known or unknown, and includes any and all agents, employees, servants, officers, directors, attorneys and any other person (as defined below) or entity acting or purporting to act on their behalf.

B. "Rothstein" shall mean Scott Walter Rothstein and includes any and all agents, employees, servants, attorneys and any other person (as defined below) or entity acting or purporting to act on his behalf.

C. "RRA" shall mean the above-captioned Debtor, the law firm of Rothstein Rosenfeldt Adler, P.A., and each and any of its affiliates, subsidiaries, joint-venture partners, partners, sister companies and parent companies, whether known or unknown, and includes any and all agents, employees, servants, officers, directors, attorneys and any other person (as defined below) or entity acting or purporting to act on their behalf.

D. "Rothstein Entity" or "Rothstein Entities" shall collectively mean each and each and any of 29 Bahia, LLC; 235 GC, LLC; 350 LOP #2840; 353BR, LLC; 708 Spangler, LLC; 1012 Broward, LLC; 1198 Dixie, LLC; 1299 Federal, LLC; 2133 IP, LLC, 10630 # 110, LLC; 15158, LLC; AAMG, LLC; AAMG1, LLC; AAMM Holdings, LLC; ABT Investments, LLC; Advanced Solutions, LLC; Bahia Property Management, LLC; Boat Management, LLC; BOSM HOLDINGS, LLC; Bova Prime, LLC; Bova Restaurant Group, LLC; The Bova Group, LLC; Bova Smoke, LLC; BOVCU, LLC; BOVRI, LLC; CI 07, LLC; CI 08, LLC; CI 16, LLC; CI 27, LLC; CSU, LLC; D & D Management & Investment, LLC; D & S Management and Investment, LLC; DJB Financial Holdings, LLC; DYMMU, LLC; Fifth Court Financial, LLC; Full Circle Ft. Lauderdale, LLC; GHW1, LLC; IDNLGEAH, LLC; IS Management, LLC; Judah, LLC; NF Servicing, LLC; NRI 11, LLC; NRI 15, LLC; NS Holdings, LLC; BFHI, LLC; PK Adventures, LLC; PK'S Wild Ride, Ltd.; Rothstein Family Foundation, Inc.; RRA Consulting, Inc.; RRA Goal Line Management, LLC; RRA Sports & Entertainment, LLC; RSA 11th St, LLC; RW Collections, LLC; S&KEA, LLC; SCORH, LLC; VGS, LLC; The Walter Family, LLC; Walter Industries, LLC; WPBRS, LLC; Ren Group, LLC; CCCN, LLC; TB22N, LLC; TLBN, LLC; UG, LLC; SPAC Investments, LLC; GBPT, LLC; RET Group, LLC; REP Group, LLC; REC Group, LLC; REV Group, LLC; VGSI, LLC; QT, LLC; WAWW, LLC; WAWW 2, LLC; WAWW 3, LLC; WAWW 4, LLC; WAWW 5, LLC; WAWW 6, LLC; WAWW 7, LLC; WAWW 8, LLC; WAWW 9, LLC; WAWW 10, LLC; WAWW 11, LLC; WAWW 12, LLC; WAWW 13, LLC; WAWW 14, LLC; WAWW 15, LLC; WAWW 16, LLC; WAWW 17, LLC; WAWW 18, LLC; WAWW 19, LLC; WAWW 20, LLC; WAWW 21, LLC; WAWW 22, LLC; MRISC, LLC; RES

|    |    |
|----|----|
|    | Group, LLC; JJ Finance Holdings, LLC; MLC 350, LLC; and JB Boca M Holdings, LLC, and each and any of their affiliates, subsidiaries, joint-venture partners, partners, sister companies and parent companies, whether known or unknown, and includes any and all agents, employees, servants, officers, directors, attorneys and any other person (as defined below) or entity acting or purporting to act on their behalf. |
| E. | "Banyon Entities," "you", "your", and "yourself" shall collectively mean the Defendants, BANYON 1030-32, LLC, BANYON CAPITAL, LLC, BANYON FUNDING, LLC, BANYON INCOME FUND, LP, BANYON INVESTMENTS, LLC, BANYON RESOURCES, LLC, and each and any of their respective affiliates, subsidiaries, joint-venture partners, partners, sister companies and parent companies, whether known or unknown, and includes any and all agents, employees, servants, officers, directors, attorneys and any other person (as defined below) or entity acting or purporting to act on their behalf. |
| F. | "Investment" or "Investments" shall mean investments made in those certain purported confidential structured litigation settlements resulting from Rothstein's Ponzi scheme. |
| G. | "Investor" or "Investors" shall mean those persons (as defined below) that made an Investment or Investments, whether directly, by and through RRA, Rothstein the Rothstein Entities, or indirectly through the Banyon Entities any other party, such as yourself. |
| H. | "Documents" shall mean the original or copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "documents" shall include documents evidencing correspondence, letters, telegrams, telexes, mailgrams, memoranda, including inter-office and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations, notes or memorandum attached to or to be read with any document, booklets, books, drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained, along with all ESI (defined below) and other electronic data storage documents including but not limited to e-mails and any related attachments, electronic files or other data compilations which relate to the categories of documents as requested below. Your search for these electronically stored documents shall include all of your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, SMS or MMS text messages, cellular phone based text communications, Blackberry/Research in Motion "PIN" messages, any text based messages transmitted through a proprietary or public "chat" service (e.g., Google Talk, ICQ Chat, AOL Instant Messenger, MSN Messenger, etc.), proprietary software and |

inactive or unused computer disc storage areas. All electronically stored information produced shall be produced in its native format, and all requests expressly include requests for all metadata associated with the files to be produced. Copies of documents, which are not identical duplications of the originals or which contain additions to or deletions from the originals or copies of the originals if the originals are not available, shall be considered to be separate documents.

I. "ESI" shall mean any electronically stored information, including writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations; stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

J. "Communications" shall mean any oral or written statement, correspondence, dialogue, colloquy, discussion or conversation and, also, means any transfer of thoughts or ideas between persons (as defined below) by means of documents and includes any transfer of data from one location to another by electronic or similar means, and shall include any private or public message or statement transmitted through any social network or media (e.g., Facebook, MySpace, Twitter, etc.).

K. The terms "support," "evidence," "evidencing," "relate to," "relating to," "related to," "referred to," "concerning," "pertaining to," "involving" and "regarding" shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

L. The conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any Request.

M. Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of the Request.

N. "Possession, custody, or control" shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

O. "Person" shall mean any natural person, individual, entity, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise, and includes both the singular and plural.

P.  Except as to the use of term "affiliate," all legal terms used herein shall be defined as they are defined in 11 U.S.C. §101.

## DOCUMENTS REQUESTED

1. All documents relating to RRA.

2. All documents relating to Rothstein.

3. All documents relating to the Rothstein Entities.

4. All documents relating to the Investments.

5. All documents relating to the Investors.

6. All communications between you and Rothstein.

7. All communications between you and RRA.

8. All communications between you and the Rothstein Entities.

9. All communications between you and the Banyon Entities.

10. All communications between you and the Banyon Entities relating to the Investments.

11. All communications between you and the Banyon Entities relating to the Investors.

12. All communications between you and the Banyon Entities relating to Rothstein.

13. All communications between you and the Banyon Entities relating to RRA.

14. All communications between you and the Banyon Entities relating to the Rothstein Entities.

15. All communications between you and the Investors.

16. All communications between you and the Investors relating to the Investments.

17. All communications between you and the Investors relating to the Banyon Entities.

18. All communications between you and the Investors relating to Rothstein.

19. All communications between you and the Investors relating to RRA.

20. All communications between you and the Investors relating to the Rothstein Entities.

21. All communications between you and any third party relating to the Investments.

22. All communications between you and any third party relating to the Banyon Entities.

23. All communications between you and any third party relating to Rothstein.

24. All communications between you and any third party relating to RRA.

25. All communications between you and any third party relating to the Rothstein Entities.

26. All documents evidencing any transfer of funds or property between and among you and Rothstein.

27. All documents evidencing any transfer of funds or property between and among you and RRA.

28. All documents evidencing any transfer of funds or property between and among you and the Rothstein Entities.

29. All documents evidencing any transfer of funds or property between and among you and the Banyon Entities.

30. All documents evidencing any transfer of funds or property between and among you and the Investors.

31. All documents evidencing any transfer of funds or property between and among you and any third party related to Rothstein, RRA, the Rothstein Entities or the Banyon Entities.

32. All communications relating to any transfer of funds or property between and among you and Rothstein.

33. All communications relating to any transfer of funds or property between and among you and RRA.

34. All communications relating to any transfer of funds or property between and among you and the Rothstein Entities.

35. All communications relating to any transfer of funds or property between and among you and the Banyon Entities.

36. All communications relating to any transfer of funds or property between and among you and the Investors.

37. All communications relating to any transfer of funds or property between and among you and any third party related to Rothstein, RRA, the Rothstein Entities or the Banyon Entities.

38. All documents evidencing the transfer of any funds or property that you received from Rothstein to a third party.

39. All documents evidencing the transfer of any funds or property that you received from RRA to a third party.

40. All documents evidencing the transfer of any funds or property that you received from a Rothstein Entity to a third party.

41. All documents evidencing the transfer of any funds or property that you received from a Banyon Entity to a third party.

42. All documents evidencing the transfer of any funds or property that you received from an Investor to a third party.

43. All communications related to the transfer of any funds or property that you received from Rothstein to a third party.

44. All communications related to the transfer of any funds or property that you received from RRA to a third party.

45. All communications related to the transfer of any funds or property that you received from a Rothstein Entity to a third party.

46. All communications related to the transfer of any funds or property that you received from a Banyon Entity to a third party.

47. All communications related to the transfer of any funds or property that you received from an Investor to a third party.

48. All documents relating to any prospectuses, brochures, catalogs, promotional materials, or other information regarding an investments, joint-venture, or business enterprise undertaken between and among you and Rothstein.

49. All documents relating to any prospectuses, brochures, catalogs, promotional materials, or other information regarding an investments, joint-venture, or business enterprise undertaken between and among you and RRA.

50. All documents relating to any prospectuses, brochures, catalogs, promotional materials, or other information regarding an investments, joint-venture, or business enterprise undertaken between and among you and the Rothstein Entities.

51. All documents relating to any prospectuses, brochures, catalogs, promotional materials, or other information regarding an investments, joint-venture, or business enterprise undertaken between and among you and the Banyon Entities.

52. All documents relating to any prospectuses, brochures, catalogs, promotional materials, or other information regarding an investments, joint-venture, or business enterprise undertaken between and among you and an Investor..

53. All communications relating to any prospectuses, brochures, catalogs, promotional materials, or other information regarding an investments, joint-venture, or business enterprise undertaken between and among you and Rothstein.

54. All communications relating to any prospectuses, brochures, catalogs, promotional materials, or other information regarding an investments, joint-venture, or business enterprise undertaken between and among you and RRA.

55. All communications relating to any prospectuses, brochures, catalogs, promotional materials, or other information regarding an investments, joint-venture, or business enterprise undertaken between and among you and the Rothstein Entities.

56. All communications relating to any prospectuses, brochures, catalogs, promotional materials, or other information regarding an investments, joint-venture, or business enterprise undertaken between and among you and the Banyon Entities.

57. All communications relating to any prospectuses, brochures, catalogs, promotional materials, or other information regarding an investments, joint-venture, or business enterprise undertaken between and among you and an Investor.

58. All documents, including data, information, files, records, files, manuals, supplies, computer data, information, materials and other materials that have been created, used or obtained by you regarding, relating to or for the benefit of RRA , including all financial statements, customer ales and marketing information, customer account records, proprietary interests, copyrights, patents, trademarks and other intellectual property rights (including website rights), training and operations material and memoranda, personnel records, pricing information, and financial information and trade secrets concerning or relating to the financial condition, business, accounts, customers, employees and affairs of Rothstein, RRA, the Rothstein Entities (or any related entity or affiliate thereof ), or the Banyon Entities and Investors, to the extent not already requested herein.