UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Division: Fort Lauderdale
www.flsb.uscourts.gov

IN RE:                                    Case No.:    09-34791-RBR
                                          Chapter      11

ROTHSTEIN ROSENFELDT
ADLER, P.A.,

    Debtor.
_____/

### AMENDED MOTION FOR PROTECTIVE ORDER OF CHABAD OF DOWNTOWN, INC.

The Chabad of Downtown, Inc., by and through its undersigned counsel hereby amends its Motion for Protective Order [DE: 417] which moves this Court for the entry of a protective order relating to the scope, items to be produced, and the time of the Trustee's Notice of Taking Rule 2004 Examination Duces Tecum [DE: 331], and states as follows:

1.      The Chabad of Downtown, Inc. ("Movant"), was served with the Chapter 11 Trustee's Notice of Taking Rule 2004 Examination [DE: 331] (the "2004 Examination").

2.      The 2004 Examination was set for March 10, 2010, beginning at 10:30 a.m.

3.      A representative of the Movant contacted the Trustee's counsel to seek an extension in the date and time of the 2004 Examination, but at the time of the filing of the Motion for Protective Order no extension had been given relative to the 2004 Examination.

4.      Additionally, the undersigned was only retained the day before the scheduled 2004 Examination and had a conflict with the date and time of the 2004 Examination.

5.      The Movant is requesting not only an extension in the date and time of the examination, but a protective order regarding the scope and items requested to be produced.

6.      The documents requested in the Notice of Taking Rule 2004 Examination are set

1

forth in Exhibit "A" attached hereto

7. The Movant believes the categories of documents and writings to be produced are clearly broader than those dealing with the Debtor and encompass non-debtor parties and/or entities, and unrelated members of the temple who clearly have no involvement with the Debtor. In similar circumstances, courts have limited the examinations and the related subpoenaed documents by placing restrictions upon the scope and modifying or quashing any related subpoena. See *Concord Boat Corp. v. Brunswick Corp.* 169 F.R.D. 44 (S.D.N.Y.1996).

8. While Rule 2004 examinations can be broad, and are allowed for the purpose of discovering assets, there are limits.

9. The scope of a Rule 2004 examination under Bankruptcy Rule 2004(b) is limited as it provides that the examination may only relate to the acts, conduct, or property of a debtor, to the liabilities and financial condition of a debtor, or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. *In re Wilcher*, 56 B.R. 428 (N.D. Ill. 1985).

10. The documents requested in Exhibit "A" are clearly beyond the scope of the Debtor, and request information regarding (a) over ninety named and unnamed non-debtor persons and/or entities, (b) general ledger records of the witness, (c)contributions the witness has received from its entire congregation from 2007 to present, (d) and unspecified documents.

11. The over-broad nature of the requested documents of non-debtor persons and/or entities clearly falls under the right to privacy the non-debtors' would be entitled to with their religious organization.

12. Certain communications requested with non-debtors may also fall within the

clergyman penitent privilege applicable under federal law. *In re Grand Jury Investigation*, 918 F.2d. 374 (3rd Cir. 1990).

13. Finally, the Movant believes the 2004 Examination notice is so overly broad that it requires the Movant to speculate as to the individuals covered by the document request of over ninety named and unnamed non-debtor persons and/or entities, and further references "any and all agents, employees, servants, officers, directors, attorneys and any other person or entity acting or purporting to act on his behalf," which clearly puts the burden on the Movant to speculate as to what is required.

14. Since the filing of the original motion, Movant has become aware that unrelated parties and persons - including members of the press - have been allowed to attend Rule 2004 examinations set by the Trustee in this case.

15. The Movant would object to unrelated parties and members of the press attending its 2004 examination and having access to its production. This Court has placed restrictions on unrelated third parties to the proceedings in the adversary proceeding of *Stettin v. Lippman* Adversary Case No: 09-02549-RBR, and the Movant would request the same restrictions announced in that proceeding to be made applicable in its 2004 examination.

16. As to Item 4 of Exhibit "A," which has no time frame specified, Movant has an email service that only retains emails for a limited period of time and therefore, the Movant would request that the emails be limited to what it can access through its service.

WHEREFORE the Movant, Chabad of Downtown, Inc., respectfully moves this Court for a protective order:

    a. continuing the date and time of the Rule 2004 Examination;

  b.  prohibiting the disclosure of the requested items under Exhibit "A" of documents relating to non-debtor entities or persons;

  c.  prohibiting the disclosure by testimony, or production of documents, requested under paragraph 6 of Exhibit "A;"

  d.  quashing the subpoena consistent with the order of protection arising from this Motion;

  e.  prohibiting the production of communications falling within the clergy and penitent privilege;

  f.  prohibiting unrelated parties and members of the press from attending the 2004 examination and limiting their access to information produced in conformity with this Court ruling in Adversary Case No:09-02549-RBR;

  g.  clarifying what is requested under paragraph 2 of Exhibit "A" and limiting the scope of the examination and production to the matters dealing with the financial affairs of the Debtor and its acts, conduct and property consistent with Bankruptcy Rule 2004;

  h.  limit the email production to that period of time in which it can get access from its service.

I HEREBY CERTIFY that a true copy of this Motion for Protective Order was furnished to Paul Steven Singerman, Esquire and Charles H. Lichtman, Esquire, BERGER SINGERMAN, 350 E. Las Olas Boulevard, Suite 1000, Fort Lauderdale, FL 33301, as well as by ECF and by ECF notice to the parties set forth below on this 31[th] day of March, 2010.

*I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am compliance with additional qualification to practice as set forth in Local Rule 2090-1(A).*

REGGIE DAVID SANGER, P.A.
Attorney for Chabad of Downtown, Inc.
208 SE 9th Street
Fort Lauderdale, FL 33316
Tel: (954) 463-8547 Fax (954) 463-8356
By:/s/ ***Reggie David Sanger, Esquire***
  Reggie David Sanger, Esquire
  Florida Bar No. 231215

4

***Via ECF Mail to those parties who have filed appearances to receive notice via ecf including but not limited to:***

Grisel Alonso for United States of America   grisel.alonso@usdoj.gov, daleana.roque@usdoj.gov
Brett M Amron for  Todd Snyder    bamron@bastamron.com, jrivera@bastamron.com,jeder@bastamron.com
Jeffrey Bast for Todd Snyder jbast@bastamron.com,
	kjay@bastamron.com;jdepina@bastamron.com;kmiller@bastamron.com
Jeffrey M Berman for Emess Capital, LLC jberman@klugerkaplan.com
John G. Bianco III for Edward Morse jgb@trippscott.com, bankruptcynoticecenter@trippscott.com
Mark D Bloom for TD Bank, N.A. bloomm@gtlaw.com,
	phillipsj@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com
Francis L. Carter for Circle K Family, LLC flc@katzbarron.com, lcf@katzbarron.com
David C. Cimo for Trustee  Herbert Stettin dcimo@gjb-law.com, gjbecf@gjb-law.com
John H Genovese for Petitioning Creditor Aran Development Inc. - jgenovese@gjb-law.com,
	cgreco@gjb-law.com;dsanchez@gjb-law.com;gjbecf@gjb-law.com
Michael I Goldberg for Official Creditors Committee  - michael.goldberg@akerman.com,
	charlene.cerda@akerman.com
Lynn Maynard Gollin for Gibraltar Private Bank and Trust - lmg@tewlaw.com
Jordi Guso for Rothstein Rosenfeldt Adler, PA  -jguso@bergersingerman.com,
	efile@bergersingerman.com;fsellers@bergersingerman.com
Phillip M. Hudson III for Investors Risk Advantage pmhudson@arnstein.com,
	rkcummings@arnstein.com;crperry@arnstein.com;jtunis@arnstein.com;hpiloto@arnstein.com;
	akang@arnstein.com;lhlamchick@arnstein.com
Isaac M Marcushamer for Trustee Herbert Stettin  -imarcushamer@bergersingerman.com,
	efile@bergersingerman.com;ngorman@bergersingerman.com
Arthur C. Neiwirth for Arthur Neiwirth - aneiwirthcourt@qpwblaw.com, aneiwirthcourt@aol.com
Office of the US Trustee - USTPRegion21.MM.ECF@usdoj.gov
Patricia A Redmond for Coquina Investments - predmond@stearnsweaver.com,
	jmartinez@swmwas.com;rross@swmwas.com
Jeffrey C. Roth for Blue Capital US East Coast Properties, L.P. - jeff@rothandscholl.com,
	christine@rothandscholl.com
William G Salim Jr for Daniel Mink a/k/a Minkowitz - wsalim@mmsslaw.com, cleibovitz@mmsslaw.com
Reggie David Sanger for Creditor Marika Tolz - ecfmail@reggiedsangerpa.com, rdsoffice@gmail.com
Steven D Schneiderman for UST's Office - Steven.D.Schneiderman@usdoj.gov
Michael D. Seese for Scott Rothstein - mseese@hinshawlaw.com, lportuondo@hinshawlaw.com
Bradley S. Shraiberg for Carolina Casualty Insurance Company- bshraiberg@sfl-pa.com,
	lmelton@sfl-pa.com;lrosetto@sfl-pa.com;blee@sfl-pa.com
Paul Steven Singerman for Trustee Herbert Stettin - singerman@bergersingerman.com, efile@bergersingerman.com
Marika Tolz -TolzECFmail@aol.com, mtolz@ecf.epiqsystems.com
Henry S Wulf for 123 MA Exchange One LLC -hwulf@carltonfields.com, kvickers@carltonfields.com

## EXHIBIT "A"

1. All invoices and all other related documents reflecting contributions made by (i) Scott Rothstein, (ii) Rothstein, Rosenfeldt & Adler, (iii) Stuart Rosenfeldt, and (iv) any RRA Entity. For purposes of this category, we seek documents that identify the name of the individual who made the contribution, the contribution amount paid or amount in value of item contributed and the method of payment which includes copies of checks or credit card slips.

2. All general ledger account entries that list debits and credits of any and all amounts contributed by any of the foregoing persons or entities listed above.

3. All agreements of any nature between you and any of the foregoing persons or entities listed above.

4. All e-mails, written memorandum or correspondence exchanged between you and any of the foregoing persons or entities listed above.

5. Copies of all checks payable to you by (i) Scott Rothstein, (ii) Rothstein, Rosenfeldt & Adler, (iii) Stuart Rosenfeldt, and (iv) any RRA Entity.

6. List or document showing all charitable contributions made to you by any person or entity from 2007 to present.

2600808-1