UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    CASE NO.: 09-34791-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,          CHAPTER 11

    Debtor.
_____/

## CROSS-NOTICE OF TAKING RULE 2004 EXAMINATION *DUCES TECUM* OF ROSEANNE CARETSKY

Creditor, Emess Capital, LLC ("Emess"), through its undersigned attorney and pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, will examine **Roseanne Caretsky,** under oath on **May 18, 2010 at 10:30 a.m.** at the offices of **Genovese Joblove & Battista, P.A., 200 E. Broward Blvd., Suite 1100, Fort Lauderdale, Florida 33301.** The examination may continue from day to day until completed. If the examinee receives notice less than 14 days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time.

The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, and will be taken before an officer authorized to record the testimony. The scope of the examination shall be described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1, no order shall be necessary. This is an examination of a witness other than the Debtor and, therefore, a Subpoena for Rule 2004 Examination is included with this Notice.

**The Examinee is requested to bring to the examination all of the documents described in Schedule "A" attached hereto.**

    *I HEREBY CERTIFY that I am admitted to the bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the examinee, the Debtor, the attorney for the Debtor and the Trustee on this 23rd day of April, 2010 (i) by electronic mail through the Court's CM/ECF system to those parties who are registered users and (ii) via first class, U.S. Mail.

        KLUGER, KAPLAN, SILVERMAN,
        KATZEN & LEVINE, P.L.
        *Attorneys for Creditor, Emess Capital, LLC*
        201 S. Biscayne Blvd., Suite 1700
        Miami, Florida 33131
        Telephone: (305) 379-9000
        Facsimile: (305) 379-3428

        By: s/Bruce A. Katzen
            Bruce A. Katzen
            Florida Bar No. 435627
            bkatzen@klugerkaplan.com
            Michael T. Landen
            Fla. Bar No. 161144
            mlanden@kpkb.com

## Schedule "A"

### I.  Definitions

For clarity and avoidance of confusion, Emess provides the following definitions of terms used in the "Documents Requested" Section.

1.  The terms "document" or "documents" as used herein, mean all graphic and audio or visually recorded matter of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, in your actual or constructive possession, custody or control, including but not limited to deeds, title policies, commitments or abstracts, writings, letters, e-mails, text messages, correspondence, memoranda, notes, films, photographs, audio recordings, transcripts, contracts, agreements covenants, permits, licenses, memoranda of telephone or personal conversations or communications, microfilm, microfiche, telegrams, books, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, written communications, minutes or notes of meetings, interoffice communications, reports, financial statements, ledgers, books of account, proposals, prospectuses, offers, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs, movies, tapes for visual or audio reproduction, recordings, or materials similar to any of the foregoing, however denominated.  The terms "document" or "documents" shall also include any and all electronic data including files from any personal computer, notebook, or laptop computer, file server, minicomputer, main-frame computer, or other storage device, including but not limited to hard drive disk drives or backup or retrieved electronic information, including but not limited to e-mail.  Further, all relevant files that are still on a storage media device, but which are identified as "erased but recoverable" are included within the meaning of "document" or "documents".  Any comment or notation appearing on any document, and not part of the original text, is to be considered a separate "document".  Any draft or preliminary form of any document is also to be considered a separate "document." Specific reference to any other type of document in the ensuing requests shall not be construed as in any respect limiting the generality of the foregoing definition.

2.  The term "correspondence" shall mean any document, in any of the forms described above, which was transmitted, or a copy of which was transmitted, by you to a third party, or to you by a third party.

3.  "Relating to" "related to" or "regarding" means containing, constituting, showing, mentioning, reflecting, or pertaining or referring to in any way, directly or indirectly to the subject matter indicated by the request and, with regard to documents is meant to include, among other documents, those underlying, supporting or previously attached or appended to, or used in the preparation of any document requested.

4.  The term "between" means among, involving, concerning, and connecting. "Correspondence between" means any correspondence to or from either or any of the parties to the other party.

5. When references are made to "The Bank" or "TD Bank," the reference includes Toronto-Dominion Bank, TD Banknorth, TD Commerce Bank, Commerce Bank, and any past or present employee, agent, officer, director or person acting for the benefit of or on behalf of or with the actual or apparent authority of TD Bank, N.A., TD Banknorth, and TD Commercebank, Commerce Bank.

6. When references are made to "Rothstein Rosenfeldt Adler, P.A." or "RRA," the reference includes any past or present attorney, employee, agent, officer, director, or person acting for the benefit of or on behalf of or with the actual or apparent authority of the law firm of Rothstein Rosenfeldt Adler, P.A. that is the debtor in the Chapter 11 Bankruptcy case with the case number 09-34791-RBR currently pending in the Fort Lauderdale Bankruptcy Court for the Southern District of Florida.

7. "You" or "Your" refers to the examinee pursuant to this Notice and Subpoena.

## II.  Documents Requested

Unless otherwise stated, the relevant time period for the documents requested below is from May 1, 2009 to October 31, 2009.

Emess Capital, LLC, Creditor, requests Roseanne Caretsky to bring the following documents to the examination:

1. All correspondence and communications between you and RRA and any of its employees or agents.

2. All letters, emails, and other correspondence between Scott Rothstein and You.

3. All documents related to, regarding, or addressing any and all investigations of You conducted by TD Bank or any other organization or entity.

4. All documents in Your possession related to or regarding account activity for the TD Bank RRA Trust Account with the account number 6861011622, including but not limited to, all account statements, deposit account details statements, ledgers, balance statements, and any other documents showing any account activity for this account.

5. All letters, emails, and other correspondence between Emess Capital, LLC, and TD Bank, including You or any other Bank employee.

6. All correspondence, including emails, between You and Frank Spinosa, and/or Ricardo Mejia and/or Jennifer Kerstetter, and/or Matthew Brennan regarding TD Bank account # 6861011622.

7. All documents related to or regarding account activity for any and all TD Bank accounts opened and/or maintained by RRA for the benefit of Emess, including

but not limited to, all account statements, deposit account details statements, ledgers, balance statements, and any other documents showing any account activity for any of these accounts.

8. All TD Bank compliance manuals, program and/or policy and procedures manuals regarding suspicious activity and/or money laundering reporting.

9. All documents information or things which indicate or reflect each time Emess account number 6861011622 was reviewed and/or accessed and by what person or computer obtained access to the account for any purpose.

10. All phone logs, calendars, and appointment books for You.

11. All documents indicating any and all restrictions placed on the Emess Account number 6861011622.

12. All correspondence between You and Debra Villegas.

13. All correspondence between You and David Boden.

14. All correspondence between You and Irene Stay.

15. All correspondence between You and William Brock.

16. All correspondence or communications between any TD Bank employees or agents and You regarding the Emess account number 6861011622.

17. All correspondence or communications between any RRA employee and You regarding the TD Bank account number 6861011622.

18. All letters prepared and/or signed by You regarding any RRA account at TD Bank, including, but not limited to, correspondence reflecting account balances for those RRA accounts.

19. All letters prepared and/or signed by You regarding any TD Bank account number 6861011622 at TD Bank, including, but not limited to, correspondence reflecting account balances for those RRA accounts.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| In re: | SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM* |
|---|---|
| ROTHSTEIN ROSENFELDT ADLER, P.A., | CASE NO.: 09-34791-RBR |
| Debtor. | CHAPTER 11 |
| _____/ | |

To: **Roseanne Caretsky**
**19156 South Hibiscus Street**
**Weston, Florida 33332**

[/] YOU ARE COMMANDED to appear and testify at an examination under Bankruptcy Rule 2004, and Local Rule 2004-1, at the place, date, and time specified below.

| P LACE OF TESTIMONY | DATE AND TIME |
|---|---|
| 200 E. Broward Blvd., Suite 1100 Fort Lauderdale, FL 33301 | May 18, 2010 at 10:30 a.m. |

[/] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE ATTACHED SCHEDULE "A"

| PLACE : | DATE AND TIME |
|---|---|
| 200 E. Broward Blvd., Suite 1100 Fort Lauderdale, FL 33301 | May 18, 2010 at 10:30 a.m. |

| ISSUING OFFICER SIGNATURE | TITLE<br>Attorney |
|---|---|
| ISSUING OFFICER'S NAME (PRINT)<br>Bruce A. Katzen, Esq.<br>Fla. Bar No. 435672 | PHONE<br>(305) 379-9000 |
| ADDRESS<br>201 South Biscayne Blvd., Suite 1700<br>Miami, FL  33131 | DATE<br>April 23, 2010 |

PROOF OF SERVICE

| DATE | PLACE |
|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                  DATE                               SIGNATURE OF SERVER

                                              _____
                                                     ADDRESS OF SERVER

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Bankruptcy Rule 9016. See also Local Rule 2004-1.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more that 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

M0680044                                            2

## Schedule "A"

### I.     Definitions

For clarity and avoidance of confusion, Emess provides the following definitions of terms used in the "Documents Requested" Section.

1.     The terms "document" or "documents" as used herein, mean all graphic and audio or visually recorded matter of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, in your actual or constructive possession, custody or control, including but not limited to deeds, title policies, commitments or abstracts, writings, letters, e-mails, text messages, correspondence, memoranda, notes, films, photographs, audio recordings, transcripts, contracts, agreements covenants, permits, licenses, memoranda of telephone or personal conversations or communications, microfilm, microfiche, telegrams, books, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, written communications, minutes or notes of meetings, interoffice communications, reports, financial statements, ledgers, books of account, proposals, prospectuses, offers, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs, movies, tapes for visual or audio reproduction, recordings, or materials similar to any of the foregoing, however denominated. The terms "document" or "documents" shall also include any and all electronic data including files from any personal computer, notebook, or laptop computer, file server, minicomputer, main-frame computer, or other storage device, including but not limited to hard drive disk drives or backup or retrieved electronic information, including but not limited to e-mail. Further, all relevant files that are still on a storage media device, but which are identified as "erased but recoverable" are included within the meaning of "document" or "documents". Any comment or notation appearing on any document, and not part of the original text, is to be considered a separate "document". Any draft or preliminary form of any document is also to be considered a separate "document." Specific reference to any other type of document in the ensuing requests shall not be construed as in any respect limiting the generality of the foregoing definition.

2.     The term "correspondence" shall mean any document, in any of the forms described above, which was transmitted, or a copy of which was transmitted, by you to a third party, or to you by a third party.

3.     "Relating to" "related to" or "regarding" means containing, constituting, showing, mentioning, reflecting, or pertaining or referring to in any way, directly or indirectly to the subject matter indicated by the request and, with regard to documents is meant to include, among other documents, those underlying, supporting or previously attached or appended to, or used in the preparation of any document requested.

4.     The term "between" means among, involving, concerning, and connecting. "Correspondence between" means any correspondence to or from either or any of the parties to the other party.

5.     When references are made to "The Bank" or "TD Bank," the reference includes Toronto-Dominion Bank, TD Banknorth, TD Commerce Bank, Commerce Bank, and any past or

present employee, agent, officer, director or person acting for the benefit of or on behalf of or with the actual or apparent authority of TD Bank, N.A., TD Banknorth, and TD Commercebank, Commerce Bank.

6. When references are made to "Rothstein Rosenfeldt Adler, P.A." or "RRA," the reference includes any past or present attorney, employee, agent, officer, director, or person acting for the benefit of or on behalf of or with the actual or apparent authority of the law firm of Rothstein Rosenfeldt Adler, P.A. that is the debtor in the Chapter 11 Bankruptcy case with the case number 09-34791-RBR currently pending in the Fort Lauderdale Bankruptcy Court for the Southern District of Florida.

7. "You" or "Your" refers to the examinee pursuant to this Notice and Subpoena.

## II. Documents Requested

Unless otherwise stated, the relevant time period for the documents requested below is from May 1, 2009 to October 31, 2009.

Emess Capital, LLC, Creditor, requests Roseanne Caretsky to bring the following documents to the examination:

1. All correspondence and communications between you and RRA and any of its employees or agents.

2. All letters, emails, and other correspondence between Scott Rothstein and You.

3. All documents related to, regarding, or addressing any and all investigations of You conducted by TD Bank or any other organization or entity.

4. All documents in Your possession related to or regarding account activity for the TD Bank RRA Trust Account with the account number 6861011622, including but not limited to, all account statements, deposit account details statements, ledgers, balance statements, and any other documents showing any account activity for this account.

5. All letters, emails, and other correspondence between Emess Capital, LLC, and TD Bank, including You or any other Bank employee.

6. All correspondence, including emails, between You and Frank Spinosa, and/or Ricardo Mejia and/or Jennifer Kerstetter, and/or Matthew Brennan regarding TD Bank account # 6861011622.

7. All documents related to or regarding account activity for any and all TD Bank accounts opened and/or maintained by RRA for the benefit of Emess, including but not limited to, all account statements, deposit account details statements, ledgers, balance statements, and any other documents showing any account activity for any of these accounts.

8. All TD Bank compliance manuals, program and/or policy and procedures manuals regarding suspicious activity and/or money laundering reporting.

9. All documents information or things which indicate or reflect each time Emess account number 6861011622 was reviewed and/or accessed and by what person or computer obtained access to the account for any purpose.

10. All phone logs, calendars, and appointment books for You.

11. All documents indicating any and all restrictions placed on the Emess Account number 6861011622.

12. All correspondence between You and Debra Villegas.

13. All correspondence between You and David Boden.

14. All correspondence between You and Irene Stay.

15. All correspondence between You and William Brock.

16. All correspondence or communications between any TD Bank employees or agents and You regarding the Emess account number 6861011622.

17. All correspondence or communications between any RRA employee and You regarding the TD Bank account number 6861011622.

18. All letters prepared and/or signed by You regarding any RRA account at TD Bank, including, but not limited to, correspondence reflecting account balances for those RRA accounts.

19. All letters prepared and/or signed by You regarding any TD Bank account number 6861011622 at TD Bank, including, but not limited to, correspondence reflecting account balances for those RRA accounts.