## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 Proceeding |
| ROTHSTEIN ROSENFELDT ADLER, P.A., | ) | |
| | ) | Case No. 09-34791-RBR |
| Debtor. | ) | |
| _____ | ) | |

### TD BANK N.A.'S EMERGENCY MOTION FOR A PROTECTIVE ORDER WITH RESPECT TO RULE 2004 EXAMINATIONS *DUCES TECUM* OF JENNIFER KERSTETTER, ROSANNE CARETSKY, AND FRANK SPINOSA EMERGENCY HEARING REQUESTED

Non-debtor TD Bank, N.A. ("TD Bank" or the "Bank"), pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure, and Rules 2004-1 and 9075-1 of the Local Rules of this Court enter a Protective Order limiting access to the Rule 2004 examinations, transcripts, and exhibits of Jennifer Kerstetter, Roseanne Caretsky and Frank Spinosa,[1] as well as to documents produced by TD Bank in this case, to the Trustee and creditors, their attorneys and attorneys' staff, their accountants, and their experts for use solely in this action, without limiting the rights of the parties to file with the Court under seal such portions of the transcripts, exhibits, or documents as are reasonably necessary for the Court to consider.  In support of its Motion, TD Bank states the following:

### PRELIMINARY STATEMENT

This Court should enter the above-requested relief because the Notices and Cross-Notices seek, among other things, private individual or entity financial information, and proprietary or confidential Bank information.  In light of such concerns regarding private, confidential and

---

[1]  The Agreed Re-Notices of Taking Rule 2004 Examination *Duces Tecum* of Jennifer Kerstetter, Roseanne Caretsky, and Frank Spinosa (and accompanying Subpoenas) were filed on April 16, 2010 [D.E. 548, 549 and 550]. Cross-Notices of Taking Rule 2004 Examination Duces Tecum were served by Emess Capital, LLC on April 23, 2010 [DE. 571, 572 and 573].  Cross-Notices of Taking Rule 2004 Examination Duces Tecum were also served on May 4, 2010, by Edward Morse, as to the Kerstetter, Caretsky and Spinosa examinations [D.E. 611, 612 and 613].

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

proprietary information which appears to be sought in these examinations, and in light of the governing and well-settled law that depositions of this type are not intended for the public, these Rule 2004 examinations of current and former individual Bank employees should be closed to the press and/or public.

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is "core" within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1409.

## BACKGROUND

On April 16, 2010, the Trustee served the Subpoenas noticing the Rule 2004 examinations of current TD Bank employees Jennifer Kerstetter and Roseanne Caretsky on May 12 and 18, 2010, respectively, and of former TD Bank employee Frank Spinosa on May 19, 2010. The Subpoenas purport that "[t]he scope of the examination shall be as described in Bankruptcy Rule 2004." Among other things, the Subpoenas seek the production of documents related to "the Investors" (undefined in the Subpoenas) and "the Investments" (undefined in the Subpoenas), and the scope of the Trustee's examination thus presumably purports to cover the same subject matters. While TD Bank does not contest the Trustee's right to conduct the three examinations within the confines of the applicable rules for a 2004 Examination, nor seek delay of these proceedings, these document requests suggest that the line of questioning will include private financial and potentially proprietary, confidential or protected information that Kerstetter, Caretsky and/or Spinosa may have within their knowledge as employees of TD Bank. Such

2

information is private and protected by certain laws which in fact prohibit disclosure of such information, such that permitting the media and the public to appear would be inappropriate.[2]

Following the Trustee's issuance of the Subpoenas, on April 26, 2010, Emess Capital, a creditor in the bankruptcy matter who has also retained civil counsel and threatened TD Bank with a civil lawsuit outside of this bankruptcy proceeding, served Cross-Notices for Rule 2004 examinations of Kerstetter, Caretsky, and Spinosa.

The Emess Cross-Notices demonstrate that this creditor intends to use the 2004 examination not for its proper purpose, but to further support the civil litigation it has repeatedly threatened since November 2009.[3] Its document requests, appended to the Cross-Notices, relate to subject matters as far-ranging and irrelevant to the Debtor as:

   3.      All documents related to, regarding, or addressing any and all investigations of You conducted by TD Bank or any other organization or entity. (Emess Capital request to Kerstetter, Caretsky and Spinosa).

---

[2] The Bank does not concede that such questioning is appropriate for these examinations, but preserves the right to object on a question by question basis at the examination.

[3] The purposes for which a Rule 2004 may be conducted are not limitless. *In re Duratech Indus., Inc.*, 241 B.R. 283, 289 (E.D.N.Y. 1999); *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 516 (E.D.N.Y. 1991). Courts have held that an examination of a witness under Rule 2004 as to matters having no relationship to the debtor's affairs or no effect on the administration of the estate is improper. *Matter of Wilcher*, 56 B.R. 428, 433 (Bankr. N.D.Ill. 1985); *In re Johns-Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984). Rule 2004 discovery must be both relevant and reasonable. The purpose generally of Rule 2004 is to enable parties in interest to locate assets of the debtor and to make those assets available for the creditors of the estate, and an examination under Rule 2004 is limited by this purpose . *In re Continental Forge Co., Inc.*, 73 B.R. 1005, 1007 (Bankr. W.D.Pa. 1987). The plain language of the rule itself limits Rule 2004 discovery to matters relating "only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). Courts may "limit, condition or forbid Rule 2004 discovery" where its use is improper. *In re Levinstein*, No. 08-24618-BKC-LMI, 2009 WL 412992, at *1 (Bankr. S.D.Fla. Feb. 18, 2009) (citations omitted). Courts uniformly condemn the circumvention in 2004 examinations of the procedural protections contained in the Federal Rules and have held that Rule 2004 discovery may not be used to annoy, harass or oppress the party being examined. *See, e.g., In re Duratech Indus., Inc.*, 241 B.R. at 289; *Snyder v. Society Bank*, 181 B.R. 40, 42 (S.D. Tex. 1994). Thus, in *In re Duratech*, the District Court upheld the Bankruptcy Court's denial of an application for a Rule 2004 examination, which the party seeking the examination claimed was necessary for that party to formulate its plan of reorganization of the debtor. *In re Duratech*, 241 B.R. at 289. Both Courts denied the application based on findings that the stated purpose for the examination "did not pass the 'smell test.'" *Id*. The Courts found that the evidence led to the conclusion that the party seeking the examination "was merely attempting to harass and abuse [the examinee] under the pretext that it was committed to proposing a plan of reorganization for the benefit of creditors." *Id*. at 290. Further, the party seeking to conduct a 2004 examination has the burden of demonstrating "good cause" for the examination which it seeks. *In re Eagle-Picher Indus., Inc.*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994) (prohibiting Rule 2004 examinations where "good cause for the examinations sought has not been shown").

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

8.     All TD Bank compliance manuals, program and/or policy and procedures manual regarding suspicious activity and/or money laundering reporting. (Emess Capital request to Kerstetter, Caretsky and Spinosa).

9.     All documents [sic] information or things which indicate or reflect each time Emess account number 6861011622 was reviewed and/or accessed and by what person or computer obtained access to the account for any purpose. (Emess Capital request to Kerstetter, Caretsky and Spinosa).

10.    All phone logs, calendars and appointment books for You. (Emess Capital request to Kerstetter, Caretsky and Spinosa).

*See* D.E. 571, 572 and 573.

In addition, the Trustee, Emess Capital and Morse have all filed public notice of the time and place of the Rule 2004 examinations in the court file, each of which are scheduled to be taken at the offices of Genovese Joblove & Battista, P.A., 200 E. Broward Blvd., Suite 1100, Fort Lauderdale, Florida 33301, Special Counsel for the Trustee. *See* Docket Nos. 548-550, 571-573. Upon information and belief, members of the press and/or public will be permitted to attend and report upon the examinations.

Notably, the foregoing 2004 examinations are not the first step in the course of Rule 2004 discovery in this matter. In response to prior Rule 2004 subpoenas served upon the Bank, the Bank has produced to the Trustee, Emess Capital and Morse an ongoing rolling document production related to expansive document requests, and those parties have received thousands of pages of account information for the 26 accounts that were maintained by Rothstein, Rosenfeldt and Adler ("RRA") at TD Bank, more than 1600 pages of e-mails related to the accounts, RRA and Rothstein, as well as additional information each has sought.

4

**ARGUMENT**

**NEITHER THE PRESS NOR THE PUBLIC SHOULD BE PERMITTED TO ATTEND THE RULE 2004 EXAMINATIONS, NOR SHOULD THEY BE GRANTED ACCESS TO DISCOVERY PRODUCED IN THIS CASE.**

The Trustee, Emess Capital and Morse have all filed public notice of the time and place of the Rule 2004 examinations in the court file. While the court file and a courtroom are public forums, depositions, including Rule 2004 examinations, are not. The press has no First Amendment right to attend depositions. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("pretrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law, and, in general, they are conducted in private as a matter of modern practice.").

Florida law is in accord with this rule. *See Palm Beach Newspapers, Inc. v. Burk*, 504 So. 2d 378, 383 (Fla. 1987) ("[W]e do not see how it can be plausibly argued that the press has a first amendment right to be present at deposition proceedings or to obtain access to such depositions prior to their being introduced at trial or becom[ing] the subject of a suppression hearing. The right to speak and publish does not carry with it the unrestrained right to gather information."); *cf. Post-Newsweek Stations, Florida, Inc. v. State*, 474 So. 2d 344, 344 (Fla. 3d DCA 1985) (certifying the question: "is the print and electronic media entitled to notice of, and the opportunity and right to attend, pre-trial discovery depositions in criminal cases"), *approved*, 510 So. 2d 896, 896 (Fla. 1987) (answering the certified question in the negative after the *Burk* decision).

There are particularly compelling reasons for restricting attendance to the three Rule 2004 examinations here. The questioning of Kerstetter, Caretsky and Spinosa, as current and former TD Bank employees, is likely to address private financial information which, putting aside whether such questioning is within the appropriate scope of the exam, cannot be made

5

public as a matter of law.  *See, e.g.,* Fla. Stat. § 655.059(e) ("The books and records of a financial institution are confidential and shall be made available for inspection and examination only: . . . pursuant to a subpoena issued in accordance with state or federal law."); 12 U.S.C. § 3402 (restricting the ". . . access to . . . copies of, or the information contained in the financial records of any customer from a financial institution").  In short, such financial information is subject to a variety of state and federal statutory protections which could be breached by the presence of the media.  The statutory safeguards enacted to protect the confidentiality of that information are thus compelling reasons to restrict access to the Rule 2004 examinations.  Moreover, such restraints will not prejudice the ability of either the Trustee, Emess Capital or Morse to pursue their purported claims.

Finally, this Court has the authority to enter orders pursuant to 11 U.S.C. § 105 limiting access to depositions, deposition transcripts, and documents exchanged between the parties.  *See* 11 U.S.C. § 105 ("No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to . . . prevent an abuse of process."); *In re Duratech*, 241 B.R. at 288 ("Section 105 provides the basis for the broad exercise of power in the administration of a bankruptcy estate.").  Here, such an order is necessary for a compelling reason -- it will protect the private financial information of non-party customers of a financial institution which questioners may attempt to seek in connection with the discovery process of debtor financial activities from public exploitation -- one purpose of the protections set forth in the statutory frameworks noted above.[4]

---

[4]  Of further note, Section II(A)(2) of the Discovery Practices Handbook states that "as a general proposition, pretrial discovery in civil matters must take place in public unless compelling reasons exist for denying the public access to the proceedings."  *See* Discovery Practices Handbook, at § II(A)(2) (available at http://www.flsd.uscourts.gov/localrules/localrules.pdf).  However, the Administrative Order adopting the Handbook

6

## REASON WHY AN EMERGENCY HEARING IS REQUESTED

An emergency hearing is requested by Tuesday, May 11, 2010 because the Rule 2004 examinations which are the subject of this Motion are scheduled to begin on Wednesday, May 12, 2010.

## LOCAL RULE 9075-1 CERTIFICATION

I hereby certify that, pursuant to Local Rule 9075-1 of the Local Rules of this Court, that I have contacted counsel for the Trustee in an effort to resolve this matter without a hearing, but was unable to do so.

## CONCLUSION

For the foregoing reasons, TD Bank respectfully requests entry of a Protective Order limiting access to the Rule 2004 examinations, transcripts, and exhibits, as well as to documents produced by TD Bank in this case, to the Trustee and creditors, their attorneys and attorneys' staff, their accountants, and their experts for use solely in this action, without limiting the rights of the parties to file with the Court under seal such portions of the transcripts, exhibits, or documents as are reasonably necessary for the Court to consider.

---

specifically states that it "shall not have the force of law." *See* Administrative Order 96-36 (June 27, 1996), at ¶ 2 (available at http://www.flsd.uscourts.gov/localrules/localrules.pdf). Nor does the Handbook limit this Court's discretion to restrict access to discovery. *See id.* at ¶ 4 ("No provision of the Discovery Practices Handbook shall limit the discretion of a District or Magistrate Judge to provide for different practices in cases before that Judge."). Further, the Handbook is inconsistent with the U.S. Supreme Court's decision in *Seattle Times*, which is the governing authority here. *See id.* at ¶ 3 ("In the event of any conflict between the provisions of the Discovery Practices Handbook and applicable case, rule, or statutory law, counsel should look first to the applicable authority to determine proper discovery practice.").

In addition, to the extent that decisions in *In re Thrifty Dutchman, Inc.* and *In re Bankest Capital Corp.* address restraints on attendance at depositions, these two cases are inapposite. *See In re Thrify Dutchman, Inc.*, 97 B.R. 111, 111-112 (Bankr. S.D. Fla. Jan. 4, 1989) (determining that "good cause" was not shown for excluding a member of the public from attendance at a deposition); *In re Bankest Capital Corp.*, No. 04-10941 BKC-AJC, 2007 WL 313301, at *1 (Bankr. S.D. Fla. Jan. 29, 2007) (concluding that "compelling circumstances" were not presented where movant cited no "proprietary or confidential information that they fear will be disclosed . . . at . . . [the] deposition"). First, neither of these cases involves media attendance at a deposition. Second, while the courts in these cases did not find good cause or a compelling reason for excluding the requested attendance, "compelling reasons" do exist here for denying public access to the Trustee's Rule 2004 examinations. *See* discussion *supra*.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

Dated:  May 6, 2010

GREENBERG TRAURIG, P.A.
*Attorneys for TD Bank, National Association*
1221 Brickell Avenue
Miami, Florida 33131
Telephone:  (305) 579-0500
Facsimile:  (305) 579-0717


Mark D. Bloom, Esq.
Florida Bar No. 303836
*bloomm@gtlaw.com*
John B. Hutton, Esq.
Florida Bar No. 902160
*huttonj@gtlaw.com*
Ari Newman, Esq.
Florida Bar No. 56575
*newmanar@gtlaw.com*

- and -

Glenn Goldstein, Esq.
Florida Bar No. 435260
*goldsteing@gtlaw.com*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone:  (954) 765-0500
Facsimile:  (954) 765-1477

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

John B. Hutton

9

**SERVICE LIST**

# Mailing Information for Case 09-34791-RBR

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- Thomas L Abrams    tabrams@tabramslaw.com, lmillspaugh@tabramslaw.com;fcolumbo@tabramslaw.com
- Melissa Alagna    mma@segallgordich.com
- Joaquin J Alemany    joaquin.alemany@hklaw.com, jose.casal@hklaw.com
- Grisel Alonso    grisel.alonso@usdoj.gov, daleana.roque@usdoj.gov
- Brett M Amron    bamron@bastamron.com, jrivera@bastamron.com,jeder@bastamron.com,dquick@bastamron.com
- Jeffrey Bast    jbast@bastamron.com, kjay@bastamron.com;jdepina@bastamron.com;dquick@bastamron.com
- Christopher G Berga    cgb@lydeckerlaw.com, gh@lydeckerlaw.com
- Eyal Berger    eyal.berger@akerman.com, jeanette.martinez@akerman.com
- Jeffrey M Berman    jberman@klugerkaplan.com
- John G. Bianco III    jgb@trippscott.com, bankruptcynoticecenter@trippscott.com
- Mark D Bloom    bloomm@gtlaw.com, phillipsj@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com
- Mark F Booth    mfbooth@rmzlaw.com
- Darol H M Carr    cenos@farr.com, dcarr@farr.com
- Francis L. Carter    flc@katzbarron.com, lcf@katzbarron.com
- David C. Cimo    dcimo@gjb-law.com, gjbecf@gjb-law.com
- Roderick F. Coleman    rfc@colemanattorneys.com
- Carlos L De Zayas    cdz@lydeckerlaw.com, js@lydeckerdiaz.com;gh@lydeckerdiaz.com
- Robert C Furr    bnasralla@furrcohen.com
- David L Gay    dgay@bergersingerman.com, efile@bergersingerman.com,
- John H Genovese    jgenovese@gjb-law.com, cgreco@gjb-law.com;dsanchez@gjb-law.com;gjbecf@gjb-law.com
- Michael I Goldberg    michael.goldberg@akerman.com, charlene.cerda@akerman.com
- Lawrence Gordich    LAG@segallgordich.com, IJG@segallgordich.com
- Jordi Guso    jguso@bergersingerman.com, efile@bergersingerman.com;fsellers@bergersingerman.com
- Hollie N Hawn    hhawn@broward.org
- Michael S Hoffman    mhoffman@mws-law.com, thurley@mws-law.com;emair@mws-law.com
- John B. Hutton    huttonj@gtlaw.com, thompsonc@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com
- Geoffrey D Ittleman    geoffrey@ittlemanlaw.com

10

- Bruce A Katzen    bkatzen@klugerkaplan.com, miglesias@klugerkaplan.com
- Seth Lehrman    seth@pathtojustice.com
- Charles H Lichtman    clichtman@bergersingerman.com, efile@bergersingerman.com;ctarrant@bergersingerman.com;lwebster@bergersingerman.com
- John E Lucian    lucian@blankrome.com
- Isaac M Marcushamer    imarcushamer@bergersingerman.com, efile@bergersingerman.com;ngorman@bergersingerman.com
- Frank F McGinn    ffm@bostonbusinesslaw.com
- Barry E. Mukamal    bankruptcy@marcumrachlin.com
- Arthur C. Neiwirth    aneiwirthcourt@qpwblaw.com
- Ronald G Neiwirth    rgn@fowler-white.com, mlf@fowler-white.com
- Ari Newman    newmanar@gtlaw.com, miaecfbky@gtlaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Patricia A Redmond    predmond@stearnsweaver.com, jmartinez@stearnsweaver.com;rross@stearnsweaver.com;mmesones-mori@stearnsweaver.com
- Alex P Rosenthal    alex@rrcounsel.com
- William G Salim Jr    wsalim@mmsslaw.com, cleibovitz@mmsslaw.com
- Reggie David Sanger    ecfmail@reggiedsangerpa.com, rdsoffice@gmail.com
- Steven D Schneiderman    Steven.D.Schneiderman@usdoj.gov
- Matthew H Scott    mhs@trippscott.com, bankruptcynoticecenter@trippscott.com
- Patrick S. Scott    patrick.scott@gray-robinson.com
- Michael D. Seese    mseese@hinshawlaw.com, lportuondo@hinshawlaw.com;sseward@hinshawlaw.com
- Steven E Seward    sseward@hinshawlaw.com
- Bradley S Shraiberg    bshraiberg@sfl-pa.com, lmelton@sfl-pa.com;lrosetto@sfl-pa.com;blee@sfl-pa.com
- James D. Silver    jds@conradscherer.com, raldama@conradscherer.com
- Paul Steven Singerman    singerman@bergersingerman.com, efile@bergersingerman.com
- Steven J. Solomon    steven.solomon@gray-robinson.com, lnegron@gray-robinson.com;jenny.reyes@gray-robinson.com
- Jesus M Suarez    jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com
- Joel L Tabas    jtabas@tabasfreedman.com, karen@tabasfreedman.com
- Marika Tolz    TolzECFmail@aol.com, mtolz@ecf.epiqsystems.com
- Trustee Services Inc 2    court@trusteeservices.biz, sm@trusteeservices.biz
- Scott A. Underwood    sunderwood@mws-law.com, emair@mws-law.com;mhoffman@mws-law.com;tmessana@mws-law.com;thurley@mws-law.com;lcoffy@mws-law.com;blieberman@mws-law.com;nbarrus@mws-law.com;dstern@mws-law.com
- Peter F. Valori    pvalori@dvllp.com, spitta@dvllp.com
- Henry S Wulf    hwulf@carltonfields.com, kvickers@carltonfields.com

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service).

Michael B Berger
6400 N Andrew Ave #370
Ft Lauderdale, FL 33309

Blue Capital US East Coast Properties, L.P.
c/o Roth & Scholl
866 South Dixie Highway
Coral Gables, FL 33146

Blue Oaks Limited
c/o Marianella Morales
AvenidaFrancisco de Miranda
Torre Provincial "A" Piso 8
Caracas, 1060

Robert Buschel
100 SE 3 Ave #1300
Fort Lauderdale, FL 33394

Ana Maria Castro
1 E Broward Blvd #905
Fort Lauderdale, FL 33301

Ana Cristina Chamberlain
520 SE 5 Ave #3304
Ft Lauderdale, FL 33301

Bradley S. Fischer
200 SW 1st Avenue
Suite 910
Fort Lauderdale, FL 33301

Lamar Fisher
Fisher Auction Co, Inc.
619 E Atlantic Blvd
Pompano Beach, FL 33060

Jeffrey A. Goldwater
550 West Adams Street
Suite 300
Chicago, IL 60661

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

Lynn Maynard Gollin
1441 Brickell Ave 15 Fl
Miami, FL 33131

Alan G Greer
201 S Biscayne Blvd #1000
Miami, FL 33401

Richman Greer
250 Australian Ave S #1504
One Clearlake Center
West Palm Beach, FL 33401

Michael J Grimme
AMC Liquidators
3705 W Commercial Blvd
Fort Lauderdale, FL 33309

Mark S Haltzman
3600 Horizon Blvd #200
Trevose, PA 19053

Darcy L Ibach
550 W Adams St #300
Chicago, FL 60661

Cary A Lubetsky
800 Brickell Ave #1501
Miami, FL 33131

Camilo Manrique
c/o Marianella Morales
Avenida Francisco de Miranda
Torre Provincial "A" Piso 8
Caracas, 1060

Ricardo Martinez
c/o Marianella Morales
Avenida Francisco de Miranda
Torre Provincial "A" Piso 8
Caracas, 1060

Jason S Mazer
100 SE 2 St, 30 FL
Miami, FL 33131

13

Robert Wayne Pearce
1499 W Palmetto Park Rd #400
Boca Raton, FL 33486

Pharon Development Assets, Inc
c/o Marianella Morales
Avenida Francisco de Miranda
Torre Provincial "A" Piso 8
Caracas, 1060

Richard A. Pollack
200 S Biscayne Blvd 6 Fl
Miami, FL 33131

Adria E Quintela
Lake Shore Plaza II
1300 Concord Terr #130
Sunrise, FL 33323

Stuart A Rosenfeldt
4000 Hollywood Blvd #265 S
Hollywood, FL 33021

Michael Schlesinger
799 Brickell Plaza #700
Miami, FL 33131

Jeffrey R Sonn
500 E Broward Blvd #1600
Ft. Lauderdale, FL 33394

Steven Sprechman
2775 Sunny Isles Blvd #100
Miami, FL 33160

Herbert Stettin
2 S Biscayne Blvd #3700
Miami, FL 33131

Louis J Terminello
2700 SW 37 Ave
Miami, FL 33133

14

Universal Legal
888 E Las Olas Blvd #508
Ft Lauderdale, FL 33301

*FTL 107,680,811v5 5-6-10*

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com