UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

ROTHSTEIN ROSENFELDT ADLER, P.A.,[1]

    Debtor.
_____/

Case No. 09-34791-BKC-RBR
Chapter 11

HERBERT STETTIN, Chapter 11 Trustee,

    Plaintiff,
v.

Adv. Pro. No. _____-BKC-RBR-A

AMERICAN EXPRESS COMPANY,

    Defendant.
_____/

**COMPLAINT AGAINST AMERICAN EXPRESS COMPANY
TO AVOID AND RECOVER FRAUDULENT TRANSFERS**

Plaintiff, Herbert Stettin, the Chapter 11 Trustee ("Trustee" or "Plaintiff") of Rothstein, Rosenfeldt Adler, P.A. ("RRA"), sues the Defendant, American Express Company ("American Express" or "Defendant") to avoid and recover fraudulent transfers of property of the estate,[2] and in support states:

---

[1] The address and last four digits of the taxpayer identification number of the debtor is 401 E. Las Olas Blvd. Suite 2270, Fort Lauderdale, FL 33301 (TIN 7961).

[2] Plaintiff reserves the right to bring additional claims against the Defendant and nothing contained herein shall be deemed a waiver of any rights or causes of action that the Trustee or the estate may have against the Defendant. Also, to the extent that the Defendant has filed a proof of claim or has a claim listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtor or the Debtor's chapter 11 estate (collectively, the "Claims"), Plaintiff reserves the right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502(a) through (j), and this Complaint is not intended to be, nor should it be construed as a waiver of such right.

## JURISDICTION AND VENUE

1. This adversary proceeding is brought by the Trustee to recover fraudulent transfers pursuant to Sections 544, 548 and 550 of the Bankruptcy Code, Sections 726.105 and 726.106 of the Florida Statutes and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## PARTIES AND PROCEDURAL BACKGROUND

4. On November 10, 2009 (the "Petition Date"), an Involuntary Petition for Relief was filed against RRA. [D.E. 1]. On November 25, 2009, RRA filed a consent to the Involuntary Petition for Relief. [D.E. 57]. On November 30, 2009, the Court entered an Order for Relief on the filing of a Petition for Involuntary Bankruptcy. [D.E. 66].

5. On November 20, 2009, the Office of the United States Trustee filed a Notice Appointing Stettin as Trustee of RRA. [D.E. 35]. On November 25, 2009, this Court entered an order ratifying the appointment of Stettin as Trustee. [D.E. 55].

6. Defendant is a New York corporation registered to conduct business in Florida.

7. RRA is a Florida professional services corporation, formed on February 7, 2002 by Scott W. Rothstein ("Rothstein") and Stuart A. Rosenfeldt ("Rosenfeldt").

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

8. Prior to November 2, 2009, Rothstein was the Chief Executive Officer, managing partner and a 50% shareholder of RRA. Rosenfeldt was the President and the other 50% shareholder of RRA.

9. On November 2, 2009, Rosenfeldt initiated a lawsuit in Broward County Circuit Court (Case No. 09-059301)(the "Receivership Action") on behalf of RRA and himself for judicial dissolution of the firm, an accounting, and appointment of a receiver pursuant to Sections 607.1430(3), 607.1431 and 607.1432 of the Florida Statutes.

10. In the Receivership Action complaint, Rosenfeldt and RRA alleged that Rothstein had engaged in multiple wrongful acts, including that Rothstein orchestrated a substantial misappropriation of funds from investor trust accounts which were titled in the name of RRA. The Complaint also alleged that the investment business created and operated by Rothstein centered around fraudulent structured settlements and that "various funds unrelated to the practice of law cannot be accounted for."

11. As to these alleged structured settlements, Rothstein (i) falsified the existence of the client, settlement, settlement proceeds, and documents, and (ii) misappropriated the investor and lender funds to himself and to a series of business ventures which are referred to by the Trustee as the RRA Entities.

12. As part of his scheme to defraud investors (the "Ponzi Scheme"), Rothstein utilized the RRA offices, RRA lawyers and staff, his position as an attorney, owner and officer of RRA, and his relationship with existing clients of RRA and RRA's relationships with financial institutions in order to effectuate the fraudulent transactions involving fictitious structured settlements. Rothstein, as an agent of RRA, engaged in these activities for his own benefit and to the detriment of RRA.

13. Indeed, while the scheme was ongoing, RRA grew to more than 70 attorneys and 80 support staff by October, 2009. Prior to 2005, Rothstein was virtually unknown in legal, political, and charitable circles. Subsequent to 2005, Rothstein and RRA became a highly visible

presence making significant political and charitable contributions to both directly and indirectly gain influence and give the appearance of a financially successful law firm.

14. On December 1, 2009, the United States of America charged Rothstein with a five count criminal information.[3] On January 27, 2010, Rothstein pled guilty to all counts in the information and admitted to running a Ponzi scheme that bilked third parties out of more than $1.2 billion. [D.E. 69, *Criminal Case*]. Rothstein admitted that "the investments purportedly underlying the... investment scheme never existed" and "the entire investment scheme was a fraud." *Id.* Rothstein is scheduled to be sentenced on June 9, 2010.

## ALLEGATIONS SPECIFIC TO DEFENDANT

15. Prior to the Petition Date, the Defendant entered into a credit card agreement with Scott W. Rothstein, P.A., pursuant to which the Defendant opened a credit card account for Scott W. Rothstein, P.A., account number 3715-349343-81004 (the "Rothstein Account").

16. Scott W. Rothstein, P.A. was administratively dissolved by the State of Florida on or about June 9, 1999.

17. Rothstein was the initial cardholder on the Rothstein Account and utilized that card to make purchases prior to, and after forming RRA.

18. Despite the corporate dissolution of Scott W. Rothstein, P.A. in June 1999, Rothstein continued to utilize the Rothstein Account card, and, by the end of 2009, added 6 other cardholders to the account, including his wife, Kimberly, his mother, the other RRA shareholder, Rosenfeldt, and certain RRA employees.

19. In the four-year period prior to the commencement of this case, Rothstein and these individuals charged more than $20 million to the Rothstein Account. The vast majority of

---

[3] *USA v. Rothstein*, 09-cr-60331-JIC, [D.E. 1] (S.D. Fla. December 1, 2009).

4

these charges were personal in nature and did not relate to the operation of RRA or confer any benefit upon, or provide value to RRA.

20. RRA never maintained an account with the Defendant and was, therefore, not responsible for, nor obligated to pay the charges on the Rothstein Account. However, over the four year period preceding the filing of the RRA bankruptcy, Defendant accepted over 200 payments from RRA totaling $20,736,046.68. The dates and amounts of each of these transfers (the "Transfers") are listed in the attached Exhibit A.

21. The Trustee has made demand upon the Defendant for repayment of the Transfers. The Defendant has failed and refused to make such repayment.

## COUNT I – FRAUDULENT TRANSFERS
## PURSUANT TO SECTION 548(a)(1)(A) OF THE BANKRUPTCY CODE

22. Plaintiff realleges the allegations set forth in paragraphs 1 through 21, and incorporates those allegations by reference.

23. RRA made transfers to the Defendant within the two year period prior to the Petition Date (the "Two Year Transfers").

24. RRA made the Two Year Transfers to the Defendant with the actual intent to hinder, delay or defraud an entity to which RRA was or became, on or after the date such transfers were made, indebted.

**WHEREFORE**, the Trustee requests the Court enter a Judgment:

a. Declaring the Two Year Transfers to have been fraudulent transfers pursuant to Section 548(a)(1)(A) of the Bankruptcy Code;

b. Avoiding the Two Year Transfers made to the Defendant as fraudulent transfers in violation of Section 548(a)(1)(A) of the Bankruptcy Code;

5

  c. Requiring the payment of all such transfers to the Trustee; and

  d. Granting such other and further relief as may be just and proper.

## COUNT II – FRAUDULENT TRANSFERS
## PURSUANT TO SECTION 548(a)(1)(B) OF THE BANKRUPTCY CODE

25. Plaintiff realleges the allegations set forth in paragraphs 1 through 21, and 23, and incorporates those allegations by reference.

26. RRA received less than reasonably equivalent value in exchange for the Two Year Transfers, and

  a. was insolvent on the dates that such transfers were made or such obligations were incurred, or became insolvent as result of such transfers or obligations;

  b. was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with RRA was an unreasonably small capital; or

  c. RRA intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Judgment:

  a. Declaring the Two Year Transfers to have been fraudulent transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code;

  b. Avoiding the Two Year Transfers made to the Defendant as fraudulent transfers in violation of § 548(a)(1)(B) of the Bankruptcy Code;

  c. Requiring the payment of the Two Year Transfers to the Trustee; and

  d. Granting such other and further relief as may be just and proper.

**COUNT III – AVOIDANCE OF FRAUDULENT TRANSFERS
PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE
AND SECTION 726.105(1)(a) OF THE FLORIDA STATUTES**

27. Plaintiff realleges the allegations set forth in paragraphs 1 through 21, and incorporates those allegations by reference.

28. RRA made transfers to the Defendant within the four year period prior to the Petition Date (the "Four Year Transfers").

29. The Four Year Transfers were made by RRA with the actual intent to hinder, delay or defraud a creditor of RRA.

30. The Four Year Transfers may be avoided under Section 544 of the Bankruptcy Code and Section 726.105(1)(a) of the Florida Statutes.

**WHEREFORE**, the Trustee respectfully requests the Court enter a Judgment:

    a. Declaring the Four Year Transfers to have been fraudulent transfers pursuant to Section 726.105(1)(a) of the Florida Statutes;

    b. Avoiding the Four Year Transfers as fraudulent transfers in violation of Section 726.105(1)(a) of the Florida Statutes;

    c. Requiring the payment of the Four Year Transfers to the Trustee; and

    d. Granting such other and further relief as may be just and proper.

**COUNT IV – AVOIDANCE OF FRAUDULENT TRANSFERS
PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE
AND SECTION 726.105(1)(b) OF THE FLORIDA STATUTES**

31. Plaintiff realleges the allegations set forth in paragraphs 1 through 21, and 28, and incorporates those allegations by reference.

32. RRA received less than reasonably equivalent value in exchange for the Four Year Transfers, and

  a. was engaged or was about to engage in a business or a transaction for which the remaining assets of RRA were unreasonably small in relation to its business or transaction; or

  b. intended to incur, or believed it would incur, debts that would be beyond RRA's ability to pay as they became due.

 33. The Four Year Transfers may be avoided under Section 544 of the Bankruptcy Code and Section 726.105(1)(b) of the Florida Statutes.

 **WHEREFORE**, the Trustee respectfully requests the Court enter a Judgment:

  a. Declaring the Four Year Transfers to have been fraudulent transfers pursuant to Section 726.105(1)(b) of the Florida Statutes;

  b. Avoiding the Four Year Transfers as fraudulent transfers in violation of Section 726.105(1)(b) of the Florida Statutes;

  c. Requiring the payment of the Four Year Transfers to the Trustee; and

  d. Granting such other and further relief as may be just and proper.

**COUNT V – AVOIDANCE OF FRAUDULENT TRANSFERS
PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE
AND SECTION 726.106(1) OF THE FLORIDA STATUTES**

 34. Plaintiff realleges the allegations set forth in paragraphs 1 through 21, and 28, and incorporates those allegations by reference.

 35. RRA made the Four Year Transfers without receiving reasonably equivalent value in exchange for the Transfers.

 36. RRA was insolvent at that times of the Four Year Transfers or became insolvent as a result of the Four Year Transfers, and a creditor(s) existed at the time of each of the Transfers.

37. The Four Year Transfers may be avoided under Section 544 of the Bankruptcy Code and Section 726.106(1) of the Florida Statutes.

**WHEREFORE**, the Trustee respectfully requests the Court enter a Judgment:

a. Declaring the Four Year Transfers to have been fraudulent transfers pursuant to Section 726.106(1) of the Florida Statutes;

b. Avoiding the Four Year Transfers as fraudulent transfers in violation of Section 726.106(1) of the Florida Statutes;

c. Requiring the payment of the Four Year Transfers to the Trustee; and

d. Granting such other and further relief as may be just and proper.

### COUNT VI – RECOVERY OF PROPERTY PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

38. Plaintiff realleges the allegations set forth in paragraphs 1 through 37, and incorporates those allegations by reference.

39. The Transfers are avoidable pursuant to Sections 544 and 548 of the Bankruptcy Code and, as a result, the Transfers are recoverable by Plaintiff pursuant to Section 550 of the Bankruptcy Code.

40. The Defendant was the initial transferee of the Transfers and/or the entity for whose benefit the Transfers were made.

**WHEREFORE**, the Plaintiff requests that the Court enter a Judgment:

a. Declaring the Defendant to be the initial transferee of the Transfers and/or the entity for whose benefit the Transfers were made;

b. Directing the Defendant to turn over to Plaintiff the Transfers, plus interest at the applicable federal statutory rate, reasonable attorneys' fees, and costs and expenses to the extent permissible by applicable law;

9

  c. Disallowing any Claims held by Defendant and/or its assignee in accordance with Section 502(d) of the Bankruptcy Code;

  d. Disallowing any Claims held by Defendant and/or its assignee in accordance with Section 502(j) of the Bankruptcy Code; and

  e. Granting such other and further relief as may be just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this Court set forth in Local Rule 2090-1(a).

**DATED** this 11th day of May, 2010.

            BERGER SINGERMAN, P.A.
            Attorneys for the Trustee, Herbert Stettin

            By: */s/ Paul Steven Singerman*
               Paul Steven Singerman, Esq.
               Fla. Bar No. 378860
               singerman@bergersingerman.com
               Charles H. Lichtman, Esq.
               Fla. Bar No. 501050
               clichtman@bergersingerman.com
               David L. Gay, Esq.
               Fla. Bar No. 839221
               dgay@bergersingerman.com
               Berger Singerman, P.A.
               350 East Las Olas Blvd.
               Suite 1000
               Fort Lauderdale, Florida 33301
               Main Line: (954) 525-9900
               Facsimile: (954) 523-2872

2792871

**EXHIBIT A**

Case 09-34791-RBR    Doc 636    Filed 05/11/10    Page 11 of 17

Rothstein Rosenfeldt Adler
United States Bankruptcy Court
Southern District of Florida
Ft Lauderdale Division
Case No. 09-34791-BKC-RBR

| Name | Date | UID | Num | Payments |
|---|---|---|---|---|
| American Express | 11/15/05 | 25694 | | $ 30,000.00 |
| | 11/18/05 | 25797 | | $ 57,000.00 |
| | 12/01/05 | 26164 | | $ 52,000.00 |
| | 12/06/05 | 26353 | | $ 20,000.00 |
| | 12/28/05 | 27211 | | $ 30,000.00 |
| | 01/18/06 | 27789 | | $ 40,000.00 |
| | 01/30/06 | 28326 | | $ 40,000.00 |
| | 02/06/06 | 28657 | | $ 60,000.00 |
| | 02/09/06 | 28763 | | $ 40,000.00 |
| | 02/13/06 | 28848 | | $ 60,000.00 |
| | 02/21/06 | 29134 | | $ 40,000.00 |
| | 02/23/06 | 29218 | | $ 71,000.00 |
| | 03/03/06 | 29606 | | $ 35,000.00 |
| | 03/08/06 | 29771 | | $ 80,000.00 |
| | 03/17/06 | 30148 | | $ 40,000.00 |
| | 03/17/06 | 30170 | | $ 20,000.00 |
| | 03/30/06 | 30935 | | $ 50,000.00 |
| | 04/06/06 | 31232 | 15038 | $ 65,000.00 |
| | 04/17/06 | 31782 | | $ 56,575.31 |
| | 04/24/06 | 31917 | | $ 25,000.00 |
| | 04/28/06 | 32080 | | $ 25,000.00 |
| | 05/01/06 | 32219 | | $ 15,000.00 |
| | 05/10/06 | 32635 | | $ 15,000.00 |
| | 05/15/06 | 32773 | | $ 15,000.00 |
| | 05/17/06 | 32923 | | $ 20,000.00 |
| | 05/22/06 | 33021 | | $ 75,182.43 |
| | 05/30/06 | 33536 | | $ 15,000.00 |
| | 05/30/06 | 33538 | | $ 25,000.00 |
| | 06/05/06 | 33802 | | $ 20,000.00 |
| | 06/08/06 | 33867 | | $ 15,000.00 |
| | 06/12/06 | 33966 | | $ 20,000.00 |
| | 06/15/06 | 34116 | | $ 25,000.00 |
| | 06/20/06 | 34319 | | $ 10,000.00 |
| | 06/21/06 | 34387 | 5074 | $ 2,567.00 |
| | 06/21/06 | 34389 | 5075 | $ 23,356.00 |
| | 06/23/06 | 34474 | | $ 40,000.00 |

| Name | Date | UID | Num | Payments |
|---|---|---|---|---|
| | 06/26/06 | 34561 | | $ 30,000.00 |
| | 06/28/06 | 34630 | | $ 30,000.00 |
| | 07/03/06 | 34801 | | $ 50,000.00 |
| | 07/13/06 | 35451 | | $ 30,000.00 |
| | 07/14/06 | 35482 | | $ 30,000.00 |
| | 07/17/06 | 35581 | | $ 5,000.00 |
| | 07/17/06 | 35583 | | $ 10,000.00 |
| | 07/20/06 | 35914 | | $ 5,000.00 |
| | 07/24/06 | 36069 | | $ 20,000.00 |
| | 08/04/06 | 36470 | | $ 40,000.00 |
| | 08/07/06 | 36490 | | $ 10,000.00 |
| | 08/10/06 | 36719 | | $ 15,000.00 |
| | 08/11/06 | 36752 | | $ 10,000.00 |
| | 08/14/06 | 36814 | | $ 20,000.00 |
| | 08/18/06 | 37095 | | $ 20,000.00 |
| | 08/21/06 | 37117 | | $ 20,000.00 |
| | 08/23/06 | 37294 | | $ 77,386.61 |
| | 08/29/06 | 37438 | | $ 20,000.00 |
| | 09/01/06 | 37638 | | $ 10,000.00 |
| | 09/05/06 | 37749 | | $ 20,000.00 |
| | 09/11/06 | 37946 | | $ 10,000.00 |
| | 09/12/06 | 37992 | | $ 15,000.00 |
| | 09/18/06 | 38244 | | $ 75,000.00 |
| | 09/25/06 | 38484 | | $ 50,000.00 |
| | 09/28/06 | 38589 | | $ 15,000.00 |
| | 10/02/06 | 38883 | | $ 25,000.00 |
| | 10/10/06 | 39192 | | $ 15,000.00 |
| | 10/16/06 | 39313 | | $ 30,000.00 |
| | 10/23/06 | 39617 | | $ 92,218.60 |
| | 10/30/06 | 40020 | | $ 75,000.00 |
| | 11/06/06 | 40355 | | $ 75,000.00 |
| | 11/13/06 | 40613 | | $ 50,000.00 |
| | 11/14/06 | 40685 | | $ 30,000.00 |
| | 11/20/06 | 40873 | | $ 50,000.00 |
| | 11/22/06 | 41074 | | $ 50,000.00 |
| | 11/27/06 | 41150 | | $ 100,000.00 |
| | 11/27/06 | 41152 | | $ 25,000.00 |
| | 11/28/06 | 41216 | | $ 71,250.00 |
| | 11/30/06 | 41282 | | $ 59,000.00 |
| | 12/11/06 | 41756 | | $ 50,000.00 |
| | 12/18/06 | 42082 | | $ 100,000.00 |
| | 12/20/06 | 42158 | | $ 50,000.00 |
| | 12/26/06 | 42208 | | $ 100,000.00 |

| Name | Date | UID | Num | Payments |
|---|---|---|---|---|
|  | 12/29/06 | 42597 |  | $ 80,000.00 |
|  | 01/02/07 | 42771 |  | $ 63,333.33 |
|  | 01/02/07 | 42773 |  | $ 85,081.49 |
|  | 01/08/07 | 43177 |  | $ 20,000.00 |
|  | 01/08/07 | 43179 |  | $ 50,000.00 |
|  | 01/12/07 | 43288 |  | $ 20,000.00 |
|  | 01/22/07 | 43441 |  | $ 60,000.00 |
|  | 01/23/07 | 43455 |  | $ 15,000.00 |
|  | 01/29/07 | 43665 |  | $ 120,000.00 |
|  | 02/01/07 | 43928 |  | $ 20,000.00 |
|  | 02/05/07 | 44035 |  | $ 75,000.00 |
|  | 02/12/07 | 44375 |  | $ 45,000.00 |
|  | 02/14/07 | 44503 |  | $ 10,000.00 |
|  | 02/20/07 | 44678 |  | $ 10,000.00 |
|  | 02/23/07 | 44846 |  | $ 30,000.00 |
|  | 02/27/07 | 44923 |  | $ 50,000.00 |
|  | 03/05/07 | 45215 |  | $ 50,000.00 |
|  | 03/08/07 | 45417 | 18908 | $ 10,959.88 |
|  | 03/12/07 | 45517 |  | $ 65,000.00 |
|  | 03/16/07 | 45857 |  | $ 35,000.00 |
|  | 03/19/07 | 45925 |  | $ 52,262.34 |
|  | 03/27/07 | 46309 |  | $ 35,000.00 |
|  | 03/30/07 | 46444 |  | $ 65,000.00 |
|  | 04/19/07 | 47175 |  | $ 97,300.00 |
|  | 05/04/07 | 47874 |  | $ 234,951.67 |
|  | 05/18/07 | 48573 |  | $ 130,000.00 |
|  | 05/21/07 | 48679 | 21154 | $ 22,000.00 |
|  | 05/29/07 | 48928 |  | $ 140,000.00 |
|  | 06/25/07 | 50433 |  | $ 138,689.53 |
|  | 07/06/07 | 51177 |  | $ 30,000.00 |
|  | 07/16/07 | 51519 |  | $ 75,000.00 |
|  | 07/17/07 | 51567 |  | $ 99,724.34 |
|  | 07/23/07 | 51964 |  | $ 50,000.00 |
|  | 07/30/07 | 52437 |  | $ 220,000.00 |
|  | 07/30/07 | 52439 |  | $ 142,000.00 |
|  | 08/06/07 | 52843 |  | $ 30,000.00 |
|  | 08/06/07 | 52845 |  | $ 50,000.00 |
|  | 08/10/07 | 52981 |  | $ 50,000.00 |
|  | 08/20/07 | 53430 |  | $ 100,000.00 |
|  | 08/27/07 | 53777 |  | $ 25,000.00 |
|  | 09/04/07 | 54125 |  | $ 160,420.20 |
|  | 09/10/07 | 54384 |  | $ 50,000.00 |
|  | 09/17/07 | 54557 |  | $ 20,000.00 |

| Name | Date | UID | Num | Payments |
|---|---|---|---|---|
| | 09/24/07 | 54884 | | $ 100,000.00 |
| | 10/03/07 | 55335 | | $ 178,000.00 |
| | 10/05/07 | 55702 | | $ 200,000.00 |
| | 10/16/07 | 56092 | | $ 142,939.00 |
| | 10/26/07 | 56659 | | $ 50,000.00 |
| | 10/29/07 | 56796 | | $ 50,000.00 |
| | 11/07/07 | 57346 | | $ 100,000.00 |
| | 11/16/07 | 57875 | | $ 50,000.00 |
| | 11/19/07 | 58069 | | $ 80,000.00 |
| | 11/26/07 | 58408 | | $ 75,000.00 |
| | 11/30/07 | 58698 | | $ 154,158.80 |
| | 12/14/07 | 59644 | | $ 100,000.00 |
| | 12/24/07 | 60220 | | $ 100,000.00 |
| | 12/28/07 | 60545 | | $ 100,000.00 |
| | 01/01/08 | 60697 | | $ 71,036.03 |
| | 01/07/08 | 60921 | | $ 50,000.00 |
| | 01/14/08 | 61441 | | $ 50,000.00 |
| | 01/18/08 | 61766 | | $ 100,000.00 |
| | 01/28/08 | 62154 | | $ 114,545.22 |
| | 02/11/08 | 63149 | | $ 100,000.00 |
| | 02/19/08 | 63565 | | $ 50,000.00 |
| | 02/25/08 | 63833 | | $ 125,000.00 |
| | 03/03/08 | 64395 | | $ 100,722.76 |
| | 03/07/08 | 64749 | | $ 50,000.00 |
| | 03/19/08 | 65365 | | $ 50,000.00 |
| | 03/24/08 | 65623 | | $ 100,000.00 |
| | 04/07/08 | 66592 | | $ 200,000.00 |
| | 04/09/08 | 66745 | | $ 91,364.36 |
| | 04/14/08 | 67059 | | $ 81,514.18 |
| | 04/28/08 | 68119 | | $ 254,335.93 |
| | 05/05/08 | 68957 | | $ 166,598.42 |
| | 05/12/08 | 69405 | | $ 259,393.73 |
| | 05/19/08 | 69840 | | $ 84,172.57 |
| | 05/27/08 | 70253 | | $ 111,658.99 |
| | 06/11/08 | 71304 | | $ 192,254.61 |
| | 06/18/08 | 72102 | | $ 53,537.96 |
| | 06/30/08 | 73087 | | $ 158,353.79 |
| | 07/07/08 | 73487 | | $ 198,154.00 |
| | 07/21/08 | 74529 | | $ 261,751.34 |
| | 07/25/08 | 75011 | | $ 17,345.95 |
| | 08/04/08 | 75691 | | $ 146,004.11 |
| | 08/11/08 | 76014 | | $ 305,257.07 |
| | 08/18/08 | 76698 | | $ 71,163.57 |

| Name | Date | UID | Num | Payments |
|---|---|---|---|---|
| | 08/28/08 | 77524 | | $ 200,000.00 |
| | 09/02/08 | 77984 | | $ 95,306.96 |
| | 09/12/08 | 78891 | | $ 146,253.97 |
| | 09/22/08 | 79678 | | $ 291,412.08 |
| | 10/14/08 | 81592 | | $ 333,137.45 |
| | 10/24/08 | 82559 | | $ 161,733.94 |
| | 10/28/08 | 82843 | | $ 141,677.09 |
| | 11/12/08 | 84307 | | $ 262,778.71 |
| | 11/24/08 | 85311 | | $ 346,574.71 |
| | 12/01/08 | 85953 | | $ 271,382.33 |
| | 12/10/08 | 86766 | | $ 214,755.67 |
| | 12/24/08 | 88016 | | $ 285,808.57 |
| | 12/31/08 | 88663 | | $ 238,788.64 |
| | 01/09/09 | 89563 | | $ 253,708.99 |
| | 01/20/09 | 90560 | | $ 138,986.00 |
| | 01/23/09 | 90907 | | $ 265,948.19 |
| | 02/02/09 | 92031 | | $ 208,255.41 |
| | 02/09/09 | 92768 | | $ 198,305.90 |
| | 02/23/09 | 94241 | | $ 247,130.90 |
| | 02/23/09 | 94243 | 32503 | $ 3,750.00 |
| | 03/02/09 | 95005 | | $ 58,845.96 |
| | 03/09/09 | 95867 | | $ 108,604.10 |
| | 03/23/09 | 97749 | | $ 263,963.85 |
| | 03/30/09 | 98656 | | $ 142,535.91 |
| | 04/17/09 | 100842 | | $ 200,000.00 |
| | 04/22/09 | 101441 | | $ 75,000.00 |
| | 04/29/09 | 102078 | | $ 231,641.21 |
| | 05/08/09 | 103367 | | $ 100,000.00 |
| | 05/14/09 | 103947 | | $ 150,000.00 |
| | 05/22/09 | 104696 | | $ 200,000.00 |
| | 06/03/09 | 106027 | | $ 264,404.20 |
| | 06/24/09 | 108369 | | $ 424,063.76 |
| | 06/29/09 | 108729 | | $ 310,226.00 |
| | 07/03/09 | 109268 | | $ 135,239.47 |
| | 07/06/09 | 109425 | | $ 250,000.00 |
| | 07/15/09 | 110174 | | $ 224,499.05 |
| | 07/31/09 | 111912 | | $ 282,904.74 |
| | 08/03/09 | 112145 | | $ 282,718.00 |
| | 08/13/09 | 113305 | | $ 192,456.88 |
| | 08/31/09 | 115816 | | $ 280,819.90 |
| | 09/08/09 | 116964 | | $ 209,499.20 |
| | 09/21/09 | 118410 | | $ 192,169.67 |
| | 10/05/09 | 120072 | | $ 313,174.61 |

| Name | Date | UID | Num | Payments |
|---|---|---|---|---|
| | 10/13/09 | 121057 | | $ 141,177.71 |
| | 10/27/09 | 122957 | | $ 136,590.04 |
| | 10/30/09 | 123311 | | $ 276,295.79 |
| American Express Total | | | | $ 20,736,046.68 |