ORDERED in the Southern District of Florida on 05/18/10



Raymond B. Ray, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                              CASE NO.: 09-34791-BKC-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,                   CHAPTER 11

   Debtor.
_____/

### ORDER GRANTING TRUSTEE'S MOTION SEEKING A PROTECTIVE ORDER AND APPROVING PROPOSED DOCUMENT PRODUCTION PROTOCOL [D.E.#617]

THIS MATTER came before the Court on May 18, 2010 at 9:30 a.m on the Motion by Trustee Stettin For Expedited Relief Seeking A Protective Order And Approving Proposed Document Production Protocol (the "Motion for Protective Order") [D.E. #617]. The Court has reviewed the Motion for Protective Order, and the Response to Trustee's Motion for Expedited Relief Seeking Protective Order and Approving Proposed Document Production Protocol ("Repsonse") [D.E. #667] filed by Certain Creditors of RRA as detailed therein, and having heard the argument of counsel and otherwise being fully advised,

   **DOES HEREBY ORDER:**

1.     The Trustee's Motion for Protective Order is **Granted**.

2.     To protect against the incidental disclosure of documents or Electronically Stored Information ("ESI") (hereinafter collectively "RRA Information") protected by any RRA attorney-client privilege or the work product doctrine, in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, the Court approves the following protocol to govern any demand, subpoena or request for production of RRA's electronically stored information:

   A.     Requesting Parties shall provide all search criteria, including names of targeted custodians, search terms, date ranges, to/from, subject line contents, or other criteria ("Search") to be applied against the RRA information, to the Trustee.

   B.     The Trustee will conduct the requested Search of RRA information after the mutual execution and filing with the Court of a Stipulated Protective Order. The Stipulated Protective Order shall include a clawback provision in accordance with Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B), which shall require the Requesting Party to destroy or return all copies of any documents, ESI or other RRA information that is made available to the Requesting Party as a result of the Search that is privileged data related to RRA's former representation of any former client. The Stipulated Protective Order shall allow the Trustee to move for immediate emergency injunctive relief to protect RRA's Client's privilege if necessary.

   C.     Before the Requesting Party publishes, files or distributes to any other party any information obtained from the document repository ("Resulting Data"), that Resulting Data intended to be used by the Requesting Party, unless otherwise available from other sources besides the Trustee, shall be disclosed to the Trustee who shall conduct a review for RRA's client's privilege before any RRA information may be published or otherwise used or distributed by the Receiving Party.

   D.     The terms of any filed Stipulated Protective Order shall apply to any subsequent requests to the Trustee for Search of RRA information by that Requesting Party.

3.     The Trustee agrees to keep any keywords or search criteria provided to the Trustee by any Requesting Party confidential, only to be disclosed when required by Court Order.

4. By sharing any RRA Information with a third party document management system vendor, the Trustee does not waive any privilege or confidentiality over any documents otherwise protected by the work product doctrine or attorney-client privilege.

5. All Requesting Parties seeking production of responsive documents or ESI shall file with the Court their Stipulated Protective Orders before any access to any documents or ESI is provided by the Trustee to that Requesting Party.

6. Assuming compliance with this Order, any inadvertent disclosure of privileged material by the Trustee to any Requesting Party shall not be construed as a waiver of any privilege pursuant to Federal Rules of Evidence 502(d) and (e).

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

# # #

<u>Submitted by:</u>
Charles H. Lichtman, Esq.
BERGER SINGERMAN, P.A.,
Attorneys for Chapter 11 Trustee, Herbert Stettin
350 E. Las Olas Blvd.
Suite 1000
Telephone: (954) 525-9900
Facsimile: (954)523-2872
Direct Telephone: (954) 712-5138
clichtman@bergersingerman.com

<u>Copy furnished to:</u>
Charles H. Lichtman, Esq.
*(Attorney Lichtman is directed to serve this Order to all parties of interest and to file a Certificate of Service.)*

2814103-1