ORDERED in the Southern District of Florida on _____01-24-11_____



_____
Raymond B. Ray, Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

IN RE:

ROTHSTEIN ROSENFELDT ADLER, P.A.

    Debtor.
_____/

Case No. 09-34791-RBR

Involuntary Chapter 11

## ORDER DENYING MOTION TO SEEK RELIEF FROM STAY
## TO PURSUE DEBTOR'S INSURER [D.E. 1150]

This matter is before the Court on a motion filed by Steven Bitton ("Bitton"), a creditor of Debtor, Rothstein Rosenfeldt Adler, P.A. ("RRA or the Debtor"), seeking relief from the bankruptcy stay to enable him to pursue "Carolina Casualty Insurance Group, LLC," RRA's Lawyer's Professional Liability insurer for the 2008 and 2009 policy terms, as a defendant in an action currently pending against Scott Rothstein ("Rothstein"), Stuart Rosenfeldt ("Rosenfeldt"), Russell Adler ("Adler"), RRA and the City of Plantation in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Complex Litigation Division Case. No: 09-068167, CACE 19 ("state court action").

Bitton seeks to add "Carolina Casualty Insurance Group, LLC" as a defendant in order to proceed directly against it to satisfy the *Coblentz* Agreement he entered into with Adler. In support

of his request, Bitton argues that the stay should be lifted because the proceeds of the Carolina Casualty insurance policies are not property of RRA's bankruptcy estate, as RRA would have no right to receive and keep the policy proceeds. Bitton argues the policies were issued for the benefit of third parties and are only intended to cover damages to non-estate property.

Carolina Casualty filed an objection to the relief requested by Bitton [D.E. 1300]. It argues that Bitton's Amended Motion for Relief from the Bankruptcy Stay should be denied because: (1) any proceeding seeking the proceeds of the Carolina Casualty policies constitutes a core proceeding; (2) the Carolina Casualty policies are assets of the estate; (3) the principles of comity and priority dictate a denial of Bitton's motion; and, (4) adding Carolina Casualty to Bitton's pending state court action would violate the Florida Non-Joinder statute.

## BACKGROUND

On November 10, 2009, certain creditors of RRA initiated an involuntary Chapter 11 bankruptcy proceeding against RRA. On December 2, 2009, Carolina Casualty initiated an Adversary Proceeding in the RRA bankruptcy (Adv. Pro. Case No. 09-02481), seeking rescission of the 2008-2009 and 2009-2010 Carolina Casualty policies issued to RRA ("the Carolina Casualty policies") based on material misrepresentations on the Proposal Forms for the two policies.

Approximately three weeks after Carolina Casualty filed its Adversary Rescission Complaint, Bitton filed its state court action against Rothstein, Rosenfeldt, Adler, and RRA ("collectively "the RRA defendants"") and the City of Plantation, alleging that the RRA defendants mishandled Bitton's wrongful termination claim against the City of Plantation. Bitton sought relief from the bankruptcy stay so that his state court action could proceed. [D.E. 276] This Court granted a limited lifting of the stay, permitting Bitton to proceed to obtain a final judgment from the Debtor but "no further." [D.E. 370]. Bitton was not granted the right to obtain any satisfaction of judgment against RRA in the pending state court action.

Bitton settled his claim against Adler pursuant to a *Coblentz* Agreement under which Bitton's claim against Adler was settled for a sum certain and Adler assigned his rights under the Carolina Casualty policies to Bitton in exchange for Bitton's agreement not to seek satisfaction of the settlement from Adler. Bitton has not settled with RRA or the remaining RRA individual defendants.

Bitton filed an Amended Motion [D.E. 1150] seeking relief from the bankruptcy stay in order to satisfy the Adler *Coblentz* Agreement from the proceeds of the Debtor's policies issued by Carolina Casualty. On January 11, 2011, this Court conducted a hearing on Bitton's motion.

## ANALYSIS

The bankruptcy court has jurisdiction over core proceedings. 28 U.S.C. §157(b). Core proceedings are "matters concerning the administration of the [debtor's] estate" and other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." 28 U.S.C. § 157(b)(2)(A);(O); *see Carolina Pres. Partners, Inc. v. Weinhold*, 414 B.R. 754, 759 (M.D.Fla. 2009).

Consistent with section 157(b), conferring the bankruptcy court with jurisdiction over all core proceedings, 11 U.S.C. § 362 provides that filing of a bankruptcy case, under any chapter of the Bankruptcy Code, triggers an automatic stay of any action by any creditor against the debtor or the debtor's property. Section 362(a)(3) of the Bankruptcy Code provides that the automatic stay bars any "act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The purpose of the stay is to: (1) prevent certain creditors from gaining a preference for their claims against a debtor; (2) forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and (3) avoid interference with the orderly

liquidation or rehabilitation of the debtor. *In re Deb-Lyn, Inc.*, 2004 Bankr. LEXIS 200 (N.D.Fla. 2004).

The automatic stay may be lifted under certain circumstances. Section 362(d) provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

- (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

- (2) with respect to a stay of an act against property under subsection of this section, if—

    (a) the debtor does not have an equity in such property; and

    (b) such property is not necessary to an effective reorganization.

11 U.S.C.§ 362(d).

The bankruptcy code does not define the outer parameters of "cause." The determination of whether "cause" exists to justify lifting the automatic stay is determined on a case by case basis. The decision to lift the stay is within the discretion of the Bankruptcy Court Judge. *In Re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989). The court looks to the totality of the circumstances in each particular case when making this determination. *In re Bryan Road, LLC.*, 382 B.R. 844 (S.D.Fla.2008). The movant seeking relief from the automatic stay has the burden of establishing a prima facie case of "cause". *In re Brumlik*, 185 B.R. 887 (M.D. Fla. 1995).

In this case, Bitton seeks an automatic stay to proceed to satisfy the Adler *Coblentz* Agreement with proceeds from Debtor's policies. To enforce the Adler *Coblentz* Agreement, Bitton must establish: (1) coverage for the Bitton claim against Adler under the Carolina Casualty policies; (2) Carolina Casualty's wrongful refusal to defend Adler; (3) the Adler/Bitton *Coblentz* settlement was objectively reasonable and made in good faith. *Monticello Ins. Co. v. City of Miami Beach*, 2009 U.S. Dist. LEXIS 19181 at *4 (S.D. Fla. 2009). Bitton argues that he is entitled to relief from

the bankruptcy stay because the proceeds of the Carolina Casualty policies are not property of the RRA bankruptcy estate, relying on *In re: Scott Wetzel Services, Inc.*, 243 B.R. 802 (M.D.Fla. 1999) and *In re: Suncruz Casinos, LLC*, 377 B.R. 741 (S.D. Fla. 2007).

However, these cases do not support the granting of Bitton's motion. Although the Debtor in *Wetzel* initially filed a Chapter 11 petition, the case was converted to a Chapter 7 proceeding. The *Wetzel* court held this difference significant, noting that "although a debtor's legal interests become property of the estate in both Chapter 7 and Chapter 11 cases, the debtor's equitable interests are very different." *Wetzel,* 243 B. R. 805. The *Wetzel* holding that the insurance proceeds were not property of the estate applied to the Chapter 7 proceeding before it, not, as here, to a Chapter 11 proceeding. Moreover, the *Wetzel* court recognized that where insurance proceeds are insufficient to cover all the tort claims potentially falling within the debtor's insurance coverage, courts have not lifted the stay, and either have held that the insurance proceeds fall within the scope of "property of the estate or have enjoined the litigation pursuant to 11 U.S.C. §105. *Wetzel,* 243 B.R. at 805. In short, *Wetzel* does not support Bitton's request for relief from the bankruptcy stay.

Whether the proceeds of an insurance policy are property of the bankruptcy estate depends on the circumstances. In circumstances where the proceeds of the insurance policies protect the bankruptcy's other assets from diminution, or depletion of the proceeds would have an adverse effect on the estate, this court has found that the proceeds of the Debtor's insurance policies are property of the bankruptcy estate. *In re: Laminate Kingdom LLC*, 2008 Bankr. LEXIS 1594 at *7 (S.D.Fla. 2008).

The analysis in *In Re Laminate Kingdom* applies to this case. Here, absent rescission of the policies, the proceeds of the Carolina Casualty policies could potentially provide indemnity against certain claims, thereby reducing claims against RRA. As such, the bankruptcy court is the appropriate forum to oversee the disposition of these insurance policies' proceeds. Distribution of

the Debtor's assets is properly committed to the bankruptcy court's jurisdiction and there is no legal rationale to permit Bitton to add Carolina Casualty to the state court action and allow him any right to potentially deplete the Debtor's policies' proceeds. *See also In Re Sacred Heart Hosp. of Norristown,* 182 B.R. 413, 420 (E.D. Pa. 1995) (finding that payment of a claim "would have diminished the pot, and arguably exposed the debtor to claims which otherwise might have been paid by the insurer").

Additionally, permitting Bitton to join Carolina Casualty in the state court action would result in duplicative litigation, violating the principles of comity and priority. In its Adversary Action, Carolina Casualty asserts that RRA's failure to disclose the RRA criminal enterprise was a material misrepresentation on the Proposal Forms which entitles it to rescind the Carolina Casualty policies as a matter of law. If Carolina Casualty prevails in its rescission action, Bitton's claim against Carolina Casualty will be rendered moot. Thus, Carolina Casualty's Adversary Action (Adv. Pro. Case No. 09-02481), the Consolidated Morses Action (Adv. Pro. Case No. 10-03528), and Bitton's state court action, all involve the same issue as to whether the policies are void and the same insured. Permitting Bitton to add Carolina Casualty as a party defendant to the state court action would create duplicative parallel litigation. Therefore, because the consolidated Carolina Casualty Rescission Action and the Morse Action will determine whether Carolina Casualty is entitled to rescission of the policies, the federal bankruptcy forum will be less expensive, less cumbersome and a more expeditious forum to resolve the Bitton/Adler's *Coblentz* Agreement.

## CONCLUSION

For the reasons set forth herein, it is hereby Ordered that Bitton's Motion for Relief from the Bankruptcy Stay [D.E. 1150] is **DENIED**.

####

Copies to:
Bradley S. Shraiberg, Esq.
Geoffrey Ittleman, Esq.