**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re: Chapter 11

ROTHSTEIN ROSENFELDT ADLER, PA.,[1] Case No. 09-34791-BKC-RBR

Debtor.

_________________________________/

**MOTION TO APPROVE MEDIATION SETTLEMENT AGREEMENT**
**BETWEEN THE CHAPTER 11 TRUSTEE AND RUSSELL AND KATIE ADLER**
***(EVIDENTIARY HEARING REQUESTED)***

Herbert Stettin ("Stettin" or "Trustee"), the Chapter 11 Trustee of Rothstein Rosenfeldt Alder, P.A. ("RRA" or "Debtor"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, files this *Motion to Approve Mediation Settlement Agreement Between The Chapter 11 Trustee and Russell and Katie Adler* (the "Motion"), and in support states:

**Background**

1. This case was commenced as an involuntary chapter 11 proceeding on November 10, 2009, by four petitioning creditors (the "Bankruptcy Case"). [D.E. 1].

2. The Court entered an Order for Relief on November 30, 2009. [D.E. 66].

3. On November 20, 2009 this Court entered an order directing the appointment of a trustee. [D.E. 30]. On November 20, 2009, the United States Trustee's office selected Stettin as the Trustee in this case. [D.E. 35]. On November 25, 2009, the Court ratified Stettin's appointment as Trustee. [D.E. 55].

[1] The address and last four digits of the taxpayer identification number of the Debtor, Rothstein Rosenfeldt Adler, P.A., is 6600 NW 16th Street, Suite 11, Plantation, FL 33313 (TIN 7961).

4. Since the Trustee's appointment and ratification, the Trustee's professionals have conducted a thorough analysis of RRA's books and records and other financial data including hundreds of millions of dollars in transfers made within the four year period prior to the petition date to various parties, including Russell and Katie Adler (collectively, the "Adlers")(together with the Trustee, "the Parties").

5. Following informal discussions between the Trustee and the Adlers, and the Trustee's issuance of a demand for payment, on February 8, 2010, the Trustee commenced an adversary proceeding in the Bankruptcy Case (Adversary Case No.: 10-2612-RBR-A; the "Adversary Proceeding") by filing an adversary complaint (the "Adversary Complaint") to avoid and/or recover fraudulent transfers of property (the "Transfers") [Adv. D.E. 1]. On February 11, 2010, the Trustee filed an amended adversary complaint (the "Amended Complaint") [Adv. D.E. 4].

6. On March 24, 2010, the Adlers filed their Motion to Dismiss the Amended Complaint [Adv. D.E. 13]. The Court entered an order denying the Motion to Dismiss on May 13, 2010 [Adv. D.E. 50].

7. The Adlers filed an answer and affirmative defenses to the Amended Complaint, disputing the Trustee's entitlement to avoid and/or recover the Transfers. [Adv. D.E. 67].

8. The Parties have engaged in substantial discovery, including the exchange of a significant number of documents and conduction several depositions.

9. At a calendar call on December 16, 2010, District Court Judge James I. Cohn, set the adversary case for trial commencing February 14, 2011.

10. On January 26, 2011, the Parties conducted a voluntary mediation (the "Mediation"). At the Mediation, with counsel for the Creditor's Committee present, the Trustee

and the Adlers reached an agreement on a comprehensive settlement (the "Settlement"), and executed a written Mediation Settlement Agreement (the "Settlement Agreement"), a copy of which is attached as Exhibit A.

**The Settlement**

11. In considering the circumstances, and taking into account the nature of the claims against the Adlers, the potential defenses available to such claims and the risks associated with litigating this matter, the Trustee believes that the terms of the Settlement are favorable to the estate. Critical to determining settlement was a detailed analysis of the Adlers' current financial condition, which based upon mediation related financial disclosures revealed that the Adlers have no existing bank, securities or other accounts upon which to execute, no equity in their home, leased vehicles and no other liquid non-exempt assets that could be used to satisfy any potential judgment. Further, it appears as if the Adlers may be subject to an IRS notice of lien or other action in an approximate amount of $234,000 and Mr. Adler could be facing other types of exposure in potential Florida Bar or criminal proceedings. Thus, the Trustee could have spent a significant amount of money to prepare for and conduct a lengthy trial which he believes would have resulted in a favorable jury verdict, but the likelihood of a successful collection on any such judgment would have proven difficult.

12. Pursuant to the Settlement, and as more fully described in the Settlement Agreement, the Adlers agree to entry of a non-appealable final judgment, joint and severally, in the amount of $500,000 (the "Judgment") against them in the Adversary Proceeding. In order to pay the Judgment and in consideration of the Trustee agreeing to stay execution of the Judgment provided there is no default under the Agreement, the Adlers agree that:

a. Russell Adler shall provide the Trustee with a recordable attorneys charging lien of 50% of any attorneys fees recoveries (net of referral fees) obtained by Adler on all lawsuits that Adler is prosecuting on behalf of clients that were originated while Adler was an employee of RRA, regardless of when the case was filed.

b. Russell Adler shall provide the Trustee with a recordable attorneys charging lien of 15% of any attorneys fee recoveries (net of referral fees) obtained by Adler on all lawsuits that Adler began prosecuting on behalf of clients originated subsequent to Adler's departure from RRA

c. Russell Adler shall forthwith liquidate his IRA, (which would otherwise be an exempt asset and the Adlers' only other exempt asset excepting their homestead), presently valued at approximately $90,000 and turnover to the Trustee all proceeds from the IRA after payment of any taxes and/or penalties due upon its liquidation.

d. The Adlers have 30 months, from the date of approval of the Agreement to prepay the Judgment in the amount of $350,000.

e. The Judgment shall be non-dischargeable pursuant to the provisions of 11 U.S.C. §523(a)(4) and (6) in the event that either or both of them file a future bankruptcy, and that the Adlers are judicially estopped from asserting otherwise.

f. The Adlers are to provide the Trustee with a joint financial statement (the "Financial Statement") by January 31, 2011, to be followed by a deposition on their assets and liabilities conducted by Trustee's counsel. The Financial

Statement shall be certified by them as true, correct, complete under penalty of perjury. Within 6 months from the date the Court approves the Agreement the Trustee discovers that the Adlers' net worth was materially greater than that revealed prior to or at the January 26, 2011 mediation and the Adlers owned an assert with a value of $10,000 or greater that was not disclosed by them prior to the January 26, 2011 mediation the Trustee may take all action he deems appropriate to obtain custody and tile of said asset for the benefit of the RRA Estate, exclusive of the settlement amount.

13. Additionally, upon the occurrence of the events described in paragraph 12 above, and an order of this Court approving the Settlement Agreement becoming a final, non-appealable order, excepting the Judgment and the Settlement Agreement, Adler will be released from any and all liability to the Trustee, RRA or the Debtor's estate, and the Trustee and the Debtor's Estate will be released from any and all liability to the Adlers.

**Authority to Support Authorization of the Settlement**

14. The Trustee seeks approval of the Settlement Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

15. Rule 9019(a) provides that, after notice and a hearing, a court may approve a proposed settlement of a claim. The decision of whether or not to approve a compromise is within the sound discretion of the court. *In re Chira*, 367 B.R. 888, 896 (S.D. Fla. 2007) *aff'd.* 567 F.3d 1307 (11th Cir. 2010) citing *In re Air Safety Intern., L.C.*, 336 B.R. 843, 852 (S.D. Fla. 2005); *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D. Fla. 1988).

16. In passing on proposed settlements, the Court must determine whether a proposed settlement is fair and equitable. *In re Chira*, 367 B.R. at 896 (S.D. Fla. 2007). The

Court must evaluate whether the compromise falls below the "lowest point in the range of reasonableness." *In re S&I Investments,* 421 B.R. 569, 583 (Bankr. S.D. Fla. 2009) citing *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993); *see also In re Arrow Air, Inc.*, 85 B.R. at 886 (Bankr. S.D. Fla. 1988).

17. The 11th Circuit, in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549, provided additional guidance regarding whether a settlement should be approved and established a four-part test:

a. The probability of success in litigation;

b. The difficulties, if any, to be encountered in the matter of collection;

c. The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

d. The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

18. The Trustee submits that the proposed Settlement Agreement overwhelmingly satisfies the *Justice Oaks* standard.

19. The Settlement provides the Trustee with an opportunity to efficiently settle significant claims of the estate on favorable terms against a party who was prepared to engage in protracted litigation, from trial and through the exhaustion of appellate remedies, and will provide the Debtor's estate with a significant recovery.

20. If this matter were to proceed to trial, substantial additional discovery would be necessary. It is also anticipated that, due to the positions advanced by both sides, the costs associated with litigating this matter through trial and the exhaustion of appellate remedies would be significant.

21. The Trustee believes that the expense, inconvenience and delay that would be caused by litigating with the Adlers would not be in the best interest of the Debtor's estate. Moreover, as described above in paragraph 11, had the Trustee prevailed at trial he would have encountered difficulties in collecting upon the judgment.

22. Therefore, after full and careful consideration, the Trustee believes that resolution set forth in the Settlement Agreement is in the best interest of the Debtor's estate and the creditors of the estate.

**WHEREFORE,** the Trustee respectfully requests the entry of an order in substantially the same form of the order attached as Exhibit B, (i) granting this Motion, (ii) approving the terms of the Settlement Agreement, and (iii) granting such other relief as is just and proper.

Dated: January 26, 2011.

BERGER SINGERMAN, P.A.
Attorneys for the Trustee, Herbert Stettin
Berger Singerman, P.A.
350 East Las Olas Blvd.
Suite 1000
Fort Lauderdale, Florida 33301
Main Line: (954) 525-9900
Facsimile: (954) 523-2872

By: /s/ *Charles H. Lichtman*
Charles H. Lichtman
Fla. Bar No. 501050
clichtman@bergersingerman.com
Sharon Kegerreis
Florida Bar No. 852732
skegerreis@bergersingerman.com
Isaac M. Marcushamer
Fla. Bar No. 60373
imarcushamer@bergersingerman.com

**CERTIFICATE OF SERVICE**

**I CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF, Regular U.S. Mail, postage prepaid, fax, electronic mail and/or overnight delivery, as indicated, upon all parties on the attached Service List this 26th day of January, 2011.

*/s/ Charles H. Lichtman*
Charles H. Lichtman

# MASTER SERVICE LIST

CASE NO.: 09-34791-BKC-RBR

Marianella Morales, Esquire
Authorized Agent For Joining Creditors
Avenida Francisco de Miranda
Torre Provincial "A"
Piso 8
Caracas, Venezuela
**(VIA CM/ECF and EMAIL)**

John H. Genovese, Esq.
Robert F. Elgidely, Esq.
Theresa M.B. Van Vliet, Esq.
Genovese Joblove & Battista, PA
Bank Of America Tower at International Place
100 S.E. 2nd Street, Suite 4400
Miami, Florida 33131
**(VIA CM/ECF and EMAIL)**

Kendall Coffey, Esq.
Coffey Burlington,
Office in the Grove
Penthouse
2699 South Bayshore Drive
Miami, Florida 33133
kcoffey@coffeyburlington.com
**(VIA CM/ECF and EMAIL)**

The Honorable Herbert M. Stettin
One Biscayne Tower
Suite 3700
Two South Biscayne Boulevard
Miami, Florida 33131
**(VIA U.S. MAIL and EMAIL)**

John G. Bianco, Esq.
John M. Mulli, Esquire
Tripp Scott
110 Southeast Sixth Street
Fifteenth Floor
Fort Lauderdale, Fl. 33301
jgb@trippscott.com
**(VIA CM/ECF and EMAIL)**

Alison W. Lehr, Esq.
Grisel Alonso, Esq.
Assistant United States Attorney
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132
Alison.Lehr@usdoj.gov
Grisel.alonso@usdoj.gov
**(VIA CM/ECF and EMAIL)**

Jeffrey R. Sonn, Esq.
Sonn & Erez, PLC
Broward Financial Center
500 E. Broward Boulevard
Suite 1600
Fort Lauderdale, Florida 33394
jsonn@sonnerez.com
**(VIA CM/ECF and EMAIL)**

Office of the US Trustee
51 Southwest First Avenue
Suite 1204
Miami, Florida 33130
**(VIA CM/ECF and EMAIL)**

Thomas Tew, Esq.
Tew-Cardenas, LLP
Four Seasons Tower
15th Floor
1441 Brickell Avenue
Miami, Florida 33131-3407
tt@tewlaw.com
**(VIA CM/ECF and EMAIL)**

Conrad & Scherer, LLP
633 South Federal Highway
Fort Lauderdale, FL 33301
bs@conradscherer.com
JSilver@conradscherer.com
**(VIA CM/ECF and EMAIL)**

# MASTER SERVICE LIST

CASE NO.: 09-34791-BKC-RBR

Michael D. Seese, Esq.
Hinshaw & Culbertson, LLP
1 E Broward Blvd Ste 1010
Ft Lauderdale, Florida 33301
mseese@hinshawlaw.com
**(VIA CM/ECF and EMAIL)**

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114
**(Via U.S. Mail)**

Internal Revenue Service
Special Procedures - Insolvency
7850 SW 6th Court
Plantation, FL 33324
**(Via U.S. Mail)**

Special Asst. U.S. Attorney
P.O. Box 9, Stop 8000
51 SW 1st Avenue, #1114
Miami, Fl 33130
**(Via U.S. Mail)**

United Healthcare
Dept. CH 10151
Palatine, IL 60055
**(Via US Mail)**

Special Asst. U.S. Attorney
IRS District Counsel
1000 S. Pine Island Rd., Ste 340
Plantation, FL 33324-3906
**(Via U.S. Mail)**

The Honorable Eric H. Holder, Jr.
Attorney General of the U.S.
950 Pennsylvania Avenue, NW Room 4400
Washington, DC 20530-0001
**(Via U.S. Mail)**

Honorable Jeffrey H. Sloman,
Acting U.S. Attorney
99 NE 4th Street
Miami, Fl 33132
**(Via U.S. Mail)**

Daniel Mink
Ovadia Levy
c/o Renato Watches, Inc
14051 NW 14th Street
Sunrise, Florida 33323
**(Via U.S. Mail)**

William George Salim, Jr.
Moskowitz Mandell & Salim
800 Corporate Dr Ste 510
Fort Lauderdale, Florida 33334
wsalim@mmsslaw.com
**(VIA CM/ECF and EMAIL)**

USI
Attn: Anthony Gruppo
200 West Cypress Creek Road
Suite 500
Fort Lauderdale, FL 33309
Anthony.gruppo@usi.biz
**(VIA EMAIL)**

Marc Nurik, Esq.
1 East Broward Blvd
Suite 700
Fort Lauderdale, FL 33301
marc@nuriklaw.com
**(VIA EMAIL)**

BAST AMRON LLP
SunTrust International Center
One Southeast Third Avenue
Suite 1440
Miami, Florida 33131
bamron@bastamron.com
jbast@bastamron.com
**(VIA CM/ECF and EMAIL)**

# MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Mark Bloom, Esq.
John B. Hutton, Esq.
Greenberg Traurig, LLP
333 Avenue of the Americas, Suite 4400
Miami, FL 33131-3238
bloomm@gtlaw.com
huttonj@gtlaw.com
**(VIA CM/ECF and EMAIL)**

Robert D. Critton, Esq.
Burman, Critton, Luttier & Coleman
303 Banyan Blvd., Suite 400
West Palm Beach, FL 33401
rcrit@bclclaw.com
**(VIA CM/ECF and EMAIL)**

Roth & Scholl
Attn: Jeffrey C. Roth, Esq.
Attorneys For Creditor Blue
Capital Us East Coast Properties, L.P.
866 South Dixie Highway
Coral Gables, Fl 33146
jeff@rothandscholl.com
**(VIA CM/ECF and EMAIL)**

Rogers, Morris & Ziegler, LLP
1401 East Broward Blvd
Suite 300
Fort Lauderdale, FL 33301
mfbooth@rmzlaw.com
**(VIA CM/ECF and EMAIL)**

Arthur C. Neiwirth, Esq.
One E. Broward Blvd., Suite 1400
Ft. Lauderdale, FL 33301
aneiwirth@qpwblaw.com
**(VIA CM/ECF and EMAIL)**

The Florida Bar
Adria E. Quintela, Esq.
Alan Anthony Pascal, Esq.
Lake Shore Plaza II
1300 Concord Terrace, Suite 130
Sunrise, FL 33323
aquintel@flabar.org
apascal@flabar.org
**(VIA CM/ECF and EMAIL)**

Micheal W. Moskowitz, Esq.
800 Corporate Drive, Suite 500
Ft. Lauderdale, FL 33234
mmoskowitz@mmsslaw.com
**(VIA CM/ECF and EMAIL)**

Francis L. Carter, Esq.
Katz Barron Squitero Faust
2699 S. Bayshore Drive, 7th Floor
Miami, Florida 33133
flc@katzbarron.com
**(VIA CM/ECF and EMAIL)**

Bradley S. Shraiberg, Esq.
2385 NW Executive Drive
Suite 300
Boca Raton, Florida 33431
bshraiberg@sfl-pa.com
**(VIA CM/ECF and EMAIL)**

Henry S. Wulf, Esq.
CARLTON FIELDS, P.A.
525 Okeechobee Blvd., Suite 1200
West Palm Beach, Florida 33401
E-Mail: hwulf@carltonfields.com
**(VIA CM/ECF and EMAIL)**

EMESS Capital, LLC
c/o Bruce A. Katzen, Esq.
201 S. Biscayne Blvd., 17th Floor
Miami, Florida 33131
E-Mail: bkatzen@klugerkaplan.com
jberman@klugerkaplan.com
**(VIA CM/ECF and EMAIL)**

# MASTER SERVICE LIST

CASE NO.: 09-34791-BKC-RBR

Ira Sochet, Trustee
Revocable Intervivos Trust of Ira Sochet
c/o Phil Hudson, Esq.
200 South Biscayne Blvd, Suite 3600
Miami, Florida 33130
E-Mail: pmhudson@arnstein.com
**(VIA CM/ECF and EMAIL)**

Coquina Investments
c/o Patricia A. Redmond, Esq.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
E-Mail: predmond@stearnsweaver.com
**(VIA CM/ECF and EMAIL)**

Michael I. Goldberg, Esq.
Las Olas Centre - Suite 1600
350 East Las Olas Blvd
Fort Lauderdale, FL 33301
E-Mail: Michael.goldberg@akerman.com
Eyal.berger@akerman.com
**(VIA CM/ECF and EMAIL)**

LMB Funding Group
c/o Robert C. Furr, Esq.
2255 Glades Road, Suite 337W
Boca Raton, Florida 33431
E-Mail: rfurr@furrcohen.com
**(VIA CM/ECF and EMAIL)**

Lawrence A. Gordich, Esq.
Melissa Alagna, Esq.
SEGALL/GORDICH P.A.
801 Brickell Avenue, Suite 900
Miami, Florida 33131
Email: lag@segallgordich.com
Email: mma@segallgordich.com
**(VIA CM/ECF and EMAIL)**

Broward County
Attn: Hollie N. Hawn, Esq.
Government Center
115 South Andrews Avenue
Fort Lauderdale, FL 33301
E-Mail: hhawn@broward.org
**(VIA CM/ECF and EMAIL)**

Steven J. Solomon, Esq.
Gray Robinson, P.A.
1221 Brickell Ave, Suite 1600
Miami, Florida 33131
E-Mail – steven.solomon@gray-robinson.com
**(VIA CM/ECF and EMAIL)**

Peter F. Valori, Esq.
DAMIAN & VALORI LLP
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
E-mail: pvalori@dvllp.com
**(VIA CM/ECF and EMAIL)**

Canon Financial Services, Inc.
158 Gaither Drive, #200
Mount Laurel, NJ 08054
**(Via US Mail)**

CIT Technology Financing Services I, LLC
10201 Centurion Parkway North
Jacksonville, FL 32256
**(Via US Mail)**

Gibraltar Private Bank & Trust Company
220 Alhambra Circle, Suite 500
Coral Gables, FL 33134
**(Via US Mail)**

Inter-Tel Leasing, Inc.
1140 West Loop North
Houston, TX 77055
**(Via US Mail)**

Florida Department of Revenue
501 S. Calhoun Street
Room 201
Carlton Building
Tallahassee, FL 32399
**(Via US Mail)**

# MASTER SERVICE LIST

CASE NO.: 09-34791-BKC-RBR

Leon County Tax Collector
315 S. Calhoun Street
Suite 210
Tallahassee, FL 32301
**(Via US Mail)**

Miami-Dade County Tax Collectors
140 West Flagler Street, 14th Floor
Miami, FL 33130
**(Via US Mail)**

Palm Beach County Tax Collector
P.O. Box 3715
West Palm Beach, FL 33402-3715
**(Via US Mail)**

THE LAW OFFICES OF
GEOFFREY D. ITTLEMAN, P.A.
440 North Andrews Avenue
Fort Lauderdale, Florida 33301
**(Via US Mail)**

Carpenter & Berger, PL
6400 N. Andrew Ave, suite 370
Fort Lauderdale, FL 33309
**(Via US Mail)**

Frank F. McGinn, Esq.
Bartlett Hackett Feinberg, P.C.
155 Federal Street, 9th Floor
Boston, MA 02110
ffm@bostonbusinesslaw.com
**(VIA CM/ECF and EMAIL)**

Darol H. M. Carr, Esq.
99 Nesbit Street
Punta Gorda, FL 33950
dcarr@farr.com
**(VIA CM/ECF and EMAIL)**

Jane A. Bee, Esq.
Blank Rome LLP
130 North 18th Street
Philadelphia, PA 19103-6998
bee@blankrome.com
**(VIA EMAIL)**

Roderick F. Coleman, Esq.
400 South Dixie Highway, Suite 121
Boca Raton, FL 33432
rfc@colemanattorneys.com
**(VIA CM/ECF and EMAIL)**

Mark S. Haltzman, Esq.
Lamm Rubenstone, LLC
3600 Horizon Blvd, Suite 200
Trevose, PA 19053
mhaltzman@lammrubenstone.com
**(VIA CM/ECF and EMAIL)**

Robert C. Buschel, Esq.
100 S.E. Third Ave, Suite 1300
Fort Lauderdale, FL 33394
**buschel@bglaw-pa.com**
**(VIA CM/ECF and EMAIL)**

Berkowitz Dick Pollack & Brant
Certified Public Accountants & Consultants, LLP
200 S Biscayne Boulevard, Sixth Floor
Miami, FL 33131-2310
Attn: Richard Pollack
**(Via Email and U.S. Mail)**

MELAND RUSSIN & BUDWICK, P.A.
3000 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Attn: James C. Moon, Esq.
jmoon@melandrussin.com
Attn: Peter D. Russin, Esq.
prussin@melandrussin.com
Attn: Michael S. Budwick, Esq.
mbudwick@melandrussin.com
**(VIA CM/ECF and EMAIL)**

Gary S. Blake, Esq.
1499 W. Palmetto Park Rd
Suite 300
Boca Raton, FL 33486
gblake@lglaw.net
**(VIA CM/ECF and EMAIL)**

**MASTER SERVICE LIST**
CASE NO.: 09-34791-BKC-RBR

Melinda S. Thornton, Esq.
Assistant County Attorney
County Attorney's Office
2810 Stephen P. Clark Center
111 N.W. First Street
Miami, Fl 33128-1993
Email: cao.bkc@miamidade.gov
**(VIA CM/ECF and EMAIL)**

SLATKIN & REYNOLDS, P.A.
Attorneys for Russell Adler and Katie Adler
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
jslatkin@slatkinreynolds.com
**(VIA CM/ECF and EMAIL)**

ASSOULINE & BERLOWE, P.A.
213 East Sheridan Street, Ste. 3
Dania Beach, FL 33004
Attn: Eric N. Assouline, Esq.
ena@assoulineberlowe.com
**(VIA CM/ECF and EMAIL)**

Steven J. Reisman, Esq.
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178-0061
E-mail: sreisman@curtis.com
**(Via Email and U.S. Mail)**

Turner P. Smith, Esq.
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178-0061
E-mail: tsmith@curtis.com
**(Via Email and U.S. Mail)**

Maryann Gallagher, Esq.
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178-0061
E-mail: mgallagher@curtis.com
**(Via Email and U.S. Mail)**

ILEANA CRUZ BONGINI, ESQ.
icruz@stearnsweaver.com
STEARNS WEAVER MILLER
WEISSLER ALHADEFF & SITTERSON,
P.A.
Coquina Investments
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
**(VIA CM/ECF and EMAIL)**

Lynn Maynard Gollin
lgollin@gordonrees.com
Gordon & Rees LLP
Four Seasons Tower
15th Floor
1441 Brickell Avenue
Miami, FL 33131
**(VIA CM/ECF and EMAIL)**

Paul J. McMahon, Esq.
Paul Joseph McMahon, P.A.
2840 S.W. Third Ave
Miami, Florida 33129
pjm@pjmlawmiami.com
**(VIA CM/ECF and EMAIL)**

Robert P. Avolio, Esq.
Crossroads Corporate Center
3150 Brunswick Pike, Ste. 120
Lawrenceville, NJ 08648
ravolio@avoliohanlon.com
**(Via Email and U.S. Mail)**

Mark S. Shipman, Esq.
20 Batterson Park Road, Suite 120
Farmington, CT 06032
mark@shipso.com
**(Via Email and U.S. Mail)**

**MASTER SERVICE LIST**
CASE NO.: 09-34791-BKC-RBR

Heather L. Ries, Esq.
Fox Rothschild, LLP
222 Lakeview Ave, Suite 700
West Palm Beach, Fl 33401
hries@foxrothschild.com
**(VIA CM/ECF and EMAIL)**

Geoffrey S. Aaronson, Esq.,
Geoffrey S. Aaronson, P.A.,
Local Counsel for FEP and
the FEP Victims Group,
Miami Tower, 100 SE 2nd Street,
27th Floor, Miami, Florida 33131
**gaaronson@aaronsonpa.com**
**(VIA CM/ECF and EMAIL)**

Michael Paris, Esq.
William C. Nystrom, Esq.
Nystrom, Beckman & Paris, LLP
Counsel for FEP & the FEP Victims Group
10 Saint James Avenue, 16th Floor
Boston, MA 02116
mparis@nbparis.com
wnystrom@nbparis.com
**(Via Email and U.S. Mail)**

Scott L. Baena, Esq.
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3238
**SBaena@bilzin.com**
**(VIA CM/ECF and EMAIL)**

Alberta L. Adams, Esq.
Mills Paskert Divers
100 North Tampa Street, Suite 2010
Tampa, Florida 33602
**aadams@mpdlegal.com**
**(VIA CM/ECF and EMAIL)**

James B. Sowka, Esq.
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Email: jsowka@seyfarth.com
**(VIA CM/ECF and EMAIL)**

David C. Christian II, Esq.
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Email: dchristian@seyfarth.com
**(VIA CM/ECF and EMAIL)**

**EXHIBIT A**

# MEDIATION SETTLEMENT AGREEMENT

This Mediation Settlement Agreement ("Agreement"), is entered into between Herbert Stettin, in his capacity as Chapter 11 Trustee ("Stettin" or "Trustee") of the bankruptcy estate of Rothstein Rosenfeldt Adler, P.A. ("RRA" or the "Debtor"), in Case No. 09-34791-RBR (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Southern District of Florida (the "Court") and Russell Adler ("Adler") and Katie Adler (collectively, the "Adlers") and the Trustee and the Adlers are collectively referred to as the "Parties").

WHEREAS, on November 10, 2009 (the "Petition Date"), an involuntary bankruptcy case was filed against RRA [D.E. #1] under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Court entered an Order for Relief on November 30, 2009 [D.E. #66]. On November 20, 2009, the Court entered an order directing the appointment of a Trustee [D.E. #30] and the United States Trustee's office selected Stettin as the Trustee in this case [D.E. #35]. On November 25, 2009, the Court ratified Stettin's appointment as Trustee [D.E. #55].

WHEREAS, on December 29, 2009, the Trustee filed an adversary proceeding against the Adlers (*Herbert Stettin v Russell Adler and Katie Adler,* Adv. Pro. No. 10-02612-BKC-RBR-A (the "Adversary Proceeding"). By the Adversary Proceeding, the Trustee sought, among other relief, to avoid and recover damages for certain fraudulent transfers and other causes of action (collectively referred to as the "Claims").

WHEREAS, following voluntary mediation, Trustee and the Adlers have decided to settle the Adversary Proceeding.

WHEREAS, the Adlers deny the allegations made by the Trustee in the Adversary Proceeding and enter into this Agreement without admitting fault, liability or wrongdoing whatsoever.

WHEREAS, the Parties agree that the foregoing recitals are true and correct, and.

NOW, THEREFORE, in consideration of the mutual promises and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Trustee and the Adlers hereby agree as follows:

1. Settlement: In settlement of the Claims asserted against the Adlers in the Adversary Proceeding, and subject to bankruptcy court approval of this settlement, the Adlers agree to entry of a non-appealable, recordable final judgment in favor of the Trustee and against the Adlers, jointly and severally, in the amount of $500,000 (the "Judgment."). To provide a mechanism for payment of the Judgment, and in consideration of the Trustee agreeing to stay execution of the Judgment so long as there is no default under this Agreement, the Adlers agree that: (a) Adler shall provide the Trustee with a recordable attorneys charging lien of 50% of any attorneys fees recoveries (net of referral fees) obtained by Adler on all lawsuits that Adler is prosecuting on behalf of clients that were originated while Adler was an employee of RRA, regardless of when the case was filed; (b) Adler shall provide the Trustee with a recordable attorneys charging lien of 15% of any attorneys fee recoveries (net of referral fees) obtained by Adler on all lawsuits that Adler began prosecuting on behalf of clients originated subsequent to Adler's departure from RRA; (c) Adler shall forthwith liquidate his IRA and turnover to Trustee all proceeds from the IRA after payment of any taxes and/or penalties due upon its liquidation. All amounts paid pursuant to the above clauses shall be credited against the Judgment except to the extent that attorneys fees are paid on RRA cases that Adler was obligated to pay prior to this

Agreement (20% on RRA cases filed as of November 1, 2009 and 15% of RRA cases filed subsequent to November 1, 2009). Put simply, Adler shall only receive a credit for attorneys fees paid on RRA cases in excess of those he is currently obligated to pay. Notwithstanding, the Adlers shall have the right to prepay the amount of the Judgment to the total of $350,000, including all amounts credited as set forth above, if a total of $350,000 has been paid to the Trustee within 30 months, commencing from the date of approval of this Agreement. Any payments made hereunder shall be considered a return of excess compensation, so long as there is no adverse tax consequence to the Trustee or the RRA Bankruptcy Estate. Should either or both of the Adlers file bankruptcy, they agree that the Judgment conclusively shall be deemed nondischargeable pursuant to the provisions of 11 U.S.C §523(a)(4) and (6), and that the Adlers shall be judicially estopped from asserting otherwise at any point in the future.

2. General Release of Claims by the Adlers: On the Effective Date (as defined in paragraph 4 below), each of the Adlers shall be deemed to have fully, finally and forever released, relinquished, discharged and waived any and all claims, causes of action, costs, damages, expenses, remedies, whether now known or unknown, and whether pending or not yet asserted, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, which they individually or collectively have or may have had against RRA, the Trustee and the Trustee's attorneys and accountants, relating in any manner whatsoever, directly or indirectly to RRA, its business and operations, the Adversary Proceeding, the Bankruptcy Case and the Claims. However, nothing herein shall operate or otherwise be construed to operate as a release or discharge of any of the obligations of the Trustee under this Agreement.

3. Release of Claims by the Trustee: Subject to full performance of this Agreement and satisfaction of the Judgment contemplated hereunder, the Trustee, on behalf of RRA and the

RRA bankruptcy estate, shall be deemed to have fully, finally, and forever relinquished, discharged, and waived any and all claims, causes of action, costs, damages, expenses, remedies, whether now known or unknown, and whether pending or not yet asserted, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, which the Trustee on behalf of RRA and the RRA bankruptcy estate has or may have had against the Adlers, individually or collectively, their attorneys and accountants, relating in any manner whatsoever, directly or indirectly, to RRA, its business and operations, the Adversary Proceeding, the Bankruptcy Case and the Claims. However, nothing herein shall operate or otherwise be construed to operate as a release or discharge of any of the obligations of the Adlers under this Agreement.

4. Conditions Precedent and Effective Date. This Agreement shall become effective on the date when all of the following have been satisfied (the "Effective Date"):

(a) This Agreement shall have been executed by the Parties on the signature lines below.

(b) The Court shall have entered an order approving this Agreement in substantially the form of the proposed order attached hereto as Exhibit A, and such order shall have become a Final Order. As used herein, a "Final Order" means an order or judgment of the Court which has not been reversed, stayed, modified or amended and: (i) as to which the time to appeal or seek reconsideration or rehearing thereof has expired; (ii) in the event of a motion for reconsideration or rehearing is filed, such motion shall have been denied by an order or judgment of the Court; or (iii) in the event an appeal is filed and pending, such appeal shall have been denied and the time in which to seek further review of the order approving the settlement shall have expired.

(c) Within five (5) days after the Adlers' execution of this Agreement, the Adlers shall provide to the Trustee a joint financial statement as of the date of this Agreement, certified

by them as true, correct and complete under penalty of perjury, which financial statement shall contain (i) a description of all assets then owned by the Adlers, jointly and severally, specifying among other things, the type of asset owned, the manner in which title to such asset is held, and the Adlers' good faith estimate of the approximate fair market value of each such asset, (ii) a schedule of all liabilities of the Adlers and each of them, whether contingent or fixed, liquidated or unliquidated, including the party to whom the obligation is owed, and a description of any collateral securing the repayment of each liability, if any, and (iii) a representation by the Adlers that during the two year period prior to the date that the Adlers executed this Agreement, the Adlers did not make any transfers for the purpose of making themselves judgment proof, or for the purpose of defrauding any of their actual or potential creditors (the "Financial Statement"). The Trustee acknowledges that certain assets including Adler's legal practice, Miss Katie's Charm School business, and Avadanian & Adler are closely held entities, not subject to precise valusation and inherently speculative. The Adlers will, however, provide to the Trustee the amount of income realized from these entities through and including December 31, 2010. The Trustee may take whatever action he deems necessary and appropriate, in his sole discretion, to determine the accuracy of the Financial Statement, including the Trustee taking the Adlers' depositions on their financial statements as soon as practicable. If within six (6) months from the date the Court approves the Agreement the Trustee discovers that (i) the Adlers' net worth was materially greater than that revealed prior to or at the January 26, 2011 mediation held in the Adversary Proceeding, and (ii) the Adlers owned an asset with a value of $10,000 or greater that was not disclosed by them prior to the January 26, 2011 mediation held in the Adversary Proceeding, then the Trustee may take all action he deems appropriate to obtain custody and title of said asset for the benefit of the RRA Estate, and any proceeds recovered are not credited to

satisfaction of the Judgment and may be retained by the Trustee and RRA Estate. Any disputes relating to this provision shall be decided by the Parties' mediator, Michael Hanzman.

5. Non-Approval. In the event that this Agreement is not approved by the Court, the Parties shall be returned to the *status quo ante* prior to their entry into this Agreement, and this Agreement shall be deemed null and void.

6. Cooperation. Russell Adler shall cooperate with the Trustee by providing periodic unsworn proffers regarding any matter the Trustee may request. The Trustee will reasonably cooperate with the Adlers in the event that the Adlers request documentation or information regarding RRA from the Trustee in the future.

7. Non-disparagement. None of the Parties to this Agreement (including their respective counsel) shall disparage the other. Good faith enforcement of this Agreement shall not be deemed to be disparagement.

8. No Admission. Nothing contained herein shall be deemed a representation or admission of any fault or liability by the Adlers as to any issue involved in the Bankruptcy Case, the Adversary Proceeding, or for any other purpose whatsoever.

9. Attorneys' Fees and Costs. Each Party shall bear his or her own attorneys' fees and costs incurred in connection with the negotiation and documentation of this Agreement, the Bankruptcy Case and the Adversary Proceeding; provided, however, that the cost of the mediation engaged in by the Parties shared equally by the Parties. In the event any litigation is necessary to enforce any term or performance of this Agreement, the prevailing party in any such dispute shall be entitled to recover his or her reasonable attorneys' fees and costs from the other.

10. Dismissal with Prejudice of Adversary Proceeding. Upon execution of this Agreement, the parties shall jointly notify the Bankruptcy Court and District Court of this

settlement with a joint request that the trial on the Adversary Proceeding scheduled for February 14, 2011 be removed from the trial calendar pending approval of this Agreement by the Bankruptcy Court. No later than ten (10) days after the Bankruptcy Court approves this Agreement and such order becomes a Final Order, the Trustee shall file and serve a voluntary dismissal of the Adversary Proceeding with prejudice.

11. Entire Agreement. This Agreement constitutes the entire agreement of the Parties hereto regarding the subject matter hereof. Each of the Parties acknowledge and agree that there are no communications or oral understandings contrary, different, or that in any way restrict this Agreement and that all prior agreements or understandings within the scope of the subject matter of this Agreement are superseded in all respects and are null and void upon the execution of this Agreement.

12. Amendment. No waiver, modification or amendment of the terms of this Agreement shall be valid or binding, unless made in writing, signed by each of the Parties and then only to the extent as set forth in such written waiver, modification, or amendment.

13. Counterparts. The Parties may execute this Agreement in counterparts, which shall have the same force and effect as if the Parties had signed the same instrument. Signatures transmitted by facsimile or email shall have the same effect as original signatures.

14. Retention of Jurisdiction. Any claim or litigation arising from or in connection with this Agreement or the order approving it shall be exclusively maintained in the Bankruptcy Court, and the order approving this Agreement shall expressly provide that the Court shall retain jurisdiction to enforce such order, as well as the terms of this Agreement.

15. Choice of Law. This Agreement shall be governed by, and construed and enforced in accordance with the laws of the State of Florida, without regard to its conflict of law principles.

16. Approval Motion. The Parties and their counsel shall use their best efforts to cause the Court to approve this Agreement and to effectuate the settlement on the stated terms and conditions set forth herein.

17. Neutral Interpretation. In the event any dispute arises between the Parties with regard to the interpretation of any term of this Agreement, each of the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party, shall be inapplicable.

18. Advice of Counsel. The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Agreement and that they have read this Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect hereof.

19. Binding Effect: This Agreement and its terms shall be binding on the Trustee and the Adlers, along with their respective successors and assigns. The order approving this Agreement (including the Bar Order therein) shall be binding on the Trustee and the Adlers, their respective successors and assigns, as well as on all persons and entities that get actual, negative, or constructive notice of the Trustee's motion to approve this Agreement.

20. Divisions and Headings. The divisions of this Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Agreement.

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below:

Trustee:

Dated: 1/26/2011

Herbert Stettin, Chapter 11 Trustee for Rothstein Rosenfeldt Adler, P.A. Estate

Defendants:

Dated: 1/26/11

Russell Adler

Dated: 1/26/11

Katie Adler

Michael A. Hanzman, Mediator

3408586-1

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

IN RE: CASE NO.: 09-34791-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A., CHAPTER 11

Debtor.
_______________________________________/

**ORDER GRANTING MOTION TO APPROVE MEDIATION SETTLEMENT AGREEMENT BETWEEN THE CHAPTER 11 TRUSTEE AND RUSSELL AND KATIE ADLER**

**THIS CAUSE** came before the Court without a hearing upon the Trustee's *Motion to Approve Mediation Settlement Agreement Between The Chapter 11 Trustee and Russell and Katie Adler* [D.E. ___] (the "Motion") filed by the Trustee on January 26, 2011. The Court has reviewed the Motion, and has considered the entire record in this case. The Court finds that notice of the Motion and the hearing thereon is sufficient (See D.E. ___ for the Certificate of Service of the notice of hearing on the Motion). Based on the foregoing, it is

**ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The terms of the Mediation Settlement Agreement, attached hereto as Exhibit "A," are approved and incorporated herein in their entirety.

3. The Court retains jurisdiction to enforce the terms of the Mediation Settlement Agreement.

# # #

Submitted by:
Charles H. Lichtman, Esq.
Berger Singerman, P.A.
350 East Las Olas Blvd.
Suite 1000
Fort Lauderdale, Florida 33301
clichtman@bergersingerman.com

Copy furnished to:
Charles H. Lichtman, Esq.
(Charles H. Lichtman, Esq. *is directed to serve this Order to all parties of interest and to file a Certificate of Service.)*