## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:

ROTHSTEIN ROSENFELDT ADLER, P.A.,          Case No. 09-34791-BKC-RBR
                                            Chapter 11

      Debtor.

_____/

## MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN
## THE CHAPTER 11 TRUSTEE AND STUART AND SUSANNE ROSENFELDT

Herbert Stettin ("Stettin" or the "Trustee"), the Chapter 11 Trustee of Rothstein Rosenfeldt Alder, P.A. ("RRA" or the "Debtor"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, files this *Motion to Approve Settlement Agreement Between The Chapter 11 Trustee and Stuart and Susanne Rosenfeldt* (the "Motion"), and in support states:

### Background

1.    This case was commenced as an involuntary chapter 11 proceeding on November 10, 2009, by four petitioning creditors (the "Bankruptcy Case"). [D.E. 1].

2.    The Court entered an Order for Relief on November 30, 2009. [D.E. 66].

3.    On November 20, 2009, this Court entered an order directing the appointment of a trustee. [D.E. 30]. On November 20, 2009, the United States Trustee's office selected Stettin as the Trustee in this case. [D.E. 35]. On November 25, 2009, the Court ratified Stettin's appointment as Trustee. [D.E. 55].

4.    Since the Trustee's appointment and ratification, the Trustee's professionals have conducted a thorough analysis of RRA's books and records and other financial data including hundreds of millions of dollars in transfers made within the four year period prior to the petition date to various parties, including Stuart and Susanne Rosenfeldt (collectively, the

"Rosenfeldts")(together with the Trustee, "the Parties").

5.    Following the Trustee's issuance of a demand to the Rosenfeldts for payment on February 11, 2010, the Trustee commenced an adversary proceeding in the Bankruptcy Case (Adversary Case No.: 10-02615-RBR-A; the "Adversary Proceeding") by filing an adversary complaint (Adv. D.E. 1; the "Adversary Complaint") against the Rosenfeldts. The Trustee sought, among other relief, to avoid and recover for fraudulent transfers and other causes of action, with the Trustee seeking about $9.4 million in damages, (collectively referred to as the "Claims").

6.    The Claims against the Rosenfeldts were broken down into various categories, including: (i) that Stuart Rosenfeldt was materially overpaid from 2006 through 2009 in the amount of $7,942,646, a portion of which was money paid by RRA solely for the purpose of enabling the Rosenfeldts to make substantial political contributions, (ii) reimbursement of personal expense payments whereby the Rosenfeldts had unfettered use of the RRA credit card, charging over $1 million to RRA for purely personal purchases; (iii) nonpayment of loans made by RRA to Stuart Rosenfeldt in the amount of $458,617.10, and (iv) receipt of $24,963.54 of RRA money funneled through the Steven Lippman controlled "Nest Egg Account."

7.    After much negotiation and review of numerous facts and circumstances, including, but not limited to the Trustee's review of the Rosenfeldt's personal finances respecting their ability to satisfy a potential judgment attached against them, the Parties have reached an agreement on a comprehensive settlement reflected by an executed written settlement agreement (the "Settlement Agreement"), a copy of which is attached as Exhibit "A".

8.    Reaching this settlement and concluding it was in the best interests of the Estate and its creditors was almost entirely based upon an in depth financial forensic review of the

Rosenfeldts' current financial position. After an exhaustive process of reviewing any and all Rosenfeldt owned accounts and tracing money received to and through the accounts, while considering that much of the money Rosenfeldt received in compensation was used to pay federal taxes, the Trustee concluded that the Rosenfeldts were either currently insolvent or barely solvent, and that there were no non-exempt assets subject to voluntary turnover, garnishment, or levy and execution that could satisfy any potential judgment the Trustee believed he would obtain.

### The Settlement

9.      In considering the circumstances, and taking into account the nature of the claims against the Rosenfeldts, the potential defenses available to such claims and the risks associated with litigating this matter, the Trustee believes that the terms of the Settlement are favorable to the estate.

10.     Pursuant to the Settlement Agreement, Claims asserted against the Rosenfeldts agree to the entry of a non-appealable, recordable final judgment solely in favor of the Trustee and against the Rosenfeldts, jointly and severally, in the amount of $1,631,028 as against Stuart Rosenfeldt and $250,000 as against Susanne Rosenfeldt (the "Judgment"), in the form attached as Exhibit "B". The Rosenfeldts agree that, should either or both of them file bankruptcy, the Judgment conclusively shall be deemed non-dischargeable pursuant to the provisions of 11 U.S.C §523(a)(4) and (6), and that they jointly and severally shall be judicially estopped from asserting otherwise at any time.

11.     The Rosenfeldts also agree that, in consideration for the Trustee's agreement to accept the reduced Judgment and to temporarily stay execution of the Judgment, up and until 90 days from the date of filing a motion to approve this settlement, they shall (a) unconditionally

and irrevocably assign to the Trustee, pursuant to an assignment in form and substance acceptable to the Trustee and such government forms, including, without limitation, United States Treasury Form 231, IRS Form 2848 and IRS Form 8888, as the Trustee shall require (collectively, the "Assignment"), all of their right, title and interest (whether joint or several) in and to any and all federal income tax refunds which they or either of them are or may be entitled to receive from the United States Department of the Treasury (the "Treasury") for some or all of the tax years 2005-2009 (each a "Tax Refund" and collectively the "Tax Refunds"), including, without limitation, that certain refund in the amount of $3,963,823.21, or such other Tax Refund taking into account interest due from 2007, less offsets for taxes owed for 2008 and 2009, for a net amount of $2,373,240, due from the Treasury for the tax year 2007, and (b) grant to the Trustee a first priority, irrevocable, perfected security interest in the Tax Refunds, pursuant to a security agreement in the form attached hereto as Exhibit A, and a financing statement and other security documents in form and substance acceptable to the Trustee (collectively, the "Security Documents"). It is anticipated that after other expenses and taxes are carved out of the IRS refund, the net amount remaining is $1,631,028, all of which shall be paid to the Trustee in satisfaction of the Judgment. The Settlement Agreement states the procedural background respecting the tax refund process and agreements between the Parties.

12.     The Parties agree that, if the Settlement Agreement is not approved by the Court, the payment terms and obligations regarding the Tax Refund shall be void *ab initio* and be without any force or legal effect, however, the Judgment shall be entered nevertheless.

13.     In the event the Settlement Agreement is approved by the Court, should the Tax Refund not satisfy the Trustee's Final Judgment, the Rosenfeldt's acknowledge that the Trustee has the right to take all action he deems necessary, in his sole exclusive discretion to collect the

balance of the Judgment.

14.    The Parties also agreed that the Rosenfeldts are providing the Trustee and RRA estate with a full general release.  Also, upon satisfaction of the Judgment, the Trustee shall provide the Rosenfeldts a general release.  The Rosenfeldts are not receiving a bar order as to other claims by third parties that may be filed against them.

### Authority to Support Authorization of the Settlement

15.    The Trustee seeks approval of the Settlement Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

16.    Rule 9019(a) provides that, after notice and a hearing, a court may approve a proposed settlement of a claim.  The decision of whether or not to approve a compromise is within the sound discretion of the court.  *In re Chira,* 367 B.R. 888, 896 (S.D. Fla. 2007) *aff'd.* 567 F.3d 1307 (11th Cir. 2010) citing *In re Air Safety Intern., L. C.,* 336 B.R. 843, 852 (S.D. Fla. 2005); *In re Arrow Air, Inc.,* 85 B.R. 886 (Bankr. S.D. Fla. 1988).

17.    In passing on proposed settlements, the Court must determine whether a proposed settlement is fair and equitable.  *In re Chira,* 367 B.R. at 896 (S.D. Fla. 2007). The Court must evaluate whether the compromise falls below the "lowest point in the range of reasonableness."  *In re S&I Investments,* 421 B.R. 569, 583 (Bankr. S.D. Fla. 2009) citing *In re Bicoastal Corp.,* 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993); *see also In re Arrow Air, Inc.,* 85 B.R. at 886 (Bankr. S.D. Fla. 1988).

18.    The 11th Circuit, in *In re Justice Oaks II, Ltd.,* 898 F.2d 1544, 1549, provided additional guidance regarding whether a settlement should be approved and established a four-part test:

        a.    The probability of success in litigation;

b. The difficulties, if any, to be encountered in the matter of collection;

c. The complexity of the litigation involved and the expense, inconvenience

d. and delay necessarily attending it; and

e. The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

18. The Trustee submits that the proposed Settlement overwhelmingly satisfies the *Justice Oaks* standard.

19. The Settlement provides the Trustee with an opportunity to efficiently settle significant claims of the estate on favorable terms against a party likely capable of financing the costs of protracted litigation, from trial and through the exhaustion of appellate remedies, and will provide the Debtor's estate with a significant recovery.

20. If this matter were to proceed to trial, substantial additional discovery would be necessary. It is also anticipated that, due to the positions advanced by both sides, the costs associated with litigating this matter through trial and the exhaustion of appellate remedies would be significant.

21. The Trustee believes that the expense, inconvenience and delay that would be caused by litigating with the Rosenfeldts would not be in the best interest of the Debtor's estate.

22. Therefore, after full and careful consideration, the Trustee believes that resolution set forth in the Settlement Agreement is in the best interest of the Debtor's estate and the creditors of the estate.

**WHEREFORE,** the Trustee respectfully requests the entry of an order, in substantially the same form as the order attached as Exhibit "C", (i) granting this Motion, (ii) approving the terms of the Settlement Agreement, and (iii) granting such other relief as is just and proper.

Dated: May 5, 2011.

BERGER SINGERMAN, P.A.
Attorneys for the Chapter 11 Trustee
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
Telephone:  (954) 712-5138
Main:      (954) 525-9900
Facsimile:  (954) 523-2872

By:    /s/   Charles H. Lichtman
        Charles H. Lichtman
        clichtman@bergersingerman.com
        Florida Bar No. 501050

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via the Court's CM/ECF system to all registered users in this case and via Regular U.S. Mail, postage prepaid, fax, email and/or overnight delivery, as indicated, upon all parties listed below and on the attached Service List this 5th day of May 2011.

By:   /s/   Charles H. Lichtman
Charles H. Lichtman

## MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Marianella Morales, Esquire
Authorized Agent For Joining Creditors
Avenida Francisco de Miranda
Torre Provincial "A"
Piso 8
Caracas, Venezuela
**(VIA CM/ECF and EMAIL)**

John H. Genovese, Esq.
Robert F. Elgidely, Esq.
Theresa M.B. Van Vliet, Esq.
Genovese Joblove & Battista, PA
Bank Of America Tower at International
Place
100 S.E. 2nd Street, Suite 4400
Miami, Florida 33131
**(VIA CM/ECF and EMAIL)**

Kendall Coffey, Esq.
Coffey Burlington,
Office in the Grove
Penthouse
2699 South Bayshore Drive
Miami, Florida 33133
kcoffey@coffeyburlington.com
**(VIA CM/ECF and EMAIL)**

The Honorable Herbert M. Stettin
One Biscayne Tower
Suite 3700
Two South Biscayne Boulevard
Miami, Florida 33131
**(VIA U.S. MAIL and EMAIL)**

John G. Bianco, Esq.
John M. Mulli, Esquire
Tripp Scott
110 Southeast Sixth Street
Fifteenth Floor
Fort Lauderdale, Fl. 33301
jgb@trippscott.com
**(VIA CM/ECF and EMAIL)**

Alison W. Lehr, Esq.
Grisel Alonso, Esq.
Assistant United States Attorney
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132
Alison.Lehr@usdoj.gov
Grisel.alonso@usdoj.gov
**(VIA CM/ECF and EMAIL)**

Jeffrey R. Sonn, Esq.
Sonn & Erez, PLC
Broward Financial Center
500 E. Broward Boulevard
Suite 1600
Fort Lauderdale, Florida 33394
jsonn@sonnerez.com
**(VIA CM/ECF and EMAIL)**

Office of the US Trustee
51 Southwest First Avenue
Suite 1204
Miami, Florida 33130
**(VIA CM/ECF and EMAIL)**

Thomas Tew, Esq.
Tew-Cardenas, LLP
Four Seasons Tower
15th Floor
1441 Brickell Avenue
Miami, Florida 33131-3407
tt@tewlaw.com
**(VIA CM/ECF and EMAIL)**

Conrad & Scherer, LLP
633 South Federal Highway
Fort Lauderdale, FL 33301
bs@conradscherer.com
JSilver@conradscherer.com
**(VIA CM/ECF and EMAIL)**

2441794-1

# MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Michael D. Seese, Esq.
Hinshaw & Culbertson, LLP
1 E Broward Blvd Ste 1010
Ft Lauderdale, Florida 33301
mseese@hinshawlaw.com
**(VIA CM/ECF and EMAIL)**

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114
**(Via U.S. Mail)**

Internal Revenue Service
Special Procedures - Insolvency
7850 SW 6th Court
Plantation, FL 33324
**(Via U.S. Mail)**

Special Asst. U.S. Attorney
P.O. Box 9, Stop 8000
51 SW 1st Avenue, #1114
Miami, Fl 33130
**(Via U.S. Mail)**

United Healthcare
Dept. CH 10151
Palatine, IL 60055
**(Via US Mail)**

Special Asst. U.S. Attorney
IRS District Counsel
1000 S. Pine Island Rd., Ste 340
Plantation, FL 33324-3906
**(Via U.S. Mail)**

The Honorable Eric H. Holder, Jr.
Attorney General of the U.S.
950 Pennsylvania Avenue, NW Room 4400
Washington, DC 20530-0001
**(Via U.S. Mail)**

Honorable Jeffrey H. Sloman,
Acting U.S. Attorney
99 NE 4th Street
Miami, Fl 33132
**(Via U.S. Mail)**

Daniel Mink
Ovadia Levy
c/o Renato Watches, Inc
14051 NW 14th Street
Sunrise, Florida 33323
**(Via U.S. Mail)**

William George Salim, Jr.
Moskowitz Mandell & Salim
800 Corporate Dr Ste 510
Fort Lauderdale, Florida 33334
wsalim@mmsslaw.com
**(VIA CM/ECF and EMAIL)**

USI
Attn: Anthony Gruppo
200 West Cypress Creek Road
Suite 500
Fort Lauderdale, FL 33309
Anthony.gruppo@usi.biz
**(VIA EMAIL)**

Marc Nurik, Esq.
1 East Broward Blvd
Suite 700
Fort Lauderdale, FL 33301
marc@nuriklaw.com
**(VIA EMAIL)**

BAST AMRON LLP
SunTrust International Center
One Southeast Third Avenue
Suite 1440
Miami, Florida 33131
bamron@bastamron.com
jbast@bastamron.com
**(VIA CM/ECF and EMAIL)**

# MASTER SERVICE LIST
## CASE NO.: 09-34791-BKC-RBR

Mark Bloom, Esq.
John B. Hutton, Esq.
Greenberg Traurig, LLP
333 Avenue of the Americas, Suite 4400
Miami, FL 33131-3238
bloomm@gtlaw.com
huttonj@gtlaw.com
**(VIA CM/ECF and EMAIL)**

Robert D. Critton, Esq.
Burman, Critton, Luttier & Coleman
303 Banyan Blvd., Suite 400
West Palm Beach, FL 33401
rcrit@bclclaw.com
**(VIA CM/ECF and EMAIL)**

Roth & Scholl
Attn: Jeffrey C. Roth, Esq.
Attorneys For Creditor Blue
Capital Us East Coast Properties, L.P.
866 South Dixie Highway
Coral Gables, Fl 33146
jeff@rothandscholl.com
**(VIA CM/ECF and EMAIL)**

Rogers, Morris & Ziegler, LLP
1401 East Broward Blvd
Suite 300
Fort Lauderdale, FL 33301
mfbooth@rmzlaw.com
**(VIA CM/ECF and EMAIL)**

Arthur C. Neiwirth, Esq.
One E. Broward Blvd., Suite 1400
Ft. Lauderdale, FL 33301
aneiwirth@qpwblaw.com
**(VIA CM/ECF and EMAIL)**

The Florida Bar
Adria E. Quintela, Esq.
Alan Anthony Pascal, Esq.
Lake Shore Plaza II
1300 Concord Terrace, Suite 130
Sunrise, FL 33323
aquintel@flabar.org
apascal@flabar.org
**(VIA CM/ECF and EMAIL)**

Micheal W. Moskowitz, Esq.
800 Corporate Drive, Suite 500
Ft. Lauderdale, FL 33234
mmoskowitz@mmsslaw.com
**(VIA CM/ECF and EMAIL)**

Francis L. Carter, Esq.
Katz Barron Squitero Faust
2699 S. Bayshore Drive, 7th Floor
Miami, Florida 33133
flc@katzbarron.com
**(VIA CM/ECF and EMAIL)**

Bradley S. Shraiberg, Esq.
2385 NW Executive Drive
Suite 300
Boca Raton, Florida 33431
bshraiberg@sfl-pa.com
**(VIA CM/ECF and EMAIL)**

Henry S. Wulf, Esq.
CARLTON FIELDS, P.A.
525 Okeechobee Blvd., Suite 1200
West Palm Beach, Florida 33401
E-Mail: hwulf@carltonfields.com
**(VIA CM/ECF and EMAIL)**

EMESS Capital, LLC
c/o Bruce A. Katzen, Esq.
201 S. Biscayne Blvd., 17th Floor
Miami, Florida 33131
E-Mail: bkatzen@klugerkaplan.com
jberman@klugerkaplan.com
**(VIA CM/ECF and EMAIL)**

# MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Ira Sochet, Trustee
Revocable Intervivos Trust of Ira Sochet
c/o Phil Hudson, Esq.
200 South Biscayne Blvd, Suite 3600
Miami, Florida 33130
E-Mail: pmhudson@arnstein.com
**(VIA CM/ECF and EMAIL)**

Coquina Investments
c/o Patricia A. Redmond, Esq.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
E-Mail: predmond@stearnsweaver.com
**(VIA CM/ECF and EMAIL)**

Michael I. Goldberg, Esq.
Las Olas Centre -  Suite 1600
350 East Las Olas Blvd
Fort Lauderdale, FL 33301
E-Mail: Michael.goldberg@akerman.com
Eyal.berger@akerman.com
**(VIA CM/ECF and EMAIL)**

LMB Funding Group
c/o Robert C. Furr, Esq.
2255 Glades Road, Suite 337W
Boca Raton, Florida 33431
E-Mail: rfurr@furrcohen.com
**(VIA CM/ECF and EMAIL)**

Lawrence A. Gordich, Esq.
Melissa Alagna, Esq.
SEGALL/GORDICH P.A.
801 Brickell Avenue, Suite 900
Miami, Florida 33131
Email: lag@segallgordich.com
Email: mma@segallgordich.com
**(VIA CM/ECF and EMAIL)**

Broward County
Attn: Hollie N. Hawn, Esq.
Government Center
115 South Andrews Avenue
Fort Lauderdale, FL 33301
E-Mail: hhawn@broward.org
**(VIA CM/ECF and EMAIL)**

Steven J. Solomon, Esq.
Gray Robinson, P.A.
1221 Brickell Ave, Suite 1600
Miami, Florida 33131
E-Mail – steven.solomon@gray-robinson.com
**(VIA CM/ECF and EMAIL)**

Peter F. Valori, Esq.
DAMIAN & VALORI LLP
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
E-mail: pvalori@dvllp.com
**(VIA CM/ECF and EMAIL)**

Canon Financial Services, Inc.
158 Gaither Drive, #200
Mount Laurel, NJ 08054
**(Via US Mail)**

CIT Technology Financing Services I, LLC
10201 Centurion Parkway North
Jacksonville, FL 32256
**(Via US Mail)**

Gibraltar Private Bank & Trust Company
220 Alhambra Circle, Suite 500
Coral Gables, FL 33134
**(Via US Mail)**

Inter-Tel Leasing, Inc.
1140 West Loop North
Houston, TX 77055
**(Via US Mail)**

Florida Department of Revenue
501 S. Calhoun Street
Room 201
Carlton Building
Tallahassee, FL 32399
**(Via US Mail)**

## MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Leon County Tax Collector
315 S. Calhoun Street
Suite 210
Tallahassee, FL 32301
**(Via US Mail)**

Miami-Dade County Tax Collectors
140 West Flagler Street, 14th Floor
Miami, FL 33130
**(Via US Mail)**

Palm Beach County Tax Collector
P.O. Box 3715
West Palm Beach, FL 33402-3715
**(Via US Mail)**

THE LAW OFFICES OF
GEOFFREY D. ITTLEMAN, P.A.
440 North Andrews Avenue
Fort Lauderdale, Florida 33301
**(Via US Mail)**

Carpenter & Berger, PL
6400 N. Andrew Ave, suite 370
Fort Lauderdale, FL 33309
**(Via US Mail)**

Frank F. McGinn, Esq.
Bartlett Hackett Feinberg, P.C.
155 Federal Street, 9th Floor
Boston, MA 02110
ffm@bostonbusinesslaw.com
**(VIA CM/ECF and EMAIL)**

Darol H. M. Carr, Esq.
99 Nesbit Street
Punta Gorda, FL 33950
dcarr@farr.com
**(VIA CM/ECF and EMAIL)**

Jane A. Bee, Esq.
Blank Rome LLP
130 North 18th Street
Philadelphia, PA 19103-6998
bee@blankrome.com
**(VIA EMAIL)**

Roderick F. Coleman, Esq.
400 South Dixie Highway, Suite 121
Boca Raton, FL 33432
rfc@colemanattorneys.com
**(VIA CM/ECF and EMAIL)**

Mark S. Haltzman, Esq.
Lamm Rubenstone, LLC
3600 Horizon Blvd, Suite 200
Trevose, PA 19053
mhaltzman@lammrubenstone.com
**(VIA CM/ECF and EMAIL)**

Robert C. Buschel, Esq.
100 S.E. Third Ave, Suite 1300
Fort Lauderdale, FL 33394
**buschel@bglaw-pa.com**
**(VIA CM/ECF and EMAIL)**

Berkowitz Dick Pollack & Brant
Certified Public Accountants & Consultants,
LLP
200 S Biscayne Boulevard, Sixth Floor
Miami, FL 33131-2310
Attn: Richard Pollack
**(Via Email and U.S. Mail)**

MELAND RUSSIN & BUDWICK, P.A.
3000 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Attn: James C. Moon, Esq.
jmoon@melandrussin.com
Attn: Peter D. Russin, Esq.
prussin@melandrussin.com
Attn: Michael S. Budwick, Esq.
mbudwick@melandrussin.com
**(VIA CM/ECF and EMAIL)**

Gary S. Blake, Esq.
1499 W. Palmetto Park Rd
Suite 300
Boca Raton, FL 33486
gblake@lglaw.net
**(VIA CM/ECF and EMAIL)**

# MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Melinda S. Thornton, Esq.
Assistant County Attorney
County Attorney's Office
2810 Stephen P. Clark Center
111 N.W. First Street
Miami, Fl 33128-1993
Email: cao.bkc@miamidade.gov
**(VIA CM/ECF and EMAIL)**

SLATKIN & REYNOLDS, P.A.
Attorneys for Russell Adler and Katie Adler
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
jslatkin@slatkinreynolds.com
**(VIA CM/ECF and EMAIL)**

ASSOULINE & BERLOWE, P.A.
213 East Sheridan Street, Ste. 3
Dania Beach, FL 33004
Attn: Eric N. Assouline, Esq.
ena@assoulineberlowe.com
**(VIA CM/ECF and EMAIL)**

Steven J. Reisman, Esq.
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178-0061
E-mail: sreisman@curtis.com
**(Via Email and U.S. Mail)**

Turner P. Smith, Esq.
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178-0061
E-mail: tsmith@curtis.com
**(Via Email and U.S. Mail)**

Maryann Gallagher, Esq.
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue

New York, NY 10178-0061
E-mail: mgallagher@curtis.com
**(Via Email and U.S. Mail)**

ILEANA CRUZ BONGINI, ESQ.
icruz@stearnsweaver.com
STEARNS WEAVER MILLER
WEISSLER ALHADEFF & SITTERSON,
P.A.
Coquina Investments
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
**(VIA CM/ECF and EMAIL)**

Lynn Maynard Gollin
lgollin@gordonrees.com
Gordon & Rees LLP
Four Seasons Tower
15th Floor
1441 Brickell Avenue
Miami, FL 33131
**(VIA CM/ECF and EMAIL)**

Paul J. McMahon, Esq.
Paul Joseph McMahon, P.A.
2840 S.W. Third Ave
Miami, Florida 33129
pjm@pjmlawmiami.com
**(VIA CM/ECF and EMAIL)**

Robert P. Avolio, Esq.
Crossroads Corporate Center
3150 Brunswick Pike, Ste. 120
Lawrenceville, NJ 08648
ravolio@avoliohanlon.com
**(Via Email and U.S. Mail)**

Mark S. Shipman, Esq.
20 Batterson Park Road, Suite 120
Farmington, CT 06032
mark@shipso.com
**(Via Email and U.S. Mail)**

# MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Heather L. Ries, Esq.
Fox Rothschild, LLP
222 Lakeview Ave, Suite 700
West Palm Beach, Fl 33401
hries@foxrothschild.com
**(VIA CM/ECF and EMAIL)**

Geoffrey S. Aaronson, Esq.,
Geoffrey S. Aaronson, P.A.,
 Local Counsel for FEP and
the FEP Victims Group,
Miami Tower, 100 SE 2nd Street,
27th Floor, Miami, Florida 33131
**gaaronson@aaronsonpa.com**
**(VIA CM/ECF and EMAIL)**

Michael Paris, Esq.
William C. Nystrom, Esq.
Nystrom, Beckman & Paris, LLP
Counsel for FEP & the FEP Victims Group
10 Saint James Avenue, 16th Floor
Boston, MA 02116
mparis@nbparis.com
wnystrom@nbparis.com
**(Via Email and U.S. Mail)**

Scott L. Baena, Esq.
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3238
**SBaena@bilzin.com**
**(VIA CM/ECF and EMAIL)**

Alberta L. Adams, Esq.
Mills Paskert Divers
100 North Tampa Street, Suite 2010
Tampa, Florida 33602
**aadams@mpdlegal.com**
**(VIA CM/ECF and EMAIL)**

James B. Sowka, Esq.
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Email: jsowka@seyfarth.com
**(VIA CM/ECF and EMAIL)**

David C. Christian II, Esq.
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Email: dchristian@seyfarth.com
**(VIA CM/ECF and EMAIL)**

David M. Levine, Esq.
Levine Kellogg Lehman Schneider &
Grossman, LLP
201 S. Biscayne Blvd, 34th Floor
Miami, Florida 33131
Email: dml@lkllaw.com
**(VIA CM/ECF and EMAIL)**

Timothy W. Volpe, Esq.
John T. Rogerson, III, Esq.
Caroline Prieto, Esq.
Volpe, Bajalia, Wickes, Rogerson & Wachs,
P.A.
501 Riverside Ave, 7th Floor
Jacksonville, FL 32202
**(Via U.S. Mail)**

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), is entered into between Herbert Stettin, in his capacity as Chapter 11 Trustee ("Stettin" or "Trustee") of the bankruptcy estate of Rothstein Rosenfeldt Adler, P.A. ("RRA" or the "Debtor"), in Case No. 09-34791-RBR (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Southern District of Florida (the "Court") and Stuart and Susanne Rosenfeldt (collectively, the "Rosenfeldts"). The Trustee and the Rosenfeldts are collectively referred to in this Agreement as the "Parties."

WHEREAS, on November 10, 2009 (the "Petition Date"), an involuntary bankruptcy case was filed against RRA [D.E. #1] under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Court entered an Order for Relief on November 30, 2009 [D.E. #66]. On November 20, 2009, the Court entered an order directing the appointment of a Trustee [D.E. #30] and the United States Trustee's office selected Stettin as the Trustee in the Bankruptcy Case [D.E. #35]. On November 25, 2009, the Court ratified Stettin's appointment as Trustee [D.E. #55].

WHEREAS, on February 11, 2010, the Trustee filed an adversary proceeding against the Rosenfeldts (*Herbert Stettin v Stuart and Susanne Rosenfeldt,* Adv. Pro. No. 10-02615-BKC-RBR-A (the "Adversary Proceeding"). By the Adversary Proceeding, the Trustee sought, among other relief, to avoid and recover damages for certain fraudulent transfers and other causes of action (collectively referred to as the "Claims").

WHEREAS the Parties have decided to settle the Adversary Proceeding.

WHEREAS, the Rosenfeldts deny the allegations made by the Trustee in the Adversary Proceeding and enter into this Agreement without admitting fault, liability or wrongdoing whatsoever.

NOW, THEREFORE, in consideration of the mutual promises and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Trustee and the Rosenfeldts hereby agree as follows:

1.      Recitals:  The Parties agree that the foregoing recitals are true and correct and are incorporated into and made a part of this Agreement.

2.      Settlement:  In settlement of the Claims asserted against the Rosenfeldts in the Adversary Proceeding, which asserted Claims exceed $8.9 million, the Rosenfeldts agree to the entry of a non-appealable, recordable final judgment solely in favor of the Trustee and against the Rosenfeldts, jointly and severally, in the reduced amount of $1,631,028 as to Stuart Rosenfeldt and $250,000 as to Susanne Rosenfeldt (the "Judgment"), in the form attached as Exhibit A.  The Rosenfeldts agree that, should either or both of them file bankruptcy, the Judgment conclusively shall be deemed non-dischargeable pursuant to the provisions of 11 U.S.C §523(a)(4) and (6), and that they jointly and severally shall be judicially estopped from asserting otherwise at any time

3.      Stay and Payment of Judgment:  The Rosenfeldts agree that, in consideration for the Trustee's agreement to accept the reduced Judgment and to temporarily stay execution of the Judgment, up and until 90 days from the date of filing a motion to approve this settlement, provided they shall (a) unconditionally and irrevocably assign to the Trustee, pursuant to an assignment in form and substance acceptable to the Trustee and such government forms, including, without limitation, United States Treasury Form 231, IRS Form 2848 and IRS Form 8888, as the Trustee shall require (collectively, the "Assignment"), all of their right, title and interest (whether joint or several) in and to any and all federal income tax refunds which they or either of them are or may be entitled to receive from the United States Department of the

2

Treasury (the "Treasury") for some or all of the tax years 2005-2009 (each a "Tax Refund" and collectively the "Tax Refunds"), including, without limitation, that certain refund in the amount of $3,963,823.21, or such other Tax Refund taking into account interest due from 2007, less offsets for taxes owed for 2008 and 2009, for a net amount of $2,373,240, due from the Treasury for the tax year 2007, and (b) grant to the Trustee a first priority, irrevocable, perfected security interest in the Tax Refunds, pursuant to a security agreement in the form attached hereto as Exhibit A, and a financing statement and other security documents in form and substance acceptable to the Trustee (collectively, the "Security Documents"). It is understood that of the gross $3,963,823.21 Tax Refund, the Trustee is entitled to receive only $1,631,028 of these funds, with the balance to be paid into the trust account of Fuerst Ittelman PL, to be used for the payment of the Rosenfeldts' taxes, accrued and owing professional fees and certain limited required personal expenses. In no event shall the Trustee cause the filing of the United States Treasury Form 231, IRS Form 2848 and IRS Form 8888 with the Department of the Treasury and/or the Internal Revenue Service without the prior written consent of the Rosenfeldts and that any agreed upon filing of those or any other documents with the Department of the Treasury and/or the Internal Revenue Service will not be done in a manner as to cause the termination or withdrawal of the authority of tax counsel for the Rosenfeldts to represent them in all respects as to the Tax Refund.

The Rosenfeldts shall execute and deliver the Assignment and the Security Documents to the Trustee simultaneously with their execution and delivery of this Agreement, and the Security Documents and the Assignment. The Trustee's security interest and assignment shall be effective and enforceable immediately and shall be voidable only in the event that the Court does not approve this Agreement. The Rosenfeldts agree that Trustee may file the financing statement

3

and any other required documentation to perfect its security interest in the Tax Refunds upon execution of this Agreement and prior to approval of this Agreement by the Court. The Rosenfeldts agree, from time to time, to provide any further assistance or execute any other document reasonably requested by the Trustee to better or further perfect his security interest in the Tax Refund or to further assign to the Trustee their interest in any Tax Refund. The Rosenfeldts acknowledge and agree that their grant to the Trustee of a security interest in the Tax Refunds is in addition to, and not in lieu of, the Assignment, and their unconditional assignment of the Tax Refunds to the Trustee shall not impair the operation of the Security Documents. The Trustee and its counsel agree not to interfere with the undertakings of the Rosenfeldts and their tax counsel in securing the aforementioned Tax Refund and will take such actions as reasonably requested to assist the Rosenfeldts in securing the Tax Refund. Trustee shall not pursue collection of the Judgment provided herein, solely against Susanne Rosenfeldt, until proceedings that may be brought by her to protect and secure the portion of the Tax Refund due her, have been concluded.

The Parties agree that, if this Agreement is not approved by the Court, while the Judgment shall remain in place and be enforceable, the Assignment and the Security Document shall be void *ab initio* and be without any force or legal effect, and the Trustee shall execute and deliver to the Rosenfeldts such documents are may reasonably be required to re-assign all right, title and interest in the Tax Refunds to them and to file a termination statement in respect of the financing statement. If this Agreement is not approved, the Trustee agrees that any funds received on account of any Tax Refund shall be refunded to the Rosenfeldts. Any Tax Refund balance received by the Trustee and remaining after payment in full of the Judgment shall be remitted to the Rosenfeldts or to whomever they otherwise direct.

4

4.      Continuing Nature of Judgment:  Should the Tax Refund not satisfy the Trustee's Final Judgment, the Rosenfeldt's acknowledge that the Trustee has the right to take all action he deems necessary, in his sole and exclusive discretion to collect the Judgment.

5.      General Release of Claims by the Rosenfeldts:  On the Effective Date (as defined in paragraph 7 below), and without the necessity of executing any further document, each of the Rosenfeldts shall automatically be deemed to have fully, finally and forever released, relinquished, discharged and waived any and all claims, causes of action, costs, damages, expenses, remedies, whether now known or unknown, and whether pending or not yet asserted, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, which they individually or collectively have or may have or may have had against RRA, the Trustee and the Trustee's attorneys and accountants, relating in any manner whatsoever, directly or indirectly to RRA, its business and operations, the Adversary Proceeding, the Bankruptcy Case, and the Claim; provided that nothing herein shall operate or otherwise be construed to operate as a release or discharge of any of the obligations of the Trustee under this Agreement.

6.      Release of Claims by the Trustee:  Upon full performance of this Agreement by the Rosenfeldts and satisfaction in full of the Judgment, the Trustee, on behalf of RRA and the RRA bankruptcy estate, shall be deemed to have fully, finally, and forever relinquished, discharged, and waived any and all claims, causes of action, costs, damages, expenses, remedies, whether now known or unknown, and whether pending or not yet asserted, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, which the Trustee, on behalf of RRA and the RRA bankruptcy estate, has or may have or may have had against the Rosenfeldts, individually or collectively, their attorneys and accountants, relating in any manner whatsoever,

5

directly or indirectly, to RRA, its business and operations, the Adversary Proceeding, the Bankruptcy Case and the Claims.

7.    Conditions Precedent and Effective Date. Except as provided in paragraph 3 above regarding the immediate effectiveness of the Assignment and the Security Documents, this Agreement shall become effective on the date when all of the following have been satisfied (the "Effective Date"):

(a)    This Agreement shall have been executed by the Parties on the signature lines below.

(b)    The Court shall have entered an order approving this Agreement in substantially the form of the proposed order attached hereto as Exhibit B, and such order shall have become a Final Order. As used herein, a "Final Order" means an order or judgment of the Court which has not been reversed, stayed, modified or amended, and (i) as to which the time to appeal or seek reconsideration or rehearing thereof has expired, (ii) in the event of a motion for reconsideration or rehearing is filed, such motion shall have been denied by an order or judgment of the Court, or (iii) in the event an appeal is filed and pending, such appeal shall have been denied and the time in which to seek further review of the order approving the settlement shall have expired.

As soon as practicable upon execution of this Agreement, the Trustee shall seek approval of this Agreement from the Court. If this Agreement is not approved by the Court by June 15, 2011, the Parties shall be returned to the *status quo ante* prior to their entry into this Agreement, and this Agreement shall be deemed null and void, excepting paragraphs 2, 4 and 6, which Judgment shall be entered by the Court.

8.    Cooperation. Stuart Rosenfeldt shall cooperate with the Trustee's investigation of all matters related to RRA, by providing periodic unsworn proffers regarding any matter the

6

Trustee may request, provided that such proffer does not impact any Fifth Amendment right that Stuart Rosenfeldt may have.

9. _Non-disparagement._ No Party to this Agreement (including their respective counsel) shall disparage the other. Good faith enforcement of this Agreement shall not be deemed to be disparagement.

10. _No Admission._ Nothing contained herein shall be deemed a representation or admission of any fault or liability by the Rosenfeldts as to any issue involved in the Bankruptcy Case, the Adversary Proceeding, or for any other purpose whatsoever.

11. _Attorneys' Fees and Costs._ Each Party shall bear his or her own attorneys' fees and costs incurred in connection with the negotiation and documentation of this Agreement, the Bankruptcy Case and the Adversary Proceeding. In the event any litigation is necessary to enforce any term or performance of this Agreement, the prevailing party in any such dispute shall be entitled to recover his or her reasonable attorneys' fees and costs from the other.

12. _Entire Agreement._ This Agreement and the Assignment and Security Documents constitute the entire agreement of the Parties hereto regarding the subject matter hereof. Each of the Parties acknowledge and agree that there are no communications or oral understandings contrary, different, or that in any way restrict this Agreement and that all prior agreements or understandings within the scope of the subject matter of this Agreement are superseded in all respects upon the execution of this Agreement.

13. _Amendment._ No waiver, modification or amendment of the terms of this Agreement shall be valid or binding, unless made in writing, signed by each of the Parties, and then only to the extent set forth in such written waiver, modification, or amendment.

7

14.    Counterparts.  The Parties may execute this Agreement in counterparts, which shall have the same force and effect as if the Parties had signed the same instrument.  Signatures transmitted by facsimile or email shall have the same effect as original signatures.

15.    Retention of Jurisdiction.  Any claim or litigation arising from or in connection with this Agreement or the order approving it shall be exclusively maintained in the Court, and the order approving this Agreement shall expressly provide that the Court shall retain jurisdiction to enforce such order, as well as the terms of this Agreement.

16.    Choice of Law.  This Agreement shall be governed by, and construed and enforced in accordance with the laws of the State of Florida, without regard to its conflict of law principles.

17.    Approval Motion.  The Parties and their counsel shall use their best efforts to cause the Court to approve this Agreement and to effectuate the settlement on the stated terms and conditions set forth herein.  If not approved by the Court, this Agreement shall be null and void.

18.    Neutral Interpretation.  In the event any dispute arises between the Parties with regard to the interpretation of any term of this Agreement, each of the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

19.    Advice of Counsel.  The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Agreement and that they have read this Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect hereof.

20.     Binding Effect: This Agreement and its terms shall be binding on the Trustee and the Rosenfeldts, along with their respective successors and assigns. The order approving this Agreement shall be binding on the Trustee and the Rosenfeldts, their respective successors and assigns, as well as on all persons and entities that get actual, negative, or constructive notice of the Trustee's motion to approve this Agreement.

21.     Divisions and Headings.  The divisions of this Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Agreement.

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below:

Trustee:

Dated: __MAY 4, 2011__

Herbert Stettin, Chapter 11 Trustee for
Rothstein Rosenfeldt Adler, P.A. Estate

Defendants:

Dated: _____

Stuart Rosenfeldt

Dated: _____

Susanne Rosenfeldt

9633454-1

9

20.     Binding Effect:  This Agreement and its terms shall be binding on the Trustee and the Rosenfeldts, along with their respective successors and assigns. The order approving this Agreement shall be binding on the Trustee and the Rosenfeldts, their respective successors and assigns, as well as on all persons and entities that get actual, negative, or constructive notice of the Trustee's motion to approve this Agreement.

21.     Divisions and Headings.  The divisions of this Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Agreement.

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below:

Trustee:

Dated: _____           _____
                                         Herbert Stettin, Chapter 11 Trustee for
                                         Rothstein Rosenfeldt Adler, P.A. Estate

Defendants:

Dated: 5/4/11                            _____
                                         Stuart Rosenfeldt

Dated: 5/4/11                            Susanne V. Rosenfeldt
                                         _____
                                         Susanne Rosenfeldt

3633454-1

9

## SECURITY AGREEMENT

THIS SECURITY AGREEMENT (the "Agreement") is made the _____ day of May, 2011 by Stuart Rosenfeldt and Susanne Rosenfeldt, jointly and severally (the "Rosenfeldts" or "Debtor"), having an address at 𝟸𝟶𝟷 𝚂𝚠 𝟾𝚝𝚑 𝚃𝚛𝚜, 𝙱𝚘𝚌𝚊 , in favor of Herbert Stettin, as Chapter 11 Trustee of Rothstein Rosenfeldt Adler P.A. ("Secured Party"), having an address c/o Charles H. Lichtman, Esq., Berger Singerman, 350 E. Las Olas Blvd., Suite 1000, Fort Lauderdale, FL 33301.

### Preliminary Statement

Pursuant to a Settlement Agreement of even date herewith between the Rosenfeldts and Secured Party (the "Settlement Agreement"), Secured Party has agreed to settle its claims against Debtor made in that certain adversary proceeding titled *Herbert Stettin v. Stuart and Susanne Rosenfeldt*, Case No. 10-2615-BKC-RBR-A pending in the Bankruptcy Court for the Southern District of Florida (the "Court") for the sum of $1.6 million (the "Judgment"). As a condition to entering into the Settlement Agreement, Secured Party requires that the Rosenfeldts enter into this Security Agreement to secure all of the Rosenfeldts' obligations of payment, performance or otherwise under the Settlement Agreement, the Judgment, and this Agreement (collectively, the "Obligations").

NOW, THEREFORE, in consideration of the premises, and to induce Secured Party to enter into the Settlement Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby conclusively acknowledged, the Rosenfeldts hereby agree with Secured Party as follows:

1.       Grant of Security Interest. As collateral security for the prompt and complete payment and performance when due of the Obligations, the Rosenfeldts hereby assign, pledge, transfer and set over to Secured Party and grant to Secured Party a security interest in all of the Rosenfeldts' right, title and interest (whether joint or several) in and to any and all federal income tax refunds which they or either of them are or may be entitled to receive from the United States Department of the Treasury (the "Treasury") for some or all of the tax years 2005-2009 (each a "Tax Refund" and collectively the "Tax Refunds"), including, without limitation, that certain refund in the amount of $3,963,823.21 due from the Treasury for the tax year 2007, together with all accessions to, substitutions for, and all replacements and proceeds of any of the foregoing, whether now owned or at any time hereafter acquired by the Rosenfeldts or in which the Rosenfeldts (or either of them) now has or at any time in the future may acquire any right, title or interest (collectively, the "Collateral").

2.       Obligations Secured. This Agreement secures the payment and performance in full of all of the Obligations now or hereafter existing under this Agreement, the Judgment, and/or the Settlement Agreement, whether for principal, interest, reimbursement, costs, fees, expenses, or otherwise, whether direct or indirect, absolute or contingent, now or hereafter existing or due or to become due.

3.       Representations and Warranties. The Rosenfeldts jointly and severally represent and warrant to Secured Party that:

(a)       The Rosenfeldts are entitled to a tax refund of $3,963,823.21 for the tax year 2007. Other than any set off right of the Internal Revenue Service for adjustments in other tax years, the Rosenfeldts are the owner of the Collateral, free and clear of any and all liens, security interests, charges or encumbrances thereon or affecting the title thereto (except for the security

interest created hereby). No financing statement is on file in any public office in respect of any of the Collateral.

(b)     The Rosenfeldts have full power and lawful authority to enter into, deliver and perform this Agreement and the other required documents and to pledge, assign, transfer, and set over unto Secured Party the Collateral as provided herein; no consents, authorizations, approvals, or other actions by, and no notice to or filing with any governmental authority or regulatory body, are required for the grant by the Rosenfeldts of the pledge and security agreement hereunder, or for the execution, delivery and performance by the Rosenfeldts of this Agreement or any other documents required to be delivered by the Rosenfeldts hereunder or under the Settlement Agreement (collectively, the "Settlement Documents"); and this Agreement and the other Settlement Documents, and the enforcement of them, are not in violation of the terms of any law, regulation, mortgage, writ, order, or agreement to which either of the Rosenfeldts are a party or by which either of them or their respective assets may be bound or affected, and will not result in the creation or imposition of any lien on any of the Collateral except as contemplated hereby.

(c)     This Agreement and the other Settlement Documents constitute legal, valid and binding obligations of the Rosenfeldts, enforceable against each of them jointly and severally in accordance with their respective terms.

(d)     The legal names of the Rosenfeldts are as set forth in the first paragraph of this Agreement.

(e)     The Rosenfeldts domicile and principal residence is and shall be, subject to the provisions of subparagraph 4(a), below, while any portion of the Obligations remains outstanding, at their address set forth in the first paragraph of this Agreement.

(e)     By virtue of the execution and delivery by the Rosenfeldts of this Agreement and the filing of a UCC-1 financing statement referencing the Collateral, Secured Party will have a valid and perfected first priority lien upon and security interest in all of the Collateral as security for the payment and performance of the Obligations, prior to the rights of all third parties and all other liens and encumbrances thereon and security interests therein.

4.     Covenants of the Rosenfeldts.  The Rosenfeldts covenant and agree with Secured Party that:

(a)     The Rosenfeldts shall not move or change their domicile and principal residence or change their name or adopt an assumed or fictitious name, in each case without notifying Secured Party in writing, at least thirty (30) days prior thereto, and, in such event, the Rosenfeldts shall execute and deliver to Secured Party (and Rosenfeldts agrees that Secured Party may execute and deliver the same as Rosenfeldts's irrevocable attorney-in-fact or file without Rosenfeldts's signature, if permitted by applicable law) new UCC-1 financing statements or amendments thereto describing the Collateral for recordation where necessary or appropriate as determined in Secured Party's sole discretion to perfect and/or continue to perfect Secured Party's security interest in the Collateral based upon such new residence and/or change in or adoption of name, and the Rosenfeldts shall pay all filing and recording fees, costs and charges and taxes in connection with the filing and/or recordation of such financing statements and will immediately reimburse Secured Party on demand therefor if he pays the same, with interest thereon at the maximum rate permitted by law from the date of demand until paid in full.

2

(b)     The Rosenfeldts shall not (i) permit any liens or security interests to attach to any of the Collateral (other than the lien and security interest granted under this Agreement), or (ii) permit any of the Collateral to be levied upon under legal process.

(c)     The Rosenfeldts will not create, incur or permit to exist, and will warrant and defend the Collateral against, and will take such other action as is necessary to remove, any lien or claim on or to the Collateral (other than the lien granted under this Agreement), and will defend the right, title and interest of the Secured Party in and to any of the Collateral against the claims and demands of all persons whomsoever, and will maintain and preserve Secured Party's lien and security interest granted hereunder and the first priority thereof.

(e)     The Rosenfeldts shall, at their sole cost and expense, perform such acts and execute, acknowledge and deliver, from time to time, such financing statements and other instruments as may be required by Secured Party to perfect or better assure this Agreement and the security interest created hereby, and pay the cost of filing or recording the same in the public records specified by Secured Party, and Secured Party is authorized by the Rosenfeldts to file any and all financing statements and amendments thereto without the Rosenfeldt's signature, if permitted by applicable law.

(f)     The Rosenfeldts shall keep accurate and complete records and books of account of all Tax Refunds and make the same available for Secured Party's inspection and copying at any time upon reasonable notice and during business hours. The Rosenfeldts shall promptly furnish to Secured Party true and complete copies of all communications (including correspondence and notices, including in electronic format) sent or received by them relating to any Tax Refund. The Rosenfeldts acknowledge and agree that Secured Party shall have the right to communicate directly with any third party (including, without limitation, the IRS) in respect of any Tax Refund.

(g)     The Rosenfeldts shall not permit the taking of any action or fail to take any action which could impair the value of the Collateral, or which would be inconsistent with any of the provisions of this Agreement. The Rosenfeldts acknowledge and agree and that Tax Refunds, and the proceeds thereof, shall be used solely for the purpose of paying the Obligations (including, without limitation, the Judgment), and the Rosenfeldts shall not use the Tax Refunds for any other purpose.

6.     Default. The Rosenfeldts shall be in default under this Agreement upon the happening of any of the following events: (a) breach of the Settlement Agreement; (b) default in the performance of any covenant or agreement contained or referred to in this Agreement; (c) any warranty, representation or statement made to Secured Party by or on behalf of the Rosenfeldts proves to have been false in any respect when made or furnished; (d) loss, sale, or encumbrance of any of the Collateral, or the making of any levy, seizure or attachment on the Collateral; (e) any of the Rosenfeldts becomes insolvent or unable to pay their respective debts as they mature or makes an assignment for the benefit of creditors, or any proceeding is instituted by or against any of the Rosenfeldts alleging that he or she is insolvent or unable to pay his or her debts as they mature, or any of the Rosenfeldts files a voluntary petition in bankruptcy, or any involuntary petition in bankruptcy is filed against any of the Rosenfeldts and is not dismissed within 60 days thereafter; or (f) appointment of a receiver for any of the Collateral.

7.     Remedies.

3

(a)     If a default shall occur, then, in addition to its rights under any other provision of this Agreement, the Settlement Agreement and under the Uniform Commercial Code as adopted in Florida (the "UCC"), including, without limitation, Secured Party shall have the right to enforce the Obligations and foreclose upon the Collateral by a suit or suits at law or in equity and to sell the Collateral, or any portion thereof, pursuant to a judgment or decree of a court or courts of competent jurisdiction.

(b)     Neither failure nor delay on the part of Secured Party to exercise any right, remedy, power or privilege provided for herein or by statute or at law or in equity shall operate as a waiver thereof, nor shall any single or partial exercise of any such right, remedy, power or privilege preclude any other or further exercise thereof or the exercise of any other right, remedy, power or privilege. The powers conferred on Secured Party hereunder are solely to protect the interests of Secured Party in the Collateral and shall not impose any duty upon Secured Party to exercise any such powers.

(c)     No right or remedy herein conferred upon or reserved to Secured Party is intended to be exclusive of any other right or remedy, and Secured Party may exercise all rights and remedies given hereunder, under the Settlement Agreement, or now or hereafter existing at law or in equity.

(d)     Any payment made or expense incurred by Secured Party (including, without limitation, counsel fees and expenses and all costs and expenses incurred in the care, safekeeping, collection, sale and delivery of the Collateral or any part thereof, whether suit be brought or not) in connection with the exercise of any of its rights or remedies shall be payable by the Rosenfeldts on demand, with interest from the date of demand until paid at the maximum rate permitted by law.

9.     Proceeds.     Secured Party or his nominee shall be entitled, at his option, to collect and receive all or any part of the Collateral and the Rosenfeldts hereby irrevocably appoint Secured Party as the attorney-in-fact of the Rosenfeldts, with full power of substitution to do so, including for the purpose of (i) signing and endorsing, in the name of the Rosenfeldts, all checks, drafts and other instruments in payment of any Tax Refund, (ii) collecting, enforcing and/or compromising, settling, and adjusting any Tax Refund and taking other actions with respect thereto, as Secured Party determines in his sole discretion, and (iii) giving notices and receipts in the Rosenfeldts's name and performing such other acts in connection with any of the Collateral as Secured Party in his sole discretion may determine to be appropriate, all at the cost of the Rosenfeldts and without any liability whatsoever on the part of Secured Party. If the Rosenfeldts shall receive payments, the Rosenfeldts shall be deemed to have received same in trust and as fiduciary for Secured Party, and will forthwith, upon receipt of all checks, drafts, cash and other remittances, deliver same to Secured Party in the form received, except for the endorsement of the Rosenfeldts where necessary to permit collection. All proceeds of Tax Refunds received by Secured Party shall be applied in the manner set forth in the Settlement Agreement.

10.     Termination. This Agreement shall terminate, and Secured Party shall assign, transfer and deliver, without recourse or warranty and against receipt, the Collateral (to the extent that the same have not been sold or otherwise disposed of as permitted hereby or by the Settlement Agreement) to or upon the order of the Rosenfeldts, at such time as all of the Obligations have been fully paid, performed and discharged, provided, however, that the certificate of any officer of Secured Party stating that any of the Obligations remain outstanding shall be and constitute presumptive evidence of the validity, effectiveness and continuing force of this Agreement. Secured Party agrees that, at the time of such full payment and performance, it will execute, deliver, acknowledge or file, as the case may be, such

4

documents, and take such other action, as the Rosenfeldts may reasonably request in order to effectuate the termination of this Agreement and of the security interest created hereby.    In addition, if the Settlement Agreement is not approved by the Court, this Agreement shall terminate and be of no further force or effect.

11.    Obligations Not Impaired.    The Rosenfeldts hereby waive diligence, presentment, demand, protest and notice of any kind whatsoever in respect of the Obligations or the Collateral, as well as any requirement that Secured Party exhaust any right or remedy or take any action in connection with the Obligations, this Agreement, or any other Settlement Document. The Rosenfeldts agrees that Secured Party may exercise his rights with respect to (a) any or both of them, and (b) any collateral security for any of the Obligations, all in such order and by such means as Secured Party shall select in his sole and absolute discretion.    The Rosenfeldts further waive all right to have any security for the Obligations marshaled upon the exercise of any remedies permitted hereunder or under any other instrument securing the Obligations, and agrees that Secured Party shall have the right to proceed against any of the Collateral irrespective of any actions taken by Secured Party with respect to any other collateral security for, or any other obligor for, any of the Obligations. The obligations of the Rosenfeldts under this Agreement shall be absolute and unconditional and shall remain in full force and effect without regard to, and shall not be released, suspended, discharged, terminated or otherwise affected by any circumstance or occurrence whatsoever, including, without limitation, (a) any renewal, extension, amendment or modification of or addition or supplement to or deletion from any Settlement Document, or any other agreement or instrument referred to herein or therein, or any assignment or transfer of any thereof; (b) any waiver, consent, extension, indulgence, release, settlement, or other action or inaction under or in respect of any of the Settlement Documents, the Obligations, or any other collateral security therefor; (c) any furnishing of any additional security to Secured Party or any acceptance thereof or any release of any security by Secured Party; (d) any limitation on any party's liability or obligations under any such instrument or agreement or any invalidity or unenforceability, in whole or in part, of any such instrument or agreement or any term thereof; or (e) any bankruptcy, insolvency, reorganization, composition, adjustment, dissolution, liquidation, or other like proceeding relating to the Rosenfeldts, or any action taken with respect to this Agreement or any other Settlement Document by any trustee or receiver, or by any court, in any such proceeding, whether or not the Rosenfeldts shall have notice or knowledge of any of the foregoing.

12.    Notices.    All notices hereunder shall be in writing and be given by (i) United States first class mail, return receipt requested, postage prepaid, (ii) overnight courier service, or (iii) hand delivery. A notice shall be conclusively deemed to have been received on the date that the return receipt (in the case of mail) or other evidence of delivery (in the case of overnight courier service or hand delivery) shows such notice was received or delivery was refused. Notices shall be addressed to the party for whom it is intended at its address set forth in the first paragraph of this Agreement, provided that any party may designate a change of address by written notice to the other party, provided that such notice of change of address shall become effective only upon actual receipt.

13.    Indemnity.    Secured Party shall not be obligated to perform or discharge nor does it hereby undertake to perform or discharge any obligation, duty or liability with respect to the Collateral or the Rosenfeldts, and the Rosenfeldts jointly and severally shall and do hereby agree to indemnify Secured Party for, and to hold Secured Party harmless of and from, any and all liability, loss or damage which Secured Party may or might incur with respect to or by reason of any of the Collateral or this Agreement, any modification in administration thereof, or any breach thereof, and of and from any and all claims and demands whatsoever which may be asserted against Secured Party in respect of this Agreement.    Should Secured Party incur any such liability, loss or damage, or in the defense of any claims or demands in

5

respect thereof, the amount thereof (including costs, expenses and attorneys' fees) shall be secured hereby and the Rosenfeldts shall reimburse Secured Party therefor immediately upon demand.

14.    Invalidity.  In the event any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall, at Secured Party's option, not affect any other provision of this Agreement, but this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

15.    Amendment, Successors, Headings, Counterparts.  The Preliminary Statement is hereby incorporated into and made a part of this Agreement. This Agreement may not be amended, modified, waived, discharged or terminated orally, but only by an instrument in writing duly signed by the party against whom enforcement is sought.  This Agreement shall inure to the benefit of, and be binding upon, the Rosenfeldts and Secured Party and their respective successors and assigns.  Secured Party may assign, in whole or in part, any or all of its rights, title and interests under this Agreement, to any assignee of Secured Party with respect to the Obligations, or any portion thereof.  The section headings in this Agreement are for convenient reference only and shall not define or limit the provisions hereof.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original for all purposes, and all such counterparts shall together constitute but one and the same instrument.

16.    Governing Law, Venue.  This Agreement and the rights and obligations of the parties hereunder shall in all respects be governed by, and construed and enforced in accordance with, the laws of the State of Florida (without giving effect to Florida's principles of conflicts of law). The Agreement is part of the Settlement Agreement and the Rosenfeldts hereby irrevocably submit to the jurisdiction of the Court presiding over the Settlement Agreement in connection with any suit, action or proceeding arising out of or relating to this Agreement.

17.    Waiver of Jury Trial.  SECURED PARTY AND THE ROSENFELDTS HEREBY KNOWINGLY AND INTENTIONALLY WAIVE THE RIGHT ANY MAY HAVE TO A TRIAL BY JURY IN RESPECT TO ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS AGREEMENT AND ANY AGREEMENT EXECUTED IN CONJUNCTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER ORAL OR WRITTEN) OR ACTIONS OF ANY PARTY.    THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE SECURED PARTY ENTERING INTO THE SETTLEMENT AGREEMENT.  FURTHER, THE ROSENFELDTS HEREBY CERTIFY THAT NO REPRESENTATIVE OR AGENT OF THE SECURED PARTY, NOR THE SECURED PARTY'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SECURED PARTY WOULD NOT, IN THE EVENT OF SUCH LITIGATION, SEEK TO ENFORCE THIS WAIVER OF RIGHT TO JURY TRIAL PROVISION.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed and delivered as of the date first above written.

Trustee:

Dated: _____May 4, 2011_____

Herbert Stettin, Chapter 11 Trustee for
Rothstein Rosenfeldt Adler, P.A. Estate

The Rosenfeldts:

Dated: _____

Stuart Rosenfeldt

Dated: _____

Susanne Rosenfeldt

3642082-1

7

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed and delivered as of the date first above written.

<u>Trustee:</u>

Dated: _____          _____
                                             Herbert Stettin, Chapter 11 Trustee for
                                             Rothstein Rosenfeldt Adler, P.A. Estate

<u>The Rosenfeldts:</u>

Dated: 5/4/11                                _____
                                             Stuart Rosenfeldt

Dated: May 4, 2011                           Susanne V. Rosenfeldt
                                             _____
                                             Susanne Rosenfeldt

3642082-1

7

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

ROTHSTEIN ROSENFELDT ADLER, P.A.,     CHAPTER 11

    Debtor.                            CASE NO.: 09-34791-BKC-RBR

_____/

HERBERT STETTIN, Chapter 11 Trustee,

    Plaintiff,                      Adv. Pro. No 10-02615-BKC-RBR-A

v.

STUART ROSENFELDT and SUSANNE
ROSENFELDT,

    Defendants.

_____/

## FINAL JUDGMENT

      **THIS CAUSE** came before the Court for hearing on _____, 2011, at _____ a.m.

upon the *Motion to Approve Settlement Agreement Between the Chapter 11 Trustee and Stuart*

*and Susanne Rosenfeldt* (the "Settlement Motion")( Bankr.D.E. #_____) filed by Trustee

Herbert Stettin ("Trustee"). The Court has reviewed the Settlement Motion, the court file in this adversary proceeding, heard evidentiary proffers and argument of counsel for the Trustee as well as from counsel for the defendants and any party that may have filed an Objection. The Court therefore being fully advised:

**DOES HEREBY ORDER**:

1.  Final Judgment is hereby entered in favor of Herbert Stettin, Trustee of Rothstein, Rosenfeldt & Adler P.A., and against Defendants Stuart Rosenfeldt and Susanne Rosenfeldt, jointly and severally (the "Rosenfeldts") in the amount of $1,631,028 as against Stuart Rosenfeldt and $250,000 as against Susanne Rosenfeldt, which shall bear post-judgment interest at the applicable federal statutory rate, pursuant to 28 U.S.C. §1961, effective upon entry of this judgment.

2.  All terms and conditions of the Settlement Agreement executed by the Trustee and the Rosenfeldts on May ____, 2011, and which established the right of the Trustee to obtain this Final Judgment, are deemed incorporated by reference.

3.  As provided in the Settlement Agreement, in the event that either or both of Stuart Rosenfeldt or Susanne Rosenfeldt file an individual future bankruptcy proceeding, this Final Judgment shall be conclusively deemed non-dischargeable pursuant to the provisions of 11 U.S.C. §523(a)(4) and (6), and the Rosenfeldts shall be judicially estopped from asserting otherwise at any point in the future.

4.  The Trustee shall not seek to enforce this Judgment for 90 days from the date of filing the motion to approve this settlement.

5.  The Court reserves jurisdiction to enter further orders necessary to enforce the

Adv. Pro. No 10-02615-BKC-RBR-A
*Final Judgment*

terms and conditions of the Settlement Agreement and this Final Judgment.

### # # #

**TRUSTEE ADDRESS**
Herbert Stettin
c/o Charles Lichtman
Berger Singerman, P.A.
350 East Las Boulevard
Suite 1000
Ft. Lauderdale, Florida FL 33301

**DEFENDANTS' ADDRESS**
201 SW 8th Terr
Boca Raton, Florida

Submitted by:

**BERGER SINGERMAN, P.A.**
Charles H. Lichtman, Esq.
350 East Las Olas Blvd., Suite 1000
Fort Lauderdale, Florida 33301
Main Line: (954) 525-9900
Facsimile: (954) 523-2872

Copies to:

Charles H. Lichtman, Esq.
350 East Las Olas Blvd., Suite 1000
Fort Lauderdale, Florida 33301

Luis Salazar, Esq.
500 S. Dixie Hwy # 302
Coral Gables, FL 33146

Mitchell S. Fuerst, Esq.
Fuerst Ittleman, PL
1001 Brickell Bay Dr.
Suite 2002
Miami, FL  33131

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

IN RE:                                    CASE NO.:  09-34791-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,        CHAPTER 11

      Debtor.

_____/

**ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN**
**THE CHAPTER 11 TRUSTEE AND STUART AND SUZANNE ROSENFELDT**

**THIS CAUSE** came before the Court without a hearing upon the Trustee's *Motion to*

*Approve Settlement Agreement Between The Chapter 11 Trustee and Stuart and Suzanne*

*Rosenfeldt* [D.E.    ] (the "Motion") filed by the Trustee on _____, 2011.  The Court, having

reviewed the Motion and the Court file, having found that proper notice of the Motion has been

given (See D.E. ____ for the Certificate of Service of the Motion) and having been advised that no

objections to, or requests for hearing on the Motion have been timely received by the Trustee or

counsel or filed with the Court, finds it appropriate to grant the Motion.  Accordingly, it is -

**ORDERED** as follows:

1.    The Motion is **GRANTED**.

2.    The terms of the Settlement Agreement attached hereto as Exhibit "A" are approved and incorporated herein in their entirety.

3.    The Court retains jurisdiction to enforce the terms of the Settlement Agreement.

# # #

Submitted by:
Charles H. Lichtman, Esq.
BERGER SINGERMAN, P.A.,
350 East Las Olas Blvd., Suite 1000
Fort Lauderdale, Florida 33301
Main Line: (954) 525-9900
Facsimile: (954) 523-2872
clichtman@bergersingerman.com

Copy furnished to:
Charles H. Lichtman, Esq.
*(Attorney Lichtman is directed to serve this Order to all parties of interest and to file a Certificate of Service.)*

3635893-1