UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

ROTHSTEIN ROSENFELDT ADLER, P.A.,          Case No. 09-34791-BKC-RBR
                                           Chapter 11

      Debtor.

_____/

## MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN
## THE CHAPTER 11 TRUSTEE AND KIMBERLY A. ROTHSTEIN

Herbert Stettin ("Stettin" or the "Trustee"), the Chapter 11 Trustee of Rothstein Rosenfeldt Alder, P.A. ("RRA" or the "Debtor"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, files this *Motion to Approve Settlement Agreement Between The Chapter 11 Trustee and Kimberly A. Rothstein* (the "Motion"), and in support states:

### Background

1.      This case was commenced as an involuntary Chapter 11 proceeding on November 10, 2009, by four petitioning creditors (the "Bankruptcy Case"). [D.E. 1].

2.      The Court entered an Order for Relief on November 30, 2009. [D.E. 66].

3.      On November 20, 2009, this Court entered an order directing the appointment of a trustee. [D.E. 30]. On November 20, 2009, the United States Trustee's office selected Stettin as the Trustee in this case. [D.E. 35]. On November 25, 2009, the Court ratified Stettin's appointment as Trustee. [D.E. 55].

4.      Since the Trustee's appointment and ratification, the Trustee's professionals have conducted a thorough analysis of RRA's books and records and other financial data including hundreds of millions of dollars in transfers made within the four year period prior to the petition date to various parties, including Mrs. Kimberly A. Rothstein ("Mrs. Rothstein")(together with

the Trustee, "the Parties").

On March 10, 2010, the Trustee commenced an adversary proceeding in the Bankruptcy Case (Adversary Case No.: 10-02741-RBR-A; the "Adversary Proceeding") by filing an adversary complaint (Adv. D.E. 1; the "Adversary Complaint") the Trustee sought, among other relief, to avoid and recover damages for certain fraudulent transfers and other causes of action (collectively referred to as the "Claims").

5.       The Parties have engaged in numerous informal and formal settlement discussions during the course of this Adversary Proceeding.

6.       The Parties have reached an agreement on a comprehensive settlement (the "Settlement"), and executed a written settlement agreement (the "Settlement Agreement"), a copy of which is attached as Exhibit A.

### The Settlement

7.       In considering the circumstances, and taking into account the nature of the claims against Mrs. Rothstein, the potential defenses available to such claims and the risks associated with litigating this matter, the Trustee believes that the terms of the Settlement are favorable to the estate.

8.       Pursuant to the Settlement, in full and final settlement of the Claims and any and all other claims that could have been asserted against Mrs. Rothstein in the Adversary Proceeding or in the Bankruptcy Case, (however, subject to the approval of this Settlement by the Court as is provided specifically below), Mrs. Rothstein shall turnover, grant, sell, convey and transfer unto the Trustee all of Mrs. Rothstein's right, title and interest in and to the following personalty, items and assets, existing as of the date hereof: (a) the personal property, items and assets in her storage bays located at Secured Storage at 84 whose physical address is

2021 West State Road 84, Fort Lauderdale, Florida, as delineated on the attached inventory, which is hereby incorporated herein by this reference; (b) the personal property, items and assets located at Beltmann Relocation Group ("Beltmann"), whose physical address is 3039 North Andrews Avenue Extension, Pompano Beach, Florida, held in the name of S.W., including but not limited to, those items contained in storage pods # 726, 727, 729, 732, 733, 734, and 736, as delineated on the attached inventory, which is hereby incorporated herein by this reference (in connection herewith, Mrs. Rothstein represents and warrants unto Trustee that notwithstanding that S.W. is the registered name on file at Beltmann for such personalty, the personalty is nevertheless owned exclusively by Mrs. Rothstein, individually, or jointly with her husband, Scott Rothstein ("Rothstein"); (c) any and all personal property, items and assets located at 151 East 58th Street, Apartment 42D, New York, New York, referred to as "Defendant RP19" in Rothstein's criminal case (*United States v. Scott W. Rothstein*, 09-60331-CR-JIC); (d) any and all personal property, items and assets located at 11 Bluff Hill Cove Farm, Narragansett, Rhode Island, referred to as "Defendant RP 20" in Rothstein's criminal case (*United States v. Scott W. Rothstein*, 09-60331-CR-JIC); (e) any and all personal property, items and assets located at 15 Bluff Hill Cove Farm, Narragansett, Rhode Island, referred to as "Defendant RP 21" in Rothstein's criminal case (*United States v. Scott W. Rothstein*, 09-60331-CR-JIC); (f) that certain 2008 Ford Expedition EPT, color Black, bearing VIN *1FMFU20578LA34996*; (g) any and all personal property, items and assets located at 353 4th Avenue, Unit 12-H, Brooklyn, New York, referred to as "Defendant RP 22" in Rothstein's criminal case (*United States v. Scott W. Rothstein*, 09-60331-CR-JIC); (h) any claim of any interest or right, ownership or otherwise, in and to that certain $108,341.07 (plus interest) Safe Harbor Employer Contribution made to Smith Barney by Rothstein and paid for by RRA; (i) that certain ruby and diamond heart ring released

by the U.S. Attorney's Office to Mrs. Rothstein pursuant to D.E. #552 of Rothstein's criminal case, and (j) the personal property, items and assets located at 227 Garden Court, Lauderdale by the Sea, Florida referred to as "Defendant RP 11" in Rothstein's criminal case (*United States v. Scott W. Rothstein*, 09-60331-CR-JIC), as delineated on the attached inventory, incorporated herein by this reference (collectively, the foregoing personalty, items and assets listed in Section 1 (a) through (j) above are hereinafter referred to as the "Settlement Items").

9.     Marc S. Nurik ("Nurik") represents that as counsel to Rothstein, he has discussed all terms and conditions of this Agreement with him, and that Rothstein has stated his consent to all of his personalty that are included in the Settlement Items, whether owned in his own right, or with Mrs. Rothstein, to be disposed of in favor of the Trustee, and that Mrs. Rothstein is authorized to execute documents reasonably necessary to transfer the Settlement Items, as provided herein. Nurik shall have no personal liability to the Trustee for any breach of the Settlement Agreement by Mrs. Rothstein.

10.     On the Effective Date, as defined in the Settlement Agreement, Mrs. Rothstein shall be deemed to have fully, finally and forever released, relinquished, discharged and waived any and all claims, causes of action, costs, damages, expenses, remedies, whether now known or unknown, and whether pending or not yet asserted, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, which she individually has or may have had against RRA, the Trustee and the Trustee's attorneys and accountants, relating in any manner whatsoever, directly or indirectly to RRA, its business and operations, the Adversary Proceeding, the Bankruptcy Case and/or the Claims. However, nothing herein shall operate or otherwise be construed to operate as a release or discharge of any of the obligations, representations or warranties of the Trustee under the Settlement Agreement.

11.    On the Effective Date, the Trustee on behalf of RRA and the RRA bankruptcy estate, shall be deemed to have fully, finally, and forever relinquished, discharged, and waived any and all claims, causes of action, costs, damages, expenses, remedies, whether now known or unknown, and whether pending or not yet asserted, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, which the Trustee on behalf of RRA and the RRA bankruptcy estate has or may have had against Mrs. Rothstein, individually, and her attorneys and accountants, relating in any manner whatsoever, directly or indirectly, to RRA, its business and operations, the Adversary Proceeding, the Bankruptcy Case and/or the Claims.  However, nothing herein shall operate or otherwise be construed to operate as a release or discharge of any of the obligations, representations or warranties of Mrs. Rothstein under the Settlement Agreement.

### Authority to Support Authorization of the Settlement

12.    The Trustee seeks approval of the Settlement Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

13.    Rule 9019(a) provides that, after notice and a hearing, a court may approve a proposed settlement of a claim.  The decision of whether or not to approve a compromise is within the sound discretion of the court. *In re Chira,* 367 B.R. 888, 896 (S.D. Fla. 2007) *aff'd.* 567 F.3d 1307 (11th Cir. 2010) citing *In re Air Safety Intern., L. C.,* 336 B.R. 843, 852 (S.D. Fla. 2005); *In re Arrow Air, Inc.,* 85 B.R. 886 (Bankr. S.D. Fla. 1988).

14.    In passing on proposed settlements, the Court must determine whether a proposed settlement is fair and equitable. *In re Chira,* 367 B.R. at 896 (S.D. Fla. 2007). The Court must evaluate whether the compromise falls below the "lowest point in the range of reasonableness." *In re S&I Investments,* 421 B.R. 569, 583 (Bankr. S.D. Fla. 2009) citing *In re*

*Bicoastal Corp.,* 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993); *see also In re Arrow Air, Inc.,* 85 B.R. at 886 (Bankr. S.D. Fla. 1988).

15.     The 11th Circuit, in *In re Justice Oaks II, Ltd.,* 898 F.2d 1544, 1549, provided additional guidance regarding whether a settlement should be approved and established a four-part test:

a.     The probability of success in litigation;

b.     The difficulties, if any, to be encountered in the matter of collection;

c.     The complexity of the litigation involved and the expense, inconvenience

d.     and delay necessarily attending it; and

e.     The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

18.     The Trustee submits that the proposed Settlement overwhelmingly satisfies the *Justice Oaks* standard.

19.     The Settlement provides the Trustee with an opportunity to efficiently settle significant claims of the estate on favorable terms against a party likely capable of financing the costs of protracted litigation, from trial and through the exhaustion of appellate remedies, and will provide the Debtor's estate with a significant recovery.

20.     If this matter were to proceed to trial, substantial additional discovery would be necessary.  It is also anticipated that, due to the positions advanced by both sides, the costs associated with litigating this matter through trial and the exhaustion of appellate remedies would be significant.

21.     The Trustee believes that the expense, inconvenience and delay that would be caused by litigating with KAR would not be in the best interest of the Debtor's estate.

22.    Therefore, after full and careful consideration, the Trustee believes that resolution set forth in the Settlement Agreement is in the best interest of the Debtor's estate and the creditors of the estate.

**WHEREFORE,** the Trustee respectfully requests the entry of an order, in substantially the same form as the order attached as Exhibit B, (i) granting this Motion, (ii) approving the terms of the Settlement Agreement, and (iii) granting such other relief as is just and proper.

Dated: May 9, 2011.

> BERGER SINGERMAN, P.A.
> Attorneys for the Chapter 11 Trustee
> 350 East Las Olas Boulevard, Suite 1000
> Fort Lauderdale, FL  33301
> Telephone:  (954) 712-5138
> Main:      (954) 525-9900
> Facsimile:  (954) 523-2872
>
> By:   /s/   Charles H. Lichtman
>       Charles H. Lichtman
>       clichtman@bergersingerman.com
>       Florida Bar No. 501050

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via the Court's CM/ECF system to all registered users in this case and via Regular U.S. Mail, postage prepaid, fax, email and/or overnight delivery, as indicated, upon all parties listed below and on the attached Service List this 9th day of May 2011.

By: /s/ Charles H. Lichtman
Charles H. Lichtman

## MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Marianella Morales, Esquire
Authorized Agent For Joining Creditors
Avenida Francisco de Miranda
Torre Provincial "A"
Piso 8
Caracas, Venezuela
**(VIA CM/ECF and EMAIL)**

John H. Genovese, Esq.
Robert F. Elgidely, Esq.
Theresa M.B. Van Vliet, Esq.
Genovese Joblove & Battista, PA
Bank Of America Tower at International
Place
100 S.E. 2nd Street, Suite 4400
Miami, Florida 33131
**(VIA CM/ECF and EMAIL)**

Kendall Coffey, Esq.
Coffey Burlington,
Office in the Grove
Penthouse
2699 South Bayshore Drive
Miami, Florida 33133
kcoffey@coffeyburlington.com
**(VIA CM/ECF and EMAIL)**

The Honorable Herbert M. Stettin
One Biscayne Tower
Suite 3700
Two South Biscayne Boulevard
Miami, Florida 33131
**(VIA U.S. MAIL and EMAIL)**

John G. Bianco, Esq.
John M. Mulli, Esquire
Tripp Scott
110 Southeast Sixth Street
Fifteenth Floor
Fort Lauderdale, Fl. 33301
jgb@trippscott.com
**(VIA CM/ECF and EMAIL)**

Alison W. Lehr, Esq.
Grisel Alonso, Esq.
Assistant United States Attorney
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132
Alison.Lehr@usdoj.gov
Grisel.alonso@usdoj.gov
**(VIA CM/ECF and EMAIL)**

Jeffrey R. Sonn, Esq.
Sonn & Erez, PLC
Broward Financial Center
500 E. Broward Boulevard
Suite 1600
Fort Lauderdale, Florida 33394
jsonn@sonnerez.com
**(VIA CM/ECF and EMAIL)**

Office of the US Trustee
51 Southwest First Avenue
Suite 1204
Miami, Florida 33130
**(VIA CM/ECF and EMAIL)**

Thomas Tew, Esq.
Tew-Cardenas, LLP
Four Seasons Tower
15th Floor
1441 Brickell Avenue
Miami, Florida 33131-3407
tt@tewlaw.com
**(VIA CM/ECF and EMAIL)**

Conrad & Scherer, LLP
633 South Federal Highway
Fort Lauderdale, FL 33301
bs@conradscherer.com
JSilver@conradscherer.com
**(VIA CM/ECF and EMAIL)**

2441794-1

## MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Michael D. Seese, Esq.
Hinshaw & Culbertson, LLP
1 E Broward Blvd Ste 1010
Ft Lauderdale, Florida 33301
mseese@hinshawlaw.com
**(VIA CM/ECF and EMAIL)**

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114
**(Via U.S. Mail)**

Internal Revenue Service
Special Procedures - Insolvency
7850 SW 6th Court
Plantation, FL 33324
**(Via U.S. Mail)**

Special Asst. U.S. Attorney
P.O. Box 9, Stop 8000
51 SW 1st Avenue, #1114
Miami, Fl 33130
**(Via U.S. Mail)**

United Healthcare
Dept. CH 10151
Palatine, IL 60055
**(Via US Mail)**

Special Asst. U.S. Attorney
IRS District Counsel
1000 S. Pine Island Rd., Ste 340
Plantation, FL 33324-3906
**(Via U.S. Mail)**

The Honorable Eric H. Holder, Jr.
Attorney General of the U.S.
950 Pennsylvania Avenue, NW Room 4400
Washington, DC 20530-0001
**(Via U.S. Mail)**

Honorable Jeffrey H. Sloman,
Acting U.S. Attorney
99 NE 4th Street
Miami, Fl 33132
**(Via U.S. Mail)**

Daniel Mink
Ovadia Levy
c/o Renato Watches, Inc
14051 NW 14th Street
Sunrise, Florida 33323
**(Via U.S. Mail)**

William George Salim, Jr.
Moskowitz Mandell & Salim
800 Corporate Dr Ste 510
Fort Lauderdale, Florida 33334
wsalim@mmsslaw.com
**(VIA CM/ECF and EMAIL)**

USI
Attn: Anthony Gruppo
200 West Cypress Creek Road
Suite 500
Fort Lauderdale, FL 33309
Anthony.gruppo@usi.biz
**(VIA EMAIL)**

Marc Nurik, Esq.
1 East Broward Blvd
Suite 700
Fort Lauderdale, FL 33301
marc@nuriklaw.com
**(VIA EMAIL)**

BAST AMRON LLP
SunTrust International Center
One Southeast Third Avenue
Suite 1440
Miami, Florida 33131
bamron@bastamron.com
jbast@bastamron.com
**(VIA CM/ECF and EMAIL)**

## MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Mark Bloom, Esq.
John B. Hutton, Esq.
Greenberg Traurig, LLP
333 Avenue of the Americas, Suite 4400
Miami, FL 33131-3238
bloomm@gtlaw.com
huttonj@gtlaw.com
**(VIA CM/ECF and EMAIL)**

Robert D. Critton, Esq.
Burman, Critton, Luttier & Coleman
303 Banyan Blvd., Suite 400
West Palm Beach, FL 33401
rcrit@bclclaw.com
**(VIA CM/ECF and EMAIL)**

Roth & Scholl
Attn: Jeffrey C. Roth, Esq.
Attorneys For Creditor Blue
Capital Us East Coast Properties, L.P.
866 South Dixie Highway
Coral Gables, Fl 33146
jeff@rothandscholl.com
**(VIA CM/ECF and EMAIL)**

Rogers, Morris & Ziegler, LLP
1401 East Broward Blvd
Suite 300
Fort Lauderdale, FL 33301
mfbooth@rmzlaw.com
**(VIA CM/ECF and EMAIL)**

Arthur C. Neiwirth, Esq.
One E. Broward Blvd., Suite 1400
Ft. Lauderdale, FL 33301
aneiwirth@qpwblaw.com
**(VIA CM/ECF and EMAIL)**

The Florida Bar
Adria E. Quintela, Esq.
Alan Anthony Pascal, Esq.
Lake Shore Plaza II
1300 Concord Terrace, Suite 130
Sunrise, FL 33323
aquintel@flabar.org
apascal@flabar.org
**(VIA CM/ECF and EMAIL)**

Micheal W. Moskowitz, Esq.
800 Corporate Drive, Suite 500
Ft. Lauderdale, FL 33234
mmoskowitz@mmsslaw.com
**(VIA CM/ECF and EMAIL)**

Francis L. Carter, Esq.
Katz Barron Squitero Faust
2699 S. Bayshore Drive, 7th Floor
Miami, Florida 33133
flc@katzbarron.com
**(VIA CM/ECF and EMAIL)**

Bradley S. Shraiberg, Esq.
2385 NW Executive Drive
Suite 300
Boca Raton, Florida 33431
bshraiberg@sfl-pa.com
**(VIA CM/ECF and EMAIL)**

Henry S. Wulf, Esq.
CARLTON FIELDS, P.A.
525 Okeechobee Blvd., Suite 1200
West Palm Beach, Florida 33401
E-Mail: hwulf@carltonfields.com
**(VIA CM/ECF and EMAIL)**

EMESS Capital, LLC
c/o Bruce A. Katzen, Esq.
201 S. Biscayne Blvd., 17th Floor
Miami, Florida 33131
E-Mail: bkatzen@klugerkaplan.com
jberman@klugerkaplan.com
**(VIA CM/ECF and EMAIL)**

## MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Ira Sochet, Trustee
Revocable Intervivos Trust of Ira Sochet
c/o Phil Hudson, Esq.
200 South Biscayne Blvd, Suite 3600
Miami, Florida 33130
E-Mail: pmhudson@arnstein.com
**(VIA CM/ECF and EMAIL)**

Coquina Investments
c/o Patricia A. Redmond, Esq.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
E-Mail: predmond@stearnsweaver.com
**(VIA CM/ECF and EMAIL)**

Michael I. Goldberg, Esq.
Las Olas Centre - Suite 1600
350 East Las Olas Blvd
Fort Lauderdale, FL 33301
E-Mail: Michael.goldberg@akerman.com
Eyal.berger@akerman.com
**(VIA CM/ECF and EMAIL)**

LMB Funding Group
c/o Robert C. Furr, Esq.
2255 Glades Road, Suite 337W
Boca Raton, Florida 33431
E-Mail: rfurr@furrcohen.com
**(VIA CM/ECF and EMAIL)**

Lawrence A. Gordich, Esq.
Melissa Alagna, Esq.
SEGALL/GORDICH P.A.
801 Brickell Avenue, Suite 900
Miami, Florida 33131
Email: lag@segallgordich.com
Email: mma@segallgordich.com
**(VIA CM/ECF and EMAIL)**

Broward County
Attn: Hollie N. Hawn, Esq.
Government Center
115 South Andrews Avenue
Fort Lauderdale, FL 33301
E-Mail: hhawn@broward.org
**(VIA CM/ECF and EMAIL)**

Steven J. Solomon, Esq.
Gray Robinson, P.A.
1221 Brickell Ave, Suite 1600
Miami, Florida 33131
E-Mail – steven.solomon@gray-robinson.com
**(VIA CM/ECF and EMAIL)**

Peter F. Valori, Esq.
DAMIAN & VALORI LLP
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
E-mail: pvalori@dvllp.com
**(VIA CM/ECF and EMAIL)**

Canon Financial Services, Inc.
158 Gaither Drive, #200
Mount Laurel, NJ 08054
**(Via US Mail)**

CIT Technology Financing Services I, LLC
10201 Centurion Parkway North
Jacksonville, FL 32256
**(Via US Mail)**

Gibraltar Private Bank & Trust Company
220 Alhambra Circle, Suite 500
Coral Gables, FL 33134
**(Via US Mail)**

Inter-Tel Leasing, Inc.
1140 West Loop North
Houston, TX 77055
**(Via US Mail)**

Florida Department of Revenue
501 S. Calhoun Street
Room 201
Carlton Building
Tallahassee, FL 32399
**(Via US Mail)**

# MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Leon County Tax Collector
315 S. Calhoun Street
Suite 210
Tallahassee, FL 32301
**(Via US Mail)**

Miami-Dade County Tax Collectors
140 West Flagler Street, 14th Floor
Miami, FL 33130
**(Via US Mail)**

Palm Beach County Tax Collector
P.O. Box 3715
West Palm Beach, FL 33402-3715
**(Via US Mail)**

THE LAW OFFICES OF
GEOFFREY D. ITTLEMAN, P.A.
440 North Andrews Avenue
Fort Lauderdale, Florida 33301
**(Via US Mail)**

Carpenter & Berger, PL
6400 N. Andrew Ave, suite 370
Fort Lauderdale, FL 33309
**(Via US Mail)**

Frank F. McGinn, Esq.
Bartlett Hackett Feinberg, P.C.
155 Federal Street, 9th Floor
Boston, MA 02110
ffm@bostonbusinesslaw.com
**(VIA CM/ECF and EMAIL)**

Darol H. M. Carr, Esq.
99 Nesbit Street
Punta Gorda, FL 33950
dcarr@farr.com
**(VIA CM/ECF and EMAIL)**

Jane A. Bee, Esq.
Blank Rome LLP
130 North 18th Street
Philadelphia, PA 19103-6998
bee@blankrome.com
**(VIA EMAIL)**

Roderick F. Coleman, Esq.
400 South Dixie Highway, Suite 121
Boca Raton, FL 33432
rfc@colemanattorneys.com
**(VIA CM/ECF and EMAIL)**

Mark S. Haltzman, Esq.
Lamm Rubenstone, LLC
3600 Horizon Blvd, Suite 200
Trevose, PA 19053
mhaltzman@lammrubenstone.com
**(VIA CM/ECF and EMAIL)**

Robert C. Buschel, Esq.
100 S.E. Third Ave, Suite 1300
Fort Lauderdale, FL 33394
**buschel@bglaw-pa.com**
**(VIA CM/ECF and EMAIL)**

Berkowitz Dick Pollack & Brant
Certified Public Accountants & Consultants,
LLP
200 S Biscayne Boulevard, Sixth Floor
Miami, FL  33131-2310
Attn: Richard Pollack
**(Via Email and U.S. Mail)**

MELAND RUSSIN & BUDWICK, P.A.
3000 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Attn: James C. Moon, Esq.
jmoon@melandrussin.com
Attn: Peter D. Russin, Esq.
prussin@melandrussin.com
Attn: Michael S. Budwick, Esq.
mbudwick@melandrussin.com
**(VIA CM/ECF and EMAIL)**

Gary S. Blake, Esq.
1499 W. Palmetto Park Rd
Suite 300
Boca Raton, FL 33486
gblake@lglaw.net
**(VIA CM/ECF and EMAIL)**

## MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Melinda S. Thornton, Esq.
Assistant County Attorney
County Attorney's Office
2810 Stephen P. Clark Center
111 N.W. First Street
Miami, Fl 33128-1993
Email: cao.bkc@miamidade.gov
**(VIA CM/ECF and EMAIL)**

SLATKIN & REYNOLDS, P.A.
Attorneys for Russell Adler and Katie Adler
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
jslatkin@slatkinreynolds.com
**(VIA CM/ECF and EMAIL)**

ASSOULINE & BERLOWE, P.A.
213 East Sheridan Street, Ste. 3
Dania Beach, FL 33004
Attn: Eric N. Assouline, Esq.
ena@assoulineberlowe.com
**(VIA CM/ECF and EMAIL)**

Steven J. Reisman, Esq.
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178-0061
E-mail: sreisman@curtis.com
**(Via Email and U.S. Mail)**

Turner P. Smith, Esq.
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178-0061
E-mail: tsmith@curtis.com
**(Via Email and U.S. Mail)**

Maryann Gallagher, Esq.
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue

New York, NY 10178-0061
E-mail: mgallagher@curtis.com
**(Via Email and U.S. Mail)**

ILEANA CRUZ BONGINI, ESQ.
icruz@stearnsweaver.com
STEARNS WEAVER MILLER
WEISSLER ALHADEFF & SITTERSON,
P.A.
Coquina Investments
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
**(VIA CM/ECF and EMAIL)**

Lynn Maynard Gollin
lgollin@gordonrees.com
Gordon & Rees LLP
Four Seasons Tower
15th Floor
1441 Brickell Avenue
Miami, FL 33131
**(VIA CM/ECF and EMAIL)**

Paul J. McMahon, Esq.
Paul Joseph McMahon, P.A.
2840 S.W. Third Ave
Miami, Florida 33129
pjm@pjmlawmiami.com
**(VIA CM/ECF and EMAIL)**

Robert P. Avolio, Esq.
Crossroads Corporate Center
3150 Brunswick Pike, Ste. 120
Lawrenceville, NJ 08648
ravolio@avoliohanlon.com
**(Via Email and U.S. Mail)**

Mark S. Shipman, Esq.
20 Batterson Park Road, Suite 120
Farmington, CT 06032
mark@shipso.com
**(Via Email and U.S. Mail)**

## MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Heather L. Ries, Esq.
Fox Rothschild, LLP
222 Lakeview Ave, Suite 700
West Palm Beach, Fl 33401
hries@foxrothschild.com
**(VIA CM/ECF and EMAIL)**

Geoffrey S. Aaronson, Esq.,
Geoffrey S. Aaronson, P.A.,
 Local Counsel for FEP and
the FEP Victims Group,
Miami Tower, 100 SE 2nd Street,
27th Floor, Miami, Florida 33131
**gaaronson@aaronsonpa.com**
**(VIA CM/ECF and EMAIL)**

Michael Paris, Esq.
William C. Nystrom, Esq.
Nystrom, Beckman & Paris, LLP
Counsel for FEP & the FEP Victims Group
10 Saint James Avenue, 16th Floor
Boston, MA 02116
mparis@nbparis.com
wnystrom@nbparis.com
**(Via Email and U.S. Mail)**

Scott L. Baena, Esq.
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3238
**SBaena@bilzin.com**
**(VIA CM/ECF and EMAIL)**

Alberta L. Adams, Esq.
Mills Paskert Divers
100 North Tampa Street, Suite 2010
Tampa, Florida 33602
**aadams@mpdlegal.com**
**(VIA CM/ECF and EMAIL)**

James B. Sowka, Esq.
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Email: jsowka@seyfarth.com
**(VIA CM/ECF and EMAIL)**

David C. Christian II, Esq.
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Email: dchristian@seyfarth.com
**(VIA CM/ECF and EMAIL)**

David M. Levine, Esq.
Levine Kellogg Lehman Schneider &
Grossman, LLP
201 S. Biscayne Blvd, 34th Floor
Miami, Florida 33131
Email: dml@lkllaw.com
**(VIA CM/ECF and EMAIL)**

Timothy W. Volpe, Esq.
John T. Rogerson, III, Esq.
Caroline Prieto, Esq.
Volpe, Bajalia, Wickes, Rogerson & Wachs,
P.A.
501 Riverside Ave, 7th Floor
Jacksonville, FL 32202
**(Via U.S. Mail)**

**EXHIBIT A**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), is entered into by and between, (i) Herbert Stettin, in his capacity as Chapter 11 Trustee ("Stettin" or "Trustee") of the bankruptcy estate of Rothstein Rosenfeldt Adler, P.A. ("RRA" or the "Debtor"), in Case No. 09-34791-RBR (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Southern District of Florida (the "Court"), and (ii) Kimberly A. Rothstein, in her individual capacity ("Mrs. Rothstein"); and each of the Trustee and Mrs. Rothstein are collectively sometimes referred to as the "Parties").

WHEREAS, on November 10, 2009 (the "Petition Date"), an involuntary bankruptcy case was filed against RRA [D.E. #1] under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Court entered an Order for Relief on November 30, 2009 [D.E. #66]. On November 20, 2009, the Court entered an order directing the appointment of a Trustee [D.E. #30] and the United States Trustee's office selected Stettin as the Trustee in this case [D.E. #35]. On November 25, 2009, the Court ratified Stettin's appointment as Trustee [D.E. #55].

WHEREAS, on March 10, 2010, the Trustee filed an adversary proceeding against Mrs. Rothstein (*Herbert Stettin v Kimberly A. Rothstein,* Adv. Pro. No. 10-02741-BKC-RBR-A (the "Adversary Proceeding"). Through the Adversary Proceeding, the Trustee sought, among other relief, to avoid and recover damages for certain fraudulent transfers and other causes of action (collectively referred to as the "Claims").

WHEREAS, the Trustee and Mrs. Rothstein have decided to settle the Adversary Proceeding.

3570665-2

1

WHEREAS, Mrs. Rothstein denies the allegations made by the Trustee in the Adversary Proceeding and enters into this Agreement without admitting fault, liability or wrongdoing whatsoever.

WHEREAS, the Parties agree that the foregoing recitals are true and correct, and

NOW, THEREFORE, in consideration of the mutual promises and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Trustee and Mrs. Rothstein hereby each jointly agree as follows:

1.    Settlement Items:  In full and final settlement of the Claims and any and all other claims that could have been asserted against Mrs. Rothstein in the Adversary Proceeding or in the Bankruptcy Case, (however, subject to the approval of this settlement by the Court as is provided specifically below), Mrs. Rothstein shall turnover, grant, sell, convey and transfer unto the Trustee all of Mrs. Rothstein's right, title and interest in and to the following personalty, items and assets, existing as of the date hereof: (a) the personal property, items and assets in her storage bays located at Secured Storage at 84 whose physical address is 2021 West State Road 84, Fort Lauderdale, Florida, as delineated on the attached inventory, which is hereby incorporated herein by this reference; (b) the personal property, items and assets located at Beltmann Relocation Group ("Beltmann"), whose physical address is 3039 North Andrews Avenue Extension, Pompano Beach, Florida, held in the name of S.W., including but not limited to, those items contained in storage pods # 726, 727, 729, 732, 733, 734, and 736, as delineated on the attached inventory, which is hereby incorporated herein by this reference (in connection herewith, Mrs. Rothstein represents and warrants unto Trustee that notwithstanding that S.W. is the registered name on file at Beltmann for such personalty, the personalty is nevertheless owned exclusively by Mrs. Rothstein, individually, or jointly with her husband, Scott Rothstein

("Rothstein"); (c) any and all personal property, items and assets located at 151 East 58th Street, Apartment 42D, New York, New York, referred to as "Defendant RP19" in Rothstein's criminal case (*United States v. Scott W. Rothstein*, 09-60331-CR-JIC); (d) any and all personal property, items and assets located at 11 Bluff Hill Cove Farm, Narragansett, Rhode Island, referred to as "Defendant RP 20" in Rothstein's criminal case (*United States v. Scott W. Rothstein*, 09-60331-CR-JIC); (e) any and all personal property, items and assets located at 15 Bluff Hill Cove Farm, Narragansett, Rhode Island, referred to as "Defendant RP 21" in Rothstein's criminal case (*United States v. Scott W. Rothstein*, 09-60331-CR-JIC); (f) that certain 2008 Ford Expedition EPT, color Black, bearing VIN *1FMFU20578LA34996*; (g) any and all personal property, items and assets located at 353 4th Avenue, Unit 12-H, Brooklyn, New York, referred to as "Defendant RP 22" in Rothstein's criminal case (*United States v. Scott W. Rothstein*, 09-60331-CR-JIC); (h) any claim of any interest or right, ownership or otherwise, in and to that certain $108,341.07 (plus interest) Safe Harbor Employer Contribution made to Smith Barney by Rothstein and paid for by RRA; (i) that certain ruby and diamond heart ring released by the U.S. Attorney's Office to Mrs. Rothstein pursuant to D.E. #552 of  Rothstein's criminal case, and (j) the personal property, items and assets located at 227 Garden Court, Lauderdale by the Sea, Florida referred to as "Defendant RP 11" in Rothstein's criminal case (*United States v. Scott W. Rothstein*, 09-60331-CR-JIC), as delineated on the attached inventory, incorporated herein by this reference (collectively, the foregoing personalty, items and assets listed in Section 1 (a) through (j) above are hereinafter referred to as the "Settlement Items").   Mrs. Rothstein acknowledges that the Settlement Items are a repayment of amounts which RRA paid directly or indirectly to Mrs. Rothstein and does not constitute a fine or penalty.    Mrs. Rothstein represents and warrants to Trustee, as of the date hereof, that all of the Settlement Items are owned exclusively by Mrs.

Rothstein, either individually or jointly with Rothstein, and that none of the Settlement Items are subject to any claim, lien, encumbrance or defect (other than that certain blanket claim made by the Internal Revenue Service, which reference hereof does not serve to validate or re-impose). Mrs. Rothstein further represents that she has not transferred, assigned, hidden or otherwise disposed of any personal property that was or may have been uniquely the property of Rothstein, including but not limited to jewelry, guitars, clothing, sports memorabilia or artwork except as otherwise previously disclosed by Mrs. Rothstein. If such transfers have occurred and Mrs. Rothstein has not previously divulged them, and the Trustee determines such transfers occurred, Mrs. Rothstein shall be liable for the fair market value of such property, and the Trustee is entitled to obtain a final judgment against her for all such sums. Further, Mrs. Rothstein represents that to the best of her knowledge, information and belief, all of the Settlement Items are capable of being freely transferred to the Trustee without any third party consent, as is provided by this Agreement (other than that certain blanket claim made by the Internal Revenue Service, which reference hereof does not serve to validate or re-impose). Marc S. Nurik ("Nurik") represents that as counsel to Rothstein, he has discussed all terms and conditions of this Agreement with him, and that Rothstein has stated his consent to all of his personalty that are included in the Settlement Items, whether owned in his own right, or with Mrs. Rothstein, to be disposed of in favor of the Trustee, **and that Mrs. Rothstein is authorized to execute documents reasonably necessary to transfer the Settlement Items,** as provided herein. Nurik shall have no personal liability to the Trustee for any breach of this Agreement by Mrs. RothsteinThe Settlement Items shall be duly conveyed to Trustee by a general warranty bill of sale (the form of which is attached hereto and incorporated herein), together with all appropriate transfer documents required by applicable law.

3570665-2                                                      4

2.    General Release of Claims by Mrs. Rothstein:  On the Effective Date (as defined in paragraph 4 below), Mrs. Rothstein shall be deemed to have fully, finally and forever released, relinquished, discharged and waived any and all claims, causes of action, costs, damages, expenses, remedies, whether now known or unknown, and whether pending or not yet asserted, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, which she individually has or may have had against RRA, the Trustee and the Trustee's attorneys and accountants, relating in any manner whatsoever, directly or indirectly to RRA, its business and operations, the Adversary Proceeding, the Bankruptcy Case  and/or  the Claims.  However, nothing herein shall operate or otherwise be construed to operate as a release or discharge of any of the obligations, representations or warranties of the Trustee under this Agreement.

3.    Release of Claims by the Trustee:  On the Effective Date, the Trustee on behalf of RRA and the RRA bankruptcy estate, shall be deemed to have fully, finally, and forever relinquished, discharged, and waived any and all claims, causes of action, costs, damages, expenses, remedies, whether now known or unknown, and whether pending or not yet asserted, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, which the Trustee on behalf of RRA and the RRA bankruptcy estate has or may have had against Mrs. Rothstein, individually, and her attorneys and accountants, relating in any manner whatsoever, directly or indirectly, to RRA, its business and operations, the Adversary Proceeding, the Bankruptcy Case and/or the Claims.  However, nothing herein shall operate or otherwise be construed to operate as a release or discharge of any of the obligations, representations or warranties of Mrs. Rothstein under this Agreement.

4.    <u>Conditions Precedent and Effective Date</u>. This Agreement shall become effective on the date when all of the following have been satisfied, as reasonably determined by Trustee (the "Effective Date"):

(a)    This Agreement shall have been executed by the Parties on the signature lines below.

(b)    The Court shall have entered an order approving this Agreement in substantially the form of the proposed order attached hereto as Exhibit B to the Motion to Approve the Settlement, and such order shall have become a Final Order. As used herein, a "Final Order" means an order or judgment of the Court which has not been reversed, stayed, modified or amended and: (i) as to which the time to appeal or seek reconsideration or rehearing thereof has expired; (ii) in the event of a motion for reconsideration or rehearing is filed, such motion shall have been denied by an order or judgment of the Court; or (iii) in the event of an appeal is filed and pending, such appeal shall have been denied and the time in which to seek further review of the order approving the settlement shall have expired.

(c)    The Trustee shall have received title to and possession of the Settlement Items.

(d)    The Trustee shall have received Rothstein's consent to the settlement, which specifically includes waiver of all of his right, title and interest to the Settlement Items, together with representations as to ownership of the Settlement Items.

(e)    Simultaneous with the execution of this Agreement, Mrs. Rothstein shall execute an affidavit (in the form attached hereto as Exhibit A and incorporated by reference), certifying under penalty of perjury that all financial documentation and disclosures that have provided upon the Trustee's request are complete, true and accurate as of the date thereof, except as previously disclosed by Mrs. Rothstein, and contained the following: (i) a description of all assets then

owned by Mrs. Rothstein, individually, jointly and severally with Rothstein (and not otherwise seized by, or forfeited to, the United States of America), specifying among other things, the type of asset owned, the manner in which title to such asset is held, and Mrs. Rothstein's good faith estimate of the approximate fair market value of each such asset, (ii) a schedule of all liabilities of Mrs. Rothstein and each of them, whether contingent or fixed, liquidated or unliquidated, including the party to whom the obligation is owed, and a description of any collateral securing the repayment of each liability, if any, and (iii) a representation by Mrs. Rothstein that during the one year period prior to the date that she executed this Agreement, Mrs. Rothstein did not make any transfers for the purpose of making herself judgment proof, or for the purpose of defrauding any of her actual or potential creditors (the "Financial Statement"). The Trustee may take whatever action he deems necessary and appropriate, in his sole discretion, to determine the accuracy of the Financial Statement. To the extent that the Trustee requires Mrs. Rothstein to produce documents in the scope of his investigation, Mrs. Rothstein recognizes that the cost of producing such documents is at her expense. If within one (1) year from the date the Court approves the Agreement the Trustee discovers that (i) Mrs. Rothstein's net worth was 5% or more than that revealed prior to or on the date of execution of the Agreed Motion for Preliminary Injunction, or (ii) Mrs. Rothstein owned an asset with a value of $10,000 or greater that was not disclosed by her prior to the date of execution of the Agreed Motion for Preliminary Injunction, then the Trustee may take all action he deems appropriate to obtain custody and title of said asset for the benefit of the RRA Estate.

5.    Non-Approval. In the event that this Agreement is not approved by the Court, the Parties shall be returned to the *status quo ante* prior to their entry into this Agreement, and this Agreement shall be deemed null and void. In addition, within ten (10) business days of such

non-approval, the Trustee shall return the Settlement Items Trustee has received to Mrs. Rothstein (subject to limitations of applicable law which prohibit such return).

6.    <u>Cooperation</u>.    Mrs. Rothstein shall cooperate in executing any and all documentation required by Trustee to effectuate the transfer of Settlement Items contemplated by this Agreement. The Trustee will reasonably cooperate with Mrs. Rothstein in the event that she requests documentation or information regarding RRA from the Trustee in the future. The Trustee will not seek to take sworn testimony from Mrs. Rothstein, nor will he or his counsel induce anyone else to attempt to do so.

7.    <u>Non-disparagement</u>.    None of the Parties to this Agreement (including their respective counsel) shall disparage the other. Good faith enforcement of this Agreement shall not be deemed to be disparagement.

8.    <u>Admission</u>.    Mrs. Rothstein specifically admits that the Trustee may have a constructive trust over the personal property included in the Settlement Items, and that such personal property may have become subject to a constructive trust when the facts giving rise to the fraud (i.e. Rothstein's Ponzi Scheme) occurred (other than that certain blanket claim made by the Internal Revenue Service, which reference hereof does not serve to validate or re-impose).

9.    <u>Attorneys' Fees and Costs</u>.    Each Party shall bear his or her own attorneys' fees and costs incurred in connection with the negotiation and documentation of this Agreement, the Bankruptcy Case and the Adversary Proceeding. In the event any litigation is necessary to enforce any term or performance of this Agreement, the prevailing party in any such dispute shall be entitled to recover his or her reasonable attorneys' fees and costs from the other.

10.    Dismissal with Prejudice of Adversary Proceeding. No later than fourteen (14) days after the Court approves this Agreement and such order becomes a Final Order, the Trustee shall file and serve a voluntary dismissal of the Adversary Proceeding with prejudice.

11.    Entire Agreement. This Agreement constitutes the entire agreement of the Parties hereto regarding the subject matter hereof. Each of the Parties acknowledge and agree that there are no communications or oral understandings contrary, different, or that in any way restrict this Agreement and that all prior agreements or understandings within the scope of the subject matter of this Agreement are superseded in all respects and are null and void upon the execution of this Agreement.

12.    Amendment. No waiver, modification or amendment of the terms of this Agreement shall be valid or binding, unless made in writing, signed by each of the Parties and then only to the extent as set forth in such written waiver, modification, or amendment.

13.    Counterparts. The Parties may execute this Agreement in counterparts, which shall have the same force and effect as if the Parties had signed the same instrument. Signatures transmitted by facsimile or email shall have the same effect as original signatures.

14.    Retention of Jurisdiction. Any claim or litigation arising from or in connection with this Agreement or the order approving it shall be exclusively maintained in the Court, and the order approving this Agreement shall expressly provide that the Court shall retain jurisdiction to enforce such order, as well as the terms of this Agreement.

15.    Choice of Law. This Agreement shall be governed by, and construed and enforced in accordance with the laws of the State of Florida, without regard to its conflict of law principles.

16.    <u>Approval Motion</u>.  The Parties and their counsel shall use their commercially efforts to cause the Court to approve this Agreement and to effectuate the settlement on the stated terms and conditions set forth herein.

17.    <u>Neutral Interpretation</u>.  In the event any dispute arises between the Parties with regard to the interpretation of any term of this Agreement, each of the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party, shall be inapplicable.

18.    <u>Advice of Counsel</u>.  The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Agreement and that they have read this Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect hereof.

19.    <u>Binding Effect</u>:  This Agreement and its terms shall be binding on the Trustee and Mrs. Rothstein, along with their respective successors and assigns. The order approving this Agreement shall be binding on the Trustee and Mrs. Rothstein, their respective successors and assigns, as well as on all persons and entities that get actual, negative, or constructive notice of the Trustee's motion to approve this Agreement.

20.    <u>Divisions and Headings</u>.  The divisions of this Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Agreement.

21.    <u>Recitals</u>.  The Recitals to this Agreement are hereby incorporated herein by this reference.

22.    <u>Scott Rothstein Consent</u>.  Marc S. Nurik ("Nurik") represents that as counsel to Rothstein, he has discussed all terms and conditions of this Agreement with him, and that

Rothstein has stated his consent to all of his personalty that are included in the Settlement Items, whether owned in his own right, or with Mrs. Rothstein, to be disposed of in favor of the Trustee, as provided herein. Nurik shall have no personal liability to the Trustee for any breach of this Agreement by Mrs. Rothstein.

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below:

Trustee:

Dated: 4-26-11

Herbert Stettin, Chapter 11 Trustee for
Rothstein Rosenfeldt Adler, P.A. Estate

Defendant:

Dated: 4-19-11

Kimberly A. Rothstein

Joinder:

Dated: _____

Marc S. Nurik, Esq.
Counsel for Scott W. Rothstein

Rothstein has stated his consent to all of his personalty that are included in the Settlement Items, whether owned in his own right, or with Mrs. Rothstein, to be disposed of in favor of the Trustee, as provided herein. Nurik shall have no personal liability to the Trustee for any breach of this Agreement by Mrs. Rothstein.

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below:

Trustee:

Dated: 4-26-11

Herbert Stettin, Chapter 11 Trustee for
Rothstein Rosenfeldt Adler, P.A. Estate

Defendant:

Dated: _____

Kimberly A. Rothstein

Joinder:

Dated: 4/20/11

Marc S. Nurik, Esq.
Counsel for Scott W. Rothstein

STATE OF FLORIDA            )
                            )
COUNTY OF BROWARD           )

### AFFIDAVIT OF KIMBERLY ROTHSTEIN

I, KIMBERLY ROTHSTEIN, depose and say:

1.      On March 10, 2010, Herbert Stettin, in his capacity as Chapter 11 Trustee ("Stettin" or "Trustee") of the bankruptcy estate of Rothstein Rosenfeldt Adler, P.A. ("RRA" or the "Debtor"), pending in the United States Bankruptcy Court for the Southern District of Florida, Case No. 09-34791-RBR, filed an adversary proceeding styled *Herbert Stettin, Chapter 11 Trustee v. Kimberly A. Rothstein*, Case No. 10-02741-BKC-RBR-A.

2.      I have reached a proposed settlement with the Trustee to resolve the Adversary Proceeding.  Pursuant to, and in furtherance of, the proposed settlement agreement, I hereby certify and confirm under penalty of perjury that all financial documentation and disclosures that have been provided by me upon the Trustee's request are complete, true and accurate as of the date thereof, except as previously disclosed by me, to the best of my personal knowledge, information and belief.

FURTHER AFFIANT SAYETH NAUGHT.

_X̲ ̲K̲i̲m̲b̲e̲r̲l̲y̲ ̲R̲o̲t̲h̲s̲t̲e̲i̲n̲_

Sworn to and subscribed before me this _21ˢᵗ_ day of _April_, 2011, who is personally known to me or who produced the following identification, _____ and who took an oath.

NOTARY PUBLIC            Sign: _Lesley Portuondo_

                         Print: _LESLEY    PORTUONDO_

My Commission Expires:

                         (SEAL)



LESLEY PORTUONDO
MY COMMISSION # DD 703825
EXPIRES: December 9, 2011
Bonded Thru Notary Public Underwriters

3515020-2



EXHIBIT

A

## FORM OF BILL OF SALE

### GENERAL WARRANTY BILL OF SALE

**FOR   VALUABLE   CONSIDERATION,** receipt of which is acknowledged, _____ ("**Seller**"), hereby sells, delivers, transfers, conveys and assigns _____ ("**Buyer**"), *free and clear of all liens, claims, defects and encumbrances* (collectively, the "**Claims**"), all Settlement Items (as that term is defined in that certain Settlement Agreement between Seller and Buyer, dated as of March __, 2011); subject, however, to that certain potential blanket claim by the Internal Revenue Service, which reference hereof shall not serve to validate or re-impose.

Seller hereby covenants with Buyer that it owns the Settlement Items free and clear of all Claims except as provided above; that it has good right and lawful authority to sell and convey the Settlement Items; that the Seller fully warrants the title to said Personal Property and will defend the same against the lawful claims of all persons whomsoever, other than as is provided above.

Included with the Settlement Items is that certain 2008 Ford Expedition EPT (the "Ford"), as described below.

> **Year, Make and Model:  2008 Ford Expedition EPT**
> **Vehicle Identification Number: 1FMFU20578LA34996**
> **Color: Black**

Seller does here by covenant with Seller that at the time of delivery of this Bill of Sale, the Ford is operational and in good condition, and that Seller will warrant and defend same against the claims and demands of all persons whomsoever claiming same, or any part thereof.

For the consideration aforesaid, Seller hereby irrevocably constitutes and appoints Buyer, its successors and assigns, and each of them, the true and lawful attorney of the Seller, with full power of substitution, and gives and grants to Buyer, its successors and assigns, and each of them, full power and authority in the name of Seller, its successors and assigns, at any time and from time to time, to (i) demand, sue for, recover, receive, compound, acquit, release and discharge any and all rights, demands, moneys, claims and choses in action of every kind and description, arising out of, incident to or in connection with the Ford and all other assets, properties, and rights which are the subject of this Bill of Sale, and (ii) generally at any time and from time to time, make, execute, do and perform such other acts and things concerning such Ford and all other assets, properties, and rights with like power and as fully as Seller could or might have done, hereby ratifying and confirming all and whatever Seller, its successors and assigns, or any of them, shall lawfully do or cause to be done. Seller agrees that the foregoing powers are coupled with an interest and are and shall be irrevocable by Seller, or by its dissolution or liquidation, or in any manner or for any reason.

Seller agrees to fully cooperate with Buyer in connection with effectuating the transfers described above, including (but not limited to) executing and/or endorsing any and all documents required by any governmental authority or third party, to cause the transfer to officially or

3570665-2                                        12

otherwise occur. In furtherance of the foregoing, Seller agrees to immediately endorse over and deliver to Buyer the applicable original certificate of title to the Ford issued by the state of Rhode Island or other governmental authority, for the purposes of having the Ford re-titled in the name of Buyer or its nominee.

Dated: April 19, 2011.

Seller: _Kim Rothstein_

Print Name: _Kim Rothstein_

RRA
INVENTORY OF "POD"

| Quantity | Color | Designer/Item Description | Serial Number | Pod# | KR/Estate |
|---|---|---|---|---|---|
| 1 | Cherry wood | Klaussner Dresser w/7 drawers | PO #592; Series 735; Production CB10; ID# 3272 | 732 | |
| 1 | Cherry wood | Coffee Table | | 732 | |
| 2 | Brown wood | Night Stand w/3 drawers | | 732 | |
| 2 | Gold | End Chair - Aqua/gold/bronze silk fabric | | 732 | |
| 2 | Brown Metal | Candle holders 6.5 feet | | 732 & 729 | |
| 4 | Red | Bar stools - red leather | | 732 | |
| 4 | Brown/black | End Chairs leather w/3 matching pillows | | 727 | |
| 1 | Brown Wood | Headboard w/pink fabric/ full size | | 733 | |
| 1 | Brown wood | Foot board | | 733 | |
| 2 | Brown silk | End chairs w/aqua/gold/bronze strip pillows | | 727 | |
| 1 | Beige/gold | Sofa w/4 matching pillows – 2 gold & 2 brown | | 726 | |
| 4 | Brown wood | Bar stools - wood w/brown leather (Marge Carson) | | 727 & 732 | |
| 1 | Red dress | Oil painting; reclining female w/one breast exposed & leopards | | 727 | KR |
| 1 | Glass | Frameware Inc. | Pat. No.6,322,039 | 727 | |
| 2 | Brown gold | End tables - wood | | 728 | |
| 1 | Brown/black | Matching sofa w/pillows gold brown | | 727 | |
| 6 | Turquoise brown gold | Curtains silk w/4 gold tie backs | | 736 | |
| 2 | Brown wood w/gold handles | Altcort Dresser w/4 drawers (top drawer has clothing) | | 733 | |
| 1 | Gold w/dark wood | Round coffee table | | 726 | |
| 2 | Dark metal | Mermaid statute by I. Tarkay | | 736 | |
| 1 | Metal dark w/marble top | Morgan Hill End stand | 6321-301 | 733 | |
| 1 | | Hand painted Artist copy Mermaid orig. by Lord Frederick Leighton | | | KR |
| 6 sets | Black Hampton | Hand weights (12, 15, 20, 25, 30, 35, 40, 45 21/2, 5, 10, 121/2, 71/2,) | | 736 & 732 | |
| 1 | | Wentworth Gallery /4 females Symphony of Souls | | 727 | KR |
| 1 | Gold | Glass made in Italy | | 727 | |
| 1 | Yellow/green | Painting: Sunflowers by Sean Ferrell (57x46x6) | | 729/734 | |
| 1 | | Sony Bravia LCD Color TV 70" Flat screen | 7100048 | 729 | |
| 7 | | Cap Medicine Balls (2, 4, 6, 8, 10, 12 lbs) | | 736 | |
| 1 | Green & beige | Oriental Rug (10x12) | M3578 | 736 | |
| 1 | | Sony Bravia LCD Color TV 70" Flat screen | 7200027 | 729 | |

3480484_2.XLS
2/25/2011

RRA
INVENTORY OF "POD"

| Quantity | Color | Designer/Item Description | Serial Number | POD# | KR/Estate |
|---|---|---|---|---|---|
| 1 | Plum | Oriental Rug; Wool & Silk Made in India (8x12) | | 736 | |
| 1 | | Kettle Balls (10, 15, 20 lbs) | | 736 | KR |
| 1 | | Ab Wheel | | 736 | |
| 1 | | Nike Medicine Ball (8 lbs) | | 736 | |
| 1 | | Abcore Weight machine (Gym Source) | | 736 | |
| 2 | | Aluminum bed rails | | 736 | |
| 1 | Green & beige | Hand Knitted Carpet; 100% Wool/Made in India (8x10) | | 736 | |
| 1 | | Dumbbell rack Hoist (Gym Source) | | 736 | |
| 1 | | Sony Bravia LCD Color TV 70" Flat screen | 7100050 | 729 | |
| 3 | | Hampton Barbell weights (5, 10 & 25 lbs) | | 736 | |
| 2 | | Cybex weight machine | | 736 | |
| 1 | | Balance ball/standing | | 736 | |
| 1 | | 6 Rung standing rack | | 736 | KR |
| 1 | | Gym Source Frame | HHKC-RK6/Series # ZJHS0811 | 736 | |
| 2 | | TV Mount | | 729 & 734 | |
| 1 | | Oil painting; City w/snow fall /A. Bufirsky | | 729 | |
| 1 | | Oil painting Wentworth Gallery Symphony of souls | | 729 | KR |
| 1 | | Mark Chagall; Magic Flute Gicee on paper | #241 Ed. 375 | 733 | |
| 1 | | Sony Bravia LCD Color TV 52" | 9057384 | 733 | |
| 1 | | Decoralive Mirror; gold (6x4) | 6994-B | 733 | |
| 1 | Red/gold | Red Oriental Rug (12x15) (stained) | | 733 | |
| 1 | | Cybox Universal home gym | FT-460 | 734 | |
| 4 | | Gym Pads rubber | | 734 | |
| 1 | | Gym Rack chief wall mount (MSR8000 4108) | E306530 | 734 | |
| 2 | | Misc. steel brackets | | 734 | |
| 1 | | Oil painting; 3 females looking over water | #12233 | 734 | KR |
| 1 | | Sony Bravia 46" TV Flat screen | 8215461 | 734 | |
| 1 | | Sony Bravia 46" TV Flat screen | 8215454 | 734 | |
| 2 | | Mattress Lady Americana (Queen) | | 730 | |
| 1 | | Box spring Amalgamated Mattress (Queen) | | 730 | |
| 1 | | Southam Dream bedding (Queen) | | 730 | |
| 1 | wood | Bed foot board, rails (Queen) | | 730 | |
| 1 | Brown/black | Loveseat w/4 matching pillows (Leather) | | | |
| 2 | | Glass tops | | 734 | |

Note: Name and date on PODs = Weissmann 4/23/2010

8 PODs

3480484_2.XLS
2/25/2011

RRA
Inventory - Scott and Kim Rothstein's Storage Facility and Residence

| Box No. | Description of contents | Storage facility Item Description | Item Description | Items (removed by Kim) | KR/Estate |
|---|---|---|---|---|---|
| SP1 | Misc. used electrical wiring, telephone cords, extension cords, cordless phone base | | | | |
| SP2 | Bathroom essentials - glass Kleenex tissue holder and matching glass trash can | | | | KR |
| SP3 | Designs of Ireland - Crystal vase, 13 drinking glasses | | | | |
| SP4 | Niles speakers | | | | |
| SP5 | Memorabilia black frame w/autographs of NY Giants players 11x17, photo of all the players | | | | |
| SP6 | 2 vase - colorful and clear glass | | | | |
| SP7 | Photos various sizes - photos w/Kim, Scott & Gov. Crist, Kim, John McCain, Dan Marino, Memorabilia autographed photo of Giants players | | | | KR (photos of herself only) |
| SP8 | Kitchen items - everyday 7 Champagne glasses, 3 serving trays, | | | | |
| SP9 | China and glasses - everyday Champagne flute, vases, serving dish, sauce dish | | | | |
| SP10 | Stand - beige color | | | | |
| SP11 | Stand - beige color | | | | |
| SP12 | William Yeaward 2 oversize goblets - from bridal registry | | | | |
| SP13 | Unopened - Direct TV plus HD Video - in its original package | | | | |
| SP14 | 2 vases, 7 Champagne glasses, 4 martini glasses - everyday use | | | | |
| SP15 | Everyday use - 4 purple & 4 burgundy placemats, shower curtain, soap dispenser, matching cup, 2 toothbrush holders, 2 garbage cans, tissue holder, soap dish, candle stick holder, shopper platter | | | | KR |
| SP16 | Everyday use - from the cigar room - bar glasses | | | | |
| SP17 | Cigar room essentials - travel cigar case, ashtrays, bar mixer, shaker, | | | | |
| SP18 | Decorative leather suitcase - very old condition | | | | KR |
| SP19 | William Yeaward - 2 oversize goblets - w/gift wrap from bridal registry | | | | |
| SP20 | William Yeaward - 2 oversize goblets - w/gift wrap from bridal registry | | | | |
| SP21 | Everyday use - 26 drinking glasses | | | | KR |
| SP22 | Everyday use - bathroom essentials - gold & silver matching napkin holder, trash can, liquid soap holder | | | | KR |
| SP23 | Everyday use - 25 drinking glasses | | | | KR |
| SP24 | 3 Vases, 2 candle holders | | | | |

1

3497913_6.XLS
3/15/2011

RRA
Inventory - Scott and Kim Rothstein's Storage Facility and Residence

| Box No. | Description of contents | Item Description | Item Description | Item Description | Items (removed by Kim) | KR/Estate |
|---------|-------------------------|-----------------|-----------------|-----------------|------------------------|-----------|
| SP25 | Everyday use - 7 mugs, 11 blue glasses, 1 platter, large salad bowl & 13 small matching bowls, 13 dessert plates, 11 dinner plates | | | | | KR |
| SP26 | Original package - addressed to Joe Alu - 2 large hanging photos (no artist signature) one flower design & the other is a tree w/red flames | | | | | |
| SP28 | Decorative place mats | | | | | KR |
| SP29 | 2 large Disney posters in gold frames | | | | | KR |
| SP30 | Everyday use - 2 vases, 2 sugar holders, salt & pepper shakers, creamer, large serving bowl, butler's dish, 2 fish platters, 2 dip platters | | | | | |
| SP31 | China - 20 dinner Versace plates w/pink gold & blue trimming | | | | | |
| SP32 | Everyday use - pillows, blankets, throws, Collectors edition Barbies - a Harley Davidson Barbie & a Yankees Barbie, used young adult clothing, 2 hanging photos 8.5x11 - one black cat & Donald Duck | | | | box removed by Kim | KR (one black cat photo only) |
| SP33 | Everyday use - 2 mugs, vase, ashtray, glasses, 4 fish mugs | | | | | KR |
| SP34 | China - 12 Versace dinner plates, 4 Versace salad plates, 8 crystal glasses & matching drink bowl | | | | | |
| SP35 | William Yeaward - 2 small goblets - w/gift wrap from bridal registry | | | | | |
| SP36 | Shoppers bag contains 4 Johnnie Walker blue label in original package, 2 Scotch Whiskey in original package, | | | | | |
| SP37 | 2 Ceramic hand made seashells, 1 ceramic dish | | | | | |
| SP38 | Everyday use - 17 regular drinking glasses, 4 oversize goblets | | | | | KR (drinking glasses only) |
| SP39 | Everyday use - 3 drinking glasses, 1 oversize candle holder, | | | | | KR |
| SP40 | China - Ashtray, Vase, Versace bread plates w/pink blue & gold trim | | | | | |
| SP41 | 2 glass Vase, China Versace - 8 dinner plates, 4 butler plates, creamer, 8 under liners, 4 glasses | | | | | |
| SP42 | 5 Scotch Whiskey in original package, 7 Single Malt Scotch Whiskey, 1 Single Malt 21 | | | | | |
| SP43 | China - Versace 8 coffee mugs, 1 clear vase | | | | | |
| SP44 | China - Versace 12 dinner plates, 8 salad plates | | | | | |
| SP45 | Center piece vase, China - Versace 6 coffee mugs, 7 teacup under liners, 1 butter dish | | | | | |
| SP46 | Black box contains shot glasses, 2 wine stoppers - Faberge & Corsini, Clock by Jay Strongwater, 1 Frog by Jay Strongwater, 1 ashtray, Ceiling Fan used | | | | Wine stoppers, Clock, Frog | |

3497913_6.XLS
3/15/2011