**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

**In re:**

**ROTHSTEIN ROSENFELDT ADLER, P.A.,**          **Case No. 09-34791-BKC-RBR**
                                                **Chapter 11**

     **Debtor.**

_____/

**HERBERT STETTIN, Chapter 11 Trustee,**          **Adv. Pro. No. 11-02566-RBR**

     **Plaintiff,**

**v.**

**ROGER STONE and DRAKE VENTURES, LLC.,**
**A Foreign Limited Liability Company,**

     **Defendants.**

_____/

**MOTION BY ROGER STONE AND**
**SCOTT RELAN FOR PROTECTIVE ORDER**

     **ROGER STONE**, individually, and as principal of the Defendant, Drake Ventures LLC (the "Defendants"), and **SCOTT RELAN**, ("Deponent" or "Mr. Relan"), seeks an order of protection pursuant to Fed. R. Civ. P. 26(c), made applicable to these proceedings by Fed. R. Bankr. P. 7026, as well as Local Rule 7026-1(c), and in support thereof states as follows:

**I.      BACKGROUND.**

     On November 10, 2009, an involuntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code was filed against Rothstein Rosenfeldt Adler, P.A. ("Debtor").

     On September 21, 2011, Herbert Stettin ("Trustee") initiated an adversary proceeding against Defendants.

     On September 26, 2011, Trustee filed a Notice of Taking Rule 2004 Examination Duces Tecum of Scott Relan ("2004 Examination"), and served Deponent with a Subpoena for Rule

2004 Examination Duces Tecum ("Subpoena").  The Subpoena requires Deponent to provide certain documents at the deposition which relate directly to Defendants in this adversary proceeding.

## II.    RELIEF REQUESTED.

### A.    The Court should issue an order of protection for Deponent and Defendants as Trustee has improperly propounded discovery from Deponent under a Rule 2004 Examination.

The well recognized rule is that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to the Fed. R. Bankr. P. 7026 *et seq.,* rather than by a Fed. R. Bankr. P. 2004 examination. *Intercontinental Enters., Inc. v. Keller (In re Blinder, Robinson & Co., Inc.),* 127 B.R. 267, 274 (D.Colo.1991) (citing *Valley Forge,* 109 B.R. at 674–75); *see also Bakalis,* 199 B.R. at 447–48 (same); *Ecam Publications,* 131 B.R. at 559 (same); *First Financial Sav. Assoc. v. Kipp (In re Kipp),* 86 B.R. 490, 491 (Bankr.W.D.Tex.1988) (stating that discovery devices in Rules 7026–7037 of Fed. R. Bankr. P. apply after adversary proceeding has been initiated). In addition, courts are wary of attempts to utilize Fed. R. Bankr. P. 2004 to avoid the restrictions of the Fed. R. Civ. P. in the context of adversary proceedings. *Valley Forge,* 109 B.R. at 675; *see also Blinder, Robinson,* 127 B.R. at 274 (quoting *Valley Forge* ); *GHR Energy,* 33 B.R. at 455.

Trustee's discovery requests, including the Subpoena, have been improperly propounded as a Rule 2004 Examination when they should have been propounded pursuant to, and should be governed under the restrictions and guidelines set forth in Fed. R. Bankr. P. 7030.

Defendants and Deponent will be prejudiced in the event the Trustee is permitted to conduct a Rule 2004 Examination as a means of non-party discovery in this adversary proceeding, rather than following the restrictions and guidelines set forth in Fed. R. Bankr. P. 7030.

Fed. R. Civ. P. 26(c)(1) provides that "[a] party . . . may move for a protective order in the court where the action is pending. . . . The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including one or more specified forms of relief. A protective order may include any of several provisions, including forbidding discovery, specifying the place of discovery, prescribing a method of discovery other than the one selected by the party seeking discovery, and forbidding inquiry into certain matters. *In re Douglas Asphalt Co.*, 436 B.R. 246 (Bankr. S.D. Ga. 2010).

**B.     In addition, as a non-debtor, Deponent should be afforded protection as no proper predicate has been laid to justify a 2004 Examination.**

Trustee's request to take the Deponents 2004 Exam is improper absent establishment of a proper predicate. Fed. R. Civ. P. 26(c)(1) provides that "[a] party . . . may move for a protective order in the court where the action is pending. . . . The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including one or more specified forms of relief. A protective order may include any of several provisions, including forbidding discovery, specifying the place of discovery, prescribing a method of discovery other than the one selected by the party seeking discovery, and forbidding inquiry into certain matters. *In re Douglas Asphalt Co.*, 436 B.R. 246 (Bankr. S.D. Ga. 2010). Notwithstanding Trustee's improper use of a Rule 2004 Examination to obtain discovery from Deponent in this adversary proceeding, Deponent may be prepared to give testimony if a proper predicate is laid to justify the relationship of the Deponent to Defendant.

Additionally, the 2004 Examination of Deponent seeks broad-reaching discovery of questionable information from non-parties to this bankruptcy case without an appropriate predicate for the request. Without a demonstration of what relationship the Deponent has, if any, with the Defendants, Defendants are entitled to protection from this court.

**C.** **The Court should issue an order of protection for Deponent as Deponent has recently retained counsel who needs additional time to review the discoverability of the documents requested in the Subpoena.**

Deponent has recently retained the undersigned counsel.  Undersigned counsel needs additional time to review the documents requested by Trustee in the Subpoena and to research any legal issues involving the requested 2004 Examination.

WHEREFORE, **ROGER STONE**, individually, and as principal of the Defendant, **DRAKE VENTURES LLC**, and **SCOTT RELAN**, respectfully requests that this Court enter a protective order pursuant to Fed. R. Civ. P. 26(c) (i) prohibiting the Rule 2004 Examination of Scott Relan, in this adversary proceeding; or in the alternative, unless and until a proper predicate is laid to take Mr. Relan's deposition as a non-party to this action; and (ii) for any such other and further relief as is proper.

**Dated:  October 13, 2011.**

Respectfully Submitted,

/s/ Bart A. Houston
Bart A. Houston
Fla. Bar No.623636
houston@kolawyers.com
**KOPELOWITZ OSTROW**
200 SW 1st Avenue, Suite 1200
Fort Lauderdale, Florida  33301
Telephone:   (954) 525-4100
Facsimile:   (954) 525-4300
*Counsel for Movants*

4

**CERTIFICATION – LOCAL RULE 7026-1(F)**

Undersigned counsel certifies that a good faith, and unsuccessful, effort has been made to resolve the matters raised by this Motion without the need for Court action. Such efforts were made by way of a telephone conversation with Trustee's counsel on October 13, 2011.

/s/ Bart A. Houston
Bart A. Houston
Fla. Bar No.623636

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF on all parties registered on the Court's CM/ECF System on this 13th day of October, 2011.

/s/ Bart A. Houston
Bart A. Houston
Fla. Bar No.623636