FILED BY___T/____DC

RECEIVED BY _____DC

UNITED STATES BANKRUPTCY COURT 12 MAR 20 PM 4: 27
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION          U.S. BANKRUPTCY CT.

CASE NO.: 09-34791-RBR

IN RE:

ROTHSTEIN ROSENFELDT ADLER, P.A.          CHAPTER 11

    Debtor.

_____/

## COMMITTEE OF INTERESTED PARTIES' RESPONSE AND OBJECTION TO TRUSTEE'S EXPEDITED MOTION FOR AN ORDER TO SHOW CAUSE AND SANCTIONS AGAINST REICHART VON WOLFSHEILD AND QTASK, INC. WITH EXPEDITED RELIEF SOUGHT

A Committee of Interested Parties, Salco Products, Inc., OrderNDevelopment Inc., Executive Capital Group, Inc., News Alpha LLC, Pointillistic Software, Inc., Dr. Garrett Lisi, Leo Schwab, Dr. Gary Vitullo, Dave Needle, John Saleigh, Keith Edwards, Drew Cobb, Lisa Tansey, Shelley Miles, Brian Thomas, Crystal Baranyk, Troy Gardner, David Pascal, Jim Sachs, Todd Huffman herein file this Joinder to Robert Buschel's response and objection to Trustee's Expedited Motion for An Order to Show Cause and Sanctions (DE# 2700). (*See* DE# 2904).

Herbert Stettin ("Trustee"), as the Chapter 11 trustee of the bankruptcy estate of RRA, has been engaged in extensive litigation with Qtask, Inc. and its principal, Reichart Von Wolfsheild. Currently, there is a hearing scheduled for March 30, 2012 at which time Qtask, Inc. and Von Wolfsheild shall be required to show cause why they should not be held in contempt for

failing to transfer certain "assets" to the Trustee, including the data and passwords ("Qtask User's Property") belonging to the undersigned lawyer and other Qtask's users ("Qtask Users"). See, *Order Granting Motion to Continue* [DE# 2787] *and Continuing Hearing on Order for Reichart Von Wolfsheild and Qtask, Inc. to Show Cause* [DE# 2774] *to an Evidentiary Hearing,* [DE# 2829].

Interested Parties are Qtask Users. The Interested Parties have private, corporate, trade secret, and confidential information stored on Qtask. The Interested Parties information and data stored on Qtask is not owned by Qtask or Von Wolfsheild. The Qtask User's Property should not be turned over to the Trustee as such property does not belong to Von Wolfsheild or Qtask. Said Property belongs to the Qtask Users, such as the Interested Parties herein. The Interested Parties are further informed that the Settlement Agreement executed by the Trustee does not contemplate a transfer of the Qtask User's Property and to require such transfer by use of the Court's contempt power would breach the settlement agreement, and violate property and due process rights of the Qtask User.

## EXHIBITS

In the interest of judicial economy, the Interested Parties have authorized this lawyer to file their response and objections to the Trustee's motion and attached hereto and hereby incorporate herein, Exhibit "1" which are the collective statements of various Interested Parties and their respective facts and positions.

2

Respectfully submitted,
THOMAS ROTH #156712
2222 Foothill Blvd. #E354
La Canada CA 91011
Tel: (818) 562-1532

By:

THOMAS ROTH
California Bar No.: 156712
thomasmroth@earthlink.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, that a true and correct copy was hand filed with the Clerk of Courts. The Clerk of Courts then served electronically to the examinee, the debtor, the attorney for the debtor, the trustee, all CM/ECF subscribers, on this _28th_ day of March, 2012.

By:
THOMAS ROTH

# Composite Exhibit 1

March 19, 2012
The Honorable Raymond B. Ray
Bankruptcy Court
299 E. Broward Boulevard
Fort Lauderdale, FL 33301

Dear Judge Ray

For the past several years I have used Qtask to store the source code and graphics files for my program, the SereneScreen Marine Aquarium, as well as many private discussions with my publisher, Prolific Publishing, Inc. I was confident that this secure storage was inviolate, or I would not have used it.

I now understand that the bankruptcy Trustees controlling Qtask are attempting to gain access to private data stored in Qtask in order to determine the value of the company. Obviously, the value of Qtask as a viable secure storage facility was destroyed the instant that the Trustees even hinted that they would be *willing* to break the locks on these units.

That leaves the value of the actual data. Yes, some of it has significant value. There are three ways that the new "owners" could profit from this data.

1. Treason. I have no doubt that Iran or North Korea would be willing to pay for communications between Prolific, Boeing and the Defense Department regarding military aircraft systems.
2. Extortion. If there were threats to sell my source code to my competitors, I would be forced to pay to stop them.
3. Insider trading. With knowledge of the inner workings and plans of many of these companies (Disney, for instance), the potential exists for stock manipulation.

I can think of no legal or legitimate use or value for any of this data. The fact that the Trustees would attempt or even *want* to gain access to these private storage areas should serve as a red flag for any companies still using the Qtask service.

Respectfully,

*James D. Sachs*

James D. Sachs
President, Sachs Enterprises, Inc.
130 Cypress Cir
Ashland, OR 97520
(541) 944 2411

March 17, 2012

The Honorable Raymond B. Ray
Bankruptcy Court
299 E. Broward Boulavard
Fort Lauderdale, FL 33301

Dear Judge Ray,

It has come to my attention that the court has ordered that data on servers owned by Qtask Inc., previously managed by Reichart Von Wolfsheild, be turned over to a third party. Over the past few years I have used Qtask to store sensitive personal data and confidential data related to my work. This data is my private property and not the property of Qtask or Mr. Von Wolfsheild. I absolutely do not want my data turned over to a third party without my explicit authorization. I am not completely familiar with the law on this matter, but among other laws, I believe the Fifth Amendment to the Constitution applies in this matter, stating that a person's private property shall not be taken for public use without just compensation.

Sincerely,

*Garrett Lisi*

Antony Garrett Lisi, Ph.D.
297 Haulani Pl
Makawao, HI 96768
3/17/2012

March 21, 2012

The Honorable Raymond B. Ray
Bankruptcy Court
299 E. Broward Blvd
Fort Lauderdale, FL 33301

Dear Judge Ray,

It has come to my attention that Qtask, Inc. and Mr. Reichart Von Wolfsheild, Qtask's Chief Software Architect, are involved in a legal action whereby they have been ordered to turn over all assets owned by Qtask and/or Reichart Von Wolfsheild. Mr. Von Wolfsheild has informed me that the court is considering ordering that **customer data** stored in Qtask be turned over to the court as well.

My customer data does not belong to Qtask nor to Mr. Von Wolfsheild. They may not turn it over to anyone. One of the strengths of Qtask, and the reason I used it and recommended it to my colleagues at Northrop Grumman and Pegasus Biochemical, is the high security and extreme care I found they took with customer data. I would not trust any other entity with my personal nor corporate data. Qtask was the first provider I entrusted with my financial and proprietary data, the first time I put it on anything other than my own redundant encrypted hard drives.

I would guess that the court is not sufficiently familiar with typical computer architectures, and their ability to extract any needed subset of data from the overall database. Qtask would be even better at this than the average system due to the high quality architectural foundation they put in place.

What if a small phone company went bankrupt? Would you expect the company to give the court all the phone records of their customers? Of course not – that data would be private and owned by the customers of the former phone company, not the company itself.

I do not give Qtask nor Mr. Von Wolfsheild permission to provide my private data to the court nor to anyone else.

If you have any questions about any of my comments, please feel free to call me. My phone number is (650) 395-7577. If there is no answer, please leave a message with a callback number and I will do so by COB the next day.

Respectfully,

Lisa Tansey
Oracle Database Administrator
3640 Ketch Avenue, Suite 102
Oxnard, CA 93035

March 20, 2012

The Honorable Raymond B. Ray
Bankruptcy Court
299 E. Broward Boulevard
Fort Lauderdale, FL 33301

Dear Judge Ray,

It has come to our attention that the court has ordered Qtask, Inc. to hand over our private files and correspondence (encompassing, among other things, our trade secrets) to a third party for reasons completely unrelated to us or our business.

This data was and is the property of our company. It is and was in no way an asset of Qtask. Qtask never owned this data, and we never authorized them to hand it over to any third party.

Furthermore, since Qtask, Inc offered its electronic communication services and remote computing services to the public, our data is protected by the Stored Communications Act (18 U.S.C. §§ 2701 to 2712).

Respectfully,

Joseph Petviashvili
CEO
News Alpha, LLC (California)
joe@newsalpha.com



EXECUTIVE
CAPITAL
GROUP, INC.

March 20, 2012

Judge Raymond B. Ray
Bankruptcy Court
299 E. Broward Boulevard
Fort Lauderdale, FL 33301

Dear Judge Ray,

It has come to our attention that Qtask, Inc. and Mr. Reichart Von Wolfsheild are involved in a legal action whereby proprietary information owned solely by our company and stored on Qtask, Inc. servers is at risk of being turned over to unrelated third parties. Neither Qtask, Inc. nor Mr. Von Wolfsheild has any right to nor ownership of any of our private data stored on those servers. And certainly neither does any unrelated third parties involved in a legal dispute which has absolutely no relation to our company or it's information.

We absolutely do not authorize Qtask, Inc. or Mr. Von Wolfsheild to transfer or make available any of our private data to any third parties whatsoever. This data has no relevance to the legal proceedings in question, and is the sole property of Executive Capital Group, Inc.

Sincerely,

Brian Read
President
Executive Capital Group, Inc.

10681 FOOTHILL BLVD, STE. 310    RANCHO CUCAMONGA CA 91730
909.945.8133 OFFICE    909.786.1655 FAX

The Chiropractic Offices of Gary R. Vitullo
729 Mission St. Ste. 150B
South Pasadena, CA 91030

Phone: 626-403-0380
Cell: 818-618-4714
Fax: 626-403-0880
Email: Chirogaryv@gmail.com

Judge Raymond B. Ray
Bankruptcy Court
299 E. Broward Boulevard
Fort Lauderdale, FL 333301

Re: Mr. Reichart von Wolfsheild

It has some to my attention that the above named person and his company, QTask, have been involved in a law suit and that there is a request by the court to have Mr. Von Wolfshield turn over any and all data to the court.

I have been using this software in my Chiropractic doctor practice for years and have a great amount of both financial and clinical data stored there. There are financial records involving my practice of personal focus, and there are financial records involving my patients. Many of my patients have entrusted me with their credit card information which is detailed and sensitive. Of note are vast amounts of patient treatment notes and clinical notes and files which are stored there.

I believe it is completely against a number of provisions of the Health Insurance Portability and Accountability Act (HIPAA) for ANYONE to release this information without direct signed consent from every patient in those files. These files probably number nearly a thousand or more.
I believe release of this information breaks a number of provisions under Title II, including: The Privacy Rule, The Security Rule, and the Enforcement Rule.

On February 16, 2006, HHS issued the Final Rule regarding HIPAA enforcement. It became effective on March 16, 2006. The Enforcement Rule sets civil money penalties for violating HIPAA rules and establishes procedures for investigations and hearings for HIPAA violations.

Subtitle D of the Health Information Technology for Economic and Clinical Health Act (HITECH Act), enacted as part of the American Recovery and Reinvestment Act of 2009, addresses the privacy and security concerns associated with the electronic transmission of health information.

This subtitle extends the complete Privacy and Security Provisions of HIPAA to business associates of covered entities. This includes the extension of newly updated civil and criminal penalties to business associates. These changes are also required to be included in any business associate agreements with covered entities. On November 30, 2009, the regulations associated with the new enhancements to HIPAA enforcement took effect.

While certainly not a legal expert in any way, I do believe that Mr. Von Wolfshield does not have a legal right to turn over my patient records to anyone without permission from each and every one of my patients involved, and if any of them did not agree, I don't think anyone has a right to them.

Again, I'm not a lawyer, nor have I spoken to one, but I would not like my records to be released to anyone without my own and my patient's express written permission.

If you have any further questions or need any information from me, I'd be happy to comply.

Sincerely,

Gary R. Vitullo, DC
3/17/12

## Order N Development, LLC

Date: March 19, 2012

The Honorable Raymond B. Ray
Bankruptcy Court
299 E. Broward Boulevard
Fort Lauderdale, FL 33301

Dear Judge Ray:

It has come to the attention of Order N Development, LLC that Qtask, Inc. and Mr. Reichart Von Wolsheild are involved in a legal action whereby Qtask, Inc. and Mr. Reichart Von Wolfsheild are required to turn over all assets owned by Qtask. Mr. Von Wolfsheild has informed us that the court is also considering ordering that Qtask customer data be turned over as well.

Order N Development, LLC has used the project management, communication and data storage capabilities of Qtask to collaborate internally and with external parties on various projects. This information is a valuable and propietary asset of Order N Development, LLC. Much of this information is subject to non-disclosure agreements with external parties to Order N Development. Disclosure of this information would irreparably harm the business activities and reputation of Order N Development and our relationships with external parties, both existing and potential. This information is the property of Order N Development, LLC and is not owned in any way by Qtask or Mr. Von Wolfsheild. We respectfully request that the ownership of this information be recognized by the court, and that any request to turn over such data to an external party (even one acting as an officer of the court) be denied.

Sincerely,

Michael G. Babin
Vice President, Partner

March 13, 2012

The Honorable Raymond B. Ray
Bankruptcy Court
299 E. Broward Boulevard
Fort Lauderdale, FL 33301

Dear Judge Ray,

It has come to Salco Products, Inc. attention that Qtask, Inc. and Mr. Reichart Von Wolfsheild is involved
in a legal action whereby Qtask Inc. and Reichart Von Wolfsheild, Chief Software Architect have been
ordered to turn over all assets owned by Qtask and/or Reichart Von Wolfsheild. Mr. Von Wolfsheild has
informed us that the court is considering ordering that Qtask customer data turned over to the court as
well.

Salco Products, Inc. did contract with Qtask Inc. to utilize their project management software and to
store data proprietary to Salco Products, Inc. on Qtask servers to be used in the scope of project
management internal to Salco Products, Inc. Neither Qtask Inc. nor Mr. Von Wolfsheild own this data, it
is simply stored on their servers for Internet access for Salco Products, Inc. employees, customers and
vendors. We reject any notion or claim that transfers ownership of this data to any entity other than
Salco Products, Inc, additionally Salco Products, Inc does not authorize Qtask Inc. or Mr. Von Wolfsheild
to release this data or make available to any third party. We firmly reject any notion that our data is
owned by any entity other than Salco Products, Inc. and therefore is not subject to any asset forfeiture
of a third party, in this case Qtask, furthermore any seizure of our data would hinder our daily
operations; potentially damage our relationship with customers and cause irreparable damage to our
organization.

Respectfully,

Terry A. Weaver
Director of Information Technology
Salco Products, Inc.
1385 101st Street
Suite A
Lemont, Il 60439
630-685-4655

18-Mar-2012

The Honorable Raymond B. Ray
Bankruptcy Court
299 E. Broward Boulevard
Fort Lauderdale, FL 33301

Judge Ray,

I have been made aware that private data owned by Pointillistic Software and stored on servers operated by Qtask Inc., is at risk of being extracted and made available to other parties. I understand the request for the data is related to the criminal case involving Scott Rothstein, who was an investor in Qtask. While Pointillistic Software performed contract work for Qtask from time to time, we never had any dealing with Mr. Rothstein nor, to our knowledge, were we part of any Qtask projects where he had access.

When we chose to store our private data, both internal and client-related, on Qtask, ongoing security and privacy was a key motivation. At this time, Qtask does not have our permission to share our personal and private data with anyone. Qtask does not own our data and, as I understand their stated policies, does not have the right to release it without our permission.

As our data has no relevance to any ongoing legal matters, and we are not part of any investigation or suspicion of wrongdoing, there is no reason to compel to Qtask to release our data. Like other Qtask users, customers, and even the owners of Qtask, we are merely innocent bystanders. Please protect our data.

Respectfully,

Gregg Irwin
President
Pointillistic Software
13351 Skyview St.
Nampa, ID 83686
208.461.3702

**TODD HUFFMAN** | 9 Langton St
San Francisco, CA 94103

T 562-537-1320
huffmantm@ist-research.com

March 17, 2012
Judge Raymond B. Ray
Bankruptcy Court
299 E. Broward Blvd
4321 First Street
Fort Lauderdale, FL  33301

Dear Judge Raymond B. Ray,

It has come to my attention that Qtask and Mr Reichart Von Wolfsheild is involved in a legal action whereby Qtask and Mr Von Wolfsheild have been ordered to turn over all assets owned by Qtask Inc.  While this is unfortunate I have been informed of extremely disturbing news -- that the court is considering ordering Qtask customer data, such as mine, to be sold to the highest bidder.

During the time I was a customer of Qtask I performed on contracts for the Defense Intelligence Agency, the US Air Force, the US Department of State, the Defense Advanced Research Projects Agency, and other US Government agencies.  Before choosing Qtask as a solutions provider for my data and projects I examined their security systems and data protection protocols, and I chose Qtask due to the appropriate efforts Qtask had put in place to protect my user data.  None of my user data in Qtask is classified, but there is data pertaining to my work with foreign governments and civilians in Afghanistan, Libya, Uganda, Ethiopia, and elsewhere.  This data is proprietary and not of the concerns of your courts, and is irrelevant to any proceedings that may be happening there.  It does not belong to Qtask, Mr Von Wolfsheild, or any third party organization -- it belongs to me.

Seizure of my data would cause irreparable damage to the organizations I work with, and if such a seizure appears credible I will be informing my clients of this breach.  The integrity of operational data is taken extremely seriously, and my clients and myself will go to lengths to protect it.  I do not authorize Qtask Inc or Mr Von Wolfsheild to release this data or make available to any third party.  I reject any notion that my data is owned by any entity other than myself, and therefore is not subject to asset forfeiture of a third party, in this case Qtask.

My contract with Qtask Inc. was to utilize their project management software to store data for my projects on Qtask servers within the scope of internal project management.  Neither Qtask Inc nor Mr Von Wolfsheild own this data, it is simply stored on their servers for access by myself and my collaborators.  I firmly reject any notion or claim that transfer ownership of this data to any entity other than myself.  I do not authorize Qtask or Mr Von Wolfsheild to release this data or make available to any third party.

If you have any questions, do not hesitate to call me.  My phone number is 562-537-1320, and I am generally available business hours Pacific time.

Sincerely yours,

Todd Huffman

March 20, 2012

Fm: David Pascal
29155 Quail Run Dr.
Agoura Hills, CA 91301

To: Judge Raymond B. Ray
Bankruptcy Court
299 E. Broward Boulevard
Fort Lauderdale, FL 33301

Re: Personal Qtask Data

Your Honor:

It has been brought to my attention that your court has demanded that Reichart Von Wolfsheild be ordered to release all data that resides within the online task management program Qtask.

I have been a user of Qtask since its early beta release. I have stored and transmitted personal and professional data using Qtask for myself and my clients. My data is personal and confidential. As a creative director for major motion picture studios, much of my data is proprietary to my clients, (Sony, Warner Brothers, Columbia Pictures, etc.). I have signed non-disclosure contracts with these studios.

I have conducted personal and professional discussions on Qtask. I have never had any financial interest in Qtask. I know little if anything about why my personal and professional data must be handed over to a bankruptcy court. My data is not owned by Qtask, it is owned by me and my clients.

I am adamant in denying the release of any or all of my personal or professional data that has been transmitted or stored using Qtask.

Thank you for your attention to this matter.

Respectfully,

David Pascal

David Pascal

March 19, 2012
The Honorable Raymond B. Ray
Bankruptcy Court
299 E. Broward Boulevard
Fort Lauderdale, FL 33301

Dear Judge Ray

Since 9/22/2005 I have used Qtask as a part of my software development consulting practice building leading edge products for stealth startups, and the day to day managing contractors, manage clients, and even investors. It has been invaluable in sensitive areas that other products did not: to document labor disputes, store and share the non-public copies of proprietary software and source code, and hold many private and sensitive discussions around them. This data is critical to my business and solely mine, and I have never granted Qtask's Inc. nor Mr. Von Wolfsheild access to this data.

I now understand that the bankruptcy Trustees controlling Qtask are attempting to gain access to ALL private data stored in Qtask. I can think of no legal or legitimate use of any of this data of mine to anybody but me and clients. The data of mine could not possibly have any relationship to Scott Rothstein, as my use predates Scott Rothstein's knowledge of Qtask investment by several years.

Releasing this data could potentially damage relationships with contractors, customers, and investors, causing irreparable damage to my business, and those businesses that I serve. Please respect the rights of my and my clients.

Respectfully,

Troy Gardner
Principal, TroyWorks
1000 N Ogden #8
West Hollywood, CA, 90046
(650) 201-4864

March 17, 2012

The Honorable Raymond B. Ray
Bankruptcy Court
299 E. Broward Boulevard
Fort Lauderdale, FL 33301

Dear Judge Ray,

I have recently become aware that Mr. Reichart Von Wolfsheild and Qtask Inc. are being asked to hand over all assets owned by Qtask, and that the court is considering ordering the turnover of all customer data as well.

As an individual, I have used Qtask Inc. to store and manage my own personal data. Neither Qtask nor Reichart Von Wolfsheild own my data. Their software simply stored it online for my personal use.

I do not wish anyone unauthorized by me to have access to my data.

Sincerely,

Crystal Baranyk

Crystal Jean Baranyk
297 Haulani St.
Makawao, HI 96768
808-633-1557

3/19/2012

The Honorable Raymond B. Ray
Bankruptcy Court
299 E. Broward Boulevard
Fort Lauderdale, FL 33301

Dear Judge Ray,

As a user of Qtask.com for personal data and organization of my life, in all matters, I understand the court and the bankruptcy attorneys seek to gather my personal data in the courts efforts. This is my own data, not owned by any entity or persons other than myself and with this letter am instructing the court that I do not authorize the court, the state, any trustee nor attorney, any third party, nor Qtask or any of its principals including Reichart VonWolfshield to 1) transfer said data 2) view said data 3) take possession of said data. This includes any hardware wherein my data may be stored. Any violation of these specific instructions is conversion and remedies, should a breach occur, will be pursued.

I am an individual who has never heard of RRA, Rothstein, or any matter involved with this case until the point where my data came into the conversation. I am using a website that I trusted with my data as it was convenient and safe from hackers and intruders. It turns out, the place it is not safe is dealing with our court and legal system. Never in my mind, did I for one second, perceive our legal system as a threat to my data safety. The courts disregard of my Fifth Amendment rights and those of us not connected to this case sets a dangerous precedent for the entire internet and personal data.

I find it abhorrent that this court can drag an unconnected citizen into the courts dealings and the courts overreaching unconstitutional seizure should cease immediately regarding those who are not connected in any manner with Rothstein or the firm. I exercise my Fifth amendment with respect to my data as it falls under the private property classification: The **Fifth Amendment (Amendment V)** to the United States Constitution, which is part of the Bill of Rights, protects against abuse of government authority in a legal procedure. The specific sentence applicable here: **nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.**

Sincerely,

Brian Thomas

Brian Thomas

March 18, 2012

The Honorable Raymond B. Ray
Bankruptcy Court
299 E. Broward Boulevard
Fort Lauderdale, FL 33301

Re: Qtask, Inc.

Dear Judge Ray,

I understand that Qtask, Inc. and Mr. Reichart Von Wolfsheild have been ordered to turn over all assets owned by Qtask . I understand that the court has ordered that customer data stored in Qtask be turned over to the court as an asset of Qtask.

I am writing to you as an individual who for years, has stored personal data on Qtask including personal and business passwords, my parent's personal health information , back-up copies of databases and other documents I use in business, songs my daughter has written and other information.

At the time I stored the data, I relied on the Terms of Use, which makes no reference to taking ownership or using in any way my personal data (unlike the user agreement on facebook – which does not take ownership of my data but grants them a license to use my personal data). In the same way my bank does not claim to own the contents of my safety deposit box, and the storage facility does not lay claim to the contents in my storage unit, Qtask, nor anyone else has the right to the personal data I have stored with reasonable expectation of proper stewardship.

The release of my data to a third party could cause irreparable harm to me, my family and the companies I work with. I am mortified that this has come up for discussion and I do not authorize Qtask or Reichart Von Wolfscheild to turn over my personal data. I do not understand why someone would think of my data as an asset of a company or seek to profit from my personal information. This type of blatant disregard for Terms of Use and Privacy of user data on the Internet is nothing short of burglary and I vehemently protest.

Respectfully,

Shelley Miles
728 Lynnhaven Ln.
La Canada, CA 91011



The Honorable Raymond B. Ray                                         March 24, 2012
Bankruptcy Court
299 E. Broward Blvd.
Ft. Lauderdale, FL 33301

Dear Judge Ray,

I have learned that there is a lawsuit involved with one of the prior investors in Qtask and Reichart
Von Wolfsheild, Qtask's chief software designer. I understand that Qtask is being ordered to turn
over ALL their clients data as part of evidence in this bankruptcy case. In this data are my records.
Those records belong to me and are my private property. One of the values of Qtask, and the
reason that I chose Qtask was the level of security that they offered, and knowing Mr. Wolfsheild's
reputation of implicit integrity. What is being demanded by the court is preposterous and a viola-
tion of my rights. The notion that my files could somehow be pertinent to another Qtask users
bankruptcy case is preposterous.

I do not authorise Qtask, Mr. Wolfsheild or anyone else for that matter to turn over my personal files
or conversations for any reason.

Sincerely,

Drew Cobb

DREW COBB · 3663 FREDONIA DR #5 · HOLLYWOOD, CALIFORNIA 90068
OFFICE: 323.874.5343 · CELL: 323.899.8400 · email: dcobb23@me.com

March 25, 2012

The Honorable Raymond B. Ray
Bankruptcy Court
299 E. Broward Boulevard
Fort Lauderdale, FL 33301

Dear Judge Ray,

I have been notified that there is a legal request to very broadly surrender or disclose data that was on servers belonging to Qtask, regardless of whether some of that data (e.g. my data) has any relevance to the plaintiffs' legitimate interests or not.

I can assure you that personal correspondence of my family with our friends has absolutely no relevance to any business or legal proceedings related to Qtask. Qtask has only been a conversation medium for me, a delivery service, much like I might use Yahoo or Gmail for private family correspondence without having any business relationship with either company. Qtask does not own my data and I believe has no authority to monitize or disclose it.

Though I don't recall every type of thing I have discussed on Qtask specifically over the past few years, I know in general that if my personal correspondence on servers for private communication such as Qtask, Gmail, Yahoo mail, etc. (all of which I use with their assurances of privacy) were violated, such disclosures would include:
- personal health information (self, family, extended family)
- proprietary technical information (multiple jobs & companies)
- personal financial data (all kinds)
- personal plans and career plans.
- personal habits and routines
- personal relationships
- private political & religious positions
- etc. etc. etc.

In short, almost every private aspect of my life goes through secure online media at some time and gets stored on servers with the data of countless other people who I have no relation to.

To live with reasonable peace of mind I need to have assurance that my email and postings in private discussion forums (just as my postal mail, phone conversations, deposit boxes, my own home, etc.) cannot just be seized or snooped in without there being some legitimate suspicion that my data contains something of legal relevance to the people trying to seize it.

Please do your best to protect the private data and personal correspondence of people who have no legitimate relevance to the legal cases you are entrusted to judge.

Thank you for reading this and taking the interests of ordinary users like me into account,

D. Keith Edwards
633 W Sierra Madre Blvd.
Sierra Madre, CA 91024

The Honorable Raymond B. Ray
Bankruptcy Court
299 E. Broward Blvd.
Ft. Lauderdale, FL 33301

Dear Judge Ray,

It has come to my attention through several sources that there is a lawsuit involved with one of the prior investors in Qtask and Reichart Von Wolfsheild, Qtask's chief software designer. It is my understanding that Qtask and Mr. Von Wolfsheild has being ordered to turn over all of their client's data, including all data and records stored within the Qtask system by those clients.

The data which I have personally stored within the Qtask system represents years of work and communication with several companies and private individuals who are not associated with Qtask, other than being users of the system. Any release of this data could easily allow my competitors, and those of my own clients, to destroy my business. The reason I chose Qtask for the purpose of guarding this information was the level of security offered with the system, and with my own knowledge of Mr. Von Wolfsheild's integrity.

The data and records which I have stored belong to me, and are my private property. They are not owned by Qtask or Mr. Von Wolfsheild. I do not authorize anyone to view, use, or sell any of this information, for any purpose.

Sincerely,

John L. Saleigh
john.saleigh@gmail.com
(818)457-6583



Judge Raymond B. Ray                                      16 March 2012
Bankruptcy Court
299 E. Broward Boulevard
Fort Lauderdale, FL 33301

I own a contract engineering company. We are hired by companies for the purpose of solving engineering problems that they can not solve on their own. In the course of our work, we sign non-disclosure agreements with these companies so that we can see their secret data and help them solve their problems.

I use Qtask to help me do my work to help my clients. The data stored on Qtask computers is not my data, it belongs to my clients. The data that I put on Qtask computers, in the performance of my job which is in no way related to the operation of Qtask the company or Reichart Von Wolfsheild its Chief Software Architect, does not belong to Qtask or Reichart or anyone else at Qtask, and not even me. It is the property and secret of my clients.

The data files of my clients are not assets of Qtask or Reichart Von Wolfsheild I am legally obliged to protect the secrets of my clients, and no one has any right to see that data other than my clients or me. Qtask has no right to see that data. Qtask has no rights to that data in any way.

I do not authorize Qtask to release this data to anyone, I can not. Such authorization would be the option of each of my clients individually.

Any potential release of my clients data could cause financial damage to them, and would certainly cause damage to my relationship with my clients.

Respectfully,

Dave Needle
President
GSD Group, Inc
2481 Northwood Drive
Alameda, CA 94501
501 406 7064

Leo L. Schwab
391 Laurel St.
San Carlos, CA 94070

March 17, 2012

The Honorable Raymond B. Ray
Bankruptcy Court
299 E. Broward Boulevard
Fort Lauderdale, FL 33301

Judge Ray,

I am informed that Qtask, Inc., and Mr. Reichart Von Wolfsheild have been ordered by the Court to turn over all assets belonging to Qtask, Inc, pursuant to a fraud/bankruptcy proceeding involving one of Qtask's investors. I am further informed that counsel for the Trustee has taken the view that all customer data contained within the Qtask system - which includes data that is personal and confidential to me - is a fungible asset belonging to Qtask, and has demanded, and the Court is considering assenting to, its transfer to the Trustee to be disposed of as the Trustee sees fit.

Counsel for the Trustee's view of this matter is grievously misinformed.

As a user of Qtask (in addition to other network-based data services), I view my data stored within Qtask in the same light as I would view items stored in a safety deposit box at a bank. I pay the bank for the service of keeping my belongings safe, but neither I nor the bank labor under the misapprehension that the contents of the safety deposit box are assets available to the bank and/or its creditors (rehypothecation practices notwithstanding). Likewise, if the person who just happened to be renting the box next to mine were found guilty of fraud, the contents of my box would not be subject to forfeiture due to mere proximity. Similarly, if the bank itself were found guilty of systemic, wide-ranging fraud - such as, for example, pursuing foreclosures via perjury and fabricated documents - the contents of safety deposit boxes would still not be subject to forfeiture remedies for the simple reason that the contents of those boxes are *not the bank's property*.

Analogously, the data I have entered in to Qtask, though residing on Qtask's servers, remains exclusively my property. Indeed, I entered the data into Qtask with this explicit mutual understanding. If Qtask had asserted any proprietary claim to my data at all, I would not have furnished the data to Qtask or used the service.

In considering ordering the forfeiture of Qtask's customer data, what the Court proposes to do (in my view) is unilaterally alter the expressed and implied

agreements between me and Qtask concerning how my data is to be treated. I would find this offensive to the point of unconscionable, for the following reasons:

- I was not informed any change in the agreement was forthcoming,
- I was not furnished with a copy of the new agreement detailing the new terms under which my data was to be treated,
- I was not given opportunity to review the changes to the agreement, or negotiate changes to the agreement,
- I was not given opportunity to assent or refuse the changes to the agreement,
- In the event I refused the new agreement, I was not given opportunity to delete from Qtask's servers any and all data I didn't want exposed to the new agreement.

It surely cannot be the view of the Court that Qtask customers, whose involvement with the original fraud is at most incidental, should have the terms under which their data is treated be so radically altered as a consequence of this proceeding. I am not the only person who would take a dim view of such a change. Indeed, I would respectfully suggest that counsel for the Trustee does not actually want to make this request, as any such transfer of customer data would almost immediately be followed by myriad, costly lawsuits from current and former Qtask customers seeking to enjoin the new "owners" from misusing their data.

If a bank were to alter its safety deposit box agreements, granting itself access to the contents whenever it wanted, I would at least be able to recover possession of the contents and terminate my relationship with the bank before they could misuse my property. However, in the digital sphere where copies are essentially free, physical possession is meaningless, and I must rely on the wisdom of the Court to ensure my data doesn't fall in to unauthorized hands.

In summary, I do not see and never have seen my data within the Qtask system as a fungible asset or any other thing of value belonging to Qtask, and categorically reject any assertion to the contrary. The data I have entered into the Qtask system is mine and mine alone, and Mr. Wolfsheild's actions to safeguard my data are and have been entirely consistent with this view, and with his representations to uphold this view. The data, quite simply, does not belong to him.

Sincerely,

Leo L. Schwab