### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

In re:

              Case No. 09-34791-BKC-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,

              Chapter 11

     Debtor.

_____/

### IRA SOCHET INTER VIVOS REVOCABLE TRUST AND INVESTORS RISK ADVANTAGE LP'S MOTION TO SET BRIEFING SCHEDULE AND TO STRIKE A PORTION OF THE TRUSTEE'S (A) OBJECTION TO PROOF OF CLAIM AND (B) TRUSTEE'S MOTION FOR RECONSIDERATION

    Creditors, the Ira Socket Inter Vivos Revocable Trust (the "Socket Trust") and Investors Risk Advantage, LP, (collectively the "Socket Entities") hereby file their Motion to Set Briefing Schedule and to Strike[1] in connection with the *Trustee's (I) Motion for Reconsideration of Order Allowing Claim of Ira Socket Inter Vivos Revocable Trust; and (II) Objection to Claim No. 145/356 Filed by Ira Socket Inter Vivos Revocable Trust* [ECF 3603] and to the *Trustee's (I) Motion for Reconsideration of Order Allowing Claim of Investors Risk Advantage, LP; and (II) Objection to Claim Granted in Favor of Investors Risk Advantage, LP* [ECF 3604] (the "Trustee's Motions") and in support thereof state as follows:

### PRELIMINARY STATEMENT

    As this Court well knows, the Trustee's Motions constitute contested matters under Federal Rule of Bankruptcy 9014. However, as of the date of this Motion, the Socket Entities have not been personally served with the Trustee's Motions as required by Bankruptcy Rule 9014(b). Therefore, the Socket Entities file this Motion in an abundance in caution and to advise

---

[1] It is well known that this Court appreciates arguments that rapidly focus on the bottom line. Therefore, before this Court need ask any of the parties to "cut to the chase," this motion is intended to highlight the obvious factual, legal and procedural issues that the undersigned believes the Court would ask about and which are case dispositive.

the Court of the issues that will be presented once the Sochet Entities have been properly served. However, the Sochet Entities do so without waiving their right to personal service on the Trustee's Motions. The Trustee and his counsel have previously been made aware that the undersigned was not authorized to accept service and that the Sochet Entities were not waiving their right to personal service.

## BACKGROUND

Combined, the Sochet Entities represent the largest innocent net loser creditors of the Rothstein Rosenfeldt Adler, P.A. bankruptcy estate ("RRA Estate"). Additionally, the Sochet Entities are members of the Official Committee of Unsecured Creditors. Initially, the Sochet Trust filed a highly detailed and specific proof of claim showing its $43,034,176.57 in losses from the Rothstein Ponzi scheme. That claim contained no amounts sought for interest or attorneys' fees. On or about September 8, 2011, the Trustee of the RRA Estate filed adversary proceedings against each of the Sochet Entities to recover, *inter alia*, alleged preferential and fraudulent transfers and objecting to both the allowance and priority of the claims held by the Sochet Entities. Thereafter, on September 26, 2011, the Trustee filed his First Amended Adversary Complaints against the Sochet Entities (the "Adversary Proceedings").

Counts I and II of the Trustee's complaints sought disallowance of the Sochet Entities' proofs of claim pursuant to 11 U.S.C. § 502. Additionally, Count V of the complaint against the Sochet Trust sought disallowance of its proof of claim pursuant to both 11 U.S.C. § 502 and § 510. The Trustee and the Sochet Entities settled the Adversary Proceedings in November 2011. As a result of those adversary proceedings and the settlement thereof, the Sochet Entities were forced to pay an additional $25 million into the RRA Estate. As specifically agreed to by the Trustee and as made clear in all of the settlement papers and proposed order approving the

settlement drafted by the Trustee and his counsel, this served to increase the Sochet Entities'
losses from the Rothstein scheme to $68,034,178.67. As an integral part of the *Order Granting
Motion of Chapter 11 Trustee Herbert Stettin Pursuant to Fed. R. Bankr. P. 9019 To Approve
Settlement and Compromise with (i) Adversary Case Defendants Investors Risk Advantage,
Sochet & Company and the Ira Sochet Inter Vivos Trust; and (ii) Ira Sochet* [ECF 2416] (the
"Sochet Settlement Order"), the Sochet Entities received an allowed claim in the RRA Estate.
Importantly, the Adversary Proceedings initiated by the Trustee specifically included multiple
objections to the allowance of the Sochet Entities' proofs of claim and a count for equitable
subordination of both the allowance and the priority of those proofs of claim thereof. The
settlement of the Adversary Proceedings specifically purported to resolve all of the issues raised
[or that could have been raised] in those proceedings.

## **RELIEF REQUESTED**

### **Summary of Relief Requested**

It is sincerely hoped that the Trustee and his counsel have simply forgotten the specific
and detailed definition of "Final Non-Appealable Order" which appears in footnote 1 that they
drafted and included in both the Sochet Settlement and the Sochet Settlement Order which the
Trustee successfully obtained approval of before this Court and that they have forgotten
paragraph 9(b) of the Sochet Settlement which they also drafted and which precludes that
settlement from being altered in any possible manner except by placing the proposed
amendments in a writing signed by all of the parties. It is respectfully and humbly submitted that
now that these incontrovertible and unambiguous provisions of the settlement documents drafted
and signed by the Trustee have been brought to the Trustee's attention, good faith compels the
immediate voluntary dismissal with prejudice by the Trustee of his current motions.

## Briefing Schedule

The Trustee's Motions attempt to raise various issues that should either be resolved by voluntary dismissal by the Trustee or by summary relief striking those motions by the Court. However, if after having been reminded herein of the specific language contained in the Sochet Settlement, motion to approve same and Sochet Settlement Order, the Trustee does not immediately dismiss his current motions or, in the alternative, if this Court does not summarily strike and/or deny those motions, then the resolution of those motions may require certain discovery on limited areas of inquiry as well as a consideration of the previous dealings between the parties, namely those resulting in the entry of the Sochet Settlement Order.  Indeed, the Trustee has already attempted to direct voluminous discovery, albeit mostly irrelevant, to the Sochet Entities and third parties, Michael Goldberg (who served as mediator in this dispute and as Committee Counsel) and Segall Gordich P.A. (counsel for the Sochet Entities), regarding the Trustee's Motions.  The Sochet Entities anticipate that, unless resolved by this Motion, the parties may be engaged in a dispute regarding the extent and scope of the discovery needed before they will even be ready to address the Trustee's Motions on the merits.  Unless resolved by this Motion, the Trustee's Motions will certainly require a lengthy evidentiary hearing once the briefing and discovery is complete and the parties are ready to proceed.

The Sochet Entities understand that the Court has set a non-evidentiary hearing on motion calendar for January 9, 2013. *See* ECF 3629.   The Sochet Entities respectfully request that this hearing be treated as a status conference wherein the parties can preview the discovery issues and other issues on the merits that would need to be resolved by this Court and set a briefing schedule for the responses/replies to the Trustee's Motions. However, the Sochet Entities respectfully submit that it would be most efficient to resolve the motion for

reconsideration and to enforce the settlement first and then, if the reconsideration motion is successful, address the actual objections to the Sochet Entities' allowed claims.

### Motion to Strike Motion for Reconsideration

Based upon the foregoing and upon the plain language included in the Sochet settlement documents, if the Trustee persists, then the undersigned has no choice but to humbly submit that the Motion for Reconsideration is frivolous and should be stricken as a matter of law because the Trustee both previously waived and is estopped from asserting any relief he may have had under Rule 9024 to set aside the Sochet Settlement Order. Although the Trustee does not do anything more than cite Rule 9024 in his introductory paragraph to the Trustee's Motions, it is clear that, had he not waived it previously, rule 9024 would have been his only avenue to seek the relief he is attempting to obtain. It appears from the Trustee's Motions that he is attempting to proceed under 11 U.S.C. § 502(j). However, this is inappropriate and completely unavailable to the Trustee because the Sochet Entities' claims were allowed pursuant to a settlement agreement of adversary proceedings where the Trustee formally brought objections to the Sochet Entities' claims.

11 U.S.C. § 502(j) provides for reconsideration of an allowed claim for cause. However, to the extent that a claim has been allowed pursuant to an adversary proceeding, rules of finality and appeal apply and the motion is only possible pursuant to Federal Rule of Bankruptcy Procedure 9024 and not § 502(j). *See In re Mathiason,* 16 F.3d 234, 238-9 (8th Cir. 1994). Rule 9024 and Federal Rule of Civil Procedure 60 are applicable to proceedings where an objection to a claim was actually litigated. *In re Gomez*, 250 B.R. 397, 400-1 (M.D. Fla. 1999). When a proof of claim has in fact been litigated between parties to a bankruptcy proceeding, the litigants

must seek reconsideration of the bankruptcy court's determination pursuant to the usual Rule 60 standards...." *Matter of Colley*, 814 F.2d 1008, 1010 (5th Cir. 1987).

Rule 9024 states that a motion for reconsideration of an order allowing a claim entered *without a contest* is not subject to the one year limitation prescribed in Rule 60(c). However, where allowance of a claim has been litigated, a motion for reconsideration is untimely and cannot stand when the original order was never appealed and the motion for reconsideration was brought more than one year after the entry of said order. *In re Costello*, 136 B.R. 296, 298 (Bankr. M.D. Fla. 1992). An order resolving an objection to a proof of claim, whether entered pursuant to a settlement or a determination on the merits, is not entered "without a contest" for the purposes of Rule 9024. *In re Mouzon Enterprises, Inc.*, 610 F.3d 1329 (11th Cir. 2010). It is important to note that (other than one cite to Rule 9024 in an introductory paragraph) the Trustee's Motions does not plead nor address in any fashion either Bankruptcy Rule 9024 or Federal Rule of Civil Procedure 60. Therefore, even if the Trustee or someone else would now attempt to file some amended or supplemental pleading addressing Bankruptcy Rule 9024 or Federal Rule of Civil Procedure 60, they would be time-barred.

However, the determination that no such motions may be brought against either the Sochet Entities or the Sochet Settlement Order is even more certain and undeniable. The Trustee admitted in his testimony at the November 28 hearing, the Trustee's claim objection was part of the settlement of the Adversary Proceedings. *See* November 28, 2011 Transcript attached hereto as Exhibit "A", p. 18[2]. Furthermore, the amended complaint in the adversary proceeding against the Ira Sochet Inter Vivos Revocable Trust contains three separate counts (in other words, 3/5ths of a 5-count complaint) regarding the Trustee's various objections to the Sochet Trust's proof of

---

[2] The proffer filed by the Trustee confirming this testimony and in support of the Sochet settlement is attached hereto as Exhibit "C."

claim: Counts I and II seeking disallowance of the Sochet Trust's proof of claim pursuant to 11 U.S.C. § 502 and Count V titled "Objection to and/or Equitable Subordination of Proof of Claim No. 145 filed by Defendant SOCHET TRUST pursuant to 11 U.S.C. §§ 502 and 510. *See* ECF # 5, *Stettin v. Ira Sochet Inter Vivos Revocable Trust* (Case No. 11-2504). These three counts together with the Trustee's statements on the record make it clear that the objections to the Sochet Entities' proof of claim were litigated and settled as part of the Adversary Proceedings. Therefore, it is clear that only Rule 9024 could possibly grant the Trustee the type of relief he is seeking. Section 502(j) is inapplicable in a situation such as this where the claims were allowed pursuant to a settlement of a claims objection that was brought as part of an adversary proceeding.

However, although Rule 9024 would have been his only viable alternative, this avenue is no longer available to the Trustee because he both waived and he is estopped from asserting any possible claim under that rule as part of the settlement of the Adversary Proceedings and the Sochet Settlement Order. Perhaps this is why the only mention of Rule 9024 occurs in the introductory paragraph of the Trustee's Motions and he makes no further attempt to comply with or even plead any of the requisites of Rule 9024. The settlement between these parties states that the $25 million paid by the Sochet Entities in exchange for an allowed claim was only payable upon the entry of a Final Non-Appealable Order. *See* ECF 2214-1 ¶ 2. Both the settlement agreement and, by specific inclusion, both the motion to approve same and the Sochet Settlement Order define a Final Non-Appealable Order as "an order of the Bankruptcy Court that is not subject to: (i) appeal pursuant to Fed. R. Bank. P. 8001 and 8002 which is subject to a stay issued by an appropriate court; (ii) **a motion under Fed. R. Bank. P. 9023 or 9024**; or (iii) **any motion that permits a court to reverse the relief granted by the order**. *See* ECF 2214-1, footnote 1.

In addition to the foregoing language, because the Sochet Entities did not want to risk paying the additional $25 million demanded by the Trustee and the RRA Estate until they were absolutely sure all potential issues regarding releases, allowance of the Sochet Entities' claims, etc. were irrevocably final and resolved forever, after the appellate period expired and the Sochet Settlement Order became a Final Non-Appealable Order (as that term was defined in the parties' settlement agreement), the Sochet Entities requested and the Trustee sent a certification to the Sochet Entities that the Sochet Settlement Order was final and non-appealable. *See* Composite Exhibit "B" attached hereto.  Upon receipt thereof and in reliance thereon, the Sochet Entities transferred the $25 million settlement payment to the Trustee.

In December 2011, when the Trustee through his counsel certified that the Sochet Settlement Order was a "Final Non-Appealable Order," he certified pursuant to the definition included in the parties' settlement that the Sochet Settlement Order was no longer subject to a motion under Rule 9024, thereby knowingly waiving and voluntarily estopping himself from asserting his rights under that rule in exchange for an immediate payment of the $25 million.  In fact, upon information and belief, on the very day the Trustee sent that certification to the Sochet Entities, he also cashed their check for $25 million.  The Trustee elected to sue the Sochet Entities and to assert his objection to their proofs of claim as part of adversary proceedings.  As mentioned above, once that election is made, the case law is clear that § 502(j) is no longer an option and any attempts to "reconsider" an allowed claim must be brought under Federal Rule of Civil Procedure 60 which is made applicable by Rule 9024.   However, this relief is not available to the Trustee because he did not bring his claims before: (1) drafting and signing the settlement agreement and motion to approve same; (2) drafting and successfully obtaining entry of the Court's Sochet Settlement Order approving the settlement and denying the objection thereto; (3)

certifying that the Sochet Settlement Order was a "Final Non-Appealable Order" (after choosing to define this term in the settlement agreement to state that the Sochet Settlement Order would not be final until it was not subject to Rule 9024); and (4) cashing the $25 million check.

More specifically, on or about December 15, 2011, to induce the Sochet Entities to make the $25 million payment, the Trustee certified that the Sochet Settlement Order was final and promptly accepted payment. Thereby on that date, he both forever waived and is estopped from asserting any rights he may have had under Rule 9024 to seek to set aside the Sochet Entities' previously allowed claims.

**Motion to Strike Motion to Enforce Alleged Settlement**

Unless the Trustee voluntarily withdraws same, the undersigned must also, respectfully, submit that the portion of the Trustee's Motions seeking the enforcement of the alleged settlement agreement reducing the Sochet Entities' previously allowed claims should be stricken as frivolous. The subsection of the Trustee's Motions seeking to enforce this alleged settlement should be summarily disposed of as a matter of law. Neither the RRA Estate nor the Sochet Entities should be forced to continue to incur additional expenses in the discovery related to and litigation of this issue. The previous settlement between these parties embodied in the Sochet Settlement Order is clear that any attempt to modify its provisions can only be accomplished in a writing signed by the parties.

The Federal cases addressing the issue are clear that state law applies to the enforceability and construction of settlement agreements. A settlement agreement is a contract and, as such, its construction and enforcement are governed by principles of Florida's general contract law. *Schwartz v. Florida Bd. of Regents,* 807 F.2d 901, 905 (11th Cir. 1987). Although Federal courts have inherent authority to summarily enforce settlement agreements entered into by litigants in a

pending case, the Court must look to Florida law when deciding whether the parties reached a settlement agreement that is enforceable. *Tomlinson v. Landers*, 2009 WL 1117399, *3 (M.D. Fla. 2009). The bankruptcy court's enforcement of settlements is no different. *In re Hyperion Foundation, Inc.,* 2009 WL 3633878, *3 (S.D. Miss. 2009). A settlement is a contract and is best resolved by reference to state contracts law. *Id.* citing *Houston OTR v. Holder (In re Omni Video, Inc.)*, 60 F.3d 230 (5th Cir. 1995).

In Florida, settlement agreements are governed by the law of contracts. *Tomlinson* at *3; *Robbie v. City of Miami,* 469 So. 2d 1384, 1385 (Fla. 1985). The alleged "settlement" the Trustee is attempting to enforce in the Trustee's Motions is clearly and undoubtedly an attempted modification of the settlement previously approved as part of the Sochet Settlement Order. Therefore, it is necessary to look at the terms of the parties' November 2011 settlement to determine whether any such modification or alleged settlement is even possible.

Although there is no legal requirement to do so, the parties can expressly require the terms of the settlement to be memorialized in a formal document and executed by the parties in order to be enforceable. *In re Rolsafe Intern., LLC,* 477 B.R. 884, 902 (M.D. Fla. 2012) citing *Club Eden Roc, Inc. v. Tripmasters, Inc.*, 471 So. 2d 1322, 1324 (Fla. 3d DCA 1985)(holding that where the parties intend that there will be no binding contract until the negotiations are reduced to a formal writing, there is no contract until that time). An agreement may not be determined to be final where the record establishes that it is the intent of the parties that further action be taken prior to the completion of a binding agreement. *Williams v. Ingram*, 605 So. 2d 890, 893 (Fla. 1st DCA 1992). Applications of these principles are intended to help assure that parties to litigation will not unintentionally be deprived of their access to a judicial determination, and that parties and

their legal representatives will negotiate settlements without fear of unintentionally being accused of entering into a binding agreement. *Id.*

In this case, the parties agreed as part of the settlement of the Adversary Proceedings approved by this Court that:

> **"The terms and provisions of this Settlement cannot be amended, modified or supplemented orally or by course of conduct or course of dealing, but only in a writing signed by each of the Parties."**

*See* paragraph 9(b) of the settlement agreement filed at ECF 2214-1[3]. Nowhere in the current Trustee's Motions does the Trustee allege that the alleged settlement agreement he is attempting to enforce was ever reduced to a writing that was signed by each of the parties. The reason for this is simple: **it never occurred**. Therefore, no such purported modification is enforceable because it does not comply with the terms of the settlement agreement which was incorporated in and approved by the Sochet Settlement Order, namely that any modification to its terms be reduced to writing and executed by the parties to be enforceable. Accordingly, in the absence of "…a writing signed by each of the Parties" the Trustee's attempt to enforce this alleged agreement must be denied as a matter of law[4].

### Sochet Entities' Good Faith Efforts to Resolve these Matters

The Sochet Entities have attempted to resolve these issues in good faith without having to file this Motion. However, the Trustee has thus far refused to dismiss his request to enforce the alleged recent settlement and his request to reconsider. Therefore, a motion to strike is appropriate and unavoidable as those requests by the Trustee are both frivolous and invalid as a

---

[3] Of course, it cannot be overlooked nor overemphasized that that specific term, together with all others, included in the settlement documents, the motion to approve same and the Sochet Settlement Order were demanded by, drafted, filed and championed by Trustee Stettin.

[4] And, unfortunately, if the Trustee does not voluntarily withdraw the Trustee's Motions, it cannot be viewed in any light other than an argument made by the Trustee in extreme bad faith.

11

matter of law.  The parties should not be required to incur additional expenses of time and money on those issues.  Regrettably, the Trustee has already attempted to propound discovery regarding the recent alleged settlement on both the Sochet Entities and upon third parties.  Allowing discovery and continuing litigation into these issues would do nothing more than increase the expenses to both the RRA Estate and the Sochet Entities on issues that need proceed no further than a review of the Sochet Settlement Order and the settlement documents incorporated therein and an inquiry into whether there is a writing executed by each of the parties encompassing the alleged settlement agreement the Trustee is seeking to enforce.  An order striking these portions of the Trustee's Motions is appropriate to streamline the discovery and litigation of any portions of the Trustee's Motions that might remain going forward.

WHEREFORE, the Sochet Entities respectfully request that this Court treat the January 9, 2013 hearing as a status conference, set a briefing schedule on any portion of the Trustee's Motions that may remain, strike those portions of the Trustee's Motions seeking to: (1) "reconsider" either the Sochet Settlement Order or the claims allowed therein and (2) enforce the alleged settlement reducing the Sochet Entities' allowed claims, and for such other and further relief as this Court deems just and proper.

<u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I CERTIFY that a true copy of this Motion was served via electronic transmission on all CM/ECF registered users and counsel requesting service on January 7, 2013.

SEGALL GORDICH P.A.
*Attorneys for Sochet Entities*
801 Brickell Avenue

Suite 900
Miami, Florida 33131
Telephone: 305-755-4930
Fax: 305-438-7438

/s/Lawrence A. Gordich
LAWRENCE A. GORDICH
Florida Bar No. 378097
lag@segallgordich.com
MELISSA ALAGNA
Florida Bar No. 40555
mma@segallgordich.com