**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

IN RE:                                                    CASE NO.:  09-34791-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,            CHAPTER 11

       Debtor.

_____/

**MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN THE CHAPTER 11 TRUSTEE AND CASA CASUARINA, LLC, LOFTIN FAMILY, LLC, LOFTIN HOSPITALITY, LLC, LUXURY RESORTS, LLC AND PETER LOFTIN**

Herbert Stettin ("Stettin" or "Trustee"), the Chapter 11 Trustee of Rothstein Rosenfeldt Alder, P.A. ("RRA" or the "Debtor"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, files this *Motion to Approve Mediation Settlement Agreement Between The Chapter 11 Trustee and Casa Casuarina, LLC ("Casa"), Loftin Family, LLC ("Loftin Family"), Loftin Hospitality, LLC ("Loftin Hospitality"), Luxury Resorts, LLC ("Luxury Resorts") and Peter Loftin ("Loftin") (collectively the "Loftin Parties")* (the "Motion"), and in support states:

**Background**

1.      This case was commenced as an involuntary chapter 11 proceeding on November 10, 2009, by four petitioning creditors (the "Bankruptcy Case"). (D.E. 1).

2.      The Court entered an Order for Relief on November 30, 2009. (D.E. 66).

3.      On November 20, 2009 this Court entered an order directing the appointment of a trustee.  (D.E. 30). On November 20, 2009, the United States Trustee's office selected Stettin as the Trustee in this case. (D.E. 35). On November 25, 2009, the Court ratified Stettin's appointment as Trustee.  (D.E. 55).

4.      Since the Trustee's appointment and ratification, the Trustee's professionals have

4807764-1

conducted a thorough analysis of RRA's books and records and other financial data including hundreds of millions of dollars in transfers made within the four year period prior to the petition date to various parties, including the Loftin Family.

5.      On July 21, 2011, the Trustee commenced an adversary proceeding in the Bankruptcy Case (Adversary Case No.: 11-02779-RBR-A; the "Adversary Proceeding") by filing an adversary complaint (the "Adversary Complaint") to avoid and recover certain amounts (the "Transfers"), which was amended by the filing of an amended complaint on March 12, 2013.

6.      The Loftin Family filed an answer and affirmative defenses disputing the Trustee's entitlement to avoid and/or recover the Transfers. (Adv. D.E. 35).

7.      The Parties have engaged in discovery, including the exchange of documents and the deposition of Scott Rothstein and other third-parties.

8.      The Parties have agreed to the resolution of certain issues, as described in the attached settlement agreement (the "Settlement Agreement") identified as **Exhibit A.**

## **The Settlement**[1]

9.      In considering the circumstances, and taking into account the nature of the claims against the Loftin Parties and the risks associated with litigating this matter, the Trustee believes that the terms of the Settlement Agreement are favorable to the RRA Estate.

10.     As more fully described in Settlement Agreement, the Loftin Parties and the Trustee have agreed to the following settlement terms, among others:

---

[1]  In the event that the Settlement Agreement is not approved by the Bankruptcy Court, nothing herein shall be deemed a representation or admission by any Party as to any issue involved in the RRA Case (as defined below) or the Adversary Proceeding, and the Parties shall be returned to the status quo prior to the execution of this Settlement Agreement.

4807764-1

a.  <u>Current Ownership in Luxury Resorts; Management by Rothstein</u>. The Loftin Parties agree and acknowledge that the Trustee, in his representative capacity on behalf of Debtor, beneficially (and of record) owns, controls, and holds, a 9.99% minority membership ownership interest in Luxury Resorts, the sole owner and managing member of Casa (by virtue of Rothstein's use of funds in RRA bank accounts to purchase an equity ownership interest pursuant to the Purchase Agreement and the Member Agreement); provided, however, that the Loftin Parties acknowledge and agree that Trustee has no management control in respect to Luxury Resorts and/or Casa (and his sole obligations are set forth in this Agreement and not any operating agreement). In connection herewith, the Loftin Parties shall concurrently cause to be delivered to Trustee a membership certificate(s) and such other documents requested by Trustee to evidence his 9.99% ownership interest in Luxury Resorts. In addition, the Loftin Parties acknowledge that Rothstein, commencing in or around July 2009, and continuing through until RRA was placed into involuntary bankruptcy, exercised and operated (either directly or through his wholly-owned entities) day-to-day control and management of Casa and the Property. Finally, the Loftin Parties hereby recognize the validity and enforceability in favor of Trustee of the Option (as defined below), which is hereby reduced to, and may be exercised for, $11,250,000.

b.  <u>Cash Payment from Sale — Settlement Payment.</u> The Loftin Parties shall pay to the Trustee [from or pursuant to a Sale (as defined below)], an amount equal to either (1) 9.99% of the Net Sales (as defined below), or, (2) if the Option is exercised by Trustee, 49.99% of the Net Sales (as applicable, the "Settlement Payment"). For purposes of this Agreement, the term "Net Sales" shall mean and refer to all of the gross sales proceeds and other consideration, sums and amounts (whether paid in money, debt or otherwise) received or designated payable from or pursuant to a Sale, less specified amounts and expenses (collectively, "Expenses"), as follows: (i) reasonably customary, and actually incurred and disbursed closing costs and brokerage fees, as reflected on a fully-executed settlement/closing statement; (ii) plus the actual VM South Beach, LLC purported mortgage amount displayed on a settlement/closing statement and disbursed in favor of VM South Beach, LLC (which such amount is inclusive of all principal, default and non-default interest, fees, charges, and attorney's fees, as evidenced by a written payoff from VM South Beach, LLC) (provided, however, that such amount is subject to ongoing reduction based on current litigation efforts by or on behalf of the Loftin Parties and/or Trustee, which if successful, shall reduce/eliminate such amount); and (iii) plus, an amount equal to $11,250,000, if, and only and if, Trustee elects to exercise the Option, by providing the Loftin Parties with written notice of such election (to be given within 3 business days after the Loftin Parties provide Trustee with written notice of an

impending Sale, and a closing/settlement statement which reflects the designated Settlement Payment thereon). The term "Sale", as used herein, shall mean any transfer to a bona-fide third party of title to the Property, or any transfer to a bona-fide third party of the ownership interests in Casa, Luxury Resorts or any related affiliate, The term "Option", as used herein, shall mean the election by Trustee, in his sole discretion, to acquire an additional 40% ownership interest in Luxury Resorts (so that Trustee owns a total of 49.99% of Luxury Resorts), through the use of a cashless option (wherein, instead of Trustee providing any cash consideration for the Option, the $11,250,000 price shall be deemed an Expense).

c. <u>Additional Rent:</u>  In addition to the Settlement Payment, the Trustee shall be entitled to receive from the Loftin Parties the following additional amounts/sums:

If the District Court denies the Motion of VM South Beach, LLC for the assignment of rents [D.E. 120], then the Trustee shall immediately be entitled to receive a sum that equals 9.99% of all rents, revenues, proceeds and profits (as such terms may be as broadly construed as possible), derived from, under, or as a result of the Property. Such proportional amount, if applicable, shall be due and payable to Trustee immediately upon receipt of any such rents, revenues, proceeds and profits, by any of the Loftin Parties (collected in the month after the Order of the Bankruptcy Court approving the Settlement Agreement becomes a Final Non-Appealable Order, and for all months thereafter until a Sale of the Property).

d. <u>Mortgage.</u> The relevant Loftin Parties shall execute and deliver the Mortgage (which shall secure the obligations of this Agreement). The Mortgage shall provide, among other provisions typical to a commercial mortgage between a commercial lender and commercial borrower, a future advance clause. Trustee is entitled immediately to record the Mortgage, at his cost, in the public records of Miami-Dade County, Florida (and/or seek an equitable lien as Trustee elects), The Loftin Parties specifically authorize Trustee to file any and all financing statements desired by Trustee to be filed in connection with the Mortgage. The amount of the Settlement Payment (and corresponding indebtedness) is subject to adjustment based upon the Net Sales generated by a Sale of the Property.

e. <u>Market the Property</u>.  The Loftin Parties shall continue to market the Property on a commercially reasonable constant basis (until and through the consummation of a Sale), and shall provide the Trustee with reasonable access to the respective brokers of the Property to allow the Trustee to ascertain the progress in regards to prospective Sales (and/or showings and interest showed by prospective buyers). More specifically, the Trustee's access to the brokers shall include upon the Trustee's request,

4

information and periodic reports from the brokers detailing sales prospects, proposals, offers, advertising, and the broker's assessment of the likelihood of a Sale of the Property at different price points; provided, however, Trustee shall not materially impede the efforts to market or sell the Property (and Trustee shall not provide conflicting instructions to the brokers). The Loftin Parties shall not sell the Property, Casa or Luxury Resorts, to an affiliate or related party (except with Trustee's express permission).

### Authority to Support Authorization of the Settlement

11.     The Trustee seeks approval of the Settlement Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

12.     Rule 9019(a) provides that, after notice and a hearing, a court may approve a proposed settlement of a claim. The decision of whether or not to approve a compromise is within the sound discretion of the court. *In re Chira*, 367 B.R. 888, 896 (S.D. Fla. 2007) *aff'd.* 567 F.3d 1307 (11th Cir. 2010) citing *In re Air Safety Intern., L. C.*, 336 B.R. 843, 852 (S.D. Fla. 2005); *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D. Fla. 1988).

13.     In passing on proposed settlements, the Court must determine whether a proposed settlement is fair and equitable. *In re Chira*, 367 B.R. at 896 (S.D. Fla. 2007). The Court must evaluate whether the compromise falls below the "lowest point in the range of reasonableness." *In re S&I Investments*, 421 B.R. 569, 583 (Bankr. S.D. Fla. 2009) citing *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993); *see also In re Arrow Air, Inc.*, 85 B.R. at 886 (Bankr. S.D. Fla. 1988).

14.     The 11th Circuit, in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549, provided additional guidance regarding whether a settlement should be approved and established a four-part test:

a.      The probability of success in litigation;

b.      The difficulties, if any, to be encountered in the matter of collection;

c.      The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

d.      The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

15.     The Trustee submits that the proposed Settlement Agreement overwhelmingly satisfies the *Justice Oaks* standard.

16.     The Settlement Agreement provides the Trustee with an opportunity to efficiently settle significant claims of the estate on favorable terms against a party capable of financing the costs of protracted litigation, from trial and through the exhaustion of appellate remedies, and will provide the Debtor's estate with a significant recovery.

17.     If this matter were to proceed to trial, substantial additional discovery would be necessary. It is also anticipated that, due to the positions advanced by both sides, the costs associated with litigating this matter through trial and the exhaustion of appellate remedies would be significant.

18.     The Trustee believes that the expense, inconvenience and delay that would be caused by litigating with the Loftin Parties would not be in the best interest of the Debtor's estate.

19.     Therefore, after full and careful consideration, the Trustee believes that the resolution set forth in the Settlement Agreement is in the best interest of the RRA Estate and its creditors.

**WHEREFORE,** the Trustee respectfully requests the entry of an order in substantially the same form of the order attached as Exhibit B, (i) granting this Motion, (ii) approving the terms of the Settlement Agreement, and (iii) granting such other relief as is just and proper.

6

Dated:  February 14, 2013.

Respectfully submitted,

BERGER SINGERMAN LLP
Counsel to Trustee, Herbert Stettin
350 E. Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301
Tel.  (954) 525-9900
Fax   (954) 523-2872

By:  /s/  Charles H. Lichtman
        Charles H. Lichtman, Esq.
        Florida Bar No. 501050
        clichtman@bergersingerman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via the Court's CM/ECF system to all registered users in this case and via Regular U.S. Mail, postage prepaid, fax, email and/or overnight delivery, as indicated, upon all parties listed below and on the attached Service List this 14th day of February, 2013.

By:  /s/  Charles H. Lichtman
        Charles H. Lichtman

7

4807764-1

## MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Marianella Morales, Esquire
Authorized Agent For Joining Creditors
Avenida Francisco de Miranda
Torre Provincial "A", Piso 8
Caracas, Venezuela
**(VIA CM/ECF and EMAIL)**

John H. Genovese, Esq.
Robert F. Elgidely, Esq.
Theresa M.B. Van Vliet, Esq.
Genovese Joblove & Battista, PA
100 S.E. 2nd Street, Suite 4400
Miami, Florida 33131
**(VIA CM/ECF and EMAIL)**

Kendall Coffey, Esq.
Coffey Burlington,
Office in the Grove, Penthouse
2699 South Bayshore Drive
Miami, Florida 33133
kcoffey@coffeyburlington.com
**(VIA CM/ECF and EMAIL)**

The Honorable Herbert M. Stettin
One Biscayne Tower
Suite 3700
Two South Biscayne Boulevard
Miami, Florida 33131
**(VIA U.S. MAIL and EMAIL)**

John G. Bianco, Esq.
John M. Mulli, Esquire
Tripp Scott
110 Southeast Sixth Street
Fifteenth Floor
Fort Lauderdale, Fl. 33301
jgb@trippscott.com
**(VIA CM/ECF and EMAIL)**

Alison W. Lehr, Esq.
Grisel Alonso, Esq.
Assistant United States Attorney
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132
Alison.Lehr@usdoj.gov
Grisel.alonso@usdoj.gov
**(VIA CM/ECF and EMAIL)**

Jeffrey R. Sonn, Esq.
Sonn & Erez, PLC
Broward Financial Center
500 E. Broward Boulevard
Suite 1600
Fort Lauderdale, Florida 33394
jsonn@sonnerez.com
**(VIA CM/ECF and EMAIL)**

Office of the US Trustee
51 Southwest First Avenue
Suite 1204
Miami, Florida 33130
**(VIA CM/ECF and EMAIL)**

Thomas Tew, Esq.
Tew-Cardenas, LLP
Four Seasons Tower
15th Floor
1441 Brickell Avenue
Miami, Florida 33131-3407
tt@tewlaw.com
 **(VIA CM/ECF and EMAIL)**

Conrad & Scherer, LLP
633 South Federal Highway
Fort Lauderdale, FL 33301
bs@conradscherer.com
JSilver@conradscherer.com
**(VIA CM/ECF and EMAIL)**

## MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Michael D. Seese, Esq.
Hinshaw & Culbertson, LLP
1 E Broward Blvd Ste 1010
Ft Lauderdale, Florida 33301
mseese@hinshawlaw.com
**(VIA CM/ECF and EMAIL)**

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7345
**(Via U.S. Mail)**

Internal Revenue Service
Special Procedures - Insolvency
7850 SW 6th Court
Plantation, FL  33324
**(Via U.S. Mail)**

Special Asst. U.S. Attorney
P.O. Box 9, Stop 8000
51 SW 1st Avenue, #1114
Miami, Fl  33130
**(Via U.S. Mail)**

United Healthcare
Dept. CH 10151
Palatine, IL 60055
**(Via US Mail)**

Special Asst. U.S. Attorney
IRS District Counsel
1000 S. Pine Island Rd., Ste 340
Plantation, FL 33324-3906
**(Via U.S. Mail)**

The Honorable Eric H. Holder, Jr.
Attorney General of the U.S.
950 Pennsylvania Avenue, NW Room 4400
Washington, DC  20530-0001
**(Via U.S. Mail)**

Honorable Jeffrey H. Sloman,
Acting U.S. Attorney
99 NE 4th Street
Miami, Fl  33132
**(Via U.S. Mail)**

~~Daniel Mink~~
~~Ovadia Levy~~
~~c/o Renato Watches, Inc~~
~~14051 NW 14th Street~~
~~Sunrise, Florida 33323~~
~~**(Via U.S. Mail)**~~

William George Salim, Jr.
Moskowitz Mandell & Salim
800 Corporate Dr Ste 510
Fort Lauderdale, Florida 33334
wsalim@mmsslaw.com
**(VIA CM/ECF and EMAIL)**

USI
Attn: Anthony Gruppo
200 West Cypress Creek Road
Suite 500
Fort Lauderdale, FL 33309
Anthony.gruppo@usi.biz
**(VIA EMAIL)**

Marc Nurik, Esq.
1 East Broward Blvd
Suite 700
Fort Lauderdale, FL 33301
marc@nuriklaw.com
**(VIA EMAIL)**

BAST AMRON LLP
SunTrust International Center
One Southeast Third Avenue
Suite 1440
Miami, Florida 33131
bamron@bastamron.com
jbast@bastamron.com
**(VIA CM/ECF and EMAIL)**

## MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Mark Bloom, Esq.
John B. Hutton, Esq.
Greenberg Traurig, LLP
333 Avenue of the Americas, Suite 4400
Miami, FL 33131-3238
bloomm@gtlaw.com
huttonj@gtlaw.com
**(VIA CM/ECF and EMAIL)**

Robert D. Critton, Esq.
Burman, Critton, Luttier & Coleman
303 Banyan Blvd., Suite 400
West Palm Beach, FL 33401
rcrit@bclclaw.com
**(VIA CM/ECF and EMAIL)**

Roth & Scholl
Attn: Jeffrey C. Roth, Esq.
Attorneys For Creditor Blue
Capital Us East Coast Properties, L.P.
866 South Dixie Highway
Coral Gables, Fl 33146
jeff@rothandscholl.com
**(VIA CM/ECF and EMAIL)**

Rogers, Morris & Ziegler, LLP
1401 East Broward Blvd
Suite 300
Fort Lauderdale, FL 33301
mfbooth@rmzlaw.com
**(VIA CM/ECF and EMAIL)**

Arthur C. Neiwirth, Esq.
One E. Broward Blvd., Suite 1400
Ft. Lauderdale, FL 33301
aneiwirth@qpwblaw.com
**(VIA CM/ECF and EMAIL)**

The Florida Bar
Adria E. Quintela, Esq.
Alan Anthony Pascal, Esq.
Lake Shore Plaza II
1300 Concord Terrace, Suite 130
Sunrise, FL 33323
aquintel@flabar.org
apascal@flabar.org
**(VIA CM/ECF and EMAIL)**

Micheal W. Moskowitz, Esq.
800 Corporate Drive, Suite 500
Ft. Lauderdale, FL 33234
mmoskowitz@mmsslaw.com
**(VIA CM/ECF and EMAIL)**

Francis L. Carter, Esq.
Katz Barron Squitero Faust
2699 S. Bayshore Drive, 7th Floor
Miami, Florida 33133
flc@katzbarron.com
**(VIA CM/ECF and EMAIL)**

Bradley S. Shraiberg, Esq.
2385 NW Executive Drive
Suite 300
Boca Raton, Florida 33431
bshraiberg@sfl-pa.com
**(VIA CM/ECF and EMAIL)**

Henry S. Wulf, Esq.
CARLTON FIELDS, P.A.
525 Okeechobee Blvd., Suite 1200
West Palm Beach, Florida 33401
E-Mail: hwulf@carltonfields.com
**(VIA CM/ECF and EMAIL)**

EMESS Capital, LLC
c/o Bruce A. Katzen, Esq.
201 S. Biscayne Blvd., 17th Floor
Miami, Florida 33131
E-Mail: bkatzen@klugerkaplan.com
jberman@klugerkaplan.com
**(VIA CM/ECF and EMAIL)**

## MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Ira Sochet, Trustee
Revocable Intervivos Trust of Ira Sochet
c/o Phil Hudson, Esq.
200 South Biscayne Blvd, Suite 3600
Miami, Florida 33130
E-Mail: pmhudson@arnstein.com
**(VIA CM/ECF and EMAIL)**

Stearns Weatve Miller Weissler Alhadeff &
Sitterson, P.A.
Eugene E. Stearns, Esq.
Harold D. Moorefield, Jr., Esq.
Andrew E. Stearns, Esq
150 West Flagler Street, Suite 2200
Miami, Florida 33130
E-Mail: estearns@stearnsweaver.com
E-Mail: hmoorefield@stearnsweaver.com
E-Mail: astearns@stearnsweaver.com
**(VIA CM/ECF and EMAIL)**

Michael I. Goldberg, Esq.
Las Olas Centre -  Suite 1600
350 East Las Olas Blvd
Fort Lauderdale, FL 33301
E-Mail: Michael.goldberg@akerman.com
Eyal.berger@akerman.com
**(VIA CM/ECF and EMAIL)**

LMB Funding Group
c/o Robert C. Furr, Esq.
2255 Glades Road, Suite 337W
Boca Raton, Florida 33431
E-Mail: rfurr@furrcohen.com
**(VIA CM/ECF and EMAIL)**

Lawrence A. Gordich, Esq.
Melissa Alagna, Esq.
SEGALL/GORDICH P.A.
801 Brickell Avenue, Suite 900
Miami, Florida 33131
Email: lag@segallgordich.com
Email: mma@segallgordich.com
**(VIA CM/ECF and EMAIL)**

Broward County
Attn: Hollie N. Hawn, Esq.
Government Center
115 South Andrews Avenue
Fort Lauderdale, FL 33301
E-Mail: hhawn@broward.org
**(VIA CM/ECF and EMAIL)**

Peter F. Valori, Esq.
DAMIAN & VALORI LLP
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
E-mail: pvalori@dvllp.com
**(VIA CM/ECF and EMAIL)**

Canon Financial Services, Inc.
158 Gaither Drive, #200
Mount Laurel, NJ 08054
**(Via US Mail)**

CIT Technology Financing Services I,
LLC
10201 Centurion Parkway North
Jacksonville, FL 32256
**(Via US Mail)**

Gibraltar Private Bank & Trust
Company
220 Alhambra Circle, Suite 500
Coral Gables, FL 33134
**(Via US Mail)**

Inter-Tel Leasing, Inc.
1140 West Loop North
Houston, TX 77055
**(Via US Mail)**

Florida Department of Revenue
501 S. Calhoun Street, Room 201
Carlton Building
Tallahassee, FL 32399
**(Via US Mail)**

## MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Leon County Tax Collector
315 S. Calhoun Street
Suite 210
Tallahassee, FL 32301
**(Via US Mail)**

Miami-Dade County Tax Collectors
140 West Flagler Street, 14th Floor
Miami, FL 33130
**(Via US Mail)**

Palm Beach County Tax Collector
P.O. Box 3715
West Palm Beach, FL 33402-3715
**(Via US Mail)**

THE LAW OFFICES OF
GEOFFREY D. ITTLEMAN, P.A.
440 North Andrews Avenue
Fort Lauderdale, Florida 33301
**(Via US Mail)**

Carpenter & Berger, PL
6400 N. Andrew Ave, suite 370
Fort Lauderdale, FL 33309
**(Via US Mail)**

Frank F. McGinn, Esq.
Bartlett Hackett Feinberg, P.C.
155 Federal Street, 9th Floor
Boston, MA 02110
ffm@bostonbusinesslaw.com
**(VIA CM/ECF and EMAIL)**

Darol H. M. Carr, Esq.
99 Nesbit Street
Punta Gorda, FL 33950
dcarr@farr.com
**(VIA CM/ECF and EMAIL)**

Jane A. Bee, Esq.
Blank Rome LLP
130 North 18th Street
Philadelphia, PA 19103-6998
bee@blankrome.com
(**VIA EMAIL**)

Roderick F. Coleman, Esq.
400 South Dixie Highway, Suite 121
Boca Raton, FL 33432
rfc@colemanattorneys.com
**(VIA CM/ECF and EMAIL)**

Mark S. Haltzman, Esq.
Lamm Rubenstone, LLC
3600 Horizon Blvd, Suite 200
Trevose, PA 19053
mhaltzman@lammrubenstone.com
**(VIA CM/ECF and EMAIL)**

Robert C. Buschel, Esq.
100 S.E. Third Ave, Suite 1300
Fort Lauderdale, FL 33394
**buschel@bglaw-pa.com**
**(VIA CM/ECF and EMAIL)**

Berkowitz Dick Pollack & Brant
Certified Public Accountants & Consultants,
LLP
200 S Biscayne Boulevard, Sixth Floor
Miami, FL  33131-2310
Attn: Richard Pollack
**(Via Email and U.S. Mail)**

MELAND RUSSIN & BUDWICK, P.A.
3000 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Attn: James C. Moon, Esq.
jmoon@melandrussin.com
Attn: Peter D. Russin, Esq.
prussin@melandrussin.com
Attn: Michael S. Budwick, Esq.
mbudwick@melandrussin.com
**(VIA CM/ECF and EMAIL)**

Gary S. Blake, Esq.
1499 W. Palmetto Park Rd
Suite 300
Boca Raton, FL 33486
gblake@lglaw.net
**(VIA CM/ECF and EMAIL)**

## MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Melinda S. Thornton, Esq.
Assistant County Attorney
County Attorney's Office
2810 Stephen P. Clark Center
111 N.W. First Street
Miami, Fl 33128-1993
Email: cao.bkc@miamidade.gov
**(VIA CM/ECF and EMAIL)**

SLATKIN & REYNOLDS, P.A.
Attorneys for Russell Adler and Katie Adler
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
jslatkin@slatkinreynolds.com
**(VIA CM/ECF and EMAIL)**

ASSOULINE & BERLOWE, P.A.
213 East Sheridan Street, Ste. 3
Dania Beach, FL 33004
Attn: Eric N. Assouline, Esq.
ena@assoulineberlowe.com
**(VIA CM/ECF and EMAIL)**

Steven J. Reisman, Esq.
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178-0061
E-mail: sreisman@curtis.com
**(Via Email and U.S. Mail)**

Turner P. Smith, Esq.
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178-0061
E-mail: tsmith@curtis.com
**(Via Email and U.S. Mail)**

Maryann Gallagher, Esq.
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178-0061
E-mail: mgallagher@curtis.com
**(Via Email and U.S. Mail)**

ILEANA CRUZ BONGINI, ESQ.
icruz@stearnsweaver.com
STEARNS WEAVER MILLER
WEISSLER ALHADEFF & SITTERSON,
P.A.
Coquina Investments
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
**(VIA CM/ECF and EMAIL)**

Lynn Maynard Gollin
lgollin@gordonrees.com
Gordon & Rees LLP
Four Seasons Tower
15th Floor
1441 Brickell Avenue
Miami, FL 33131
**(VIA CM/ECF and EMAIL)**

Paul J. McMahon, Esq.
Paul Joseph McMahon, P.A.
2840 S.W. Third Ave
Miami, Florida 33129
pjm@pjmlawmiami.com
**(VIA CM/ECF and EMAIL)**

Robert P. Avolio, Esq.
Crossroads Corporate Center
3150 Brunswick Pike, Ste. 120
Lawrenceville, NJ 08648
ravolio@avoliohanlon.com
**(Via Email and U.S. Mail)**

## MASTER SERVICE LIST
CASE NO.: 09-34791-BKC-RBR

Mark S. Shipman, Esq.
20 Batterson Park Road, Suite 120
Farmington, CT 06032
mark@shipso.com
**(Via Email and U.S. Mail)**

Heather L. Ries, Esq.
Fox Rothschild, LLP
222 Lakeview Ave, Suite 700
West Palm Beach, Fl 33401
hries@foxrothschild.com
**(VIA CM/ECF and EMAIL)**

Geoffrey S. Aaronson, Esq.,
Geoffrey S. Aaronson, P.A.,
 Local Counsel for FEP and
the FEP Victims Group,
Miami Tower, 100 SE 2nd Street,
27th Floor, Miami, Florida 33131
**gaaronson@aaronsonpa.com**
**(VIA CM/ECF and EMAIL)**

Michael Paris, Esq.
William C. Nystrom, Esq.
Nystrom, Beckman & Paris, LLP
Counsel for FEP & the FEP Victims Group
10 Saint James Avenue, 16th Floor
Boston, MA 02116
mparis@nbparis.com
wnystrom@nbparis.com
**(Via Email)**

Scott L. Baena, Esq.
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3238
**SBaena@bilzin.com**
**(VIA CM/ECF and EMAIL)**

Alberta L. Adams, Esq.
Mills Paskert Divers
100 North Tampa Street, Suite 2010
Tampa, Florida 33602
**aadams@mpdlegal.com**
**(VIA CM/ECF and EMAIL)**

James B. Sowka, Esq.
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Email: jsowka@seyfarth.com
**(VIA CM/ECF and EMAIL)**

David C. Christian II, Esq.
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Email: dchristian@seyfarth.com
**(VIA CM/ECF and EMAIL)**

David M. Levine, Esq.
Levine Kellogg Lehman Schneider &
Grossman, LLP
201 S. Biscayne Blvd, 34th Floor
Miami, Florida 33131
Email: dml@lkllaw.com
**(VIA CM/ECF and EMAIL)**

Timothy W. Volpe, Esq.
John T. Rogerson, III, Esq.
Caroline Prieto, Esq.
Volpe, Bajalia, Wickes, Rogerson & Wachs,
P.A.
501 Riverside Ave, 7th Floor
Jacksonville, FL 32202
**(Via U.S. Mail)**

Denise D. Dell-Powell, Esq.
BURR & FORMAN, LLP
450 South Orange Avenue, Suite 200
Orlando, Florida 32801
**(VIA CM/ECF)**

McINTOSH SCHWARTZ, P.L.
Alain E. Boileau, Esq.
888 Southeast 3rd Ave., Suite 500
Fort Lauderdale, FL 33316
**(VIA CM/ECF)**

## MASTER SERVICE LIST
### CASE NO.: 09-34791-BKC-RBR

FURR AND COHEN, P.A.
Alvin S. Goldstein, Esq.
Counsel for Robert C. Furr,
2255 Glades Road
One Boca Place, Suite 337W
Boca Raton, FL 33431
E-mail: agoldstein@furrcohen.com
**(VIA CM/ECF )**

**Victor H Veschio, Esq.**
2001 W Kennedy Blvd
Tampa, FL 33606
**(VIA CM/ECF )**

Hoffman, Larin & Agnetti, P.A.
909 N. Miami Beach Blvd., #201
North Miami, Florida 33162
**(VIA CM/ECF )**

DAMIAN & VALORI, LLP
Kenneth Dante Murena, Esq.
Counsel for Charles Sanders and Lisa Ellis
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
**(VIA CM/ECF )**

Michael S. Popok, Esq.
Aleida Martinez-Molina, Esq.
Weiss Serota Helfman
Pastoriza Cole & Boniske, P.L.
2525 Ponce de Leon Boulevard, Suite 700
Coral Gables, Florida 33134
**(VIA CM/ECF )**

Bruce E Reinhart, Esq.
McDonald Hopkins LLC
505 S. Flagler Drive, Suite 300
West Palm Beach, Florida 33401
**(VIA CM/ECF )**

Russell M. Blain, Esquire
Stichter, Riedel, Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, FL 33602
**(VIA CM/ECF )**

Howard S. Friedman, Esq.
1000 South Andrews Ave
Fort Lauderdale, FL 33316
**(Via U.S. Mail)**

Marcos Daniel Jimenez, Eq.
Audrey M. Pumariega, Eq.
Kasowitz, Benson, Torres & Friedman LLP
1441 Brickell Ave, Suite 1420
Miami, Florida 33131
mjimenez@kasowitz.com
apumariega@kasowitz.com
**(Via U.S. Mail and E-Mail)**

Daniel F. Blanks
McGUIREWOODS LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Email: dblanks@mcguirewoods.com
**(VIA CM/ECF )**

Steven H. Friedman, Esq.
Attorney for Legal Staffing, Inc.
P.O. Box 1203
West Palm Beach, Florida 33402-1203
**(VIA CM/ECF )**

Marcos Daniel Jimenez, Esq.
mjimenez@mwe.com
Robert M. Kline, Esq.
rkline@mwe.com
McDermott Will & Emery LLP
333 Avenue of the Americas
Suite 4500
Miami, Florida 33131
**(VIA CM/ECF )**

**EXHIBIT A**

**SETTLEMENT AGREEMENT**

8

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("*Settlement Agreement*" or "*Agreement*") is made this ᶜ̣ day of January, 2013 (the "*Effective Date*"), by and among: **HERBERT STETTIN**, as the Chapter 11 Trustee ("*Stettin*" or "*Trustee*") of Rothstein Rosenfeldt Adler, P.A. ("*RRA*" or "*Debtor*"); and **CASA CASUARINA, LLC** ("*Casa*"), **LOFTIN FAMILY, LLC** ("*Loftin Family*"), **LOFTIN HOSPITALITY, LLC** ("*Loftin Hospitality*"), **LUXURY RESORTS, LLC** ("*Luxury Resorts*"), and **PETER LOFTIN** ("*Loftin*")(jointly and severally, Loftin Family, Loftin Hospitality, Luxury Resorts and Loftin are hereinafter collectively referred to as the "*Loftin Parties*"; collectively, the Loftin Parties and the Trustee are hereinafter referred to as the "*Parties*").

## RECITALS

**WHEREAS**, on November 10, 2009, an involuntary Chapter 11 proceeding was commenced against RRA in and for the Southern District of Florida United States Bankruptcy Court (the "*Bankruptcy Court*" or "*Court*") bearing the title: *In Re: Rothstein Rosenfeldt & Adler, P.A.*, Case No.: 09-34791-RBR (the "*Bankruptcy Case*");

**WHEREAS**, on November 20, 2009, the Bankruptcy Court entered an order directing the appointment of a trustee [DE #30]; on November 20, 2009, the Office of the United States Trustee selected Stettin as the Trustee in this case [DE #35]; and on November 25, 2009, Stettin's appointment as Trustee was ratified by the Bankruptcy Court [DE #55];

**WHEREAS**, the Bankruptcy Court entered an Order for Relief on November 30, 2009 [DE #66];

**WHEREAS**, on November 11, 2011, the Trustee commenced an Adversary Proceeding in the U.S. Bankruptcy Court for the Southern District of Florida (Adversary Case No. 11-02779-RBR) (the "*Adversary Proceeding*") in which he alleges that (i) the Debtor made certain transfers to certain of the Loftin Parties, from RRA bank accounts, that are fraudulent transfers (the "*Transfers*") subject to the provisions of Sections 544, 548 and 550 of the Bankruptcy Code and Chapter 726 of the Florida Statutes (2012); and that (ii) the Trustee holds other legal and equitable claims against the Loftin Parties under applicable state and/or federal law, as property of the estate, pursuant to 11 U.S.C. § 541 (collectively referred to herein as the "*Claims*");

**WHEREAS**, Casa owns the real property legally described as: Lots 5, 6 and 7, in Block 16, of OCEAN BEACH ADDITION NO. 2, according to the Plat thereof, as recorded in Plat Book 2, at Page(s) 56, of the Public Records of Miami-Dade County, Florida a/k/a the Versace Mansion (the "*Property*");

**WHEREAS**, in or around July, 2009, Loftin, Luxury Resorts, Casa and Scott W. Rothstein ("*Rothstein*") through his limited liability company, IDNLGEAH, LLC, entered into a Membership Purchase and Option Agreement (the "*Purchase Agreement*") and a Member Agreement (the "*Member Agreement*"), wherein Rothstein or his affiliate purchased a 9.99% membership interest in Luxury Resorts, the sole owner and managing member of Casa. In addition, during this time, Loftin, Casa, and Rothstein entered into Operating Agreement,

wherein Rothstein (either directly or through his wholly owned entities) assumed control and management over the day-to-day operations of Casa and the Property;

**WHEREAS**, the Purchase Agreement also granted Rothstein or his affiliate an option to purchase an additional 40% ownership interest in Luxury Resorts for an option exercise price of $20,000,000 (reduced herein to $11,250,000) (the effect of which would, if exercised, create in Rothstein or his affiliate a 49.99% ownership interest in Luxury Resorts) ;

**WHEREAS**, Rothstein used RRA monies to purchase the 9.99% ownership interest in Luxury Resorts;

**WHEREAS**, VM South Beach, LLC ("***VM South Beach***") commenced a mortgage foreclosure action in and for the Southern District of Florida United States District Court (the "***District Court***") bearing the title: *VM South Beach v. Casa Casuarina, LLC, et al.,* Case No.: 11-24612-CIV-ROSENBAUM/Seltzer (the "***Mortgage Foreclosure Case***")];

**WHEREAS,** as part of settling certain matters and claims, Trustee shall receive from the sale of the Property the Settlement Payment (as defined below), as may be increased or decreased, as is further described below;

**WHEREAS**, in order to secure the payment of the Settlement Payment and other obligations of the Loftin Parties under this Agreement, certain of the Loftin Parties desire to execute and deliver to Trustee a standard commercial mortgage (in form reasonably approved by Trustee, the "***Mortgage***"), which the Loftin Parties' represent shall provide for a valid mortgage lien and security interest in and to property described on **Exhibit A** attached hereto (the "***Property***");

**WHEREAS,** in addition to the foregoing, the Loftin Parties and the Trustee agree to perform and cause certain other matters to occur, as is described below; and

**WHEREAS,** the Loftin Parties have denied Trustee's right to recovery regarding the Claims and have asserted numerous affirmative defenses thereto, in addition to potential counterclaims and setoff claims (yet to be asserted), and are entering into this Agreement solely to avoid the uncertainty of litigation as well the expenditure of time and money in connection therewith.

## TERMS OF AGREEMENT

**NOW THEREFORE**, in consideration of the foregoing and the agreements set forth herein, and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, the Loftin Parties and the Trustee agree as follows:

1.    Recitals; Exhibits.   The above Recitals are true and correct, and incorporated herein by this reference.  The exhibits attached to this Agreement are also true and correct, and therefore incorporated herein by this reference.

2.    Luxury Resorts Ownership; Settlement Payment; Mortgage:  The Parties mutually

4747041-6
1/21/13 9:02 AM

unconditionally acknowledge and agree hereby that:

A.    <u>Current Ownership in Luxury Resorts; Management by Rothstein</u>. Trustee, in his representative capacity on behalf of Debtor, beneficially (and of record) owns, controls, and holds, a 9.99% minority membership ownership interest in Luxury Resorts, the sole owner and managing member of Casa (by virtue of Rothstein's use of funds in RRA bank accounts to purchase an equity ownership interest pursuant to the Purchase Agreement and the Member Agreement); provided, however, that the Loftin Parties acknowledge and agree that Trustee has no management control in respect to Luxury Resorts and/or Casa (and his sole obligations are set forth in this Agreement and not any operating agreement). In connection herewith, the Loftin Parties shall concurrently cause to be delivered to Trustee a membership certificate(s) and such other documents requested by Trustee to evidence his 9.99% ownership interest in Luxury Resorts. In addition, the Loftin Parties acknowledge that Rothstein, commencing in or around July 2009, and continuing through until RRA was placed into involuntary bankruptcy, exercised and operated (either directly or through his wholly-owned entities) day-to-day control and management of Casa and the Property. Finally, the Loftin Parties hereby recognize the validity and enforceability in favor of Trustee of the Option (as defined below), which is hereby reduced to, and may be exercised for, $11,250,000.

B.    <u>Cash Payment from Sale – Settlement Payment</u>. The Loftin Parties shall pay to the Trustee [from or pursuant to a Sale (as defined below)], an amount equal to either (1) 9.99% of the Net Sales (as defined below) or, (2) if the Option is exercised by Trustee, 49.99% of the Net Sales (as applicable, the "***Settlement Payment***"). For purposes of this Agreement, the term "***Net Sales***" shall mean and refer to all of the gross sales proceeds and other consideration, sums and amounts (whether paid in money, debt or otherwise) received or designated payable from or pursuant to a Sale, less specified amounts and expenses (collectively, "***Expenses***"), as follows: (i) reasonably customary, and actually incurred and disbursed closing costs and brokerage fees, as reflected on a fully-executed settlement/closing statement; (ii) <u>plus</u> the actual VM South Beach purported mortgage amount displayed on a settlement/closing statement and disbursed in favor of VM South Beach (which such amount is inclusive of all principal, default and non-default interest, fees, charges, and attorney's fees, as evidenced by a written payoff from VM South Beach) (provided, however, that such amount is subject to ongoing reduction based on current litigation efforts by or on behalf of the Loftin Parties and/or Trustee, which if successful, shall reduce/eliminate such amount); and (iii) <u>plus</u>, an amount equal to $11,250,000, if, and only if, Trustee elects to exercise the Option, by providing the Loftin Parties with written notice of such election (to be given within 3 business days

3

after the Loftin Parties provide Trustee with written notice of an impending Sale, and a closing/settlement statement which reflects the designated Settlement Payment thereon).    The term "*Sale*", as used herein, shall mean any transfer to a bona-fide third party of title to the Property, or any transfer to a bona-fide third party of the ownership interests in Casa, Luxury Resorts or any related affiliate.    The term "*Option*", as used herein, shall mean the election by Trustee, in his sole discretion, to acquire an additional 40% ownership interest in Luxury Resorts (so that Trustee owns a total of 49.99% of Luxury Resorts), through the use of a cashless option (wherein, instead of Trustee providing any cash consideration for the Option, the $11,250,000 price shall be deemed an Expense).

C.    Mortgage.    The relevant Loftin Parties shall execute and deliver the Mortgage (which shall secure the obligations of this Agreement).    The Mortgage shall provide, among other provisions typical to a commercial mortgage between a commercial lender and commercial borrower, a future advance clause.    Trustee is entitled immediately to record the Mortgage, at his cost, in the public records of Miami-Dade County, Florida (and/or seek an equitable lien as Trustee elects). The Loftin Parties specifically authorize Trustee to file any and all financing statements desired by Trustee to be filed in connection with the Mortgage.    The amount of the Settlement Payment (and corresponding indebtedness) is subject to adjustment based upon the Net Sales generated by a Sale of the Property.

4

The Parties further agree that to the extent of any conflict between this Agreement and the Mortgage, this Agreement shall prevail and control.

D.    <u>Market the Property.</u>    The Loftin Parties shall continue to market the Property on a commercially reasonable constant basis (until and through the consummation of a Sale), and shall provide the Trustee with reasonable access to the respective brokers of the Property to allow the Trustee to ascertain the progress in regards to prospective Sales (and/or showings and interest showed by prospective buyers). More specifically, the Trustee's access to the brokers shall include upon the Trustee's request, information and periodic reports from the brokers detailing sales prospects, proposals, offers, advertising, and the broker's assessment of the likelihood of a Sale of the Property at different price points; provided, however, Trustee shall not materially impede the efforts to market or sell the Property (and Trustee shall not provide conflicting instructions to the brokers). The Loftin Parties shall not sell the Property, Casa or Luxury Resorts, to an affiliate or related party (except with Trustee's express permission).

E.    <u>Trustee's Actions</u>. The Trustee will continue to take such action as he deems reasonable and necessary to perform the duties assigned to him by the Bankruptcy Court, including, but not limited to, directing his attorneys to take further action to fulfill the Parties' mutual objectives of staying the Mortgage Foreclosure Case and continuing to exercise his good faith efforts to enjoin, stay and assist with the defense of the Mortgage Foreclosure Case.

F.    <u>Final Approval</u>.  Upon the payment to Trustee of the Settlement Payment, the Trustee shall dismiss the Adversary Proceeding with Prejudice, with the Bankruptcy Court retaining jurisdiction to enforce the terms of the Settlement Agreement.

3.    <u>Additional Rent</u>:  In addition to the Settlement Payment, the Trustee shall be entitled to receive from the Loftin Parties the following additional amounts/sums:

A.    If the District Court denies the Motion of VM South Beach for the assignment of rents [D.E. 120], then the Trustee shall immediately be entitled to receive a sum that equals 9.99% of all rents, revenues, proceeds and profits (as such terms may be as broadly construed as possible), derived from, under, or as a result of the Property. Such proportional amount, if applicable, shall be due and payable to Trustee immediately upon receipt of any such rents, revenues, proceeds and profits, by any of the Loftin Parties (collected in the month after the Order of the Bankruptcy Court approving the Settlement Agreement becomes a Final Non-Appealable Order, and for all months thereafter until a Sale of the Property).

5

4747041-6
1/21/13 9:02 AM

4.    <u>General Release by the Trustee</u>.    Upon the Order of the Bankruptcy Court approving the Settlement Agreement becoming a Final Non-Appealable Order, the Trustee, on behalf of RRA, and any successors and assigns, does hereby release, waive and discharge the Loftin Parties from any and all causes of actions, liabilities and claims, whether in law or in equity, known or unknown, foreseen or unforeseen, matured or unmatured, whether or not hidden or concealed, based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Trustee, RRA, the Debtor's Estate or the Debtor's Estate's representatives, agents and attorneys, from the beginning of time heretofore possessed or may possess against the Loftin Parties in connection with RRA, and the Adversary Proceeding, including, but not limited to, the Claims; provided, however, that the foregoing release shall not serve to release any of the rights, duties and/or obligations of any of the Loftin Parties as provided in this Settlement Agreement, any document executed contemporaneously herewith, and/or any exhibit attached hereto.

5.    <u>General Release by the Loftin Parties</u>.    Upon the Order of the Bankruptcy Court approving the Settlement Agreement becoming a Final Non-Appealable Order, the Loftin Parties and their successors and assigns (the foregoing collectively referred to as the "<u>Loftin Party Releasors</u>"), do hereby release, waive, and discharge all rights, causes of actions, liabilities and claims against the Trustee, RRA, the Debtor, its estate or its property, in law or in equity, whether known or unknown, foreseen or unforeseen, matured or unmatured, whether  or not hidden or concealed, based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Loftin Party Releasors, from the beginning of time, heretofore possessed or may possess against the Trustee, RRA, the Debtor's Estate or the Debtor's Estate's representatives, agents and attorneys, in connection with RRA, including but not limited to all claims which have been alleged by the Loftin Party Releasors; provided, however, that the foregoing release shall not serve to release any of the rights, duties and/or obligations of Trustee as provided in this Settlement Agreement, any document executed contemporaneously herewith, and/or any exhibit attached hereto.

6.    <u>No Admission</u>.    Nothing contained herein shall be deemed a representation or admission of any fault or liability by the Loftin Parties or Trustee to any issue involved in the Adversary Proceeding or Bankruptcy Case, or for any other purpose whatsoever.

7.    <u>Attorneys' Fees and Costs</u>.    Each Party shall bear his/its own attorneys' fees and costs incurred in connection with the negotiation and documentation of this Settlement Agreement and the Bankruptcy Case.  In the event any litigation is necessary to enforce any term or performance of this Settlement Agreement, the prevailing party in any such dispute shall be entitled to recover his/its attorneys' fees and costs from the other party.

8.    <u>Entire Agreement</u>.    This Settlement Agreement constitutes the entire agreement of the Parties hereto regarding the subject matter hereof.  Each of the Parties acknowledges and agrees that there are no communications or oral understandings contrary, different, or that in any way restrict this Settlement Agreement and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are superseded in all respects and are null and void upon the execution of this Settlement Agreement.

9. <u>Amendment</u>.  No waiver, modification or amendment of the terms of this Settlement Agreement shall be valid or binding, unless made in writing, signed by each of the Parties, and then only to the extent as set forth in such written waiver, modification, or amendment.

10. <u>Counterparts</u>.  The Parties may execute this Settlement Agreement in counterparts, which shall have the same force and effect as if the Parties had signed the same instrument.  Signatures transmitted by facsimile or email shall have the same effect as original signatures.

11. <u>Retention of Jurisdiction</u>.  Any claim or litigation arising from or in connection with this Settlement Agreement, or the order approving it, shall be exclusively maintained in the Bankruptcy Court, and the order approving this Settlement Agreement shall expressly provide that said Court shall retain jurisdiction to enforce such order, as well as the terms of this Settlement Agreement.

12. <u>Choice of Law</u>.  This Settlement Agreement shall be governed by, and construed and enforced in accordance with the laws of the State of Florida, without regard to its conflict of law principles.

13. <u>Default</u>.  The occurrence of any one or more of the following events shall constitute a "***Default***" under this Agreement:

    (a)    the failure by the Loftin Parties to promptly pay, when due, the Settlement Payment; or

    (b)    the failure by the Trustee or Loftin Parties to punctually perform all of their respective non-payment obligations under this Agreement, when due (including the Loftin Parties' marketing the Property for sale until the Property is sold); or

    (c)    the occurrence of any "default" or "breach" under any other agreement executed concurrently herewith (including, but not limited to, the Mortgage).

14. <u>Remedies</u>.  At the sole election of the non-breaching Party, and without notice, upon the occurrence of any Default, such non-breaching Party shall have all remedies available under this Agreement, Mortgage, and at law or in equity.  Failure to exercise this right shall not constitute a waiver of the right to exercise same in the event of any subsequent Default.  The rights, remedies and powers of the non-breaching Party hereof, as provided in this Agreement, the Mortgage and in all of the other documents are cumulative and concurrent, and may be pursued singly, successively or together against the breaching Party, the Property and any other security given at any time to secure the repayment hereof, all at the sole discretion of the non-breaching Party hereof.

15. <u>Neutral Interpretation</u>.  In the event any dispute arises between the Parties with respect to the interpretation of any term of this Settlement Agreement, each of the Parties shall

7

be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party, shall be inapplicable.

16.    Advice of Counsel.  The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement Agreement and that they have read this Settlement Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect hereof.

17.    Binding Effect.  This Settlement Agreement and its terms shall be binding upon the Trustee and the Loftin Parties, along with their respective successors and assigns.

18.    Divisions and Headings.    The divisions of this Settlement Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Settlement Agreement.

19.    Authority to Execute.   Each party to this Settlement Agreement represents and warrants that he/she is duly authorized to execute this Settlement Agreement and that the person through whom each party executes this Settlement Agreement is fully and duly empowered and authorized to execute it on the respective party's behalf.

20.    Final Approval.  This Settlement Agreement is subject to final approval of the Bankruptcy Court (as evidenced by a Final Non-Appealable Order).  Upon the execution of this Settlement Agreement, the Trustee shall promptly file a motion pursuant to Bankruptcy Rule 9019, with notice to all parties on the Bankruptcy Court's general matrix, seeking such approval. The Loftin Parties agree to fully cooperate and execute any and all documents and perform any acts requested by Trustee to effectuate the foregoing approval(s).

21.    Benefit.    The Parties collectively acknowledge substantial benefit and consideration in connection with the entering into this Settlement Agreement and consummating the transactions contemplated hereunder.

22.    No Assignment.  This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective estates, heirs, legal representatives, successors and assigns including any additional or replacement trustee that may be appointed or elected pursuant to the Bankruptcy Code in this or any superseding case; provided, however, that no assignment or transfer of this Settlement Agreement shall be permissible by any of the Parties without the written consent of the applicable Party so affected.

23.    No Third-Party Beneficiaries.  Except in connection with the releases of Sections 4 and 5 above, there are no third-party beneficiaries intended by this Settlement Agreement.

24.    Notice.    All notices required or permitted to be given under this Settlement Agreement shall be in writing and shall be deemed delivered when personally delivered or received from an overnight delivery courier service in addition to service via e-mail, addressed as follows:

8

If to the Loftin Parties:

Chad P. Pugatch, Esq.
George L. Zinkler, III, Esq.
Rice Pugatch Robinson & Schiller, P.A.
101 NE Third Avenue, Suite 1800
Fort Lauderdale, FL  33301
Tel:  954-462-8000
Fax:  954-462-4300
E-mail:  CPugatch@rprslaw.com
E-mail:  GZinkler@rprslaw.com

with a copy to:

Adam J. Steinberg, Esq.
The Law Offices of Adam J. Steinberg, P.A.
200 S. Andrews Avenue, Suite 903
Fort Lauderdale, FL 33301
Tel:  954-548-3357
Fax:  954-222-4192
E-mail:  Adam@AdamSteinbergLaw.com

If to RRA:

Herbert Stettin, Chapter 11 Trustee
One Biscayne Tower
Two South Biscayne Boulevard, Suite 3700
Miami, FL  33131
E-mail:  hmstettin@bellsouth.net

with a copy to:

Frank Scruggs, Esq.
Charles H. Lichtman, Esq.
Berger Singerman, LLP
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
E-mail:  FScruggs@bergersingerman.com
E-mail:  CLichtman@bergersingerman.com

9

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement Agreement to be executed and delivered as of the date first above written.

Signed and dated as of this 22 day of January, 2013.

By the Loftin Parties:

_____
**Peter Loftin**

**Casa Casuarina, LLC**

By: _____

_____ (print name)

_____ (title)

**Loftin Family, LLC**

By: _____

_____ (print name)

_____ (title)

**Loftin Hospitality, LLC**

By: _____

_____ (print name)

_____ (title)

**Luxury Resorts, LLC**

By: _____

_____ (print name)

_____ (title)

By the Trustee:

_____
**Herbert Stettin, Chapter 11 Trustee of the Debtor, Rothstein Rosenfeldt Adler, P.A.**

4747041-6
1/21/13 9:02 AM

_[signature]_, chapter 11 trustee of
Rothstein Rosenfeldt Adler PA

Jan 22 2013

11

# EXHIBIT A

## LEGAL DESCRIPTION

[Insert legal description.]

Lots 5, 6 and 7, in Block 16, of OCEAN BEACH ADDITION NO. 2, according to the Plat thereof, as recorded in Plat Book 2, at Page(s) 56, of the Public Records of Miami-Dade County, Florida.

**EXHIBIT B**

**[PROPOSED ORDER]**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

IN RE:                                                    CASE NO.:  09-34791-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,          CHAPTER 11

      Debtor.

_____/

**ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT**
**BETWEEN THE CHAPTER 11 TRUSTEE AND CASA CASUARINA, LLC,**
**LOFTIN FAMILY, LLC, LOFTIN HOSPITALITY, LLC, LUXURY**
**RESORTS, LLC AND PETER LOFTIN**

    **THIS CAUSE** came before the Court for hearing upon the Trustee's *Motion to Approve*

*Mediation Settlement Agreement Between The Chapter 11 Trustee and Casa Casuarina, LLC,*

*Loftin Family, LLC, Loftin Hospitality, LLC, Luxury Resorts, LLC and Peter Loftin*  (the

"Motion"), [D.E. _____] (the "Motion") filed by the Trustee on _____.  The Court,

having reviewed the Motion and the Court file, having found that proper notice of the Motion

has been given, and having heard the presentations of counsel, finds it appropriate to grant the

Motion.  Accordingly, it is -

4807764-1

**ORDERED** as follows:

1.      The Motion is **GRANTED**.

2.      The terms of the Settlement Agreement attached hereto as Exhibit "1," are approved and incorporated herein in their entirety.

3.      The Court retains jurisdiction to enforce the terms of the Settlement Agreement.

# # #

Submitted by:
Charles H. Lichtman, Esq.
BERGER SINGERMAN LLP
350 E. Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301
Tel.  (954) 525-9900
Fax   (954) 523-2872
clichtman@bergersingerman.com

Copy furnished to:
Charles H. Lichtman, Esq.
*(Charles H. Lichtman, Esq. is directed to serve this Order to all parties of interest and to file a Certificate of Service.)*

4807764-1

**EXHIBIT 1**

**SETTLEMENT AGREEMENT**