**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:

ROTHSTEIN ROSENFELDT ADLER, P.A.

      Debtor.

_____/

Case No.:  09-34791-BKC-RBR

Chapter 11

**ROBERT KIMMEL GRANTOR RETAINED ANNUITY TRUST'S RESPONSE TO**
**TRUSTEE'S OBJECTION TO CLAIM  [ECF NO. 3721]**

      Creditor, Robert Kimmel Grantor Retained Annuity Trust ("Claimant"), by and through undersigned counsel, files this response to the Trustee's Objection to Claim No. 232 Filed By Robert Kimmel Grantor Retained Annuity Trust  (ECF No. 3721)(the "Claim Objection"), and states:

      1.      Claimant filed a general unsecured nonpriority proof of claim on May 6, 2010 in the amount of $227,424.66 (Claim No. 56) (the "Claim"). [1]

      2.      The Claim relates to investment losses resulting from the tortious conduct of the Debtor, Rothstein Rosenfeldt Adler, P.A. ("RRA") and others.  Claimant invested in the RRA Ponzi scheme via a transfer of funds to Banyon 1030-1032, LLC ("Banyon"), as evidenced by a promissory note from Banyon. A copy of the promissory note representing the investment, and a calculation of Claimant's losses, were attached to the Claim.

      3.      RRA's false and fraudulent representations were made to Claimant to solicit its investment in  alleged structured legal settlements. These representations by RRA were communicated to Claimant via Hightower Advisers, LLC ("Hightower") and Curtis Lyman

---

[1]      The claim is docketed with Trustee Services, Inc., the RRA claims agent, as Claim No. 232.

("Lyman"), a Hightower investment advisor. A detailed summary of the facts surrounding Claimant's investment in RRA appears in its state court amended complaint against Hightower and Lyman, a copy of which is attached as Exhibit A.

4.     In his Claim Objection, the Trustee does not deny that Claimant's funds were in fact invested in RRA, nor does he challenge the computation of Claimant's loss. He instead objects to the Claim on the grounds that (i) the Claim is based on the same losses as those asserted by Banyon against RRA, and is duplicative of Banyon's claim against RRA;[2] (ii) Claimant "did not deposit any funds or make any 'investments' *directly* with or through RRA;"[3] (iii) Claimant's claim against RRA "overlaps" with its claim against Banyon based on its promissory note from Banyon;[4] and (iv) Claimant consequently lacks standing to assert the Claim.[5] These objections lack merit.

### Claimant Has Standing to Pursue Its Claim, Which is Not Duplicative or Derivative of Banyon's Claim

5.     The fact that Banyon may possess a contractual claim against the Debtor does not obviate Claimant's direct tort claim against the Debtor.  It is undisputed that the funds at issue originated with the Claimant, not with Banyon. If anything, Banyon's claim, to the extent it even possesses one, see discussion *infra*,  is duplicative and/or derivative of Claimant's Claim.

"Where the wrongful acts are not only wrongs against the corporation but are also violations by the wrongdoer of a duty arising from contract or otherwise, and owing directly to the shareholders, individual shareholders can sue in their own right." *Harrington v. Batchelor*, 781 So.2d

---

[2]     Objection, ¶¶ 11, 14.

[3]     *Id*. at ¶ 12 (emphasis added).

[4]     Id. at ¶ 13.

[5]     Id. at ¶ 14.

1133, 1135 (Fla. 3d DCA 2001). This principle applies *a fortiori* here, where Claimant is not even

a shareholder or member of Banyon, but an innocent creditor victimized by RRA's fraud. *See, e.g.*,

*In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 590 (5th Cir. 2008)("it would be inequitable to

penalize creditors for their active participation in a bankruptcy proceeding by precluding them from

asserting claims that they hold against a party that also has some liability to the estate").

For the same reason, Claimant has standing to assert the Claim. Claimant is not a shareholder

or equity owner of Banyon seeking to derivatively recover for an injury to Banyon; it is seeking to

recover personal losses occasioned by RRA's tortious conduct. The Claim does not belong to

Banyon, and only Claimant has the right and standing to pursue it. *In re Seven Seas Petroleum*,

*supra*.

Moreover, the Trustee has taken the position in this case that Banyon does not even possess

a valid claim against the Debtor. *See* Chapter 11 Trustee Herbert Stettin's Notice of Filing Expert

Witness Report of Joel D. Glick (ECF No. 2201) at p. 6 of 16, where the Trustee's forensic expert

opines that Banyon was a net winner vis-a-vis RRA in the amount of $18,037,405.22.

### The Trustee's Authorities on the Issue of Standing Are Inapposite

6.     The Trustee cites no authority for the proposition that Claimant lacks standing other

than three unreported cases from other jurisdictions that have nothing to do with the issue here, *i.e.*,

allowance of a proof of claim of a victim of a debtor's tortious conduct. In *In re Lehman Bros.*

*Holdings Inc.*, 2012 WL 1057952 (S.D.N.Y. March 26, 2012), the court rejected certain noteholders'

standing, as "parties in interest" under 11 U.S.C. §1109(b) to object to a procedural order governing

protocols for approving settlements. Notably, in *Lehman*, the noteholders were claiming derivative

"party in interest" standing under English law, and the court expressly declined to address their

standing to assert direct claims, which were the subject of a separate adversary proceeding. *Id.* at *8,

\*2, n.4.

*CFTC v. Equity Financial Group, LLC*, 2005 WL 2143975 (D.N.J. Sept. 2, 2005) concerned an equity receiver's proposed interim distribution to investors in a failed commodity investment group whose distributions depended, *inter alia*, on the "tier" to which they were deemed to belong. The word "standing" does not appear in the opinion, and the Court did not perform any analysis that is apposite here.

Finally, the Trustee cites *In re REFCO Inc. Securities Litigation*, 2010 WL 1375946 (S.D.N.Y. Feb. 3, 2010) at \*7. In rejecting certain investors' standing in that case, the court the court focused on the damages being sought, and stated:

> [T]he Investors' claims must be dismissed for lack of standing because the loss that they are complaining about is a part of *the very same loss* asserted by SPhinX [the fund in which the Investors invested] - 1) the loss of excess cash from [one of the SphinX accounts] after it was transferred to [an unprotected, unsegregated Refco account]; and 2) a loss in the value of the business enterprise in which they are invested.

*Id.* (emphasis in original). Here, Claimant is not seeking damages for dissipation of any account where Banyon maintained funds nor is it asserting a claim for the loss of Banyon's enterprise value. Nor is Claimant seeking the "very same loss," especially given the Trustee's assertion that Banyon in fact was a "net winner."

### The Indirect Nature of Claimant's Investment Does Not Negate Its Claim

7.    The Claim sounds in tort. Claimant's lack of privity with RRA does not defeat its claim that it lost money based on fraudulent misrepresentations by RRA which did, and were intended to, induce detrimental reliance by investors such as Claimant. *See, e.g., Philip Morris USA, Inc. v. Naugle*, 103 So.3d 944 (Fla. 4th DCA 2012).

4

**The Fact That Claimant Also Has A Claim Against Banyon Does Not Defeat Its Claim
Against RRA**

8.      The Trustee cites no authority for the illogical proposition that the Claim against the

RRA estate must be disallowed because Claimant has also asserted a Claim against Banyon. Claimant

does not seek a double recovery. It seeks to be made whole, and is entitled to pursue full satisfaction

of its claim for its lost investment in RRA from all sources.

**CONCLUSION**

This Court should overrule the Objection.

**Dated:** February 15, 2013

> KOZYAK TROPIN & THROCKMORTON, P.A.
> Counsel for Claimant
> 2525 Ponce de Leon Blvd., 9th Floor
> Coral Gables, FL 33134
> Tel.:    (305) 372-1800
> Fax:    (305) 372-3508
>
> By:      /s/ Charles W. Throckmorton
>            Charles W. Throckmorton
>            Florida Bar No. 286192

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF

this 15th day of February, 2013.

> By:      /s/Charles W. Throckmorton
>            Charles W. Throckmorton

343841.1

5