

**ORDERED in the Southern District of Florida on May 30, 2013.**

Raymond B. Ray, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov**

In re:

**ROTHSTEIN ROSENFELDT ADLER, P.A.,**          **Case No. 09-34791-RBR-BKC**

    **Debtor.**          **Chapter 11**

_____

**ORDER APPROVING: (I) THE DISCLOSURE STATEMENT, (II) HEARING DATE
TO CONSIDER CONFIRMATION OF THE PLAN, (III) DEADLINES RELATED
TO SOLICITATION AND CONFIRMATION, AND (IV) SOLICITATION AND
<u>TABULATION PROCEDURES</u>**

CONFIRMATION HEARING AND HEARING ON ADMINISTRATIVE EXPENSE
APPLICATIONS

**July 11, 2013 at 9:30 a.m. (Prevailing Eastern Time)**
LOCATION:

**United States Bankruptcy Court**
**299 E. Broward Blvd.**
**Courtroom 308**
**Fort Lauderdale, Florida 33301**

| The date of this order | Voting Record Date |
|---|---|
| June 4, 2013 | Deadline to File Objections to Claims for Voting Purposes<br><br>Deadline for Distribution of Solicitation Packages<br><br>Deadline to Serve Confirmation Hearing Notice<br><br>Deadline for Distribution of Packages to Non-Voting Parties in Interest |
| June 7, 2013 | Publication Notice Deadline |
| June 27, 2013 | Deadline for Rule 3018(a) Motions<br><br>Administrative Expense Claim Bar Date (including Professional Claims) |
| July 1, 2013 | Deadline for Serving Notice of Professional Claims |
| July 2, 2013 at 5:00 p.m. (Prevailing Eastern Time) | Voting Deadline<br><br>Deadline to Submit Verified Collateral Source Recovery Disclosure<br><br>Confirmation Objection Deadline |
| July 6, 2013 | Deadline for Parties to Reply to Confirmation Objections |
| July 8, 2013 at 5:00 p.m. (Prevailing Eastern Time) | Proponent's Report and Confirmation Affidavit |

This matter came before the United States Bankruptcy Court for the Southern District of

2

Florida, Fort Lauderdale Division, (the "Bankruptcy Court") on May 29, 2013 at 9:30 a.m.

(Prevailing Eastern Time) (the "Hearing") to consider approval of the *Trustee's Motion for Entry*

*of an Order Approving (I) the Disclosure Statement, (II) Hearing Date to Consider Confirmation*

*of the Plan, (III) Deadlines Related to Solicitation and Confirmation, and (IV) Solicitation and*

*Tabulation Procedures* [ECF Doc. No. 4394] (the "Solicitation Procedures Motion") filed by

Herbert Stettin, the Chapter 11 Trustee ("Trustee") for Rothstein Rosenfeldt Adler, P.A. (the

"Debtor" or "RRA") and the Official Committee of Unsecured Creditors (the "Committee",

together with the Trustee, the "Plan Proponents").  Based upon the record at the Hearing, the

arguments of counsel and the entire record in the Chapter 11 Case[1], the Bankruptcy Court finds

that the *Disclosure Statement in Connection with the Second Amended Joint Plan of Liquidation*

*Pursuant to Chapter 11 of the Bankruptcy Code Proposed Jointly by the Trustee and the Official*

*Committee of Unsecured Creditors* [ECF Doc. No. 4391], as modified on the record at the

Hearing as reflected in the subsequently filed *Disclosure Statement in Connection with the*

*Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*

*Proposed Jointly by the Trustee and the Official Committee of Unsecured Creditors (As*

*Modified)*[ECF No. 4516], (the "Disclosure Statement") contains "adequate information"

regarding the *Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the*

*Bankruptcy Code Proposed Jointly by the Trustee and the Official Committee of Unsecured*

*Creditors* [ECF Doc. No. 4392], as modified on the record at the Hearing as reflected in the

subsequently filed *Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the*

*Bankruptcy Code Proposed Jointly by the Trustee and the Official Committee of Unsecured*

*Creditors (As Modified)* [ECF No. 4517], (the "Plan") in accordance with 11 U.S.C. § 1125(a).

---

[1] Capitalized terms that are not defined in this order shall have the meaning ascribed to such terms, as applicable, in the Solicitation Procedures Motion or the Plan.

The Bankruptcy Court further finds that the Disclosure Statement Hearing Order was properly served and gave adequate notice of the Disclosure Statement Hearing. Accordingly, the Court

**ORDERS** as follows**:**

1.      The Solicitation Procedures Motion is **GRANTED.**

2.      Pursuant to section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017(b), the Disclosure Statement is **APPROVED** for the reasons stated at the Hearing, in the Plan Proponents' Joint Omnibus Reply to Second Amended Disclosure Statement Objections [ECF No. 4497] (the "Reply") and the Supplement thereto [ECF No. 4499] (the "Supplement", and together with the Reply, collectively, the "Joint Omnibus Reply"), and TD Bank N.A.'s Statement in Support of Second Amended Disclosure Statement and Incorporated Memorandum of Law [ECF No. 4500].

3.      Each of the objections listed on Exhibit B to the Reply and any other objections raised orally at the Hearing are **OVERRULED.**

4.      This order approves certain solicitation and tabulation procedures concerning the Plan, and specifies certain deadlines related to solicitation and confirmation as requested by the Plan Proponents and as provided in the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Bankruptcy Court.

5.      **Hearing to Consider Confirmation of the Plan**

The hearing to consider confirmation of the Plan (the "Confirmation Hearing") shall commence on **July 11, 2013 at 9:30 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court, 299 E. Broward Blvd., Room 308, Fort Lauderdale, Florida 33301.  The Confirmation Hearing may be continued from time to time by the Bankruptcy Court without further notice other than adjournments announced in open court.  The Bankruptcy Court, in its

discretion and prior to the Confirmation Hearing, may put in place additional procedures governing the Confirmation Hearing.  The Plan may be modified prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties.

      6.      **Deadline for Filing Rule 3018(a) Motions**

The deadline for filing and serving a motion requesting an order under Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan (a "Rule 3018(a) Motion") is **June 27, 2013** (the "Deadline for Rule 3018(a) Motions").

If a motion for reconsideration of a previously allowed Claim pursuant to section 502(j) of the Bankruptcy Code (a "Section 502(j) Motion") or an objection to Claim, for voting purposes or otherwise, (a "Claim Objection") is filed by either or both of the Plan Proponents on or before **June 4, 2013** (the "Deadline to File Objections to Claims for Voting Purposes"), in order to have the Claim allowed, for voting purposes only, in an amount other than $1.00 or such other amount as asserted in the Section 502(j) Motion or Claim Objection, the holder of the Claim must serve on counsel for each of the Plan Proponents and file with the Bankruptcy Court a Rule 3018(a) Motion on or before the Deadline for Rule 3018(a) Motions.  If and to the extent that the Plan Proponents and such party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Confirmation Hearing, at the Confirmation Hearing, the Bankruptcy Court shall determine whether, and in what estimated amount, the provisional Ballot should be counted for purposes of voting only.

      7.      **Deadline for Filing and Setting Hearing on Administrative Expense Claims (including Professional Claims)**

The Administrative Expense Claim Bar Date is **June 27, 2013**.  Any party wishing to assert any Claim for any cost or expense of administration (including Professional Claims) of the

Chapter 11 Case asserted or arising under sections 503(b), 507(a)(2), 507(b) of the Bankruptcy Code, including any (a) actual and necessary cost or expense of preserving the Estate arising on or after the Petition Date, (b) compensation or reimbursement of expenses of Professionals arising on or after the Petition Date, to the extent allowed by the Bankruptcy Court under sections 330(a) or 331 of the Bankruptcy Code, and (c) compensation or reimbursement for actual, necessary expenses in making a substantial contribution in the Chapter 11 Case (each, an "Administrative Expense Claim"); that has accrued or is anticipated to accrue on or before the date of the Confirmation Hearing, must file with the Bankruptcy Court an application, motion, or other Bankruptcy Court approved pleading for allowance of any Administrative Expense Claim (the "Administrative Expense Application").  Any party who is not a registered CM/ECF user and who filed an Administrative Expense Application shall serve a hard copy of its application on: (a) counsel to the Trustee, Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131, Attn: Paul Steven Singerman; (b) counsel to the Trustee, Genovese Joblove & Battista, P.A., 100 SE 2nd Street, 44th Floor, Miami, Florida 33131, Attn: John H. Genovese; (c) the United States Trustee, 51 S.W. First Avenue, Room 1204, Miami, Florida 33130; and (d) counsel to the Official Committee of Unsecured Creditors, Akerman Senterfitt, Las Olas Centre II – Suite 1600, 350 East Las Olas Boulevard, Attn:  Michael I. Goldberg; so that it is actually received on or before the Administrative Expense Claim Bar Date; provided that the Administrative Expense Claim Bar Date shall not apply to liabilities incurred in the ordinary course of business (other than Professional Claims).  Further, if the Bankruptcy Court has entered an order establishing a different and specific deadline for a Creditor or other party in interest to file an Administrative Expense Application, the date set forth in such order shall be deemed to be the Administrative Expense Claim Bar Date as to such Creditor or other party in

interest.

Any Administrative Expense Application seeking payment of a Professional Claim must

be filed by the Administrative Expense Claim Bar Date and include actual fees and costs, plus an

estimate of additional fees and costs to be incurred through the Confirmation Hearing, and must

otherwise conform to the Bankruptcy Court's "Guidelines for Fee Applications for Professionals

in the Southern District of Florida" and the local forms described in the guidelines.  All

Administrative Expense Applications that include an estimate of additional fees and costs to be

incurred through the Confirmation Hearing must be supplemented **three (3) business days prior**

**to the Confirmation Hearing** with documentation supporting the estimated fees and costs; such

supplement may include an upward or downward adjustment of the estimate based on fees and

costs actually incurred.

Any person or entity that is required, but fails, to file an Administrative Expense Claim in

accordance with the procedures set forth in this order on or before the Administrative Expense

Claim Bar Date (a) shall be forever barred, estopped, and enjoined from asserting any

Administrative Expense Claim against the Debtor or the Debtor's estate and the Debtor and the

Trustee shall be forever discharged from any and all indebtedness or liability with respect to such

Administrative Expense Claim and (b) shall not be permitted to receive payment from the

Debtor's estates or participate in any distribution under any plan in this Chapter 11 Case on

account of such Administrative Expense Claim.

All Administrative Expense Applications (including all Professional Claims) that are

timely filed and served shall be set for hearing on **July 11, 2013**; provided, however, that such

hearing may be continued from time to time in open court without any additional notice.  The

Plan Proponents shall serve notice of all Administrative Expense Applications that seek payment

of Professional Claims pursuant to paragraph 10(v) below and shall file a certificate of service as required under Local Rule 2002-1(F).

8. **<u>Deadline for Submitting Ballots Accepting or Rejecting the Plan and for Submitting Verified Collateral Source Recovery Disclosures</u>**

The deadline for submitting a Ballot accepting or rejecting the Plan is **July 2, 2013 at 5:00 p.m. (Prevailing Eastern Time)** (the "<u>Voting Deadline</u>").  All parties entitled to vote will receive a Ballot from the Plan Proponents as part of the Solicitation Package.  To be counted as a vote to accept or reject the Plan, and subject to all other provisions in this order, a Ballot must be properly executed, completed and delivered to the Voting Agent (i) by mail in the return envelope provided with each Ballot, (ii) by overnight courier to the address identified on the Ballot, or (iii) by personal delivery so that, in each case, the Ballot is actually received by the Voting Agent no later than the Voting Deadline.  Ballots submitted by electronic or facsimile transmission will <u>not</u> be counted.

Holders of Claims in Class 2, Class 3, and Class 7 will also receive a Verified Collateral Source Recovery Disclosure from the Trustee as part of their Solicitation Package.  Holders of Claims in Class 2, Class 3, and Class 7 shall provide all required information on the Verified Collateral Source Recovery Disclosure, and execute and return the completed Verified Collateral Source Recovery Disclosure to the address indicated on the Verified Collateral Source Recovery Disclosure so as to be **<u>actually received</u>** by the Voting Agent by the Voting Deadline (the "<u>Deadline to Submit Verified Collateral Source Recovery Disclosure</u>"). If the holder of a Class 2, Class 3, or Class 7 Claim (i) fails or refuses to timely deliver to the Voting Agent a completed and duly executed Verified Collateral Source Recovery Disclosure, or (ii) after notice and a hearing, is determined to have knowingly provided false information in a Verified Collateral Source Recovery Disclosure, then (a) such holder may be deemed to irrevocably waive its rights

8

to receive, and may be forever barred from receiving, a distribution from the Liquidating Trust, (b) such holder's Claim against the RRA Estate may be deemed disallowed without further order of the Bankruptcy Court, and (c) such holder's Ballot may not be counted for purposes of determining the acceptance or rejection of the Plan.  All entities submitting a Verified Collateral Source Recovery Disclosure shall have an obligation to correct and/or update such Verified Collateral Source Recovery Disclosure as and when such Entity has knowledge that such disclosure was incorrect or has changed, including, but not limited to, when such entity actually receives a previously anticipated Collateral Source Recovery.  Such obligation to correct and/or update shall terminate on the Final Distribution Date.

       9.      <u>**Deadline for Filing Objections to Plan Confirmation and Replies**</u>

The deadline for filing and serving objections to confirmation of the Plan or proposed modifications to the Plan (together, the "<u>Confirmation Objections</u>") is **July 2, 2013 at 5:00 p.m. (Prevailing Eastern Time)** (the "<u>Confirmation Objection Deadline</u>").  Confirmation Objections shall (a) be in writing; (b) conform with the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party; (d) state with particularity the basis and nature of any objection to the Plan; and (e) if filed or submitted by a party not registered as a CM/ECF user with the Bankruptcy Court, be served by personal service, overnight delivery, or first-class mail, so as to be actually received no later than the Deadline for Confirmation Objections, on the following: (a) counsel to the Trustee, Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131, Attn: Paul Steven Singerman; (b) counsel to the Trustee, Genovese Joblove & Battista, P.A., 100 SE 2nd Street, 44th Floor, Miami, Florida 33131, Attn: John H. Genovese; (c) the United States Trustee, 51 S.W. First Avenue, Room 1204, Miami, Florida 33130; (d) counsel to the Official Committee

of Unsecured Creditors, Akerman Senterfitt, Las Olas Centre II – Suite 1600, 350 East Las Olas

Boulevard, Attn:  Michael I. Goldberg; and (e) counsel to TD Bank, N.A., McGuireWoods LLP,

One James Center, 901 East Cary Street, Richmond, Virginia 23219, Attn: Dion W. Hayes.

Confirmation Objections not timely filed and properly served shall be overruled and not

considered.

Parties are authorized and directed to serve replies to any Confirmation Objection no later

than five (5) days prior to the Confirmation Hearing ("Deadline for Parties to Reply to

Confirmation Objections").

10.    **The Plan Proponents' Obligations**

(i)    Deadline for Distribution of Solicitation Packages.  The Plan Proponents shall use

their best efforts to serve the Solicitation Packages to those parties entitled to vote on the Plan on

or before June 4, 2013 (the "Solicitation Date").  The Bankruptcy Court finds that holders of

Claims in Class 1, to the extent such Claims exist, are conclusively presumed to accept the Plan

and that holders of Interests in Class 9 are conclusively presumed to reject the Plan; therefore,

holders of Claims in Class 1 or Interests in Class 9 (together, the "Non-Voting Classes") are not

entitled to vote for or against the Plan and shall not receive Solicitation Packages.

(ii)    Deadline for Distribution of Packages to Non-Voting Parties in Interest.  The Plan

Proponents shall use their best efforts to serve the Packages to Non-Voting Parties in Interest to

all currently known parties in interest who are not entitled to vote on the Plan, (including without

limitation, all parties required to be served under Bankruptcy Rule 2002) including the Non-

Voting Classes on or before June 4, 2013.

(iii)    Deadline to Serve Confirmation Hearing Notice.  The Plan Proponents shall use

their best efforts to serve the Confirmation Hearing Notice on the Office of the United States

10

Trustee, the parties that have filed requests for service of documents in this case, the Local Rule

1007(d) Parties in Interest List, and all Creditors and Interest holders of the Debtor on or before

**June 4, 2013**, and such service can be made through service of either a Solicitation Package or a

Package to Non-Voting Parties in Interest.

(iv)    <u>Publication Notice Deadline</u>.  The Plan Proponents shall publish on or before June

7, 2013, the Confirmation Hearing Notice in the following publications: the Palm Beach Post,

the Palm Beach Daily Business Review, the Broward Daily Business Review, the Miami Daily

Business Review, the Miami Herald, the Sun Sentinel, and the Wall Street Journal.  The

Bankruptcy Court finds that publication of the information contained in the Confirmation

Hearing Notice provides sufficient notice of the Plan and its terms to those parties in interest who

did not receive notification of the Plan by mail.

(v)    <u>Deadline for Serving Notice of Professional Claims</u>.  The Plan Proponents shall

serve a notice of hearing of all Administrative Expenses Claims that seek payment of

Professional Claims, identifying each applicant and the amounts requested, on all Creditors,

Interest holders, and all other parties in interest as required by Bankruptcy Rule 2002 and Local

Rule 2002-1(H) on or before **July 1, 2013**.  The Plan Proponents shall file a certificate of service

as required under Local Rule 2002-1(F).

(vi)    <u>Deadline to File Proponent's Report and Confirmation Affidavit</u>.  On or before

**5:00 p.m. on July 8, 2013**, the Plan Proponents shall file the local form "Certificate of

Proponent of Plan on Acceptance of Plan, Report on Amount to be Deposited, Certificate of

Amount Deposited and Payment of Fees" and the local form "Confirmation Affidavit."  The

Confirmation Affidavit shall set forth the facts upon which the Plan Proponents rely to establish

that each of the requirements of section 1129 of the Bankruptcy Code is satisfied and shall be

11

prepared so that, by reading it, the Bankruptcy Court can easily understand the significant terms of the Plan and other material facts relating to confirmation of the Plan.  Further, the individual who signs the Confirmation Affidavit shall be present at the Confirmation Hearing.

11.     **Establishment of Voting Record Date**

Pursuant to Bankruptcy Rule 3018(a), the Bankruptcy Court establishes the date of entry of this order as the voting record date (the "Voting Record Date") for purposes of determining Creditors entitled to vote to accept or reject the Plan.  The proper holder of a docketed proof of Claim or Scheduled Claim shall be determined by reference to the Voting Agent's claims register as may be modified by Notices of Transfer filed and reflected on the Bankruptcy Court's official docket (ECF) at 11:59 p.m. (Prevailing Eastern Time) on the Voting Record Date.  Only those registered holders of Claim as reflected on the docket together with the Voting Agent's database on the Voting Record Date shall be entitled to vote to accept or reject the Plan.

12.     **Approval of Voting Agent and Materials; Authorization**

The Bankruptcy Court approves Trustee Services, Inc. ("Voting Agent") as the Plan Proponents' solicitation and noticing agent and authorizes the Plan Proponents to utilize the Voting Agent to, among other things, mail Solicitation Packages (defined below) and notices, receive and tabulate Ballots (defined below) cast on the Plan, and certify to the Bankruptcy Court the results of the balloting.

The Bankruptcy Court approves the form of Confirmation Hearing Notice attached hereto as Exhibit 1 as complying with Bankruptcy Rules 2002 and 3017; and authorizes the Trustee to use such Confirmation Hearing Notice, or notice in substantially the same form and containing substantially similar content, for providing, among other things, adequate

notice (a) of the time, date, and location of the Confirmation Hearing and (b) that the Plan provides for an injunction against conduct not otherwise enjoined under the Code.

The Bankruptcy Court approves the form of Solicitation Letters attached hereto as Exhibits 2-A and 2-B and authorizes the Plan Proponents to use such Solicitation Letters, or a letter or letters in substantially the same form and containing substantially similar content, for soliciting votes of Creditors and Interest holders entitled to vote on the Plan.

The Bankruptcy Court approves the forms of Class 2 through Class 7 Ballots attached hereto as Composite Exhibit 3 as complying with Local Rules 3017-1 and 3018-1 and adequately addressing the particular needs of this Chapter 11 Case; and authorizes the Plan Proponents to use such Ballots, or ballots in substantially the same form and containing substantially similar content, for soliciting the votes of Creditors and Interest holders entitled to vote on the Plan.

The Bankruptcy Court approves the form of the Verification Collateral Source Recovery Disclosure attached hereto as Exhibit 4 as adequately addressing the particular needs of this Chapter 11 Case; and authorizes the Trustee to use such Verification Collateral Source Recovery Disclosure, or a disclosure in substantially the same form and containing substantially similar content, for determining Collateral Source Recoveries in accordance with the Plan.

The Bankruptcy Court approves the form of Notice to Parties in Interest attached hereto as Exhibit 5 as adequately addressing the particular needs of this Chapter 11 Case; and authorizes the Plan Proponents to use such Notice to Parties in Interest, or a notice in substantially the same form and containing substantially similar content, for providing, among other things, adequate notice to parties in interest who are not entitled to vote on the

Plan that the Plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code.

13. **Content And General Transmittal of Solicitation Package**

Pursuant to Bankruptcy Rule 3017(d), the Plan Proponents are authorized to distribute or cause to be distributed by United States mail, first-class postage pre-paid, or by hand or overnight courier, a Solicitation Package to all holders of Claims in Classes 2, 3, 4, 5, 6, 7, and 8 (the "Voting Classes"), including: (a) all Persons identified in the Debtor's Schedules as holding liquidated, noncontingent and undisputed Claims in an amount greater than zero dollars; excluding Scheduled Claims that have been paid in full, Disallowed prior to the Solicitation Date, or superseded by a timely Filed proof of Claim (as reflected in the official claims register maintained by the Voting Agent) that has not been Disallowed or expunged prior to the Solicitation Date; (b) all parties having timely Filed proofs of Claim (as reflected in the official claims register maintained by the Voting Agent) that have not been Disallowed or expunged prior to the Solicitation Date; (c) the assignee of a transferred and assigned Claim (whether a Filed or Scheduled Claim) whose transfer and assignment has been properly noted on the Bankruptcy Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of 11:59 p.m. on the Voting Record Date, so long as such Claims have not been Disallowed or expunged prior to the Solicitation Date; and (d) any other known holders of such Claims as of the Voting Record Date, as determined by the Plan Proponents in their sole discretion.

The Solicitation Package sent to Classes 2 through 7 shall include paper copies of the Solicitation Letters, the Confirmation Hearing Notice, this Solicitation Procedures Order, and an appropriate Ballot, together with a pre-addressed return envelope; and a CD-ROM containing the Disclosure Statement and Plan, together with all exhibits to those documents.  In addition,

5002947-2

Solicitation Packages sent to holders of Claims in Class 2, Class 3, and Class 7 shall contain a Verified Collateral Source Recovery Disclosure.

The Solicitation Package sent to Class 8 shall include paper copies of the Solicitation Letters, the Confirmation Hearing Notice, this Solicitation Procedures Order, and a CD-ROM containing the Disclosure Statement and Plan, together with all exhibits to those documents.

**Any party who receives a CD-ROM but who desires a paper copy of these documents may request a copy from the Voting Agent by writing to Trustee Services, Inc., 1844 N. Nob Hill Road, #613, Plantation, Florida 33322, or by calling (954) 889-3403. The Solicitation Package (except the Ballots) also can be obtained by any party by accessing the Voting Agent's website at www.rra-bk.com.**

The Plan Proponents are authorized, with the consent of TD Bank, N.A., to make non-material changes to the Disclosure Statement, the Plan, and related documents without further order of the Bankruptcy Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes in the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages prior to mailing.

14. **Content And General Transmittal of Package to Non-Voting Parties in Interest**

In accordance with Bankruptcy Rule 3017(f), the Plan Proponents are authorized to distribute or cause to be distributed by United States mail, first-class postage pre-paid, or by hand or overnight courier, to all currently known parties in interest who are not entitled to vote for or against the Plan, including the Non-Voting Classes, a Package to Non-Voting Parties in Interest, which package shall include paper copies of the Notice to Parties in Interest, the Confirmation Hearing Notice, this Solicitation Procedures Order; and a CD-ROM containing the Disclosure Statement and Plan, together with all exhibits to those documents. The Bankruptcy

Court finds that the contents and transmission of the Package to Non-Voting Parties in Interest complies with Bankruptcy Rule 3017(f) and adequately provides parties in interest who are not entitled to vote on the Plan with (i) notice of the time fixed for filing Confirmation Objections and the Confirmation Hearing and (ii) a copy of the Plan and Disclosure Statement.

15. **When No Notice is Provided by Mail**

The Plan Proponents are not required to give notice or service of any kind upon any Person to which the Plan Proponents mailed a Disclosure Statement Hearing Notice and received any of these notices returned by the U.S. Postal Service marked "undeliverable as addressed," "moved – left no forwarding address," "forwarding order expired," or with a similar reason for return of the notice, unless the Plan Proponents are provided with an accurate address for each Person's previously undeliverable address not less than 15 calendar days prior to the Solicitation Date.

16. **Approval of the Tabulation Procedures**

(i)    Procedures for Tabulation of the Ballots; Exceptions

Any Ballot timely received that contains sufficient information to permit the identification of the claimant and that is cast as an acceptance or rejection of the Plan shall be counted and be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan. The authority of the signatory of each Ballot to sign that Ballot on behalf of the relevant Creditor shall be presumed.  The foregoing general procedure will be subject to the following exceptions:

> a.  except as otherwise provided in this order, if a Claim is deemed Allowed under the Plan or an order of the Bankruptcy Court, such Claim shall be allowed for voting purposes in the deemed Allowed amount set forth in the Plan or the Bankruptcy Court's order; provided that if a Section 502(j) Motion is filed on or before the Solicitation Date, such Claim shall be allowed for voting purposes only in the amount of either $1.00 or such other amount as

16

asserted in the Section 502(j) Motion (unless such Claim has been estimated in accordance with Paragraph 6 of this order);

b.  if a Claim Objection is filed on or before the Solicitation Date, such Claim shall be allowed for voting purposes only and not for purposes of allowance or distribution in the amount of either $1.00 or such other amount as asserted by the Plan Proponents in the Claim Objection (unless such Claim has been estimated in accordance with Paragraph 6 of this order);

c.  if a Claim has been estimated or is otherwise allowed for voting purposes by order of the Bankruptcy Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by the Bankruptcy Court for voting purposes only, and not for purposes of allowance or distribution;

d.  if a Claim for which a proof of Claim has been timely Filed is partially liquidated and partially unliquidated, such Claim shall be allowed for voting purposes only in the liquidated amount;

e.  if a Claim is listed in the schedules as contingent, unliquidated or disputed and a proof of Claim was not (a) Filed by the applicable bar date for the filing of proofs of Claim established by the Bankruptcy Court or (b) deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline, then, unless the Plan Proponents have consented to different treatment in writing, such Claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c); and

f.  if the holder of a Claim in Class 2, Class 3, or Class 7 fails or refuses to timely deliver to the Voting Agent a completed and duly executed Verified Collateral Source Recovery Disclosure or, after notice and hearing, such holder is determined to have knowingly provided false information in a Verified Collateral Source Recovery Disclosure, such Claim may be disallowed for voting purposes.

Without further order of the Bankruptcy Court, the following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (a) any Ballot actually received by the Voting Agent after the Voting Deadline; (b) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (c) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan; (d) any unsigned or non-originally signed Ballot; (e) any Ballot sent directly to any of the Debtor, the Trustee, the Committee, or the agents of the Plan Proponents

17

(other than the Voting Agent) or either of the Plan Proponents' financial or legal advisors or to any party other than the Voting Agent; (f) any Ballot cast for a claim that has been Disallowed (for voting purposes or otherwise); (g) any Ballot transmitted to the Voting Agent by facsimile or other electronic means; and (h) any acceptance or rejection of the Plan submitted on something other than the Ballot provided by the Plan Proponents and approved pursuant to this Solicitation Procedures Order.

       (ii)     <u>Reclassification of Claims in Class 2 and Class 3 for Voting Purposes</u>

      If the holder of a Claim timely delivers a completed and duly executed Verified Collateral Source Recovery Disclosure that discloses that if its Claim is Allowed, it would be a Single Source Recovery Allowed Claim (i.e., an Allowed Class 2 Claim), but subsequently timely delivers a completed and duly executed Verified Collateral Source Recovery Disclosure that discloses that if its Claim is Allowed, it would be a Multiple Source Recovery Allowed Claim (i.e., an Allowed Class 3 Claim), such Claim will be reclassified as a Class 3 Claim for voting purposes only. Likewise, if the holder of a Claim timely delivers a completed and duly executed Verified Collateral Source Recovery Disclosure that discloses that if its Claim is Allowed, it would be a Multiple Source Recovery Allowed Claim (i.e., an Allowed Class 3 Claim), but subsequently timely delivers a completely and duly executed Verified Collateral Source Recovery Disclosure that discloses that if its Claim is Allowed, it would be a Single Source Recovery Allowed Claim (i.e., an Allowed Class 2 Claim), such Claim will be reclassified as a Class 2 Claim for voting purposes only. Where any ambiguity exists, from a Verified Collateral Source Recovery Disclosure or otherwise, as to whether a Claim should classified in either Class 2 or Class 3, such ambiguity shall be adjudicated by the Court at or before the Confirmation Hearing. The Plan Proponents may contact the holder of such Claim

and, if such holder subsequently submits information reasonably deemed by the Plan Proponents to be sufficient to resolve the ambiguity with respect to classification of the Claim, the Plan Proponents shall calculate the vote as a Claim in either Class 2 or Class 3.  This procedure is without prejudice to the Plan Proponents' right to object to the validity of the holder's attempt to classify a Claim as a Claim in either Class 2 or Class 3 or any attempted reclassification of the Claim (from Class 2 to Class 3 or from Class 3 to Class 2) on any basis permitted by law and, if the objection is sustained, to count the non-reclassified Ballot in such Class for all purposes, or not at all.  At or before the Confirmation Hearing, the Plan Proponents may request authority to allow a Creditor to reclassify its vote after the Voting Deadline.[2]

(iii)    <u>Changing Votes</u>

Whenever a Creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and, thus, to supersede any prior Ballots.  Any ambiguity regarding the voter's intent shall be resolved (a) by agreement of the voter and the Plan Proponents as set forth below or (b) by the Bankruptcy Court at or before the Confirmation Hearing.  The Plan Proponents may, in their absolute discretion, contact the holder of the Claim and, if such holder subsequently submits written instructions deemed by the Plan Proponents to be sufficient to resolve the ambiguity, to calculate the vote according to such voter's written instructions.  Any remaining dispute regarding any ambiguity in a Ballot shall be adjudicated by the Bankruptcy Court at or before the Confirmation Hearing.  This procedure is without prejudice to the Plan Proponents' right to object to the validity of any subsequently cast Ballot on

---

[2] The Plan Proponents or the Liquidating Trustee, as applicable, reserve the right to reclassify the Claims for any other purpose.

any basis permitted by law and, if the objection is sustained, to count the first Ballot for all purposes.

(iv)    <u>No Vote Splitting; Effect</u>

Each Class of Claims against the Debtor will vote as an aggregated Class, and the Plan Proponents are authorized to tabulate the votes in each class together for the purpose of determining whether such aggregated creditor Class has accepted or rejected the Plan.  Creditors with multiple Claims within a particular Class must vote all of their Claims within such Class either to accept or reject the Plan and may not split their votes; thus neither (i) any Ballot that partially rejects and partially accepts the Plan nor (ii) any Ballot filed by a Creditor with multiple Claims within a Class who votes inconsistently will be counted.

(v)     Other Ballot Issues

If a Ballot (i) does not indicate either an acceptance or rejection of the Plan or (ii) indicates both an acceptance and a rejection of the Plan, but is otherwise properly completed, executed, and timely returned to the Voting Agent, the Ballot shall not be counted.

(vi)     Right to Reject or Waive

All disputes concerning the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots will be adjudicated by the Court at or before the Confirmation Hearing.  The Bankruptcy Court grants the Plan Proponents and the Voting Agent (at the direction of the Plan Proponents) the authority to contact parties that submit incomplete or otherwise deficient Ballots to cure such deficiencies.  Subject to the terms of this paragraph, the Voting Agent may disregard, with no further notice, defective Ballots described above.

(vii)     Withdrawal of Ballot

Any claimholder who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline.  A notice of withdrawal, to be valid, must (a) contain a description of the Claim to which it relates and the aggregate principal amount represented by such Claim, (b) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (c) contain a certification that the withdrawing party owns the Claim and possesses the right to withdraw the vote sought to be withdrawn, and (d) be received by the Voting Agent prior to the Voting Deadline.

The Plan Proponents have the absolute right to contest the validity of any such withdrawal of Ballot(s).  Unless otherwise directed by the Bankruptcy Court, a purported notice

of withdrawal of Ballot(s) that is not received in a timely manner by the Plan Proponents will not be effective to withdraw a previously furnished Ballot.  Any claimholder (or its authorized representative) who has previously submitted a properly completed Ballot before the Voting Deadline may revoke such Ballot and change its vote by submitting before the Voting Deadline a subsequent, properly completed Ballot for acceptance or rejection of the Plan.  In addition, if a claimholder submits a valid notice of withdrawal before the Voting Deadline, such holder may submit a new Ballot, and such Ballot will be counted so long as it is received before the Voting Deadline and is otherwise submitted in accordance with this Solicitation Procedures Order.

(viii)    Execution by Authorized Representative(s)

To be counted, completed Ballots signed by trustees, executors, administrators, guardians, attorneys-in-fact, officers of corporations, or others acting in a fiduciary or representative capacity must indicate their capacity when signing.  Failure to indicate the capacity of the signatory to the Ballot may result in the Ballot being deemed invalid and not counted.  In addition, for purposes of voting tabulation, a Ballot filed by a representative should account for the total number of represented parties with respect to the numerosity requirement governing confirmation of the Plan.

At the request of the Plan Proponents, Ballot signatories shall be required to submit proper evidence satisfactory to the Plan Proponents of their authority to so act.

#        #        #

Submitted by:

Paul Steven Singerman, Esq.
Jordi Guso, Esq.
Christopher Andrew Jarvinen, Esq.
Isaac M. Marcushamer, Esq.
1450 Brickell Avenue, Suite 1900
Miami, FL 33131

Telephone: 305-755-9500
Facsimile: 305-714-4340
singerman@bergersingerman.com
jguso@bergersingerman.com
cjarvinen@bergersingerman.com
imarcushamer@bergersingerman.com

5002947-2

**EXHIBIT 1- CONFIRMATION HEARING NOTICE**

5002947-2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:

**ROTHSTEIN ROSENFELDT ADLER, P.A.,**         **Case No. 09-34791-RBR-BKC**

                                            **Chapter 11**
        **Debtor.**

_____

**NOTICE OF (I) CONFIRMATION HEARING AND OBJECTION DEADLINE WITH
RESPECT TO THE PLAN; (II) SOLICITATION AND VOTING PROCEDURES; AND
(III) DEADLINE FOR FILING ADMINISTRATIVE EXPENSE APPLICATONS**

TO ALL CREDITORS, EQUITY INTEREST HOLDERS AND PARTIES IN INTEREST:

   **1.     Approval of Disclosure Statement and Solicitation Procedures.**  On **May 30, 2013**, the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") approving the Disclosure Statement, dated May 29, 2013 (as amended from time to time and including all exhibits and supplements, the "Disclosure Statement") for the *Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed Jointly by the Trustee and the Official Committee of Unsecured Creditors (As Modified)* (as amended from time to time and including all exhibits and supplements, the "Plan"), as containing adequate information, as required under section 1125(a) of title 11 of the United States Code (the "Bankruptcy Code"), and authorizing the Plan Proponents to solicit votes with regard to the acceptance or rejection of the Plan.[3]

   **2.     Voting Deadline.**  If you hold a Claim against the Debtor as of **May 30, 2013**, the Voting Record Date, and if you are entitled to vote to accept or reject the Plan, then you have received a Ballot and voting instructions appropriate for your Claim.  For your vote to accept or reject the Plan to be counted, you must provide all required information on the Ballot, execute and return the completed Ballot to the address indicated on the Ballot so as to be **actually received** by the Voting Agent by **5:00 p.m. (Prevailing Eastern Time) on July 2, 2013** (the "Voting Deadline") in accordance with the voting instructions accompanying the Ballot.  Any

_____
[3]  All capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.

       **3.**     **Verified Collateral Source Recovery Disclosure.** If you are the holder of a Claim in Class 2, Class 3, or Class 7, then you have received a Verified Collateral Source Recovery Disclosure. You must provide all required information on the Verified Collateral Source Recovery Disclosure, and execute and return the completed Verified Collateral Source Recovery Disclosure to the address indicated on the Verified Collateral Source Disclosure so as to be **actually received** by the Voting Agent by the Voting Deadline. If you (i) fail or refuse to timely deliver to the Voting Agent a completed and duly executed Verified Collateral Source Recovery Disclosure, or (ii) after notice and a hearing, are determined to have knowingly provided false information in a Verified Collateral Source Recovery Disclosure, then (a) you may be deemed to irrevocably waive your rights to receive, and may be forever barred from receiving, a distribution from the Liquidating Trust, (b) your Claim may be deemed disallowed without further order of the Bankruptcy Court, and (c) your Ballot may not be counted for purposes of determining the acceptance or rejection of the Plan.

       Further, you must correct and/or update such Verified Collateral Source Recovery Disclosure as and when you have knowledge that such disclosure was incorrect or has changed, including, but not limited to, when you actually receive a previously anticipated Collateral Source Recovery; provided however, that such obligation to correct and/or update shall terminate on the Final Distribution Date.

       **4.**    **Temporary Allowance of Claims for Voting Purposes.** If a motion for reconsideration of a previously allowed Claim pursuant to section 502(j) of the Bankruptcy Code (a "Section 502(j) Motion") or an objection to a Claim (a "Claim Objection") is filed by either of the Plan Proponents on or before **June 4, 2013**, in order to have the Claim allowed, for voting purposes only, in an amount other than $1.00 or such other amount as asserted in the Section 502(j) Motion or Claim Objection, the holder of the Claim must serve on counsel for each of the Plan Proponents and file with the Bankruptcy Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan (a "Rule 3018(a) Motion") on or before **June 11, 2013**. If and to the extent that the Plan Proponents and such party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Voting Deadline established by the Bankruptcy Court, then at the Confirmation Hearing the Bankruptcy Court will determine whether, and in what estimated amount, the provisional Ballot should be counted for purposes of voting only.

       **5.**    **Confirmation Hearing.** A hearing to consider the confirmation of the Plan (the "Confirmation Hearing") will commence at **9:30 a.m. (Prevailing Eastern Time) on July 11, 2013** before the Honorable Raymond B. Ray, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division, U.S. Bankruptcy Court, 299 E. Broward Blvd., Room 308, Fort Lauderdale, Florida 33301. The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, without further notice to parties in interest. The Bankruptcy Court, in its discretion and prior to the Confirmation Hearing, may put in place additional procedures

5002947-2

governing the Confirmation Hearing.  The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties.

6.    **Objections to the Plan.**  The Bankruptcy Court has established **5:00 p.m. (Prevailing Eastern Time) on July 2, 2013** as the last date and time for filing and serving objections to the confirmation of the Plan.  Any objection to the Plan must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, (iii) provide a concise statement of the basis for such objection or proposed modification, (iv) conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court or orders of the Bankruptcy Court, and (v) if filed or submitted by a party not registered as a CM/ECF user with the Bankruptcy Court, be served by personal service, overnight delivery, or first-class mail, so as to be actually received no later than the deadline on the following: (a) counsel to the Trustee, Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131, Attn: Paul Steven Singerman; (b) counsel to the Trustee, Genovese Joblove & Battista, P.A., 100 SE 2nd Street, 44th Floor, Miami, Florida 33131, Attn: John H. Genovese; (c) the United States Trustee, 51 S.W. First Avenue, Room 1204, Miami, Florida 33130; (d) counsel to the Official Committee of Unsecured Creditors, Akerman Senterfitt, Las Olas Centre II – Suite 1600, 350 East Las Olas Boulevard, Attn:  Michael I. Goldberg; and (e) counsel to TD Bank, N.A., McGuireWoods LLP, One James Center, 901 East Cary Street, Richmond, Virginia 23219, Attn: Dion W. Hayes. Objections not timely filed and properly served shall be overruled and not considered.

7.    **Release and Injunction Provisions in the Plan.  PLEASE BE ADVISED THAT SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, ARTICLE 10 OF THE PLAN CONTAINS CERTAIN EXCULPATION, RELEASE, INJUNCTION AND BAR PROVISIONS THAT WILL BAR OR RELEASE CLAIMS YOU MAY ASSERT AGAINST VARIOUS PARTIES THAT RELATE TO (i) THE CASES, (ii) THE PONZI SCHEME OPERATED OR ORCHESTRATED BY SCOTT W. ROTHSTEIN, (iii) SCOTT W. ROTHSTEIN AND ANY OTHER CO-CONSPIRATOR OR AIDER AND ABETTOR, (iv) THE RRA RELEASORS, (v) THE PRINCIPALS OF THE RRA RELEASORS, (vi) THE BANYON RELEASORS, OR (vii) THE PRINCIPALS OF THE BANYON RELEASORS.  YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE EXCULPATION, RELEASE AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.  CERTAIN OF THE RELEASE, INJUNCTION AND BAR PROVISIONS OF ARTICLE 10 OF THE PLAN WILL RELEASE AND/OR BAR ALL CLAIMS ANY ENTITY MAY ASSERT AGAINST TD BANK AND CERTAIN PARTIES RELATED TO TD BANK THAT ARE OR MAY BE ASSERTED IN CONNECTION WITH OR RELATE TO (i) THE CASES, (ii) THE PONZI SCHEME OPERATED OR ORCHESTRATED BY SCOTT W. ROTHSTEIN, (iii) SCOTT W. ROTHSTEIN AND ANY OTHER CO-CONSPIRATOR OR AIDER AND ABETTOR, (iv) THE RRA RELEASORS, (v) THE PRINCIPALS OF THE RRA RELEASORS, (vi) THE BANYON RELEASORS, OR (vii) THE PRINCIPALS OF THE BANYON RELEASORS. YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION AND BAR PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.  YOU ARE ENCOURAGED TO REVIEW ARTICLE 10 OF THE PLAN IN ITS ENTIRETY TO DETERMINE IF**

5002947-2

**YOUR RIGHTS ARE AFFECTED.**

8.      **Administrative Expense Claim Bar Date.**  Any party wishing to assert any Claim for any cost or expense of administration (including Professional Claims) of the Chapter 11 Case asserted or arising under sections 503(b), 507(a)(2), 507(b) of the Bankruptcy Code, including any (a) actual and necessary cost or expense of preserving the Estate arising on or after the Petition Date, (b) compensation or reimbursement of expenses of Professionals arising on or after the Petition Date, to the extent allowed by the Bankruptcy Court under sections 330(a) or 331 of the Bankruptcy Code, and (c) compensation or reimbursement for actual, necessary expenses in making a substantial contribution in the Chapter 11 Case (each, an "Administrative Expense Claim"); that has accrued or is anticipated to accrue on or before **July 11, 2013**, must file an application, motion, or other Bankruptcy Court approved pleading for allowance of any Administrative Expense Claim on or before **June 27, 2013** (the "Administrative Expense Claim Bar Date") in accordance with the procedures set forth in the Solicitation Procedures Order; provided that the Administrative Expense Claim Bar Date shall not apply to liabilities incurred in the ordinary course of business (other than Professional Claims).  Further, if the Bankruptcy Court has entered an order establishing a different and specific deadline for a Creditor or other party in interest to file an Administrative Expense Claim, the date set forth in such order shall be deemed to be the Administrative Expense Claim Bar Date as to such Creditor or other party in interest.

An Administrative Expense Application seeking payment of a Professional Claim must be filed on or before the Administrative Expense Claim Bar Date and include actual fees and costs, plus an estimate of additional fees and costs to be incurred through the Confirmation Hearing, and must otherwise conform to the Bankruptcy Court's "Guidelines for Fee Applications for Professionals in the Southern District of Florida" and the local forms described in the guidelines.  All applications for a Professional Claim that include an estimate of additional fees and costs to be incurred through the Confirmation Hearing must be supplemented three (3) business days prior to the Confirmation Hearing with documentation supporting the estimated fees and costs and may include an upward or downward adjustment to the estimate.

Any person or entity that is required, but fails, to file an Administrative Expense Claim in accordance with the procedures set forth in the Solicitation Procedures Order on or before the Administrative Expense Claim Bar Date (a) shall be forever barred, estopped, and enjoined from asserting any Administrative Expense Claim against the Debtor or the Debtor's estate and the Debtor and the Trustee shall be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim and (b) shall not be permitted to receive payment from the Debtor's estates or participate in any distribution under any plan in this Chapter 11 Case on account of such Administrative Expense Claim.

9.      **Inquiries.**  To the extent not provided with this Confirmation Hearing Notice, the Plan, Disclosure Statement, Disclosure Statement Hearing Order, and all other materials in the Debtors' Solicitation Package may be obtained from the Voting Agent's website at www.rra-bk.com (except the Ballots) or by contacting the Voting Agent in writing at Trustee Services, Inc., 1844 N. Nob Hill Road, #613, Plantation, Florida 33322.

Dated: June 4, 2013                    By: _____

Paul Steven Singerman
Florida Bar No. 378860
singerman@bergersingerman.com
Jordi Guso
Florida Bar No. 0863580
jguso@bergersingerman.com
Christopher A. Jarvinen
Florida Bar No. 0021745
cjarvinen@bergersingerman.com
Isaac M. Marcushamer
Florida Bar No. 60373
imarcushamer@bergersingerman.com
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: 305-755-9500
Facsimile: 305-714-4340

*Counsel for Herbert Stettin, Chapter 11 Trustee*

and

By: _____
Michael I. Goldberg
Florida Bar No. 886602
Michael.goldberg@akerman.com
AKERMAN SENTERFITT
350 E. Las Olas Blvd., Suite 1600
Ft. Lauderdale, FL 33301
Telephone: 954-463-2700
Facsimile: 954-463-2224

*Counsel for the Official Committee of Unsecured
Creditors*

29

**EXHIBIT 2A- FORM OF TRUSTEE'S SOLICITATION LETTER**

**LETTERHEAD**

June 4, 2013

Re:    **In re Rothstein Rosenfeldt Adler, P.A.**
       **Chapter 11 Case (09-34791-BKC-RBR)**


To:  Classes 2, 3, 4, 5, 6, 7, and 8 under the Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed Jointly by the Trustee and the Official Committee of Unsecured Creditors


        Herbert Stettin ("Trustee"), the chapter 11 Trustee of Rothstein, Rosenfeldt Adler, P.A. (the "Debtor") and the Official Committee of Unsecured Creditors for the Debtor filed the *Disclosure Statement in Connection with the Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed Jointly by the Trustee and the Official Committee of Unsecured Creditors (As Modified)* [ECF Doc. No. 4516] (the "Disclosure Statement") and corresponding *Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed Jointly by the Trustee and the Official Committee of Unsecured Creditors (As Modified)* [ECF Doc. No. 4517] (the "Plan")[4] with the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division (the "Bankruptcy Court") in connection with the above-captioned case pending under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").  On May 30, 2013, the Bankruptcy Court entered an order approving the Disclosure Statement as containing adequate information for voting on the Plan.

        Pursuant to the Plan, the claims of general unsecured creditors are classified into seven separate classes (Classes 2 to 8). The Trustee believes that the Plan provides the best possible return for the allowed claims of creditors in these classes.  The Plan includes four classes (Classes 2 to 5) of general unsecured claims and an additional three classes (Classes 6 to 8) of subordinated general unsecured claims.

        With respect to Class 2 (*Single Source Recovery Allowed Unsecured Claims*), Class 3 (*Multiple Source Recovery Allowed Unsecured Claims*), Class 4 (*Razorback Unsecured Rising Tide Claim*) and Class 5 (*Banyon Unsecured Claim*), the Trustee expects that the holders of allowed claims in such Classes will receive a 100% distribution, without interest, fees, or other costs (and, if applicable, reduced to account for recoveries by such holders from non-Debtor, third-party sources (as defined in the Plan, the "Collateral Source Recoveries")), from a combination of (a) the Debtor's cash on hand, (b) proceeds from a settlement agreement among and between (i) the Trustee, (ii) the trustee for the chapter 7 cases of Banyon 1030-32, LLC and Banyon Income Fund, LP and (iii) TD Bank, N.A. (such settlement agreement is attached as an exhibit to the Plan), and (c) net recoveries, if any, obtained from the pursuit of Litigation Claims by the Liquidating Trustee.

        In addition, Class 6 (*Funds' Subordinated Unsecured Claim*), Class 7 (*Miscellaneous Subordinated Claims*), and Class 8 (*TD Bank Junior Subordinated Unsecured Claim*) are each classes of general unsecured claims that, pursuant to various settlement agreements entered into

---

[4]        Any term not defined herein shall have the meaning ascribed to such term in the Plan.

between and among the Trustee and the relevant parties, are subordinated to the allowed claims in Classes 2 to 5. A holder of an allowed subordinated unsecured claim in Classes 6 to 8 will not receive a distribution on such claim until the holders of allowed claims in Classes 2 to 5 receive their full distributions under the terms of the Plan.

Moreover, the holders of allowed claims in Classes 7 and 8 are further subordinated, with Class 7 not receiving a distribution until the holder of the allowed Class 6 claim receives its full distribution under the terms of the Plan and Class 8 not receiving a distribution until the holders of the allowed claims in Classes 7 and 8 receive their full distribution under the terms of the Plan.

The Trustee expects that (a) the holders of allowed claims in Class 6 will receive a potentially meaningful distribution, without interest, fees, or other costs and (b) distributions (without interest), if any, to the holders of allowed Claims in Classes 7 and 8 will depend upon, among other things, the level of net proceeds obtained from the pursuit of Litigation Claims on behalf of the Estate.

If the Plan is confirmed by the Bankruptcy Court, the Liquidating Trustee will be authorized to distribute the consideration provided under the Plan to the Creditors holding allowed claims in Classes 2 to 8. This letter is not intended to convey any position by the Bankruptcy Court with respect to the Plan.

The foregoing is only a general summary of the unsecured creditor classes in the Plan, and creditors are encouraged to review the Plan and the Disclosure Statement in their entirety for the exact terms regarding treatment of their respective claims prior to casting ballots. As this letter is only a summary of the treatment of allowed claims in Classes 2 to 8, it is not meant to supplement, amend, or modify the terms of the Plan.

The Trustee supports the Plan. **The Trustee believes that the Plan provides the best available recovery to creditors and, if the Plan is not confirmed, there will likely be significantly less recovery to general unsecured creditors and any recovery for general unsecured creditors will be delayed—perhaps materially. Accordingly, the Trustee recommends that all creditors in Classes 2, 3, 4, 5, 6, 7, and 8 vote in favor of the Plan and mark their Ballots accepting the Plan.**

**Please make certain that your original, executed Ballot, and, if applicable, your Verified Collateral Source Recovery Disclosure, are actually received by Trustee Services, Inc. (the Trustee's balloting agent, "TSI") by July 2, 2013 at 5:00 p.m. (Prevailing Eastern Time) (the Voting Deadline), at the address shown on the Ballot, or your Ballot will not be counted.**

Therefore, your vote on the Plan is important. I urge you to review the enclosed materials and vote to accept the Plan.

Sincerely,


Herbert Stettin
Chapter 11 Trustee

5002947-2

**EXHIBIT 2B- FORM OF COMMITTEE'S SOLICITATION LETTER**

**LETTERHEAD**

June 4, 2013

Re:    **In re Rothstein Rosenfeldt Adler, P.A.**
       **Chapter 11 Case (09-34791-BKC-RBR)**

To:  Classes 2, 3, 4, 5, 6, 7, and 8 under the Second Amended Joint Plan of Liquidation Pursuant to
Chapter 11 of the Bankruptcy Code Proposed Jointly by the Trustee and the Official Committee of
Unsecured Creditors

       Herbert Stettin ("Trustee"), the chapter 11 Trustee of Rothstein, Rosenfeldt Adler, P.A. (the
"Debtor") and the Official Committee of Unsecured Creditors for the Debtor filed the *Disclosure
Statement in Connection with the Second Amended Joint Plan of Liquidation Pursuant to Chapter 11
of the Bankruptcy Code Proposed Jointly by the Trustee and the Official Committee of Unsecured
Creditors (As Modified)* [ECF Doc. No. 4516] (the "Disclosure Statement") and corresponding
*Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code
Proposed Jointly by the Trustee and the Official Committee of Unsecured Creditors (As Modified)*
[ECF Doc. No. 4517] (the "Plan")[5] with the United States Bankruptcy Court for the Southern District
of Florida, Fort Lauderdale Division (the "Bankruptcy Court") in connection with the above-
captioned case pending under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").  On May
30, 2013, the Bankruptcy Court entered an order approving the Disclosure Statement as containing
adequate information for voting on the Plan.

       Pursuant to the Plan, the claims of general unsecured creditors are classified into seven
separate classes (Classes 2 to 8). The Committee believes that the Plan provides the best possible
return for the allowed claims of creditors in these classes.  The Plan includes four classes (Classes 2
to 5) of general unsecured claims and an additional three classes (Classes 6 to 8) of subordinated
general unsecured claims.  The Committee voted unanimously in favor of the Plan.

       With respect to Class 2 (*Single Source Recovery Allowed Unsecured Claims*), Class 3
(*Multiple Source Recovery Allowed Unsecured Claims*), Class 4 (*Razorback Unsecured Rising Tide
Claim*) and Class 5 (*Banyon Unsecured Claim*), the Committee expects that the holders of allowed
claims in such Classes will receive a 100% distribution, without interest, fees, or other costs (and, if
applicable, reduced to account for recoveries by such holders from non-Debtor, third-party sources
(as defined in the Plan, the "Collateral Source Recoveries")), from a combination of (a) the Debtor's
cash on hand, (b) proceeds from a settlement agreement among and between (i) the Trustee, (ii) the
trustee for the chapter 7 cases of Banyon 1030-32, LLC and Banyon Income Fund, LP and (iii) TD
Bank, N.A. (such settlement agreement is attached as an exhibit to the Plan), and (c) net recoveries, if
any, obtained from the pursuit of Litigation Claims by the Liquidating Trustee.

       In addition, Class 6 (*Funds' Subordinated Unsecured Claim*), Class 7 (*Miscellaneous
Subordinated Claims*), and Class 8 (*TD Bank Junior Subordinated Unsecured Claim*) are each
classes of general unsecured claims that, pursuant to various settlement agreements entered into
between and among the Trustee and the relevant parties, are subordinated to the allowed claims in

---

[5]        Any term not defined herein shall have the meaning ascribed to such term in the Plan.

Classes 2 to 5.  A holder of an allowed subordinated unsecured claim in Classes 6 to 8 will not receive a distribution on such claim until the holders of allowed claims in Classes 2 to 5 receive their full distributions under the terms of the Plan.

Moreover, the holders of allowed claims in Classes 7 and 8 are further subordinated, with Class 7 not receiving a distribution until the holder of the allowed Class 6 claim receives its full distribution under the terms of the Plan and Class 8 not receiving a distribution until the holders of the allowed claims in Classes 7 and 8 receive their full distribution under the terms of the Plan.

The Committee expects that (a) the holders of allowed claims in Class 6 will receive a potentially meaningful distribution, without interest, fees, or other costs and (b) distributions (without interest), if any, to the holders of allowed Claims in Classes 7 and 8 will depend upon, among other things, the level of net proceeds obtained from the pursuit of Litigation Claims on behalf of the Estate.

If the Plan is confirmed by the Bankruptcy Court, the Liquidating Trustee will be authorized to distribute the consideration provided under the Plan to the Creditors holding allowed claims in Classes 2 to 8.  This letter is not intended to convey any position by the Bankruptcy Court with respect to the Plan.

The foregoing is only a general summary of the unsecured creditor classes in the Plan, and creditors are encouraged to review the Plan and the Disclosure Statement in their entirety for the exact terms regarding treatment of their respective claims prior to casting ballots.  As this letter is only a summary of the treatment of allowed claims in Classes 2 to 8, it is not meant to supplement, amend, or modify the terms of the Plan.

The Committee supports the Plan.  **The Committee believes that the Plan provides the best available recovery to creditors and, if the Plan is not confirmed, there will likely be significantly less recovery to general unsecured creditors and any recovery for general unsecured creditors will be delayed—perhaps materially.  Accordingly, the Committee recommends that all creditors in Classes 2, 3, 4, 5, 6, 7, and 8 vote in favor of the Plan and mark their Ballots accepting the Plan.**

**Please make certain that your original, executed Ballot, and, if applicable, your Verified Collateral Source Recovery Disclosure, are actually received by Trustee Services, Inc. (the Trustee's balloting agent, "TSI") by July 2, 2013 at 5:00 p.m. (Prevailing Eastern Time) (the Voting Deadline), at the address shown on the Ballot, or your Ballot will not be counted.**

Therefore, your vote on the Plan is important.  I urge you to review the enclosed materials and vote to accept the Plan.

Sincerely,


John Mullin
Counsel for Edward Morse, Committee Chairperson

35

**COMPOSITE EXHIBIT 3**

5002947-2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                          CASE NO.: 09-34791-BKC-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,        CHAPTER 11

      Debtor.

_____/

### CLASS 2 AND CLASS 3 BALLOT

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED ON OR BEFORE 5:00 PM (PREVAILING EASTERN TIME) ON JULY 2, 2013 (THE "VOTING DEADLINE")**

---

**If Trustee Services Inc. (the "Voting Agent") does not timely receive your Ballot by the Voting Deadline, your Ballot will not count.  The Voting Agent will not accept Ballots by telecopy, facsimile, email or other electronic means of transmission.**

---

**Ballots must be delivered either by mail in the enclosed envelope or by hand delivery or overnight courier to the Voting Agent at the following address:**

**Trustee Services, Inc.**
**1844 N. Nob Hill Road, #613**
**Plantation, FL  33322**

---

The joint plan of liquidation (the "Plan") dated May 29, 2013 by Herbert Stettin, as the chapter 11 trustee for the above-captioned debtor, (the "Trustee") and the Official Committee of Unsecured Creditors for the above-captioned debtor (the "Committee", together with the Trustee, the "Plan Proponents") may be confirmed by the court and thereby made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class voting on the Plan. In the event the requisite acceptances in a class are not obtained, the court may nevertheless confirm the Plan if the court finds that the Plan accords fair and equitable treatment to any class rejecting it, so long as one class has voted to accept the Plan.[6]

---

[6] All capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

5002947-2

**IMPORTANT INFORMATION REGARDING THE RELEASES, INJUNCTIONS, EXCULPATION AND RELATED PROVISIONS**

**PLEASE BE ADVISED THAT SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, ARTICLE 10 OF THE PLAN CONTAINS CERTAIN EXCULPATION, RELEASE, INJUNCTION AND BAR PROVISIONS THAT WILL BAR OR RELEASE CLAIMS YOU MAY ASSERT AGAINST VARIOUS PARTIES THAT RELATE TO (i) THE CASES, (ii) THE PONZI SCHEME OPERATED OR ORCHESTRATED BY SCOTT W. ROTHSTEIN, (iii) SCOTT W. ROTHSTEIN AND ANY OTHER CO-CONSPIRATOR OR AIDER AND ABETTOR, (iv) THE RRA RELEASORS, (v) THE PRINCIPALS OF THE RRA RELEASORS, (vi) THE BANYON RELEASORS, OR (vii) THE PRINCIPALS OF THE BANYON RELEASORS. YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE EXCULPATION, RELEASE AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED. CERTAIN OF THE RELEASE, INJUNCTION AND BAR PROVISIONS OF ARTICLE 10 OF THE PLAN WILL RELEASE AND/OR BAR ALL CLAIMS ANY ENTITY MAY ASSERT AGAINST TD BANK AND CERTAIN PARTIES RELATED TO TD BANK THAT ARE OR MAY BE ASSERTED IN CONNECTION WITH OR RELATE TO (i) THE CASES, (ii) THE PONZI SCHEME OPERATED OR ORCHESTRATED BY SCOTT W. ROTHSTEIN, (iii) SCOTT W. ROTHSTEIN AND ANY OTHER CO-CONSPIRATOR OR AIDER AND ABETTOR, (iv) THE RRA RELEASORS, (v) THE PRINCIPALS OF THE RRA RELEASORS, (vi) THE BANYON RELEASORS, OR (vii) THE PRINCIPALS OF THE BANYON RELEASORS. YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION AND BAR PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED. YOU ARE ENCOURAGED TO REVIEW ARTICLE 10 OF THE PLAN IN ITS ENTIRETY TO DETERMINE IF YOUR RIGHTS ARE AFFECTED.**

Your rights are generally described in the Disclosure Statement, so it is important that you carefully review the Disclosure Statement and each exhibit thereto, including the Plan, before you complete, execute and return this Ballot. You also may wish to seek legal advice concerning the Disclosure Statement, the Plan and the Plan's classification and treatment of any claim you may hold.

If this ballot is not received by the Voting Agent on or before the Voting Deadline, and the Voting Deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.

**IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, THE PLAN AND ITS EXCULPATION, RELEASE, INJUNCTION AND BAR PROVISIONS WILL BE BINDING ON YOU AND ANY CLAIM YOU HOLD WHETHER OR NOT YOU SUBMIT A BALLOT**

5002947-2

## INSTRUCTIONS FOR COMPLETING THE BALLOT

The Plan Proponents are soliciting your vote with respect to the Plan. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT**.

To properly complete the Ballot, you must follow these procedures:

1. Fill out all information requested in Item 1.

2. Make a **single** selection in Item 2.

3. Completely fill out Item 3.

4. Complete the Verified Collateral Source Recovery Disclosure, which was enclosed with this Ballot.

5. Return the **Verified Collateral Source Recovery Disclosure** and this **Ballot** using the enclosed self-addressed envelope.

6. Ensure your Ballot and the **Verified Collateral Source Recovery Disclosure** are received no later than **the Voting Deadline.**

## ITEM 1:

This ballot is for creditor (insert name)_____.    If your Verified Collateral Source Recovery Disclosure indicates that you <u>do not</u> have or anticipate receiving a Collateral Source Recovery, please select the box for Single Source Recovery Unsecured Claim and provide the amount of your claim.  If your Verified Collateral Source Recovery Disclosure indicates that you have or anticipate receiving a Collateral Source Recovery, please select the box for Multiple Source Recovery Unsecured Claim and provide the amount of your claim.

| TYPE OF CLAIM | APPLICABLE CLASS | AMOUNT OF CLAIM |
|---|---|---|
| Single Source Recovery Unsecured Claim | 2 | |
| Multiple Source Recovery Unsecured Claim | 3 | |

## ITEM 2:

| | |
|---|---|
| **<u>Check one box:</u>**        □ | **<u>ACCEPT</u> (vote FOR) the Plan.** |
| □ | **<u>REJECT</u> (vote AGAINST) the Plan.** |

## ITEM 3:

## CERTIFICATION UNDER PENALTY OF PERJURY

By signing this Ballot, the undersigned certifies to the Bankruptcy Court, the Trustee, and the Committee under penalty of perjury of the laws of the United States of America:

(a)    that you are either: (i) the holder of the claim(s) being voted; or (ii) you are an authorized signatory for a person or entity that is the holder of the claims being voted;

(b)    that you have received a copy of the Plan, Disclosure Statement, Ballot and Verified Collateral Source Recovery Disclosure and acknowledge that this solicitation is being made pursuant to the terms and conditions set forth therein;

(c)    that you have cast the same vote with respect to all claims in a single Class;

(d)    that no other Ballots with respect to the amount of the claim(s) identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such claim(s), then any such earlier Ballots are hereby revoked;

(e)    that by voting the claim in **Class 2 or Class 3**, you certify that (A) you or the holder of the claim(s) has or will submit a properly completed Verified Collateral Source Recovery Disclosure to the Voting Agent so that it is actually received no later than 5:00 p.m. (Prevailing Eastern Time) on July 2, 2013, or (B) that you or the holder of the claim(s) understands that: (i) failing or refusing to timely deliver to the Voting Agent a complete and duly executed Verified Collateral Source Recovery Disclosure, or (ii) if it is determined, after notice and a hearing, that you or the holder of the claim(s) knowingly provided false information in a Verified Collateral Source Recovery Disclosure: (A) the person or entity may be deemed to irrevocably waive its right to receive, and may be forever barred from receiving, a distribution from the Liquidating Trust on account of your or the holders' Class 2 or Class 3 claim, (B) the claim(s) may be deemed disallowed without further order of the Bankruptcy Court, and (c) the Ballot may not be counted for purposes of determining the acceptance or rejection of the Plan.

Signed: _____        Date: _____

Print Name: _____

Title: _____

Address: _____

Phone: _____        Email: _____

5002947-2

**\*\*\*PLEASE SUBMIT THIS BALLOT SO IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE\*\*\***

return to:  **Trustee Services, Inc. 1844 N. Nob Hill Road, #613 Plantation, FL  33322.**

**If you have another claim against the Debtor that has been classified in a different class, a separate ballot must be submitted for each class of claims for the votes on account of such claims to be counted, and you should receive a ballot for each type of claim you are eligible to vote.  Please contact the Voting Agent regarding any incorrect or insufficient ballot(s).**

5002947-2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    CASE NO.: 09-34791-BKC-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,          CHAPTER 11

     Debtor.

_____/

## CLASS 4 BALLOT

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED ON OR BEFORE 5:00 PM (PREVAILING EASTERN TIME) ON JULY 2, 2013 (THE "VOTING DEADLINE")**

---

**If Trustee Services Inc. (the "Voting Agent") does not timely receive your Ballot by the Voting Deadline, your Ballot will not count. The Voting Agent will not accept Ballots by telecopy, facsimile, email or other electronic means of transmission.**

---

**Ballots must be delivered either by mail in the enclosed envelope or by hand delivery or overnight courier to the Voting Agent at the following address:**

**Trustee Services, Inc.
1844 N. Nob Hill Road, #613
Plantation, FL 33322**

---

The joint plan of liquidation (the "Plan") dated May 29, 2013 by Herbert Stettin, as the chapter 11 trustee for the above-captioned debtor, (the "Trustee") and the Official Committee of Unsecured Creditors for the above-captioned debtor (the "Committee", together with the Trustee, the "Plan Proponents") may be confirmed by the court and thereby made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class voting on the Plan. In the event the requisite acceptances in a class are not obtained, the court may nevertheless confirm the Plan if the court finds that the Plan accords fair and equitable treatment to any class rejecting it, so long as one class has voted to accept the Plan.[7]

---

[7] All capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

42

**<u>IMPORTANT INFORMATION REGARDING THE RELEASES, INJUNCTIONS, EXCULPATION AND RELATED PROVISIONS</u>**

**PLEASE BE ADVISED THAT SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, ARTICLE 10 OF THE PLAN CONTAINS CERTAIN EXCULPATION, RELEASE, INJUNCTION AND BAR PROVISIONS THAT WILL BAR OR RELEASE CLAIMS YOU MAY ASSERT AGAINST VARIOUS PARTIES THAT RELATE TO (i) THE CASES, (ii) THE PONZI SCHEME OPERATED OR ORCHESTRATED BY SCOTT W. ROTHSTEIN, (iii) SCOTT W. ROTHSTEIN AND ANY OTHER CO-CONSPIRATOR OR AIDER AND ABETTOR, (iv) THE RRA RELEASORS, (v) THE PRINCIPALS OF THE RRA RELEASORS, (vi) THE BANYON RELEASORS, OR (vii) THE PRINCIPALS OF THE BANYON RELEASORS. YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE EXCULPATION, RELEASE AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED. CERTAIN OF THE RELEASE, INJUNCTION AND BAR PROVISIONS OF ARTICLE 10 OF THE PLAN WILL RELEASE AND/OR BAR ALL CLAIMS ANY ENTITY MAY ASSERT AGAINST TD BANK AND CERTAIN PARTIES RELATED TO TD BANK THAT ARE OR MAY BE ASSERTED IN CONNECTION WITH OR RELATE TO (i) THE CASES, (ii) THE PONZI SCHEME OPERATED OR ORCHESTRATED BY SCOTT W. ROTHSTEIN, (iii) SCOTT W. ROTHSTEIN AND ANY OTHER CO-CONSPIRATOR OR AIDER AND ABETTOR, (iv) THE RRA RELEASORS, (v) THE PRINCIPALS OF THE RRA RELEASORS, (vi) THE BANYON RELEASORS, OR (vii) THE PRINCIPALS OF THE BANYON RELEASORS. YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION AND BAR PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED. YOU ARE ENCOURAGED TO REVIEW ARTICLE 10 OF THE PLAN IN ITS ENTIRETY TO DETERMINE IF YOUR RIGHTS ARE AFFECTED.**

Your rights are generally described in the Disclosure Statement, so it is important that you carefully review the Disclosure Statement and each exhibit thereto, including the Plan, before you complete, execute and return this Ballot. You also may wish to seek legal advice concerning the Disclosure Statement, the Plan and the Plan's classification and treatment of any claim you may hold.

If this ballot is not received by the Voting Agent on or before the Voting Deadline, and the Voting Deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.

---

**<u>IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, THE PLAN AND ITS EXCULPATION, RELEASE, INJUNCTION AND BAR PROVISIONS WILL BE BINDING ON YOU AND ANY CLAIM YOU HOLD WHETHER OR NOT YOU SUBMIT A BALLOT</u>**

---

## INSTRUCTIONS FOR COMPLETING THE BALLOT

The Plan Proponents are soliciting your vote with respect to the Plan. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT**.

To properly complete the Ballot, you must follow these procedures:

1. Fill out all information requested in Item 1.

2. Make a **single** selection in Item 2.

3. Completely fill out Item 3.

4. Return this **Ballot** using the enclosed self-addressed envelope.

5. Ensure your Ballot is received no later than **the Voting Deadline**.

## ITEM 1:

This ballot is for creditor (insert name)_____.

| TYPE OF CLAIM | CLASS IN PLAN | AMOUNT OF CLAIM |
|---|---|---|
| Razorback Unsecured Rising Tide Claim | 4 | |

## ITEM 2:

| | | |
|---|---|---|
| **Check one box:** | ☐ | **ACCEPT** (vote FOR) the Plan. |
| | ☐ | **REJECT** (vote AGAINST) the Plan. |

## ITEM 3:

## CERTIFICATION UNDER PENALTY OF PERJURY

By signing this Ballot, the undersigned certifies to the Bankruptcy Court, the Trustee, and the Committee under penalty of perjury of the laws of the United States of America:

    (a)    that you are either: (i) the holder of the claim(s) being voted; or (ii) you are an authorized signatory for a person or entity that is the holder of the claims being voted;

(b)     that you have received a copy of the Plan, Disclosure Statement and Ballot and acknowledge that this solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     that you have cast the same vote with respect to all claims in a single Class; and

(d)     that no other Ballots with respect to the amount of the claim(s) identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such claim(s), then any such earlier Ballots are hereby revoked.

Signed: _____;     Date_____

Print Name: _____

Title: _____

Address: _____

Phone: _____     Email: _____

**\*\*\*PLEASE SUBMIT THIS BALLOT SO IT IS ACTUALLY RECEIVED BY THE
VOTING AGENT ON OR BEFORE THE VOTING DEADLINE\*\*\***

return to:  **Trustee Services, Inc. 1844 N. Nob Hill Road, #613 Plantation, FL  33322.**

**If you have another claim against the Debtor that has been classified in a different class, a separate ballot must be submitted for each class of claims for the votes on account of such claims to be counted, and you should receive a ballot for each type of claim you are eligible to vote.  Please contact the Voting Agent regarding any incorrect or insufficient ballot(s).**

5002947-2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                              CASE NO.: 09-34791-BKC-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,          CHAPTER 11

    Debtor.

_____/

## CLASS 5 BALLOT

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED ON OR BEFORE 5:00 PM (PREVAILING EASTERN TIME) ON JULY 2, 2013 (THE "VOTING DEADLINE")**

---

**If Trustee Services Inc. (the "Voting Agent") does not timely receive your Ballot by the Voting Deadline, your Ballot will not count.  The Voting Agent will not accept Ballots by telecopy, facsimile, email or other electronic means of transmission.**

---

**Ballots must be delivered either by mail in the enclosed envelope or by hand delivery or overnight courier to the Voting Agent at the following address:**

**Trustee Services, Inc.
1844 N. Nob Hill Road, #613
Plantation, FL  33322**

---

The joint plan of liquidation (the "Plan") dated May 29, 2013 by Herbert Stettin, as the chapter 11 trustee for the above-captioned debtor, (the "Trustee") and the Official Committee of Unsecured Creditors for the above-captioned debtor (the "Committee", together with the Trustee, the "Plan Proponents") may be confirmed by the court and thereby made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class voting on the Plan. In the event the requisite acceptances in a class are not obtained, the court may nevertheless confirm the Plan if the court finds that the Plan accords fair and equitable treatment to any class rejecting it, so long as one class has voted to accept the Plan.[8]

---

[8] All capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

5002947-2

**<u>IMPORTANT INFORMATION REGARDING THE RELEASES, INJUNCTIONS, EXCULPATION AND RELATED PROVISIONS</u>**

**PLEASE BE ADVISED THAT SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, ARTICLE 10 OF THE PLAN CONTAINS CERTAIN EXCULPATION, RELEASE, INJUNCTION AND BAR PROVISIONS THAT WILL BAR OR RELEASE CLAIMS YOU MAY ASSERT AGAINST VARIOUS PARTIES THAT RELATE TO (i) THE CASES, (ii) THE PONZI SCHEME OPERATED OR ORCHESTRATED BY SCOTT W. ROTHSTEIN, (iii) SCOTT W. ROTHSTEIN AND ANY OTHER CO-CONSPIRATOR OR AIDER AND ABETTOR, (iv) THE RRA RELEASORS, (v) THE PRINCIPALS OF THE RRA RELEASORS, (vi) THE BANYON RELEASORS, OR (vii) THE PRINCIPALS OF THE BANYON RELEASORS.  YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE EXCULPATION, RELEASE AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.  CERTAIN OF THE RELEASE, INJUNCTION AND BAR PROVISIONS OF ARTICLE 10 OF THE PLAN WILL RELEASE AND/OR BAR ALL CLAIMS ANY ENTITY MAY ASSERT AGAINST TD BANK AND CERTAIN PARTIES RELATED TO TD BANK THAT ARE OR MAY BE ASSERTED IN CONNECTION WITH OR RELATE TO (i) THE CASES, (ii) THE PONZI SCHEME OPERATED OR ORCHESTRATED BY SCOTT W. ROTHSTEIN, (iii) SCOTT W. ROTHSTEIN AND ANY OTHER CO-CONSPIRATOR OR AIDER AND ABETTOR, (iv) THE RRA RELEASORS, (v) THE PRINCIPALS OF THE RRA RELEASORS, (vi) THE BANYON RELEASORS, OR (vii) THE PRINCIPALS OF THE BANYON RELEASORS.  YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION AND BAR PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.  YOU ARE ENCOURAGED TO REVIEW ARTICLE 10 OF THE PLAN IN ITS ENTIRETY TO DETERMINE IF YOUR RIGHTS ARE AFFECTED.**

Your rights are generally described in the Disclosure Statement, so it is important that you carefully review the Disclosure Statement and each exhibit thereto, including the Plan, before you complete, execute and return this Ballot. You also may wish to seek legal advice concerning the Disclosure Statement, the Plan and the Plan's classification and treatment of any claim you may hold.

If this ballot is not received by the Voting Agent on or before the Voting Deadline, and the Voting Deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.

<u>**IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, THE PLAN AND ITS EXCULPATION, RELEASE, INJUNCTION AND BAR PROVISIONS WILL BE BINDING ON YOU AND ANY CLAIM YOU HOLD WHETHER OR NOT YOU SUBMIT A BALLOT**</u>

47

## INSTRUCTIONS FOR COMPLETING THE BALLOT

The Plan Proponents are soliciting your vote with respect to the Plan. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT**.

To properly complete the Ballot, you must follow these procedures:

1. Fill out all information requested in Item 1.

2. Make a **single** selection in Item 2.

3. Completely fill out Item 3.

4. Return this **Ballot** using the enclosed self-addressed envelope.

5. Ensure your Ballot is received no later than **the Voting Deadline**.

## ITEM 1:

This ballot is for creditor (insert name)_____.

| TYPE OF CLAIM | CLASS IN PLAN | AMOUNT OF CLAIM |
|---|---|---|
| Banyon Unsecured Claim | 5 | |

## ITEM 2:

| |
|---|
| **Check one box:**        ☐   **ACCEPT** (vote FOR) the Plan. <br><br> ☐   **REJECT** (vote AGAINST) the Plan. |

## ITEM 3:

## CERTIFICATION UNDER PENALTY OF PERJURY

By signing this Ballot, the undersigned certifies to the Bankruptcy Court, the Trustee, and the Committee under penalty of perjury of the laws of the United States of America:

       (a)      that you are either: (i) the holder of the claim(s) being voted; or (ii) you are an authorized signatory for a person or entity that is the holder of the claims being voted;

(b)    that you have received a copy of the Plan, Disclosure Statement and Ballot and acknowledge that this solicitation is being made pursuant to the terms and conditions set forth therein;

(c)    that you have cast the same vote with respect to all claims in a single Class; and

(d)    that no other Ballots with respect to the amount of the claim(s) identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such claim(s), then any such earlier Ballots are hereby revoked.

Signed: _____;        Date_____

Print Name: _____

Title: _____

Address: _____

Phone: _____        Email: _____

**\*\*\*PLEASE SUBMIT THIS BALLOT SO IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE\*\*\***

return to:  **Trustee Services, Inc. 1844 N. Nob Hill Road, #613 Plantation, FL  33322.**

**If you have another claim against the Debtor that has been classified in a different class, a separate ballot must be submitted for each class of claims for the votes on account of such claims to be counted, and you should receive a ballot for each type of claim you are eligible to vote.  Please contact the Voting Agent regarding any incorrect or insufficient ballot(s).**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                          CASE NO.: 09-34791-BKC-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,      CHAPTER 11

    Debtor.

_____/

## CLASS 6 BALLOT

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED ON OR BEFORE 5:00 PM (PREVAILING EASTERN TIME) ON JULY 2, 2013 (THE "VOTING DEADLINE")**

**If Trustee Services Inc. (the "Voting Agent") does not timely receive your Ballot by the Voting Deadline, your Ballot will not count. The Voting Agent will not accept Ballots by telecopy, facsimile, email or other electronic means of transmission.**

**Ballots must be delivered either by mail in the enclosed envelope or by hand delivery or overnight courier to the Voting Agent at the following address:**

**Trustee Services, Inc.**
**1844 N. Nob Hill Road, #613**
**Plantation, FL 33322**

---

The joint plan of liquidation (the "Plan") dated May 29, 2013 by Herbert Stettin, as the chapter 11 trustee for the above-captioned debtor, (the "Trustee") and the Official Committee of Unsecured Creditors for the above-captioned debtor (the "Committee", together with the Trustee, the "Plan Proponents") may be confirmed by the court and thereby made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class voting on the Plan. In the event the requisite acceptances in a class are not obtained, the court may nevertheless confirm the Plan if the court finds that the Plan accords fair and equitable treatment to any class rejecting it, so long as one class has voted to accept the Plan.[9]

---

[9] All capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

50

**<u>IMPORTANT INFORMATION REGARDING THE RELEASES, INJUNCTIONS,
EXCULPATION AND RELATED PROVISIONS</u>**

**PLEASE BE ADVISED THAT SUBJECT TO THE OCCURRENCE OF THE
EFFECTIVE DATE, ARTICLE 10 OF THE PLAN CONTAINS CERTAIN
EXCULPATION, RELEASE, INJUNCTION AND BAR PROVISIONS THAT WILL
BAR OR RELEASE CLAIMS YOU MAY ASSERT AGAINST VARIOUS PARTIES
THAT RELATE TO (i) CASES, (ii) THE PONZI SCHEME OPERATED OR
ORCHESTRATED BY SCOTT W. ROTHSTEIN, (iii) SCOTT W. ROTHSTEIN AND
ANY OTHER CO-CONSPIRATOR OR AIDER AND ABETTOR, (iv) THE RRA
RELEASORS, (v) THE PRINCIPALS OF THE RRA RELEASORS, (vi) THE BANYON
RELEASORS, OR (vii) THE PRINCIPALS OF THE BANYON RELEASORS.  YOU ARE
ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING
THE EXCULPATION, RELEASE AND INJUNCTION PROVISIONS, AS YOUR
RIGHTS MAY BE AFFECTED.  CERTAIN OF THE RELEASE, INJUNCTION AND
BAR PROVISIONS OF ARTICLE 10 OF THE PLAN WILL RELEASE AND/OR BAR
ALL CLAIMS ANY ENTITY MAY ASSERT AGAINST TD BANK AND CERTAIN
PARTIES RELATED TO TD BANK THAT ARE OR MAY BE ASSERTED IN
CONNECTION WITH OR RELATE TO (i) THE CASES, (ii) THE PONZI SCHEME
OPERATED OR ORCHESTRATED BY SCOTT W. ROTHSTEIN, (iii) SCOTT W.
ROTHSTEIN AND ANY OTHER CO-CONSPIRATOR OR AIDER AND ABETTOR, (iv)
THE RRA RELEASORS, (v) THE PRINCIPALS OF THE RRA RELEASORS, (vi) THE
BANYON RELEASORS, OR (vii) THE PRINCIPALS OF THE BANYON
RELEASORS.  YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER
THE PLAN, INCLUDING THE RELEASE, INJUNCTION AND BAR PROVISIONS, AS
YOUR RIGHTS MAY BE AFFECTED.  YOU ARE ENCOURAGED TO REVIEW
ARTICLE 10 OF THE PLAN IN ITS ENTIRETY TO DETERMINE IF YOUR RIGHTS
ARE AFFECTED.**

Your rights are generally described in the Disclosure Statement, so it is important that you
carefully review the Disclosure Statement and each exhibit thereto, including the Plan, before
you complete, execute and return this Ballot. You also may wish to seek legal advice concerning
the Disclosure Statement, the Plan and the Plan's classification and treatment of any claim you
may hold.

If this ballot is not received by the Voting Agent on or before the Voting Deadline, and the
Voting Deadline is not extended, your vote will not count as either an acceptance or rejection of
the Plan.

---

**<u>IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, THE PLAN AND
ITS EXCULPATION, RELEASE, INJUNCTION AND BAR PROVISIONS WILL BE
BINDING ON YOU AND ANY CLAIM YOU HOLD WHETHER OR NOT YOU
SUBMIT A BALLOT</u>**

---

51

## INSTRUCTIONS FOR COMPLETING THE BALLOT

The Plan Proponents are soliciting your vote with respect to the Plan. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT**.

To properly complete the Ballot, you must follow these procedures:

1. Fill out all information requested in Item 1.

2. Make a **single** selection in Item 2.

3. Completely fill out Item 3.

4. Return this **Ballot** using the enclosed self-addressed envelope.

5. Ensure your Ballot is received no later than **the Voting Deadline**.

## ITEM 1:

This ballot is for creditor (insert name)_____.

| *TYPE OF CLAIM* | *CLASS IN PLAN* | *AMOUNT OF CLAIM* |
|---|---|---|
| Funds' Subordinated Claim | 6 | |

## ITEM 2:

| |
|---|
| **Check one box:**     □   **ACCEPT** (vote FOR) the Plan.<br><br>     □   **REJECT** (vote AGAINST) the Plan. |

## ITEM 3:

## CERTIFICATION UNDER PENALTY OF PERJURY

By signing this Ballot, the undersigned certifies to the Bankruptcy Court, the Trustee, and the Committee under penalty of perjury of the laws of the United States of America:

(a)     that you are either: (i) the holder of the claim(s) being voted; or (ii) you are an authorized signatory for a person or entity that is the holder of the claims being voted;

(b)      that you have received a copy of the Plan, Disclosure Statement and Ballot and acknowledge that this solicitation is being made pursuant to the terms and conditions set forth therein;

(c)      that you have cast the same vote with respect to all claims in a single Class; and

(d)      that no other Ballots with respect to the amount of the claim(s) identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such claim(s), then any such earlier Ballots are hereby revoked.

Signed: _____;    Date_____

Print Name: _____

Title: _____

Address: _____

Phone: _____    Email: _____

**\*\*\*PLEASE SUBMIT THIS BALLOT SO IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE\*\*\***

return to:  **Trustee Services, Inc. 1844 N. Nob Hill Road, #613 Plantation, FL  33322.**

**If you have another claim against the Debtor that has been classified in a different class, a separate ballot must be submitted for each class of claims for the votes on account of such claims to be counted, and you should receive a ballot for each type of claim you are eligible to vote.  Please contact the Voting Agent regarding any incorrect or insufficient ballot(s).**

5002947-2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                              CASE NO.: 09-34791-BKC-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,        CHAPTER 11

     Debtor.

_____/

## CLASS 7 BALLOT

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED ON OR BEFORE 5:00 PM (PREVAILING EASTERN TIME) ON JULY 2, 2013 (THE "VOTING DEADLINE")**

---

**If Trustee Services Inc. (the "Voting Agent") does not timely receive your Ballot by the Voting Deadline, your Ballot will not count.  The Voting Agent will not accept Ballots by telecopy, facsimile, email or other electronic means of transmission.**

---

**Ballots must be delivered either by mail in the enclosed envelope or by hand delivery or overnight courier to the Voting Agent at the following address:**

**Trustee Services, Inc.
1844 N. Nob Hill Road, #613
Plantation, FL  33322**

---

The joint plan of liquidation (the "Plan") dated May 29, 2013 by Herbert Stettin, as the chapter 11 trustee for the above-captioned debtor, (the "Trustee") and the Official Committee of Unsecured Creditors for the above-captioned debtor (the "Committee", together with the Trustee, the "Plan Proponents") may be confirmed by the court and thereby made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class voting on the Plan. In the event the requisite acceptances in a class are not obtained, the court may nevertheless confirm the Plan if the court finds that the Plan accords fair and equitable treatment to any class rejecting it, so long as one class has voted to accept the Plan.[10]

---

[10] All capitalized words used, but not defined herein, shall have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

5002947-2

**IMPORTANT INFORMATION REGARDING THE RELEASES, INJUNCTIONS, EXCULPATION AND RELATED PROVISIONS**

**PLEASE BE ADVISED THAT SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, ARTICLE 10 OF THE PLAN CONTAINS CERTAIN EXCULPATION, RELEASE, INJUNCTION AND BAR PROVISIONS THAT WILL BAR OR RELEASE CLAIMS YOU MAY ASSERT AGAINST VARIOUS PARTIES THAT RELATE TO (i) THE CASES, (ii) THE PONZI SCHEME OPERATED OR ORCHESTRATED BY SCOTT W. ROTHSTEIN, (iii) SCOTT W. ROTHSTEIN AND ANY OTHER CO-CONSPIRATOR OR AIDER AND ABETTOR, (iv) THE RRA RELEASORS, (v) THE PRINCIPALS OF THE RRA RELEASORS, (vi) THE BANYON RELEASORS, OR (vii) THE PRINCIPALS OF THE BANYON RELEASORS. YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE EXCULPATION, RELEASE AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED. CERTAIN OF THE RELEASE, INJUNCTION AND BAR PROVISIONS OF ARTICLE 10 OF THE PLAN WILL RELEASE AND/OR BAR ALL CLAIMS ANY ENTITY MAY ASSERT AGAINST TD BANK AND CERTAIN PARTIES RELATED TO TD BANK THAT ARE OR MAY BE ASSERTED IN CONNECTION WITH OR RELATE TO (i) THE CASES, (ii) THE PONZI SCHEME OPERATED OR ORCHESTRATED BY SCOTT W. ROTHSTEIN, (iii) SCOTT W. ROTHSTEIN AND ANY OTHER CO-CONSPIRATOR OR AIDER AND ABETTOR, (iv) THE RRA RELEASORS, (v) THE PRINCIPALS OF THE RRA RELEASORS, (vi) THE BANYON RELEASORS, OR (vii) THE PRINCIPALS OF THE BANYON RELEASORS. YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION AND BAR PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED. YOU ARE ENCOURAGED TO REVIEW ARTICLE 10 OF THE PLAN IN ITS ENTIRETY TO DETERMINE IF YOUR RIGHTS ARE AFFECTED.**

Your rights are generally described in the Disclosure Statement, so it is important that you carefully review the Disclosure Statement and each exhibit thereto, including the Plan, before you complete, execute and return this Ballot. You also may wish to seek legal advice concerning the Disclosure Statement, the Plan and the Plan's classification and treatment of any claim you may hold.

If this ballot is not received by the Voting Agent on or before the Voting Deadline, and the Voting Deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.

**IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, THE PLAN AND ITS EXCULPATION, RELEASE, INJUNCTION AND BAR PROVISIONS WILL BE BINDING ON YOU AND ANY CLAIM YOU HOLD WHETHER OR NOT YOU SUBMIT A BALLOT**

## INSTRUCTIONS FOR COMPLETING THE BALLOT

The Plan Proponents are soliciting your vote with respect to the Plan. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT**.

To properly complete the Ballot, you must follow these procedures:

1. Fill out all information requested in Item 1.

2. Make a **single** selection in Item 2.

3. Completely fill out Item 3.

4. Complete the Verified Collateral Source Recovery Disclosure, which was enclosed with this Ballot.

5. Return the **Verified Collateral Source Recovery Disclosure** and this **Ballot** using the enclosed self-addressed envelope.

6. Ensure your Ballot and the **Verified Collateral Source Recovery Disclosure** are received no later than **the Voting Deadline.**

## ITEM 1:

This ballot is for creditor (insert name)_____.    If your Verified Collateral Source Recovery Disclosure indicates that you <u>do not</u> have or anticipate receiving a Collateral Source Recovery, please select the box for Single Source Recovery Unsecured Claim and provide the amount of your claim.  If your Verified Collateral Source Recovery Disclosure indicates that you have or anticipate receiving a Collateral Source Recovery, please select the box for Multiple Source Recovery Unsecured Claim and provide the amount of your claim.

| *TYPE OF CLAIM* | *CLASS IN PLAN* | *AMOUNT OF CLAIM* |
|---|---|---|
| Miscellaneous Subordinated Claims | 7 | |

## ITEM 2:

| | | |
|---|---|---|
| **Check one box:** | ☐ | **ACCEPT** (vote FOR) the Plan. |
| | ☐ | **REJECT** (vote AGAINST) the Plan. |

5002947-2

## ITEM 3:

## CERTIFICATION UNDER PENALTY OF PERJURY

By signing this Ballot, the undersigned certifies to the Bankruptcy Court, the Trustee, and the Committee, under penalty of perjury of the laws of the United States of America:

(a)     that you are either: (i) the holder of the claim(s) being voted; or (ii) you are an authorized signatory for a person or entity that is the holder of the claims being voted;

(b)     that you have received a copy of the Plan, Disclosure Statement, Ballot and Verified Collateral Source Recovery Disclosure and acknowledge that this solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     that you have cast the same vote with respect to all claims in a single Class;

(d)     that no other Ballots with respect to the amount of the claim(s) identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such claim(s), then any such earlier Ballots are hereby revoked;

(e)     that by voting the claim in **Class 7**, you certify that (A) you or the holder of the claim(s) has or will submit a properly completed Verified Collateral Source Recovery Disclosure to the Voting Agent so that it is actually received no later than 5:00 p.m. (Prevailing Eastern Time) on **July 2, 2013,** or (B) that you or the holder of the claim(s) understands that: (i) failing or refusing to timely deliver to the Voting Agent a properly completed Verified Collateral Source Recovery Disclosure, or (ii) if it is determined, after notice and a hearing, that you or the holder of the claim(s) knowingly provided false information in a Verified Collateral Source Recovery Disclosure: (A) the person or entity may be deemed to irrevocably waive its right to receive, and may be forever barred from receiving, a distribution from the Liquidating Trust on account of your or the holders' Class 2 or Class 3 claim, (B) the claim(s) may be deemed disallowed without further order of the Bankruptcy Court, and (c) the Ballot may not be counted for purposes of determining the acceptance or rejection of the Plan.

Signed: _____;     Date_____

Print Name: _____

Title: _____

Address: _____

Phone: _____     Email: _____

**\*\*\*PLEASE SUBMIT THIS BALLOT SO IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE\*\*\***

return to:  **Trustee Services, Inc. 1844 N. Nob Hill Road, #613 Plantation, FL  33322.**

**If you have another claim against the Debtor that has been classified in a different class, a separate ballot must be submitted for each class of claims for the votes on account of such claims to be counted, and you should receive a ballot for each type of claim you are eligible to vote.  Please contact the Voting Agent regarding any incorrect or insufficient ballot(s).**

5002947-2

**EXHIBIT 4- VERIFICATION COLLATERAL SOURCE RECOVERY DISCLOSURE**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

ROTHSTEIN ROSENFELDT ADLER, P.A.          Case No. 09-34791-BKC-RBR
                                          Chapter 11

      Debtor.

_____/

**VERIFIED COLLATERAL SOURCE RECOVERY DISCLOSURE**

Herbert Stettin, as chapter 11 trustee for the above-captioned debtor (the "Trustee") and the Official Committee of Unsecured Creditors for the above-captioned debtor, filed a plan of liquidation (the "Plan")[11] in the above-captioned case.

    YOU ARE RECEIVING THIS FORM BECAUSE THE TRUSTEE BELIEVES YOU MAY
HOLD A CLAIM IN CLASS 2, CLASS 3, OR CLASS 7.

---

**IF YOU FAIL OR REFUSE TO DELIVER THIS VERIFIED COLLATERAL SOURCE RECOVERY DISCLOSURE TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT NOT LATER THAN JULY 2, 2013 (THE "VOTING DEADLINE"), OR IF, AFTER NOTICE AND A HEARING, IT IS DETERMINED THAT YOU PROVIDED MATERIALLY FALSE INFORMATION IN THIS VERIFIED COLLATERAL SOURCE RECOVERY DISCLOSURE, THEN:**
    **1.    YOUR RIGHT TO RECEIVE ANY DISTRIBUTION UNDER THE PLAN MAY BE IRREVOCABLY WAIVED;**
    **2.    YOUR CLAIM MAY BE DISALLOWED; AND**
    **3.    YOUR BALLOT IN REGARD TO THE PLAN MAY NOT BE COUNTED.**

---

[11]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

60

## **DEFINITIONS:**

A.      "You" and "Your" refers to the Entity or Person filling out this Verified Collateral Source Recovery Disclosure and all agents, attorneys, third parties or other person or legal entity acting, or purporting to act on your behalf, in concert with you or under your control.

B.      "Collateral Source Recoveries" for the purpose of this Verified Collateral Source Recovery Disclosure means the gross amount (before deducting any fees, costs or other expenses incurred or paid in connection with your pursuit of any Collateral Source Recovery) of Cash and non-Cash assets received by you, available to you, received for your benefit, applied to your indebtedness, (whether made or to be made directly or indirectly to such holder or any agent, attorney, or other third party associated with the holder), from all parties and sources, including, without limitation, TD Bank, Gibraltar Private Bank & Trust Company, Berenfeld Spritzer Shechter & Sheer, LLP or in the Forfeiture Action, on account of or in any way related to any loss that you have that is directly or indirectly related to: (i) the Ponzi scheme orchestrated or operated by Scott W. Rothstein; (ii) Scott W. Rothstein and/or his co-conspirators, (iii) Rothstein Rosenfeldt Adler, P.A, and (iv) Banyon 1030-32, LLC and Banyon Income Fund, L.P.; provided however, that for the avoidance of any doubt, Collateral Source Recoveries do not include any tax benefit from a theft loss deduction taken in accordance with the Internal Revenue Code, or other tax benefits received by a holder of a Claim, in either case as a result of losses in connection with the Ponzi scheme orchestrated or operated by Rothstein.

Disclosure:

1.  Creditor's Contact Information

    a.  Your full legal name:

    _____

    b.  Your complete street address:

    _____

    c.  Your complete mailing address:

    _____

2.  Have You:

    a.  Filed or otherwise made a claim for restitution or return of forfeited assets with the Federal Bureau of Investigations ("FBI"), the United States Attorney's Office, or any other federal agency in connection with the case of *United States v. Scott W. Rothstein*, 09-60331-JIC (S.D. Fla. 2009).

☐ YES.   ☐ NO.

    b.  Sought compensation, recovery, redress, damages, or any other form of relief against any party other than the bankruptcy estate of Rothstein Rosenfeldt Adler, P.A. as a result of the alleged actions, inactions or omissions of any or all of: (i) Scott W. Rothstein and/or his co-conspirators, (ii) Rothstein Rosenfeldt Adler, P.A, (iii) Banyon 1030-32, LLC and Banyon Income Fund, L.P., and (iv) TD Bank, N.A. as related to any of (a) Scott W. Rothstein and/or his co-conspirators, (b) Rothstein Rosenfeldt Adler, P.A., and (c) Banyon 1030-32, LLC and Banyon Income Fund, L.P.

☐ YES.   ☐ NO.

If You answered "YES" to question 2(a) or 2(b) then proceed to question 3.

If You answered "NO" to <u>both</u> question 2(a) and 2(b) then proceed to sign the attestation at the end of this document.

3.  The name and address of each party other than the above-captioned debtor against whom You have made a demand that has given rise to a Collateral Source Recovery:

    _____
    _____

4.  As of the date this form is completed, provide the gross recoveries You have received (before deducting any cost or expense, including attorneys' fees and costs paid or incurred by the holder):

    Amount: _____

5.  The Collateral Source Recoveries that the undersigned has received, as disclosed in response to question number 4 above, were premised on the following legal claims or theories:

    _____
    _____

6.  The name and address of each party other than the above-captioned debtor against whom You have made a demand that may give rise to a Collateral Source Recovery:

    _____
    _____

7.  Do you anticipate receiving Collateral Source Recoveries from any of the sources disclosed in question number 6?

☐ YES.   ☐ NO.

5002947-2

8. If you answered "Yes" to question number 7, from which source(s) do you anticipate receiving Collateral Source Recoveries:

_____

_____

BY EXECUTING THIS DISCLOSURE, I UNDERSTAND THAT I AM REQUIRED TO REMIT TO THE LIQUIDATING TRUST:  (I) DISTRIBUTIONS I RECEIVE IN EXCESS OF THE AMOUNT I WAS ENTITLED TO RECEIVE ON ACCOUNT OF MY CLAIM IF ALLOWED; (II) DISTRIBUTIONS I RECEIVED ON ACCOUNT OF MY CLAIM THAT IS DISALLOWED SUBSEQUENT TO A DISTRIBUTION BEING MADE; AND (III) AN AMOUNT OF CASH EQUAL TO THE VALUE OF ALL COLLATERAL SOURCE RECOVERIES I RECEIVE ON ACCOUNT OF MY CLAIM THAT WERE NOT DISCLOSED AS HAVING BEEN RECEIVED AS OF THE DATE OF THIS DISCLOSURE (WHETHER EXISTING AT THE TIME OF THIS DISCLOSURE OR ARISING IN THE FUTURE); PROVIDED, HOWEVER THAT IN NO EVENT SHALL I BE REQUIRED TO REMIT CASH TO THE LIQUIDATING TRUST IN AN AMOUNT THAT IS GREATER THAN THE AMOUNT OF MY DISTRIBUTIONS ON SUCH CLAIM.

I DECLARE UNDER PENALTY OF PERJURY OF THE LAWS OF THE UNITED STATES OF AMERICA THAT THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT.

Name of Creditor: _____

By:_____
     [Print Name]

Title:_____

Signature:_____

Sign and Return To:

**Trustee Services, Inc.**
**1844 N. Nob Hill Road, #613**
**Plantation, FL  33322**

5002947-2

**EXHIBIT 5- NOTICE TO PARTIES IN INTEREST**

5002947-2

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov**

**In re:**

**ROTHSTEIN ROSENFELDT ADLER, P.A.,**          **Case No. 09-34791-RBR-BKC**

      **Debtor.**          **Chapter 11**

_____

**NOTICE TO PARTIES IN INTEREST OF
THE PLAN OF LIQUIDATION**

    **PLEASE TAKE NOTICE** that on May 30, 2013, the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division (the "Bankruptcy Court") entered an order approving the Disclosure Statement [ECF No. 4516] (as amended from time to time and including all exhibits and supplements, the "Disclosure Statement") for the *Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed Jointly by the Trustee and the Official Committee of Unsecured Creditors (As Modified)* [ECF No. 4517] (as amended from time to time and including all exhibits and supplements, the "Plan") for use by the Plan Proponents[12] in the above-captioned case in soliciting acceptances or rejections of the Plan from holders of Impaired Claims and Interests who are (or may be) entitled to receive distributions under the Plan.

    YOU ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN AND YOU ARE NOT ENTITLED TO RECEIVE A DISTRIBUTION UNDER THE PLAN. YOU ARE RECEIVING THIS NOTICE AND THE ENCLOSED MATERIALS BECAUSE THE PLAN CONTAINS AN INJUNCTION AGAINST THE ASSERTION OR PROSECUTION OF CLAIMS AGAINST TD BANK, N.A. AND RELATED PARTIES, AS MORE FULLY SET FORTH IN SECTION 10.8 OF THE PLAN, NOT OTHERWISE ENJOINED UNDER THE BANKRUPTCY CODE AND IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT YOU WILL BE SUBJECT TO THAT INJUNCTION. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND HOW IT WILL AFFECT YOUR RIGHTS.

_____

[12]  All capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the Plan or Disclosure Statement, as applicable.

5002947-2

The enclosed materials, in addition to this notice, are comprised of:

a.   The Confirmation Hearing Notice;

b.   The Solicitation Procedures Order; and

c.   A CD-ROM, containing an electronic copy of the Disclosure Statement and Plan,
     including all exhibits to those documents.

If you would like to request a paper copy of the Disclosure Statement or Plan, you should
contact the Voting Agent by writing to Trustee Services, Inc., 1844 N. Nob Hill Road, #613,
Plantation, Florida 33322, or by calling (954) 889-8405.

Dated: June 4, 2013                      By: _____
                                         Paul Steven Singerman
                                         Florida Bar No. 378860
                                         singerman@bergersingerman.com
                                         Jordi Guso
                                         Florida Bar No. 0863580
                                         jguso@bergersingerman.com
                                         Christopher A. Jarvinen
                                         Florida Bar No. 0021745
                                         cjarvinen@bergersingerman.com
                                         Isaac M. Marcushamer
                                         Florida Bar No. 60373
                                         imarcushamer@bergersingerman.com
                                         BERGER SINGERMAN LLP
                                         1450 Brickell Avenue, Suite 1900
                                         Miami, FL 33131
                                         Telephone: 305-755-9500
                                         Facsimile: 305-714-4340

                                         *Counsel for Herbert Stettin, Chapter 11 Trustee*

Dated: June 4, 2013                      By: _____
                                         Michael I. Goldberg
                                          Florida Bar No. 886602
                                          michael.goldberg@akerman.com
                                         AKERMAN SENTERFITT
                                         350 E. Las Olas Blvd., Suite 1600
                                         Ft. Lauderdale, FL 33301
                                         Telephone: 954-463-2700
                                         Facsimile: 954-463-2224

                                         *Counsel for the Official Committee of Unsecured
                                         Creditors*

5002947-2