UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

ROTHSTEIN ROSENFELDT ADLER, P.A.     CASE NO. 09-34791-BKC-RBR
     Chapter 11 Proceeding

     Debtor.

_____/

### SEA CLUB OCEAN RESORT HOTEL, INC. AND OVADIA LEVY'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENAS FOR RULE 2004 EXAMINATION DUCES TECUM

Movants, SEA CLUB OCEAN RESORT HOTEL INC. ("Sea Club") and OVADIA LEVY ("Ovi Levy"), hereinafter collectively "Movants", by and through their undersigned counsel, hereby file their Motion for Protective Order and to Quash Subpoenas for Rule 2004 Examination Duces Tecum pursuant to Rule 2004-1 (C) of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida and Rule 9016 of the Federal Rules of Bankruptcy Procedure, and in support thereof state as follows:

1. On June 13, 2013, counsel for Herbert Stettin, as Chapter 11 Trustee (the "Trustee") for Rothstein Rosenfeldt Adler, P.A. ("Debtor"), issued Subpoenas for Rule 2004 Examination Duces Tecum to Sea Club and Ovi Levy (the "Subpoenas"). The Subpoena issued to Sea Club is attached as Exhibit "A". The Subpoena issued to Ovi Levy is attached as Exhibit "B".

2. The Subpoenas purport to schedule the Rule 2004 Examinations on June 28, 2013 and set forth an extensive list of documents to be produced regarding Sea Club. The Trustee did not coordinate these dates with Sea Club, Ovi Levy or their counsel. The Trustee was and is fully aware that Sea Club and Ovi Levy were represented by undersigned counsel. Notably,

undersigned counsel, Ovi Levy and Shimon Levy, the principal of Sea Club, are not available on the June 28, 2013 date unilaterally selected by the Trustee. Undersigned counsel, Michael W. Moskowitz, Esq., will be out of town in North Carolina on June 28, 2013.

3.      The Subpoena was served by the Trustee on Sea Club on June 17, 2013, 11 days before the Rule 2004 Examination. The Subpoena was served on Ovi Levy on Saturday June 15, 2013. Both Subpoenas were served less than 14 days before June 28, 2013, the date unilaterally selected by the Trustee for the Rule 2004 Examinations. Local Rule 2004-1(B) requires that at least 14 days' notice be provided. The Trustee failed to comply with Local Rule 2004-1(B).

4.      Moreover, the only matter of any urgency or pending immediate deadline that could possibly necessitate the short time frame in which the Trustee seeks to conduct the 2004 Examinations of Sea Club and Ovi Levy is the July 11, 2013 Confirmation Hearing. In connection with same, the Court entered the Order Establishing Discovery and Hearing Procedures in Connection with Objections to Confirmation (the "Discovery Protocol Order") [DE 4533], which set forth a number of deadlines and procedures for discovery regarding the objections to confirmation.

5.      The Discovery Protocol Order required the participating parties to serve their witness lists by June 7, 2013. The parties were required to submit a notice listing proposed dates and times for witness depositions, and a cutoff date of July 3, 2013 was set for the depositions.

6.      Notably, Sea Club and Ovi Levy are not listed as witnesses on the Trustee's witness list (attached as Exhibit "C") [DE 4555]  or on the Notice of Filing Proposed Dates and Times for Depositions of Confirmation Witnesses (attached as Exhibit "D") [DE 4566]. Thus, it is clear that the 2004 Examinations of Sea Club and Ovi Levy have nothing to do with the issues relating to Confirmation.

7.      The group commonly referred to herein as the "Levy Parties", which included Sea Club, Ovi Levy and Sea Club's principal, Shimon Levy, entered into a Settlement Agreement with the Trustee on October 31, 2012 [DE 3631, Ex. "A"] (the "Settlement Agreement").  The Trustee then filed a Motion to Approve that Settlement Agreement [DE 3631], which was approved by this Court by Order entered on January 23, 2013 [DE 3746].  The Settlement Agreement and Order approving same fully settled all issues between the Trustee and the Levy Parties regarding Sea Club.

8.      As the Trustee is further aware, Shimon Levy is in extremely poor health.  His deposition was in fact taken on  June 25, 2013 in connection with the Confirmation proceedings.

9.      There is absolutely nothing pending between the Levy Parties and the Trustee regarding the Sea Club.  As this deposition has nothing to do with the Confirmation hearing, and Shimon Levy was deposed for three hours yesterday regarding any potential Confirmation issues by counsel for both the Trustee and TD Bank, the Subpoenas are nothing more than pure harassment of the Levy Parties because they have objected to the proposed Plan of Liquidation and the proposed TD Bank Bar Order.

10.     Even to the extent that the Trustee can show some reason for the taking of this deposition (which we maintain there is none), as it has nothing to do with Confirmation, there is no urgency to these depositions and it can be rescheduled at a time and date mutually convenient for all upon a showing of some relevance or necessity for these depositions.[1]

---

[1] It is unclear why Ovi Levy was issued any Subpoena as to the Sea Club.  As the Trustee is well aware from disclosures during the Settlement Agreement negotiations, the Sea Club was owned by Shimon Levy and his wife, Rachel Levy, along with the USA by virtue of Rothstein's forfeited interest.  It is now owned 100% by Shimon and Rachel Levy.

## ARGUMENT

11.     Rule 2004-1 (C) of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida provides that:

> An interested party may file, prior to the date of the proposed examination, a motion for protective order stating the reasons for prohibiting, limiting or rescheduling the examination, and the examination shall be stayed until the court rules on the motion.

12.     Rule 2004(b) of the Federal Rules of Bankruptcy Procedure provides that:

> The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

13.     "The primary purpose of a Rule 2004 examination is to permit the trustee to ascertain the extent and location of the estate's assets." *In re Hammond*, 140 B.R. 197 (Bankr. S.D. Ohio 1992). In any proceeding to establish the right to conduct Rule 2004 discovery, the party seeking to conduct the examination has the burden of establishing that "good cause" exists for obtaining the discovery. *Id.* at 201. The court must "balance the examiner's interests against the [examinee's] interests in avoiding the cost and burden of disclosure." *Id. See also In re Eagle-Picher Indus.*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994) ("the cases dealing with F.R.B.P. 2004 uniformly hold that the language of F.R.B.P. 2004 contemplates a broad scope of inquiry, but that such scope is not without its limits") (citations omitted).

14.     To establish "good cause," the movant must show "some reasonable basis" for the examination and that the examination "is necessary to establish the movant's claim..." *In re Wilcher,* 56 B.R. 428, 434-35 (Bankr. N.D. Ill. 1985); *see also In re Drexel Burnham Lambert Group, Inc.,* 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991) (holding that "Rule 2004 requires that

4

[the court] balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination"). A Rule 2004 examination cannot be used in a way that is more disruptive and costly to the party from whom discovery is requested than it is beneficial to the debtors' estates. *See In re Texaco, Inc.* 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987). The court must balance the Trustee's purported need for the information sought against the inconvenience and intrusion to Sea Club and Ovi Levy. *In re Wilcher,* 56 B.R. at 434.

15.     When the examination is of a *third party* rather than the debtor as in this case, the scope of the Rule 2004 examination must be further narrowed. The types of third parties that may be examined pursuant to Rule 2004 are "only those persons possessing knowledge of the *debtor's* acts, conduct or financial affairs so far as this *relates to a debtor's proceeding in bankruptcy.*" *In re Dinubilo,* 177 B.R. 932, 940 (E.D. Cal. 1993) (emphasis added). Notably, any examination is only allowed to the extent it relates to the bankruptcy proceedings. *In re Wilcher,* 56 B.R. at 433 ("The examination of a witness having no relationship to the debtor's affairs or no effect on the administration of his estate is improper."). "It is clear that Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs." *In re Wilcher,* 56 B.R. at 434.

16.     The Trustee has the burden of demonstrating good cause. The Trustee must show a "reasonable basis" for the examination and that the examination "is necessary to establish" the Trustee's claim. *In re Wilcher,* 56 B.R. at 434-35. The examination can only relate to the debtor's financial affairs and acts and can only inquire as to Sea Club and Ovi Levy's knowledge of the debtors' acts, conduct or financial affairs. The Trustee simply cannot meet this burden. Sea Club and Ovi Levy have no knowledge or information relevant to Confirmation. They are not witnesses in the Confirmation proceedings. All issues involving Sea Club, which are the

5

only apparent subject of the Subpoenas, were resolved by the Settlement Agreement.  The Settlement Agreement and Order approving same fully settled all issues between the Trustee and the Levy Parties regarding Sea Club.  Once a debtor or trustee has settled its claim with a third party or its claim has otherwise been resolved, a protective order should be issued prohibiting a Rule 2004 Examination.  *See In re Barnes*, 365 B.R. 1 (Bankr. D. D.C 2007) (issuing protective order because Rule 2004 examination was improper after claim had been settled and where claim was contested and subject to adversary proceeding); *In re Silverman*, 36 B.R. 254, 259 (Bankr. S.D.N.Y. 1984) (issuing protective order against examination where claim had been resolved).

17.     Rule 2004 is also not a substitute for discovery in contested litigation, and a litigant is not permitted to use Rule 2004 to avoid the limitations applicable to discovery in litigation. *See In re Blinder, Robinson & Co. Inc.*, 127 B.R. 267, 274 (D. Colo. 1991); *In re Interpictures*, 86 B.R. 24, 29 (Bankr. E.D.N.Y 1988) (because the discovery sought was for the purpose of discovery in a pending or proposed proceeding, it had to be pursued through proper discovery rather than Rule 2004); *In re GHR Energy. Corp*. 35 B.R. 534, 538 (Bankr. D. Mass. 1983) ("[I]t cannot be said that a creditor necessarily loses the protections afforded by the Federal Rules of Civil Procedure especially in the context of an action arising under non-bankruptcy law.").  There is no question that the Trustee and Movants were in an adversarial position and that the claims were contested.  Thereafter, the parties entered into a Settlement Agreement that has been approved by this Court.  The Trustee is required to file an independent action to the extent he wishes to conduct discovery relating to issues resolved by the Settlement Agreement.

18.     Courts have repeatedly held that a Rule 2004 examination may not be used "for purposes of abuse or harassment." *See In re Mittco, Inc.,* 44 B.R. 35, 36 (Bankr. E.D. Wis.

1984); *In re M4 Enter., Inc.,* 190 B.R. 471, 475 (Bankr. N.D. Ga. 1995); *In re Duratech Indus., Inc.,* 241 B.R. 283, 289 (E.D.N.Y. 1999). Here, the Trustee has issued the Subpoenas for the purpose of harassment. The Trustee knows that he has a Settlement Agreement with the Levy Parties and that Shimon Levy is ill. The Trustee has issued these Subpoenas because the Levy Parties objected to the proposed Plan and Bar Order which purport to extinguish the Levy Parties' claims against TD Bank that are pending in litigation in State Court. The Trustee cannot state any legitimate purpose for conducting these 2004 Examinations, particularly on the short and insufficient notice given.

19. Additionally, the document requests are overly broad and not remotely limited to issues regarding the debtor's financial affairs. Moreover, during the lengthy negotiations that led to the Settlement Agreement (Settlement Agreement, 6th Whereas Clause at p. 2), the Levy Parties have already provided voluminous documents to the Trustee. The Levy Parties provided the Trustee with boxes and boxes of documents during the negotiation period. It is simply harassment and overly burdensome to require Movants to re-produce that which has already been provided to the Trustee.

20. The Subpoenas do not seek information regarding Confirmation; do not seek information regarding the debtor's financial affairs; seek documents regarding claims that have been settled under the Settlement Agreement; seek documents regarding contested claims; and were issued solely for the purpose of harassment. Moreover, the Trustee did not seek to coordinate the date chosen and undersigned counsel, Sea Club and Ovi Levy are not available on June 28, 2013. Additionally, Shimon Levy's deposition has already been taken in connection with Confirmation, and in light of his ill health, the Trustee cannot demonstrate any need for the Sea Club deposition. Ovi Levy has no ownership interest in the Sea Club either. For these

reasons, the Court should issue a protective order prohibiting the Trustee from taking the 2004 Examinations of Sea Club and Ovi Levy and quashing the Subpoenas.

21.     Undersigned counsel has communicated with the Trustee's counsel in a good faith effort to resolve this dispute without court action, but has been unable to do so.

WHEREFORE, Movants, SEA CLUB OCEAN RESORT HOTEL INC. and OVADIA LEVY, respectfully request that this Court enter a protective order precluding their Rule 2004 Examinations depositions herein, and quashing the Subpoenas, together with awarding the Movants such other and further relief as this Court deems just, equitable and proper.

Dated:  June 26, 2013                                 Respectfully submitted,

MOSKOWITZ, MANDELL, SALIM &
SIMOWITZ, P.A.
Attorneys for Movants
800 Corporate Drive, Suite 500
Fort Lauderdale, Florida 33334
Telephone:     (954) 491-2000
Facsimile:     (954) 491-2051


By:/s/ William G. Salim, Jr.
        WILLIAM G. SALIM, JR.
        Florida Bar No. 750379
        MICHAEL W. MOSKOWITZ
        Florida Bar No. 254606

8

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished via electronic mail transmission on this 26th day of June, 2013 to:  John H. Genovese, Esq. and Jesus M. Suarez, Esq., Genovese Joblove & Battista, P.A. 100 S.E. 2nd Street, 44th Floor, Miami, Florida 33131 and Michael I. Goldberg, Esq., Akerman Senterfitt, 350 E. Las Olas Boulevard, Suite 1600, Fort Lauderdale, Florida 33301.  I FURTHER CERTIFY that a true and correct copy of the foregoing was furnished via this Court's CM/ECF electronic filing system to all electronic filing participants with respect to this proceeding.

/s/William G. Salim, Jr.
William G. Salim, Jr.

9