# EXHIBIT "B"

**ROTHSTEIN ROSENFELDT ADLER, P.A.** | **Chapter 11**

Debtor.

_____/

**SUBPOENA FOR RULE 2004 EXAMINATION DUCES TECUM**

*(handwritten: OVI.)*

*(handwritten: 6-15-13 10:15am Rep #727)*

To:  **Ovadia Levy**
     **10260 Key Plum Street**
     **Plantation, FL 33324-8266**

[ ]  YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ X ]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| GENOVESE JOBLOVE & BATTISTA, P.A.<br>200 E. Broward Blvd., Suite 1110<br>Ft. Lauderdale, FL 33301 | June 28, 2013 at 2:00 p.m. |

[ X ]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHED EXHIBIT "A"**

| PLACE | DATE AND TIME |
|---|---|
| | |

**LEGAL PROCESS SERVICE AND INVESTIGATIONS LLC**
8770 SUNSET DRIVE #402
MIAMI FL 33173

1486

63-4/630 FL
24192

PAY TO THE ORDER OF _Ovadia Levy_      DATE _6-13-13_

_Sixty Seven Dollars AND_ ———————— _00/100_      $ _6700_

DOLLARS

**Bank of America**

ACH R/T 063100277

⑈0014861⑈  ⑆063000047⑆  8980525468181⑈

*(handwritten: TRUSTY FILE)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

ROTHSTEIN ROSENFELDT ADLER, P.A.,

CASE NO. 09-34791-BKC-RBR
Chapter 11

Debtor.
_____/

SUBPOENA FOR RULE 2004
EXAMINATION DUCES TECUM

*(See /bb 6-15-13 10:15 am Rep #727)*

To:   Ovadia Levy
      10260 Key Plum Street
      Plantation, FL 33324-8266

[  ]   YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[ X ]   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| GENOVESE JOBLOVE & BATTISTA, P.A.<br>200 E. Broward Blvd., Suite 1110<br>Ft. Lauderdale, FL 33301 | June 28, 2013 at 2:00 p.m. |

[ X ]   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**SEE ATTACHED EXHIBIT "A"**

| PLACE | DATE AND TIME |
|---|---|
|  |  |

**LEGAL PROCESS SERVICE AND INVESTIGATIONS LLC**                                        1486

8770 SUNSET DRIVE #402
MIAMI FL 33173

63-4/630 FL
24192

DATE 6-13-13

PAY TO THE ORDER OF   Ovadia Levy                                              $ 67.00

Sixty Seven Dollars and ———————————— /100   DOLLARS

**Bank of America**

ACH R/T 063100277

FOR _____

⑆001486⑆ ⑈063000047⑈ 8980525468 18⑆

| ADDRESS | DATE |
|---|---|
| Genovese Joblove & Battista, P.A. <br> 100 S.E. Second Street, 44th Floor <br> Miami, Florida 33131 | June 13, 2013 |

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

SIGNATURE OF SERVER _____

ADDRESS OF SERVER _____

_____

_____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c) (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

2

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney=s fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises - or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

3

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS:

The following definitions shall apply to this Request:

A.     "You" or "your" means the recipient of this Rule 2004 Subpoena, and includes any and all agents, employees, servants, officers, directors, attorneys and any other person or entity acting or purporting to act on your behalf.

B.     "Person" means any natural person or any entity, including without limitation any individual, firm, corporation, company, joint venture, trust, tenancy, association, partnership, business, agency, department, bureau, board, commission, or any other form of public, private or legal entity.  Any reference herein to any public or private company, partnership, association, or other entity include such entity's subsidiaries and affiliates, as well as the present and former directors, officers, employees, attorneys, agents and anyone acting on behalf of, at the direction of, or under the control of the entity, its subsidiaries or its affiliates.

C.     "Documents" shall mean the original or copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photo stated, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "documents" shall include correspondence, e-mails, text messages sent by telephone, letters, telegrams, telexes, mailgrams, memoranda, including inter-office and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, including meetings, invoices, reports, receipts and statements of account, ledgers, notes or

notations, notes or memorandum attached to or to be read with any document, booklets, books, drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained. Copies of documents, which are not identical duplications of the originals or which contain additions to or deletions from the originals or copies of the originals if the originals are not available, shall be considered to be separate documents.

"Documents" shall also include all electronic data storage documents, including, but not limited to e-mails and any related attachments, electronic files or other data compilations which relate to the categories of documents as requested below. Your search for these electronically stored documents shall include all of Your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, proprietary software and inactive or unused computer disc storage areas.

D.      "Communications" shall mean any oral or written statement, dialogue, colloquy, discussion or conversation and, also, means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

E.      "Related to" shall mean, directly or indirectly, refer to, reflect, mention, describe, pertain to, arise out of or in connection with or in any way legally, logically, or factually be connected with the matter discussed.

F.      As used herein, the conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions,

and shall _not_ be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any Request.

G.      Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall _not_ be interpreted so as to exclude any information or documents otherwise within the scope of the Request.

## INSTRUCTIONS

1.      Produce all documents in your possession, custody or control including, without limitation, all documents that are maintained in your personal files or in the files (whether personal, business or any other files), possession, custody or control of your attorneys, beneficiaries, advisors, accountants, consultants, employers, agents, including brokers, employees or representatives, or any other person or entity from whom you have the right to secured or compel the production of the requested documents. If, for any reason, you are unable to produce in full any document or the document is otherwise damaged, produce a full and complete document to the fullest extent possible and then state the date and circumstances of its redaction, destruction, the person who destroyed the documents, and the person who ordered or caused its redaction or destruction.

2.      Where a claim of privilege is asserted as a basis for not producing any document requested, for each such document state the following:

      a.      The basis for the privilege (attorney-client, work-product doctrine, or other);

      b.      the type of document (letter, memo, etc.);

      c.      the date of the document;

      d.      the author of the document and all recipients;

      e.      the relationship between or among the parties privy to the communication;

      f.      if applicable, the bates stamp number;

      g.      if applicable, the nature of the legal advice sought or rendered;

h.    the current location of the document; and

i.    if applicable, the litigation for which the document was prepared.

j.    the names of all people who received or saw the document, directly or indirectly.

3.    Please produce all documents responsive to these requests in a form and manner authorized by and consistent with your obligations under the Federal Rules of Bankruptcy Proceeding.

## EXHIBIT A
## DOCUMENTS TO BE PRODUCED

1.  All documents and communications evidencing your interest in Sea Club Ocean Resort Hotel, Inc.

2.  All documents and communications evidencing the value of your interest in Sea Club Ocean Resort Hotel, Inc.

3.  All documents and communications reflecting your interest in the hotel doing business as Sea Club Resort at 619 N Fort Lauderdale Beach Blvd, Fort Lauderdale, FL 33304.

4.  All documents and communications reflecting the value of your interest in the hotel doing business as Sea Club Resort at 619 N Fort Lauderdale Beach Blvd, Fort Lauderdale, FL 33304.

5.  All documents and communications reflecting your acquisition of any interest in the hotel doing business as Sea Club Resort at 619 N Fort Lauderdale Beach Blvd, Fort Lauderdale, FL 33304 since October 31, 2012.

6.  All documents and communications reflecting your acquisition of any interest in Sea Club Ocean Resort Hotel, Inc. since October 31, 2012, and the consideration paid for that interest.

7.  All documents and communications reflecting your acquisition of any interest in or property from Scorh, LLC  since October 31, 2012, and the consideration paid for that interest.

8.  All documents and communications reflecting your acquisition of any interest in Scorh, LLC.

9.  All documents and communications reflecting the value of any interest in Scorh, LLC.

10. All documents reflecting the sale, transfer, hypothecation or acquisition of any interest in Sea Club Ocean Resort Hotel, Inc. since October 31, 2012.

11. All documents reflecting the sale, transfer, hypothecation or acquisition of any interest in Scorh, LLC.

12. All documents reflecting the sale, transfer, hypothecation or acquisition of any interest in the hotel doing business as Sea Club Resort at 619 N Fort Lauderdale Beach Blvd, Fort Lauderdale, FL 33304 since October 31, 2012.