UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                             CASE NO.: 09-34791-BKC-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,        CONFIRMED CHAPTER 11

    Debtor.
_____/

**LIQUIDATING TRUSTEE'S
MOTION TO APPROVE SETTLEMENT
WITH RACHEL AND SHIMON LEVY AND FOR APPROVAL OF A
CONTINGENCY FEE TO THE LIQUIDATING TRUSTEE'S SPECIAL COUNSEL**

    Michael I. Goldberg, as Liquidating Trustee (the "Liquidating Trustee") for the ROTHSTEIN ROSENFELDT ADLER, P.A. Liquidating Trust (the "RRA Trust"), pursuant to Federal Rule of Bankruptcy Procedure 9019(a), hereby submits this *Motion to Approve Settlement with Rachel and Shimon Levy and for Approval of Contingency Fee to the Liquidating Trustee's Special Counsel* (the "Motion")[1]. In support of this Motion, the Liquidating Trustee states:

**Background**

    1.    The Court has jurisdiction to consider this matter pursuant to ¶47 of the Confirmation Order, Section 11.1 of the Plan, and 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

    2.    This case was commenced on November 10, 2009, as an involuntary Chapter

---

[1] On October 8, 2014, the Liquidating Trustee and Shimon and Rachel Levy attempted to resolve the dispute at issue herein by submission of an Agreed Order to the Court. At that hearing, an attorney from Conrad & Scherer, P.A. objected to the entry of an agreed order on behalf of certain creditors of the estate. The Liquidating Trustee has been unable to reach a form of proposed order acceptable to all parties, and therefore submits the matter to the Court for resolution by way of this Motion and pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

11 proceeding under Title 11 of the United States Code (the "Bankruptcy Code"). Herbert Stettin ("Trustee Stettin") was appointed as the Chapter 11 Trustee [ECF No. 55] and the Order for Relief was entered on November 30, 2009 [ECF No. 66].

3. On May 29, 2013, Trustee Stettin, together with the Official Committee of Unsecured Creditors, filed the Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed Jointly by the Trustee and the Official Committee of Unsecured Creditors [ECF No. 4392] (the "Plan").

4. The Plan was confirmed on July 11, 2013 by this Court's Order Confirming Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed Jointly by the Trustee and the Official Committee of Unsecured Creditors (as Modified), Dated May 29, 2013 and Setting Bar Date for Lease and Contract Rejection Claims [ECF No. 5063] (the "Confirmation Order"). The Confirmation Order was entered on July 17, 2013.

**The Levy Settlement Agreement**

5. In November 2012, Trustee Stettin reached a settlement with the Levy Parties[2] (the "Levy Settlement Agreement"). The Levy Settlement Agreement provided for the Levy Parties to waive their general unsecured claims against the RRA Estate in the amount of $5,625,358.14 and pay the Estate $150,000.00 in cash. The Levy Parties, in exchange, were allowed a general unsecured claim pursuant to 11 U.S.C. §502(h) in the amount of $150,000 (the "Levy GUC Claim") and a general non-priority subordinated unsecured claim in the

---

[2] The Levy Parties are defined in the Levy Settlement Agreement as (i) Shimon Levy; (ii) Ovadia Levy; (iii) Rachel Levy; (iv) Daniel Minkowitz; (v) Mordechai Bar-Adon; (vi) Ben-Zion Varon; (vii) The 2009 Ovadia Levy Revocable Trust; (viii) Renato Watches, Inc. N/K/A DMOL, Inc.; (ix) Sea Club Ocean Resort Hotel, Inc.; and (x) JUBOT, LLC (collectively, the "Levy Parties"). The Motion only seeks relief as to Shimon and Rachel Levy.

2

aggregate amount of $5,625,358.14 (the "Allowed Levy Subordinated Claim").

6. On January 23, 2013, this Court entered an order [ECF No. 3746] approving the Levy Settlement Agreement (the "Approval Order"). The Approval Order retained jurisdiction to enforce the terms of the Levy Settlement Agreement.

7. The Effective Date of the Plan is July 22, 2013. *See* Notice of Occurrence of the Effective Date of Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed Jointly By the Trustee and the Official Committee of Unsecured Creditors (as Modified) [ECF No. 5105]. Pursuant to the Plan, as of the Effective Date, the rights under the Levy Settlement Agreement became part of the RRA Trust.

8. On June 8, 2014, the Liquidating Trustee filed a Motion to Enforce the Settlement Agreement With Shimon and Rachel Levy (the "Motion") [ECF No. 5696], seeking relief as to Rachel and Shimon Levy as set forth therein. The Liquidating Trustee alleged that the Levy Settlement Agreement allowed him to seek a disallowance of their remaining claims against the RRA Trust and potentially the entry of a money judgment in the amount of $8,888,935.42, jointly and severally, against Rachel and Shimon Levy, as well as other remedies specifically provided for therein. In lieu of pursuing a money judgment against Rachel and Shimon Levy, the Liquidating Trustee has agreed to accept the Rachel and Shimon Levy Release (as defined below), together with an assignment of their right to receive a distribution on account of their $4,000,000 interest in the Allowed Levy Subordinated Claim, for the benefit of creditors of the RRA Trust.

## The Settlement Agreement

9. The Liquidating Trustee and Rachel and Shimon Levy have agreed to resolve all of their disputes as follows:

3

    a. Rachel and Shimon Levy release, waive, forfeit and forever discharge any and all rights, causes of actions, liabilities and claims against the Liquidating Trustee, the RRA Trust and its property, in law or in equity, whether known or unknown, foreseen or unforeseen, matured or unmatured, whether or not hidden or concealed, based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which Rachel and Shimon Levy hold, from the beginning of time, heretofore possessed or may possess against the Liquidating Trustee, the RRA Trust, and their respective representatives, agents and attorneys (the "<u>Rachel and Shimon Levy Release</u>").

    b. Rachel and Shimon Levy shall be deemed to have assigned to the RRA Trust their right, if any, to receive any distribution on account of the Allowed Levy Subordinated Claim and the Allowed Levy GUC Claim, the distribution of which shall be effectuated in accordance with the priority of distributions set forth in the Plan. For the avoidance of doubt, the par value of Rachel and Shimon Levy's interest in the Allowed Levy Subordinated Claim shall be deemed to be $4,000,000.

    c. Except as provided in the Settlement Agreement, the relief requested in the Motion is denied as moot and the Liquidating Trustee releases, waives, forfeits and forever discharges any and all rights, causes of actions, liabilities and claims against Rachel and Shimon Levy and their property, in law or in equity, whether known or unknown, foreseen or unforeseen, matured or unmatured, whether or not hidden or concealed, based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Liquidating Trustee or the RRA Trust hold, from the beginning of time, heretofore possessed or may possess against Rachel and Shimon Levy and their respective representatives, agents and attorneys.

10.    A more detailed description of the terms of the settlement is provided in the Settlement Agreement (the "<u>Settlement Agreement</u>"), a copy of which is attached hereto as **Exhibit A**.

11.    The Liquidating Trustee seeks approval of this Motion and the Settlement Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. Rule 9019(a) provides that, after notice and a hearing, a court may approve a proposed settlement of a claim. Moreover, pursuant to the *Order Granting the Liquidating Trustee's Motion to*

*Establish Settlement and Notice Procedures* [ECF No. 5387], the Liquidating Trustee has authority to resolve all disputes valued at less than $250,000, without notice, hearing or approval of the Liquidating Trust Committee or the Court. However, all disputes valued at $250,000 or greater, shall be deemed contested matters (as defined by Rule 9014) and shall be governed by Rule 9019 and Local Rules 9013-1 and 9014-1. This dispute is valued at an amount greater than $250,000 and is therefore properly before the Court.

12. The decision of whether or not to approve a compromise is within the sound discretion of the court. *In re Chira*, 367 B.R. 888, 896 (S.D. Fla. 2007) citing *In re Air Safety Intern.*, L.C., 336 B.R. 843, 852 (S.D. Fla. 2005); *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D. Fla. 1988).

13. The Court must determine whether a proposed settlement is fair and equitable. *Chira*, 367 B.R. at 896 (S.D. Fla. 2007). The Court must evaluate whether the compromise falls below the "lowest point in the range of reasonableness." *In re S&I Investments*, 421 B.R. 569, 583 (Bankr. S.D. Fla. 2009) citing *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993); *Arrow Air*, 85 B.R. at 886 (Bankr. S.D. Fla.1988).

14. The Eleventh Circuit, in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990) provided additional guidance regarding whether a settlement should be approved by establishing a four-part test for a court to consider: (i) the probability of success in litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

15. The Liquidating Trustee submits that the proposed Settlement Agreement

overwhelmingly satisfies the *Justice Oaks* standard.  The Settlement Agreement provides the Liquidating Trustee with an opportunity to efficiently settle claims on favorable terms against a party who vehemently disputes any liability on the Motion and would engage in protracted litigation, including through trial and the exhaustion of appellate remedies.

16. The Liquidating Trustee believes that the risk involved in litigating the Motion, and the expense, inconvenience and delay that would be caused by litigating with Rachel and Shimon Levy, would not be in the best interest of the RRA Trust.  Moreover, the Liquidating Trustee believes that Agreement provides substantial value to the other creditors of the RRA Trust by virtue of the assignment by Rachel and Shimon Levy of their right to receive a distribution, if any, on account of their $4,000,000 interest in the <u>Allowed</u> <u>Levy</u> Subordinated Claim.

17. Therefore, after full and careful consideration, the Liquidating Trustee believes that the resolution set forth in the attached Agreement is in the best interest of the RRA Trust.

### **Request for Authorization for Approval of Special Counsel Contingency Fee**

18. By Order dated October 31, 2013 [ECF No. 5426], this Court approved the retention of John H. Genovese and the law firm of Genovese, Joblove & Battista, P.A. (collectively, "GJB") as special litigation counsel to the Liquidating Trustee pursuant to the terms and conditions set forth in the firm's Employment Application [ECF No. 5350]. Specifically, GJB was retained on a contingency basis to provide legal services in connection with the investigation, enforcement, and if necessary, prosecution of appropriate litigation resulting from the Levy Settlement Agreement (the "<u>Levy Proceeding</u>" as defined in the Employment Application at ¶10(b)).

19. The Employment Order provides for GJB to be compensated 33 1/3% of the

6

assets or recoveries collected on account of any recovery arising from the Levy Proceeding. Employment Application at ¶14. If the Levy Proceeding is set for trial or an evidentiary hearing before the Bankruptcy Court, the Levy Proceeding Contingency Fee increases to 40% of any such recovery. *Id.* In the instant case, the Motion was filed and scheduled for hearing on July 25, 2014 [ECF No. 5702], and continued by agreement of the parties, to August 27, 2014 and October 8, 2014 [ECF Nos. 5735, 5735].

20. Upon approval of the Settlement, GJB requests the entry of an order authorizing and approving a contingency fee award resulting from the assignment by Rachel and Shimon Levy of their right to receive a distribution on account of their $4,000,000 interest in the <u>Allowed Levy</u> Subordinated Claim (the "Fee Request").

21. At this time, in the interest of judicial economy, GJB has agreed to defer consideration of its Fee Request as the economic value, if any, of the distribution resulting from the assignment is presently unknown. GJB will ask the Court to adjudicate the Fee Request, when a distribution is to be made, if at all, on account of the Allowed Levy Subordinated Claim.

22. Rachel and Shimon Levy take no position with respect to the Fee Request.

WHEREFORE, the Liquidating Trustee respectfully requests the entry of an order, (i) granting this Motion, (ii) approving the terms of the Settlement Agreement, (iii) authorizing the approval of the contingency fee to GJB; and (iv) granting such other relief as is just and proper.

8

Dated this 10th day of November, 2014.

                                              Respectfully Submitted,

                                              GENOVESE JOBLOVE & BATTISTA, P.A.
                                              Special Counsel to the Liquidating Trustee
                                              100 S.E. 2nd Street, 44th Floor
                                              Miami, FL  33131
                                              Tel: (305) 349-2300
                                              Fax: (305) 349-2310

                                              By:   /s/ John H. Genovese
                                                    John H. Genovese, Esq.
                                                    Fla. Bar. No. 280852
                                                    Email: JGenovese@gjb-law.com
                                                    Jesus M. Suarez, Esq.
                                                    Fla. Bar No. 60086
                                                   Email: JSuarez@gjb-law.com

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                               CASE NO.: 09-34791-BKC-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,        CONFIRMED CHAPTER 11

         Debtor.
_____/

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Agreement") is entered into on the date set forth below by and between Michael I. Goldberg, in his capacity as the Liquidating Trustee (the "Liquidating Trustee") for the RRA Liquidating Trust ("RRA Trust") in Case No. 09-34791-RBR (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"), and Shimon and Rachel Levy (jointly with the Liquidating Trustee, the "Parties" or individually as a "Party"):

**WHEREAS**, this case was commenced as an involuntary chapter 11 proceeding on November 10, 2009, by four petitioning creditors (the "Bankruptcy Case"). [ECF No. 1]. The Court entered an Order for Relief on November 30, 2009 [ECF No. 66]. On November 20, 2009, this Court entered an order directing the appointment of a chapter 11 trustee [ECF No. 30]. On November 20, 2009, the United States Trustee's office selected Herbert Stettin ("Trustee Stettin") as the chapter 11 trustee in this case [ECF No. 35]. On November 25, 2009, the Court ratified Trustee Stettin's appointment as chapter 11 trustee [ECF No. 55].

**WHEREAS**, in November 2012, Trustee Stettin reached a settlement with the Levy Parties (the "Levy Settlement Agreement"), the terms of which were incorporated into a settlement agreement attached as Exhibit A to the Motion.[1] The Levy Settlement Agreement provided for the Levy Parties to waive their general unsecured claims against the RRA Estate in the amount of $5,625,358.14 and pay the Estate $150,000.00 in cash. The Levy Parties, in exchange, were allowed a general unsecured claim pursuant to 11 U.S.C. §502(h) in the amount of $150,000 (the "Allowed Levy GUC Claim") and a general non-priority subordinated unsecured claim in the aggregate amount of $5,625,358.14 (the "Allowed Levy Subordinated Claim").

---

[1] The Levy Parties are defined in the Levy Settlement Agreement as (i) Shimon Levy; (ii) Ovadia Levy; (iii) Rachel Levy; (iv) Daniel Minkowitz; (v) Mordechai Bar-Adon; (vi) Ben-Zion Varon; (vii) The 2009 Ovadia Levy Revocable Trust; (viii) Renato Watches, Inc. N/K/A DMOL, Inc.; (ix) Sea Club Ocean Resort Hotel, Inc.; and (x) JUBOT, LLC (collectively, the "Levy Parties"). The Motion only seeks relief as to Shimon and Rachel Levy.

**WHEREAS,** on January 23, 2013, this Court entered an order [ECF No. 3746] approving the Levy Settlement Agreement (the "Approval Order"). The Approval Order retained jurisdiction to enforce the terms of the Levy Settlement Agreement.

**WHEREAS,** on May 29, 2013, Trustee Stettin, together with the Official Committee of Unsecured Creditors, filed the Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed Jointly by the Trustee and the Official Committee of Unsecured Creditors [ECF No. 4392] (the "Plan").

**WHEREAS,** the Plan was confirmed on July 11, 2013 by this Court's Order Confirming Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed Jointly by the Trustee and the Official Committee of Unsecured Creditors (as Modified), Dated May 29, 2013 and Setting Bar Date for Lease and Contract Rejection Claims [ECF No. 5063] (the "Confirmation Order"). The Confirmation Order was entered on July 17, 2013.

**WHEREAS,** the Effective Date of the Plan is July 22, 2013. *See* Notice of Occurrence of the Effective Date of Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed Jointly By the Trustee and the Official Committee of Unsecured Creditors (as Modified) [ECF No. 5105]. Pursuant to the Plan, as of the Effective Date, the rights under the Levy Settlement Agreement became part of the RRA Trust.

**WHEREAS,** on June 8, 2014, the Liquidating Trustee filed a Motion to Enforce the Settlement Agreement With Shimon and Rachel Levy (the "Motion") [ECF No. 5696], seeking relief as to Rachel and Shimon Levy as set forth therein. The Liquidating Trustee alleged that the Levy Settlement Agreement allowed him to seek a disallowance of their remaining claims against the RRA Trust and potentially the entry of a money judgment in the amount of $8,888,935.42, jointly and severally, against Rachel and Shimon Levy, as well as other remedies specifically provided for therein. In lieu of pursuing a money judgment against Rachel and Shimon Levy, the Liquidating Trustee has agreed to accept the Rachel and Shimon Levy Release (as defined below) for the benefit of creditors of the RRA Trust.

**WHEREAS,** Rachel and Shimon Levy have advised the Liquidating Trustee that they vehemently deny and dispute the allegations in the Motion and of their intention to vigorously contest the Motion and the relief sought therein. Nothing contained herein shall be an admission of any liability by Rachel and Shimon Levy concerning the Motion or its allegations, all of which they dispute and deny.

**WHEREAS,** on August 29, 2014, the Liquidating Trustee and his counsel met with Rachel and Shimon Levy and their counsel in order to facilitate a negotiated resolution of the relief sought by the Liquidating Trustee in the Motion. As a result of that meeting, Rachel and Shimon Levy and the Liquidating Trustee have entered into this Settlement Agreement which resolves all of the issues raised by the Motion.

**THEREFORE**, in consideration of the foregoing and the agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

1. Settlement. In consideration for the mutual covenants and promises hereinin and in settlement of all issues raised in the Motion, the Parties have agreed as follows:

    a. Rachel and Shimon Levy do hereby release, waive, forfeit and forever discharge any and all rights, causes of actions, liabilities and claims against the Liquidating Trustee, the RRA Trust and its property, in law or in equity, whether known or unknown, foreseen or unforeseen, matured or unmatured, whether or not hidden or concealed, based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which Rachel and Shimon Levy hold, from the beginning of time, heretofore possessed or may possess against the Liquidating Trustee, the RRA Trust, and their respective representatives, agents and attorneys (the "Rachel and Shimon Levy Release").

    b. Rachel and Shimon Levy shall be deemed to have assigned to the RRA Trust their right, if any, to receive any distribution on account of the Allowed Levy Subordinated Claim and the Allowed Levy GUC Claim, the distribution of which shall be effectuated in accordance with the priority of distributions set forth in the Plan. For the avoidance of doubt, the par value of Rachel and Shimon Levy's interest in the Allowed Levy Subordinated Claim, shall be deemed to be $4,000,000.

    c. Except as provided herein, the relief requested in the Motion is denied as moot and the Liquidating Trustee hereby releases, waives, forfeits and forever discharges any and all rights, causes of actions, liabilities and claims against Rachel and Shimon Levy and their property, in law or in equity, whether known or unknown, foreseen or unforeseen, matured or unmatured, whether or not hidden or concealed, based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Liquidating Trustee or the RRA Trust hold, from the beginning of time, heretofore possessed or may possess against Rachel and Shimon Levy and their respective representatives, agents and attorneys.

2. Nothing herein shall affect the rights of any government entity, including but not limited to the United States of America, or Michael I. Goldberg in his capacity as Restitution Receiver.

3. Within 5 days of the execution of this Settlement Agreement, the Liquidating Trustee shall file a Motion seeking entry of an Order of the Bankruptcy Court approving this Settlement Agreement and shall seek a timely hearing on such motion (the "Settlement Motion"). In the event this Settlement Agreement is not approved by the Bankruptcy Court for any reason, then nothing contained herein shall be admissible for any reason or purpose in any subsequent litigation between the Parties and the Parties shall be returned to the *status quo ante*.

3

4. The Parties believe that the Settlement Agreement is in the best interests of the RRA Trust and its creditors.

5. The Parties shall cooperate in the consummation of this Settlement Agreement and in the preparation and execution of any and all documents necessary to carry out the intent and purpose of this Settlement Agreement.

6. Miscellaneous.

    (a) Entire Agreement. The Parties hereby acknowledge that this Settlement Agreement constitutes the entire agreement by and between the Liquidating Trustee and Rachel and Shimon Levy, and that there are no communications or oral understandings by or between the Parties contrary to or different from this Settlement Agreement.

    (b) Amendment. The terms and provisions of this Settlement Agreement cannot be amended, modified or supplemented orally or by course of conduct or course of dealing, but only in a writing signed by each of the Parties.

    (c) Waivers. The failure of a Party to require performance of any provision of this Settlement Agreement shall in no manner affect its right at a later time to enforce such provision. No waiver by a Party of any condition or of any breach of any term, covenant, representation or warranty contained in this Settlement Agreement shall be effective unless in writing, and no waiver in any one or more instances shall be deemed to be a further or continuing waiver of any such condition or breach in other instances or a waiver of any other condition or breach of any other term, covenant, representation or warranty.

    (d) Counterparts. This Settlement Agreement may be executed in one or more counterparts, or by the Parties in separate counterparts, each of which when so executed shall be deemed an original including if executed by electronic signature or if a signature is transmitted by e-mail, but all of which together shall constitute one and the same instrument.

    (e) Interpretation. None of the Parties shall be considered the draftsman of this Settlement Agreement, and there shall be no presumption of construing ambiguities or interpretations under this Settlement Agreement against a particular Party.

    (f) Assignment. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective estates, heirs, legal representatives, successors and assigns; provided, however that no assignment or transfer of this Settlement Agreement shall be permissible except by (i) operation of law, or (ii) pursuant to an order of the Bankruptcy Court.

    (g) Severability. If any provision of this Settlement Agreement shall be held invalid, illegal or unenforceable, the validity, legality or enforceability of the other provisions of this Settlement Agreement shall not be affected, and there shall be deemed substituted for the provision at issue a valid, legal and enforceable provision as similar as possible to the provision at issue.

(h) <u>Applicable Law</u>. This Settlement Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Florida to the extent state law is applicable.

(i) <u>Jurisdiction and Venue</u>. The Parties agree that the Bankruptcy Court shall retain jurisdiction to enforce and construe the provisions of this Settlement Agreement and the Parties consent to the Bankruptcy Court's exercise of personal and subject matter jurisdiction (including "core" jurisdiction) to adjudicate any disputes that might arise under this Settlement Agreement.

7. Each party to this Settlement Agreement represents and warrants that it is duly authorized to execute this Settlement Agreement and that the person through whom each party executes this Settlement Agreement is fully and duly empowered and authorized to execute it on the respective party's behalf.

8. Each of the Parties represents that it has been represented by the counsel of its respective choice in connection with the negotiation and documentation of this Settlement Agreement.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement Agreement to be executed and delivered as of the date first above written.

Signed and dated as of this __24__ day of October, 2014.

_____
Rachel Levy

_____
Shimon Levy

_____
Michael I. Goldberg, Liquidating Trustee of Rothstein Rosenfeldt Adler, P.A. Liquidating Trust

5