UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | CASE NO.: 09-34791-BKC-RBR |
| ROTHSTEIN ROSENFELDT ADLER, P.A., | CONFIRMED CHAPTER 11 |
| Debtor. _____/ | |
| MICHAEL GOLDBERG, Liquidating Trustee, | Adv. Pro. No. _____-RBR |
| Plaintiff, | |
| v. | |

PLATINUM PARTNERS
VALUE ARBITRAGE FUND, L.P., PLATINUM
PARTNERS CREDIT OPPORTUNITIES FUND,
L.P., CENTURION STRUCTURED GROWTH,
L.L.C., LEVEL 3 CAPITAL FUND, L.P., REGENT
CAPITAL PARTNERS, L.L.C., MARK
NORDLICHT, DAHLIA KALTER, MURRAY
HUBERFELD, LAURA HUBERFELD, DAVID
BODNER, NAOMI BODNER, THE BODNER
FAMILY FOUNDATION, TD BANK, N.A.,
RAZORBACK FUNDING, L.L.C., D3 CAPITAL
CLUB, L.L.C., BFMC INVESTMENT, L.L.C.,
LINDA VON ALLMEN, AS TRUSTEE OF
THE VON ALLMEN DYNASTY TRUST, D&L
PARTNERS, L.P., DAVID VON ALLMEN,
AS TRUSTEE OF THE DAVID VON ALLMEN
LIVING TRUST, ANN VON ALLMEN, AS
TRUSTEE OF THE ANN VON ALLMEN
LIVING TRUST, DEAN KRETSCHMAR,
COOPER MANAGEMENT, L.L.C., ANTHONY
DEGENNARO, AS TRUSTEE OF THE EXTRA
INNING DYNASTY TRUST, ADELE MUSSRY,
JACK MUSSRY, NASSIM MUSSRY, MELINA
EL-ANI, DANIELLE EL-ANI, H&N
ASSOCIATES, ARETZ ASSOCIATES, PARK
NATIONAL CAPITAL FUNDING, L.L.C., PARK
NATIONAL MORTGAGE SERVICING, SCOTT
MORGAN, VICEROY GLOBAL

INVESTMENTS, INC., CONCORD CAPITAL,
INC., SUSSCO, INC., LAWRENCE E.
DEKELBAUM, GIBRALTAR PRIVATE
BANK & TRUST COMPANY, SHIMON LEVY,
RACHEL LEVY, DANIEL MINKOWITZ,
MORDECHAI BAR-ADON, AND BEN ZION
VARON,

    Defendants.
_____/

## LIQUIDATING TRUSTEE'S COMPLAINT FOR DECLARATORY RELIEF

Michael I. Goldberg, as Liquidating Trustee (the "Liquidating Trustee") for the RRA Liquidating Trust ("RRA"), pursuant to 28 U.S.C. § 2201(a), Sections 11.1.1, 11.1.5, 11.1.7, 11.1.8, and 11.1.18 of the Debtor's confirmed Second Amended Joint Plan of Liquidation, and paragraph 47 of the Order confirming the Plan, and by and through his undersigned counsel, files this action for declaratory relief, and states and follows:

### Preliminary Statement

1.    This is a complaint for a declaratory judgment regarding certain distributions under Classes 3 and 6 of the Debtor's Second Amended Joint Plan of Liquidation [ECF No. 4517](the "Plan") as confirmed by the Court [ECF No. 5063](the "Order").

2.    There are sufficient funds in the RRA estate to pay all Allowed[1] amounts due to holders of Claims in Class 2, Class 3, Class 4, and Class 6, and to pay a portion of Class 7 claims. Class 5 has been paid in full.

3.    As a result of communications to the Liquidating Trustee by the Razorback Plaintiffs asserting that certain reductions should be made to the Distributions on account of the Funds' Class 3 and Class 6 claims, the Trustee obtained from counsel for each of the Funds, the

---

[1] All capitalized terms not otherwise defined have the same meaning as in the Plan.

Razorback Plaintiffs, and TD Bank (each defined below) their views regarding the application of those provisions and the interpretation of the relevant settlement agreements and the Order. But for these communications, the Liquidating Trustee would have distributed the remaining amount due to Funds Class 3 claim and 100% of the Class 6 claim.

4. The Defendants disagree as to the interpretation of the collateral source provisions of the Plan and the relevant provisions of certain settlement agreements and the Order. As a result, the Liquidating Trustee is unwilling to make the intended Distributions without Court resolution of the issues set forth below.

5. Accordingly, the Trustee brings this action against the following parties in order to obtain a resolution regarding such issues prior to making final distributions to the holders of Class 3 and Class 6 Claims: (i) TD Bank and the Funds; (ii)Razorback Funding, LLC, D3 Capital Club, LLC, BFMC Investment, LLC, Linda Von Allmen, as Trustee of the Von Allmen Dynasty Trust, D&L Partners, LP, David Von Allmen, as Trustee of the David Von Allmen Living Trust, Ann Von Allmen, as Trustee of the Ann Von Allmen Living Trust, Dean Kretschmar, Cooper Management, LLC, Anthony Degennaro, as Trustee of the Extra Inning Dynasty Trust, Adele Mussry, Jack Mussry, Nassim Mussry, Melina El-Ani, Danielle El-Ani, H&N Associates, Aretz Associates, Park National Capital Funding, LLC, Park National Mortgage Servicing, Scott Morgan, Viceroy Global Investments, Inc., Concord Capital, Inc., Sussco, Inc., and Lawrence E. Dekelbaum (collectively, the "Razorback Plaintiffs"); (iii) Gibraltar Private Bank & Trust Company ("Gibraltar"), and (iv) Shimon Levy, Rachel Levy, Daniel Minkowitz, Mordechai Bar-Adon, and Ben Zion Varon (the "Levy Parties," and collectively with TD Bank, the Funds, the Regent Parties, the Razorback Plaintiffs, and Gibraltar, the "Defendants"). Gibraltar and the Levy Parties are named defendants solely

because they hold Class 7 claims and the outcome of this matter may affect distributions to the holders of Class 7 Claims. TD Bank is a named defendant because it acquired a $4 million participation in the Funds' Class 3 Claim; it holds by virtue of a court approved settlement the entire $26 million of the Funds Class 6 Claim; and by virtue of confirmation of the Plan it holds the sole claim that comprises Class 8 of the Plan.

6. The documents that are, or may be relevant to the issues subject of this action include (i) the Plan, (ii) the June 14, 2012, Settlement by and among Herbert Stettin, Chapter 11 Trustee of the bankruptcy estate of Rothstein Rosenfeldt & Adler, P.A. ("RRA"), the Funds and the Regent Parties[2] (the "Funds Settlement Agreement")(attached as **Exhibit A** and in the record at ECF No. 3185), and (iii) the June 4, 2013, Settlement by and among TD Bank, the Funds, Regent Capital Partners, L.L.C., and George Levin and Gayla Sue Levin (the "Funds-TD Bank Settlement Agreement")(attached as **Exhibit B** and in the record in *In re George Levin*, Case No. 10-33696-RBR, at EFC No. 548-1).

7. Specifically, the Liquidating Trustee seeks declaratory relief regarding the following three issues:

(i) The Collateral Source Recovery reduction applicable, if any, to the Funds' Class 6 Claim now held by TD Bank;

(ii) the Collateral Source Recovery reduction applicable, if any, to the Funds' Class 3 Claim, which has been partially participated to TD Bank; and

(iii) the Collateral Source Recovery Remittance obligation, if any, of the Funds to RRA.

8. As forth below, the determinations regarding these issues have a potential

---

[2] The Regent Parties are, collectively, Regent Capital Partners, L.L.C., Mark Nordlicht, Dahlia Kalter, Murray Huberfeld, Laura Huberfeld, David Bodner, Naomi Bodner, and the Bodner Family Foundation.

- 4 -

financial impact of approximately $43,750,000.

## Jurisdiction and Venue

9. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 2201(a). Venue of this adversary proceeding is proper in this District pursuant to 28 U.S.C. § 1409(a). This is a "core matter" under 28 U.S.C. § 157 in that, among other things, it concerns the administration of the RRA estate, and the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship. 28 U.S.C. § 157(b)(2)(A), (O). Pursuant to Sections 11.1.1, 11.1.5, 11.1.7, 11.1.8, and 11.1.18 of the Plan, and paragraph 47 of the Order, this Court retained jurisdiction over the issues implicated in this adversary proceeding.

10. Each of the Defendants was a party in interest in the RRA Bankruptcy case and each Defendant is a beneficiary of the Liquidating Trust except the Regent Parties.

## The Issues

11. The issues relevant to this action are as follows (the "Issues"):

   1) The Collateral Source Recovery reduction applicable, if any, to the Funds' Class 6 Claim, now held by TD Bank;

   2) The Collateral Source Recovery reduction applicable, if any, to the Funds' Class 3 Claim, which has been partially participated to TD Bank; and

   3) The Collateral Source Recovery Remittance obligation, if any, of the Funds to RRA.

12. Regarding the first issue, Class 6 of the Plan consists of the Funds' Subordinated Claim in the amount of $26,000,000. No amount has been paid to this Class to date by the Trustee. As more fully set forth in Paragraph 24 below, TD Bank made payments pursuant to the Funds-TD Bank Settlement Agreement of (i) $25,749,451.70 to Regent, (ii) $14,000,000.00 to the Funds, and (iii) an additional $4,000,000.00 to the Funds, the aggregate sum of these three

payments is $43,749,451.70. If $26 million or more of the aforementioned payments is considered a Collateral Source Recovery, then no Distribution would be made on account of the Class 6 Claim.

13. Regarding the second issue, Class 3 consists of all multiple source General Unsecured Claims. The Funds have a $28,000,000 Class 3 Claim. They have been paid to date $20,300,000 on account of their Class 3 Claim. Assuming no Collateral Source Recovery reductions, the Funds would be due an additional $7,700,000 on account of their Class 3 Claim. However, if more than $26 million of the three payments made by TD Bank pursuant to the Funds-TD Bank Settlement Agreement are considered Collateral Source Recoveries, any excess over $26 million could operate as a reduction on any Distribution due the Funds on account of their Class 3 Claim.

14. Regarding the third issue, if there is in excess of $33,700,000 in Collateral Source Recoveries applied against the Funds' Class 3 Claim and the Funds' Subordinated Claim, then the Funds, under either Section 3.4(b) or Section 6.14, may be required to repay in the excess limited by the amount that the Funds have actually received from RRA (i.e., $20,300,000).

15. If the aggregate sum of the three payments made pursuant to the Funds-TD Bank Settlement Agreement are considered a Collateral Source Recovery then there would be no Distribution on account of the Class 6 Claim; there would be no additional Distribution (the $7.7 million) on account of the Class 3 Claim; and potentially the Funds would be required to remit to RRA the amount of $10,049,451.70.

16. If none of the three payments made pursuant to the Funds-TD Bank Settlement Agreement is considered a Collateral Source Recovery reduction then there would be no

remission obligation on the part of the Funds, and the full amount of Class 3 and Class 6 claims would be paid by the Liquidating Trust.[3]

## Relevant Provisions of the Relevant Documents[4]

**A.     The Plan**

17.     Section 3.4(b) of the Plan governs the Funds' $28 million Class 3 Claim, and provides, *inter alia*:

> [n]othing contained herein shall preclude the Liquidating Trustee from reducing Distributions pursuant to Collateral Source Recoveries as stated in Section 3.4(b), to the extent not inconsistent with any relevant provisions of such settlement agreements. *Collateral Source Recoveries received by the holders of the Funds' General Unsecured Claim shall be calculated and treated exclusively in accordance with the Funds' Settlement Agreement and the Funds or their assignees(s) (if any) shall receive Distributions on account of such Claim as, and to the extent, provided in the Funds' Settlement Agreement and this Plan, to the extent not inconsistent with the Funds' Settlement Agreement.*[5]

(emphasis added).

---

[3] The Liquidating Trustee, in such capacity and in his prior capacity as counsel for the Official Committee of Unsecured Creditors, has always believed that the Plan, the Confirmation Order, and the relevant settlement agreements provided that the Funds' Class 3 and Class 6 Claims would receive Plan distributions and that there would be no Collateral Source Recovery effect from the payments TD Bank made before confirmation to the Funds and Regent Capital Partners, L.L.C. But for the receipt of the letter from the Razorback Plaintiffs the Liquidating Trustee would have made the distributions.

[4] The Defendants do not necessarily agree as to which documents are relevant to the issues implicated by this Complaint, and one or more of them may identify other documents which they contend are relevant.

[5] The section also provides that "Any holder of a Class 3 Claim that receives Distributions in excess of the amount such holder of a Class 3 Claim was entitled to receive in Distributions shall repay such amount that it received that was in excess of the Distributions such holder was entitled to receive to the Liquidating Trust within thirty (30) days after such holder has been directed by a Final Order of the Bankruptcy Court in the Chapter 11 Case to repay such excess Distributions to the Liquidating Trust."

18. Similarly, Section 3.7(b) of the Plan, which governs the Funds' Subordinated Claim provides, *inter alia*:

> Collateral Source Recoveries received by holders of the Funds' Subordinated Claim shall be calculated and treated exclusively in accordance with the Funds' Settlement Agreement and the Funds or their assignee(s) (if any) shall receive Distributions on account of such Claim as, and to the extent, provided in the Funds' Settlement Agreement and this Plan, to the extent not inconsistent with the Funds' Settlement Agreement.

19. Section 6.1.13 of the Plan provides, in relevant part:

> Any Claim which is assigned, participated or transferred or has had its recovery assigned, participated or transferred, in whole or in art, to TD Bank on or after the date this Plan is Filed shall not be subject to objection, reconsideration, reduction, recharacterization, subordination, impairment, disallowance, offset or reduction in Distribution on account of a Collateral Source Recovery, or otherwise, due to the payments made by TD Bank or because TD Bank has been assigned, participated or transferred, in whole or in part, such Claim or recovery; provided, however, that such Claim shall be subject to objection, reconsideration, reduction, recharacterization, subordination, impairment or disallowance for any other reason, subject to the other provisions of this Plan.

20. Section 6.13.1(A)(1) of the Plan is also relevant, and it provides, in relevant part:

> a Collateral Source Recovery shall be calculated for each applicable Allowed Claim as: the sum of, without duplication: the gross amount of Cash and non-Cash assets received by, available to, received for the benefit of or applied to the indebtedness of the holder of an Allowed Claim (whether made directly or indirectly to such holder or any agent, attorney or third party associated with such holder).

21. Further, Section 3.4(b) of the Plan further provides, in relevant part:

> Any holder of a Class 3 Claim that receives Distributions in excess of the amount such holder of a Class 3 Claim was entitled to receive in Distributions shall repay such amount that it received that was in excess of the Distributions such holder was entitled to receive to the Liquidating Trust within thirty (30) days after such holder has been directed by a Final Order of the Bankruptcy Court

> in the Chapter 11 Case to repay such excess Distributions to the Liquidating Trust.

22. Additionally, Section 6.14 of the Plan requires that:

> "[w]ithout the need of a further order of the Bankruptcy Court or formal assignment… the holder of an Allowed Claim shall be required to remit to the Liquidating Trust an amount of Cash equal to the value of all Collateral Source Recoveries it receives that were not disclosed as having been received on such holder's Verified Collateral Source Recovery Disclosure or did not then exist…

23. Section 10.9 of the Plan provides, in relevant part:

> Notwithstanding anything contained in this Section 10.9, elsewhere in this Plan or in the Settlement Agreement to the contrary, the foregoing is not intended to release, nor shall it have the effect of releasing, (x) the Estate, the Committee, the members of the Official Committee of Unsecured Creditors appointed in the Chapter 11 Case as of the Confirmation Date (but only in their capacity as members of the Official Committee of Unsecured Creditors and not in their individual capacities (e.g., as a creditor)), the Trustee and any Professionals retained by the Estate, or the Liquidating Trustee from the performance of their respective obligations in accordance with this Plan or the Settlement Agreement, or (y) the Estate, the Committee, the members of the Official Committee of Unsecured Creditors appointed in the Chapter 11 Case as of the Confirmation Date (but only in their capacity as members of the Official Committee of Unsecured Creditors and not in their individual capacities (e.g., as a creditor)), the Trustee and any Professionals retained by the Estate, or the Liquidating Trustee from making any Distribution to TD Bank on account of (A) the TD Bank Junior Subordinated Claims, or (B) on any Claim or recovery assigned, participated or transferred, in whole or in part, to TD Bank on or after May 8, 2013.

Paragraph 36 of the Confirmation Order includes the foregoing language from Section 10.9 of the Plan.

### B. The Funds Settlement Agreement

24. The Funds Settlement Agreement provides, at Section 1, that after the Effective Date (as such term is defined in the Funds Settlement Agreement), "the Funds and Regent shall

make" payments totaling $32 million to RRA.

25. The Funds Settlement Agreement provides in paragraph 2(c) "[w]ith regard to the Funds' Claims…recoveries from Other Sources in connection with the Rothstein scheme shall operate to reduce the Funds' Senior Subordinated Claim first, and only in the event that the Funds Senior Subordinated Claim is reduced to zero shall any recoveries received by the Funds from Other Sources operate to reduce the Funds' General Claim…"

C. **The Funds-TD Bank Settlement Agreement**

26. The Funds-TD Bank Settlement Agreement provides in Section 2.1:

> On the Settlement Payment Date, TD Bank shall pay in immediately available funds by wire transfer: (a) the TD Bank Funded RRA Payment to Regent, to an account designated by Regent, which shall be earmarked by Regent to pay the amount due to the RRA Estate from the Funds and Regent pursuant to the RRA-Funds Settlement Agreement, and which amount shall be paid by Regent in accordance with Section 2.2 of this Agreement; (b) the TD Bank Funds Settlement Payment to the Funds, to an account designated by the Funds, on account of the consideration provided to TD Bank in Sections 2.5, 3.3, and 3.5 of this Agreement; and (c) the TD Bank Claim Participation Payment to the Funds, to an account designated by the Funds.

In other words, the Section provides for TD Bank to pay:

(i) $25,749,451.70 to Regent, which is the TD Bank Funded RRA Payment;

(ii) $14,000,000 to the Funds, which is the TD Bank Funds Settlement Payment to the Funds; and

(iii) $4,000,000 to the Funds, which is the TD Bank Claim Participation Payment to the Funds

27. Section 2.2 of the Funds-TD Bank Settlement Agreement provides that "Regent shall… remit Cash in the amount of the TD Bank Funded RRA Payment to the RRA Estate in full and final satisfaction of the remaining payment obligations of the Funds and Regent to the RRA Estate under the [Funds-TD Bank Settlement Agreement]."

## Count I
### (Declaratory Judgment)

28. The Liquidating Trustee repeats and incorporates by reference each of the foregoing allegations in paragraphs 1 through 26 above as if fully set forth herein.

29. Pursuant to Fed. R. Bankr. P. 7001(9), Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, this Court is authorized to issue a declaratory judgment where a "case of actual controversy" exists within its jurisdiction, and may thus "declare the rights and other legal relations of any interested party" seeking such a declaration.

30. An "actual controversy" exists between and among the Defendants regarding the Issues identified above.

31. The fundamental disagreements between and among the Defendant regarding the Issues cannot be resolved except by a declaration of this Court.

32. WHEREFORE, the Liquidating Trustee respectfully requests that this Court enter a declaratory judgment (i) determining the following:

(1) the Collateral Source Recovery reduction applicable, if any, to the Funds' Class 6 Claim;

(2) the Collateral Source Recovery reduction applicable, if any, to the Funds' Class 3 Claim; and

(3) the Collateral Source Recovery Remittance obligation, if any, of the Funds to RRA; and

(ii) granting such further relief as deemed appropriate. The Liquidating Trustee further respectfully requests that if, in conjunction with determining the foregoing issues, it is determined that any holder of a Class 3 Claim received Distributions in excess of the amount such Claimant was entitled to receive, that the Court treat this action as a motion for entry of a Final Order directing such holder(s) of a Class 3 claim to repay the amount of such excess Distributions to the Liquidating Trustee.

Dated: December 9, 2014

Respectfully submitted,

BERGER SINGERMAN LLP
*Counsel for the Liquidating Trustee*
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Facsimile:   (305) 714-4340

By:  */s/ Paul Steven Singerman*
     Paul Steven Singerman
     Florida Bar No. 378860
     singerman@bergersingerman.com
     Isaac M. Marcushamer
     Florida Bar No. 0060373
     imarcushamer@bergersingerman.com

6051638-10