UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                          Case No. 09-34791-BKC-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,              Chapter 11

     Debtor.
_____/

### SEGALL GORDICH'S LIMITED OBJECTION, OR ALTERNATIVELY, MOTION FOR CLARIFICATION OF MEMORANDUM ORDER GRANTING, IN PART, MOTION TO ENFORCE CHARGING LIEN AGAINST THE SOCHET ENTITIES [ECF No. 5422][1]

Segall Gordich ("SG"), Co-Counsel for Creditors, the Ira Sochet Inter Vivos Revocable Trust and Investors Risk Advantage, LP (collectively referred to herein as the "Sochet Entities"), respectfully files this limited objection to the *Liquidating Trustee's Motion to Approve Final Distribution to Holders of Class 2 and Certain Holders of Class 3 Claims* [ECF No. 5832] (the "Proposed Distribution"), and alternatively, requests clarification of the Court's *Memorandum Order Granting, In Part, Motion to Enforce Charging Lien Against the Sochet Entities* [ECF No. 5422], and states as follows:

    1.    On October 30, 2013, this Court issued its *Memorandum Order Granting, In Part, Motion to Enforce Charging Lien Against the Sochet Entities* [ECF No. 5422] (the "Charging Lien Order").

    2.    *Inter alia*, the Charging Lien Order imposed a charging lien in favor of Conrad & Scherer LLP ("CS") and SG on any gross recoveries received by the Sochet Entities.

---

[1] For the avoidance of doubt, Segall Gordich states that it does not dispute any portion of the anticipated distributions that would be paid to the Sochet Entities. Furthermore, Segall Gordich does not believe the relief requested in this Motion should in any way affect or delay the distribution to the Sochet Entities. As such, Segall Gordich respectfully requests the distributions to the Sochet Entities be made in accordance with the timeline and procedures proposed by the Liquidating Trustee.

3. In order to grant this relief, the Charging Lien Order included numerous findings of fact regarding the contractual relationship between CS and SG. Those findings include:

   a. That on or about July 11, 2010 the Sochet Entities executed an engagement letter retaining CS and SG to represent them in connection with the RRA Ponzi Scheme (the "Retainer Agreement")[2]. *See* p. 2 of the Charging Lien Order;

   b. That the parties to the Retainer Agreement clearly intended the contingent fee set forth in that agreement would encompass all bankruptcy distributions, settlements and state court recoveries. *See* p. 3 of the Charging Lien Order;

   c. That CS purposefully drafted the Retainer Agreement broadly to account for the multiple potential sources of recovery. *See* p. 3 of the Charging Lien Order; and

   d. That CS and SG agreed to split the contingent fees arising from the Sochet Entities' recoveries from all sources. *See* p. 3 of the Charging Lien Order.

4. After making these findings, the Court concluded that the Retainer Agreement provided the Sochet Entities are required to pay a contingent fee to CS and SG on "…**any recovery realized in connection with the RRA Ponzi Scheme**…" *See* p. 7 of the Charging Lien Order (emphasis added).

5. The Court went on to hold that the Retainer Agreement "requires the payment of a contingent fee on all 'gross proceeds' received by the Sochet Entities in connection with the RRA Ponzi Scheme." *See* p. 8 of the Charging Lien Order.

6. Based on the Court's legal determinations and findings of fact, the Court found that the Sochet Entities would be responsible for payment of a contingent fee to both CS and SG pursuant to the Retainer Agreement from any recovery it received in connection with RRA Ponzi

---

[2] Although CS and Kozyak Tropin & Throckmorton ("KTT") argued that KTT was also due a contingency fee from the Retainer Agreement. The Court found in the Charging Lien Order that KTT was not a party to the Retainer Agreement.

2

Scheme, whether that recovery came from the Bankruptcy Court, the forfeiture proceeding, a settlement or state court litigation.

7. Upon information and belief, the Sochet Entities do not dispute the findings of fact and conclusions of law that SG is entitled to its contingent fees on all recoveries they realize in connection with the RRA Ponzi scheme. However, SG has been informed that CS and KTT have declined to follow the Charging Lien Order. Accordingly, a clarification of this determination is necessary.

8. SG respectfully requests this Court confirm that the Sochet Entities must pay a contingent fee to CS and SG from **any** recovery they receive in connection with their losses from the RRA Ponzi Scheme whether or not that recovery had occurred at the time of the entry of the Charging Lien Order and regardless of the source from which the recovery was obtained. In the interim, SG respectfully suggests that no order be entered allowing the Liquidating Trustee to make any distributions to CS for attorneys' fees associated with distributions to the Sochet Entities unless and until the Court rules on this Motion.

**WHEREFORE**, Segall Gordich respectfully files its Limited Objection to the Proposed Distribution and requests that the Court enter an Order (i) confirming that the Sochet Entities must pay a contingent fee from any recovery obtained by them in connection with the RRA Ponzi Scheme and (ii) granting any other relief as this Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

3

I CERTIFY that a true copy of the foregoing was served via electronic transmission on all CM/ECF registered users and counsel requesting service on December 12, 2014.

>SEGALL GORDICH P.A.
>801 Brickell Avenue
>Suite 900
>Miami, Florida 33131
>Telephone: 305-755-4930
>Fax: 305-438-7438
>
>/s/ Lawrence A. Gordich
>LAWRENCE A. GORDICH
>Florida Bar No. 378097
>lag@segallgordich.com
>MELISSA ALAGNA
>Florida Bar No. 40555
>mma@segallgordich.com