UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:

ROTHSTEIN ROSENFELDT         Case No.:  09-34791-RBR
  ADLER, P.A.,

                              Chapter 11 Case

Debtor.
_____/

**FOWLER WHITE'S LIMITED JOINDER TO JEFFREY EPSTEIN'S MOTION TO TAKE INTERVENORS' DEPOSITIONS AND TO COMPEL THEIR MENTAL EXAMINATIONS (D.E. 6440)**

Fowler White Burnett, P.A. ("Fowler White"), by and through undersigned counsel, gives notice of its limited joinder with Jeffrey Epstein's Motion To Take Intervenors' Depositions and to Compel Their Mental Examinations (D.E. 6440), and states as follows.

Fowler White joins the arguments and requests for relief of Jeffrey Epstein in D.E. 6440 except as expressly described herein, but writes to further address the discovery needed in advance of any testimony at an evidentiary hearing concerning the Intervenors' alleged damages.

As a preliminary matter, Fowler White does not believe that E.W. and Jane Doe can seek any sanctions for alleged violation of the November 2010 Agreed Order. In the Order, drafted and submitted by Edwards' counsel, the Court reserved jurisdiction only to award sanctions "in favor of Farmer [Jaffe], Brad Edwards or his client". D.E. 1194 at p. 2. The Agreed Order was entered in order to cancel a hearing on the "Motion for Relief from Amended Order (#1068) and to Compel Jeffrey Epstein to Pay for the Production of all Documents in Response to His Request", D.E. 1120, which Motion was filed by "Movants L.M and Bradley J. Edwards. D.E. 1120 at p. 1. The Court has not yet expressly ruled on that issue and, to the extent the Court determines that E.W. and Jane Doe lack standing to seek damages, then Fowler White will obviously not need to seek discovery from them.

115266397.1

**DISCOVERY IS REQUIRED
IN ORDER TO AFFORD DUE PROCESS**

First, it is important that the Intervenors seek "significant emotional distress damages", caused by the alleged violation of the November 2010 Agreed Order, as noted in Epstein's Motion. D.E. 6440 at p. 2. These damages are sought in addition to the "not less than $25,000" sought by each of the Intervenors in their initial List of Requested Relief, D.E. 6384. See Intervenors' Summary of Damages, D.E. 6432, at ¶3. Fowler White is left guessing what and how much the Intervenors are seeking. Their counsel has also rejected several requests that he at least identify how they intend to prove their damages and whether they will seek to prove their damages through the use of one or more expert witnesses.

The Eleventh Circuit has noted that "[t]he law has always been wary of claims of emotional distress, because they are so easy to manufacture" and there is a considerable "potential for abuse if damages for a purely emotional injury can be awarded in suits to redress violations of the automatic stay". *Lodge v. Kondaur Capital Corp.*, 750 F. 3d 1263, 1270 (11th Cir. 2014). The *Lodge* Court established the burden of proving damages for emotional distress in this Circuit with respect to violation of the automatic stay, and that standard was then adopted by the Eleventh Circuit with respect to the proof of emotional distress claims in contempt proceedings. *In re McLean*, 794 F. 3d 1313, 1325-26 (11th Cir. 2015). The *Lodge* court also rejected the plaintiffs' argument that proof of the violation alone would provide a basis for the recovery of emotional distress damages. *Lodge*, 750 F. 3d at 1268 n. 8.

The Intervenors finally "concede" that they are bound by the evidentiary burdens inherent in proving emotional distress damages (D.E. 6446 at p. 2), but nevertheless argue that their burden of proof does require that they submit to depositions necessary to test those claims. Instead, they claim that the lesser due process protections required for civil contempt

2

115266397.1

proceedings allows them to prove emotional distress damages, apparently, by testifying at the show cause hearing without giving the parties opposing those claims the ability to obtain information necessary to defend themselves. Moreover, the Intervenors have refused to even disclose how they intend to prove these damages, whether by their own testimony or through the use of expert witnesses or other third parties. The Intervenors are in essence arguing that civil contempt defendants are entitled to no due process other than notice of the day at which they will need to appear and be advised for the first time of the factual underpinnings and the amount of the claims against them.

In order to understand the Intervenors' claims and to prepare for any evidentiary hearing on damages[1], Fowler White needs leave to depose each of the Intervenors and, prior to their depositions, to serve and obtain responses to damage and expert witness interrogatories, to obtain copies of any psychological or counseling records, and to obtain certified psychological examinations of each of the intervenors. The Court should also set deadlines to identify any expert witnesses, to provide expert witness reports and for the depositions of any identified experts prior to any hearing on damages in this proceeding. Due process requires no less.

WHEREFORE, Fowler White respectfully requests that the Court enter an order providing for discovery from the Intervenors as requested above.

---

[1] Fowler White is filing, simultaneously with this Limited Joinder, a Motion to Bifurcate these proceeding.

115266397.1

**CARLTON FIELDS JORDEN BURT, P.A.**
*Counsel for Fowler White Burnett, PA*

*/s/ Niall T. McLachlan*
Niall T. McLachlan, Esq.
Florida Bar No. 59552
100 SE 2nd Street, Suite 4200
Miami, FL 33131
Telephone:  305-530-0050
Facsimile:  305-530-0055
Primary Email: nmclachlan@cfjblaw.com
Secondary Email: cguzman@cfjblaw.com

**CERTIFICATION**

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

4

115266397.1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 19, 2018, a true and correct copy of the foregoing was served electronically to all registered users on the CM/ECF system, which includes counsel identified on the service list below.

**SERVICE LIST**

Jack Scarola
Searcy, Denny, Scarola, Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, FL 33409
mmccann@searcylaw.com
jsx@searcylaw.com
scarolateam@searcylaw.com
*Counsel for Bradley J. Edwards*

Bradley J. Edwards
Brittany N. Henderson
Edwards Pottinger LLC
425 N. Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301-3268
brad@epllc.com
brittany@epllc.com
*Counsel for Farmer Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.*

Paul G. Cassell
S.J. Quinney College of Law at the University of Utah
332 S. University St.
Salt Lake City, UT 84112-0730
cassellp@law.utah.edu
*Counsel for L.M., E.W. and Jane Doe*

Peter E. Shapiro
Shapiro Law
8551 West Sunrise Boulevard, Suite 3000
Plantation, FL 33322
pshapiro@shapirolawpa.com
*Counsel for L.M., E.W. and Jane Doe*

Chad Pugatch, Esq.
Rice Pugatch Robinson Storfer & Cohen, PLLC
101 N.E. Third Avenue, Suite 1800
Ft. Lauderdale, FL 33301
(954) 462-8000; (954) 462-4300 [fax]
cpugatch@rprslaw.com

Isaac M. Marcushamer
Berger Singerman LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
imarcushamer@bergersingerman.com
*Counsel for Liquidating Trustee*

*/s/ Niall T. McLachlan*
Niall T. McLachlan, Esq.

115266397.1