# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### Fort Lauderdale Division

In re:

    ROTHSTEIN ROSENFELDT            Case No.:  09-34791-RBR
    ADLER, P.A.,

                                        Chapter 11 Case

Debtor.

_____/

## FOWLER WHITE'S MOTION FOR ORDER
## BIFURCATING PROCEEDINGS

Fowler White Burnett, P.A. ("Fowler White"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 42(b) and Bankruptcy Rules 7042 and 9014, moves for entry of an order bifurcating proceedings, and in support thereof states.

### Background

On March 19, 2018, Farmer, Jaffe, Weissing, Edwards, Extos & Lehrman, P.L. ("Farmer Jaffe") filed a Motion for Issuance of an Order to Show Cause Why Fowler White and Jeffrey Epstein Should Not Be Held in Contempt of Court, to Permit Discovery, to Assess Sanctions and Costs, and for Other Relief (DE 6323; re-docketed as DE 6326)("Motion for Order to Show Cause").[1] The Motion for Order to Show Cause related to an alleged violation of a November 30, 2010 Agreed Order Cancelling Hearing (D.E. 1194) under which Fowler White was to bates number and print documents which had been produced by the Rothstein Trustee without retaining copies and deliver the documents to Farmer Jaffe for preparation of a privilege log.

In January 2018, Epstein's newest counsel, Link and Rockenbach, contacted Fowler White seeking Epstein's files, and Fowler White delivered all 36 boxes to counsel on March 1,

---

[1] Bradley Edwards and Intervenors, L.M., E.W. and Jane Doe filed joinders to the Motion for Order to Show Cause. D.E. 6325 and 6345. Except as noted otherwise, references to "Movants" includes Farmer Jaffe, Bradley Edwards and the Intervenors.

2018. According to the Motion for Order to Show Cause (D.E. 6326) and Epstein's Response thereto (D.E. 6351), (i) a disc containing all 27,542 pages of documents which Fowler White bates numbered, printed and delivered to Farmer Jaffe in December 2010 (including the 6,471 pages of documents listed on Farmer Jaffe's privilege log) was included in one of those boxes; and (ii) Epstein filed some of the allegedly privileged documents in a supplemental exhibit list filed in the State Court on the eve of the trial of Edwards' malicious prosecution counterclaim against Epstein.

In the Court's April 20, 2018 Order to Show Cause, the Court indicated that it would first consider whether Fowler White or Epstein violated the November 2010 Agreed Order and, in the absence of complete compliance, whether there was substantial compliance with the order in good faith.  If the Court makes a finding of contempt after notice and an evidentiary hearing, the Court will then consider imposing compensatory sanctions for actual damages. D.E. 6366. The Court also directed each of the Movants to file a summary of their damages. *Id*. at ¶3.

Edwards and Farmer Jaffe filed their summaries of damages, consisting primarily of attorneys' fees, on May 14, 2018. D.E. 6382 at ¶s 4 & 5; D.E. 6383 at ¶s 1 & 2, respectively.[2] The Intervenors initially filed a List of Requested Relief on May 14, 2018. D.E. 6384. Epstein, joined by Fowler White, sought entry of an order striking the Intervenors' List of Requested Relief or, in the alternative, for discovery concerning the Intervenors' damage claims. D.E. 6393 (Epstein's Motion), D.E. 6408 (Fowler White's Joinder). In response, the Intervenors indicated that they were seeking "what might be called a liquidated damages/per se losses approach" in a

---

[2] Fowler White and Epstein have has objected to Farmer Jaffe and Edwards' requests for relief and have sought discovery concerning the attorneys' fee claims. D.E. 6394 and 6410. Until such time as the Court enters a ruling on those objections, the need for discovery concerning these two Movants' attorneys' fee claims, and the corresponding need to bifurcate these proceedings, remains.

"carefully-considered" strategy to avoid any discovery concerning their claims. D.E. 6398 at pp. 6-7.

At the conclusion of the hearing on the Motion to Strike, the Court indicated that it would take the matter under advisement, but would consider bifurcating the proceedings to allow time for the Intervenors to be deposed if they amended their claims for relief. Transcript of August 1, 2018 hearing. D.E. 6451 at p. 15, lines 9-12; p. 21, l. 22 – p. 22, l. 6.[3] The Court subsequently entered an order refusing to strike the claims as the Court had not specifically prohibited the Intervenors from filing additional pleadings, but directing the Intervenors to file an amended summary of damages within seven days. D.E. 6427. The Intervenors filed their Summary of Damages on 6432 on August 21, for the first time claiming damages for alleged "significant emotional distress damages" while reiterating the improper claims for relief in their initial request. D.E. 6432.

Intervenors' counsel has since suggested that he does not believe that the Intervenors will need to testify at the Show Cause Hearing. Additionally, despite requests, Intervenors' counsel has refused to indicate whether the Intervenors will seek to introduce expert testimony concerning their emotional distress claims or to provide any information at all concerning how the Intervenors' intend to prove their claims and damages,[4] and has refused to make the Intervenors available for deposition.

---

[3] While the Court specifically referred to "separating the various claimants", bifurcation of liability and damage phases should be bifurcated in the interest of due process and judicial economy as set forth below.

[4] The Intervenors' Response in Opposition to Epstein's Motion to Take their Depositions, etc.., D.E. 6446, is noticeably silent on that topic. The contention that the Intervenors can prove their damages by virtue of the deposition testimony of Epstein and Fowler White is frivolous.

115639884.1

**Due Process, the Avoidance of Prejudice and the
Interests of Judicial Economy Require Bifurcation**

Federal Rule of Civil Procedure 42(b), made applicable to these proceedings by Bankruptcy Rules 7042 and 9014, provides in pertinent part that "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues …". The Court has broad discretion in deciding whether to bifurcate issues based on the specific facts of a given case, the predominant factor being a "'fair and impartial trial through a balance of benefits and prejudice'". *Gilbert v. State Farm Mut. Auto Ins. Co.*, 311 F.R.D. 685, 686 (M.D. Fla. 2015); *Harrington v. Cleburne County Bd. of Education*, 251 F. 3rd 935, 938 (11th Cir. 2001)(affirming trial court's bifurcation of trial in order to separately address different theories of discrimination justified "'in furtherance of convenience', … not a high standard…"); *Griffin v. City of Opa Locka*, 261 F. 3d 1295, 1301(11th Cir. 2001)(rule provides discretion to order separate trials "where such order would further convenience, avoid prejudice or promote efficiency"); *Wilshire Ins. Co. v. Casablanca on the Bay, Inc.*, 2016 WL 8739601 *2 (S.D. Fla.) *citing Gilbert*

Bifurcation of liability and damage phases of a case is often desirable since a finding of no liability will obviate the need for testimony and evidence concerning damages. *See, e.g., Circle Y Construction, Inc. v. WRH Realty Services, Inc.*, 427 Fed.Appx. 772 (11th Cir. 2011)(no error in trial court separating issues concerning liability and amount of attorneys' fees in bad faith claim against insurer); *Gilbert*, 311 F.R.D. at 687 (liability and damage phases of trial bifurcated where damage issues would likely require evidence from medical providers and experts witnesses, and a bifurcated trial would be "more efficient than permitting the parties to spend additional time presenting evidence on Plaintiff's damages in the event Plaintiff is barred from recovery"), *Romero v. Florida Power & Light Co.*, 2012 WL 1970125, *7 (M.D.

Fla.)(bifurcating liability and damage phases of action where common issues were presented concerning liability, but damage claims would be more individualized, finding it "neither efficient nor convenient to undertake damage calculations unless and until Plaintiffs have prevailed on the issue of liability"). *See also Epixtar Corp. v. McClain & Company (In re Epixtar)*, 2009 WL 2500463 (Bankr. S.D. Fla.).

In this case, bifurcation of these proceedings into separate liability and, if necessary, damage phases should be ordered both in the interest of judicial economy and to avoid significant prejudice to Fowler White from a deprivation of due process.

Bifurcation is justified in the interests of judicial economy. As set forth in the Order to Show Cause, the Court will determine whether the Movants have proven by clear and convincing evidence that the November 30, 2010 Agreed Order Cancelling Hearing was violated. If the evidence shows that there was not complete compliance with the Agreed Order, the Court will also consider whether there was substantial compliance with the order as part of a good faith effort at compliance. D.E. 6366 at p. 3. The need to hear testimony and take evidence concerning the amount and reasonableness of the attorneys' fees claimed by all Movants, and evidence, including potential expert testimony, concerning the "extreme" emotional distress now claimed by the Intervenors and the amounts of any resulting damages will be obviated if the Court finds either that the Movants have not met their burden of proof or if Fowler White proves substantial compliance with the Agreed Order in a good faith effort at compliance.

Bifurcation is also necessary to avoid substantial prejudice to Fowler White. The Firm has previously noted that it should be entitled to discovery concerning the Movants' damage claims.[5]  The need for discovery from the Intervenors is even more imperative in light of the

---

[5] *See* D.E. Nos. 6408 (Fowler White's Joinder to Jeffrey Epstein's Motion to Strike Intervenors … List of Requested Relief or, In the Alternative, to Conduct Limited Discovery (D.E. 6393)) and 6410

115639884.1

Intervenors' request for damages for "severe emotional distress", as discussed more fully above and in Jeffrey Epstein's Motion To Take Intervenors' Depositions and to Compel Their Mental Examinations (D.E. 6440) to which Fowler White has filed a Limited Joinder, D.E. 6454. The presentation of testimony concerning damages at the Show Cause hearing would substantially prejudice Fowler White and would essentially constitute a denial of the due process required in contempt proceedings. *See, e.g., Green Point Credit, LLC v. McLean (In re McLean)*, 794 F. 2d 1313, 1323 (11th Cir. 2015). The mere issuance of the Order to Show Cause would hardly constitute proper due process if Fowler White was denied the ability to investigate the damage claims prior to the hearing.  Any minimal prejudice to the Movants resulting from their need to appear to support their claims is substantially outweighed by the significant prejudice to Fowler White absent bifurcation.

## CONCLUSION

For the reasons set forth above, Fowler White Burnett, P.A. respectfully requests that the Court enter an order bifurcating these proceedings, and provide such other relief as is just and proper.

**CARLTON FIELDS JORDEN BURT, P.A.**
*Counsel for Fowler White Burnett, PA*

*/s/ Niall T. McLachlan*
Niall T. McLachlan, Esq.
Florida Bar No. 59552
100 SE 2nd Street, Suite 4200
Miami, FL 33131
Telephone:  305-530-0050
Facsimile:  305-530-0055
Primary Email: nmclachlan@cfjblaw.com
Secondary Email: cguzman@cfjblaw.com

---

(Fowler White's Joinder to Epstein's Response in Opposition to Bradley Edwards' and Farmer Jaffe's Summary of Damages (D.E. 6394).

## CERTIFICATION

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 14, 2018, a true and correct copy of the foregoing was served electronically to all registered users on the CM/ECF system, which includes counsel identified on the service list below.

**SERVICE LIST**

Jack Scarola
Searcy, Denny, Scarola, Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, FL 33409
mmccann@searcylaw.com
jsx@searcylaw.com
scarolateam@searcylaw.com
*Counsel for Bradley J. Edwards*

Bradley J. Edwards
Brittany N. Henderson
Edwards Pottinger LLC
425 N. Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301-3268
brad@epllc.com
brittany@epllc.com
*Counsel for Farmer Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.*

Paul G. Cassell
S.J. Quinney College of Law at the University of Utah
332 S. University St.
Salt Lake City, UT 84112-0730
cassellp@law.utah.edu
*Counsel for L.M., E.W. and Jane Doe*

Peter E. Shapiro
Shapiro Law
8551 West Sunrise Boulevard, Suite 3000
Plantation, FL 33322
pshapiro@shapirolawpa.com
*Counsel for L.M., E.W. and Jane Doe*

Chad Pugatch, Esq.
Rice Pugatch Robinson Storfer & Cohen, PLLC
101 N.E. Third Avenue, Suite 1800
Ft. Lauderdale, FL 33301
(954) 462-8000; (954) 462-4300 [fax]
cpugatch@rprslaw.com

Isaac M. Marcushamer
Berger Singerman LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
imarcushamer@bergersingerman.com
*Counsel for Liquidating Trustee*

*/s/ Niall T. McLachlan*
Niall T. McLachlan, Esq.

115639884.1